**Appeal No. 20-1335, -1337, -1339, -1340, -1363**

# United States Court of Appeals
# For the Federal Circuit

## EVOLVED WIRELESS, LLC,

*Plaintiff - Appellant*,

v.

## HTC CORPORATION, HTC AMERICA, INC., MOTOROLA MOBILITY LLC, ZTE (USA) INC., MICROSOFT CORPORATION, MICROSOFT MOBILE OY, NOKIA INC., SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.,

*Defendants - Appellees*.

Appeals from the United States District Court for the District of Delaware in Nos. 1:15-cv-00543-JFB-SRF, 1:15-cv-00544-JFB-SRF, 1:15-cv-00545-JFB-SRF, 1:15-cv-00546-JFB-SRF, and 1:15-cv-00547-JFB-SRF, Senior Judge Joseph F. Bataillon.

## NON-CONFIDENTIAL JOINT APPENDIX

September 3, 2020

Eric M. Albritton
Andrew J. Wright
Christopher G. Granaghan
NELSON BUMGARDNER ALBRITTON PC
3131 West 7th Street, Suite 300
Fort Worth, TX 76107
Tel: (817) 377-9111

*Counsel for Appellant*
*Evolved Wireless, LLC*

David M. Cooper
Thomas D. Pease
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

Kevin P.B. Johnson
Victoria F. Maroulis
Todd M. Briggs
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th
Floor
Redwood Shores, CA 94065
(650) 801-5000

*Counsel for Defendants-Appellees
Samsung Electronics Co., Ltd. and
Samsung Electronics America, Inc.*

Stephen S. Korniczky
Martin R. Bader
Ericka J. Schulz
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
12275 El Camino Real, Ste 200
San Diego, CA 92130
(858) 720-8900

*Counsel for Defendants-Appellees
HTC Corporation and HTC
America, Inc.*

Mitchell G. Stockwell
KILPATRICK TOWNSEND & STOCKTON
LLP
1100 Peachtree Street, NE
Suite 2500
Atlanta, GA 30309
(404) 815-6500

*Counsel for Defendant-Appellee
Motorola Mobility LLC*

Richard A. Cederoth
Nathaniel C. Love
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
(312) 853-7000

*Counsel for Defendants-Appellees
Microsoft Corporation, Microsoft Mobile
Oy, and Nokia Inc.*

Charles M. McMahon
Brian A. Jones
MCDERMOTT WILL & EMERY LLP
444 W. Lake Street, Suite 4000
Chicago, IL 60606
(312) 372-2000

Jay H. Reiziss
MCDERMOTT WILL & EMERY LLP
500 N. Capitol Street, NW
Washington, DC 20001
(202) 756-8000

*Counsel for Defendant-Appellee ZTE
(USA) Inc.*

# TABLE OF CONTENTS

| Document Title | Page Range |
|---|---|
| Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials | i-xli |
| Stipulated Amended Supplemental Protective Order Between Non-Party Qualcomm Incorporated, Plaintiff, and All Defendants | xlii-lxxvi |
| Judgment | Appx1-3 |
| Amended Judgment, *Evolved Wireless, LLC v. Motorola Mobility LLC*, Civil Action No. 15-cv-00544-JFB-SRF | Appx4 |
| Judgment, *Evolved Wireless, LLC v. Samsung Electronics Co., Ltd., et al.*, Civil Action No. 15-cv-00545-JFB-SRF | Appx5 |
| Memorandum and Order Granting Motions for Summary Judgment | Appx6-37 |
| United States Patent Number 7,809,373 B2 | Appx38-52 |
| Docket Sheet, *Evolved Wireless, LLC v. HTC Corp., et al.*, Civil Action No. 15-cv-00543-JFB-SRF | Appx53-99 |
| Docket Sheet, *Evolved Wireless, LLC v. Motorola Mobility LLC*, Civil Action No. 15-cv-00544-JFB-SRF | Appx100-143 |
| Docket Sheet, *Evolved Wireless, LLC v. Samsung Electronics Co., et al.*, Civil Action No. 15-cv-00545-JFB-SRF | Appx144-193 |
| Docket Sheet, *Evolved Wireless, LLC v. ZTE (USA) Inc.*, Civil Action No. 15-cv-00546-JFB-SRF | Appx194-238 |
| Docket Sheet, *Evolved Wireless, LLC v. Microsoft Corp., et al.*, Civil Action No. 15-cv-00547-JFB-SRF | Appx239-282 |
| Excerpts from Complaint for Patent Infringement, *Evolved Wireless, LLC v.* | Appx287-288, Appx304-306, Appx310-312 |

| Document Title | Page Range |
|---|---|
| *HTC Corp., et al.*, Civil Action No. 15-cv-00543-JFB-SRF | |
| Excerpts from Complaint for Patent Infringement, *Evolved Wireless, LLC v. Motorola Mobility LLC*, Civil Action No. 15-cv-00544-JFB-SRF | Appx788-790, Appx795-796 |
| Excerpts from First Amended Complaint for Patent Infringement, *Evolved Wireless, LLC v. Samsung Electronics Co., et al.*, Civil Action No. 15-cv-00545-JFB-SRF | Appx1015-1017, Appx1032-1034, Appx1038-1039 |
| Excerpts from Complaint for Patent Infringement, *Evolved Wireless, LLC v. ZTE (USA) Inc.*, Civil Action No. 15-cv-00546-JFB-SRF | Appx1369-1371, Appx1376-1377 |
| Excerpts from Complaint for Patent Infringement, *Evolved Wireless, LLC v. Microsoft Corp., et al.*, Civil Action No. 15-cv-00547-JFB-SRF | Appx1694-1696, Appx1700-1701 |
| Excerpt from Defendants' Answer to Complaint with Affirmative Defenses and Counterclaims, *Evolved Wireless, LLC v. HTC Corp., et al.*, Civil Action No. 15-cv-00543-JFB-SRF | Appx1987-1988 |
| Excerpt from Defendant Motorola Mobility LLC's Answer and Defenses to Plaintiff Evolved Wireless, LLC's Complaint, *Evolved Wireless, LLC v. Motorola Mobility LLC*, Civil Action No. 15-cv-00544-JFB-SRF | Appx2015 |
| Excerpt from Defendant Samsung's Answer, Affirmative Defenses, and Counterclaims to Plaintiff's First Amended Complaint for Patent Infringement, *Evolved Wireless, LLC v. Samsung Electronics Co., et al.*, Civil Action No. 15-cv-00545-JFB-SRF | Appx2037 |

| Document Title | Page Range |
|---|---|
| Excerpt from Answer and Counterclaims of ZTE (USA) Inc. to Complaint for Patent Infringement, *Evolved Wireless, LLC v. ZTE (USA) Inc.*, Civil Action No. 15-cv-00546-JFB-SRF | Appx2056 |
| Excerpt from Defendants' Amended Answer and Counterclaims to Plaintiff's Complaint for Patent Infringement, *Evolved Wireless, LLC v. Microsoft Corp., et al.*, Civil Action No. 15-cv-00547-JFB-SRF | Appx2107 |
| Defendants' Motion for Summary Judgment of Covenant Not to Sue with Respect to U.S. Patent No. 7,809,373, | Appx2159-2167 |
| Defendants' Opening Brief in Support of Motion for Summary Judgment of Covenant Not to Sue with Respect to U.S. Patent No. 7,809,373 | Appx2168-2197 |
| Plaintiff Evolved Wireless, LLC's Motion for Summary Judgment | Appx2198-2200 |
| Excerpts from Infrastructure and Subscriber Unit License and Technical Assistance Agreement | Appx2210, Appx2212-2214, Appx2216-2217, Appx2225, Appx2237 |
| Excerpt from December 24, 1996 Agreement | Appx2245 |
| Excerpt from 1998 Amendment to Infrastructure and Subscriber Unit License and Technical Assistance Agreement | Appx2303 |
| Excerpts from 2004 Amendment to Infrastructure and Subscriber Unit License and Technical Assistance Agreement | Appx2311-2313, Appx2318-2320 |
| Excerpts from 2007 Amendment to Infrastructure and Subscriber Unit | Appx2327-2328, Appx2340-2343, Appx2345 |

| Document Title | Page Range |
|---|---|
| License and Technical Assistance Agreement | |
| Excerpts from January 1, 2007 Agreement | Appx2354, Appx2357 |
| Excerpt from 2010 Amendment to January 1, 2007 Agreement | Appx2394 |
| Excerpts from 2010 Amendment to Infrastructure and Subscriber Unit License and Technical Assistance Agreement | Appx2439-2440, Appx2443 |
| Excerpt from Expert Report of Dr. Todor Cooklev, *Evolved Wireless, LLC v. HTC Corp.*, et al., Civil Action No. 15-cv-00543-SLR-SRF | Appx2761-2774 |
| Excerpt from Expert Rebuttal Report of Jonathan D. Putnam, *Evolved Wireless, LLC v. HTC Corp.*, et al., Civil Action No. 15-cv-00543-SLR-SRF | Appx3283-3284 |
| Excerpt from Expert Rebuttal Report of Jonathan D. Putnam, *Evolved Wireless, LLC v. Motorola Mobility, LLC*, Civil Action No. 15-cv-00544-SLR-SRF | Appx3420-3421 |
| Excerpts from Evolved Wireless's Combined Opening-Answering Brief Regarding Defendants' Affirmative Defenses Alleging License, Covenants Not to Sue, and Exhaustion | Appx3465, Appx3473-3474, Appx3489-3490 |
| Declaration of Younghan Song | Appx3496-3513 |
| Excerpts from 2016 Amendment to Infrastructure and Subscriber Unit License and Technical Assistance Agreement | Appx3525, Appx3530, |
| Excerpt from Expert Rebuttal Report of Jonathan D. Putnam, *Evolved Wireless, LLC v. Samsung Electronics* | Appx3551-3552 |

| Document Title | Page Range |
|---|---|
| *Co., Ltd., et al*, Civil Action No. 15-cv-00545-SLR-SRF | |
| Excerpt from Expert Rebuttal Report of Jonathan D. Putnam, *Evolved Wireless, LLC v. ZTE (USA) Inc.*, Civil Action No. 15-cv-00546-SLR-SRF | Appx3691-3692 |
| Excerpt from Evolved Wireless's Combined Opening-Answering Brief Regarding Defendants' Affirmative Defenses Alleging License, Covenants Not to Sue, and Exhaustion | Appx3737-3740 |
| Excerpt from Expert Rebuttal Report of Jonathan D. Putnam, *Evolved Wireless, LLC v. Microsoft Corp., et al.*, Civil Action No. 15-cv-00547-SLR-SRF | Appx3823-3824 |
| Excerpts from Defendants' Answering-Reply Brief in Support of Motion for Summary Judgment of Covenant Not to Sue with Respect to U.S. Patent No. 7,809,373, | Appx3864-3870, Appx3881-3884 |
| Excerpt from Evolved Wireless's Reply Brief Regarding Defendants' Affirmative Defenses Alleging License, Covenants Not to Sue, and Exhaustion | Appx4228-4230 |
| Declaration of Ryan M. Schultz in Support of Evolved Wireless's Reply Brief Regarding Defendants' Affirmative Defenses Alleging License, Covenants Not to Sue, and Exhaustion | Appx4239-4240 |
| Excerpt from Exhibit 2 to Declaration of Ryan M. Schultz in Support of Evolved Wireless's Reply Brief Regarding Defendants' Affirmative Defenses Alleging License, Covenants Not to Sue, and Exhaustion | Appx4263-4265 |
| Excerpt from Exhibit 3 to Declaration of Ryan M. Schultz in Support of | Appx4273-4275 |

| Document Title | Page Range |
|---|---|
| Evolved Wireless's Reply Brief Regarding Defendants' Affirmative Defenses Alleging License, Covenants Not to Sue, and Exhaustion | |
| Evolved Wireless's Notice of Supplemental Facts in Support of its Combined Opening-Answering Brief Regarding Defendants' Affirmative Defenses Alleging License, Covenants Not to Sue, and Exhaustion | Appx4593-4597 |
| Declaration of Ryan M. Schultz in Support of Evolved Wireless's Notice of Supplemental Facts in Support of its Combined Opening-Answering Brief Regarding Defendants' Affirmative Defenses Alleging License, Covenants Not to Sue, and Exhaustion | Appx4598-4600 |
| Exhibit A to Declaration of Ryan M. Schultz in Support of Evolved Wireless' Notice of Supplemental Facts in Support of its Combined Opening-Answering Brief Regarding Defendants' Affirmative Defenses Alleging License, Covenants Not to Sue, and Exhaustion | Appx4601-4602 |
| Second Declaration of Younghan Song (including Exhibit1) | Appx4603-4611 |
| Excerpt from Memorandum and Order Denying Cross-Motions for Summary Judgment | Appx4636-4640 |
| Excerpt from Evolved Wireless' Motion for Clarification and Partial Reconsideration | Appx4647 |
| Order Denying Motion to Reconsider | Appx4687 |
| Excerpt from Letter to The Honorable Sherry R. Fallon from Brian E. Farnan | Appx4690-4692 |

| Document Title | Page Range |
|---|---|
| regarding Response to the Court's June 6, 2019 Oral Order | |
| Joint [Proposed] Stipulation to Stay Proceedings Pending Resolution of Appeals of the August 9, 2019 Final Judgment in the *Evolved v. Apple* Case | Appx4695-4700 |
| Order Scheduling Hearing on Licensing and Patent Exhaustion Issues | Appx4702-4703 |
| Excerpts from Transcript of September 13, 2019 Hearing on License and Exhaustion Issues | Appx4705-4709, Appx4713-4715, Appx4725-4730, Appx4743-4751, Appx4768-4769, Appx4777, Appx4782-4783, Appx4786-4787, Appx4791-4792 |
| Order Granting Motion to Correct Judgment, *Evolved Wireless, LLC v. Motorola Mobility LLC*, Civil Action No. 15-cv-00544-JFB-SRF | Appx4811 |
| Stipulation to Remove Certain Products from the Case and Enter Final Judgment, *Evolved Wireless, LLC v. Samsung Electronics Co., Ltd., et al.*, Civil Action No. 15-cv-00545-JFB-SRF | Appx4812-4815 |
| Notice of Appeal, *Evolved Wireless, LLC v. HTC Corp., et al.*, Civil Action No. 15-cv-00543-JFB-SRF | Appx4816-4817 |
| Notice of Appeal, *Evolved Wireless, LLC v. Motorola Mobility LLC*, Civil Action No. 15-cv-00544-JFB-SRF | Appx4818-4819 |
| Notice of Appeal, *Evolved Wireless, LLC v. Samsung Electronics Co., Ltd.*, Civil Action No. 15-cv-00545-JFB-SRF | Appx4820-4821 |
| Notice of Appeal, *Evolved Wireless, LLC v. ZTE (USA) Inc.*, Civil Action No. 15-cv-00546-JFB-SRF | Appx4822-4823 |

| Document Title | Page Range |
|---|---|
| Plaintiff Evolved Wireless, LLC's Notice of Appeal, *Evolved Wireless, LLC v. Microsoft Corp.*, Civil Action No. 15-cv-00547-JFB-SRF | Appx4824-4825 |

Pursuant to Federal Circuit Rule 25.1(e)(1)(B), Appellant provides the following description of the general nature of the material that has been deleted from this non-confidential joint appendix:

- The material deleted from Appx25-27 and Appx34 includes confidential contractual provisions.

- The material deleted from Appx2177-2178, Appx2186-2187, Appx2189, Appx2210, Appx2212-2214, Appx2216-2217, Appx2225, Appx2237, Appx2245, Appx2303, Appx2313, Appx2318, Appx2320, Appx2327-2328, Appx2340, Appx2343, Appx2345, Appx2354, Appx2357, Appx2394, Appx2439, Appx2440, Appx2443, Appx3500, Appx3503-3504,  Appx3525, Appx3530, Appx3738, Appx3864, Appx3882 includes third-party confidential contractual provisions.

- The material deleted from Appx2181 includes confidential price information.

- The material deleted from Appx3490 and Appx3508-3513 includes third-party confidential contractual provisions, third-party

8

confidential licensing policies, and third-party confidential information regarding contract negotiations.

- The material deleted from Appx3507 and Appx3870 includes third-party confidential information regarding contract negotiations.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 15–cv-542–SLR-SRF |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Defendant. | ) | |
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 15–cv-543–SLR-SRF |
| | ) | |
| HTC CORPORATION and | ) | |
| HTC AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 15–cv-544–SLR-SRF |
| LENOVO GROUP LTD., | ) | |
| LENOVO (UNITED STATES) INC., and | ) | |
| MOTOROLA MOBILITY, | ) | |
| | ) | |
| Defendants. | ) | |
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 15–cv-545–SLR-SRF |
| SAMSUNG ELECTRONICS CO., LTD. | ) | |
| and SAMSUNG ELECTRONICS | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

i

| EVOLVED WIRELESS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ZTE CORPORATION, ZTE (USA) INC., | ) |
| and ZTE SOLUTIONS INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

C.A. No. 15–cv-546–SLR-SRF

## AGREED PROTECTIVE ORDER
## REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

Plaintiff Evolved Wireless, LLC ("Plaintiff") and Defendants Apple Inc., HTC Corporation, HTC America Inc., Lenovo Group Ltd., Lenovo (United States) Inc., Motorola Mobility LLC, Samsung Electronics Co. Ltd., Samsung Electronics America, Inc., ZTE Corp., ZTE (USA) Inc., and ZTE Solutions Inc., ("Defendants") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

2

1.    **PURPOSES AND LIMITATIONS**

(a)    Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

(b)    To the extent that any one party in this litigation provides Protected Material under the terms of this Protective Order to another party, the Receiving Party shall not share that material with the other parties in this litigation, absent express written permission from the Producing Party. This Order does not confer any right to any one Defendant to access the Protected Material of any other Defendant.

(c)    The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a). Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

2.    **DEFINITIONS**

(a)    "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(b)     "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

(c)     "Patents-in-suit" means U.S. Patent Nos. 7,746,916, 7,768,965, 7,809,373, 7,881,236, 8,218,481, and any other patent asserted in this action.

(d)     "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

(e)     "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(f)     "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," as provided for in this Order. Protected Material shall not include:  (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(g)     "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(h)     "Source Code" means computer code, scripts, assembly, binaries, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip; similarly sensitive implementation details; files containing text written in "C," "C++," assembly, VHDL, Verilog, and digital signal processor (DSP) programming languages; ".include" files, "make" files; link

files; and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, microcontroller, or DSP.

3. **COMPUTATION OF TIME AND DEADLINES**

(a)     The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

(b)     The timeliness of any event prescribed or allowed by this Order shall be governed by the October 2, 2014 District of Delaware Standing Order and the Court's Revised Administrative Procedures Governing Filing and Service by Electronic Means.

4. **SCOPE**

(a)     The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(c)     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(d)     This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all

5.     **DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

6.     **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)     Basic Principles. All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b)     Patent Prosecution Bar. Absent the written consent of the Producing Party, any person on behalf of the Plaintiff who receives one or more items designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" Material by a Defendant may not engage in any Prosecution Activity (as defined below) involving claims relating to LTE cellular communications technology during the pendency of the Action and for a period ending two (2) years after the earlier of (i) the complete resolution of the Action through entry of a final non-appealable judgment or order for which appeal has been exhausted; (ii) the complete settlement of all claims against the Producing Party in the Action. Nothing in this paragraph requires the

Plaintiff to monitor the activities of an individual that ceases to represent or be associated with the Plaintiff.  Moreover, the Plaintiff is not liable for any alleged breach of this provision by an individual who ceases to represent or be associated with the Plaintiff. For purposes of this section, "Prosecution Activity" shall mean the preparation or amendment of claims or advice or counseling regarding the preparation of claims or amendment of claims in any patent application or patent, as part of an original prosecution in the United States or elsewhere. To be clear, "Prosecution Activity" shall not include *ex parte* reexamination, *inter partes* review, covered business method review or any other post-grant review proceeding in the United States Patent and Trademark Office or elsewhere. Nothing in this paragraph prohibits an attorney subject to this section from forwarding to counsel participating in the Prosecution Activity any references identified by any defendant as prior art during the course of the Action and nothing in this section shall prevent any attorney from sending prior art to an attorney involved in any prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor. This Prosecution Bar shall begin when "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" materials or information are first reviewed by the affected individual. This Prosecution Bar applies to each individual reviewing the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" material and does not impute to the law firm or company who employs the individual.

(c)     Secure Storage, Limitations on Export. Protected Material produced in the United States must be stored and maintained by a Receiving Party at a location in the United

States and in a secure manner that ensures that access is limited to the persons authorized under this Order. Protected Material produced in the United States may not be exported outside the United States. All Parties shall comply with applicable United States Export Administration Regulations, and nothing in this Order should be read to be inconsistent with or to permit disclosure otherwise prohibited by those regulations. Nothing in this Provision shall prejudice a Receiving Party's ability to transport and use Protected Materials at a deposition conducted outside the United States, provided that such transportation and use is in compliance with applicable United States laws and regulations.

(d)      <u>Legal Advice Based on Protected Material</u>. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(e)      <u>Limitations</u>. Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

(f)      <u>Cross-Production of Defendant Confidential Material</u>. No Defendant is required to produce its Protected Material to any other Defendant or Defendants, but nothing in this Order shall preclude such production. Information produced through discovery in a lawsuit

against one Defendant may not be used in a lawsuit against a second Defendant unless it is also timely produced through discovery in the lawsuit against the second Defendant.

(g)     Notwithstanding the provisions of this Protective Order, Plaintiff shall not disclose one Defendant's Protected Material to any other Defendant or Defendants through Court filings, oral argument in Court, expert reports, deposition, discovery requests, discovery responses, or any other means, without the express prior written consent of the Defendant that produced the Protected Material. If Plaintiff seeks to disclose a Defendant's Protected Material to any other Defendant or Defendants, then Plaintiff will seek consent from the Defendant who produced the Protected Material at issue. The Defendant will then have ten (10) business days to respond to the request. Defendant will not unreasonably withhold its consent. Defendant's withholding of consent shall be deemed unreasonable if it has previously shared the Protected Material with any other Defendant or Defendants.  If Plaintiff receives no response, then it may proceed with the requested disclosure. If objecting to the disclosure, Defendant shall state the complete grounds for the objection. Thereafter, further dispute shall be resolved in accordance with the following procedures:

(i)     The Plaintiff shall have the burden of conferring either in person, in writing, or by telephone with the objecting Defendant in a good faith effort to resolve the dispute. The Defendant shall have the burden of justifying the objection;

(ii)     Failing agreement, the Plaintiff may bring a motion to the Court for a ruling that the Protected Material in question is entitled to disclosure to any other Defendant or Defendants. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against disclosure of a Defendant's Protected Material to any other Defendant or

Defendants, establish any presumption that a particular objection is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)     Notwithstanding any objection to disclosure, the Protected Material in question shall not be disclosed to any other Defendant or Defendants until one of the following occurs: (a) the Defendant who produced the Protected Material in question withdraws such objection in writing; or (b) the Court rules that the Protected Material in question may be disclosed to other Defendants.

7.     **<u>DESIGNATING PROTECTED MATERIAL</u>**

(a)     <u>Available Designations</u>. Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein:     "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE."

(b)     <u>Written Discovery and Documents and Tangible Things</u>. Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rules of Civil Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained. In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.

x

(c)   <u>Native Files</u>. Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains  "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to paragraph 12, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.

(d)   <u>Depositions and Testimony</u>. Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony. If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" for a period of thirty (30) days of receipt of the transcript of the testimony. If after such time no designation is made, the information disclosed shall be deemed public. Any Party that wishes to publicly disclose a transcript, or information contained therein, that has been designated as confidential, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-

confidential. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

8.   **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)   A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b)   Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)   The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services, including, for

example, document review attorneys, working at the direction of such counsel, paralegals, and staff;

(ii)    Not more than three (3) representatives of the Receiving Party who are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that:  (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iii)    Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant accesses the materials, if produced in the United States, in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iv)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)    The Court, jury, and court personnel;

(vi)     Any persons who are witnesses during a deposition, court hearing, or trial where specific documentary or testimonial evidence establishes either (1) at the time that the "CONFIDENTIAL" Discovery Material was authored or received by the witness without any violation of any confidentiality obligation owed to any party in this action, or (2) the witness is an employee of the Producing Party and would have access to the "CONFIDENTIAL" Discovery Material pursuant to that employee's job responsibilities and position;

(vii)    Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(viii)   Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(ix)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(x)      Any other person with the prior written consent of the Producing Party.

9.     **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

(a)     A Producing Party may designate Discovery Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party. The Parties agree that the following

14

information, if non-public, shall be presumed to merit the "CONFIDENTIAL – ATTORNEYS'

EYES ONLY" designation:  trade secrets, product and component pricing information, financial

data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing

strategy, product development information, engineering documents, testing documents,

employee information, and other non-public information of similar competitive and business

sensitivity.

      (b)      Unless otherwise ordered by the Court, Discovery Material designated as

"CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

      (i)      The Receiving Party's Outside Counsel and such Outside

Counsel's immediate paralegals and staff, and any copying or clerical litigation support services,

including, for example, document review attorneys, working at the direction of such counsel,

paralegals, and staff;

      (ii)      Not more than three (3) representatives of the Receiving Party

who are in-house counsel for a Defendant Receiving Party, as well as their paralegals and

staff, provided that: (a) such in-house counsel are not involved in competitive decision-

making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984); (b)

each such person has agreed to be bound by the provisions of the Protective Order by signing

a copy of Exhibit A; (c) no unresolved objections to such disclosure exist after proper notice

has been given to all Parties as set forth in Paragraph 12 below;

      (iii)      Any outside expert or consultant retained by the Receiving Party to

assist in this action, provided that disclosure is only to the extent necessary to perform such

work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions

of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a

current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant accesses the materials, if produced in the United States, in the United States only, and does not transport them to or access them from any foreign jurisdiction; (d) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (e) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iv)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)    The Court, jury, and court personnel;

(vi)    Any persons who are witnesses during a deposition, court hearing, or trial where specific documentary or testimonial evidence establishes either (1) at the time that the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material was authored or received by the witness without any violation of any confidentiality obligation owed to any party in this action, or (2) the witness is an employee of the Producing Party and would have access to the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material pursuant to that employee's job responsibilities and position;

(vii)    Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(viii)   Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(ix)   Any other person with the prior written consent of the Producing Party.

(c)   In addition, a Party may disclose arguments and materials derived from Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential. A Party may not disclose to mock jurors any original, as-produced materials or information (including, for example, documents, deposition testimony, or interrogatory responses) produced by another Party designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

10.   **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE"**

(a)   To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

(b)   Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

(c)   Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be

17

subject to the provisions set forth in Paragraph 11 below, and may be disclosed, subject to Paragraph 11 below, solely to:

(i)     The Receiving Party's Outside Counsel, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; (d) such expert or consultant accesses the materials, if produced in the United States, in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (e) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below. Without the express prior written consent of the Defendant that produced the Protected Material, no expert or consultant retained by a Defendant in this matter shall have access to "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" Discovery Material produced by another Defendant in this matter;

(iii)     Court reporters, stenographers and videographers retained to record testimony taken in this action;

(iv)     The Court, jury, and court personnel;

(v)      Any persons who are witnesses during a deposition, court hearing, or trial where specific documentary or testimonial evidence establishes either (1) at the time that the "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" Discovery Material was authored or received by the witness without any violation of any confidentiality obligation owed to any party in this action, or (2) the witness is an employee of the Producing Party and would have access to the "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" Discovery Material pursuant to that employee's job responsibilities and position;

(vi)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(vii)    Any other person with the prior written consent of the Producing Party.

11.     **DISCLOSURE AND REVIEW OF SOURCE CODE**

(a)      Any Source Code that is produced by Plaintiff shall be made available for inspection in electronic format at the Minneapolis office of its outside counsel, Robins Kaplan LLP, or any other location mutually agreed by the Parties. Any Source Code that is produced by Apple Inc. will be made available for inspection at the Santa Monica office of its outside counsel, Boies, Schiller & Flexner LLP, or any other location mutually agreed by the Parties. Any Source Code that is produced by HTC Corporation will be made available for inspection at the Del Mar, California office of its outside counsel, Sheppard, Mullin, Richter & Hampton LLP, or any other location mutually agreed by the Parties.  Any Source Code that is produced

by Microsoft Corp., Microsoft Mobile Oy, or Nokia Inc. will be made available for inspection at the Washington D.C. office of their outside counsel, Sidley Austin LLP, or any other location mutually agreed by the Parties.  Any Source Code that is produced by Lenovo (United States) Inc., or Motorola Mobility will be made available at the Atlanta office of its outside counsel, Kilpatrick Townsend & Stockton, LLP.  Any Source Code that is produced by Samsung Electronics Co. Ltd. or Samsung Electronics America, Inc., will be made available for inspection at the Redwood Shores office of its outside counsel, Quinn, Emanuel, Urquhart & Sullivan, LLP, or any other location mutually agreed by the Parties.  Any source code that is produced by ZTE Corporation or ZTE (USA) Inc. will be made available at the Chicago office of its outside counsel, McDermott Will & Emery LLP.  Any Source Code that is produced by any of the other Defendant will be made available for inspection by Plaintiff at the office of its outside counsel, secure facility owned or controlled by such Defendant, or any other location mutually agreed by such Defendant and the Plaintiff.  Source Code will be made available for inspection between the hours of 8 a.m. and 6:00 p.m. on business days (i.e., weekdays that are not Federal holidays). The Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times outside of normal business hours noted above, provided that the Reviewing Party pays for any costs and expenses, including staff, necessary to allow such access.

    (b)  Prior to the first inspection of any requested Source Code, the Receiving Party shall provide twenty (20) business days notice of the Source Code that it wishes to inspect. The Receiving Party shall provide five (5) business days notice prior to any additional inspections.

xx

(c)     Source Code that is designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be made available for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)     All Source Code shall be made available by the Producing Party to the Receiving Party's outside counsel and/or experts who qualify under Paragraphs 10(c)(i) and (ii), in a secure room, in text searchable form on a secured computer without Internet access or network access to other computers, running a reasonably current version of the Microsoft Windows operating system or an alternative operating system necessary to view Source Code in its native format, and on which all access ports have been disabled, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room"). Should it be necessary, other mutually agreed upon operating systems, such as Linux, may also be made available by the Producing Party. In addition, and to the extent it is feasible to do so, the Producing Party shall make the Source Code available in hierarchical directory and file structures as close to the original as possible. The Producing Party shall provide a manifest of the contents of the Source Code Computer. This manifest, which will be supplied in both printed and electronic form, will list the name, location, and MD5 Hash value of every source and executable file located on the computer. The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced. Tools for reviewing Source Code shall not be used to circumvent the protections of this Order. The Receiving Party's outside counsel and/or experts may request that other commercially available software tools for viewing

and searching Source Code be installed on the Source Code Computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least ten (10) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

(ii)     No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room. The Producing Party shall make a space available outside the secure room in which persons reviewing "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" may utilize such devices and/or transfer their notes to a personal computer or other device. However, under no circumstances, is any portion of the source code to be recorded in notes as a way to circumvent the protections of this Protective Order.

(iii)     The Receiving Party's outside counsel and/or experts who qualify under Paragraphs 10(c)(i) and (ii) shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer. Each page of any such notes containing Source Code information (and any additional notes, analyses, or descriptions relating thereto) must be marked as "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."

(iv)   The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way.

(v)   No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein. The Receiving Party may request printouts of limited portions of the Source Code only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report). Any printed portion that consists of more than ten (10) pages of a continuous block of Source Code shall be presumed to be excessive, and the burden shall be on the Receiving Party to demonstrate the need for such a printed copy.  The Receiving Party may request printed Source Code of no more than 50 pages total, subject to further agreement between the Parties or order by the Court.  The Receiving Party shall not request printed Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted only when necessary to prepare court filings , deposition exhibits, or pleadings or other papers (including a testifying expert's expert report). The Producing Party shall Bates number, copy, and label "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" any pages printed by the Receiving Party.  Within five (5) days, the Producing Party shall either (i) provide one copy set of such pages to the Receiving Party or (ii) inform the Requesting Party

that it objects that the printed portions are excessive and/or not done for a permitted purpose. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek a Court resolution of whether the printed Source Code in question is narrowly tailored and was printed for a permitted purpose. The burden shall be on the Receiving Party to demonstrate that such printed portions are no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere. The printed pages shall constitute part of the Source Code produced by the Producing Party in this action. Hard copies of the Source Code also may not be converted into an electronic document, except as necessary for expert report and pleadings filed under seal.

(vi)    All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any other disclosure required under this Order. A Producing Party may object to providing Source Code access to any persons so identified. If an objection to an individual is made by the Producing Party, it will be the burden of the Producing Party to prove that the individual should be prohibited from inspecting the Producing Party's Source Code. All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart. The Producing Party shall be entitled to a copy of the log upon two (2) days advance notice to the Receiving Party.

(vii)    Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room and any other room used by the Reviewing Party. The Producing Party shall not be responsible for any items left in the room(s) following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room(s) following each inspection session without a prior agreement to that effect. Proper identification of all authorized persons shall be provided prior to any access to the secure room(s) or the computer containing Source Code. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any state of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure room or the Source Code Computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification.

(viii)    Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device. The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its outside counsel of record.

(ix)    The Receiving Party's outside counsel of record may make no more than three (3) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 11(c)(v), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the

paper copies are stored. Upon two (2) day's advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

(x)     The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use. No more than a total of ten (10) individuals who are qualified under Paragraph 10(c)(i) and (i) and identified by the Receiving Party shall have access to the printed portions of the Source Code (except insofar as such code appears in any court filing or expert report).

(xi)     For depositions, the Receiving Party shall not bring copies of any printed Source Code.  Rather, at least ten (10) days before the date of the deposition, the Receiving Party shall notify the Producing Party that it wishes to use Source Code at the deposition, and the Producing Party shall bring printed copies of all previously printed Source Code to the deposition for use by the Receiving Party. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Source Code brought to the deposition shall remain with the Producing Counsel's outside counsel for secure destruction in a timely manner following the deposition.

(xii)     Except as necessary for expert reports and pleadings under seal, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the

Receiving Party may not scan the Source Code to a PDF or photograph the code). Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible. If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code and such Source Code will not be filed absent agreement from the Producing Party that the confidentiality protections will be adequate, and this provision may be modified by further agreement by the Parties or the Court. If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court filing, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order. Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored.  Additionally, any such electronic copies must be labeled "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" as provided for in this Order.

(xiii)   If a Producing Party wishes to waive or otherwise reduce the restrictions set forth above on the production of "CONFIDENTIAL-OUTSIDE ATTORNEYS'

EYES ONLY – SOURCE CODE" Material, it may do so by agreement in writing with the Receiving Party. However, no action taken (or not taken) by the Producing Party shall be considered a waiver of any of the provisions or protections set forth herein relating to "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" Material absent written agreement between the Producing Party and the Receiving Party explicitly so stating. Nothing in this Protective Order shall be deemed an admission by any Party that production of "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" Material is necessary in the Action or required by the Federal Rules of Civil Procedure or the Local Rules of this Court. Nothing herein shall be deemed a waiver of a Party's right to object to the production of SOURCE CODE.

12.   **NOTICE OF DISCLOSURE**

(a)   Prior to disclosing any Protected Material to any person described in Paragraphs 8(b)(ii), 8(b)(iii), 9(b)(ii), 9(b)(iii), or 10(c)(ii), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes the name of the person and the present employer and title of the person. In addition, for any person described in 8(b)(iii), 9(b)(iii), or 10(c)(ii), (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes the following additional information:

(i) an up-to-date curriculum vitae of the Person;

(ii) an identification of all of the Person's past and current employment and consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person, including but not limited to an identification of any individual or entity with or for whom the person is employed or to whom

the person provides consulting services relating to the design, development, operation, or patenting of wireless communications protocols, or relating to the acquisition of intellectual property assets relating to wireless communications protocols;

(iii) an identification of all pending patent applications on which the Person is named as an inventor, in which the Person has any ownership interest, or as to which the Person has had or anticipates in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims; and

(iv) a list of the cases in which the Person has testified at deposition or trial within the last five (5) years.

Further, the Party seeking to disclose Protected Material to any Person, as described in 8(b)(iii), 9(b)(iii), or 10(c)(ii), shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant. During the pendency of this action, including all appeals, the Party seeking to disclose Protected Material shall immediately provide written notice of any material change with respect to the Person's involvement in the design, development, operation or patenting of wireless communications protocols and networks, or the acquisition of intellectual property assets relating to wireless communications protocols and networks.

(b)     Within seven (7) days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause. In the absence of an objection at the end of the seven (7) day period, the Person shall be deemed approved under

this Protective Order. There shall be no disclosure of Protected Material to the Person prior to expiration of this seven (7) day period. If the Producing Party objects to disclosure to the Person within such seven (7) day period, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(c)     For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

(d)     Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

(e)     An initial failure to object to a Person under this Paragraph 12 shall not preclude the nonobjecting Party from later objecting to continued access by that Person for good cause. If an objection is made, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute informally. If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court. The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection. If a later objection is made, no further Protected Material shall be

disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection. Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within seven (7) business days after the meet and confer, further Protected Material may thereafter be provided to the Person.

13.   **DISCOVERY CONCERNING NON-PARTIES**

(a)   The Parties recognize that, during the course of this case, non-parties may be called upon to produce "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" Discovery Materials. In such a case, the non-party who produced such Discovery Material is considered to be a Producing Party, protected under this Order as though a signatory to it, and may use the procedures described herein to designate its Discovery Materials as Protected Material.

(b)   A non-party's use of this Order to designate Protected Material does not entitle that nonparty to access any other Protected Information produced by any Party or other non-party in this case.

(c)   Nothing herein precludes a non-party from negotiating additional protections for the production, designation or protection of its Discovery Material, beyond those provided in this Order.

14.   **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)   A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)      Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)      The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The Producing Party shall have the burden of justifying the disputed designation;

(ii)      Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)      Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

15.      **<u>SUBPOENAS OR COURT ORDERS</u>**

(a)      If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed

shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

16.   **FILING PROTECTED MATERIAL**

(a)   Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.

(b)   Any Party is authorized under D. Del. LR 5.1.3 to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order.

17.   **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a)   The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, will not waive any applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)   Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and destroy all copies and provide written certification of such destruction. Within fourteen (14) business days of receiving written certification from a Receiving Party, the Producing Party must serve a

privilege log covering the privileged or otherwise protected matter inadvertently or unintentionally produced.

(c)     Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

18.     **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

(a)     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b)     A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has

received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 18(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c)     Notwithstanding     the     above,     a     subsequent     designation     of "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" materials while the materials were not marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" from engaging in the activities set forth in Paragraph **Error! Reference source not found.**.

19.    **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)     In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b)      Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

20.   **FINAL DISPOSITION**

(a)      Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals. However, nothing herein requires a party to destroy or return Discovery Material that they are otherwise required by law to retain.

(b)      All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed. Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes, but must return or destroy any pleadings, correspondence, and consultant work product that contain Source Code.

(c)      Nothing herein requires any Party to alter its systems or protocols for preserving data or back-up systems.

21.   **DISCOVERY FROM EXPERTS OR CONSULTANTS**

(a)      Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case. Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

(b)      Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial, or deposition testimony or any opinion in this case. No discovery can be taken from any non-testifying expert except to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert relied upon by that testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case.

(c)      No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

(d)      Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 21(a)–(c) shall be treated as attorney-work product for the purposes of this litigation and Order.

(e)      Nothing in this Protective Order, including Paragraphs 21(a)–(c), shall alter or change in any way the requirements in Paragraph 11 regarding Source Code, and Paragraph 11 shall control in the event of any conflict.

22.      **COMMUNICATIONS BETWEEN PARTY AND COUNSEL**

(a)      The Parties agree that privileged or protected communications occurring on or after June 25, 2015, need not be recorded on the Party's privilege log.

23.      **MISCELLANEOUS**

(a)      <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to this Order, the

Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)     <u>Termination of Matter and Retention of Jurisdiction</u>. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter. The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)     <u>Successors</u>. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)     <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)     <u>Burdens of Proof</u>. Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f)     <u>Modification by Court</u>. This Order is subject to further court orders based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for the District of Delaware is responsible for the interpretation and enforcement of this Order. All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the District of Delaware.

Dated: March 15, 2016                                    Respectfully submitted,

FARNAN LLP                                               POTTER ANDERSON & CORROON LLP


/s/ Michael J. Farnan                                    /s/ Bindu A. Palapura
Brian E. Farnan (#4089)                                  David E. Moore (#3983)
Michael J. Farnan (#5165)                                Bindu A. Palapura (#5370)
919 North Market Street                                  Stephanie E. O'Byrne (#4446)
12th Floor                                               Hercules Plaza, 6th Floor
Wilmington, DE 19801                                     1313 N. Market Street
(302) 777-0300 (Telephone)                               Wilmington, DE 19801
(302) 777-0301 (Facsimile)                               Tel: (302) 984-6000
bfarnan@farnanlaw.com                                    dmoore@potteranderson.com
                                                         bpalapura@potteranderson.com
*Counsel for Plaintiff*                                  sobyrne@potteranderson.com
*Evolved Wireless, LLC*

                                                         *Attorneys for Defendants Apple, Inc., Lenovo*
                                                         *Group Ltd., Lenovo (United States) Inc. and*
                                                         *Motorola Mobility LLC*


POTTER ANDERSON & CORROON LLP                            SHAW KELLER LLP


/s/ Philip A. Rovner                                     /s/ Karen E. Keller
Philip A. Rovner (#3215)                                 John W. Shaw (#3362)
Jonathan A. Choa (#5319)                                 Karen E. Keller (#4489)
Hercules Plaza                                           Andrew E. Russell (#5382)
P.O. Box 951                                             300 Delaware Avenue, Suite 1120
Wilmington, DE 19899                                     Wilmington, DE 19801
(302) 984-6000                                           (302) 298-0700
provner@potteranderson.com                               jshaw@shawkeller.com
jchoa@potteranderson.com                                 kkeller@shawkeller.com
                                                         arussell@shawkeller.com

39

xxxix

*Attorneys for Defendants HTC Corporation*
*and HTC America, Inc.*

*Attorneys for Defendants Samsung Electronics*
*Co., Ltd. and Samsung Electronics America,*
*Inc.*

Richards, Layton & Finger, P.A.

/s/ Kelly E. Farnan
Kelly E. Farnan (#4395)
Travis S. Hunter (#5350)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
farnan@rlf.com
hunter@rlf.com

*Attorneys for Defendant ZTE (USA) Inc.*

**IT IS SO ORDERED** this ___ day of March, 2016.

_____
The Honorable Sue L. Robinson

40

xl

## EXHIBIT A

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *Evolved Wireless, LLC v.* _____, United States District Court, District of Delaware, Civil Action No. _____. Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address:_____

Dated: _____

_____
[Signature]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 15–542–SLR–SRF |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Defendant. | ) | |
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 15–543–SLR–SRF |
| | ) | |
| HTC CORPORATION and | ) | |
| HTC AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 15–544–SLR–SRF |
| LENOVO GROUP LTD., | ) | |
| LENOVO (UNITED STATES) INC., and | ) | |
| MOTOROLA MOBILITY, | ) | |
| | ) | |
| Defendants. | ) | |
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 15–545–SLR–SRF |
| SAMSUNG ELECTRONICS CO., LTD. | ) | |
| and SAMSUNG ELECTRONICS | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

| | |
|---|---|
| EVOLVED WIRELESS, LLC,                         )<br>                                                )<br>                     Plaintiff,                 )<br>                                                )<br>              v.                                )<br>                                                )<br>ZTE (USA) INC.,                                 )<br>                                                )<br>                     Defendant.                 )<br>                                                ) | C.A. No. 15–546–SLR–SRF |
| EVOLVED WIRELESS, LLC,                         )<br>                                                )<br>                     Plaintiff,                 )<br>                                                )<br>              v.                                )<br>                                                )<br>MICROSOFT CORPORATION,                          )<br>MICROSOFT MOBILE OY and                         )<br>NOKIA INC.,                                     )<br>                                                )<br>                     Defendants.                )<br>                                                ) | C.A. No. 15–547–SLR–SRF |

## STIPULATED AMENDED SUPPLEMENTAL PROTECTIVE ORDER BETWEEN NON PARTY QUALCOMM INCORPORATED, PLAINTIFF, AND ALL DEFENDANTS

WHEREAS, The Honorable Sherry R. Fallon, United States Magistrate Judge, entered the Protective Order to govern discovery in the above-captioned matter ("this action") on March 21, 2016, and may enter subsequent protective orders ("Protective Order"); and

WHEREAS, Plaintiff Evolved Wireless, LLC ("Plaintiff"); Defendants Apple Inc., HTC America, Inc., HTC Corporation, Lenovo (United States), Inc., Lenovo Group Ltd, Motorola Mobility, LLC, Samsung Electronics America, Inc., Samsung Electronics Co., Ltd, ZTE USA, Inc., Microsoft Corporation, Microsoft Mobile OY, and Nokia Inc. (collectively "Defendants") (together, hereinafter referred to as "the Parties"), and Qualcomm Incorporated ("QUALCOMM"), a non-party to this action, may produce confidential source code, schematics,

and other documents in this action that include or incorporate CONFIDENTIAL

INFORMATION belonging to QUALCOMM ("QUALCOMM Confidential Information");

WHERAS the Parties and Non-Party Qualcomm have negotiated and agreed to the terms

included in this Amended Supplemental Protective Order;

WHEREAS the Parties and Non-Party QUALCOMM have agreed to additional

provisions to protect against misuse or disclosure of such QUALCOMM Confidential

Information;

WHEREFORE, IT IS HEREBY ORDERED that source code, schematics, or documents

that incorporate QUALCOMM Confidential Information produced in connection with the above-

captioned matters that are designated as "QUALCOMM – OUTSIDE ATTORNEYS' EYES

ONLY" and "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL

SOURCE CODE" shall be subject to the following restrictions:

## I.   DEFINITIONS

1.   "QUALCOMM MATERIAL": Confidential information (regardless of how

generated, stored, or maintained) or tangible things that include or incorporate Non-Party

QUALCOMM Confidential Information, that Non-Party QUALCOMM (i) would not normally

reveal to third parties except in confidence, or has undertaken with others to maintain in

confidence, (ii) believes in good faith is significantly sensitive, or (iii) protected by a right to

privacy under federal or state law, or any other applicable privilege or right related to

confidentiality or privacy.  QUALCOMM MATERIAL includes all information, documents,

source code, schematics, testimony, and things produced, served, or otherwise provided in this

action by any Party or by Non-Party QUALCOMM, that include or incorporate QUALCOMM

Confidential Information.

2.      "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" material: information, documents, and things that include or incorporate QUALCOMM MATERIAL.

3.      "Source Code":  includes human-readable programming language text that defines software, firmware, (collectively, "software Source Code") and integrated circuits ("hardware Source Code").  Text files containing Source Code shall hereinafter be referred to as "Source Code files."  Software Source Code files shall include, but are not limited to, files containing Source Code in "C," "C++," BREW, Java ME, J2ME, assembler, digital signal processor (DSP) programming languages, and other human readable text programming languages.  Software Source Code files further include ".include files," "make" files, "link" files, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, micro-controller, or DSP.  Hardware Source Code files include, but are not limited to, files containing Source Code in VDHL, Verilog, and other Hardware Description Language ("HDL") formats, including but not limited to, Register Transfer Level ("RTL") descriptions.

4.      "Chip-Level Schematics":  means symbolic representations of analog electric or electronic circuits from which the physical structure of a chip is directly derived.

5.      "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" Material:  QUALCOMM MATERIAL that includes Source Code and Chip-Level Schematics that constitute proprietary technical or commercially sensitive competitive information that Non-Party QUALCOMM maintains as highly confidential in its business, the disclosure of which is likely to cause harm to the competitive position of Non-Party QUALCOMM.  This includes Source Code and Chip-Level Schematics in the Producing Party's possession, custody, or control, and made available for inspection by the Producing Party.

6. "Designated QUALCOMM Material":  material that is designated "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" under this Supplemental Protective Order.

7. "Designated Source Code Material":  material that is designated "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" under this Supplemental Protective Order.

8. "Personnel Retained by a Receiving Party in this Action" means any consultants, experts, or outside counsel (including their support staff) that have been and continue to be retained by a Receiving Party in this action.  For the sake of clarity, any person who was retained by a Receiving Party in this action will no longer fall under this definition if that person ceases to be retained by a Receiving Party in this action.

9. "Party" means any Party to the above-captioned action, including all of its officers, directors, employees, consultants, retained experts, and all support staff thereof.

10. "Producing Party" means a party or non-party that discloses or produces Designated QUALCOMM Material in the above-captioned actions.

11. "Receiving Party" a Party that receives Designated QUALCOMM Material from a Producing Party in the above-captioned actions.

12. "Authorized Reviewer(s)" shall mean persons authorized to review "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" and "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" material in accordance with this Supplemental Protective Order and the Protective Order.

13.     "Counsel of Record":  (i) Outside Counsel who appears on the pleadings, or has entered an appearance in this action, as counsel for a Party, and (ii) partners, principals, counsel, associates, employees, and contract attorneys of such Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters.

14.     "Outside Consultant":  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by Counsel of Record to serve as an expert witness or a litigation consultant in this action (including any necessary support personnel of such person to whom disclosure is reasonably necessary for this litigation), and who is not a current employee of a Party, of a competitor of a Party, or of Non-Party QUALCOMM, and who, at the time of retention, is not anticipated to become an employee of, or a non-litigation consultant of:  1) a Party, 2) a competitor of a Party, 3) a competitor of Non-Party QUALCOMM, or of 4) Non-Party QUALCOMM.

15.     "Professional Vendors":  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors who have been retained or directed by Counsel of Record in this action, and who are not current employees of a Party, a competitor of a Party, or of Non-Party QUALCOMM, and who, at the time of retention, are not anticipated to become employees of: 1) a Party, 2) a competitor of a Party, 3) a competitor of Non-Party QUALCOMM, or 4) Non-Party QUALCOMM. This definition includes ESI vendors, and professional jury or trial consultants retained in connection with this litigation to assist a Party, Counsel of Record, or any Outside

Consultant in their work.  Professional vendors do not include consultants who fall within the definition of Outside Consultant.

## II.      RELATIONSHIP TO PROTECTIVE ORDER

16.      This Supplemental Protective Order shall not diminish any existing restriction with respect to Designated QUALCOMM Material.  The Parties and QUALCOMM acknowledge and agree that this Supplemental Protective Order is a supplement to the Protective Order entered in this action on March 21, 2016 in the United States District Court, District of Delaware, in these actions.  The Protective Order applies to all material designated pursuant to this Supplemental Protective Order.  To the extent that there is any confusion or conflict between protective orders with respect to Designated QUALCOMM Material, then this Supplemental Protective Order governs.

17.      In addition to the restrictions outlined in this Supplemental Protective Order, material designated as "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" shall be subject to obligations with respect to "HIGHLY CONFIDENTIAL - SOURCE CODE" materials outlined in the Protective Order.

18.      In addition to the restrictions outlined in this Supplemental Protective Order, material designated as "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" shall be subject to obligations with respect to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material outlined in the Protective Order.

## III.     SCOPE

19.      The protections conferred by this Supplemental Protective Order cover not only Designated QUALCOMM Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.  Nothing

herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure or any applicable local rules or General Orders.  Identification of any individual pursuant to this Supplemental Protective Order does not make that individual available for deposition, or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure or any applicable rules or General Orders.

20.     This Supplemental Protective Order shall not prevent a disclosure to which Non-Party QUALCOMM consents in writing before that disclosure takes place.

21.     This Supplemental Protective Order shall apply to all Designated QUALCOMM Material that is produced or provided for inspection in this action, including all Designated QUALCOMM Material that is in the possession, custody or control of QUALCOMM or any Party in these actions, or that is otherwise relevant to these actions.

## IV.     ACCESS TO DESIGNATED QUALCOMM MATERIAL

22.     Access to "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" Material: Unless otherwise ordered by the Court or permitted in writing by Non-Party QUALCOMM, a Receiving Party may disclose any information, document or thing designated "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" only to:

    a.      Persons who appear on the face of Designated QUALCOMM Material as an author, addressee or recipient thereof, or persons who have been designated under FRCP 30(b)(6) to provide testimony of behalf of a Producing Party or Qualcomm regarding the same;

    b.      Counsel of Record;

    c.      Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have, after the date of this

Supplemental Protective Order, signed the "Acknowledgement And Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case" attached hereto as Exhibit A, and the "Certification Of Consultant Re Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case," attached hereto as Exhibit B;

d.      Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff; who have, after the date of this Supplemental Protective Order, signed the "Acknowledgement And Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case" attached hereto as Exhibit A, and the "Certification Of Consultant Re Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case," attached hereto as Exhibit B, as well as any arbitrator's or mediator's staff who have also signed Exhibits A and B;

e.      Court reporters and videographers employed in connection with this action; and

f.      Professional Vendors to whom disclosure is reasonably necessary for this action, and a representative of which has signed the "Acknowledgement And Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case" attached hereto as Exhibit A, subject to the following exception:

Designated QUALCOMM Material shall not be disclosed to mock jurors

without Non-Party QUALCOMM's express written consent;

      g.    The Court and its personnel.

23.    Access to "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY –

CONFIDENTIAL SOURCE CODE" Material:  Unless otherwise ordered by the Court or

permitted in writing by Non-Party QUALCOMM, a Receiving Party may disclose any

information, document, or thing designated "QUALCOMM – OUTSIDE ATTORNEYS' EYES

ONLY – CONFIDENTIAL SOURCE CODE" only to:

      a.    Persons who appear on the face of Designated QUALCOMM Material as

an author, addressee or recipient thereof, or persons who have been

designated under FRCP 30(b)(6) to provide testimony of behalf of a

Producing Party or Qualcomm regarding the same;

      b.    Counsel of Record;

      c.    Outside Consultants of the Receiving Party to whom disclosure is

reasonably necessary for this litigation, and who have, after the date of this

Supplemental Protective Order, signed the "Acknowledgement And

Agreement To Be Bound By Supplemental Protective Order Governing

Confidential Information of Non-Party Qualcomm In This Case" attached

hereto as Exhibit A, and the "Certification Of Consultant Re Supplemental

Protective Order Governing Confidential Information of Non-Party

Qualcomm In This Case," attached hereto as Exhibit B;

      d.    Any designated arbitrator or mediator who is assigned to hear this matter,

or who has been selected by the Parties, and his or her staff; who have,

after the date of this Supplemental Protective Order, signed the

"Acknowledgement And Agreement To Be Bound By Supplemental

Protective Order Governing Confidential Information of Non-Party

Qualcomm In This Case" attached hereto as Exhibit A, and the

"Certification Of Consultant Re Supplemental Protective Order Governing

Confidential Information of Non-Party Qualcomm In This Case," attached

hereto as Exhibit B, as well as any arbitrator's or mediator's staff who

have also signed Exhibits A and B, provided, however, that before such

disclosure, QUALCOMM is provided notice including: (a) the

individual's name and business title; (b) business address; (c) business or

professions; and (d) the individual's CV.  QUALCOMM shall have five

(5) business days from receipt of the notice to object in writing to such

disclosure (plus three (3) extra days if notice is given other than by hand

delivery, e-mail delivery or facsimile transmission).  After the expiration

of the 5 business days (plus 3 days, if appropriate) period, if no objection

has been asserted, then "QUALCOMM – OUTSIDE ATTORNEYS'

EYES ONLY – CONFIDENTIAL SOURCE CODE" materials may be

disclosed pursuant to the terms of this Supplemental Protective Order;

e.   Court reporters and videographers employed in connection with this

action, subject to the provisions provided in subparagraph 33(g) herein;

f.   Professional Vendors to whom disclosure is reasonably necessary for this

action, and a representative of which has signed the "Acknowledgement

And Agreement To Be Bound By Supplemental Protective Order

Governing Confidential Information of Non-Party Qualcomm In This Case" attached hereto as Exhibit A, subject to the following exception: Designated QUALCOMM Material shall not be disclosed to mock jurors without Non-Party QUALCOMM's express written consent; and

g.      The Court and its personnel.

24.     Notwithstanding the Protective Order, unless otherwise ordered or agreed in writing by Non-Party QUALCOMM, Designated QUALCOMM Material may not be disclosed to employees of a Receiving Party, including its in-house attorneys and support staff.

25.     Notwithstanding the Protective Order, unless otherwise ordered or agreed in writing by Non-Party QUALCOMM, Designated QUALCOMM Material may not be disclosed to mock jurors.

26.     Notwithstanding the Protective Order, unless otherwise ordered or agreed in writing by Producing Party, Designated QUALCOMM Material may not be disclosed to any in-house counsel for the Receiving Party.

27.     The Parties acknowledge that Designated QUALCOMM Material also may be subject to the US government export control and economic sanctions laws, including the Export Administration Regulations ("EAR", 15 CFR 730 et seq., http://www.bis.doc.gov/ ) administered by the Department of Commerce, Bureau of Industry and Security, and the Foreign Asset Control Regulations (31 CFR 500 et seq., http://www.treas.gov/offices/enforcement/ofac/) administered by the Department of Treasury, Office of Foreign Assets Control ("OFAC"). Receiving Parties may not directly or indirectly export, re-export, transfer or release (collectively, "Export") any Designated QUALCOMM Material to any destination, person, entity or end use prohibited or restricted under US law without prior US government

authorization to the extent required by regulation.  The US government maintains embargoes and sanctions against the countries listed in Country Groups E:1/2 of the EAR (Supplement 1 to part 740), currently Cuba, Iran, Libya, North Korea, North Sudan and Syria but any amendments to these lists shall apply.

28.     Receiving Party may host "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" Material only on either 1) any system inside the firewall of a law firm representing the Receiving Party, or 2) inside the system of a professional ESI Vendor retained by Counsel of Record of the Receiving Party.  "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" Material also cannot be sent or transmitted to any person, location, or vendor outside of the United States except to Counsel of Record and Outside Consultants designated pursuant to subparagraphs 22(c) and 23(c) above.  To the extent that any "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" Material is transmitted from or to authorized recipients outside of the Receiving Party's Outside Counsel's office, or outside of the ESI Vendor's system, the transmission shall be by hand (and encrypted if in electronic format), by a secure transport carrier (e.g., Federal Express), or by encrypted electronic means.  "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" may not be transmitted by electronic means.

29.     Each person to whom Designated QUALCOMM Material may be disclosed, and who is required to sign the "Acknowledgement And Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case" attached hereto as Exhibit A and, if applicable, the "Certification Of Consultant Re Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case," attached hereto as Exhibit B, shall do so, prior to the time such Designated QUALCOMM

Material is disclosed to him or her.  Counsel for the Receiving Party who makes any disclosure of Designated QUALCOMM Material shall retain each original executed certificate and, upon written request, shall provide copies to counsel for Non-Party QUALCOMM at the termination of this action.

30.     Absent written permission from Non-Party QUALCOMM, persons not permitted access to Designated QUALCOMM Material under the terms of this Supplemental Protective Order shall not be present at depositions while Designated QUALCOMM Material is discussed or otherwise disclosed.  Pre-trial and trial proceedings shall be conducted in a manner, subject to the supervision of the Court, to protect Designated QUALCOMM Material from disclosure to persons not authorized to have access to such Designated QUALCOMM Material.  Any Party intending to disclose or discuss Designated QUALCOMM Material at pretrial or trial proceedings must give advance notice to the Producing Party to assure the implementation of the terms of this Supplemental Protective Order.

## V.     ACCESS BY OUTSIDE CONSULTANTS

31.     Notice.  If a Receiving Party wishes to disclose Designated QUALCOMM Material to any Outside Consultant, Receiving Party must, prior to the Outside Consultant being granted access to any Designated QUALCOMM Material, provide notice to counsel for Non-Party QUALCOMM, which notice shall include:  (a) the individual's name and business title; (b) business address; (c) business or profession; (d) the individual's CV; (e) any previous or current relationship (personal or professional) with Non-Party QUALCOMM or any of the Parties to this action; (f) a list of other cases in which the individual has testified (at trial or deposition) within the last six years; (g) a list of all companies with which the individual has consulted or by which the individual has been employed within the last four years, the dates of the consultancy or

employment, a brief description of the subject matter of the consultancy or employment, and copies of the "Acknowledgement and Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case," attached as Exhibit A, and the "Certification Of Consultant Re Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case," attached hereto as Exhibit B, that have both been signed by that Outside Consultant.

32.     Objections.  With respect to Outside Consultants that have not been previously disclosed to Non-Party QUALCOMM, Non-Party QUALCOMM shall have five (5) business days, starting from the first business day following the date upon which Receiving Party provides the notice and all information required by paragraph 31 to the Producing Party, to object for good cause in writing to such disclosure (plus three (3) extra days if notice is given in any manner other than by hand delivery, e-mail delivery or facsimile transmission).  After the expiration of the 5 business days (plus 3-days, if appropriate) period, if no objection for good cause has been asserted by Non-Party QUALCOMM, then Designated QUALCOMM Material may be disclosed to the Outside Consultant pursuant to the terms of this Supplemental Protective Order.  Any objection by Non-Party QUALCOMM must be made for good cause, and must set forth in detail the grounds on which it is based.  Should Receiving Party disagree with the basis for the objection(s), Receiving Party must first attempt to resolve the objection(s) informally with Non-Party QUALCOMM.  If the informal efforts do not resolve the dispute within five (5) business days from the date upon which Receiving Party was first notified of any objection for good cause by Non-Party QUALCOMM, Receiving Party may file a motion requesting that the objection(s) be quashed after that five (5) day period has passed.  Non-Party Qualcomm shall have the burden of proof by a preponderance of the evidence on the issue of the sufficiency of

the objection(s).  Pending a ruling by the Court upon any such objection(s), or the subsequent

resolution of the objection for good cause by Receiving Party and Non-Party QUALCOMM, the

discovery material shall not be disclosed to the person objected to by Non-Party QUALCOMM.

## VI.     PRODUCTION OF QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE MATERIAL

33.     Non-Party QUALCOMM's Source Code and Chip-Level Schematics:

a.     To the extent that a Producing Party makes Non-Party QUALCOMM's Source

Code or Chip-Level Schematics available for inspection:

(i) The Producing Party shall make all relevant and properly requested Non-Party

QUALCOMM Source Code available electronically and in text searchable form (1) if produced

by Non-Party QUALCOMM, in a separate room at a secure facility selected by Non-Party

QUALCOMM or (2) if produced by Defendants, at the offices of Counsel of Record for the

producing Defendant or at a secure facility approved by QUALCOMM.  The Producing Party

shall make the Source Code available for inspection on a stand-alone, non-networked personal

computer running a reasonably current version of the Microsoft Windows operating system

("Source Code Computer").  Alternatively, solely at the option of the Producing Party, the

Producing Party may make such source code available on a Source Code Computer that is

networked, in a configuration deemed secure by Non-Party QUALCOMM.  The Source Code

Computer shall be configured to permit review of the Source Code through a password-protected

account having read-only access.  To facilitate review of the Source Code at the secure facility,

the Receiving Party may use appropriate tool software on the Source Code Computer, which

shall be installed by the Producing Party, including at least one text editor like Visual Slick Edit

that is capable of printing out Source Code with page and/or line numbers, a source code

comparison tool like Araxis Merge, and at least one multi-text file text search tool such as

"grep."  Should it be necessary, other mutually agreed upon tools may be used. Licensed copies of other mutually agreed upon tool software shall be installed on the Source Code Computer by the Producing Party and paid for by the Receiving Party.

           (ii) The Producing Party shall make all relevant and properly requested Chip-Level Schematics available for inspection electronically on the Source Code Computer in a secure room at a secure facility selected by Non-Party QUALCOMM.  The Producing Party shall ensure that the Source Code Computer includes software sufficient to allow a user to view such electronic Chip-Level Schematics.

        b.        The Producing Party shall provide access to the Source Code Computer during the normal operating hours of the secure facility.

        c.        The Source Code Computer shall be equipped to allow printing of the Source Code and Chip-Level Schematics made available for inspection by the Producing Party.  Copies of Source Code and Chip-Level Schematics shall only be made on watermarked pre-Bates numbered paper, which shall be provided by the Producing Party.  Under no circumstances are original printouts of the Source Code or Chip-Level Schematics to be made except for directly onto the watermarked and numbered sides of the paper provided by the Producing Party. Additionally, the Receiving Party may not print any continuous block of source code that results in more than 50 consecutive printed pages, except that Authorized Reviewer(s) may request the printing of a continuous block of more than 50 pages, which request shall not be unreasonably denied by the Producing Party.  Counsel for the Producing Party will keep the original printouts, and shall provide copies of such original printouts to counsel for the Receiving Party within four (4) business days of (1) any request by the Receiving Party, or (2) otherwise being notified that such original printouts have been made or designated.  Counsel of Record for the Receiving

Party may request up to 10 copies of each original printout of Source Code or Chip-Level Schematics. No more than 10% or 500 pages of the total Source Code (not including copies of original printouts) whichever is greater, for any software release (or in the case of hardware Source Code, for any hardware product), no more than 500 pages of Chip-Level Schematics, and no continuous blocks of Source Code or Chip-Level Schematics that exceed 50 pages, may be in printed form at any one time, without the express written consent of Non-Party QUALCOMM, which shall not be unreasonably denied. All printed Source Code and Chip-Level Schematics shall be logged by Receiving Party's Counsel of Record and/or other Personnel Retained by a Receiving Party in this action as noted in subparagraph 33 (i) below. No additional electronic copies of the Source Code or Chip-Level Schematics shall be provided by the Producing Party. Hard copies of the Source Code or Chip-Level Schematics also may not be converted into an electronic document, and may not be scanned using optical character recognition ("OCR") technology. Only printouts of Source Code and Chip-Level Schematics may be made, and such printouts must include (1) directory path information and filenames from which the Source Code and Chip-Level Schematics came and (2) line numbers. The Producing Party may refuse to provide copies of Source Code and Chip-Level Schematics printouts that fail to comply with this section.

d. Authorized Reviewer(s) in this action shall not print Source Code or Chip-Level Schematics which have not been reviewed on the Source Code Computer, or in order to review the Source Code or Chip-Level Schematics elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code or Chip-Level Schematics electronically on the Source Code Computer, as the Parties and QUALCOMM acknowledge and agree that the purpose of the protections herein would be frustrated by such actions.

e.      Authorized Reviewer(s) are prohibited from bringing outside electronic devices, including but not limited to laptops, floppy drives, zip drives, or other hardware into the secure room.  Nor shall any cellular telephones, personal digital assistants (PDAs), Blackberries, cameras, voice recorders, Dictaphones, external or portable telephone jacks or other outside electronic devices be permitted inside the secure room, except for medical devices, implants, or equipment reasonably necessary for any legitimate medical reason.

f.      If any Authorized Reviewer(s) reviewing Non-Party QUALCOMM's Source Code or Chip-Level Schematics seeks to take notes, all such notes will be taken on bound (spiral or other type of permanently bound) notebooks.  No loose paper or other paper that can be used in a printer may be brought into the secure room.

g.      In the event copies of Source Code or Chip-Level Schematic printouts are used as exhibits in a deposition, additional copies may be made for the witness and outside counsel for the parties.  The printouts shall not be provided to the court reporter, except that the one copy for the witness which will be used as an exhibit can be provided to the court reporter for the purpose of marking the exhibit, and the further copies of the original QUALCOMM Source Code or Chip-Level Schematics printouts made for the deposition or trial shall be destroyed at the conclusion of the deposition or trial.  The original copies of deposition exhibits designated "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" will be maintained by the deposing party under the terms set forth in this Supplemental Protective Order.

h.      In addition to other reasonable steps to maintain the security and confidentiality of Non-Party QUALCOMM's Source Code and Chip-Level Schematics, printed copies of the Designated Source Code Material maintained by the Receiving Party must be kept in a locked

storage container when not being actively reviewed or otherwise being transferred as permitted by the Protective Order and/or this Supplemental Protective Order.

i.      The Receiving Party's Counsel of Record shall keep log(s) recording the identity of each individual beyond Counsel of Record to whom each hard copy of each Producing Party's QUALCOMM Source Code or Chip-Level Schematics is provided and when it was provided to that person in the first instance, and within thirty (30) days after the issuance of a final, non-appealable decision resolving all issues in this action, the Receiving Party must serve upon Non-Party QUALCOMM the log.  In addition, any Outside Consultants of the Receiving Party to whom the paper copies of the QUALCOMM Source Code or Chip-Level Schematics were provided must certify in writing that all copies of the QUALCOMM Source Code or Chip-Level Schematics were destroyed or returned to the counsel who provided them the information and that they will make no use of the Source Code or Chip-Level Schematics, or of any knowledge gained from the source code in any future endeavor.

j.      A Receiving Party may make copies of excerpts of no more than 5 lines of Designated Source Code Material for the sole purpose of providing these excerpts in a pleading, exhibit, expert report, discovery document, or other Court document filed with the Court under seal in accordance with the Court's rules, procedures and orders (or drafts thereof) and should designate each such document QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE.  Longer excerpts shall not be copied for use in court documents but shall be referred to by citation to production page numbers and lines.  A Receiving Party shall provide notice to Producing Party or its counsel for each occasion on which it submits portions of Designated Source Code Material in a pleading or other Court document.  In the event copies of Source Code or Chip-Level Schematics printouts are used as exhibits in a deposition, the printouts shall not be provided to the court reporter, and the further

copies of the original Source Code or Chip-Level Schematics printouts made for the deposition or trial shall be destroyed at the conclusion of the deposition or trial.

## VII. PROCEDURE FOR DESIGNATING MATERIALS

34.    Subject to the limitations set forth in the Protective Order and in this Supplemental Protective Order, any Party or Non-Party QUALCOMM may:  designate as "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" or information that it believes, in good faith, meets the definition set forth in paragraph 2 above; and designate as "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" information that it believes, in good faith, meets the definition set forth in paragraph 5 above.

35.    Except as provided above in paragraph 33 with respect to "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" Material, any material, including (including physical objects) made available by Non-Party QUALCOMM for initial inspection by counsel for the Receiving Party prior to producing copies of selected items shall initially be considered, as a whole, to constitute "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" information, and shall be subject to this Order.  Thereafter, Non-Party QUALCOMM shall have seven (7) calendar days from the inspection to review and designate the appropriate documents as "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" prior to furnishing copies to the Receiving Party.

36.    Designation in conformity with the Protective Order and this Supplemental Protective Order shall be made as follows:

a.    For information in documentary (including "electronically stored information") form (apart from transcripts of depositions or other pretrial or trial proceedings):  the Designating Party shall affix the legend "QUALCOMM –

OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" conspicuously on each page that contains Protected Material.

A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the Receiving Party has indicated which material it would like copied or produced. Before and during the inspection, all material made available for inspection shall be deemed "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY." After the Receiving Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order and, before producing the specified documents, the Producing Party must affix the appropriate legend to each page that contains Designated QUALCOMM Material.

b.      For Testimony Given in Deposition: For deposition transcripts, the Designating Party shall specify any portions of the testimony that it wishes to designate, by line and page number, no later than 20 business days after the final transcript of the deposition has been received. The Party or Non-Party may identify the entirety of the transcript as "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE," but all deposition transcripts not designated during the deposition will nonetheless be treated as "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE,"

until the time within which it may be appropriately designated as provided for herein has passed.  Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Supplemental Protective Order and the Protective Order in these actions, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases the court reporter shall be informed of this Supplemental Protective Order and shall be required to operate in a manner consistent with this Supplemental Protective Order.  Transcript pages containing Designated Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" and/or "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE."  An encrypted, password protected copy of deposition transcripts containing Designated Qualcomm Material made pursuant to this paragraph may be hosted electronically by the Receiving Party on any system inside the firewall of a law firm representing the Receiving Party, however, all other restrictions in this Supplemental Protective Order pertaining to Designated Source Code Material apply.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Supplemental Protective Order and the Protective Order, substantially along the lines of "This videotape contains confidential or outside counsel eyes only confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative protective

orders in this matter or pursuant to written stipulation of the parties."  Counsel for

any Designating Party shall have the right to exclude from oral depositions, other

than the deponent, deponent's counsel, and the reporter and videographer (if any),

any person who is not authorized by the Protective Orders in this action to receive

or access Protected Material based on the designation of such Protected Material.

c.       For information produced in some form other than documentary, and for

any other tangible items, the Designating Party shall affix, in a prominent place

on the exterior of the medium, container or containers in which the information or

item is stored, the appropriate legend.

d.       The provisions of subparagraphs 36(a-c) do not apply to documents

produced in native format.  For documents produced in native format, the parties

shall provide written notice to the Receiving Party of any confidentiality

designations at the time of production.

## VIII.   USE OF DESIGNATED QUALCOMM MATERIAL

37.     Use of Designated QUALCOMM Material By Receiving Party:  Unless otherwise

ordered by the Court, or agreed to in writing by Non-Party QUALCOMM, all Designated

QUALCOMM Material, and all information derived therefrom, shall be used by the Receiving

Party only for purposes of this action, and shall not be used in any other way, or for any other

purpose, including the acquisition, preparation or prosecution before the Patent office of any

patent, patent application, for drafting or revising patent claims, or in connection with patent

licensing or product development work directly or indirectly intended for commercial purposes

related to the particular technologies or information disclosed in the Designated QUALCOMM

Material.  Information contained or reflected in Designated QUALCOMM Material shall not be

disclosed in conversations, presentations by parties or counsel, in court or in other settings that might reveal Designated QUALCOMM Material, except in accordance with the terms of the Protective Order or this Supplemental Protective Order.

38.     Use of Designated QUALCOMM Material by Non-Party QUALCOMM: Nothing in this Supplemental Protective Order shall limit Non-Party QUALCOMM's use of its own documents and information, nor shall it prevent Non-Party QUALCOMM from disclosing its own confidential information, documents or things to any person.  Such disclosure shall not affect any designations made pursuant to the terms of this Supplemental Protective Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

39.     Use of Designated QUALCOMM Material at Deposition:  Non-Party QUALCOMM shall, on request prior to the deposition, make a searchable electronic copy of the QUALCOMM Source Code available on a stand-alone computer connected to a printer during depositions of QUALCOMM personnel otherwise permitted access to such Source Code.  To the extent required, the party conducting the deposition may print additional pages of Source Code printouts to be marked as exhibits at such depositions consistent with other provisions and limitations of the Protective Order and this Supplemental Protective Order.  Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial, and may testify concerning all Designated QUALCOMM Material of which such person has prior knowledge.

40.     Use of Designated QUALCOMM Material in Court Filings: Except as necessary for expert reports and pleadings under seal, and subject to 33(j) above, absent express written permission from the Non-Party Qualcomm, the Receiving Party may not create electronic

images, or any other images, or make electronic copies, of the Source Code or Chip-Level

Schematics from any paper copy of Source Code or Chip-Level Schematics for use in any

manner (including by way of example only, the Receiving Party may not scan the Source Code

to a PDF or photograph the code). Images or copies of Source Code or Chip-Level Schematics

shall not be included in correspondence between the Parties or between the Parties and Non-

Party Qualcomm (references to production numbers shall be used instead), and shall be omitted

from pleadings and other papers whenever possible. If a Receiving Party reasonably believes that

it needs to submit a portion of Source Code or Chip-Level Schematics as part of a filing with the

Court, the Party and Non-Party Qualcomm shall meet and confer as to how to make such a filing

while protecting the confidentiality of the Source Code or Chip-Level Schematics and such

Source Code or Chip-Level Schematics will not be filed absent agreement from Non-Party

Qualcomm that the confidentiality protections will be adequate, and this provision may be

modified by further agreement by the Parties and Non-Party Qualcomm or the Court. If Non-

Party Qualcomm provides written permission to the Receiving Party that an electronic or any

other copy needs to be made for a Court filing, access to the Receiving Party's submission,

communication, and/or disclosure of electronic files or other materials containing any portion of

Source Code or Chip-Level Schematics (paper or electronic) shall at all times be limited solely to

individuals who are expressly authorized to view Source Code or Chip-Level Schematics under

the provisions of this Order. Where Non-Party Qualcomm has provided the express written

permission required under this provision for a Receiving Party to create electronic copies of

Source Code or Chip-Level Schematics, the Receiving Party shall maintain a log of all such

electronic copies of any portion of Source Code or Chip-Level Schematics in its possession or in

the possession of its retained consultants, including the names of the reviewers and/or recipients

of any such electronic copies, and the locations and manner in which the electronic copies are stored. Additionally, any such electronic copies must be labeled "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" as provided for in this Order.

40.     Use of Designated QUALCOMM Material at Hearing or Trial:  The parties will give Non-Party QUALCOMM prior notice of, and an opportunity to object to, any intended use of the Designated QUALCOMM Material at any hearing or trial in this case.  Said notice shall (a) be served by facsimile or email on counsel for Non-Party QUALCOMM at least five (5) business days prior to the hearing or first day of trial, (2) identify the Designated QUALCOMM Material with specificity while redacting any other Party's Confidential Business Information and (3) identify the measures the party intends to rely upon to protect the Designated QUALCOMM Material when used at any hearing or trial consistent with this Supplemental Protective Order.  This section shall not limit in any way the use of Designated QUALCOMM Material during the cross-examination of any witness otherwise permitted access to such Designated QUALCOMM Material, as long as the parties take all necessary steps to protect and maintain the confidentiality of any such Designated QUALCOMM Material.

## IX.     PROSECUTION AND DEVELOPMENT BAR

41.     Unless otherwise permitted in writing between Producing Party and Receiving Party, any individual who personally receives, other than on behalf of Producing Party, any material designated "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" shall not participate in amending or drafting patent specifications or claims before a Patent Office of any patent or patent application related to the information disclosed in the

Designated QUALCOMM Material, from the time of receipt of such material through the date

the individual person(s) cease to have access to materials designated "QUALCOMM –

OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM – OUTSIDE ATTORNEYS'

EYES ONLY – CONFIDENTIAL SOURCE CODE," as well as any materials that contain or

disclose Designated QUALCOMM Material.  This provision shall not apply to post-grant

proceedings, including without limitation reexamination or opposition proceedings filed in

relation to the patents-in-suit or foreign counterparts.

42.     Unless otherwise permitted in writing between Non-Party QUALCOMM and

Receiving Party, any Outside Consultant retained on behalf of Receiving Party who is to be

given access to Non-Party QUALCOMM's documents, Source Code, or Chip-Level Schematics

designated as "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM –

OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" must agree in

writing, using the form in Exhibit B, not to perform hardware or software development work or

product development work directly or indirectly intended for commercial purposes related to the

information disclosed in the Designated QUALCOMM Material, which is not publicly known,

from the time of first receipt of such material through the date the expert consultant ceases to

have access to any material designated "QUALCOMM – OUTSIDE ATTORNEYS' EYES

ONLY" or "QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL

SOURCE CODE," as well as any materials that contain or disclose Designated QUALCOMM

Material.

## X.     DESIGNATED QUALCOMM MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

43.     If a Receiving Party is served with a subpoena or a court order that would compel

disclosure of any information, documents or things designated in this action as "QUALCOMM –

OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM –OUTSIDE ATTORNEYS'
EYES ONLY – CONFIDENTIAL SOURCE CODE," Receiving Party must notify the
Producing Party and Non-Party QUALCOMM of such information, documents or things, in
writing (by fax and email) promptly, and in no event more than ten (10) calendar days after
receiving the subpoena or order.  Such notification must include a copy of the subpoena or order.
Receiving Party also must immediately inform, in writing, the party who caused the subpoena or
order to issue that some or all of the material covered by the subpoena or order is subject to this
Supplemental Protective Order and the Protective Order.  In addition, the Receiving Party must
provide a copy of this Supplemental Protective Order and the Protective Order promptly to the
party in the other action that caused the subpoena or order to issue.  The purpose of imposing
these duties is to alert the interested parties to the existence of this Supplemental Protective
Order and the Protective Order, and to afford the Party whose Designated QUALCOMM
Material in this case, is at issue in the other case, an opportunity to try to protect its
confidentiality interests in the court from which the subpoena or order issued.  Producing Party
shall bear the burdens and the expenses of seeking protection in that court of its Designated
QUALCOMM Material.  Nothing in these provisions should be construed as authorizing or
encouraging any Receiving Party in this action to disobey a lawful directive from another court.

## XI.    UNAUTHORIZED DISCLOSURE OF DESIGNATED QUALCOMM MATERIAL

44.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
Designated QUALCOMM Material to any person or in any circumstance not authorized under
this Order, the Receiving Party must immediately (a) notify in writing Producing Party and Non-
Party QUALCOMM of the unauthorized disclosures, (b) use its best efforts to retrieve all copies
of the Designated QUALCOMM Material, (c) inform the person or persons to whom

unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound By Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case" that is attached hereto as Exhibit A.  Nothing in these provisions should be construed as limiting any Producing Party's rights to seek remedies for a violation of this Supplemental Protective Order.

## XII.    DURATION

45.    Even after the termination of this action, the confidentiality obligations imposed by this Supplemental Protective Order shall remain in effect following the termination of this action, or until Non-Party QUALCOMM agrees otherwise in writing or a court order otherwise directs.

## XIII.   FINAL DISPOSITION

46.    Unless otherwise ordered or agreed in writing by Producing Party, within sixty (60) days of the termination of all of this action, whether through settlement or final judgment (including any and all appeals therefrom), each Receiving Party, including Outside Counsel for each Receiving Party, will destroy all Designated QUALCOMM Material produced by Non-Party QUALCOMM or any other Party in this action and will destroy or redact any such Designated QUALCOMM Material included in work product, pleadings, motion papers, legal memoranda, correspondence, trial transcripts and trial exhibits admitted into evidence ("derivations") and all copies thereof, with the exception of copies stored on back-up tapes or other disaster recovery media.  Within sixty (60) days of the date of settlement or final judgment, each Receiving Party shall serve Non-Party QUALCOMM with a certification stating that it, including its Outside Counsel, has complied with its obligations under this paragraph.  With

respect to any copy of Designated QUALCOMM Material or derivation thereof that remains on

back-up tapes and other disaster storage media of an Authorized Reviewer(s), neither the

Authorized Reviewer(s) nor its consultants, experts, counsel or other party acting on its behalf

shall make copies of any such information available to any person for any purpose other than

backup or disaster recovery unless compelled by law and, in that event, only after thirty (30)

days prior notice to Producing Party or such shorter period as required by court order, subpoena,

or applicable law.

## XIV.   NOTICE

47.      To the extent that notice is required to be made to Non-Party QUALCOMM in

this Amended Supplemental Protective Order, the notice shall be provided in at least an e-mail

communication to Non-Party QUALCOMM's outside counsel at Morgan Franich Fredkin

Siamas  Kays LLP.  Non-Party QUALCOMM may change its notices information at any time by

giving written notice to the Parties' respective counsel of record in each respective case

identified in the caption.

Dated: September 29, 2016

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300 (Telephone)
(302) 777-0301 (Facsimile)
bfarnan@farnanlaw.com

*Counsel for Plaintiff*
*Evolved Wireless, LLC*

Respectfully submitted,

PHILLIPS GOLDMAN McLAUGHLIN &
HALL, P.A.

*/s/ John C. Phillips, Jr.*
John C. Phillips, Jr. (No. 110)
David A. Bilson (No. 4986)
1200 North Broom Street
Wilmington, Delaware 19806
(302) 655-4200
jcp@pgmhlaw.com
dab@pgmhlaw.com

*Counsel for Plaintiff*
*Evolved Wireless, LLC*

POTTER ANDERSON & CORROON LLP

/s/ Bindu A. Palapura
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Defendants Apple, Inc., Lenovo Group Ltd., Lenovo (United States) Inc. and Motorola Mobility LLC*

SHAW KELLER LLP

/s/ Andrew E. Russell
John W. Shaw (#3362)
Karen E. Keller (#4489)
Andrew E. Russell (#5382)
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com

*Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Rodger D. Smith II
Rodger D. Smith II (#3778)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
rsmith@mnat.com

POTTER ANDERSON & CORROON LLP

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

*Attorneys for Defendants HTC Corporation and HTC America, Inc.*

Richards, Layton & Finger, P.A.

/s/ Kelly E. Farnan
Kelly E. Farnan (#4395)
Travis S. Hunter (#5350)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
farnan@rlf.com
hunter@rlf.com

*Attorneys for Defendant ZTE (USA) Inc.*

jtigan@mnat.com

*Counsel for Microsoft Corporation, Microsoft*
*Mobile Oy, and Microsoft Mobile Inc. (f/k/a*
*Nokia Inc.)*

IT IS SO ORDERED, this _____ day of _____ 2016.

_____
The Honorable Sherry R. Fallon

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY SUPPLEMENTAL PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION OF NON-PARTY QUALCOMM IN THIS CASE**

I, _____ [print or type full name], state:  My

business address is _____;

     1.      My present employer is _____;

     2.      My present occupation or job description is _____;

     3.      I have been informed of and have reviewed the Supplemental Protective Order

Governing Discovery from Non-Party QUALCOMM in this case (the "Supplemental Protective

Order") entered in this case, and understand and agree to abide by its terms. I agree to keep

confidential all information provided to me in the matters of Evolved Wireless, LLC v. Apple,

Inc., C.A. No. 15-542-SLR-SRF; HTC Corporation, et al., C.A. No. 15-543-SLR-SRF; Lenovo

Group LTD, et al., C.A. No. 15-544-SLR-SRF; Samsung Electronics Co., LTD., et al., C.A. No.

15-545-SLR-SRF; ZTE (USA) Inc., C.A. No. 15-546-SLR-SRF; and Microsoft Corp., et al.,

C.A. No. 15-547-SLR-SRF in the United States District Court, District of Delaware in

accordance with the restrictions in the Supplemental Protective Order, and to be subject to the

authority of that Court in the event of any violation or dispute related to the Supplemental

Protective Order.

     4.      I state under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.

                                           _____

                                           [Signature]

Executed On_____          _____

                                         [Printed Name]

**EXHIBIT B**

**CERTIFICATION OF CONSULTANT RE SUPPLEMENTAL PROTECTIVE ORDER
GOVERNING CONFIDENTIAL INFORMATION OF NON-PARTY QUALCOMM IN
THIS CASE**

I, _____ [print or type full name], of

_____ am not an employee of the Party who retained

me or of a competitor of any Party or Non-Party QUALCOMM and will not use any

information, documents, or things that are subject to the Supplemental Protective Order

Governing Discovery From Non-Party QUALCOMM in Evolved Wireless, LLC v. Apple, Inc.,

C.A. No. 15-542-SLR-SRF; HTC Corporation, et al., C.A. No. 15-543-SLR-SRF; Lenovo Group

LTD, et al., C.A. No. 15-544-SLR-SRF; Samsung Electronics Co., LTD., et al., C.A. No. 15-

545-SLR-SRF; ZTE (USA) Inc., C.A. No. 15-546-SLR-SRF; and Microsoft Corp., et al., C.A.

No. 15-547-SLR-SRF in the United States District Court, District of Delaware, for any purpose

other than this litigation.  I agree not to perform hardware or software development work or

product development work intended for commercial purposes related to the information

disclosed in the Designated QUALCOMM Material, from the time of receipt of such material

through and including the date that I cease to have access to any material designated

"QUALCOMM – OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM – OUTSIDE

ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE."

I state under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.


_____
[Signature]


Executed On_____          _____
                                    [Printed Name]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EVOLVED WIRELESS, LLC,              )
                                    )
                Plaintiff,          )
                                    )
        v.                          )        Civil Action No. 15-543-JFB-SRF
                                    )
HTC CORPORATION and                 )
HTC AMERICA, INC.,                  )
                                    )
                Defendants.         )
_____

EVOLVED WIRELESS, LLC,              )
                                    )
                Plaintiff,          )
                                    )
        v.                          )        Civil Action No. 15-544-JFB-SRF
                                    )
LENOVO GROUP LTD., LENOVO           )
(UNITED STATES) INC., and           )
MOTOROLA MOBILITY,                  )
                                    )
                Defendants.         )
_____

EVOLVED WIRELESS, LLC,              )
                                    )
                Plaintiff,          )
                                    )
        v.                          )        Civil Action No. 15-545-JFB-SRF
                                    )
SAMSUNG ELECTRONICS CO., LTD.       )
and SAMSUNG ELECTRONICS             )
AMERICA, INC.                       )
                                    )
                Defendants.         )
_____ )

EVOLVED WIRELESS, LLC,                    )
                                          )
                    Plaintiff,            )
                                          )
          v.                              )          Civil Action No. 15-546-JFB-SRF
                                          )
ZTE (USA) INC.,                           )
                                          )
                    Defendant.            )
_____  )

EVOLVED WIRELESS, LLC,                    )
                                          )
                    Plaintiff,            )
                                          )
          v.                              )          Civil Action No. 15-547-JFB-SRF
                                          )
MICROSOFT CORPORATION,                    )
MICROSOFT MOBILE OY and                   )
NOKIA INC.,                               )                   SEALED
                                          )
                    Defendants.           )

## JUDGMENT

Pursuant to the Memorandum and Order entered this date,

1.      Judgment is entered in favor of Defendants HTC Corporation and HTC America, Inc. and against plaintiff Evolved Wireless, LLC in Civil Action No. in 1:15-cv-543 and that action is dismissed.

2.      Judgment is entered in favor of Defendants Lenovo Corp. and Motorola Mobility, LLC and against plaintiff Evolved Wireless, LLC with respect to claims against products that contain Qualcomm baseband chipsets in Civil Action No. in 1:15-cv-544; claims involving those chipsets in Civil Action No. in 1:15-cv-544 are dismissed; claims involving other baseband chipsets in Civil Action No. in 1:15-cv-544 are stayed pending resolution of the appeal in *Evolved Wireless LLC v. Apple Inc.*, No. 1:15-cv-542.

3.    Judgment is entered in favor of Defendants Samsung Elecs. Co., and Samsung Electronics America, Inc. and against plaintiff Evolved Wireless, LLC, with respect to claims against products that contain Qualcomm baseband chipsets in Civil Action No. in 1:15-cv545; claims involving those chipsets in Civil Action No. in 1:15-cv-545 are dismissed; claims involving other baseband chipsets in Civil Action No. in 1:15-cv-545 are stayed pending resolution of the appeal in *Evolved Wireless LLC v. Apple Inc.*, No. 1:15-cv-545.

4.    Judgment is entered in favor of Defendants ZTE (USA) Inc. and against plaintiff Evolved Wireless, LLC in Civil Action No. in 1:15-cv-546 and that action is dismissed.

5.    Judgment is entered in favor of Defendants Microsoft Corp., Microsoft Mobile OY and Nokia Inc. and against plaintiff Evolved Wireless, LLC in Civil Action No. in 1:15-cv-547 and that action is dismissed.

DATED this 3rd day of December, 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-544-JFB-SRF |
| | ) | |
| MOTOROLA MOBILITY, | ) | |
| | ) | |
| Defendant. | ) | |

**AMENDED JUDGMENT**

Pursuant to the Memorandum and Order entered on December 3, 2019 (D.I. 399), the Judgment dated December 3, 2019, in this action (D.I. 400) is modified as follows:

2.    Judgment is entered in favor of Defendant Motorola Mobility, LLC and against plaintiff Evolved Wireless, LLC in Civil Action No. in 1:15-cv-544 and that action is dismissed.

DATED this 30th day of December, 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

Case: 20-1335   Document: 69   Page: 92   Filed: 09/03/2020

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-545-JFB-SRF |
| | ) | |
| SAMSUNG ELECTRONICS CO., LTD., | ) | **JUDGMENT** |
| AND SAMSUNG ELECTRONICS | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Evolved Wireless, LLC ("Plaintiff" or "Evolved") and Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Defendants" or "Samsung") have stipulated that the Accused Samsung Products in this case that do not incorporate Qualcomm baseband processors (collectively, "Removed Samsung Products") are withdrawn from this case without prejudice (D.I. 490).  The parties agree that the withdrawal without prejudice of the Removed Samsung Products resolves all remaining "claims involving other baseband chipsets in Civil Action No. in 1:15-cv-545" as referred to in the Court's December 3, 2019 Judgment (D.I. 483).

Therefore, pursuant to the parties' stipulation (D.I. 490),

IT IS ORDERED:

1.     Final judgment is entered in favor of Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. and against plaintiff Evolved Wireless, LLC in Civil Action No. in 1:15-cv-545 and that action is dismissed.

DATED this 7th day of January, 2020.

BY THE COURT:

s/ Joseph F. Bataillon

Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil Action No. 15-543-JFB-SRF |
| | ) | |
| HTC CORPORATION and | ) | |
| HTC AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil Action No. 15-544-JFB-SRF |
| | ) | |
| LENOVO GROUP LTD., LENOVO | ) | |
| (UNITED STATES) INC., and | ) | |
| MOTOROLA MOBILITY, | ) | |
| | ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil Action No. 15-545-JFB-SRF |
| | ) | |
| SAMSUNG ELECTRONICS CO., LTD. | ) | |
| and SAMSUNG ELECTRONICS | ) | |
| AMERICA, INC. | ) | |
| | ) | |
| Defendants. | ) | |

_____ )

1

EVOLVED WIRELESS, LLC,   )
             )
        Plaintiff,   )
             )
    V.   )   Civil Action No. 15-546-JFB-SRF
             )
ZTE (USA) INC.,   )
             )
        Defendant.   )
_____ )

EVOLVED WIRELESS, LLC,   )
             )
        Plaintiff,   )
             )
    V.   )   Civil Action No. 15-547-JFB-SRF
             )
MICROSOFT CORPORATION,   )
MICROSOFT MOBILE OY and   )
NOKIA INC.,   )   SEALED
             )
        Defendants.   )

MEMORANDUM and ORDER

This matter is before the Court on the parties' stipulation to stay (D.I. 477 in *Evolved Wireless, LLC ("Evolved") v. Samsung Elecs. Co., Samsung Elecs. Am., Inc.* ("*Samsung*"), No. 1:15cv545),[1] and on reconsideration of the Court's earlier decision (D.I. 447 in *Samsung*, No. 1:15CV545) to defer determination of the parties' cross-motions for summary judgment based on a license or patent exhaustion and the plaintiff's motion for

---

[1] For ease of reference, the Court will refer only to pleadings in *Evolved v. Samsung*, No. 1:15cv545, although there are corresponding similar, if not identical, motions and briefs in the other actions. Future references to the record will be to filings in the *Samsung* case, unless otherwise noted.

2

summary judgment on the defendants' counterclaim for breach of contract.  D.I. 224 and 226[2].  The Court held oral argument on the matter on September 13, 2019.  D.I. 481.

These are related actions for patent infringement.  Evolved alleges infringement of certain claims of United States Patent Nos. 7,809,373 ("the '373 patent") and 7,881,236 ("the '236 Patent").  Only the '373 patent is at issue in these motions and is directed to wireless communications.  The '373 patent purportedly relates to the handover of a mobile device from one cell tower base station to another cell tower base station in a cellular network.  D.I. 1, Complaint at 10.  The defendants have asserted license and patent exhaustion as an affirmative defense and they also assert a counterclaim for an alleged breach of Evolved's contractual duty to grant licenses on fair, reasonable and nondiscriminatory ("FRAND") terms.[3]  D.I. 68, Answer and Counterclaim at  20, 24.

I.    BACKGROUND

A.    Procedural History

Earlier in these actions, the Court deferred ruling on the parties' cross-motions motions for summary judgment based on a license agreement and a covenant not to sue and denied the plaintiff's motion for summary judgment on the defendants' counterclaim for breach of contract.  D.I. 447, Memorandum and Order.   Noting that the record

---

[2] Evolved's corresponding motions for summary judgment in the related cases are: D.I. 205 in *Evolved v. HTC Corp. and HTC America, Inc.* ("*HTC*"), 1:15cv543; D.I. 184 in *Evolved v. Lenovo Corp. and Motorola Mobility, LLC* ("*Motorola*"), 1:15cv544; D.I. 197 in *Evolved v. ZTE (USA) Corp.* ("*ZTE*"), 1:15cv546; and D.I. 197 in *Evolved v. Microsoft Corp.* ("*Microsoft*"), 1:15cv547, and the defendants' corresponding summary judgment motions in the related cases are D.I. 205 in *HTC*, 1:15cv543; D.I. 184 in *Motorola*, 1:15cv544; D.I. 224 in *Samsung*, 1:15cv545; D.I. 197 in *ZTE*, 1:15cv546; and D.I. 197 in *Microsoft*, 1:15cv547.  The parties' Stipulation to Stay Proceedings Pending Resolution of Appeals (D.I. 432 in 1:15cv543; D.I. 394 in 1:15cv544;  D.I. 477 in 1:15cv545; and D.I. 397 in 1:15cv546; D.I. 415 in 1:15cv547). The Court's ruling applies with equal force to those motions in the related cases.

[3] The breach of contract counterclaim is based on obligations imposed on members of Standard Setting Organizations to license standard essential patents.

contained only heavily redacted copies of the Licensing Agreement and amendments, the Court found it had no competent evidence as to either parties' position. *Id.* at 20. Because the defendants' motions involved contract interpretation and an equitable remedy—issues of law—the Court stated it would conduct a bench trial on the issue following the jury trials on infringement and invalidity issues. *Id.* The Court also found "[t]he real significance of a FRAND obligation is as a measure of damages for infringement of a "standard essential patents" ("SEPs") patent" and it "determines the reasonableness of a royalty or license[.]" (*Id.* at 16-17). The Court found the breach of FRAND counterclaim "comes into play only on a finding of infringement, and then only if the plaintiff's demand exceeds the amount the jury determines is the reasonable royalty as measured by the FRAND." *Id.* at 17. The breach of FRAND issue is connected to the license/patent exhaustion defense that involves a license agreement between Evolved's predecessor, LGE, and Qualcomm, Inc. ("Qualcomm"), the supplier of a component of the defendants' accused products.

The related case of *Evolved Wireless, LLC v. Apple, Inc. ("Apple")*, No. 1:15cv542, was tried to a jury from March 26, 2019 to April 4, 2019, and resulted in a finding of no infringement and a verdict in favor of Apple (D.I. 519 in *Apple*, 1:15cv542[4]). That action is now on appeal to the Federal Circuit Court of Appeals. D.I. 549 in *Apple*, 1:15cv542, Notice of Appeal, Appeals Court Case No. 19-2362. The parties have moved to stay the present actions pending that appeal. D.I. 477 in 1:15CV545. It appears appropriate to consider the issues that were held in abeyance at this time. To the extent that there

---

[4] The Court dismissed Apple's defenses of license and patent exhaustion without prejudice to reassertion (D.I. 541).

4

remain issues that are not resolved in this Memorandum and Order, the Court finds the motion to stay should be granted.

The issue for resolution is whether downstream manufacturers are protected from this infringement suit by a licensing agreement executed by LG Electronics, Inc. ("LGE"), the original patent owner, and Qualcomm LLC, a chip maker. The defendants contend that the licensing agreement bars infringement claims with respect to the defendants' accused products that incorporate the Qualcomm chipsets. They also assert that, even without the Agreement, the infringement actions are barred by the doctrine of patent exhaustion.

B.    Additional Discovery

A threshold issue is whether further discovery is necessary before the Court can resolve the licensing issue. The record shows Evolved is a successor to TQ Lambda, LLC ("TQ Lambda"). TQ Lambda purchased the '373 Patent from LGE in 2014. In support of their motions, the defendants have submitted heavily redacted copies of a series of contracts executed between LGE and Qualcomm from 1993 to 2010. D.I. 227, Declaration of Michael D. Jay ("Jay Decl."), Exhibits ("Exs.") A-O. The contract between LGE and TQ Lambda is also in evidence. D.I. 227, Jay Decl., Ex. J, Patent Purchase Agreement ("PPA"). At the hearing, the parties each conceded that the terms of the contracts and licensing agreements at issue are not ambiguous, the contracts could interpret without resort to parol evidence, and the motions could be decided as a matter of law from review from the text of the contracts at issue. D.I. 481, Transcript ("Tr.") at 37, 42, 70, 80[5].

_____

[5] Evolved qualified its concession with the proviso that, if the court were to consider Qualcomm evidence on the issue, it reserved the right to conduct discovery with respect to LGE. The Court did not consider the

As noted, the documents submitted to the Court in support of the motions are heavily redacted.  The parties have now assured the Court that redacted portions of the Agreements would not affect the determination of this issue.  D.I. 448, Tr. at 59.  The record shows that Qualcomm produced the redacted documents to both parties at the defendants' request.[6]  *Id.* at 58-59.  The documents were authenticated by a Qualcomm representative.  *Id.* at 60.  The defendants are satisfied that the unredacted portions of the agreements are complete as they are relevant to this case.  *Id.* at 59.  Counsel for Evolved stated at the hearing that its predecessor purchased the patents at issue without being provided unredacted copies of the Agreement but were assured by LGE that redacted portions would not affect the purchaser's rights.  *Id.* at 43-50; D.I. 349-1, Deposition of Mark Roche at 124.  Counsel stated that it was his understanding that the documents filed in these actions in support of the defendants' motions are largely consistent with the documents provided by LGE to Evolved's predecessor, TQ Lambda. *Id.* at 15.  The Court is satisfied that the documents, as redacted, represent what TQ Lambda bought when it purchased the patent portfolio from LGE.  The terms of the contracts at issue are not ambiguous.  The Court finds that no further discovery is necessary and the defendants' motions are ripe for consideration at this time.

---

Qualcomm testimony, nor did it consider Declaration of Younghan Song, which had been the object of a motion to strike by the defendants (D.I. 365).

[6] The license agreements have been the subject of much dispute in discovery.  In February 2018, United States Magistrate Judge Fallon denied Evolved's request to seek discovery from LGE, finding that even though Evolved knew of the 1993 SULA Agreement, it did not "disclose the existence of the 1993 Agreement to defendants during fact discovery, despite knowing that defendants pursued discovery regarding the Qualcomm-LGE license agreements for month since at least March 2016."  D.I.356 in Apple, No. 1:15cv542.

C.      Technological Background Generally

Some background facts are gleaned from recent litigation involving Qualcomm. *See Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2019 WL 2206013, at *3 (N.D. Cal. May 21, 2019)* ("*FTC*");[7] *In re Qualcomm Antitrust Litig.*, No. 17-MD-02773-LHK, 2018 WL 4114098, at *1 (N.D. Cal. Aug. 29, 2018);[8] and *Apple Inc. v. Qualcomm Inc.*, No. 3:17-cv-00108-GPC-MDD, 2017 WL 3966944, at *1-3 (S.D. Cal. September 7, 2017).  Those cases provide insight into Qualcomm's licensing and marketing practices.  The Court also relies on representations by counsel at oral argument, and on the Court's familiarity with evidence and testimony in the trial of the related case, *Apple*.  The background facts are intended only to provide context for the Court's decision.

Cellular communications depend on widely distributed networks that implement cellular communications standards that have evolved over four "generations."  First-generation cellular communications standards were developed in the 1980s and those standards support analog transmissions of voice calls.  Second-generation ("2G") cellular communications were developed in the early 1990s and those standards support digital transmissions of voice calls.  The leading 2G standards are the Global System for Mobile

---

[7] In that case, the Federal Trade Commission alleged that Qualcomm violated anti-trust laws, in part, by conditioning the supply of its modem chips (or semiconductor baseband processors) on the purchase of its patents and by requiring anticompetitive exclusive dealing contracts.  *FTC v. Qualcomm*, No. 17-CV-00220-LHK, 2019 WL 2206013, at *25-27.  An important factor in the finding of anticompetitive behavior was Qualcomm's refusal to supply smart phone makers with its chipsets unless the original equipment manufacturers cross-licensed their own SEPs to Qualcomm.  *Id.* at *4, *7, *26; *see also Fed. Trade Comm'n v. Qualcomm Inc.*, 935 F.3d 752, 755 (9th Cir. 2019) (granting motion to stay pending appeal).

[8] In a class action anti-trust suit by purchasers of cellphone handsets, the district court noted that although Qualcomm is required to license its cellular SEPs on FRAND terms to both original equipment manufacturers competing chip suppliers, Qualcomm's practice was to refuse to license its cellular SEPs to competing modem chip manufacturers.  *See In re Qualcomm Antitrust Litig.*, 328 F.R.D. 280, 288 (N.D. Cal. 2018).

7

Communications standard ("GSM") and second-generation Code Division Multiple Access standard ("2G-CDMA").

In the late 1990s, third-generation ("3G") cellular communications standards were introduced. The leading 3G standards are the Universal Mobile Telecommunications System ("UMTS") and third-generation Code Division Multiple Access ("3G-CDMA") standards. In late 2009, fourth-generation ("4G") cellular communications standards were introduced. These standards support substantially higher data-transmission speeds than 3G standards. 4G is an upgrade to 3G/UTMS/wideband CDMA ("WCDMA"). *Stern*, 19 Minn. J.L. Sci. & Tech. at 128. The leading 4G standard is Long-Term Evolution ("LTE"). Orthogonal frequency division multiple access ("OFDMA") is a technology used in the LTE standard. *See generally* Richard H. Stern, *Who Should Own the Benefits of Standardization and the Value It Creates?*, 19 Minn. J.L. Sci. & Tech. 107, 127-30 (2018) ("Stern"). The first generation of LTE was standardized in 2008, but there have been several new LTE releases as standards contributors develop new features. *FTC*, No. 17-CV-00220-LHK, 2019 WL 2206013, at *3.

Cellular communications standards, such as CDMA and LTE standards, are adopted by Standards Setting Organizations. Standards Setting Organizations that adopt cellular telecommunications standards include the Institute of Electrical and Electronics Engineers ("IEEE") in the U.S., the European Telecommunication Standards Institute ("ETSI"), the Telecommunications Industry Association, and the International Telecommunications Union. The specifications ensure that cellular industry participants—including modem chip suppliers, handset original equipment manufacturers, infrastructure companies, and carriers—develop standard-compatible

8

devices that can communicate with each other.  The Third Generation Partnership Project ("3GPP") and the Third Generation Partnership Project 2 ("3GPP2") are global collaborative partnerships of Standards Setting Organizations and other industry participants that develop technical specifications for cellular standards.  *FTC*, 2019 WL 2206013, at *2.  LTE uses OFDMA technology for downlink transmissions and single-carrier frequency division multiple access technology for uplink transmissions (*Id.*).  LTE was standardized by 3GPP (*Id.* at 4).

Patents that cover technology that is incorporated into a standard are known as SEPs. Parties that participate in the standards development process must commit to license their SEPs on FRAND terms to firms that implement the standard.  Standards Setting Organizations require participants to publicly disclose any claimed SEPs and promise to license [SEPs] to anyone who practices the standard on a royalty-free or FRAND basis.  *In re Qualcomm*, No. 17-MD-02773-LHK, 2018 WL 4110498, at *2. Generally, the Standards Setting Organizations' practice is to permit firms simply to declare which of their patents are SEPs and the Standards Setting Organizations do not have a mechanism for verifying the essentiality of any patent to the technology embodied in a standard.  *Stern*, 19 Minn. J.L. Sci. & Tech. at 130 & n. 80.  Qualcomm holds thousands of FRAND-encumbered SEPs that comprise ETSI's 3G/UMTS and 4G/LTE cellular communication standards.  *Apple,* No. 3:17-cv-00108-GPC-MDD, 2017 WL 3966944, at *1.

In order to communicate with a cellular communications network, a cellphone handset must contain a semiconductor device known as a baseband processor, "modem chip," or "chipset."  More specifically, in order to communicate with a particular cellphone

9

network, the handset must contain a modem chip that complies with the cellular communications standards that the particular cellphone network supports. Modem chips are either "single-mode" or "multimode." Whereas a single-mode modem chip supports only one cellular standard (like CDMA or UMTS), a multimode modem chip supports multiple standards in one chip. For example, a handset that contains a modem chip that complies only with UMTS standards cannot communicate with a cellular network that uses 3G-CDMA standards. A "CDMA multimode" modem chip is a modem chip that supports CDMA and additional standards. *See generally, In re Qualcomm*, No. 17-MD-02773-LHK, 2018 WL 41104982018, at *2-*5.

To be used on a network that deploys LTE—the leading 4G standard used by major cellular network operators—the handset must ordinarily contain a multi-mode baseband processor that complies with LTE standards and is also "backward compatible" with 2G and 3G standards. *See Stern*, 19 Minn. J.L. Sci. & Tech. at 131-32, 138. This is because LTE network infrastructure generally supports data, rather than voice, traffic and therefore, to transmit voice calls, a baseband processor must comply with 2G and 3G standards. *Id.* at 132. Also, network operators have continued to use the prior standards and have not yet replaced their 2G and 3G infrastructure with the new 4G infrastructure. *Id.* Accordingly, most manufacturers must purchase multimode chips in order to make mobile phones that can function on the major U.S. wireless networks. Cellular handsets are produced by original equipment manufacturers such as the defendants herein.

Qualcomm is the leading supplier of modem chips to original equipment manufacturers worldwide. In particular, Qualcomm is dominant in the supply of two types of modem chips: (1) modem chips that comply with CDMA standards ("CDMA modem

10

chips"); and (2) modem chips for use in premium tier handsets, which comply with advanced LTE standards ("premium-LTE modem chips").

At some point in the early 1990s, Qualcomm started licensing to only original equipment manufacturers at a 5% running royalty on the price of each handset sold. *FTC v. Qualcomm*, No. 17-CV-00220-LHK, 2019 WL 2206013, at \*4. These licenses are called Subscriber Unit License Agreements ("SULAs") and with a SULA, an original equipment manufacturer may sell handsets that practice Qualcomm's patents without fear of an infringement suit from Qualcomm. *Id.* Qualcomm SULAs grant rights both to the relevant Qualcomm patents existing at the time of the SULA and additional relevant Qualcomm patents issued during the license term. *Id.* Qualcomm SULAs also require original equipment manufacturers to cross-license their own SEP patents to Qualcomm, sometimes on a royalty-free basis. *Id.*

In the *FTC v. Qualcomm* case, the Court described Qualcomm's anticompetitive conduct as follows:

> In a practice that Qualcomm concedes is unique within Qualcomm and unique in the industry, Qualcomm refuses to sell modem chips to an original equipment manufacturer until the original equipment manufacturer signs a separate patent license agreement. Thus, Qualcomm refuses to sell an original equipment manufacturer modem chips exhaustively. Under the doctrine of patent exhaustion, "the initial authorized sale of a patented item terminates all patent rights to that item." *Quanta Comp., Inc. v. LG Elecs., Inc.*, 553 U.S. 617, 625 (2008). Thus, patent exhaustion provides that when a consumer purchases a television, the consumer does not have to separately sign a license and pay royalties for any patents practiced by the television.
>
> To avoid exhaustion and to enforce Qualcomm's practice of requiring a separate patent license before selling modem chips, Qualcomm wields its chip monopoly power to coerce original equipment manufacturers to sign patent license agreements.

*FTC*, No. 17-CV-00220-LHK, 2019 WL 2206013, at \*26.

D.     The Parties' Arguments

The defendants argue they have a license to use the technology in their allegedly infringing phones by virtue of an agreement that Qualcomm, their supplier of chipsets, and LGE, the original assignee of '373 Patent, entered into in 1993, and amended several times thereafter.  They contend that in the agreement, as amended, LGE agreed not to assert its patents against Qualcomm's customers, including the defendants.  They argue that Evolved purchased the patents at issue from LGE subject to the encumbrance.  They also argue that Evolved's patent infringement action is barred under the doctrine of patent exhaustion.  They contend that the patent rights in the '373 patent have been exhausted by Qualcomm's sale of its baseband chipsets to the defendants for use in the accused devices.

Evolved argues that the technology covered under the Qualcomm-LGE license is limited to that which is necessary for a specific group of defined wireless communications. It contends that the Qualcomm-LGE licensing contracts are narrowly drawn to CDMA-only units.   The plaintiff points to "nested definitions" of "LICENSEE's Technically Necessary IPR," "Commercially Necessary IPR," "Subscriber Units" and "Complete CDMA Telephone," all relating back to the definition of a terminal that can be used to initiate and/or receive "any CDMA-based wireless wide area standard communications." D.I. 347, Evolved Brief at 12.  It contends the covenants encompassed in the licensing agreements encumber only technology that is technically and commercially necessary in a CDMA-only phone.  It states the 2007 Agreements (D.I. 227, Jay Decl., Ex. F, 2007 Amendment to Infrastructure and Subscriber Unit License and Technical assistance Agreement, & Ex. G, 2007 Amendment), in which LGE covenanted to Qualcomm that it

12

would not assert its OFDM Intellectual property against Qualcomm and its customers, do not apply to the defendants' accused products. *Id.* at 14.

In response to Evolved's argument, the defendants concede to the ordinary meaning of "necessary," but argue that the focus in interpreting the contracts should be on the word "multi-mode." The defendants contend that multi-mode devices are at issue. They argue the licenses cover the '373 Patent which is a SEP and is both commercially and technically necessary to a multi-mode device.

## II.    FACTS

Evolved initially asserted infringement of five patents that are part of a portfolio of patents that it acquired from a related entity, TQ Lambda, in September 2014. TQ Lambda had purchased the patents from LGE. D.I. 227, Jay Decl., Ex. J, PPA. Evolved owns the patents-in-suit by assignment from LGE. D.I. 1, Complaint at ¶ 15. TQ Lambda purchased the patents-in-suit from LGE in January 2014, and sold them to Evolved in September 2014. *Id.* The application for the '373 patent was filed on October 27, 2006, and the inventors of the '373 Patent assigned the entire right, title and interest in the '373 patent to LGE on November 2, 2006. D.I. 1, Complaint. LGE declared the '373 patent essential to the LTE standard. *Id.* at 16.

Evolved alleges LGE is a member of ETSI and participated extensively in the 3GPP Working Group meetings to develop the LTE standards (*Id.* at 15). It alleges the patents-in-suit are essential to the 3GPP 36 Series technical specifications, which cover the LTE standards. *Id.* Ultimately the parties stipulated to dismissal of these three patents, leaving only two patents-in-suit:  the '373 Patent and '236 Patent.[9]

---

[9] The Federal Circuit recently affirmed (under Federal Circuit Rule 36) the Patent Trial and Appeal Board's Final Written Decision invalidating claims 1-10, 12, and 13 of U.S. Patent No. 7,881,236 B2 (D.I.

13

Evolved accuses the defendants of infringing the '373 Patent in connection with numerous of the defendant's products that are compatible with LTE networks. D.I. 1, Complaint at 22. The accused products and/or methods are allegedly covered by one or more claims of the '373 Patent, including but not limited to cellular telephones, tablet computers, and/or other devices with LTE capabilities and that comply with the LTE standards, including at least TS ("Technical Specification") 36.211, .300, .321, .331, and .423. *Id.* With the exceptions of certain of Samsung's and Motorola's accused products, all of the accused products contain Qualcomm baseband chipsets. D.I. 225, Defendants' Brief at 9 n. 4. The defendants limit their motions for summary judgment to those accused products that contain Qualcomm chipsets. *Id.*[10]

### A.    Licensing Agreement and Amendments

On August 31, 1993, Qualcomm entered an Infrastructure and Subscriber Unit License and Technical Assistance Agreement ("1993 SULA Agreement") with Goldstar Information & Communications Ltd., the corporate predecessor of LG Electronics ("LGE"). D.I. 227, Ex. A, 1993 SULA Agreement. The 1993 SULA Agreement was amended in 1996, 1998, 2004, 2007, and 2010. D.I. 227, Exs. B to I. The 1993 SULA Agreement provides that it is governed by California law. D.I. 227, Jay Decl., Ex. A 1993 SULA Agreement at 28. The 1993 SULA Agreement contains the following recitals concerning Intellectual Property rights ("IPR") licensing:

> WHEREAS, QUALCOMM has developed certain proprietary CDMA technology which may be useful in providing greater capacity and improved quality and reliability compared to other cellular telephone technologies;

---

480-1, Ex. A, *Evolved Wireless, LLC v. ZTE (USA) Inc.*, *et al.*, Nos. 2018-2008, 2018-2009, 2018-2010, 2018-2011 (Fed. Cir. October 4, 2019)).

[10] At the hearing, defendants' counsel stated that there is no dispute that he thought "every phone involved in this case is a multi-mode phone." D.I. 481, Tr. at 64.

14

WHEREAS, LICENSEE has been selected by the Electronics and Telecommunications Research Institute ("ETRI") of Korea to obtain a license from QUALCOMM to make and sell Subscriber Units and Infrastructure Equipment;

WHEREAS, LICENSEE desires to obtain from QUALCOMM a license to use QUALCOMM's Intellectual Property (as defined below) and technical assistance necessary for the manufacture and sell Subscriber Units and Infrastructure Equipment (as defined below) and QUALCOMM desires to provide LICENSEE with such license and technical assistance in exchange for the license fees, royalties and other provisions hereof, each in accordance with the terms and conditions set forth in this Agreement; and

WHEREAS, QUALCOMM desires to obtain a license of LICENSEE's Intellectual Property (as defined below) to manufacture and sell Subscriber Units and Infrastructure Equipment and LICENSEE desires to grant such license in accordance with the terms and conditions set forth in this Agreement.

D.I. 227, Ex. A at 1. LGE granted Qualcomm limited covenants with respect to its intellectual property—the agreement covered the "LICENSEE's Intellectual Property" meaning "both LICENSEE's Technically Necessary IPR and LICENSEE's Commercially Necessary IPR." *Id.* at 4. "Technically necessary IPR" was defined as:

LICENSEE's (and its Affiliate's) patents and patent applications (including divisions, reissues, renewals, continuations and continuations-in-part), copyrights, other intellectual property rights, trade secrets, know-how and technical information, including but not limited to that intellectual property that is incorporated into the common air interface, which LICENSEE (or its Affiliate) has acquired or developed and is in possession of as of the Effective Date, which LICENSEE (or its Affiliate) [sic] the right to license to QUALCOMM in accordance with this Agreement, which are technically necessary to use, make and/or sell *Subscriber Units*, Cordless Base Stations and/or Infrastructure Equipment (excluding equipment in the mobile telephone switching office), *and any Improvements to any of such Technically Necessary IPR developed or acquired during the Improvement Period*; but the term LICENSEE's Technically Necessary IPR does not include any trade name, trademark, service mark or similar symbols, abbreviations, contractions or simulations identifying LICENSEE.

Ex. A, 1993 SULA Agreement at 5 (emphasis added). The agreement defined "LICENSEE's commercially necessary IPR" as follows:

15

"LICENSEE's Commercially Necessary IPR" means the following intellectual property of LICENSEE:

LICENSEE's (and its Affiliate's) patents and patent applications (including divisions, reissues, renewals, continuations and continuations-in-part), copyrights, other intellectual property rights, trade secrets, know-how and technical information which LICENSEE (or its Affiliate) has acquired or developed and is in possession of as of the Effective Date, which LICENSEE (or its Affiliate) has the right to license to QUALCOMM in accordance with this Agreement, and which are commercially necessary to use, make and/or sell *Subscriber Units*, Cordless Base Stations, Channel Units and/or CDMA Enabling Infrastructure Equipment, *and any Improvements to any of such Commercially Necessary IPR which is developed or acquired during the Improvement Period*; but the term LICENSEE's Commercially Necessary IPR does not include any trade name, trademark, service mark or similar symbols, abbreviations, contractions or simulations identifying LICENSEE.

D.I. 227, Ex. A, 1993 SULA Agreement at 4-5 (emphasis added).   "QUALCOMM Intellectual Property" was defined in similar terms.  *Id.* at 6.

The 1993 SULA Agreement also provides that

"Improvements" means (i) any QUALCOMM Intellectual Property (as to QUALCOMM) and any LICENSEE Intellectual Property (as to LICENSEE), not existing on the Effective Date of this Agreement, which is acquired or developed by a Party during the Improvement Period and (ii) any improvements, modifications or changes to QUALCOMM's Intellectual Property (as to QUALCOMM) or LICENSEE's Intellectual Property (as to LICENSEE) which are acquired or developed by either Party during the Improvement Period; all of which the acquiring or developing Party has the right to license to the other Party hereunder.

*Id.* at 5.  LGE and Qualcomm also agreed to promptly disclose to each other "any patents which are issued during the Improvement Period and which fall within the intellectual property being licensed hereunder."  *Id.* at 20.

"Subscriber Unit" had been defined in the 1993 SULA Agreement as a "complete CDMA and/ or Dual Mode CDMA telephone, including but not limited to mobile, transportable and portable telephones, which incorporates all or any part of QUALCOMM

16

Intellectual Property and can be used, without any additional equipment or components being attached thereto, to initiate and receive Wireless telecommunications transmissions." *Id.* at 7. "Subscriber Unit" was amended in 2004 to mean "a Complete CDMA Telephone or a CDMA Modem Card, *and any subsequent generation products.*" D.I. 227, Ex. E, 2004 Amendment to Infrastructure and Subscriber Unit License and Technical Assistance Agreement ("2004 Amendment") at 3 (emphasis added).

The 2004 Amendment recited the following:

> WHEREAS, pursuant to the License Agreement, QUALCOMM granted LICENSEE, among other things, a license under certain of QUALCOMM's and its Affiliates' patents to make (and have made), use and sell single-mode CDMA Subscriber Units *and multimode CDMA Subscriber Units* (e.g., multi-mode CDMA/GSM Subscriber Units) for CDMA-based wireless applications, including wireless applications based on the families of CDMA standards commonly referred to as IS-95, c dma2000 (e.g., the cdma2000 family that includes lx-RTT, lx-EV-DO, 1x-EV-DV), and WCDMA (or UMTS) *as well as future evolutions of such standards.* For purposes of clarification, the families of CDMA standards commonly referred to as IS-95, cdrna2000 (e.g., the cdma2000 family that includes lx-RTT, lx-EV-DO, lx-EV-DV), and WCDMA (or UMTS) as well as future evolutions of such standards do not include TD-SCDMA and future evolutions of TDSCDMA;

*Id.* at 1 (emphasis added). In the 2004 Amendment, LGE covenants not to assert any claims for patent infringement against Qualcomm, its affiliates, or its customers where the alleged basis for infringement was incorporation of Qualcomm Components and associated software in their products. *Id.* at 8. Notably, the definitions of Subscriber Unit and Wireless do not limit the "Covenant Products" to devices that are *only* CDMA or WCDMA-based devices. *Id.*

In 2007, Qualcomm and LGE executed a separate agreement related to OFDM technology. D.I. 227, Jay Decl. Ex. G, Agreement ("2007 OFDM Agreement"). That agreement complements but does not overlap with the 1993 SULA—the 1993 Agreement

broadly covers "Subscriber Units" that include CDMA technology, whereas the 2007 Agreement covers "OFDM Subscriber Units" that include LTE technology *but do not include* CDMA technology.  *Id.* at 2, 6-7 (emphasis added).  It is undisputed that the covenants within the 2007 OFDM Agreement do not apply to the defendants' accused products.  D.I. 347, Evolved Brief at 14;  D.I. 481, Tr. at 62-63[11].

At the same time, the parties amended the 1993 SULA and added definitions related to the OFDM technology.  D.I. 227, Jay Decl., Ex. F, 2007 Amendment to Infrastructure and Subscriber Unit License and Technical Assistance Agreement ("2007 Amendment") at 1-5.  In the 2007 Amendment, LGE again covenants not to assert its IPR against any Qualcomm customer.  *Id.* at 14-17, § 5.2.  The covenants are royalty-free (*Id.* at 17).  The covenant not to assert any infringement claims against Qualcomm customers relates back to the scope of the license provided in Sections 6.1.1 and 6.1.2 of the 1993 License Agreement.  *Id.* at 14-15.  The 2007 Amendment provides that the covenant to "'LICENSEE's Limited Intellectual Property' and its Affiliates' Intellectual Property shall not include any intellectual property rights acquired or developed after December 31, 2006 by LICENSEE or its Affiliates."  *Id.* at 17.  The '373 patent application was filed on October 27, 2006, and the inventors of the '373 Patent assigned the entire right, title and interest in the '373 patent to LGE on November 2, 2006.  D.I. 1 at 10; D.I. 1-3, '373 Patent.

The term "Complete CDMA Telephone" was again amended in 2010 as follows:

The definition of "Complete CDMA Telephone" in the July 2004 Amendment is hereby deleted in its entirety and replaced with the following:

---

[11] At oral argument on the motions, defendants' counsel stated that the 2007 agreement was very different because it was a single mode agreement that was directed to LTE and only LTE.  D.I. 481, Tr. at 62.  He believed the 2007 Agreement was for non-phone applications.  *Id.* at 63.  He stated he knew of no phones that used only LTE and that typically every phone is backwards compatible with previous standards.  *Id.*

18

> "Complete CDMA Telephone" means any complete CDMA *(including multi-mode)* terminal, including but not limited to a fixed, mobile, transportable or portable telephone or data terminal, which (i) incorporates all or any part of the QUALCOMM Intellectual Property and (ii) can be used, without any additional equipment or components being attached thereto, to initiate and/or receive *Wireless* communications. The term "Complete CDMA Telephone" shall not mean a CDMA Modem Card and for the avoidance of doubt, a Complete CDMA Telephone into which a CDMA Modem Card is embedded is a Complete CDMA Telephone, and not a CDMA Modem Card.

(D.I. 227, Ex. I, 2010 Amendment to Infrastructure and Subscriber Unit License and Technical Assistance Agreement ("2010 SULA Amendment") at 2 (emphasis added)) The 2007 Agreement was amended in 2010 separately from the Amendment to the 1993 SULA Agreement.  D.I. 227, Jay Decl., Ex. H, Amendment to 2007 Agreement.

"Wireless" and "Wireless Applications" had been defined in the 1993 SULA Agreement as:  "[O]nly CDMA-based Digital Cellular Systems, Personal Communications Systems, Wireless PABX Systems, commercial telemetry for information gathering, commercial security systems for alarming applications, RF LAN applications, Cordless Telephone applications and any other CDMA wireless applications."  *Id.*, Ex. A at 8.  The terms "Wireless" and "Wireless applications" were addressed in the 2010 SULA Amendment as follows:

> The definition of "Wireless" and/or "Wireless Applications" in the License Agreement is hereby clarified as follows: "Wireless" and "Wireless Applications" includes, without limitation, (i) any CDMA-based wireless wide area standard, including the CDMA2000 family of standards (e.g., 1xRTT, lx-EVDO, lx-EVDO Rev. A, lx-EVDO Rev. B, BCMCS), the WCDMA family of standards (e.g., UMTS, HSPA, HSPA+, HSDPA, HSUPA, MBMS, TD-CDMA) and TD-SCOMA; and (ii) *any updates or revisions to any of the foregoing.*

*Id.*, Ex. I, 2010 Amendment at 5.  The "Covenant Products" under the 1993 SULA, as amended in 2004, 2007, and 2010 include multimode terminals without limitation as long as they are at least capable of CDMA or WCDMA-based communications.  *Id.*, Ex. E,

CONFIDENTIAL MATERIAL HAS BEEN REDACTED

2004 Amendment at 3; Ex. F, 2007 Amendment at 17; Ex. I at 2, 5.  Being capable of LTE- or OFDM-based communications, in addition to CDMA-based communications, is not excluded.  *Id.*

Also, the 2010 SULA Amendment changed the definition of "Improvement Period," which had been defined in the 1993 SULA Agreement as "the period commencing immediately after the Effective Date of this Agreement and ending July 26, 1995."  *Id.*, Ex. A, 1993 SULA Agreement at 5.  In the 2010 Agreement, the definition of "Improvement Period" was modified to mean "the period commencing immediately after August 31, 1993 and ending on December 31, 2010."  D.I. 227, Ex. I, 2010 Amendment at 5.  The '373 Patent issued on October 5, 2010, and thus falls within the coverage of the 2010 Amendment.

The defendants have also shown that the accused products that incorporate Qualcomm baseband chipsets are capable of communication on LTE cellular wireless carrier networks and are also capable of communication on wireless networks incorporating CDMA or WCDMA technologies, e.g., lx-EVDO Rev. A, lx-EVDO Rev. B, UMTS, HSPA, HSPA+, and HSDPA.  D.I. 229, Appendix B.

B.    LGE-TQ Lambda Patent Purchase Agreement

LGE agreed to sell "all right, title, and interest in [certain patents including the '373 Patent] and applications and the causes of action to sue for infringement thereof and other enforcement rights" to TQ Lambda on January 24, 2014.  D.I. 227, Ex. J, PPA at 1.  TQ Lambda agreed to purchase from LGE "all right, title, and interest in the Assigned Patent Rights, free and clear of any restrictions, liens, claims, and encumbrances except as set forth in *Exhibit B*."  *Id.* (emphasis in original).  ████████████

20

CONFIDENTIAL MATERIAL HAS BEEN REDACTED

██████████████████████████████████████████████████

████████████████████████████    Also attached to the PPA is Exhibit C, an "ETSI

Declaration by LG Electronics."  *Id*., Ex. C.  With respect to the '373 Patent, under the

heading "Essential to projects" are listed the following

> 3GPP-Release-8 (GSM Phase 2+ and UMTS/LTE release 8) LTE (Rel-8
> LTE - 3G Long Term Evolution - Evolved Packet System RAN part)

*Id*.  Under the heading, "Essential to standards YES to ETSI FRAND license," in Ex. C,

are listed the following:  TS 36.300, TS 36.321, TS 36.331, and TS 36.423. *Id*.[12]

██████████████████████████████████████████████

████████████████    *Id*. at 3.  ████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████

██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████

---

[12] These are the ETSI technical specifications that are referred to in Evolved's complaint.  D.I. 1,
Complaint at 22.

**CONFIDENTIAL MATERIAL HAS BEEN REDACTED**

Under the heading "Existing Licenses and Obligations," the seller warrants that that "none of the Assigned Patent Rights have been declared essential to any standard of any standard setting organization, except the Patents may have been declared essential to the standard setting organization ETSI as set forth in *Exhibit C*," but also states that "excluding those indicated in ***Exhibit A***, "none of the Patents have been evaluated or submitted for review related to a determination that such Patents are essential for practicing a standard related to cellular telecommunications. Further, none of the Patents have been determined to be non-essential for practicing a standard related to cellular telecommunications." *Id.* at 9, § 6.3. The patents acquired by TQ Lambda are listed in Exhibit A, and the '373 Patent is noted as "submitted for evaluation." *Id.*, Ex. A.

22

The parties entered into the Agreement acknowledging that "in negotiating the Payment, the Seller and Purchaser have expressly taken into account the substantial uncertainty in the relevant markets as they currently exist and the substantial uncertainty regarding factors likely to impact use of the patented technology in coming years." D.I. 227, Jay Decl., Ex. J, PPA at 6, § 3.4.1(d).

III.    Law

    A.    Summary Judgment Standards

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c).  The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  If

23

"reasonable minds could differ as to the import of the evidence," summary judgment should not be granted. *Id.* at 251.

The evidence must be viewed in the light most favorable to the nonmoving party, giving the nonmoving party the benefit of all reasonable inferences. *Kenney v. Swift Transp., Inc.*, 347 F.3d 1041, 1044 (8th Cir. 2003). "In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations." *Id.* "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Koehn v. Indian Hills Cmty. Coll.*, 371 F.3d 394, 396 (8th Cir. 2004).

B.      Patent Exhaustion

"The Patent Act grants patentees the 'right to exclude others from making, using, offering for sale, or selling [their] invention[s].'" *Impression Prods., Inc. v. Lexmark Int'l, Inc.*, 137 S. Ct. 1523, 1531 (2017) (quoting 35 U.S.C. § 154(a)). The doctrine of patent exhaustion imposes a limit on that right to exclude. *Id.* "The limit functions automatically: When a patentee chooses to sell an item, that product 'is no longer within the limits of the monopoly' and instead becomes the 'private, individual property' of the purchaser, with the rights and benefits that come along with ownership." *Id.*, (quoting *Bloomer v. McQuewan*, 14 How. 539, 549-50 (1853)). "A patentee is free to set the price and negotiate contracts with purchasers, but may not, '*by virtue of his patent*, control the use or disposition' of the product after ownership passes to the purchaser." *Id.* (quoting *United States v. Univis Lens Co.*, 316 U.S. 241, 250 (1942) (emphasis added by Supreme Court). "The sale 'terminates all patent rights to that item.'" *Quanta Computer, Inc. v. LG Elecs., Inc.*, 553 U.S. 617, 625 (2008). "Patent exhaustion is an affirmative defense to a claim of

24

patent infringement." *Keurig, Inc. v. Sturm Foods, Inc.*, 732 F.3d 1370, 1373 (Fed. Cir. 2013).

A covenant not to sue for patent infringement is equivalent to a patent license. *See TransCore, LP v. Elec. Transaction Consultants Corp.*, 563 F.3d 1271, 1275, 1276 (Fed. Cir. 2009) (stating "The real question, then, is not whether an agreement is framed in terms of a 'covenant not to sue' or a 'license.' That difference is only one of form, not substance—both are properly viewed as "authorizations."); *see also De Forest Radio Tel. & Tel. Co. v. United States*, 273 U.S. 236, 242 (1927) ("As a license passes no interest in the monopoly, it has been described as a mere waiver of the right to sue by the patentee"). "[P]atent license agreements can be written to convey different scopes of promises not to sue, *e.g.*, a promise not to sue under a specific patent or, more broadly, a promise not to sue under any patent the licensor now has or may acquire in the future." *De Forest Radio,* 273 U.S. at 242.

"Under California law, the interpretation of a contract is a question of law" that "is governed by the objective intent of the parties as embodied in the words of the contract." *Semitool, Inc. v. Dynamic Micro Sys.*, 444 F.3d 1337, 1341 (Fed. Cir. 2006) (citation omitted). California law prohibits the admission of parol evidence: (i) to insert an additional term into a written contract, if the contract is a complete and exclusive statement of the terms of the agreement, and/or (ii) to influence the meaning of contract terms where no ambiguity exists. *TransCore*, 563 F.3d at 1277; *see also* Cal. Civ. Proc. Code § 1856(b), (d), and (g); *Pac. Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co.*, 442 P.2d 641, 644–45 (Cal. 1968). The district court may receive and consider extrinsic evidence to determine whether one or more terms of a contract is reasonably

25

susceptible to multiple meanings, but once the district court determines that no ambiguity exists, extrinsic evidence is properly not admitted. *TransCore*, 563 F.3d at 1277 n.2; *see Dore v. Arnold Worldwide, Inc.*, 139 P.3d 56, 60 (Cal. 2006); *Pac. Gas & Elec.*, 442 P.2d at 644–45.

IV.    DISCUSSION

The Court agrees with the defendants that the plaintiff's action is barred under the doctrine of patent exhaustion. The defendants' sales of the allegedly infringing products (containing the Qualcomm chipsets) are authorized under the 1993 SULA License Agreement, as amended. In the Agreements and Amendments, LGE cross-licensed its patents (including the '373 patent) to Qualcomm and Qualcomm's downstream customers (including the defendant original equipment manufacturers) in exchange for the right to use Qualcomm's chipsets and to practice Qualcomm's patents. Whether Qualcomm's and/or LGE's licensing and/or business practices are otherwise illegal, unfair, anticompetitive, or oppressive is not a question for this Court.

The Court agrees with the defendants that the 1993 SULA Agreement, as amended in particular by the 2010 agreement, reflects changes in cell phone technology over time. The technology at the inception of the SULA Agreement was CDMA technology and involved CDMA SEPs. Qualcomm continually amended the Agreement to reflect the changes in technology and commercial circumstances. The 2010 Amendments' addition of the term "multi-mode" to the definition of "subscriber units" reflects the intent to cover evolving technology. The 2007 Agreement is limited to OFDM single-mode products. With respect to multi-mode products, the 1993 SULA Agreement and its various permutations continued to apply until Evolved's predecessor bought the

26

subject patent in 2014.  It is clear to the court that Evolved bought the '373 Patent subject to the Qualcomm-LGE SULA Agreement, first executed in 1993 and amended several times thereafter.  The 2007 Amendment, as distinct from the 2007 Agreement, amended the 1993 Agreement and, although it added references to OFDM technology, did not limit or exclude CDMA technology from its coverage.  The 2010 Amendment to the 1993 SULA Agreement defines the covered products and amended the original coverage of CDMA single-mode phones to include multi-mode phones.

The Court finds the 1993 SULA Agreement, as amended, covers the defendants' multimode, Qualcomm-based products.   In the amendments to the 1993 SULA Agreement, LGE provided covenants not to assert certain patents, including the '373 patent, against Qualcomm and Qualcomm's customers.   Evolved inherited LGE's covenants through purchase of the '373 patent and is therefore precluded from asserting claims for infringement of the '373 patent against products that incorporate Qualcomm baseband chipsets, including many of the defendants' accused products.

The Court finds that Evolved advocates an unreasonably narrow interpretation of the Qualcomm-LGE SULA Agreement.  Its position that the definition of "licensee's Intellectual Property" is limited to only those patents related to CDMA technology, and excludes non-CDMA-based technologies like LTE, is unsupported.   Under the plain language of the 1993 SULA Agreement and subsequent amendments, especially the 2010 revision of the term "subscriber units" to cover multi-mode devices, the parties contemplated covering the universe of evolving technology that incorporated Qualcomm chipsets.  LGE's cross-license/covenant not to sue precludes an infringement action by Evolved against Qualcomm customers.  Even in the absence of such a provision, the

27

covenant not to sue Qualcomm itself gives rise to patent exhaustion that bars Evolved's claims against the defendants.

The record shows the asserted patent is both technically and commercially necessary IPR to use, make, or sell "subscriber units." The "subscriber units," as amended, are cell phones, not certain components or functions of a cell phone. The license agreement extends to intellectual property that is technically necessary to the subscriber unit as a whole. LGE declared the '373 Patent to be a standard essential patent. Evolved alleges in its Complaint that the defendants' various mobile devices infringe patents that have been declared essential to the LTE wireless communications standards. Evolved's infringement allegations are directed to the functionality that the Qualcomm chipsets provide.

Because phones containing patents essential to the LTE technology must work on older networks that employ 2G and 3G technology, the '373 Patent is also commercially necessary. Logically, it would be difficult to market a cellphone that would not work where 4G was unavailable. The Court rejects the plaintiff's analogy comparing the functionality of the '373 Patent to a CD player in a car—"a great feature . . . but not necessary to make an automobile." D.I. 481, Tr. at 31. The Court finds SEPs are more analogous to first gear and fifth gear in a transmission since the difference between 3G and 4G is speed. A car that ran only in first gear would not be commercially viable. It is clear to the Court that the evolving technology builds on earlier standards.

A review of the Agreements and Amendments, as redacted, shows the licensing agreements were meant to grow and evolve with the technology. The LGE cross-license to Qualcomm authorized Qualcomm to sell components including LGE SEP patents, the

**CONFIDENTIAL MATERIAL HAS BEEN REDACTED**

periodic renewals of the agreements contemplate coverage of OFDM technology, and even the name assigned to 4G—LTE meaning long-term evolution—refers to licensing of evolving standards.  The licensing of OFDM only technology is covered in a separate agreement not applicable to the accused products.  There are numerous references in the SULA Agreement itself, and in its amendments, to coverage of "subsequent generation products," "updates or revisions," "any improvements to any of such [technically or] Commercially Necessary IPR which is developed or acquired during the Improvement Period" and "future evolutions of such standards."

Evolved knew by virtue of the exhibits attached to the PPA that the '373 Patent had been declared an ETSI SEP.  ████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████  The PPA explicitly stated that there had been no determination as to the validity, infringement, or actual essentiality of the purchased IPR.

This interpretation comports with what appear to be Qualcomm's licensing and marketing strategy, whereby it attempted to maintain its monopoly in both the CDMA and premium LTE chip markets and to impose an anticompetitive surcharge on its competitors' chips.  Although the anticompetitive conduct is not before the Court, Qualcomm's background business practices support the Court's interpretation of the Agreements at issue.

Accordingly, the Court finds the defendants are entitled to prevail on their licensing/covenant defense.  Evolved's claims against the defendants for infringement of the '373 Patent are barred by the licensing agreements executed by Qualcomm and LGE.

29

The record shows that in order to acquire Qualcomm's chipsets, LGE was required to relinquish any claims it may have had against Qualcomm and its customers. All of the defendants are Qualcomm customers.

Unfortunately for Evolved, it purchased the LGE intellectual property subject to the Qualcomm encumbrance. It has not shown that the intellectual property that it purchased from LGE falls outside the purview of technology that is commercially and technically necessary to make use or sell the accused products. LGE's covenant not to assert the '373 patent against Qualcomm and its customers extends to the Qualcomm baseband chipsets that are incorporated into the defendants' accused products. The fact that Qualcomm's licensing practices may have been anti-competitive does not affect the Court's interpretation of the contracts. The SULA contracts were designed to, and did, create a situation that was advantageous to Qualcomm to the detriment of other SEP patent holders.

Also, the doctrine of patent exhaustion bars the plaintiff's infringement claims. As a matter of patent law, "the authorized sale of an article that substantially embodies a patent exhausts the patent holder's rights and prevents the patent holder from invoking patent law to control postsale use of the article." *Quanta Computer, Inc. v. LG Elecs., Inc.*, 128 S. Ct. 2109, 2122 (2008). Qualcomm sold its chipsets to LGE, exhausting its patent rights and required LGE to cross-license its patents, without a royalty, in order to purchase the chipsets. Qualcomm and/or LGE may have used licensing restrictions to essentially claw back rights that patent exhaustion extinguished, but the fact remains that their patent rights were exhausted. Evolved acquired the IPR with the knowledge that the rights it purchased were on shaky ground.

30

In view of the foregoing, counterclaims for breach of contract are moot. Accordingly,

IT IS ORDERED that:

1.      Defendant HTC's Motion for Summary Judgment (D.I. 205 in 1:15cv543) is granted.

2.      Defendants Lenovo Corp.'s and Motorola Mobility, LLC's motion for summary judgment (D.I. 184 in 1:15cv544) is granted with respect to their accused products that contain Qualcomm-based chipsets.

3.      Defendants Samsung Elecs. Co., Samsung Elecs. Am. Inc.'s Motion for summary judgment (D.I. 224 in 1:15cv545) is granted with respect to their accused products that contain Qualcomm baseband chipsets.

4.      Defendant ZTE (USA) Corp.'s motion for summary judgment (D.I. 197 in 1:15cv546) is granted.

5.      Defendant Microsoft Corp.'s motion for summary judgment (D.I. 197 in 1:15cv547) is granted.

6.      The parties' Stipulation to Stay Proceedings Pending Resolution of Appeals (D.I. 432 in 1:15cv543; D.I. 394 in 1:15cv544;  D.I. 477 in 1:15cv545; and D.I. 397 in 1:15cv546; D.I. 415 in 1:15cv547) is hereby adopted; to the extent any issues are not resolved in this order, these actions are stayed pending resolution of the appeal in *Evolved Wireless LLC v. Apple Inc.*, No. 1:15cv542.

7.       The plaintiff's motions for summary judgment on the defendants' counterclaims for breach of contract (D.I. 205 in 1:15cv543; D.I. 184 in 1:15cv544; D.I. 197 in 1:15cv546; and D.I. 197 in 1:15cv547) are denied as moot.

31

8.    A judgment of dismissal will be entered.

9.    Given that the Court has relied upon material that technically remains under seal, the Court is releasing this Memorandum Order under seal, pending review by the parties.  In the event that the parties believe that certain material in this Memorandum Order should be redacted, the parties should jointly submit a proposed redacted version within one week of the date of this Order.  The Court will subsequently issue a publicly available version of its Memorandum Order.

DATED this 3rd day of December 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

32

US007809373B2

(12) **United States Patent**
Park et al.

(10) **Patent No.:** **US 7,809,373 B2**
(45) **Date of Patent:** **Oct. 5, 2010**

(54) **METHOD OF TRANSMITTING AND RECEIVING RADIO ACCESS INFORMATION IN A WIRELESS MOBILE COMMUNICATIONS SYSTEM**

(75) Inventors: **Sung Jun Park**, Gyeonggi-do (KR); **Young Dae Lee**, Gyeonggi-do (KR); **Sung Duck Chun**, Gyeonggi-do (KR); **Myung Cheul Jung**, Seoul (KR)

(73) Assignee: **LG Electronics Inc.**, Seoul (KR)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 324 days.

(21) Appl. No.: **11/553,939**

(22) Filed: **Oct. 27, 2006**

(65) **Prior Publication Data**

US 2007/0047493 A1      Mar. 1, 2007

**Related U.S. Application Data**

(60) Provisional application No. 60/732,080, filed on Oct. 31, 2005.

(30) **Foreign Application Priority Data**

Jul. 5, 2006      (KR) ...................... 10-2006-0063135

(51) **Int. Cl.**
*H04W 36/00*      (2009.01)
(52) **U.S. Cl.** ...................... 455/436; 370/338; 370/349; 455/552
(58) **Field of Classification Search** ................. 455/552, 455/450, 452, 458, 435, 436, 509; 370/338, 370/349, 329, 328, 466, 469, 335
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 6,359,867 | B1 | 3/2002 | Ali-Vehmas |
| 6,628,946 | B1 | 9/2003 | Wiberg et al. |
| 6,968,192 | B2 | 11/2005 | Longoni |
| 2001/0016496 | A1 | 8/2001 | Lee |
| 2001/0030956 | A1 | 10/2001 | Chillariga et al. |
| 2002/0048266 | A1 * | 4/2002 | Choi et al. .................. 370/331 |

(Continued)

FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| EP | 1505782 | 2/2005 |

(Continued)

OTHER PUBLICATIONS

Onoe et al., "Control Channel Structure for TDMA Mobile Radio Systems,"40th IEEE Vehicular Technology Conference, May 6-9, 1990, Orlando (US), pp. 270-275.

*Primary Examiner*—Vincent P Harper
*Assistant Examiner*—Mahendra Patel
(74) *Attorney, Agent, or Firm*—Lee, Hong, Degerman, Kang & Waimey

(57) **ABSTRACT**

In a wireless mobile communications system, a method of transmitting and receiving radio access information that allows a faster and an efficient way of establishing a radio connection between a terminal and a target base station while performing a handover for the terminal to a cell of the target base station. The network transmits in advance, the radio access information and the like, to the terminal so that the terminal can be connected with the target cell in a faster manner which minimizes the total time for the handover process.

**26 Claims, 7 Drawing Sheets**



**US 7,809,373 B2**

Page 2

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 2002/0052206 A1 | 5/2002 | Longoni | |
| 2002/0181436 A1 | 12/2002 | Mueckenheim et al. | |
| 2003/0026324 A1* | 2/2003 | Li et al. | 375/141 |
| 2003/0054829 A1 | 3/2003 | Moisio | |
| 2003/0076812 A1* | 4/2003 | Benedittis | 370/350 |
| 2003/0081586 A1* | 5/2003 | Malladi et al. | |
| 2003/0095552 A1 | 5/2003 | Bernhard et al. | |
| 2003/0131300 A1 | 7/2003 | Park et al. | |
| 2004/0022217 A1* | 2/2004 | Korpela et al. | 370/335 |
| 2004/0029532 A1* | 2/2004 | Schwarz et al. | 455/63.1 |
| 2004/0053614 A1* | 3/2004 | Il-Gyu et al. | 455/436 |
| 2004/0085926 A1* | 5/2004 | Hwang et al. | 370/328 |
| 2004/0162072 A1 | 8/2004 | Sigle et al. | |
| 2005/0059437 A1* | 3/2005 | Son et al. | 455/574 |
| 2005/0094586 A1 | 5/2005 | Zhang et al. | |
| 2005/0138528 A1 | 6/2005 | Ameigeiras et al. | |
| 2005/0159161 A1 | 7/2005 | Florkey et al. | |
| 2005/0177623 A1 | 8/2005 | Roberts et al. | |
| 2006/0039327 A1* | 2/2006 | Samuel et al. | 370/331 |
| 2007/0032255 A1* | 2/2007 | Koo et al. | 455/512 |

FOREIGN PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| EP | 1565026 | | 8/2005 |
| JP | 2004-208177 | | 7/2004 |
| JP | 2004208177 | | 7/2004 |
| KR | 10-2003-0007481 | | 1/2003 |
| KR | 10-2003-0056143 | | 7/2003 |
| KR | 10-2003-0080946 | | 10/2003 |
| KR | 10-2005-0032285 | | 4/2005 |
| KR | 10-2005-0032949 | | 4/2005 |
| KR | 10-2005-0078635 | | 8/2005 |
| KR | 10-2005-0084908 | | 8/2005 |
| KR | 10-0688303 | | 3/2007 |
| RU | 2193281 | | 11/2002 |
| TW | 236241 | | 7/2005 |
| WO | 01/35586 | | 5/2001 |
| WO | 03017544 | | 2/2003 |
| WO | WO 03/017544 A1 | | 2/2003 |
| WO | 03/096149 | | 11/2003 |
| WO | 2005/011134 | * | 2/2005 |
| WO | 2005/083912 | * | 9/2005 |

* cited by examiner

Fig 1



U.S. Patent

Oct. 5, 2010

Sheet 2 of 7

US 7,809,373 B2

Appx41

# Fig 2



Fig 3



U.S. Patent

Oct. 5, 2010

Sheet 4 of 7

US 7,809,373 B2

Fig 4

Fig 5

Access Slot

DL

AICH

Preamble   Preamble       Message

UL

PRACH

Access Slot



4096 chips

AICH

Access Slot
(5120 chips)

Fig 6



Fig 8



Fig 7

# Fig 9



Appx46

# METHOD OF TRANSMITTING AND RECEIVING RADIO ACCESS INFORMATION IN A WIRELESS MOBILE COMMUNICATIONS SYSTEM

## CROSS REFERENCE TO RELATED APPLICATION

Pursuant to 35 U.S.C. §119, this application claims the benefit of earlier filing date and right of priority to U.S. Provisional Application No. 60/732,080, filed Oct. 31, 2005, and Korean Patent Application No. 10-2006-0063135, filed Jul. 5, 2006, the contents of which are hereby incorporated by reference herein in their entirety.

## FIELD OF THE INVENTION

The present invention relates to wireless (radio) mobile communications systems, and in particular, relates to a method of transmitting and receiving radio connection information that allows a terminal to access a target base station (i.e., target eNB) in a faster and more efficient manner while performing a handover for the terminal to a cell of the target base station.

## BACKGROUND ART

The universal mobile telecommunications system (UMTS) is a third-generation mobile communications system evolving from the global system for mobile communications system (GSM), which is the European standard. The UMTS is aimed at providing enhanced mobile communications services based on the GSM core network and wideband code-division multiple-access (W-CDMA) technologies.

FIG. 1 shows an exemplary diagram illustrating an Universal Mobile Telecommunication System (UMTS) network of a conventional mobile communication system. The UMTS is comprised of, largely, a user equipment (UE) or terminal, a UMTS Terrestrial Radio Access Network (UTRAN), and a core network (CN). The UTRAN comprises at least one Radio Network Sub-system (RNS), and each RNS is comprised of one Radio Network Controller (RNC) and at least one base station (Node B) which is controlled by the RNC. For each Node B, there is at least one cell.

FIG. 2 is an exemplary diagram illustrating a structure of a Radio Interface Protocol (RIP) between a UE and the UTRAN. Here, the UE is associated with a 3rd Generation Partnership Project (3GPP) wireless access network standard. The structure of the RIP is comprised of a physical layer, a data link layer, and a network layer on the horizontal layers. On the vertical plane, the structure of the RIP is comprised of a user plane, which is used for transmitting data, and a control plane, which is used for transmitting control signals. The protocol layers of FIG. 2 can be categorized as L1 (first layer), L2 (second layer), and L3 (third layer) based on an Open System Interconnection (OSI) model. Each layer will be described in more detail as follows. The first layer (L1), namely, the physical layer, provides an upper layer with an information transfer service using a physical channel. The physical layer is connected to an upper layer called a medium access control (MAC) layer through a transport channel. Data is transferred between the MAC layer and the physical layer through the transport channel. Data is also transferred between different physical layers, i.e. between physical layers of a transmitting side and a receiving side, through the physical channel.

The MAC layer of the second layer (L2) provides an upper layer called a radio link control (RLC) layer with a service through a logical channel. The RLC layer of the second layer supports reliable data transfer and performs segmentation and concatenation of a service data unit (SDU) received from an upper layer.

A radio resource control (RRC) layer at a lower portion of the L3 layer is defined in the control plane and controls logical channels, transport channels, and physical channels for configuration, re-configuration and release of radio bearers (RBs). A RB is a service provided by the second layer for data transfer between the terminal and the UTRAN. The configuration of the RBs includes defining characteristics of protocol layers and channels required to provide a specific service, and configuring respective specific parameters and operation methods.

A RRC connection and a signaling connection will be described in more detail as follows.

In order to perform communications, a terminal needs to have a RRC connection with the UTRAN and a signaling connection with the Core Network (CN). The terminal transmits and/or receives a terminal's control information with the UTRAN or the CN via the RRC connection and the signaling connection.

FIG. 3 shows an exemplary diagram for explaining how a RRC connection is established.

In FIG. 3, to establish the RRC connection, the terminal transmits a RRC Connection Request Message to the RNC, and then the RNC transmits a RRC Connection Setup Message to the terminal in response to the RRC Connection Request Message. After receiving the RRC Connection Setup Message by the terminal, the terminal transmits a RRC Connection Setup Complete Message to the RNC. If the above steps are successfully completed, the terminal establishes the RRC connection with the RNC. After the RRC connection is established, the terminal transmits an Initial Direct Transfer (IDT) message to the RNC for initializing a process of the signaling connection.

A Random Access Channel of a WCDMA will be described in more detail as follows.

The Random Access Channel (RACH) is used to transfer a short length data on an uplink, and some of the RRC message (i.e., RRC Connection Request Message, Cell Update Message, URA Update Message) is transmitted via the RACH. The RACH is mapped to a Common Control Channel (CCCH), a Dedicated Control Channel (DCCH) and a Dedicated Traffic Channel (DTCH), and then the RACH is mapped to a Physical Random Access Channel.

FIG. 4 shows how the physical random access channel (PRACH) power ramping and message transmission may be performed.

Referring to FIG. 4, the PRACH, which is an uplink physical channel, is divided into a preamble part and a message part. The preamble part is used to properly control a transmission power for a message transmission (i.e., a power ramping function] and is used to avoid a collision between multiple terminals. The message part is used to transmit a MAC PDU that was transferred from the MAC to the Physical channel.

When the MAC of the terminal instructs a PRACH transmission to the physical layer of the terminal, the physical layer of the terminal first selects one access slot and one (preamble) signature, and transmits the preamble on the PRACH to an uplink. Here, the preamble is transmitted within a particular length of access slot duration (e.g., 1.33

US 7,809,373 B2

3

ms). One signature is selected among the 16 different signatures within a first certain length of the access slot, and it is transmitted.

If the preamble is transmitted from the terminal, a base station transmits a response signal via an Acquisition indicator channel (AICH) which is a downlink physical channel. The AICH, in response to the preamble, transmits a signature that was selected within the first certain length of the access slot. Here, the base station transmits an ACK response or a NACK response to the terminal by means of the transmitted signature from the AICH.

If the ACK response is received, the terminal transmits a 10 ms or 20 ms length of the message part using an OVSF code that correspond with the transmitted signature. If the NACK response is received, the MAC of the terminal instructs the PRACH transmission again to the physical layer of the terminal after a certain time period. Also, if no AICH is received with respect to the transmitted preamble, the terminal transmits a new preamble with a higher power compared to that used for the previous preamble after a predetermined access slot.

FIG. 5 illustrates an exemplary structure of an Acquisition Indicator Channel (AICH).

As shown in FIG. 5, the AICH, which is a downlink physical channel, transmits 16 symbol signatures (Si, i=0, . . . 15) for the access slot having a length of 5120 chips. The terminal may select any arbitrary signature (Si) from S0 signature to S15 signature, and then transmits the selected signature during the first 4096 chips length. The remaining 1024 chips length is set as a transmission power off period during which no symbol is transmitted. Also, as similar to FIG. 51 the preamble part of the uplink PRACH transmits 16 symbol signatures (Si, i=0, . . . , 15) during the first 4096 chips length.

An Evolved Universal Mobil Telecommunication System (E-UMTS) will be described in more detail as follows.

FIG. 6 shows an exemplary structure of an Evolved Universal Mobile Telecommunication System (E-UMTS). The E-UMTS system is a system that has evolved from the UMTS system, and its standardization work is currently being performed by the 3GPP standards organization.

The E-UMTS network generally comprises at least one mobile terminal (i.e., user equipment: UE), base stations (i.e., Node Bs), a control plane server (CPS) that performs radio (wireless) control functions, a radio resource management (RRM) entity that performs radio resource management functions, a mobility management entity (MME) that performs mobility management functions for a mobile terminal, and an access gateway (AG) that is located at an end of the E-UMTS network and connects with one or more external networks. Here, it can be understood that the particular names of the various network entities are not limited to those mentioned above.

The various layers of the radio interface protocol between the mobile terminal and the network may be divided into L1 (Layer 1), L2 (Layer 2), and L3 (Layer 3) based upon the lower three layers of the Open System Interconnection (OSI) standard model that is known the field of communication systems. Among these layers, a physical layer that is part of Layer 1 provides an information transfer service using a physical channel, while a Radio Resource Control (RRC) layer located in Layer 3 performs the function of controlling radio resources between the mobile terminal and the network. To do so, the RRC layer exchanges RRC messages between the mobile terminal and the network. The functions of the RRC layer may be distributed among and performed within the Node B, the CPS/RRM and/or the MME.

4

FIG. 7 shows an exemplary architecture of the radio interface protocol between the mobile terminal and the UTRAN (UMTS Terrestrial Radio Access Network). The radio interface protocol of FIG. 7 is horizontally comprised of a physical layer, a data link layer, and a network layer, and vertically comprised of a user plane for transmitting user data and a control plane for transferring control signaling. The radio interface protocol layer of FIG. 2 may be divided into L1 (Layer 1), L2 (Layer 2), and L3 (Layer 3) based upon the lower three layers of the Open System Interconnection (OSI) standards model that is known the field of communication systems.

Particular layers of the radio protocol control plane of FIG. 7 and of the radio protocol user plane of FIG. 8 will be described below. The physical layer (i.e., Layer 1) uses a physical channel to provide an information transfer service to a higher layer. The physical layer is connected with a medium access control (MAC) layer located thereabove via a transport channel, and data is transferred between the physical layer and the MAC layer via the transport channel. Also, between respectively different physical layers, namely, between the respective physical layers of the transmitting side (transmitter) and the receiving side (receiver), data is transferred via a physical channel.

The MAC layer of Layer 2 provides services to a radio link control (RLC) layer (which is a higher layer) via a logical channel. The RLC layer of Layer 2 supports the transmission of data with reliability. It should be noted that the RLC layer in FIG. 7 is depicted in dotted lines, because if the RLC functions are implemented in and performed by the MAC layer, the RLC layer itself may not need to exist. The PDCP layer of Layer 2 performs a header compression function that reduces unnecessary control information such that data being transmitted by employing Internet protocol (IP) packets, such as IPv4 or IPv6, can be efficiently sent over a radio (wireless) interface that has a relatively small bandwidth.

The radio resource control (RRC) layer located at the lowermost portion of Layer 3 is only defined in the control plane, and handles the control of logical channels, transport channels, and physical channels with respect to the configuration, re-configuration and release of radio bearers (RB). Here, the RB refers to a service that is provided by Layer 2 for data transfer between the mobile terminal and the UTRAN.

As for channels used in downlink transmission for transmitting data from the network to the mobile terminal, there is a broadcast channel (BCH) used for transmitting system information, and a shared channel (SCH) used for transmitting user traffic or control messages. Also, as a downlink transport channel, there is a downlink Shared Control Channel (SCCH) that transmits necessary control information for the terminal to receive the downlink SCH. The downlink SCCH transmission includes information regarding a data variation, a data channel coding technique, and a data size where the data is transmitted to the downlink SCH.

As for channels used in uplink transmission for transmitting data from the mobile terminal to the network, there is a random access channel (RACH) used for transmitting an initial control message, and a shared channel (SCH) used for transmitting user traffic or control messages. Also, in an uplink transport channel, there is an uplink Shared Control Channel (SCCH) that transmits necessary control information for the terminal to receive the uplink SCH. The uplink SCCH transmission includes information regarding a data variation, a data channel coding technique, and a data size where the data is transmitted to the uplink SCH.

In the related art, when the mobile terminal moves from a source cell to a target cell, the mobile terminal uses a RACH

to transmit a cell update message to the target cell. Namely, in order to transmit the cell update message, the terminal uses the RACH for an uplink time synchronization with the target cell and for an uplink resource allocation. However, due to a collision possibility of the RACH, the message transmission my be delayed, and a handover processing time is increased because of the possibility of RACH collision.

## SUMMARY

The present invention has been developed in order to solve the above described problems of the related art. As a result, the present invention provides a method of transmitting and receiving control radio connection information that allows a faster and an efficient way of accessing a terminal to a target base station while performing a handover for the terminal to a cell of the target base station.

## BRIEF DESCRIPTION OF THE DRAWINGS

FIG. **1** shows an exemplary diagram illustrating an Universal Mobile Telecommunication System (UMTS) network of a conventional mobile communication system.

FIG. **2** shows an exemplary diagram illustrating a structure of a Radio Interface Protocol (RIP) between a UE and the UTRAN.

FIG. **3** shows an exemplary diagram for explaining how a RRC connection is established.

FIG. **4** shows how the physical random access channel (PRACH) power ramping and message transmission may be performed.

FIG. **5** illustrates an exemplary structure of an Acquisition Indicator Channel (AICH).

FIG. **6** shows an overview of an E-UMTS network architecture.

FIGS. **7** and **8** show an exemplary structure (architecture) of a radio interface protocol between a mobile terminal and a UTRAN according to the 3GPP radio access network standard.

FIG. **9** shows an exemplary diagram for transmitting and receiving radio connection information according to an exemplary embodiment of the present invention.

## DESCRIPTION

One aspect of the present invention is the recognition by the present inventors regarding the problems and drawbacks of the related art described above and explained in more detail hereafter. Based upon such recognition, the features of the present invention have been developed.

In the related art, when the mobile terminal moves from a source cell to a target cell, the mobile terminal uses a RACH to transmit a cell update message to the target cell. However, because of a possibility for a RACH collision (i.e. the same signature is being selected from multiple terminals that use of the RACH), the processing time for the handover process may be delayed.

In contrast, the features of the present invention provide that the terminal receives necessary information from a source cell in advance (i.e., before the terminal transmits a RACH setup request to a network) in order to utilize the RACH in a later step. As a result, the terminal can connect with the target cell with minimal delays.

It should be noted that the features of the present invention may be related to issues regarding the long-term evolution (LTE) of the 3GPP standard. As such, the 3GPP standard and its related sections or portions thereof, as well as various

developing enhancements thereof pertain to the present invention. For example, in present invention, a source enhanced Node B (eNB) may manage the source cell described above and a target enhanced Node B (eNB) may manage the target cell.

FIG. **9** shows an exemplary diagram for transmitting and receiving radio connection information according to an exemplary embodiment of the present invention.

As illustrated in FIG. **9**, the UE (or terminal) (**10**) may transmit a measurement report to the source eNB (**12**) by measuring a condition of a downlink physical channel for other cells periodically or upon the occurrence of event (i.e., user command, setting information, etc) (S**10**). As the measurement report is transmitted to the source eNB with a result for the measured condition of the downlink physical channel for other cells, the eNB may determine which cell, that the UE will be moved to, has a better channel condition compared to the current cell.

Using the measurement report which contains information about the condition of the downlink physical channel for other cells, the source eNB (**12**) may determine whether to perform a handover for the UE (**10**) from a current cell to the other cell, or whether to keep the UE in current cell (S**11**).

If the UE (**10**) needs to perform handover from the source eNB to an other particular cell, the source eNB (**12**) may transmit a handover request message to the target eNB (**14**) in order to request a handover for the UE to the target eNB. (S**12**) Here, the handover request message may include a UE identification (ID) and/or a buffer state of the UE.

If the target eNB (**14**) allows the handover to be performed for the UE upon receiving the handover request from the source eNB (**12**); the target eNB (**14**) may transmit a handover confirm message to the source eNB (**12**) (S**13**). The handover confirm message may include information that may be necessary in the course of connecting the UE (**10**) to the target cell. Namely, the necessary information may include information used in the RACH which is used for performing a radio access procedure from the UE to the target eNB. For example, when the RACH is being used while the UE accesses to the target eNB, the UE may utilize a preamble which is selected from signatures contained in the UE. System information transmitted from the eNB may include signatures related information. So, the UE may transmit the preamble to the eNB after selecting one of the signatures. However, in some cases, one or more UEs could select a same signature because there are a limited number of signatures. Therefore, if two or more UEs transmit the preamble of the same signature to the eNB at the same time, the eNB can not possibly determine which UE transmitted such preamble. To avoid this from happening, the UE should not transmit a preamble that is selected from the signatures used in the RACH during the handover; but rather, the UE may transmit a preamble of a previously defined signature through the handover confirm message from the target eNB. Here, the target eNB may acknowledge the mapping relationship between an UE's ID and the signature, where the UE's ID is transmitted from the Handover Request Message. Therefore, when the UE transmits the preamble to the target eNB for establishing a radio connection to the target cell, the target eNB may determine an ID of the UE using the preamble. Also, the Handover Confirm message may include a transmission characteristic of the preamble that is transmitted from the UE (**10**) to the target eNB (**14**). The transmission characteristic may relate to frequency and time used in transmitting the preamble information.

If the source eNB (**12**) receives the Handover confirm message of the UE from the target eNB (**14**), the source eNB

US 7,809,373 B2

7

(12) may transmit a Handover Command message to the UE (10). (S14) The Handover Command message may include necessary information which comes from the target eNB, for establishing the radio connection to the target eNB. Also, the Handover Command message may include information of the signature and the preamble which is to be used in the access procedure to the target eNB.

The UE (10), which received the handover command message from the source eNB (12), may utilize the RACH for establishing the radio connection between the UE and the target eNB. (S15) Here, the preamble transmission of the UE is based upon information in the handover command message received from the source eNB (12). Also, if the information includes system information of the target eNB (14), the UE (10) may perform a radio accessing procedure without reading broadcast system information from the target eNB (14). For example, when the UE performs to establish the radio connection with a new cell, the UE usually reads system information of the corresponding eNB after time synchronization of the downlink. Since the system information includes information related to a radio access request message from the UE to an uplink, the radio accessing is performed after reading the system information. However, according to the present invention, the UE (10) may perform the radio access procedure without reading the system information in the target cell, as the system information of the target eNB is previously transmitted to the source eNB in advance and the system information was included in the handover command message.

The target eNB (14) may receive the preamble of the UE. Since the target eNB (14) already allocates a signature used in the preamble to the UE in the use of handover, the UE can be identified by the preamble. The target eNB (14) may allocate the uplink radio resource to the UE (10) for the UE to access the target eNB and to transmit the handover complete message to the target eNB. (S16) Also, the allocated radio resources information may be transmitted to the UE (10) via a downlink SCH. Alternatively, the allocated radio resources information may be transmitted via a downlink SCCH. Further, the allocated radio resources may be transmitted within an ACK/NACK signaling.

The UE (10) may transmit the handover complete message to the target eNB (14) based on a scheduling grant of the target eNB. (S17) If the scheduling grant includes information of allocated radio resources upon an allocation request of the uplink radio resources of the UE, the scheduling grant may be transmitted with the ACK/NACK signaling of the preamble transmitted from the UE (10). In this case, the Handover complete message from the UE may include a buffer state of the UE or its related information. If the allocated uplink radio resources, which is transmitted from the target eNB (14) to the UE (10), is sufficient, the handover complete message may be transmitted with additional traffic data when there is additional uplink traffic data.

It can be said that the present invention provides a method of transmitting access information in a mobile communications system, the method comprising: deciding to perform a handover for a terminal to a cell of a target base station; transmitting, to the target base station, a handover request for performing a handover from a source base station to the target base station; receiving access information from the target base station that received the handover request, wherein the access information is then transmitted to the terminal to access the target base station; receiving a measurement report from the terminal; determining whether to perform a handover based upon the received measurement report; and transmitting a handover command that contains the access

8

information to the terminal upon receiving the response by the source base station, wherein the measurement report includes a downlink physical channel condition for multiple cells including the cell of the target base station, the handover request includes at least one of terminal identification (ID) information and/or buffer state information of the terminal, the access information is random access information, the access information is for a random access channel (RACH), the access information includes at least one of signature information and/or preamble information, the signature information is determined by the target base station based upon terminal identification information, the preamble information includes frequency information and time information, and the handover command includes access information which contains at least one of signature information and/or preamble information to allow the terminal to access the target base station.

Also, the present invention may provide a method of transmitting access information in a mobile communications system, the method comprising: receiving, from a source base station, a handover request for performing a handover from the source base station to a target base station; transmitting access information to the source base station upon receiving the handover request, wherein the access information is used to allow a terminal to access the target base station; allocating a radio resource for an uplink and transmitting radio resource allocation information to the terminal; receiving, from the terminal, preamble information of the terminal; and receiving a handover complete message from the terminal, wherein the radio resource allocation information is transmitted to the terminal through at least one of a downlink shared channel (SCH) and a downlink shared control channel (SCCH), an ACK/NACK signal includes the allocated resource information, the preamble information is used to identify the terminal, the handover complete message includes at least one of buffer state information of the terminal and uplink traffic data, and the handover complete message includes uplink traffic data if the radio resource allocation for the uplink is sufficient to transmit the uplink traffic data.

It can be said that the present invention provides a method of receiving access information in mobile communications system, the method comprising: receiving access information from a source base station after a handover is accepted by a target base station; performing a random access procedure with the target base station using the received access information; transmitting a measurement report to the source base station by measuring a condition of a downlink physical channel for other cells, the measuring performed periodically or upon an occurrence of an event; transmitting the preamble information to the target base station for performing a radio access procedure with the target cell; receiving, from a network, radio resource information through a downlink shared channel (SCCH); receiving, from a network, radio resource information within an ACK/NACK signaling; and transmitting a handover complete message to the target base station, wherein the measurement report is used to determine whether to perform a handover from a current cell to an other cell, the access information is random access information for a random access channel (RACH) which includes preamble information within signature information, the access information includes a transmission characteristic of the preamble information, the transmission characteristic relates to frequency and time used in transmitting the preamble information, the access information includes system information transmitted from the target base station, and the handover complete message includes at least one of buffer state information of the terminal and uplink traffic data.

US 7,809,373 B2

9

The present invention also may provide a mobile terminal for establishing a radio connection to a target base station in a mobile communications system, the mobile terminal comprising: a radio protocol adapted to receive access information from a source base station after a handover is accepted by the target base station and to perform a random access procedure with the target base station using the received access information, wherein the source base station is a source enhanced Node B (source eNB) and the target base station is a target enhanced Node B (target eNB) respectively in an Evolved Universal Mobile Telecommunication System (E-UMTS).

Although the present invention is described in the context of mobile communications, the present invention may also be used in any wireless communication systems using mobile devices, such as PDAs and laptop computers equipped with wireless communication capabilities (i.e. interface). Moreover, the use of certain terms to describe the present invention should not limit the scope of the present invention to a certain type of wireless communication system. the present invention is also applicable to other wireless communication systems using different air interfaces and/or physical layers, for example, TDMA, CDMA, FDMA, WCDMA, OFDM, EV-DO, Mobile Wi-Max, Wi-Bro, etc.

The preferred embodiments may be implemented as a method, apparatus or article of manufacture using standard programming and/or engineering techniques to produce software, firmware, hardware, or any combination thereof. The term "article of manufacture" as used herein refers to code or logic implemented in hardware logic (e.g., an integrated circuit chip, Field Programmable Gate Array (FPGA), Application Specific Integrated Circuit (ASIC), etc.) or a computer readable medium (e.g., magnetic storage medium (e.g., hard disk drives, floppy disks, tape, etc.), optical storage (CD-ROMs, optical disks, etc.), volatile and non-volatile memory devices (e.g., EEPROMs, ROMs, PROMs, RAMs, DRAMs, SRAMs, firmware, programmable logic, etc).

Code in the computer readable medium is accessed and executed by a processor. The code in which preferred embodiments are implemented may further be accessible through a transmission media or from a file server over a network. In such cases, the article of manufacture in which the code is implemented may comprise a transmission media, such as a network transmission line, wireless transmission media, signals propagating through space, radio waves, infrared signals, etc. Of course, those skilled in the art will recognize that many modifications may be made to this configuration without departing from the scope of the present invention, and that the article of manufacture may comprise any information bearing medium known in the art.

This specification describes various illustrative embodiments of the present invention. The scope of the claims is intended to cover various modifications and equivalent arrangements of the illustrative embodiments disclosed in the specification. Therefore, the following claims should be accorded the reasonably broadest interpretation to cover modifications, equivalent structures, and features that are consistent with the spirit and scope of the invention disclosed herein.

The invention claimed is:

1. A method of transmitting access information in a mobile communications system, the method comprising:
  deciding to perform a handover for a terminal to a cell of a target base station;

10

  transmitting, from a source base station to the target base station, a handover request for performing a handover of the terminal from the source base station to the target base station;
  receiving, at the source base station, access information from the target base station that received the handover request, wherein the receiving of the access information occurs after the transmitting of the handover request; and
  transmitting, from the source base station to the terminal, the access information being configured to permit the terminal to access the target base station;
  wherein the access information includes preamble information for a random access procedure,
  wherein the preamble information is a dedicated preamble used only for a specific terminal, and
  wherein the dedicated preamble is determined by the target base station.

2. The method of claim 1, further comprising:
  receiving a measurement report from the terminal.

3. The method of claim 2, wherein the measurement report includes a downlink physical channel condition for multiple cells including the cell of the target base station.

4. The method of claim 3, further comprising:
  determining whether to perform a handover based upon the received measurement report.

5. The method of claim 1, wherein the access information is for a random access channel (RACH).

6. The method of claim 1, wherein the preamble information includes frequency information and time information.

7. The method of claim 1, further comprising: transmitting a handover command that contains the access information to the terminal upon receiving the access information by the source base station.

8. A method of transmitting access information in a mobile communications system, the method comprising:
  receiving, at a target base station from a source base station, a handover request for performing a handover of a terminal from the source base station to the target base station; and
  transmitting, from the target base station to the source base station, access information upon receiving the handover request, wherein the access information is used to allow the terminal to access the target base station,
  wherein the access information includes preamble information for a random access procedure,
  wherein the preamble information is a dedicated preamble used only for a specific terminal, and
  wherein the dedicated preamble is determined by the target base station.

9. The method of claim 8, further comprising: allocating a radio resource for an uplink and transmitting radio resource allocation information to the terminal.

10. The method of claim 9, wherein the radio resource allocation information transmits to the terminal through at least one of a downlink shared channel (SCH) and a downlink shared control channel (SCCH).

11. The method of claim 10, wherein an ACK/NACK signal includes the allocated resource information.

12. The method of claim 8, wherein the preamble information is used to identify the terminal.

13. The method of claim 8, further comprising:
  receiving a handover complete message from the terminal.

14. The method of claim 13, wherein the handover complete message includes uplink traffic data if the radio resource allocation for the uplink is sufficient to transmit the uplink traffic data.

11

**15**. A method of receiving access information in a mobile communications system, the method comprising:

receiving access information from a source base station after a handover request is accepted by a target base station,

wherein the access information includes preamble information for a random access procedure,

wherein the preamble information is a dedicated preamble used only for a specific terminal, and

wherein the dedicated preamble is determined by the target base station; and

performing the random access procedure with the target base station using the received access information, such that the access information is configured to permit the terminal to access the target base station.

**16**. The method of claim **15**, further comprising:

transmitting a measurement report to the source base station by measuring a condition of a downlink physical channel for other cells, the measuring performed periodically or upon an occurrence of an event.

**17**. The method of claim **16**, wherein the measurement report is used to determine whether to perform a handover from a current cell to one of the other cells.

**18**. The method of claim **15**, further comprising:

transmitting the preamble information to the target base station for performing a radio access procedure with the target cell.

**19**. The method of claim **15**, wherein the access information includes a transmission characteristic of the preamble information, and the transmission characteristic relates to frequency and time used in transmitting the preamble information.

**20**. The method of claim **15**, wherein the access information includes system information transmitted from the target base station.

12

**21**. The method of claim **15**, further comprising:

receiving, from a network, radio resource information through a downlink shared channel (SCCH).

**22**. The method of claim **15**, further comprising:

receiving, from a network, radio resource information within an ACK/NACK signaling.

**23**. The method of claim **15**, further comprising:

transmitting a handover complete message to the target base station.

**24**. A mobile terminal for establishing a radio connection to a target base station in a mobile communications system, the mobile terminal comprising:

a radio protocol adapted to receive access information from a source base station after a handover request is accepted by the target base station and to perform a random access procedure with the target base station using the received access information, such that the access information is configured to permit the terminal to access the target base station,

wherein the access information includes preamble information for the random access procedure,

wherein the preamble information is a dedicated preamble used only for a specific terminal, and

wherein the dedicated preamble is determined by the target base station.

**25**. The terminal of claim **24**, wherein the source base station is a source enhanced Node B (source eNB) and the target base station is a target enhanced Node B (target eNB) respectively configured in an Evolved Universal Mobile Telecommunication System (E-UMTS).

**26**. The method of claim **1**, wherein the access information permits the terminal to access the target base station via a random access channel (RACH).

*    *    *    *    *

**U.S. District Court**
**District of Delaware (Wilmington)**
**CIVIL DOCKET FOR CASE #: 1:15–cv–00543–JFB–SRF**

| | |
|---|---|
| Evolved Wireless, LLC v. HTC Corporation et al | Date Filed: 06/25/2015 |
| Assigned to: Judge Joseph F. Bataillon | Date Terminated: 12/03/2019 |
| Referred to: Judge Sherry R. Fallon | Jury Demand: Plaintiff |
| Related Cases:  1:15–cv–00542–JFB–SRF | Nature of Suit: 830 Patent |
| 1:15–cv–00544–JFB–SRF | Jurisdiction: Federal Question |
| 1:15–cv–00545–JFB–SRF | |
| 1:15–cv–00546–JFB–SRF | |
| 1:15–cv–00547–JFB–SRF | |

 Case in other court:  Federal Circuit, 20–01335
Cause: 35:271 Patent Infringement

**Plaintiff**

| | | |
|---|---|---|
| **Evolved Wireless, LLC** | represented by | **Brian E. Farnan** |
| | | Farnan LLP |
| | | 919 North Market Street |
| | | 12th Floor |
| | | Wilmington, DE 19801 |
| | | (302) 777–0300 |
| | | Fax: (302) 777–0301 |
| | | Email: bfarnan@farnanlaw.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Andrea L. Gothing** |
| | | Email: agothing@robinskaplan.com |
| | | *PRO HAC VICE* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Andrew D. Hedden** |
| | | Email: ahedden@robinskaplan.com |
| | | *TERMINATED: 02/11/2019* |
| | | *PRO HAC VICE* |
| | | |
| | | **Andrew J. Wright** |
| | | Email: andrew@nbafirm.com |
| | | *PRO HAC VICE* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Annie Huang** |
| | | Email: ahuang@RobinsKaplan.com |
| | | *PRO HAC VICE* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Anthony F. Schlehuber** |
| | | Email: aschlehuber@bakerdonelson.com |
| | | *TERMINATED: 01/02/2019* |
| | | *PRO HAC VICE* |
| | | |
| | | **Austin B. Miller** |
| | | Email: abmiller@RobinsKaplan.com |
| | | *PRO HAC VICE* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Benjamen C. Linden** |
| | | Email: Blinden@RobinsKaplan.com |
| | | *PRO HAC VICE* |
| | | *ATTORNEY TO BE NOTICED* |

**Christopher G. Granaghan**
Email: chris@nbafirm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher K. Larus**
Email: clarus@robinskaplan.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eric M. Albritton**
Email: ema@nbafirm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John K. Harting**
Email: jharting@robinskaplan.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marla R. Butler**
Email: mbutler@robinskaplan.com
*TERMINATED: 05/01/2019*
*PRO HAC VICE*

**Michael J. Farnan**
Farnan LLP
919 North Market Street
12th Floor
Wilmington, DE 19801
302–777–0338
Fax: 302–421–5870
Email: mfarnan@farnanlaw.com
*ATTORNEY TO BE NOTICED*

**Rajin S. Olson**
Email: rolson@robinskaplan.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan E. Dornberger**
Email: rdornberger@robinskaplan.com
*TERMINATED: 07/27/2018*
*PRO HAC VICE*

**Ryan M. Schultz**
Email: rschultz@robinskaplan.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**HTC Corporation**                    represented by    **Eric K. Gill**
Email: egill@sheppardmullin.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ericka J. Schulz**
Email: eschulz@sheppardmullin.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**James V. Fazio**
Email: JFazio@sheppardmullin.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kayla E. Page**
Email: kpage@sheppardmullin.com
*TERMINATED: 06/05/2017*

**Martin R. Bader**
Email: mbader@sheppardmullin.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew M. Mueller**
Email: mmueller@sheppardmullin.com
*TERMINATED: 03/14/2016*
*PRO HAC VICE*

**Nam H. Kim**
Email: nkim@sheppardmullin.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen S. Korniczky**
Email: skorniczky@sheppardmullin.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tyler E. Baker**
Email: tbaker@sheppardmullin.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Philip A. Rovner**
Potter Anderson & Corroon, LLP
1313 N. Market St., Hercules Plaza, 6th
Flr.
P.O. Box 951
Wilmington, DE 19899–0951
(302) 984–6000
Email: provner@potteranderson.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**HTC America Inc.**                    represented by   **Ericka J. Schulz**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**James V. Fazio**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kayla E. Page**
(See above for address)
*TERMINATED: 06/05/2017*

**Martin R. Bader**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew M. Mueller**
(See above for address)
*TERMINATED: 03/14/2016*
*PRO HAC VICE*

**Nam H. Kim**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen S. Korniczky**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Philip A. Rovner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**HTC Corporation**                 represented by  **Philip A. Rovner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**HTC America Inc.**                 represented by  **Philip A. Rovner**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Evolved Wireless, LLC**             represented by  **Brian E. Farnan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrea L. Gothing**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher K. Larus**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ryan M. Schultz**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/25/2015 | 1 | COMPLAINT FOR PATENT INFRINGEMENT filed with jury demand against HTC America Inc., HTC Corporation – Magistrate Consent Notice to Pltf. ( Filing fee $ 400, receipt number 0311–1745904.) – filed by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Appendix A, # 8 Civil Cover Sheet)(mas, ) (Entered: 06/26/2015) |
| 06/25/2015 | 2 | Notice, Consent and Referral forms re: U.S. Magistrate Judge jurisdiction. (mas, ) (Entered: 06/26/2015) |
| 06/25/2015 | 3 | Report to the Commissioner of Patents and Trademarks for Patent/Trademark Number(s) US 7,746,916 B2; US 7,768,965 B2; US 7,809,373 B2; US 7,881,236 B2; US 8,218,481 B2. (mas, ) |

| | | |
|---|---|---|
| | | (Entered: 06/26/2015) |
| 06/26/2015 | | Summons Issued with Magistrate Consent Notice attached as to HTC America Inc. on 6/26/2015. Requesting party or attorney should pick up issued summons at the Help Desk, Room 4209, or call 302–573–6170 and ask the Clerk to mail the summons to them. (mas, ) (Entered: 06/26/2015) |
| 06/26/2015 | 4 | Disclosure Statement pursuant to Rule 7.1: No Parents or Affiliates Listed filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 06/26/2015) |
| 07/01/2015 | | Case Assigned to Judge Sue L. Robinson. Please include the initials of the Judge (SLR) after the case number on all documents filed. Associated Cases: CA 15–542 through CA 15–547 (inclusive)(bkb) (Entered: 07/01/2015) |
| 07/08/2015 | 5 | SUMMONS Returned Executed by Evolved Wireless, LLC. HTC America Inc. served on 6/29/2015, answer due 7/20/2015. (Farnan, Brian) (Entered: 07/08/2015) |
| 07/13/2015 | 6 | MOTION for Pro Hac Vice Appearance of Attorney Christopher K. Larus, Andrea L. Gothing, and Ryan M. Schultz – filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 07/13/2015) |
| 07/14/2015 | | SO ORDERED, re (6 in 1:15–cv–00544–SLR, 6 in 1:15–cv–00545–SLR, 6 in 1:15–cv–00543–SLR, 6 in 1:15–cv–00546–SLR, 7 in 1:15–cv–00542–SLR) MOTION for Pro Hac Vice Appearance of Attorney Christopher K. Larus, Andrea L. Gothing, and Ryan M. Schultz filed by Evolved Wireless, LLC. Signed by Judge Sue L. Robinson on 7/14/2015. Associated Cases: 1:15–cv–00542–SLR, 1:15–cv–00543–SLR, 1:15–cv–00544–SLR, 1:15–cv–00545–SLR, 1:15–cv–00546–SLR(fms) (Entered: 07/14/2015) |
| 07/15/2015 | | Pro Hac Vice Attorney Ryan M. Schultz, Andrea L. Gothing, Christopher K. Larus for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:15–cv–00542–SLR, 1:15–cv–00543–SLR, 1:15–cv–00544–SLR, 1:15–cv–00545–SLR(klc) (Entered: 07/15/2015) |
| 07/15/2015 | 7 | STIPULATION TO EXTEND TIME for Defendants to move, answer or otherwise respond to the Complaint to 9/21/2015 – filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 07/15/2015) |
| 07/19/2015 | | SO ORDERED, re 7 STIPULATION TO EXTEND TIME for Defendants to move, answer or otherwise respond to the Complaint to 9/21/2015 filed by Evolved Wireless, LLC, Set/Reset Answer Deadlines: HTC America Inc. answer due 9/21/2015; HTC Corporation answer due 9/21/2015. Signed by Judge Sue L. Robinson on 7/19/2015. (fms) (Entered: 07/19/2015) |
| 09/17/2015 | 8 | ORDER, on or before October 1, 2015, counsel for plaintiff shall inform the court as to whether the need for coordinated discovery and/or Markman proceedings is anticipated as to the above cases and, if so, when a joint scheduling conference might most efficiently be conducted. ORDER Setting Deadlines: ( Notice of Compliance deadline set for 10/1/2015.). Signed by Judge Sue L. Robinson on 9/17/2015. Associated Cases: 1:15–cv–00542–SLR et al.(nmfn) (Entered: 09/17/2015) |
| 09/18/2015 | 9 | Letter to The Honorable Sue L. Robinson from Brian E. Farnan regarding Case Coordination and Scheduling. (Farnan, Brian) (Entered: 09/18/2015) |
| 09/21/2015 | 10 | ANSWER to 1 Complaint, with Jury Demand *Affirmative Defenses*, COUNTERCLAIM against Evolved Wireless, LLC by HTC Corporation, HTC America Inc..(Rovner, Philip) (Entered: 09/21/2015) |
| 09/22/2015 | 11 | Order Setting In–Person Scheduling Conference: A Scheduling Conference is set for 10/14/2015 at 04:00 PM in Courtroom 4B before Judge Sue L. Robinson. Signed by Judge Sue L. Robinson on 9/22/2015. Associated Cases: 1:15–cv–00542–SLR et al.(nmfn) (Main Document 11 replaced on 10/13/2015) (nmfn, ). (Entered: 09/22/2015) |
| 09/22/2015 | 12 | MOTION for Pro Hac Vice Appearance of Attorney STEPHEN S. KORNICZKY, MARTIN R. BADER, MATTHEW M. MUELLER, KAYLA E. PAGE AND NAM H. KIM – filed by HTC America Inc., HTC Corporation. (Rovner, Philip) (Entered: 09/22/2015) |
| 09/22/2015 | | SO ORDERED, re 12 MOTION for Pro Hac Vice Appearance of Attorney STEPHEN S. KORNICZKY, MARTIN R. BADER, MATTHEW M. MUELLER, KAYLA E. PAGE AND NAM H. KIM filed by HTC America Inc., HTC Corporation. Signed by Judge Sue L. Robinson on 9/22/2015. (fms) (Entered: 09/22/2015) |

| 09/24/2015 | | Pro Hac Vice Attorney Matthew M. Mueller, Kayla E. Page, Martin R. Bader, Nam H. Kim, Stephen S. Korniczky for HTC America Inc. and HTC Corporation added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (cna) (Entered: 09/24/2015) |
|---|---|---|
| 10/09/2015 | 13 | Disclosure Statement pursuant to Rule 7.1: identifying Corporate Parent HTC Corporation for HTC America Inc. filed by HTC America Inc., HTC Corporation. (Rovner, Philip) (Entered: 10/09/2015) |
| 10/13/2015 | | CORRECTING ENTRY: The pdf of the 9/22/2015 Order setting an In−Person Scheduling Conference has been replaced with a corrected version to reflect that 10/14/2015 is a Wednesday. Associated Cases: 1:15−cv−00542−SLR et al.(nmfn) (Entered: 10/13/2015) |
| 10/13/2015 | 14 | PROPOSED ORDER Proposed Scheduling Order by Evolved Wireless, LLC. (Attachments: # 1 Letter to The Honorable Sue L. Robinson, # 2 Attachment)(Farnan, Brian) (Entered: 10/13/2015) |
| 10/13/2015 | 15 | ANSWER to 10 Answer to Complaint, Counterclaim by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 10/13/2015) |
| 10/14/2015 | | Minute Entry for proceedings held before Judge Sue L. Robinson − Scheduling Conference held on 10/14/2015. (Court Reporter V. Gunning.) Counsel to submit the final proposed scheduling order to the court. Associated Cases: 1:15−cv−00542−SLR et al.(nmfn) (Entered: 10/15/2015) |
| 11/09/2015 | 16 | PROPOSED ORDER Proposed Scheduling Order by Evolved Wireless, LLC. (Attachments: # 1 Letter to The Honorable Sue L. Robinson)(Farnan, Brian) (Entered: 11/09/2015) |
| 11/10/2015 | | SO ORDERED, re (16 in 1:15−cv−00543−SLR, 20 in 1:15−cv−00545−SLR, 17 in 1:15−cv−00544−SLR, 19 in 1:15−cv−00546−SLR, 16 in 1:15−cv−00542−SLR, 21 in 1:15−cv−00547−SLR) SCHEDULING ORDER: Case referred to the Magistrate Judge for the purpose of exploring ADR. Case referred to the Magistrate Judge for discovery and all motions to dismiss, amend, transfer and any discovery motions permitted by the Magistrate Judge.( Joinder of Parties due by 4/13/2016., Amended Pleadings due by 4/13/2016., Fact Discovery completed by 12/21/2016., Expert Discovery due by 4/28/2017., A Status Conference is set for 11/3/2016 at 04:30 PM in Courtroom 4B before Judge Sue L. Robinson, Dispositive Motions due by 5/18/2017., An Oral Argument is set for 9/1/2017 at 09:30 AM in Courtroom 4B before Judge Sue L. Robinson., A Telephone Conference is set for 1/6/2016 at 02:00 PM before Judge Sue L. Robinson., Claim Construction Opening Brief due by 6/16/2016., Claim Construction Answering Brief due by 7/22/2016., Claim Construction Reply Brief due by 8/19/2016., Claim Construction Surreply Brief due by 9/9/2016., A Markman Hearing is set for 9/23/2016 at 09:30 AM in Courtroom 4B before Judge Sue L. Robinson., A Status Conference re: Expert Discovery is set for 5/3/2017 at 04:30 PM in Courtroom 4B before Judge Sue L. Robinson., A Final Pretrial Conference is set for 1/17/2018 at 04:30 PM in Courtroom 4B before Judge Sue L. Robinson., A Jury Trial is set for 2/5/2018 at 09:00 AM in Courtroom 4B before Judge Sue L. Robinson.). Signed by Judge Sue L. Robinson on 11/10/2015. Motions referred to Magistrate Judge Sherry R. Fallon.Associated Cases: 1:15−cv−00542−SLR et al.(nmfn) (Entered: 11/10/2015) |
| 11/11/2015 | 17 | NOTICE OF SERVICE of Evolved Wireless's Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 11/11/2015) |
| 11/12/2015 | 18 | NOTICE OF SERVICE of DEFENDANT HTC CORPORATION AND HTC AMERICA, INC.'S INITIAL DISCLOSURES filed by HTC America Inc., HTC Corporation.(Rovner, Philip) Modified on 11/12/2015 (lih). (Entered: 11/12/2015) |
| 11/13/2015 | 19 | NOTICE OF SERVICE of Evolved Wireless's Disclosure of Asserted Patents, Accused Products, and Initial Damages Model filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 11/13/2015) |
| 12/14/2015 | 20 | NOTICE OF SERVICE of Evolved Wireless's Disclosure of the Asserted Patent Claims the Accused Products Infringe filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 12/14/2015) |
| 12/31/2015 | 21 | Letter to The Honorable Sue L. Robinson from Brian E. Farnan regarding Parties' Competing IPR Proposals. (Farnan, Brian) (Entered: 12/31/2015) |
| 01/06/2016 | | Minute Entry for proceedings held before Judge Sue L. Robinson − Telephone Conference held on 1/6/2016. (Court Reporter V. Gunning.) Associated Cases: 1:15−cv−00542−SLR−SRF et al.(nmfn) (Entered: 01/06/2016) |

| 01/13/2016 | 22 | MOTION for Pro Hac Vice Appearance of Attorney Ericka J. Schulz – filed by HTC America Inc., HTC Corporation. Motions referred to Sherry R. Fallon.(Rovner, Philip) (Entered: 01/13/2016) |
| 01/13/2016 | | SO ORDERED, re 22 MOTION for Pro Hac Vice Appearance of Attorney Ericka J. Schulz filed by HTC America Inc., HTC Corporation. Signed by Judge Sue L. Robinson on 1/13/2016. (fms) (Entered: 01/13/2016) |
| 01/14/2016 | 23 | MOTION for Pro Hac Vice Appearance of Attorney Benjamen C. Linden, Andrew D. Hedden, Ryan E. Dornberger, and Anthony F. Schlehuber – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Brian) (Entered: 01/14/2016) |
| 01/14/2016 | | SO ORDERED, re (25 in 1:15–cv–00546–SLR–SRF, 23 in 1:15–cv–00544–SLR–SRF, 23 in 1:15–cv–00543–SLR–SRF, 26 in 1:15–cv–00545–SLR–SRF, 22 in 1:15–cv–00542–SLR–SRF) MOTION for Pro Hac Vice Appearance of Attorney Benjamen C. Linden, Andrew D. Hedden, Ryan E. Dornberger, and Anthony F. Schlehuber filed by Evolved Wireless, LLC. Signed by Judge Sue L. Robinson on 1/14/2016. Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00544–SLR–SRF, 1:15–cv–00545–SLR–SRF, 1:15–cv–00546–SLR–SRF(fms) (Entered: 01/14/2016) |
| 01/14/2016 | 24 | NOTICE OF SERVICE of Defendant HTC Corporation and HTC America, Inc.'s Production of Documents and Information Pursuant to Paragraph 2(c)(9) of the Court's Scheduling Order [Confidential–Attorneys' Eyes Only Pursuant to D. Del. LR 26.2] filed by HTC America Inc., HTC Corporation.(Rovner, Philip) (Entered: 01/14/2016) |
| 01/19/2016 | | Pro Hac Vice Attorney Ryan E. Dornberger for Evolved Wireless, LLC for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00544–SLR–SRF, 1:15–cv–00545–SLR–SRF, 1:15–cv–00546–SLR–SRF(cna) (Entered: 01/19/2016) |
| 01/20/2016 | | Pro Hac Vice Attorney Benjamin C. Linden for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00544–SLR–SRF, 1:15–cv–00545–SLR–SRF, 1:15–cv–00546–SLR–SRF(cna) (Entered: 01/20/2016) |
| 01/21/2016 | | Pro Hac Vice Attorney Andrew D. Hedden, Anthony F. Schlehuber for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00544–SLR–SRF, 1:15–cv–00545–SLR–SRF, 1:15–cv–00546–SLR–SRF(klc) (Entered: 01/21/2016) |
| 02/05/2016 | 25 | Letter to The Honorable Sue L. Robinson from Kelly E. Farnan, Esquire regarding Follow–up re: January 6, 2016 teleconference with Your Honor. (Farnan, Kelly) (Entered: 02/05/2016) |
| 02/08/2016 | | Pro Hac Vice Attorney Ericka J. Schulz for HTC America Inc., HTC Corporation added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (klc) (Entered: 02/08/2016) |
| 02/12/2016 | 26 | NOTICE OF SERVICE of Evolved Wireless's Disclosure of Initial Infringement Contentions filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 02/12/2016) |
| 02/15/2016 | 27 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's First Set of Requests for Production (Nos. 1–14) and Plaintiff Evolved Wireless's First Set of Common Interrogatories (Nos. 1–7) filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 02/15/2016) |
| 02/22/2016 | 28 | NOTICE OF SERVICE of Defendants' First Set of Common Interrogatories to Plaintiff Evolved Wireless, LLC filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc..(Smith, Rodger) (Entered: 02/22/2016) |
| 03/02/2016 | 29 | MOTION for Teleconference to Resolve Protective Order Disputes – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Michael) (Entered: 03/02/2016) |
| 03/03/2016 | | SO ORDERED– re (29 in 1:15–cv–00543–SLR–SRF, 28 in 1:15–cv–00542–SLR–SRF, 32 in 1:15–cv–00545–SLR–SRF, 29 in 1:15–cv–00544–SLR–SRF, 30 in 1:15–cv–00546–SLR–SRF) MOTION for Teleconference to Resolve Protective Order Disputes. A Telephone Conference is set for 3/8/2016 at 03:00 PM before Judge Sherry R. Fallon. Counsel for the plaintiff shall initiate the call to 302–573–4557. In preparation for this |

| | | hearing the parties shall follow the Discovery Matters and Disputes procedure as set forth in the Order regarding discovery matters available at www.ded.uscourts.gov/judge/magistrate–judge–sherry–r–fallon. Set Deadlines: (Moving Submission due by no later than 3:00 pm on 3/3/2016., Responsive submission due by no later than 3:00 pm on 3/4/2016.) Signed by Judge Sherry R. Fallon on 3/3/2016. Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00544–SLR–SRF, 1:15–cv–00545–SLR–SRF, 1:15–cv–00546–SLR–SRF(lih) (Entered: 03/03/2016) |
|---|---|---|
| 03/03/2016 | 30 | Letter to The Honorable Sherry R. Fallon from Bindu A. Palapura, Esquire regarding Defendants' opening discovery dispute letter regarding proposed protective order. (Attachments: # 1 Exhibit 1–4)(Palapura, Bindu) (Entered: 03/03/2016) |
| 03/03/2016 | 31 | MOTION for Judgment on the Pleadings, MOTION to Strike 10 Answer to Complaint, Counterclaim – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Brian) (Entered: 03/03/2016) |
| 03/03/2016 | 32 | OPENING BRIEF in Support re 31 MOTION for Judgment on the Pleadings, MOTION to Strike 10 Answer to Complaint, Counterclaim filed by Evolved Wireless, LLC.Answering Brief/Response due date per Local Rules is 3/21/2016. (Farnan, Brian) Modified on 3/4/2016 (lih). (Entered: 03/03/2016) |
| 03/03/2016 | | Motions No Longer Referred: 31 MOTION for Judgment on the Pleadings MOTION to Strike 10 Answer to Complaint, Counterclaim *[Plaintiff's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and Motion to Strike Pursuant to Fed. R. Civ. P. 12(f)]* The automatic referral generated by the systems has been removed for this motion. (nmfn) (Entered: 03/04/2016) |
| 03/04/2016 | 33 | Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Response to Defendants' March 3, 2016 Letter – re (30 in 1:15–cv–00543–SLR–SRF, 29 in 1:15–cv–00542–SLR–SRF, 31 in 1:15–cv–00546–SLR–SRF, 30 in 1:15–cv–00544–SLR–SRF, 33 in 1:15–cv–00545–SLR–SRF) Letter. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Farnan, Brian) (Entered: 03/04/2016) |
| 03/08/2016 | | Minute Entry for proceedings held before Judge Sherry R. Fallon – Telephone Conference held on 3/8/2016. (Court Reporter T. Carroll (Hawkins Reporting).) Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 03/09/2016) |
| 03/08/2016 | | ORAL ORDER– re (29 in 1:15–cv–00543–SLR–SRF, 28 in 1:15–cv–00542–SLR–SRF, 32 in 1:15–cv–00545–SLR–SRF, 29 in 1:15–cv–00544–SLR–SRF, 30 in 1:15–cv–00546–SLR–SRF, 1:15–cv–00547–SLR–SRF) MOTION for Teleconference to Resolve Protective Order Disputes. IT IS HEREBY ORDERED that: the transcript of the teleconference held on 3/8/2016 shall serve as the order of the court. Ordered by Judge Sherry R. Fallon on 3/8/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 03/09/2016) |
| 03/09/2016 | 34 | STIPULATION TO EXTEND TIME for Defendants' to respond to Plaintiff's Motions for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and Motions to Strike Pursuant to Fed. R. Civ. P. 12(f) to April 4, 2016 – filed by Apple Inc.. (Palapura, Bindu) (Entered: 03/09/2016) |
| 03/10/2016 | | SO ORDERED, re (35 in 1:15–cv–00546–SLR–SRF, 37 in 1:15–cv–00547–SLR–SRF, 34 in 1:15–cv–00543–SLR–SRF, 33 in 1:15–cv–00542–SLR–SRF) STIPULATION TO EXTEND TIME for Defendants' to respond to Plaintiff's Motions for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and Motions to Strike Pursuant to Fed. R. Civ. P. 12(f) to April 4, 2016 filed by Apple Inc., Set Briefing Schedule: re MOTION for Judgment on the Pleadings MOTION to Strike (Answering Brief due 4/4/2016.) Signed by Judge Sue L. Robinson on 3/10/2016. Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00546–SLR–SRF, 1:15–cv–00547–SLR–SRF(nmfn) (Entered: 03/10/2016) |
| 03/14/2016 | 35 | NOTICE requesting Clerk to remove Matthew M. Mueller as co–counsel. Reason for request: no longer with the firm of Sheppard, Mullin, Richter & Hampton, LLP. (Rovner, Philip) (Entered: 03/14/2016) |
| 03/14/2016 | 36 | NOTICE OF SERVICE of Defendants' Initial Invalidity Contentions filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., ZTE |

|  |  | Corporation, ZTE Solutions Inc., Lenovo (United States) Inc., Lenovo Group Ltd., Motorola Mobility LLC.(Choa, Jonathan) (Entered: 03/14/2016) |
|---|---|---|
| 03/15/2016 | 37 | PROPOSED Protective Order by Evolved Wireless, LLC. (Farnan, Michael) Modified on 3/16/2016 (lih). (Entered: 03/15/2016) |
| 03/17/2016 | 38 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's Second Set of Common Interrogatories (Nos. 8–9) filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 03/17/2016) |
| 03/21/2016 |  | SO ORDERED– re (37 in 1:15–cv–00546–SLR–SRF, 33 in 1:15–cv–00544–SLR–SRF, 35 in 1:15–cv–00542–SLR–SRF, 39 in 1:15–cv–00545–SLR–SRF, 37 in 1:15–cv–00543–SLR–SRF) Stipulated Protective Order. Signed by Judge Sherry R. Fallon on 3/21/2016. Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00544–SLR–SRF, 1:15–cv–00545–SLR–SRF, 1:15–cv–00546–SLR–SRF(lih) (Entered: 03/21/2016) |
| 03/24/2016 | 39 | NOTICE OF SERVICE of Defendant HTC Corporation and HTC America, Inc.'s Responses to Plaintiff Evolved Wireless's First Set of Requests for Production (Nos. 1–14) and Defendant HTC Corporation and HTC America, Inc.'s Responses to Plaintiff Evolved Wireless's First Set of Interrogatories (Nos. 1–7) [Confidential – Attorneys' Eyes Only] filed by HTC America Inc., HTC Corporation.(Rovner, Philip) (Entered: 03/24/2016) |
| 03/25/2016 | 40 | NOTICE OF SERVICE of Defendants' Common Requests for Production (Request Nos. 1–14) to Plaintiff Evolved Wireless, LLC filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc..(Smith, Rodger) (Entered: 03/25/2016) |
| 03/28/2016 | 41 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's Answers and Objections to Defendants' First Set of Common Interrogatories (Nos. 1–12) filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 03/28/2016) |
| 04/04/2016 | 42 | ANSWERING BRIEF in Opposition re 31 MOTION for Judgment on the Pleadings, MOTION to Strike 10 Answer to Complaint, Counterclaim filed by HTC America Inc., HTC Corporation.Reply Brief due date per Local Rules is 4/14/2016. (Rovner, Philip) Modified on 4/5/2016 (lih). (Entered: 04/04/2016) |
| 04/13/2016 | 43 | STIPULATION TO EXTEND TIME to Exchange Proposed Claim Constructions to April 26, 2016 – filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Russell, Andrew) (Entered: 04/13/2016) |
| 04/13/2016 |  | SO ORDERED, re (43 in 1:15–cv–00546–SLR–SRF, 46 in 1:15–cv–00545–SLR–SRF, 41 in 1:15–cv–00542–SLR–SRF, 46 in 1:15–cv–00547–SLR–SRF, 38 in 1:15–cv–00544–SLR–SRF, 43 in 1:15–cv–00543–SLR–SRF) STIPULATION TO EXTEND TIME to Exchange Proposed Claim Constructions to April 26, 2016 filed by Samsung Electronics Co. Ltd., Samsung Electronics America Inc. Signed by Judge Sue L. Robinson on 4/13/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(fms) (Entered: 04/13/2016) |
| 04/14/2016 | 44 | STIPULATION TO EXTEND TIME for Plaintiff to submit its Reply Brief in support of its Motions for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and Motions to Strike Pursuant to Fed. R. Civ. P. 12(f) to 4/21/2016 – filed by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 04/14/2016) |
| 04/14/2016 |  | SO ORDERED, re (44 in 1:15–cv–00543–SLR–SRF, 44 in 1:15–cv–00546–SLR–SRF, 42 in 1:15–cv–00542–SLR–SRF) STIPULATION TO EXTEND TIME for Plaintiff to submit its Reply Brief in support of its Motions for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and Motions to Strike Pursuant to Fed. R. Civ. P. 12(f) to 4/21/2016 filed by Evolved Wireless, LLC, Set Briefing Schedule: re (30 in 1:15–cv–00542–SLR–SRF MOTION for Judgment on the Pleadings MOTION to Strike (9) Answer to Complaint, Counterclaim *[Plaintiff's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and Motion to Strike Pursuant to Fed. R. Civ. P. 12(f)]*, (31 in 1:15–cv–00543–SLR–SRF) MOTION for Judgment on the Pleadings MOTION to Strike (10) Answer to Complaint, Counterclaim *[Plaintiff's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and Motion to Strike Pursuant to Fed. R. Civ. P. 12(f)]*, (32 in 1:15–cv–00546–SLR–SRF) MOTION to Strike (10) Answer to Complaint, Counterclaim *[Plaintiff's Motion to Strike Pursuant to Fed. R. Civ. P. 12(f)]*. (Reply Brief due 4/21/2016.). Signed by Judge Sue L. Robinson on 4/14/2016. Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00546–SLR–SRF(fms) (Entered: 04/14/2016) |

| 04/19/2016 | 45 | NOTICE OF SERVICE of Defendant HTC Corporation and HTC America, Inc.'s Responses to Plaintiff Evolved Wireless's Second Set of Interrogatories (Nos. 8–9) filed by HTC America Inc., HTC Corporation.(Rovner, Philip) (Entered: 04/19/2016) |
|---|---|---|
| 04/21/2016 | 46 | REPLY BRIEF re 31 MOTION for Judgment on the Pleadings, MOTION to Strike 10 Answer to Complaint, Counterclaim filed by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Farnan, Brian) Modified on 4/22/2016 (lih). (Entered: 04/21/2016) |
| 04/27/2016 | 47 | NOTICE OF SERVICE of Defendants' Preliminary Identification of Terms Needing Construction and Proposed Constructions filed by HTC America Inc., HTC Corporation.(Palapura, Bindu) (Entered: 04/27/2016) |
| 04/27/2016 | 48 | NOTICE OF SERVICE of Evolved Wireless's Identification of Claim Terms and Proposed Constructions filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 04/27/2016) |
| 04/28/2016 | 49 | NOTICE of Subpoenas to Qualcomm Incorporated by Evolved Wireless, LLC (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Farnan, Michael) (Entered: 04/28/2016) |
| 04/28/2016 | 50 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's Objections and Responses to Defendants' Common Requests for Production (Request Nos. 1–14) filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 04/28/2016) |
| 05/02/2016 | 51 | ORDER– A Discovery Review Hearing is set for 5/18/2016 at 10:00 AM in Courtroom 6C before Judge Sherry R. Fallon. Signed by Judge Sherry R. Fallon on 5/2/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 05/02/2016) |
| 05/09/2016 | 52 | MOTION for Hearing to Resolve Discovery Disputes – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Michael) (Entered: 05/09/2016) |
| 05/09/2016 | | SO ORDERED– re (51 in 1:15–cv–00542–SLR–SRF, 53 in 1:15–cv–00546–SLR–SRF, 46 in 1:15–cv–00544–SLR–SRF, 52 in 1:15–cv–00543–SLR–SRF, 53 in 1:15–cv–00545–SLR–SRF) MOTION for Hearing to Resolve Discovery Disputes, (54 in 1:15–cv–00547–SLR–SRF) Joint MOTION for Hearing to Resolve Discovery Disputes. The discovery dispute shall be heard during the discovery review hearing set in this matter for 5/18/2016 at 10:00 AM in courtroom 6C before Judge Sherry R. Fallon. In preparation for this hearing the parties shall follow the Discovery Matters and Disputes procedure as set forth in the Order regarding discovery matters available at www.ded.uscourts.gov/judge/magistrate–judge–sherry–r–fallon. Set Deadlines: (Moving Submission(s) due by no later than 3:00 PM on 5/11/2016., Responsive submission(s) due by no later than 3:00 PM on 5/13/2016.) Ordered by Judge Sherry R. Fallon on 5/9/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 05/09/2016) |
| 05/11/2016 | 53 | Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Discovery Dispute. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Farnan, Brian) (Entered: 05/11/2016) |
| 05/13/2016 | 54 | Letter to The Honorable Sherry R. Fallon from David E. Moore, Esquire regarding responsive discovery dispute letter – re (53 in 1:15–cv–00543–SLR–SRF, 52 in 1:15–cv–00542–SLR–SRF, 54 in 1:15–cv–00545–SLR–SRF, 47 in 1:15–cv–00544–SLR–SRF, 54 in 1:15–cv–00546–SLR–SRF) Letter, (55 in 1:15–cv–00547–SLR–SRF) Letter. (Attachments: # 1 Exhibit A)(Moore, David) (Entered: 05/13/2016) |
| 05/17/2016 | 55 | CLAIM Construction Chart by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A)(Farnan, Brian) (Entered: 05/17/2016) |
| 05/18/2016 | | Minute Entry for proceedings held before Judge Sherry R. Fallon – Discovery Review and Dispute Hearing held on 5/18/2016. (Court Reporter T. Carroll (Hawkins Reporting).) Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 05/19/2016) |
| 05/19/2016 | | ORAL ORDER– re (51 in 1:15–cv–00542–SLR–SRF, 53 in 1:15–cv–00546–SLR–SRF, 46 in 1:15–cv–00544–SLR–SRF, 52 in 1:15–cv–00543–SLR–SRF, 53 in 1:15–cv–00545–SLR–SRF) MOTION for Hearing to Resolve Discovery Disputes, (54 in 1:15–cv–00547–SLR–SRF) Joint MOTION for Hearing to Resolve Discovery Disputes. IT IS HEREBY ORDERED that: the transcript of the hearing held on 5/18/2016 shall serve as the order of the court. Ordered by Judge Sherry R. Fallon on 5/19/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 05/19/2016) |

| 05/26/2016 | | Re–Set Deadlines/Hearings: Claim Construction Answering Brief due by 8/25/2016. The In–Person Status Conference is rescheduled for 12/12/2016 at 04:30 PM in Courtroom 4B before Judge Sue L. Robinson. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 05/26/2016) |
| 06/01/2016 | 56 | OBJECTIONS by Evolved Wireless, LLC to Oral Order,, . (Attachments: # 1 Exhibit A)(Farnan, Brian) (Entered: 06/01/2016) |
| 06/01/2016 | 57 | STATEMENT re (50 in 1:15–cv–00544–SLR–SRF, 56 in 1:15–cv–00543–SLR–SRF, 58 in 1:15–cv–00546–SLR–SRF, 55 in 1:15–cv–00542–SLR–SRF, 58 in 1:15–cv–00545–SLR–SRF) Objections by Evolved Wireless, LLC. (Farnan, Brian) Modified on 6/2/2016 (lih). (Entered: 06/01/2016) |
| 06/15/2016 | 58 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's Third Set of Common Interrogatories (Nos. 10–16) filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 06/15/2016) |
| 06/15/2016 | 59 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's Second Set of Requests for Production (Nos. 15–28) filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 06/15/2016) |
| 06/15/2016 | 60 | RESPONSE TO OBJECTIONS by Apple Inc., Lenovo (United States) Inc., Lenovo Group Ltd., Motorola Mobility LLC re (50 in 1:15–cv–00544–SLR–SRF, 56 in 1:15–cv–00543–SLR–SRF, 58 in 1:15–cv–00546–SLR–SRF, 55 in 1:15–cv–00542–SLR–SRF, 58 in 1:15–cv–00545–SLR–SRF) Objections filed on behalf of all Defendants. (Attachments: # 1 Exhibit A)(Moore, David) Modified on 6/16/2016 (lih). (Entered: 06/15/2016) |
| 06/16/2016 | 61 | CLAIM CONSTRUCTION OPENING BRIEF filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 06/16/2016) |
| 06/16/2016 | 62 | DECLARATION of Ryan M. Schultzre (55 in 1:15–cv–00544–SLR–SRF) Claim Construction Opening Brief, (66 in 1:15–cv–00545–SLR–SRF) Claim Construction Opening Brief, (60 in 1:15–cv–00542–SLR–SRF) Claim Construction Opening Brief, (63 in 1:15–cv–00546–SLR–SRF) Claim Construction Opening Brief, (61 in 1:15–cv–00543–SLR–SRF) Claim Construction Opening Brief by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Farnan, Brian) Modified on 6/21/2016 (lih). (Entered: 06/16/2016) |
| 06/16/2016 | 63 | Joint APPENDIX of Patents At Issue and File Wrappers by Evolved Wireless, LLC. (Attachments: # 1 Tab 1, # 2 Tab 2 – Part 1 of 6, # 3 Tab 2 – Part 2 of 6, # 4 Tab 2 – Part 3 of 6, # 5 Tab 2 – Part 4 of 6, # 6 Tab 2 – Part 5 of 6, # 7 Tab 2 – Part 6 of 6, # 8 Tab 3, # 9 Tab 4 – Part 1 of 5, # 10 Tab 4 – Part 2 of 5, # 11 Tab 4 – Part 3 of 5, # 12 Tab 4 – Part 4 of 5, # 13 Tab 4 – Part 5 of 5, # 14 Tab 5, # 15 Tab 6 – Part 1 of 13, # 16 Tab 6 – Part 2 of 13, # 17 Tab 6 – Part 3 of 13, # 18 Tab 6 – Part 4 of 13, # 19 Tab 6 – Part 5 of 13, # 20 Tab 6 – Part 6 of 13, # 21 Tab 6 – Part 7 of 13, # 22 Tab 6 – Part 8 of 13, # 23 Tab 6 – Part 9 of 13, # 24 Tab 6 – Part 10 of 13, # 25 Tab 6 – Part 11 of 13, # 26 Tab 6 – Part 12 of 13, # 27 Tab 6 – Part 13 of 13, # 28 Tab 7, # 29 Tab 8 – Part 1 of 5, # 30 Tab 8 – Part 2 of 5, # 31 Tab 8 – Part 3 of 5, # 32 Tab 8 – Part 4 of 5, # 33 Tab 8 – Part 5 of 5, # 34 Tab 9, # 35 Tab 10 – Part 1 of 10, # 36 Tab 10 – Part 2 of 10, # 37 Tab 10 – Part 3 of 10, # 38 Tab 10 – Part 4 of 10, # 39 Tab 10 – Part 5 of 10, # 40 Tab 10 – Part 6 of 10, # 41 Tab 10 – Part 7 of 10, # 42 Tab 10 – Part 8 of 10, # 43 Tab 10 – Part 9 of 10, # 44 Tab 10 – Part 10 of 10)(Farnan, Brian) Modified on 6/21/2016 (lih). (Entered: 06/16/2016) |
| 06/22/2016 | 64 | Joint MOTION for Teleconference to Resolve Discovery Disputes – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Brian) (Entered: 06/22/2016) |
| 06/22/2016 | | Set Hearings: A Telephone Conference is set for 6/23/2016 at 04:30 PM before Judge Sue L. Robinson Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 06/22/2016) |
| 06/22/2016 | | SO ORDERED– re 64 Joint MOTION for Teleconference to Resolve Discovery Disputes. A Telephone Conference is set for 8/11/2016 at 11:00 AM before Judge Sherry R. Fallon. Counsel for the plaintiff shall initiate the call to 302–573–4557. In preparation for this hearing the parties shall follow the Discovery Matters and Disputes procedure as set forth in the Order regarding discovery matters available at www.ded.uscourts.gov/judge/magistrate–judge–sherry–r–fallon. Signed by Judge Sherry R. Fallon on 6/22/2016. (lih) (Entered: 06/22/2016) |
| 06/23/2016 | | Minute Entry for proceedings held before Judge Sue L. Robinson – Telephone Conference held on 6/23/2016. (Court Reporter V. Gunning.) Associated Cases: 1:15–cv–00542–SLR–SRF et al.(fms) (Entered: 06/23/2016) |

| 07/05/2016 | 65 | STIPULATION TO EXTEND TIME (i) Plaintiff's Supplemental Opening Claim Construction Brief; (ii) Defendants' Answering Claim Construction Brief; (iii) Plaintiff's Reply Claim Construction Brief; and (iv) Defendants' Surreply Claim Construction Brief to (i) 7/8/2016 (ii) 8/12/2016 (iii) 9/15/2016 and (iv) 9/30/2016 – filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 07/05/2016) |
|---|---|---|
| 07/08/2016 | 66 | NOTICE OF SERVICE of Defendant HTC Corporation and HTC America, Inc.'s Supplemental Responses to Plaintiff Evolved Wireless's Second Set of Interrogatories (Nos. 8–9) filed by HTC America Inc., HTC Corporation.(Rovner, Philip) (Entered: 07/08/2016) |
| 07/08/2016 | 67 | Supplemental CLAIM CONSTRUCTION OPENING BRIEF filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 07/08/2016) |
| 07/08/2016 | 68 | DECLARATION of Dr. Todor Cooklev re (74 in 1:15–cv–00545–SLR–SRF) Claim Construction Opening Brief, (67 in 1:15–cv–00543–SLR–SRF) Claim Construction Opening Brief, (68 in 1:15–cv–00546–SLR–SRF) Claim Construction Opening Brief, (59 in 1:15–cv–00544–SLR–SRF) Claim Construction Opening Brief, (65 in 1:15–cv–00542–SLR–SRF) Claim Construction Opening Brief by Evolved Wireless, LLC. (Attachments: # 1 Appendix 1, # 2 Appendix 2, # 3 Appendix 3, # 4 Appendix 4)(Farnan, Brian) Modified on 7/11/2016 (lih). (Entered: 07/08/2016) |
| 07/11/2016 | 69 | ORDER re (70 in 1:15–cv–00545–SLR–SRF, 67 in 1:15–cv–00546–SLR–SRF, 65 in 1:15–cv–00543–SLR–SRF, 58 in 1:15–cv–00544–SLR–SRF, 63 in 1:15–cv–00542–SLR–SRF) STIPULATION TO EXTEND TIME (i) Plaintiff's Supplemental Opening Claim Construction Brief; (ii) Defendants' Answering Claim Construction Brief; (iii) Plaintiff's Reply Claim Construction Brief; and (iv) Defendants' Surreply Claim Co filed by Evolved Wireless, LLC, (65 in 1:15–cv–00547–SLR–SRF) STIPULATION TO EXTEND TIME Various Deadlines to Various Dates Listed filed by Evolved Wireless, LLC. ( Claim Construction Answering Brief due by 8/12/2016., Claim Construction Reply Brief due by 9/15/2016., Claim Construction Surreply Brief due by 9/30/2016., A Claim Construction Hearing is set for 10/6/2016 at 01:00 PM in Courtroom 4B before Judge Sue L. Robinson.). Signed by Judge Sue L. Robinson on 7/11/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(fms) (Entered: 07/11/2016) |
| 07/15/2016 | 70 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's First Supplemental Objections and Responses to Defendants' Common Requests for Production (Request Nos. 1–14) filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 07/15/2016) |
| 07/15/2016 | 71 | NOTICE OF SERVICE of Defendant HTC Corporation and HTC America, Inc.'s Responses to Plaintiff Evolved Wireless's Third Set of Interrogatories (Nos. 10–16) [Confidential – Attorneys' Eyes Only] and Defendant HTC Corporation and HTC America, Inc.'s Responses to Plaintiff Evolved Wireless's Second Set of Requests for Production (Nos. 15–28) filed by HTC America Inc., HTC Corporation.(Rovner, Philip) (Entered: 07/15/2016) |
| 08/08/2016 | 72 | Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Discovery Dispute. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Farnan, Brian) (Entered: 08/08/2016) |
| 08/09/2016 | 73 | Letter to The Honorable Sherry R. Fallon from Philip A. Rovner regarding Discovery Dispute – re 72 Letter. (Attachments: # 1 Exhibit A)(Rovner, Philip) (Entered: 08/09/2016) |
| 08/10/2016 | | NOTICE: Per Magistrate Judge Fallon's Standing Order Regarding Courtesy Copies, which requires two (2) courtesy copies of all briefs and two (2) copies of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.), please submit to the Clerk's Office a copy of D.I. 73 . (lih) (Entered: 08/10/2016) |
| 08/10/2016 | 74 | MOTION for Judgment on the Pleadings – filed by HTC America Inc., HTC Corporation. (Attachments: # 1 Text of Proposed Order)(Rovner, Philip) (Entered: 08/10/2016) |
| 08/10/2016 | 75 | OPENING BRIEF in Support re 74 MOTION for Judgment on the Pleadings filed by HTC America Inc., HTC Corporation.Answering Brief/Response due date per Local Rules is 8/29/2016. (Rovner, Philip) (Entered: 08/10/2016) |
| 08/10/2016 | 76 | NOTICE OF SERVICE of Evolved Wireless's First Supplemental Identification of Accused Products filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 08/10/2016) |
| 08/11/2016 | 77 | ORDER– re 64 Joint MOTION for Teleconference to Resolve Discovery Disputes. Signed by Judge Sherry R. Fallon on 8/11/2016. (lih) (Entered: 08/11/2016) |

| 08/12/2016 | 78 | CLAIM CONSTRUCTION ANSWERING BRIEF re 61 Claim Construction Opening Brief filed by HTC America Inc., HTC Corporation. (Rovner, Philip) (Entered: 08/12/2016) |
| 08/12/2016 | 79 | DECLARATIONof Dr. Matthew C. Valenti re 78 Claim Construction Answering Brief by HTC America Inc., HTC Corporation. (Rovner, Philip) Modified on 8/15/2016 (lih). (Additional attachment(s) added on 8/15/2016: # 1 Exhibits A–B) (nmfn, ). (Entered: 08/12/2016) |
| 08/12/2016 | 80 | DECLARATION of Charles M. Stiernberg re 78 Claim Construction Answering Brief by HTC America Inc., HTC Corporation. (Attachments: # 1 Exhibit 1–5)(Rovner, Philip) Modified on 8/15/2016 (lih). (Entered: 08/12/2016) |
| 08/15/2016 | | CORRECTING ENTRY: Exhibits A–B have been added to the Declaration of Dr. Matthew C. Valenti per request of filer. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 08/15/2016) |
| 08/19/2016 | 81 | MOTION for Teleconference to Resolve Discovery Dispute – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Michael) (Entered: 08/19/2016) |
| 08/19/2016 | | SO ORDERED– re (71 in 1:15–cv–00544–SLR–SRF, 81 in 1:15–cv–00543–SLR–SRF, 79 in 1:15–cv–00546–SLR–SRF, 91 in 1:15–cv–00545–SLR–SRF) MOTION for Teleconference to Resolve Discovery Dispute, (78 in 1:15–cv–00547–SLR–SRF) Joint MOTION for Teleconference to Resolve Discovery Dispute. A Telephone Conference is set for 9/27/2016 at 11:00 AM before Judge Sherry R. Fallon. Counsel for the plaintiff shall initiate the call to 302–573–4557. In preparation for this hearing the parties shall follow the Discovery Matters and Disputes procedure as set forth in the Order regarding discovery matters available at www.ded.uscourts.gov/judge/magistrate–judge–sherry–r–fallon. Set Deadlines: (Moving Submission(s) due by no later than noon on 9/12/2016., Responsive submission(s) due by no later than noon on 9/13/2016.) Ordered by Judge Sherry R. Fallon on 8/19/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 08/19/2016) |
| 08/23/2016 | 82 | NOTICE of Issuance of Subpoena upon Techquity Capital Management, LLC by HTC America Inc., HTC Corporation (Attachments: # 1 Exhibit A)(Rovner, Philip) (Entered: 08/23/2016) |
| 08/23/2016 | 83 | NOTICE of Issuance of Subpoena upon TQ Lambda LLC by HTC America Inc., HTC Corporation (Attachments: # 1 Exhibit A)(Rovner, Philip) (Entered: 08/23/2016) |
| 08/26/2016 | 84 | STIPULATION TO EXTEND TIME for Plaintiff to file Answering Brief in Opposition to Defendants' Motion for Judgment on the Pleadings to 9/12/2016 – filed by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 08/26/2016) |
| 08/29/2016 | | SO ORDERED, re (84 in 1:15–cv–00543–SLR–SRF, 78 in 1:15–cv–00542–SLR–SRF, 82 in 1:15–cv–00546–SLR–SRF, 94 in 1:15–cv–00545–SLR–SRF, 73 in 1:15–cv–00544–SLR–SRF) STIPULATION TO EXTEND TIME for Plaintiff to file Answering Brief in Opposition to Defendants' Motion for Judgment on the Pleadings to 9/12/2016 filed by Evolved Wireless, LLC, Set Briefing Schedule: re (71 in 1:15–cv–00542–SLR–SRF) MOTION for Judgment on the Pleadings , (74 in 1:15–cv–00543–SLR–SRF) MOTION for Judgment on the Pleadings , (66 in 1:15–cv–00544–SLR–SRF) MOTION for Judgment on the Pleadings , (85 in 1:15–cv–00545–SLR–SRF) MOTION for Judgment on the Pleadings , (73 in 1:15–cv–00546–SLR–SRF) MOTION for Judgment on the Pleadings . (Answering Brief due 9/12/2016.). Signed by Judge Sue L. Robinson on 8/29/2016. Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00544–SLR–SRF, 1:15–cv–00545–SLR–SRF, 1:15–cv–00546–SLR–SRF(fms) (Entered: 08/29/2016) |
| 09/02/2016 | 85 | ORDER, Rescheduling Hearings(The Markman Hearing is rescheduled for 10/6/2016 at 02:00 PM in Courtroom 4B before Judge Sue L. Robinson.). Signed by Judge Sue L. Robinson on 9/1/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 09/02/2016) |
| 09/07/2016 | 86 | MOTION for Pro Hac Vice Appearance of Attorney Marla R. Butler – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Brian) (Entered: 09/07/2016) |
| 09/07/2016 | | SO ORDERED– re (97 in 1:15–cv–00545–SLR–SRF, 84 in 1:15–cv–00546–SLR–SRF, 86 in 1:15–cv–00543–SLR–SRF, 75 in 1:15–cv–00544–SLR–SRF, 80 in 1:15–cv–00542–SLR–SRF) MOTION for Pro Hac Vice Appearance of Attorney Marla R. Butler. Signed by Judge Sherry R. Fallon on 9/7/2016. Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00544–SLR–SRF, 1:15–cv–00545–SLR–SRF, 1:15–cv–00546–SLR–SRF(lih) (Entered: 09/07/2016) |

| 09/07/2016 | 87 | Letter to The Honorable Sherry R. Fallon from Philip A. Rovner, Esq. regarding Production of license agreement – re 77 Order. (Rovner, Philip) (Entered: 09/07/2016) |
|---|---|---|
| 09/09/2016 | 88 | NOTICE OF SERVICE of Defendants' Supplemental Disclosure of Invalidity References filed by ZTE (USA) Inc..(Hunter, Travis) (Entered: 09/09/2016) |
| 09/12/2016 | 89 | Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Discovery Dispute. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Farnan, Brian) (Entered: 09/12/2016) |
| 09/12/2016 | 90 | ANSWERING BRIEF in Opposition re 74 MOTION for Judgment on the Pleadings filed by Evolved Wireless, LLC.Reply Brief due date per Local Rules is 9/22/2016. (Farnan, Brian) (Entered: 09/12/2016) |
| 09/13/2016 | 91 | [SEALED] Letter to the Honorable Sherry R. Fallon from Philip A. Rovner regarding Discovery Dispute – re 89 Letter. (Attachments: # 1 Exhibit A–C)(Rovner, Philip) (Entered: 09/13/2016) |
| 09/15/2016 | 92 | CLAIM CONSTRUCTION REPLY BRIEF filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 09/15/2016) |
| 09/15/2016 | 93 | DECLARATION of Ryan M. Schultz re (85 in 1:15−cv−00542−SLR−SRF) Claim Construction Reply Brief, (80 in 1:15−cv−00544−SLR−SRF) Claim Construction Reply Brief, (92 in 1:15−cv−00543−SLR−SRF) Claim Construction Reply Brief, (89 in 1:15−cv−00546−SLR−SRF) Claim Construction Reply Brief, (103 in 1:15−cv−00545−SLR−SRF) Claim Construction Reply Brief by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Farnan, Brian) Modified on 9/16/2016 (lih). (Entered: 09/15/2016) |
| 09/15/2016 | 94 | DECLARATION of Dr. Todor Cooklev re (92 in 1:15−cv−00543−SLR−SRF) Claim Construction Reply Brief, (85 in 1:15−cv−00542−SLR−SRF) Claim Construction Reply Brief, (80 in 1:15−cv−00544−SLR−SRF) Claim Construction Reply Brief, (89 in 1:15−cv−00546−SLR−SRF) Claim Construction Reply Brief, (103 in 1:15−cv−00545−SLR−SRF) Claim Construction Reply Brief by Evolved Wireless, LLC. (Attachments: # 1 Appendix 1)(Farnan, Brian) Modified on 9/16/2016 (lih). (Entered: 09/15/2016) |
| 09/15/2016 | 95 | NOTICE of Supplemental Authority by Evolved Wireless, LLC (Attachments: # 1 Exhibit A)(Farnan, Brian) (Entered: 09/15/2016) |
| 09/16/2016 | 96 | Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding deposition limits. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Farnan, Michael) (Entered: 09/16/2016) |
| 09/16/2016 | 97 | STIPULATION TO EXTEND TIME for Defendants to file a Reply Brief in further support of their Motion for Judgment on the Pleadings to September 29, 2016 – filed by ZTE (USA) Inc.. (Hunter, Travis) (Entered: 09/16/2016) |
| 09/19/2016 | | NOTICE: Per Magistrate Judge Fallon's Standing Order Regarding Courtesy Copies of discovery dispute documents, which requires two (2) courtesy copies of all letter briefs within one hour of filing, please submit to the Clerk's Office a copy of D.I. # 89 . Associated Cases: 1:15−cv−00542−SLR−SRF, 1:15−cv−00543−SLR−SRF, 1:15−cv−00544−SLR−SRF, 1:15−cv−00545−SLR−SRF, 1:15−cv−00546−SLR−SRF(lih) (Entered: 09/19/2016) |
| 09/19/2016 | | SO ORDERED, re (95 in 1:15−cv−00547−SLR−SRF, 94 in 1:15−cv−00546−SLR−SRF, 85 in 1:15−cv−00544−SLR−SRF, 90 in 1:15−cv−00542−SLR−SRF, 108 in 1:15−cv−00545−SLR−SRF, 97 in 1:15−cv−00543−SLR−SRF) STIPULATION TO EXTEND TIME for Defendants to file a Reply Brief in further support of their Motion for Judgment on the Pleadings to September 29, 2016 filed by ZTE (USA) Inc., Set Briefing Schedule: re (71 in 1:15−cv−00542−SLR−SRF) MOTION for Judgment on the Pleadings , (74 in 1:15−cv−00543−SLR−SRF) MOTION for Judgment on the Pleadings , (66 in 1:15−cv−00544−SLR−SRF) MOTION for Judgment on the Pleadings , (85 in 1:15−cv−00545−SLR−SRF) MOTION for Judgment on the Pleadings , (73 in 1:15−cv−00546−SLR−SRF) MOTION for Judgment on the Pleadings , (72 in 1:15−cv−00547−SLR−SRF) MOTION for Judgment on the Pleadings . (Reply Brief due 9/29/2016.). Signed by Judge Sue L. Robinson on 9/19/2016. Associated Cases: 1:15−cv−00542−SLR−SRF et al.(nmfn) (Entered: 09/19/2016) |
| 09/19/2016 | 98 | REDACTED VERSION of 91 Letter by HTC America Inc., HTC Corporation. (Attachments: # 1 Exhibit A–C)(Rovner, Philip) Modified on 9/20/2016 (lih). (Entered: 09/19/2016) |

| 09/19/2016 | 99 | PROPOSED ORDER Stipulated Supplemental Protective Order between Non Party Qualcomm Incorporated, Plaintiff, and All Defendants by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 09/19/2016) |
|---|---|---|
| 09/20/2016 | 100 | Letter to The Honorable Sherry R. Fallon from David E. Moore, Esquire regarding response to Plaintiff's September 16, 2016 letter regarding deposition limits – re (107 in 1:15−cv−00545−SLR−SRF, 84 in 1:15−cv−00544−SLR−SRF, 93 in 1:15−cv−00546−SLR−SRF, 89 in 1:15−cv−00542−SLR−SRF, 96 in 1:15−cv−00543−SLR−SRF) Letter, (94 in 1:15−cv−00547−SLR−SRF) Letter. (Attachments: # 1 Exhibit 1)(Moore, David) (Entered: 09/20/2016) |
| 09/27/2016 | | Minute Entry for proceedings held before Judge Sherry R. Fallon – Discovery Dispute Telephone Conference held on 9/27/2016. (Court Reporter T. Carroll (Hawkins Reporting).) Associated Cases: 1:15−cv−00542−SLR−SRF et al.(lih) (Entered: 09/27/2016) |
| 09/27/2016 | | ORAL ORDER– re (71 in 1:15−cv−00544−SLR−SRF, 81 in 1:15−cv−00543−SLR−SRF, 79 in 1:15−cv−00546−SLR−SRF, 76 in 1:15−cv−00542−SLR−SRF, 91 in 1:15−cv−00545−SLR−SRF) MOTION for Teleconference to Resolve Discovery Dispute. IT IS HEREBY ORDERED that: the transcript of the 9/27/2016 teleconference shall serve as the order of the court. Ordered by Judge Sherry R. Fallon on 9/27/2016. Associated Cases: 1:15−cv−00542−SLR−SRF et al.(lih) (Entered: 09/27/2016) |
| 09/29/2016 | 101 | Stipulated Amended Supplemental Protective Order Between Non Party Qualcomm Incorporated, Plaintiff, and All Defendants by Evolved Wireless, LLC. (Farnan, Brian) Modified on 10/4/2016 (lih). (Entered: 09/29/2016) |
| 09/29/2016 | 102 | REPLY BRIEF re 74 MOTION for Judgment on the Pleadings filed by HTC America Inc., HTC Corporation. (Rovner, Philip) Modified on 10/4/2016 (lih). (Entered: 09/29/2016) |
| 09/30/2016 | 103 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's First Set of Interrogatories to HTC (No. 1) filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 09/30/2016) |
| 09/30/2016 | 104 | CLAIM CONSTRUCTION SURREPLY BRIEF re 92 Claim Construction Reply Brief filed by HTC America Inc., HTC Corporation. (Rovner, Philip) Modified on 10/4/2016 (lih). (Entered: 09/30/2016) |
| 09/30/2016 | 105 | DECLARATION of Charles M. Stiernberg re 104 Claim Construction Surreply Brief by HTC America Inc., HTC Corporation. (Attachments: # 1 Exhibit 6–7)(Rovner, Philip) Modified on 10/4/2016 (lih). (Entered: 09/30/2016) |
| 09/30/2016 | 106 | STIPULATION regarding Briefing Schedule on Licenses by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 09/30/2016) |
| 10/04/2016 | 107 | NOTICE to Take Deposition of HTC Corporation and HTC America, Inc. on 10/20/2016 filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 10/04/2016) |
| 10/05/2016 | | SO ORDERED– re (101 in 1:15−cv−00543−SLR−SRF, 99 in 1:15−cv−00546−SLR−SRF, 94 in 1:15−cv−00542−SLR−SRF, 89 in 1:15−cv−00544−SLR−SRF, 112 in 1:15−cv−00545−SLR−SRF) Stipulated Amended Supplemental Protective Order, (106 in 1:15−cv−00543−SLR−SRF, 117 in 1:15−cv−00545−SLR−SRF, 94 in 1:15−cv−00544−SLR−SRF, 104 in 1:15−cv−00546−SLR−SRF, 99 in 1:15−cv−00542−SLR−SRF) STIPULATION regarding Briefing Schedule on Licenses. Signed by Judge Sherry R. Fallon on 10/5/2016. Associated Cases: 1:15−cv−00542−SLR−SRF, 1:15−cv−00543−SLR−SRF, 1:15−cv−00544−SLR−SRF, 1:15−cv−00545−SLR−SRF, 1:15−cv−00546−SLR−SRF(lih) (Entered: 10/05/2016) |
| 10/06/2016 | | Minute Entry for proceedings held before Judge Sue L. Robinson – Markman Hearing held on 10/6/2016. (Court Reporter V. Gunning.) Associated Cases: 1:15−cv−00542−SLR−SRF et al.(nmfn) (Entered: 10/12/2016) |
| 10/21/2016 | 108 | [SEALED] OPENING BRIEF in Support Cross−Producing Licenses Across the Related Cases filed by Evolved Wireless, LLC.Answering Brief/Response due date per Local Rules is 11/7/2016. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Farnan, Michael) Modified on 10/24/2016 (lih). (Entered: 10/21/2016) |
| 10/28/2016 | 109 | REDACTED VERSION of (108 in 1:15−cv−00543−SLR−SRF) Opening Brief in Support, (101 in 1:15−cv−00542−SLR−SRF) Opening Brief in Support, (120 in 1:15−cv−00545−SLR−SRF) Opening Brief in Support, (96 in 1:15−cv−00544−SLR−SRF) Opening Brief in Support, (107 in 1:15−cv−00546−SLR−SRF) Opening Brief in Support, by Evolved Wireless, LLC. |

| | | (Attachments: # 1 Exhibits A–C)(Farnan, Brian) (Entered: 10/28/2016) |
|---|---|---|
| 10/31/2016 | 110 | MEMORANDUM OPINION. Signed by Judge Sue L. Robinson on 10/31/2016. Associated Cases: 1:15−cv−00542−SLR−SRF et al.(nmfn) (Entered: 10/31/2016) |
| 10/31/2016 | 111 | ORDER denying (66 in 1:15−cv−00544−SLR−SRF) MOTION for Judgment on the Pleadings (85 in 1:15−cv−00545−SLR−SRF), (72 in 1:15−cv−00547−SLR−SRF), (74 in 1:15−cv−00543−SLR−SRF), (73 in 1:15−cv−00546−SLR−SRF) (71 in 15−cv−00542−SLR−SRF). Signed by Judge Sue L. Robinson on 10/31/2016. Associated Cases: 1:15−cv−00542−SLR−SRF et al.(nmfn) (Entered: 10/31/2016) |
| 11/01/2016 | 112 | NOTICE OF SERVICE of Defendant HTC Corporation and HTC America, Inc.'s Response to Plaintiff Evolved Wireless's First Set of Interrogatories (No. 1) [Confidential – Attorneys' Eyes Only] filed by HTC America Inc., HTC Corporation.(Rovner, Philip) (Entered: 11/01/2016) |
| 11/07/2016 | 113 | NOTICE to Take Deposition of Plaintiff Evolved Wireless, LLC Pursuant to Rule 30(b)(6) on [Mutually Agreed Upon Date] filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Russell, Andrew) (Entered: 11/07/2016) |
| 11/08/2016 | 114 | STIPULATION Amending Scheduling Order by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A)(Farnan, Brian) (Entered: 11/08/2016) |
| 11/09/2016 | 115 | AMENDED SCHEDULING ORDER: Case referred to the Magistrate Judge for the purpose of exploring ADR. Case referred to the Magistrate Judge for discovery and all motions to dismiss, amend, transfer and any discovery motions permitted by the Magistrate Judge. Fact Discovery completed by 3/22/2017. Expert Discovery due by 7/28/2017. A Status Conference is set for 3/2/2017 at 04:30 PM in Courtroom 4B before Judge Sue L. Robinson Dispositive Motions due by 8/15/2017. An Oral Argument is set for 11/21/2017 at 09:30 AM in Courtroom 4B before Judge Sue L. Robinson. A Status Conference re: Expert Discovery is set for 8/22/2017 at 04:30 PM in Courtroom 4B before Judge Sue L. Robinson. A Final Pretrial Conference is set for 3/27/2018 at 04:30 PM in Courtroom 4B before Judge Sue L. Robinson. A Jury Trial is set for 4/23/2018 at 09:00 AM in Courtroom 4B before Judge Sue L. Robinson. Signed by Judge Sue L. Robinson on 11/9/2016. Associated Cases: 1:15−cv−00542−SLR−SRF et al.(nmfn) (Entered: 11/09/2016) |
| 11/14/2016 | 116 | MEMORANDUM ORDER regarding claim construction. Signed by Judge Sue L. Robinson on 11/14/2016. Associated Cases: 1:15−cv−00542−SLR−SRF et al.(fms) (Entered: 11/14/2016) |
| 11/15/2016 | 117 | ANSWERING BRIEF in Opposition re 108 [SEALED] OPENING BRIEF in Support Cross−Producing Licenses Across the Related Cases filed by Non−Parties InterDigital Technology Corporation, IPR Licensing, Inc., and InterDigital Patent Holdings, Inc.. (lih) (Entered: 11/15/2016) |
| 11/15/2016 | 118 | [SEALED] ANSWERING BRIEF in Opposition re 108 [SEALED] OPENING BRIEF in Support Cross−Producing Licenses Across the Related Cases filed by THIRD PARTY NOKIA CORPORATIONS AND ALCATEL LUCENT S.A.. (lih) (Entered: 11/15/2016) |
| 11/15/2016 | 119 | ANSWERING BRIEF in Opposition to 108 Opening Brief in Support of Cross−Producing Licenses Across each Evolved Action filed by HTC America Inc., HTC Corporation.Reply Brief due date per Local Rules is 11/25/2016. (Rovner, Philip) Modified on 11/16/2016 (lih). (Entered: 11/15/2016) |
| 11/22/2016 | 120 | NOTICE OF SERVICE of HTC Corporation, HTC America, Inc.'s Objections to Plaintiff Evolved Wireless, LLC's Notice of Rule 30(b)(6) Deposition to Defendants HTC Corporation and HTC America, Inc. filed by HTC America Inc., HTC Corporation.(Rovner, Philip) (Entered: 11/22/2016) |
| 11/30/2016 | 121 | REDACTED VERSION of (107 in 1:15−cv−00544−SLR−SRF) Answering Brief in Opposition, (130 in 1:15−cv−00545−SLR−SRF) Answering Brief in Opposition, (116 in 1:15−cv−00547−SLR−SRF) Answering Brief in Opposition, (118 in 1:15−cv−00546−SLR−SRF) Answering Brief in Opposition, (118 in 1:15−cv−00543−SLR−SRF) Answering Brief in Opposition, (112 in 1:15−cv−00542−SLR−SRF) Answering Brief in Opposition. (lih) (Entered: 11/30/2016) |
| 11/30/2016 | 122 | STIPULATION TO EXTEND TIME for Plaintiff to file its Reply Brief in support of Cross−Producing Licenses Across the Related Cases to 12/7/2016 – filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 11/30/2016) |

| | | |
|---|---|---|
| 12/02/2016 | | SO ORDERED– re (115 in 1:15–cv–00542–SLR–SRF, 110 in 1:15–cv–00544–SLR–SRF, 136 in 1:15–cv–00545–SLR–SRF, 121 in 1:15–cv–00546–SLR–SRF, 122 in 1:15–cv–00543–SLR–SRF) STIPULATION TO EXTEND TIME for Plaintiff to file its Reply Brief in support of Cross–Producing Licenses Across the Related Cases to 12/7/2016. Signed by Judge Sherry R. Fallon on 12/2/2016. Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00544–SLR–SRF, 1:15–cv–00545–SLR–SRF, 1:15–cv–00546–SLR–SRF(lih) (Entered: 12/02/2016) |
| 12/07/2016 | 123 | REPLY BRIEF re 108 [SEALED] OPENING BRIEF in Support of Cross–Producing Licenses Across the Related Cases filed by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Farnan, Brian) Modified on 12/8/2016 (lih). (Entered: 12/07/2016) |
| 12/07/2016 | 124 | REPLY BRIEF re 108 [SEALED] OPENING BRIEF in Support of Cross–Producing Licenses Across the Related Cases filed by Evolved Wireless, LLC. (Farnan, Brian) Modified on 12/8/2016 (lih). (Entered: 12/07/2016) |
| 12/07/2016 | 125 | REPLY BRIEF re 108 [SEALED] OPENING BRIEF in Support of Cross–Producing Licenses Across the Related Cases filed by Evolved Wireless, LLC. (Farnan, Brian) Modified on 12/8/2016 (lih). (Entered: 12/07/2016) |
| 12/27/2016 | 126 | NOTICE OF SERVICE of Plaintiff Evolved Wireless, LLC's Responses and Objections to Defendants' First Notice of Rule 30(b)(6) Deposition filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 12/27/2016) |
| 01/05/2017 | 127 | NOTICE to Take Deposition of Roberto Loria on 1/18/2017 filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 01/05/2017) |
| 01/17/2017 | 128 | NOTICE OF SERVICE of Defendants' Second Set of Common Interrogatories to Plaintiff Evolved Wireless, LLC filed by HTC America Inc., HTC Corporation.(Rovner, Philip) (Entered: 01/17/2017) |
| 01/17/2017 | 129 | NOTICE OF SERVICE of Defendants HTC Corporation and HTC America, Inc.'s First Set of Interrogatories to Plaintiff Evolved Wireless, LLC filed by HTC America Inc., HTC Corporation.(Rovner, Philip) (Entered: 01/17/2017) |
| 01/25/2017 | 130 | MOTION for Pro Hac Vice Appearance of Attorney Annie Huang – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Brian) (Entered: 01/25/2017) |
| 01/25/2017 | | SO ORDERED– re (130 in 1:15–cv–00543–SLR–SRF, 123 in 1:15–cv–00542–SLR–SRF, 128 in 1:15–cv–00546–SLR–SRF, 118 in 1:15–cv–00544–SLR–SRF, 148 in 1:15–cv–00545–SLR–SRF) MOTION for Pro Hac Vice Appearance of Attorney Annie Huang. Signed by Judge Sherry R. Fallon on 1/25/2017. Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00544–SLR–SRF, 1:15–cv–00545–SLR–SRF, 1:15–cv–00546–SLR–SRF(lih) (Entered: 01/25/2017) |
| 01/27/2017 | | Pro Hac Vice Attorney Annie Huang for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:15–cv–00543–SLR–SRF, 1:15–cv–00544–SLR–SRF, 1:15–cv–00545–SLR–SRF, 1:15–cv–00546–SLR–SRF(ceg) (Entered: 01/27/2017) |
| 01/27/2017 | 131 | NOTICE OF SERVICE of Evolved Wireless's Disclosure of Final Infringement Contentions filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 01/27/2017) |
| 02/14/2017 | 133 | NOTICE of Issuance of Subpoena To Testify at a Deposition in a Civil Action to Qualcomm Incorporated by HTC America Inc., HTC Corporation (Attachments: # 1 Exhibit A)(Rovner, Philip) (Entered: 02/14/2017) |
| 02/15/2017 | | CORRECTING ENTRY: The Notice of Issuance of Subpoena previously found at D.I. 132 has been deleted per request of filer. (nmfn) (Entered: 02/15/2017) |
| 02/15/2017 | 134 | [SEALED] NOTICE of Issuance of Subpoena to Qualcomm Incorporated by HTC America Inc., HTC Corporation (Attachments: # 1 Exhibit A)(Rovner, Philip) (Entered: 02/15/2017) |
| 02/15/2017 | 135 | REDACTED VERSION of 134 Notice (Other) *of Issuance of Subpoena to Qualcomm Incorporated* by HTC America Inc., HTC Corporation. (Attachments: # 1 Exhibit A)(Rovner, Philip) (Entered: 02/15/2017) |

| 02/15/2017 | 136 | NOTICE OF SERVICE of Defendants HTC Corporation and HTC America, Inc.'s First Set of Requests for Admission to Plaintiff Evolved Wireless, LLC filed by HTC America Inc., HTC Corporation.(Rovner, Philip) (Entered: 02/15/2017) |
| 02/16/2017 | 137 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's Objections and Responses to HTC's First Set of Individual Interrogatories filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 02/16/2017) |
| 02/16/2017 | 138 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's Objections and Responses to Defendants' Second Set of Common Interrogatories (Nos. 13–15) filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 02/16/2017) |
| 02/22/2017 | 139 | NOTICE of Issuance of Subpoenas to TechPats by HTC America Inc., HTC Corporation (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Rovner, Philip) (Entered: 02/22/2017) |
| 02/28/2017 | 140 | NOTICE OF SERVICE of Defendants' Invalidity Contentions filed by HTC America Inc., HTC Corporation.(Rovner, Philip) (Entered: 02/28/2017) |
| 03/02/2017 | | Reset Hearings: The In–Person Status Conference is rescheduled for 3/2/2017 at 04:00 PM in Courtroom 4B before Judge Sue L. Robinson. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 03/02/2017) |
| 03/02/2017 | | Minute Entry for proceedings held before Judge Sue L. Robinson – Status Conference held on 3/2/2017. (Court Reporter V. Gunning.) Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 03/02/2017) |
| 03/03/2017 | 141 | NOTICE of Issuance of Subpoenas to Matt DelGiorno by HTC America Inc., HTC Corporation (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Rovner, Philip) (Entered: 03/03/2017) |
| 03/03/2017 | 142 | NOTICE OF SERVICE of (1) Defendants' Notice of 30(b)(6) Subpoena to Techquity Capital Management, LLC (2) Defendants' Notice of 30(b)(6) Subpoena to Lamdba LLC (3) Defendants' Notice of 30(b)(6) Subpoena to Techquity, L.P. (4) Defendants' Notice of 30(b)(6) Subpoena to Techquity, LLC (5) Defendants' Notice of Subpoena to Techquity, L.P. (6) Defendants' Notice of Subpoena to Techquity, LLC filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Russell, Andrew) (Entered: 03/03/2017) |
| 03/07/2017 | 143 | NOTICE to Take Deposition of Lynn Yu on 3/16/2017 filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 03/07/2017) |
| 03/07/2017 | 144 | NOTICE to Take Deposition of Hsiu Lai on 3/17/2017 filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 03/07/2017) |
| 03/07/2017 | 145 | NOTICE to Take Deposition of Frank Wu on 3/14/2017 filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 03/07/2017) |
| 03/13/2017 | 146 | NOTICE OF SERVICE of HTC Corporation and HTC America, Inc.'s Notice of Deposition of Evolved Wireless, LLC, Pursuant to Federal Rule of Civil Procedure 30(b)(6) (Topics 1–13) filed by HTC America Inc., HTC Corporation.(Rovner, Philip) (Entered: 03/13/2017) |
| 03/13/2017 | 147 | NOTICE to Take Deposition of Abha Divine on March 21, 2017 filed by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC.(Palapura, Bindu) (Entered: 03/13/2017) |
| 03/15/2017 | 148 | STIPULATION to Amend Scheduling Order re (114 in 1:15–cv–00546–SLR–SRF, 127 in 1:15–cv–00545–SLR–SRF, 114 in 1:15–cv–00547–SLR–SRF, 115 in 1:15–cv–00543–SLR–SRF, 109 in 1:15–cv–00542–SLR–SRF, 103 in 1:15–cv–00544–SLR–SRF) Scheduling Order,,, (16 in 1:15–cv–00543–SLR–SRF, 20 in 1:15–cv–00545–SLR–SRF, 17 in 1:15–cv–00544–SLR–SRF, 19 in 1:15–cv–00546–SLR–SRF, 16 in 1:15–cv–00542–SLR–SRF) Proposed Order, (21 in 1:15–cv–00547–SLR–SRF) Proposed Order by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Palapura, Bindu) (Entered: 03/15/2017) |
| 03/17/2017 | 149 | NOTICE of Issuance of Subpoena upon Mark Roche c/o Ryan M. Schultz, Robins Kaplan LLP by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC (Attachments: # 1 Exhibit 1)(Palapura, Bindu) (Entered: 03/17/2017) |
| 03/17/2017 | 150 | ORDER granting (149 in 1:15–cv–00546–SLR–SRF, 148 in 1:15–cv–00543–SLR–SRF, 149 in 1:15–cv–00547–SLR–SRF, 165 in 1:15–cv–00545–SLR–SRF, 132 in 1:15–cv–00544–SLR–SRF, 142 in 1:15–cv–00542–SLR–SRF)STIPULATION TO AMEND THE SCHEDULING ORDER. SCHEDULING ORDER: ( Fact Discovery completed by |

| | | |
|---|---|---|
| | | 4/10/2017., Expert Discovery due by 8/18/2017., Dispositive Motions due by 8/31/2017., An Oral Argument is set for 1/5/2018 at 09:30 AM in Courtroom 4B before Judge Sue L. Robinson.). Signed by Judge Sue L. Robinson on 3/17/2017. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 03/17/2017) |
| 03/17/2017 | 151 | NOTICE OF SERVICE of (i) Plaintiff Evolved Wireless, LLC's Responses and Objections to HTC's Notice of Rule 30(b)(6) Deposition and (ii) Plaintiff Evolved Wireless's Objections and Responses to HTC's First Set of Requests for Admission filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 03/17/2017) |
| 03/22/2017 | | ORAL ORDER – A Discovery Dispute Telephone Conference is set for 3/23/2017 at 03:00 PM before Judge Sherry R. Fallon. Plaintiff's counsel is to initiate the call to 302–573–4557. Plaintiff's opening submission is due on or before 3/22/17 at 9:00 p.m. Defendants' responsive submission is due on or before 3/23/17 at 11:00 a.m. Signed by Judge Sherry R. Fallon on 3/22/2017. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(Polito, Rebecca) (Entered: 03/22/2017) |
| 03/22/2017 | 152 | [SEALED] Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Discovery Dispute – re Oral Order,, Set Hearings,. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Farnan, Brian) (Entered: 03/22/2017) |
| 03/23/2017 | 153 | [SEALED] Letter to The Honorable Sherry R. Fallon from Andrew E. Russell regarding Discovery Dispute – re Oral Order,, Set Hearings,. (Attachments: # 1 Exhibit a, # 2 Exhibit b, # 3 Exhibit c, # 4 Exhibit d)(Russell, Andrew) (Entered: 03/23/2017) |
| 03/23/2017 | | Pro Hac Vice Attorney Marla R. Butler for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (lmm) (Entered: 03/23/2017) |
| 03/23/2017 | | Minute Entry for proceedings held before Judge Sherry R. Fallon – Discovery Dispute Telephone Conference held on 3/23/2017. (Court Reporter Valerie Gunning.) Associated Cases: 1:15–cv–00542–SLR–SRF et al.(Polito, Rebecca) (Entered: 03/23/2017) |
| 03/23/2017 | | ORAL ORDER – IT IS HEREBY ORDERED that: the transcript of the teleconference held on 3/23/2017 shall serve as the order of the court. Signed by Judge Sherry R. Fallon on 3/23/2017. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(Polito, Rebecca) (Entered: 03/23/2017) |
| 03/28/2017 | 154 | MOTION for Pro Hac Vice Appearance of Attorney Rajin S. Olson – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Brian) (Entered: 03/28/2017) |
| 03/28/2017 | 155 | MOTION for Pro Hac Vice Appearance of Attorney Eric K. Gill – filed by HTC America Inc., HTC Corporation. Motions referred to Sherry R. Fallon.(Rovner, Philip) (Entered: 03/28/2017) |
| 03/29/2017 | | SO ORDERED, re (173 in 1:15–cv–00545–SLR–SRF, 158 in 1:15–cv–00546–SLR–SRF, 149 in 1:15–cv–00542–SLR–SRF, 154 in 1:15–cv–00543–SLR–SRF, 140 in 1:15–cv–00544–SLR–SRF) MOTION for Pro Hac Vice Appearance of Attorney Rajin S. Olson filed by Evolved Wireless, LLC. Signed by Judge Sherry R. Fallon on 3/29/2017. Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00544–SLR–SRF, 1:15–cv–00545–SLR–SRF, 1:15–cv–00546–SLR–SRF(Polito, Rebecca) (Entered: 03/29/2017) |
| 03/29/2017 | | SO ORDERED, re 155 MOTION for Pro Hac Vice Appearance of Attorney Eric K. Gill filed by HTC America Inc., HTC Corporation. Signed by Judge Sherry R. Fallon on 3/29/2017. (Polito, Rebecca) (Entered: 03/29/2017) |
| 03/29/2017 | 156 | REDACTED VERSION of (156 in 1:15–cv–00546–SLR–SRF, 138 in 1:15–cv–00544–SLR–SRF, 152 in 1:15–cv–00543–SLR–SRF, 147 in 1:15–cv–00542–SLR–SRF, 171 in 1:15–cv–00545–SLR–SRF) Letter by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–3)(Farnan, Brian) (Entered: 03/29/2017) |
| 03/30/2017 | | Pro Hac Vice Attorney Rajin S. Olson for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00544–SLR–SRF, 1:15–cv–00545–SLR–SRF, 1:15–cv–00546–SLR–SRF(ceg) (Entered: 03/30/2017) |
| 03/30/2017 | 157 | REDACTED VERSION of (153 in 1:15–cv–00543–SLR–SRF, 148 in 1:15–cv–00542–SLR–SRF, 172 in 1:15–cv–00545–SLR–SRF, 139 in 1:15–cv–00544–SLR–SRF, 154 in 1:15–cv–00547–SLR–SRF, 157 in |

| | | |
|---|---|---|
| | | 1:15–cv–00546–SLR–SRF) Letter by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Russell, Andrew) (Entered: 03/30/2017) |
| 04/04/2017 | | Pro Hac Vice Attorney Eric K. Gill for HTC Corporation added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (lmm) (Entered: 04/04/2017) |
| 04/11/2017 | 158 | NOTICE OF SERVICE of Defendant HTC Corporation and HTC America, Inc.'s Supplemental Responses to Plaintiff Evolved Wireless's Third Set of Interrogatories (Nos. 10–16) [Confidential – Attorneys' Eyes Only]; Defendant HTC Corporation and HTC America, Inc.'s Second Supplemental Responses to Plaintiff Evolved Wireless's Second Set of Interrogatories (Nos. 8–9) [Confidential – Attorneys' Eyes Only]; and Defendant HTC Corporation and HTC America, Inc.'s Supplemental Responses to Plaintiff Evolved Wireless's First Set of Interrogatories (Nos. 1–7) [Confidential – Attorneys' Eyes Only] filed by HTC America Inc., HTC Corporation.(Rovner, Philip) (Entered: 04/11/2017) |
| 05/12/2017 | 159 | STIPULATION to extend expert discovery deadlines by HTC America Inc., HTC Corporation. (Rovner, Philip) (Entered: 05/12/2017) |
| 05/16/2017 | | SO ORDERED, re (161 in 1:15–cv–00547–SLR–SRF, 144 in 1:15–cv–00544–SLR–SRF, 159 in 1:15–cv–00543–SLR–SRF, 154 in 1:15–cv–00542–SLR–SRF, 162 in 1:15–cv–00546–SLR–SRF, 178 in 1:15–cv–00545–SLR–SRF) Stipulation to extend expert discovery deadlines filed by HTC America Inc., HTC Corporation. Set/Reset Scheduling Order Deadlines: ( Expert Discovery due by 8/23/2017.) See stipulation for further details and deadlines. Signed by Judge Sue L. Robinson on 5/16/2017. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(fms) (Entered: 05/16/2017) |
| 05/23/2017 | 160 | NOTICE OF SERVICE of (i) Infringement Report of Dr. Todor Cooklev and (ii) Expert Report of Jonathan D. Putnam filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 05/23/2017) |
| 05/23/2017 | 161 | NOTICE OF SERVICE of Expert Report of Gregory K. Leonard, Ph.D. [Confidential Attorneys' Eyes Only]; and Expert Report of Dr. Rudi Bekkers [Confidential Outside Attorneys' Eyes Only] filed by HTC America Inc., HTC Corporation.(Rovner, Philip) (Entered: 05/23/2017) |
| 05/24/2017 | 162 | NOTICE OF SERVICE of Opening Expert Report of Dr. Anthony S. Acampora filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Russell, Andrew) (Entered: 05/24/2017) |
| 05/30/2017 | 163 | Joint MOTION for Discovery Dispute Teleconference – filed by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. Motions referred to Sherry R. Fallon.(Palapura, Bindu) Modified on 5/30/2017 (lih). (Entered: 05/30/2017) |
| 05/30/2017 | | SO ORDERED– re (165 in 1:15–cv–00546–SLR–SRF, 157 in 1:15–cv–00542–SLR–SRF, 165 in 1:15–cv–00547–SLR–SRF, 163 in 1:15–cv–00543–SLR–SRF, 147 in 1:15–cv–00544–SLR–SRF, 183 in 1:15–cv–00545–SLR–SRF) Joint MOTION for Discovery Dispute Teleconference. A Telephone Conference is set for 7/10/2017 at 03:00 PM before Judge Sherry R. Fallon. Counsel for the Apple Inc. shall initiate the call to 302–573–4557. In preparation for this hearing the parties shall follow the Discovery Matters and Disputes procedure as set forth in the Order regarding discovery matters available at www.ded.uscourts.gov/judge/magistrate–judge–sherry–r–fallon. Set Deadlines: (Moving Submission due by no later than 11:00 AM on 7/5/2017, Responsive submission due by no later than 11:00 AM on 7/6/2017.).. Signed by Judge Sherry R. Fallon on 5/30/2017. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 05/30/2017) |
| 06/05/2017 | 164 | NOTICE requesting Clerk to remove Kayla E. Page as co–counsel. Reason for request: no longer at firm. (Rovner, Philip) (Entered: 06/05/2017) |
| 06/14/2017 | 165 | Joint STIPULATION TO EXTEND TIME of the deadline for Defendants to serve their rebuttal expert report related to damages to July 10, 2017 – filed by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Palapura, Bindu) (Entered: 06/14/2017) |
| 06/15/2017 | | SO ORDERED, re (148 in 1:15–cv–00544–SLR–SRF, 166 in 1:15–cv–00546–SLR–SRF, 184 in 1:15–cv–00545–SLR–SRF, 158 in 1:15–cv–00542–SLR–SRF, 168 in 1:15–cv–00547–SLR–SRF, 165 in 1:15–cv–00543–SLR–SRF) Joint STIPULATION TO EXTEND TIME of the deadline for Defendants to serve their rebuttal expert report related to damages to July 10, 2017 filed by Apple Inc., Motorola Mobility LLC, Lenovo (United States) Inc. Signed by Judge Sue L. Robinson on 6/15/2017. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(fms) (Entered: 06/15/2017) |

| 06/27/2017 | 166 | NOTICE OF SERVICE of Rebuttal Expert Report of Dr. Benjamin Goldberg in Support of Non−Infringement [Confidential] filed by HTC America Inc., HTC Corporation.(Rovner, Philip) (Entered: 06/27/2017) |
|---|---|---|
| 06/27/2017 | 167 | NOTICE OF SERVICE of (i) Expert Rebuttal Report of Jonathan D. Putnam; (ii) Expert Rebuttal Report of Dr. Todor Cooklev Regarding ETSI, 3GPP, Standards–Setting Matters, and FRAND; (iii) Expert Rebuttal Report of Dr. Todor Cooklev; (iv) Expert Rebuttal Report of Dr. Bertram Huber; and (v) Rebuttal Expert Report of Bertrand Fages filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 06/27/2017) |
| 06/28/2017 | 168 | NOTICE OF SERVICE of Rebuttal Expert Report of Dr. Anthony S. Acampora filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Russell, Andrew) (Entered: 06/28/2017) |
| 06/29/2017 | 169 | NOTICE OF SERVICE of Rebuttal Expert Report of Dr. Apostolos K. Kakaes filed by ZTE (USA) Inc..(Hunter, Travis) (Entered: 06/29/2017) |
| 07/05/2017 | 170 | [SEALED] Joint Letter to The Honorable Sherry R. Fallon from David E. Moore, Esquire regarding opening discovery dispute. (Attachments: # 1 Exhibit A−E)(Moore, David) (Entered: 07/05/2017) |
| 07/06/2017 | 171 | [SEALED] Letter to The Honorable Sherry R. Fallon from Michael J. Farnan regarding Response to Defendants' July 5, 2017 Letter − re (170 in 1:15−cv−00543−SLR−SRF, 190 in 1:15−cv−00545−SLR−SRF, 161 in 1:15−cv−00542−SLR−SRF, 153 in 1:15−cv−00544−SLR−SRF, 171 in 1:15−cv−00546−SLR−SRF) Letter. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Farnan, Michael) (Entered: 07/06/2017) |
| 07/06/2017 | 172 | STIPULATION TO EXTEND TIME to Serve Rebuttal Expert Reports re: Damages to July 17, 2017 – filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Hoeschen, Nathan) (Entered: 07/06/2017) |
| 07/10/2017 |  | Minute Entry for proceedings held before Judge Sherry R. Fallon − Discovery Dispute Telephone Conference held on 7/10/2017. (Court Reporter T. Carroll ( Hawkins Reporting).) Associated Cases: 1:15−cv−00542−SLR−SRF et al.(lih) (Entered: 07/19/2017) |
| 07/11/2017 |  | SO ORDERED, re (173 in 1:15−cv−00547−SLR−SRF) STIPULATION TO EXTEND TIME to Serve Rebuttal Expert Reports re: Damages to July 17, 2017 filed by Samsung Electronics Co. Ltd., Samsung Electronics America Inc. Signed by Judge Sue L. Robinson on 7/11/2017. Associated Cases: 1:15−cv−00542−SLR−SRF et al.(fms) (Entered: 07/11/2017) |
| 07/17/2017 | 173 | Letter to The Honorable Sherry R. Fallon from Michael J. Farnan regarding Discovery Update Pursuant to the Court's July 10, 2017 Oral Order. (Farnan, Michael) (Entered: 07/17/2017) |
| 07/17/2017 | 174 | REDACTED VERSION of (162 in 1:15−cv−00542−SLR−SRF, 191 in 1:15−cv−00545−SLR−SRF, 171 in 1:15−cv−00543−SLR−SRF, 172 in 1:15−cv−00546−SLR−SRF, 154 in 1:15−cv−00544−SLR−SRF) Letter, by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 07/17/2017) |
| 07/18/2017 | 175 | NOTICE OF SERVICE of Rebuttal Expert Reports on Damages filed by HTC America Inc., HTC Corporation.(Rovner, Philip) (Entered: 07/18/2017) |
| 07/18/2017 | 176 | REDACTED VERSION of (170 in 1:15−cv−00543−SLR−SRF, 190 in 1:15−cv−00545−SLR−SRF, 161 in 1:15−cv−00542−SLR−SRF, 153 in 1:15−cv−00544−SLR−SRF, 171 in 1:15−cv−00546−SLR−SRF) Letter by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A−E)(Moore, David) (Entered: 07/18/2017) |
| 07/18/2017 | 177 | NOTICE OF SERVICE of Defendants HTC Corporation and HTC America, Inc.'s Amended Initial Disclosures filed by HTC America Inc., HTC Corporation.(Rovner, Philip) (Entered: 07/18/2017) |
| 07/19/2017 | 178 | STIPULATION of Dismissal <relating to U.S. Patent Nos. 7,746,916; 7,768,965; and 8,218,481, and Dismiss Without Prejudice Related Counterclaims Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) by Evolved Wireless, LLC. (Farnan, Brian) Modified on 7/19/2017 (lih). (Entered: 07/19/2017) |
| 07/21/2017 |  | SO ORDERED, re 178 Stipulation of Dismissal relating to U.S. Patent Nos. 7,746,916; 7,768,965; and 8,218,481, and Dismiss Without Prejudice Related Counterclaims Pursuant to |

| | | Fed. R. Civ. P. 41(a)(1)(A)(ii) filed by Evolved Wireless, LLC. Signed by Judge Sherry R. Fallon on 7/21/2017. (fms) (Entered: 07/21/2017) |
|---|---|---|
| 07/25/2017 | 179 | NOTICE OF SERVICE of Report of PR. Philippe Stoffel–Munck filed by HTC America Inc., HTC Corporation.(Rovner, Philip) (Entered: 07/25/2017) |
| 07/25/2017 | 180 | NOTICE to Take Deposition of Benjamin Goldberg on 8/2/2017 filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 07/25/2017) |
| 07/25/2017 | 181 | NOTICE to Take Deposition of Rudi Bekkers on 8/2/2017 filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 07/25/2017) |
| 07/27/2017 | 182 | [SEALED] MEMORANDUM ORDER re (71 in 1:15–cv–00544–SLR–SRF, 81 in 1:15–cv–00543–SLR–SRF, 79 in 1:15–cv–00546–SLR–SRF, 91 in 1:15–cv–00545–SLR–SRF). Signed by Judge Sherry R. Fallon on 7/26/2017.This order has been emailed to local counsel. Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00544–SLR–SRF, 1:15–cv–00545–SLR–SRF, 1:15–cv–00546–SLR–SRF(lih) (Entered: 07/27/2017) |
| 07/27/2017 | 183 | MEMORANDUM ORDER re (165 in 1:15–cv–00546–SLR–SRF, 157 in 1:15–cv–00542–SLR–SRF, 165 in 1:15–cv–00547–SLR–SRF, 163 in 1:15–cv–00543–SLR–SRF, 147 in 1:15–cv–00544–SLR–SRF, 183 in 1:15–cv–00545–SLR–SRF) Joint MOTION for Discovery Dispute Teleconference. Signed by Judge Sherry R. Fallon on 7/26/2017.This order has been emailed to local counsel. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) Modified on 8/15/2017 (lih). (Main Document 183 replaced on 8/15/2017) (lih). (Entered: 07/27/2017) |
| 07/31/2017 | 184 | NOTICE to Take Deposition of Bertrand Fages on August 7, 2017 (also filed on behalf of HTC Corporation, HTC America, Inc., Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Microsoft Corporation, Microsoft Mobile Oy, and Microsoft Mobile Inc. (f/k/a Nokia Inc.)) filed by Apple Inc..(Palapura, Bindu) (Entered: 07/31/2017) |
| 07/31/2017 | 185 | NOTICE to Take Deposition of Bertram Huber on August 9, 2017 (also filed on behalf of HTC Corporation, HTC America, Inc., Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Microsoft Corporation, Microsoft Mobile Oy, and Microsoft Mobile Inc. (f/k/a Nokia Inc.)) filed by Apple Inc..(Palapura, Bindu) (Entered: 07/31/2017) |
| 08/01/2017 | | Case Reassigned to Judge Joseph F. Bataillon of the District of Nebraska (in lieu of Vacant Judgeship). Please include the initials of the Judge (JFB) after the case number on all documents filed. Associated Cases: 1:15–cv–00542–JFB–SRF through 1:15–cv–00547–JFB–SRF (rjb) (Entered: 08/01/2017) |
| 08/01/2017 | 186 | NOTICE to Take Deposition of Dr. Jonathan Putnam on August 14, 2017 filed by HTC America Inc., HTC Corporation.(Rovner, Philip) (Entered: 08/01/2017) |
| 08/04/2017 | 187 | NOTICE to Take Deposition of Anthony Acampora on 8/8/2017 filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 08/04/2017) |
| 08/07/2017 | 188 | Letter to The Honorable Sherry R. Fallon from Bindu A. Palapura regarding redactions to Sealed Memorandum Orders – re (172 in 1:15–cv–00542–JFB–SRF, 179 in 1:15–cv–00546–JFB–SRF, 201 in 1:15–cv–00545–JFB–SRF, 182 in 1:15–cv–00543–JFB–SRF, 163 in 1:15–cv–00544–JFB–SRF) Memorandum and Order, (202 in 1:15–cv–00545–JFB–SRF, 183 in 1:15–cv–00543–JFB–SRF, 176 in 1:15–cv–00547–JFB–SRF, 164 in 1:15–cv–00544–JFB–SRF, 180 in 1:15–cv–00546–JFB–SRF, 173 in 1:15–cv–00542–JFB–SRF) Memorandum and Order,. (Attachments: # 1 (Redactions))(Palapura, Bindu) (Entered: 08/07/2017) |
| 08/08/2017 | 189 | NOTICE OF SERVICE of Supplemental Report of Dr. Todor Cooklev filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 08/08/2017) |
| 08/08/2017 | 190 | NOTICE to Take Deposition of Apostolos Kakaes on 8/18/2017 filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 08/08/2017) |
| 08/10/2017 | 191 | ORAL ORDER – Pursuant to the filing of this case, the Court issues the following order: This case shall be immediately referred to Magistrate Judge Sherry R. Fallon. Magistrate Judge Fallon shall issue a scheduling order when appropriate. Magistrate Judge Fallon shall handle all dispositive and nondispositive matters on all issues, including claim construction, except for summary judgments, Daubert motions and pretrial motions in limine. On all dispositive matters, |

| | | the magistrate judge shall issue a report and recommendation. The parties have the right to file objections to the report and recommendation, or in the case of nondispositive matters, file an appeal of the magistrate judge's order, and the same shall be decided by the undersigned. The magistrate judge shall likewise handle all discovery matters, scheduling, and pretrial conferences. If the parties believe the magistrate judge has a conflict of interest with this case, the parties shall so notify the Court. IT IS SO ORDERED. Signed by Judge Joseph F. Bataillon on 8/10/2017. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(Lawrence, Tiwauna) (Entered: 08/10/2017) |
|---|---|---|
| 08/10/2017 | 192 | Joint MOTION For Teleconference To Resolve Discovery Dispute – filed by ZTE (USA) Inc.. Motions referred to Sherry R. Fallon.(Hunter, Travis) (Entered: 08/10/2017) |
| 08/10/2017 | 193 | [SEALED] OBJECTIONS by Evolved Wireless, LLC to 182 Memorandum and Order, . (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Farnan, Michael) (Entered: 08/10/2017) |
| 08/10/2017 | 194 | STATEMENT Regarding New Legal and Factual Arguments re 193 Objections by Evolved Wireless, LLC. (Farnan, Michael) Modified on 8/14/2017 (lih). (Entered: 08/10/2017) |
| 08/10/2017 | 195 | NOTICE to Take Deposition of Dr. Todor Cooklev on August 21–23, 2017 filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Hoeschen, Nathan) (Entered: 08/10/2017) |
| 08/14/2017 | | SO ORDERED– re (171 in 1:15–cv–00544–JFB–SRF, 211 in 1:15–cv–00545–JFB–SRF, 192 in 1:15–cv–00543–JFB–SRF, 184 in 1:15–cv–00547–JFB–SRF, 186 in 1:15–cv–00546–JFB–SRF, 180 in 1:15–cv–00542–JFB–SRF) Joint MOTION For Teleconference To Resolve Discovery Dispute. A Telephone Conference is set for 9/7/2017 at 03:30 PM before Judge Sherry R. Fallon. Counsel for ZTE Inc. shall initiate the call to 302–573–4557. In preparation for this hearing the parties shall follow the Discovery Matters and Disputes procedure as set forth in the Order regarding discovery matters available at www.ded.uscourts.gov/judge/magistrate–judge–sherry–r–fallon. Set Deadlines: (Moving Submission due by no later than 3:00 PM on 8/31/2017, Responsive submission due by no later than 3:00 PM on 9/1/2017.) Signed by Judge Sherry R. Fallon on 8/14/2017. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 08/14/2017) |
| 08/15/2017 | 196 | REDACTED VERSION of (172 in 1:15–cv–00542–JFB–SRF, 179 in 1:15–cv–00546–JFB–SRF, 201 in 1:15–cv–00545–JFB–SRF, 182 in 1:15–cv–00543–JFB–SRF, 163 in 1:15–cv–00544–JFB–SRF) Memorandum Order. (lih) (Entered: 08/15/2017) |
| 08/15/2017 | | Remark: D.I. 183 redacted in its entirety per D.I. 188 . (lih) (Entered: 08/15/2017) |
| 08/17/2017 | | ORAL ORDER– IT IS HEREBY ORDERED that: the expert discovery status conference set in this matter for 8/22/2017 is RESCHEDULED and COMBINED with the discovery dispute teleconference set in this matter for 9/7/2017 at 03:30 PM before Judge Sherry R. Fallon. Ordered by Judge Sherry R. Fallon on 8/17/2017. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 08/17/2017) |
| 08/17/2017 | 197 | REDACTED VERSION of 193 Objections by Evolved Wireless, LLC. (Attachments: # 1 Exhibits A–E)(Farnan, Michael) (Entered: 08/17/2017) |
| 08/17/2017 | 198 | NOTICE to Take Deposition of Greg Leonard on 8/29/2017 filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 08/17/2017) |
| 08/17/2017 | 199 | NOTICE to Take Deposition of Philippe Stoffel–Munck on 8/31/2017 filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 08/17/2017) |
| 08/21/2017 | 200 | NOTICE of Screening Procedure by Evolved Wireless, LLC (Farnan, Brian) (Entered: 08/21/2017) |
| 08/22/2017 | | CORRECTING ENTRY: Docket clerk has deleted the minute entry and oral order regarding the transcript filed on 3/22/2017 due to entries being filed in error. The correct entries were made on 3/23/2017. Associated Cases: 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF, 1:15–cv–00547–JFB–SRF(lih) (Entered: 08/22/2017) |
| 08/24/2017 | 201 | [SEALED] RESPONSE TO OBJECTIONS by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America |

| | | Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Lenovo (United States) Inc., Lenovo Group Ltd., Motorola Mobility LLC re (185 in 1:15–cv–00547–JFB–SRF) Objections, (193 in 1:15–cv–00543–JFB–SRF) Objections, (187 in 1:15–cv–00546–JFB–SRF) Objections, (212 in 1:15–cv–00545–JFB–SRF) Objections, (181 in 1:15–cv–00542–JFB–SRF) Objections, (172 in 1:15–cv–00544–JFB–SRF) Objections. (Attachments: # 1 Exhibit 1)(Palapura, Bindu) Modified on 8/25/2017 (lih). (Entered: 08/24/2017) |
|---|---|---|
| 08/29/2017 | 202 | MOTION for Pro Hac Vice Appearance of Attorney Tyler E. Baker – filed by HTC America Inc., HTC Corporation. Motions referred to Sherry R. Fallon.(Rovner, Philip) (Entered: 08/29/2017) |
| 08/29/2017 | | SO ORDERED– re 202 MOTION for Pro Hac Vice Appearance of Attorney Tyler E. Baker. Signed by Judge Sherry R. Fallon on 8/29/2017. (lih) (Entered: 08/29/2017) |
| 08/30/2017 | | Pro Hac Vice Attorney Tyler E. Baker for HTC Corporation added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (ceg) (Entered: 08/30/2017) |
| 08/31/2017 | 203 | [SEALED] Letter to The Honorable Sherry R. Fallon from Kelly E. Farnan regarding Discovery Dispute. (Attachments: # 1 Exhibit A through C)(Farnan, Kelly) Modified on 9/1/2017 (lih). (Entered: 08/31/2017) |
| 08/31/2017 | 204 | MOTION for Summary Judgment – filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 08/31/2017) |
| 08/31/2017 | 205 | [SEALED] MOTION for Summary Judgment – filed by HTC America Inc., HTC Corporation. (Attachments: # 1 Text of Proposed Order)(Rovner, Philip) (Entered: 08/31/2017) |
| 08/31/2017 | 206 | [SEALED] OPENING BRIEF in Support re 205 MOTION for Summary Judgment filed by HTC America Inc., HTC Corporation.Answering Brief/Response due date per Local Rules is 9/14/2017. (Rovner, Philip) (Entered: 08/31/2017) |
| 08/31/2017 | 207 | MOTION for Summary Judgment on Non–Infringement – filed by HTC America Inc., HTC Corporation. (Attachments: # 1 Text of Proposed Order)(Rovner, Philip) Modified on 9/1/2017 (lih). (Entered: 08/31/2017) |
| 08/31/2017 | 208 | [SEALED] DECLARATION of Michael D. Jay re (206 in 1:15–cv–00543–JFB–SRF) Opening Brief in Support, (199 in 1:15–cv–00546–JFB–SRF) Opening Brief in Support, (185 in 1:15–cv–00544–JFB–SRF) Opening Brief in Support, (196 in 1:15–cv–00547–JFB–SRF) Opening Brief in Support, (225 in 1:15–cv–00545–JFB–SRF) Opening Brief in Support, (196 in 1:15–cv–00542–JFB–SRF) Opening Brief in Support by Microsoft Corporation, Microsoft Mobile Oy, HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., ZTE Corporation, ZTE Solutions Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A–O)(Moore, David) Modified on 9/1/2017 (lih). (Entered: 08/31/2017) |
| 08/31/2017 | 209 | MOTION for Partial Summary Judgment of no willful infringement, no pre–suit indirect infringement, and no pre–suit damages – filed by HTC America Inc., HTC Corporation. (Attachments: # 1 Text of Proposed Order)(Rovner, Philip) Modified on 9/1/2017 (lih). (Entered: 08/31/2017) |
| 08/31/2017 | 210 | [SEALED] APPENDIX re (206 in 1:15–cv–00543–JFB–SRF) Opening Brief in Support, (199 in 1:15–cv–00546–JFB–SRF) Opening Brief in Support, (196 in 1:15–cv–00547–JFB–SRF) Opening Brief in Support, (225 in 1:15–cv–00545–JFB–SRF) Opening Brief in Support, (184 in 1:15–cv–00544–JFB–SRF) MOTION for Summary Judgment , (196 in 1:15–cv–00542–JFB–SRF) Opening Brief in Support by Microsoft Corporation, Microsoft Mobile Oy, HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., ZTE Corporation, ZTE Solutions Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Moore, David) Modified on 9/1/2017 (lih). (Entered: 08/31/2017) |
| 08/31/2017 | 211 | [SEALED] APPENDIX re (206 in 1:15–cv–00543–JFB–SRF) Opening Brief in Support, (199 in 1:15–cv–00546–JFB–SRF) Opening Brief in Support, (185 in 1:15–cv–00544–JFB–SRF) Opening Brief in Support, (196 in 1:15–cv–00547–JFB–SRF) Opening Brief in Support, (225 in 1:15–cv–00545–JFB–SRF) Opening Brief in Support, (196 in 1:15–cv–00542–JFB–SRF) Opening Brief in Support by Microsoft Corporation, Microsoft Mobile Oy, HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Attachments: # 1 |

| | | |
|---|---|---|
| | | Tabs 1–11)(Moore, David) Modified on 9/1/2017 (lih). (Entered: 08/31/2017) |
| 08/31/2017 | 212 | [SEALED] OPENING BRIEF in Support re 209 MOTION for Partial Summary Judgment filed by HTC America Inc., HTC Corporation.Answering Brief/Response due date per Local Rules is 9/14/2017. (Rovner, Philip) Modified on 9/1/2017 (lih). (Entered: 08/31/2017) |
| 08/31/2017 | 213 | [SEALED] DECLARATION of Martin R. Bader re 212 Opening Brief in Support, by HTC America Inc., HTC Corporation. (Attachments: # 1 Exhibit A–E, # 2 Exhibit F–K)(Rovner, Philip) Modified on 9/1/2017 (lih). (Attachment 2 replaced on 9/7/2017) (lih). (Entered: 08/31/2017) |
| 09/01/2017 | 214 | [SEALED] Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Response to Defendants' August 31, 2017 Letter. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Farnan, Brian) (Entered: 09/01/2017) |
| 09/07/2017 | | CORRECTING ENTRY: Exhibits F–K attached to D.I. 213 have been replaced with a revised version of the attachment per the request of counsel. (lih) (Entered: 09/07/2017) |
| 09/07/2017 | 215 | REDACTED VERSION of (197 in 1:15−cv−00546−JFB−SRF) MOTION for Summary Judgment, (205 in 1:15−cv−00543−JFB−SRF) MOTION for Summary Judgment,(194 in 1:15−cv−00542−JFB−SRF) MOTION for Summary Judgment,(184 in 1:15−cv−00544−JFB−SRF) MOTION for Summary Judgment, (224 in 1:15−cv−00545−JFB−SRF) MOTION for Summary Judgment, (195 in 1:15−cv−00547−JFB−SRF) MOTION for Summary Judgment by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Attachments: # 1 Text of Proposed Order)(Moore, David) Modified on 9/8/2017 (lih). (Entered: 09/07/2017) |
| 09/07/2017 | 216 | REDACTED VERSION of (206 in 1:15−cv−00543−JFB−SRF) Opening Brief in Support, (199 in 1:15−cv−00546−JFB−SRF) Opening Brief in Support, (185 in 1:15−cv−00544−JFB−SRF) Opening Brief in Support, (196 in 1:15−cv−00547−JFB−SRF) Opening Brief in Support, (225 in 1:15−cv−00545−JFB−SRF) Opening Brief in Support, (196 in 1:15−cv−00542−JFB−SRF) Opening Brief in Support by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Moore, David) (Entered: 09/07/2017) |
| 09/07/2017 | 217 | REDACTED VERSION of (208 in 1:15−cv−00543−JFB−SRF, 186 in 1:15−cv−00544−JFB−SRF, 199 in 1:15−cv−00547−JFB−SRF, 227 in 1:15−cv−00545−JFB−SRF, 197 in 1:15−cv−00542−JFB−SRF, 200 in 1:15−cv−00546−JFB−SRF) Declaration,, by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A–O)(Moore, David) (Entered: 09/07/2017) |
| 09/07/2017 | 218 | REDACTED VERSION of (198 in 1:15−cv−00542−JFB−SRF, 228 in 1:15−cv−00545−JFB−SRF, 201 in 1:15−cv−00546−JFB−SRF, 187 in 1:15−cv−00544−JFB−SRF, 200 in 1:15−cv−00547−JFB−SRF, 210 in 1:15−cv−00543−JFB−SRF) Appendix,, *(A)* by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Moore, David) (Entered: 09/07/2017) |
| 09/07/2017 | 219 | REDACTED VERSION of (188 in 1:15−cv−00544−JFB−SRF, 202 in 1:15−cv−00546−JFB−SRF, 211 in 1:15−cv−00543−JFB−SRF, 199 in 1:15−cv−00542−JFB−SRF, 201 in 1:15−cv−00547−JFB−SRF, 229 in 1:15−cv−00545−JFB−SRF) Appendix,, *(B)* by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Moore, David) (Entered: 09/07/2017) |
| 09/07/2017 | 220 | REDACTED VERSION of 212 Opening Brief in Support by HTC America Inc., HTC Corporation. (Rovner, Philip) Modified on 9/8/2017 (lih). (Entered: 09/07/2017) |
| 09/07/2017 | 221 | REDACTED VERSION of 213 Declaration by HTC America Inc., HTC Corporation. (Attachments: # 1 Exhibit A–E, # 2 Exhibit F–K)(Rovner, Philip) Modified on 9/8/2017 (lih). (Entered: 09/07/2017) |
| 09/07/2017 | | Minute Entry for proceedings held before Judge Sherry R. Fallon – Discovery Dispute Telephone Conference held on 9/7/2017. (Court Reporter T. Carroll ( Hawkins Reporting).) Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 09/12/2017) |
| 09/07/2017 | | ORAL ORDER– re (171 in 1:15−cv−00544−JFB−SRF, 211 in 1:15−cv−00545−JFB−SRF, 192 in 1:15−cv−00543−JFB−SRF, 184 in 1:15−cv−00547−JFB−SRF, 186 in 1:15−cv−00546−JFB−SRF, 180 in 1:15−cv−00542−JFB−SRF) Joint MOTION For Teleconference To Resolve Discovery Dispute. The transcript of the 9/7/2017 teleconference shall serve as the order of the court. Ordered by Judge Sherry R. Fallon on 9/7/2017. Associated |

| | | Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 09/12/2017) |
|---|---|---|
| 09/08/2017 | 222 | REDACTED VERSION of (201 in 1:15–cv–00542–JFB–SRF, 203 in 1:15–cv–00546–JFB–SRF, 190 in 1:15–cv–00544–JFB–SRF, 214 in 1:15–cv–00543–JFB–SRF, 230 in 1:15–cv–00545–JFB–SRF) Letter by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–2)(Farnan, Brian) (Entered: 09/08/2017) |
| 09/12/2017 | | ORAL ORDER SETTING SUPPLEMENTAL BRIEFING SCHDEDULE re (171 in 1:15–cv–00544–JFB–SRF, 211 in 1:15–cv–00545–JFB–SRF, 192 in 1:15–cv–00543–JFB–SRF, 184 in 1:15–cv–00547–JFB–SRF, 186 in 1:15–cv–00546–JFB–SRF, 180 in 1:15–cv–00542–JFB–SRF) Joint MOTION For Teleconference To Resolve Discovery Dispute. Supplemental Opening Brief due 9/14/2017., Supplemental Answering Brief due 9/21/2017., Supplemental Reply Brief due 9/26/2017. Ordered by Judge Sherry R. Fallon on 9/12/2017. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 09/12/2017) |
| 09/14/2017 | 223 | [SEALED] Letter to The Honorable Sherry R. Fallon from Kelly E. Farnan regarding Discovery Dispute. (Farnan, Kelly) (Entered: 09/14/2017) |
| 09/18/2017 | 224 | REDACTED VERSION of (221 in 1:15–cv–00545–JFB–SRF, 193 in 1:15–cv–00546–JFB–SRF, 192 in 1:15–cv–00547–JFB–SRF, 189 in 1:15–cv–00542–JFB–SRF, 201 in 1:15–cv–00543–JFB–SRF, 179 in 1:15–cv–00544–JFB–SRF) Response to Objections by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit 1)(Palapura, Bindu) Modified on 9/22/2017 (lih). (Entered: 09/18/2017) |
| 09/19/2017 | 225 | Joint STIPULATION Regarding Summary Judgment Briefing by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 09/19/2017) |
| 09/20/2017 | | ORAL ORDER– re (114 in 1:15–cv–00546–JFB–SRF, 127 in 1:15–cv–00545–JFB–SRF, 114 in 1:15–cv–00547–JFB–SRF, 115 in 1:15–cv–00543–JFB–SRF, 109 in 1:15–cv–00542–JFB–SRF, 103 in 1:15–cv–00544–JFB–SRF) Scheduling Order. The Pretrial Conference set in this matter for 3/27/2018 at 04:30 PM shall now proceed before Judge Sherry R. Fallon in Courtroom 6C. Ordered by Judge Sherry R. Fallon on 9/20/2017. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 09/20/2017) |
| 09/21/2017 | 226 | [SEALED] Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Response to Defendants' September 14, 2017 Letter – re 223 Letter. (Attachments: # 1 Exhibit 3, # 2 Exhibit 4, # 3 Exhibit 5, # 4 Exhibit 6, # 5 Exhibit 7)(Farnan, Brian) (Entered: 09/21/2017) |
| 09/22/2017 | 227 | REDACTED VERSION of (197 in 1:15–cv–00544–JFB–SRF, 210 in 1:15–cv–00546–JFB–SRF, 237 in 1:15–cv–00545–JFB–SRF, 210 in 1:15–cv–00542–JFB–SRF, 223 in 1:15–cv–00543–JFB–SRF) Letter by ZTE (USA) Inc.. (Farnan, Kelly) Modified on 9/25/2017 (lih). (Entered: 09/22/2017) |
| 09/25/2017 | 228 | NOTICE OF SERVICE of Defendants HTC Corporation and HTC America, Inc.s Disclosure of Fact Witnesses to be called at Trial filed by HTC America Inc., HTC Corporation.(Rovner, Philip) (Entered: 09/25/2017) |
| 09/25/2017 | 229 | NOTICE OF SERVICE of Plaintiff's Fact Witness Disclosure filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 09/25/2017) |
| 09/26/2017 | 230 | [SEALED] Letter to The Honorable Sherry R. Fallon from Kelly E. Farnan regarding Reply Letter on Discovery Dispute. (Farnan, Kelly) (Entered: 09/26/2017) |
| 09/28/2017 | 231 | REDACTED VERSION of 226 Letter, by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–7)(Farnan, Brian) (Entered: 09/28/2017) |
| 10/05/2017 | 232 | STIPULATION to Dismiss with Prejudice HTCs Twelfth Affirmative Defense by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 10/05/2017) |
| 10/06/2017 | 233 | STIPULATION Regarding Summary Judgment Briefing as to Defendants' Affirmative Defense of a Covenant Not to Sue by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 10/06/2017) |
| 10/06/2017 | 234 | [SEALED] OPENING BRIEF in Support re 204 MOTION for Summary Judgment filed by Evolved Wireless, LLC.Answering Brief/Response due date per Local Rules is 10/20/2017. (Farnan, Brian) (Entered: 10/06/2017) |

| 10/06/2017 | 235 | [SEALED] DECLARATION of Ryan M. Schultz re 234 Opening Brief in Support by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10)(Farnan, Brian) Modified on 10/10/2017 (lih). (Entered: 10/06/2017) |
| --- | --- | --- |
| 10/06/2017 | 236 | [SEALED] OPENING BRIEF in Support re 207 MOTION for Summary Judgment on Non–Infringement filed by HTC America Inc., HTC Corporation.Answering Brief/Response due date per Local Rules is 10/20/2017. (Rovner, Philip) Modified on 10/10/2017 (lih). (Entered: 10/06/2017) |
| 10/06/2017 | 237 | OPENING BRIEF in Support re 204 MOTION for Summary Judgment on Validity filed by Evolved Wireless, LLC.Answering Brief/Response due date per Local Rules is 10/20/2017. (Farnan, Brian) Modified on 10/10/2017 (lih). (Entered: 10/06/2017) |
| 10/06/2017 | 238 | [SEALED] DECLARATION of Ryan M. Schultz re 237 Opening Brief in Support by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Farnan, Brian) Modified on 10/10/2017 (lih). (Entered: 10/06/2017) |
| 10/06/2017 | 239 | [SEALED] DECLARATION of Todor Cooklev re 237 Opening Brief in Support by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Farnan, Brian) Modified on 10/10/2017 (lih). (Entered: 10/06/2017) |
| 10/06/2017 | 240 | [SEALED] APPENDIX re (221 in 1:15–cv–00546–JFB–SRF) Opening Brief in Support, (248 in 1:15–cv–00545–JFB–SRF) Opening Brief in Support, (223 in 1:15–cv–00542–JFB–SRF) Opening Brief in Support, (212 in 1:15–cv–00544–JFB–SRF) Opening Brief in Support, (236 in 1:15–cv–00543–JFB–SRF) Opening Brief in Support, (222 in 1:15–cv–00547–JFB–SRF) Opening Brief in Support, by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Attachments: # 1 Appendix A–0001 to A–0060, # 2 Appendix A–0061 to A–0139, # 3 Appendix A–0140 to A–0212, # 4 Appendix A–0213 to A–0283, # 5 Appendix A–0284 to A–0353, # 6 Appendix A–0354 to A–0926, # 7 Appendix A–0927 to A–0978, # 8 Appendix A–0979 to A–1159, # 9 Appendix A–1160 to A–1239)(Russell, Andrew) (Entered: 10/06/2017) |
| 10/10/2017 | 241 | ORDER re 232 Stipulation to Dismiss with Prejudice HTC's Twelfth Affirmative Defense filed by Evolved Wireless, LLC. Signed by Judge Joseph F. Bataillon on 10/10/2017. (fms) (Entered: 10/10/2017) |
| 10/13/2017 | 242 | REDACTED VERSION of (236 in 1:15–cv–00543–JFB–SRF) Opening Brief in Support, (221 in 1:15–cv–00546–JFB–SRF) Opening Brief in Support, (248 in 1:15–cv–00545–JFB–SRF) Opening Brief in Support, (223 in 1:15–cv–00542–JFB–SRF) Opening Brief in Support, (222 in 1:15–cv–00547–JFB–SRF) Opening Brief in Support, (212 in 1:15–cv–00544–JFB–SRF) Opening Brief in Support, by Samsung Electronics Co. Ltd.. (Russell, Andrew) (Entered: 10/13/2017) |
| 10/13/2017 | 243 | REDACTED VERSION of (225 in 1:15–cv–00546–JFB–SRF, 216 in 1:15–cv–00544–JFB–SRF, 227 in 1:15–cv–00542–JFB–SRF, 226 in 1:15–cv–00547–JFB–SRF, 240 in 1:15–cv–00543–JFB–SRF, 252 in 1:15–cv–00545–JFB–SRF) Appendix,,, by Samsung Electronics Co. Ltd.. (Attachments: # 1 Part 2 of 9, # 2 Part 3 of 9, # 3 Part 4 of 9, # 4 Part 5 of 9, # 5 Part 6 of 9, # 6 Part 7 of 9, # 7 Part 8 of 9, # 8 Part 9 of 9)(Russell, Andrew) (Entered: 10/13/2017) |
| 10/13/2017 | 244 | REDACTED VERSION of 239 Declaration of Todor Cooklev by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Farnan, Brian) (Entered: 10/13/2017) |
| 10/13/2017 | 245 | REDACTED VERSION of 234 Opening Brief in Support by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 10/13/2017) |
| 10/13/2017 | 246 | REDACTED VERSION of 235 Declaration, of Ryan M. Schultz by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–10)(Farnan, Brian) (Entered: 10/13/2017) |
| 10/17/2017 | 247 | REDACTED VERSION of 238 Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–9)(Farnan, Brian) Modified on 10/17/2017 (lih). (Entered: 10/17/2017) |
| 10/19/2017 | 248 | Joint Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Daubert Briefing. (Farnan, Brian) (Entered: 10/19/2017) |
| 10/27/2017 | 249 | ORDER regarding Daubert motions. Signed by Judge Sherry R. Fallon on 10/27/2017. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 10/27/2017) |

| 11/07/2017 | 250 | [SEALED] ANSWERING BRIEF in Opposition to 209 MOTION for Partial Summary Judgment filed by Evolved Wireless, LLC.Reply Brief due date per Local Rules is 11/14/2017. (Farnan, Brian) Modified on 11/8/2017 (lih). (Entered: 11/07/2017) |
|---|---|---|
| 11/07/2017 | 251 | [SEALED] DECLARATION of Ryan M. Schultz re 250 Answering Brief in Opposition by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–6)(Farnan, Brian) Modified on 11/8/2017 (lih). (Entered: 11/07/2017) |
| 11/07/2017 | 252 | ANSWERING BRIEF in Opposition re 204 MOTION for Summary Judgment filed by HTC America Inc., HTC Corporation.Reply Brief due date per Local Rules is 11/14/2017. (Rovner, Philip) Modified on 11/8/2017 (lih). (Entered: 11/07/2017) |
| 11/07/2017 | 253 | DECLARATION OF TODD M. BRIGGS re (238 in 1:15–cv–00547–JFB–SRF) Answering Brief in Opposition, (261 in 1:15–cv–00545–JFB–SRF) Answering Brief in Opposition, (228 in 1:15–cv–00544–JFB–SRF) Answering Brief in Opposition, (252 in 1:15–cv–00543–JFB–SRF) Answering Brief in Opposition, (233 in 1:15–cv–00546–JFB–SRF) Answering Brief in Opposition by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Russell, Andrew) Modified on 11/8/2017 (lih). (Entered: 11/07/2017) |
| 11/07/2017 | 254 | DECLARATION OF DR. APOSTOLOS K. KAKAES, PH.D. re (238 in 1:15–cv–00547–JFB–SRF) Answering Brief in Opposition, (261 in 1:15–cv–00545–JFB–SRF) Answering Brief in Opposition, (228 in 1:15–cv–00544–JFB–SRF) Answering Brief in Opposition, (252 in 1:15–cv–00543–JFB–SRF) Answering Brief in Opposition, (233 in 1:15–cv–00546–JFB–SRF) Answering Brief in Opposition by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Russell, Andrew) Modified on 11/8/2017 (lih). (Entered: 11/07/2017) |
| 11/07/2017 | 255 | [SEALED] ANSWERING BRIEF in Opposition re 207 MOTION for Summary Judgment filed by Evolved Wireless, LLC.Reply Brief due date per Local Rules is 11/14/2017. (Attachments: # 1 Appendix A)(Farnan, Brian) Modified on 11/8/2017 (lih). (Entered: 11/07/2017) |
| 11/07/2017 | 256 | [SEALED] DECLARATION of Ryan M. Schultz re 255 Answering Brief in Opposition by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27)(Farnan, Brian) Modified on 11/8/2017 (lih). (Entered: 11/07/2017) |
| 11/07/2017 | 257 | [SEALED] ANSWERING BRIEF in Opposition re 204 MOTION for Summary Judgment filed by HTC America Inc., HTC Corporation.Reply Brief due date per Local Rules is 11/14/2017. (Rovner, Philip) Modified on 11/8/2017 (lih). (Entered: 11/07/2017) |
| 11/07/2017 | 258 | [SEALED] DECLARATION of Martin R. Bader re 257 Answering Brief in Opposition by HTC America Inc., HTC Corporation. (Attachments: # 1 Exhibit A–L)(Rovner, Philip) Modified on 11/8/2017 (lih). (Entered: 11/07/2017) |
| 11/08/2017 | | NOTE TO COUNSEL: Judge Fallon's chambers does not need courtesy copies of the summary judgment briefing. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 11/08/2017) |
| 11/09/2017 | 259 | STIPULATION to Remove with Prejudice Evolved's Claims of Pre–Suit Indirect Infringement and Pre–Suit Damages and Defendants' Fifth Affirmative Defense of Waiver by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 11/09/2017) |
| 11/14/2017 | | REDACTION NOTICE: In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, redacted versions of sealed documents shall be filed electronically within 7 days of the filing of the sealed document. The records of this case do not reflect the filing of a redacted version of DI # 200 in CA 15–542. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 11/14/2017) |
| 11/14/2017 | 260 | REDACTED VERSION of 250 Answering Brief in Opposition by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 11/14/2017) |
| 11/14/2017 | 261 | REDACTED VERSION of 251 Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–6)(Farnan, Brian) Modified on 11/15/2017 (lih). (Entered: 11/14/2017) |

| 11/14/2017 | 262 | REDACTED VERSION of 257 Answering Brief in Opposition by HTC America Inc., HTC Corporation. (Rovner, Philip) Modified on 11/15/2017 (lih). (Entered: 11/14/2017) |
| 11/14/2017 | 263 | REDACTED VERSION of 258 Declaration by HTC America Inc., HTC Corporation. (Attachments: # 1 Exhibit A–L)(Rovner, Philip) Modified on 11/15/2017 (lih). (Entered: 11/14/2017) |
| 11/15/2017 | 264 | ORDER approving 259 STIPULATION to Remove with Prejudice Evolved's Claims of Pre–Suit Indirect Infringement and Pre–Suit Damages and Defendants' Fifth Affirmative Defense of Waiver by Evolved Wireless, LLC. Signed by Judge Joseph F. Bataillon on 11/15/2017. (nmfn) (Entered: 11/15/2017) |
| 11/15/2017 | 265 | MOTION for Pro Hac Vice Appearance of Attorney John K. Harting – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Brian) (Entered: 11/15/2017) |
| 11/16/2017 | | SO ORDERED– re (265 in 1:15–cv–00543–JFB–SRF, 272 in 1:15–cv–00545–JFB–SRF, 238 in 1:15–cv–00546–JFB–SRF, 235 in 1:15–cv–00544–JFB–SRF, 250 in 1:15–cv–00542–JFB–SRF) MOTION for Pro Hac Vice Appearance of Attorney John K. Harting. Signed by Judge Sherry R. Fallon on 11/16/2017. Associated Cases: 1:15–cv–00542–JFB–SRF, 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF(lih) (Entered: 11/16/2017) |
| 11/16/2017 | 266 | REDACTED VERSION of (194 in 1:15–cv–00546–JFB–SRF, 203 in 1:15–cv–00543–JFB–SRF, 222 in 1:15–cv–00545–JFB–SRF, 193 in 1:15–cv–00547–JFB–SRF, 180 in 1:15–cv–00544–JFB–SRF) Letter, (200 in 1:15–cv–00542–JFB–SRF) Letter by ZTE (USA) Inc.. (Attachments: # 1 Exhibit A–C)(Hunter, Travis) (Entered: 11/16/2017) |
| 11/16/2017 | 267 | STIPULATION TO EXTEND TIME for the parties to file: (i) Opening Daubert Briefs; (ii) Answering Daubert Briefs; and (iii) Reply Daubert Briefs to (i) 12/8/2017; (ii) 1/12/2018; and (iii) 2/2/2018 – filed by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 11/16/2017) |
| 11/17/2017 | | Pro Hac Vice Attorney John K. Harting for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:15–cv–00542–JFB–SRF, 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF(nmg) (Entered: 11/17/2017) |
| 11/17/2017 | 268 | ORDER re (252 in 1:15–cv–00542–JFB–SRF, 240 in 1:15–cv–00546–JFB–SRF, 274 in 1:15–cv–00545–JFB–SRF, 237 in 1:15–cv–00544–JFB–SRF, 267 in 1:15–cv–00543–JFB–SRF) Stipulation to Set Daubert Briefing filed by Evolved Wireless, LLC. 1. The deadline to file opening Daubert briefs is December 8, 2017; 2. The deadline to file answering Daubert briefs is January 12, 2018; and 3. The deadline to file reply Daubert briefs is February 2, 2018. Signed by Judge Joseph F. Bataillon on 11/17/2017. Associated Cases: 1:15–cv–00542–JFB–SRF, 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF(nmfn) (Entered: 11/17/2017) |
| 11/17/2017 | | CORRECTING ENTRY: Pursuant to conversation with counsel, the motion for summary judgment stipulation previously filed has been deleted and will be refiled by counsel. Associated Cases: 1:15–cv–00542–JFB–SRF, 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF(lih) (Entered: 11/17/2017) |
| 11/17/2017 | 269 | STIPULATION regarding Summary Judgment Briefing as to Defendants' Affirmative Defense of a Covenant Not To Sue by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 11/17/2017) |
| 11/20/2017 | 270 | REDACTED VERSION of (244 in 1:15–cv–00542–JFB–SRF) Answering Brief in Opposition, (267 in 1:15–cv–00545–JFB–SRF) Answering Brief in Opposition, (236 in 1:15–cv–00546–JFB–SRF) Answering Brief in Opposition, (231 in 1:15–cv–00544–JFB–SRF) Answering Brief in Opposition, (255 in 1:15–cv–00543–JFB–SRF) Answering Brief in Opposition by Evolved Wireless, LLC. (Attachments: # 1 Appendix A)(Farnan, Brian) (Entered: 11/20/2017) |
| 11/20/2017 | 271 | REDACTED VERSION of 256 Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–27)(Farnan, Brian) Modified on 11/21/2017 (lih). (Entered: 11/20/2017) |
| 11/27/2017 | 272 | [SEALED] MEMORANDUM ORDER re (200 in 1:15–cv–00542–JFB–SRF) Letter. Signed by Judge Sherry R. Fallon on 11/27/2017.This order has been emailed to lead local counsel. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 11/27/2017) |

| 11/28/2017 | 273 | ORDER approving (254 in 1:15–cv–00542–JFB–SRF, 276 in 1:15–cv–00545–JFB–SRF, 269 in 1:15–cv–00543–JFB–SRF, 242 in 1:15–cv–00546–JFB–SRF, 239 in 1:15–cv–00544–JFB–SRF) STIPULATION regarding Summary Judgment Briefing as to Defendants' Affirmative Defense of a Covenant Not To Sue. Signed by Judge Joseph F. Bataillon on 11/27/2017. (nmfn) (Entered: 11/28/2017) |
|---|---|---|
| 12/04/2017 | 274 | NOTICE to Take Deposition of Qualcomm Technologies, Inc. on December 5, 2017 filed by ZTE (USA) Inc..(Farnan, Kelly) (Entered: 12/04/2017) |
| 12/04/2017 | 275 | NOTICE OF SERVICE of Plaintiff's Objection to Defendants' Notice of Deposition of Qualcomm Technologies, Inc. filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 12/04/2017) |
| 12/04/2017 | 276 | NOTICE to Take Deposition of Qualcomm Technologies, Inc. on December 5, 2017 filed by ZTE (USA) Inc..(Hunter, Travis) (Entered: 12/04/2017) |
| 12/06/2017 | 277 | [SEALED] REPLY BRIEF re 204 MOTION for Summary Judgment filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 12/06/2017) |
| 12/06/2017 | 278 | [SEALED] DECLARATION re 277 Reply Brief by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–4)(Farnan, Brian) (Entered: 12/06/2017) |
| 12/06/2017 | 279 | [SEALED] REPLY BRIEF re 207 MOTION for Summary Judgment filed by HTC America Inc., HTC Corporation. (Choa, Jonathan) Modified on 12/7/2017 (lih). (Entered: 12/06/2017) |
| 12/06/2017 | 280 | REPLY BRIEF re 209 MOTION for Partial Summary Judgment filed by HTC America Inc., HTC Corporation. (Rovner, Philip) Modified on 12/7/2017 (lih). (Entered: 12/06/2017) |
| 12/06/2017 | 281 | [SEALED] DECLARATION of Martin R. Bader re 280 Reply Brief by HTC America Inc., HTC Corporation. (Attachments: # 1 Exhibit 1–2)(Rovner, Philip) Modified on 12/7/2017 (lih). (Entered: 12/06/2017) |
| 12/06/2017 | 282 | [SEALED] APPENDIX re 279 Reply Brief by HTC America Inc., HTC Corporation. (Attachments: # 1 Exhibit 1–13)(Choa, Jonathan) Modified on 12/7/2017 (lih). (Entered: 12/06/2017) |
| 12/06/2017 | 283 | REPLY BRIEF re 204 MOTION for Summary Judgment filed by Evolved Wireless, LLC. (Attachments: # 1 Appendix A)(Farnan, Brian) Modified on 12/7/2017 (lih). (Entered: 12/06/2017) |
| 12/06/2017 | 284 | DECLARATION of Ryan M. Schultz re (288 in 1:15–cv–00545–JFB–SRF) Reply Brief, (250 in 1:15–cv–00546–JFB–SRF) Reply Brief, (252 in 1:15–cv–00544–JFB–SRF) Reply Brief, (283 in 1:15–cv–00543–JFB–SRF) Reply Brief by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 10)(Farnan, Brian) Modified on 12/7/2017 (lih). (Entered: 12/06/2017) |
| 12/08/2017 | 285 | [SEALED] MOTION to Exclude Testimony of Dr. Putnam – filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. Motions referred to Sherry R. Fallon.(Smith, Rodger) Modified on 12/11/2017 (lih). (Entered: 12/08/2017) |
| 12/08/2017 | 286 | [SEALED] DECLARATION of Nathaniel C. Love re (264 in 1:15–cv–00547–JFB–SRF, 278 in 1:15–cv–00542–JFB–SRF, 290 in 1:15–cv–00545–JFB–SRF, 254 in 1:15–cv–00544–JFB–SRF, 256 in 1:15–cv–00546–JFB–SRF, 285 in 1:15–cv–00543–JFB–SRF) MOTION to Exclude by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibits A–T)(Smith, Rodger) Modified on 12/11/2017 (lih). (Entered: 12/08/2017) |
| 12/08/2017 | 287 | MOTION to Preclude Testimony of Dr. Cooklev – filed by HTC America Inc., HTC Corporation. (Attachments: # 1 Text of Proposed Order)Motions referred to Sherry R. Fallon.(Rovner, Philip) Modified on 12/11/2017 (lih). (Entered: 12/08/2017) |
| 12/08/2017 | 288 | [SEALED] OPENING BRIEF in Support re 287 MOTION to Preclude filed by HTC America Inc., HTC Corporation.Answering Brief/Response due date per Local Rules is 12/22/2017. (Rovner, Philip) Modified on 12/11/2017 (lih). (Entered: 12/08/2017) |
| 12/08/2017 | 289 | [SEALED] DECLARATION of Michael D. Jay re (287 in 1:15–cv–00543–JFB–SRF) MOTION to Preclude, (280 in 1:15–cv–00542–JFB–SRF, 256 in 1:15–cv–00544–JFB–SRF) |

| | | |
|---|---|---|
| | | MOTION to Preclude, (258 in 1:15−cv−00546−JFB−SRF) MOTION to Exclude Testimony, (266 in 1:15−cv−00547−JFB−SRF) MOTION to Exclude Testimony,(292 in 1:15−cv−00545−JFB−SRF) MOTION TO EXCLUDE by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A−H)(Palapura, Bindu) Modified on 12/11/2017 (lih). (Entered: 12/08/2017) |
| 12/08/2017 | 290 | MOTION to Preclude Defendants' Experts − filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Brian) Modified on 12/11/2017 (lih). (Entered: 12/08/2017) |
| 12/08/2017 | 291 | [SEALED] OPENING BRIEF in Support re 290 MOTION to Preclude filed by Evolved Wireless, LLC.Answering Brief/Response due date per Local Rules is 12/22/2017. (Farnan, Brian) Modified on 12/11/2017 (lih). (Entered: 12/08/2017) |
| 12/08/2017 | 292 | [SEALED] DECLARATION of Ryan M. Schultz re 291 Opening Brief in Support by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Farnan, Brian) Modified on 12/11/2017 (lih). (Entered: 12/08/2017) |
| 12/11/2017 | 293 | [SEALED] Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Proposed Redactions to the Court's November 27, 2017 Memorandum Order. (Attachments: # 1 Exhibit A)(Farnan, Brian) (Entered: 12/11/2017) |
| 12/13/2017 | 294 | REQUEST for Oral Argument by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Palapura, Bindu) (Entered: 12/13/2017) |
| 12/13/2017 | 295 | ORAL ORDER: The Oral Argument set for 1/5/2018 at 09:30 AM regarding motion(s) for summary judgment is cancelled and will be rescheduled, if deemed necessary, by further order of the court. Signed by Judge Joseph F. Bataillon on 12/13/17. Associated Cases: 1:15−cv−00542−JFB−SRF et al. (Brunswick, Amy) (Entered: 12/13/2017) |
| 12/13/2017 | 296 | REDACTED VERSION of (252 in 1:15−cv−00546−JFB−SRF) Reply Brief, (270 in 1:15−cv−00542−JFB−SRF) Reply Brief, (279 in 1:15−cv−00543−JFB−SRF) Reply Brief, (258 in 1:15−cv−00547−JFB−SRF) Reply Brief, (286 in 1:15−cv−00545−JFB−SRF) Reply Brief, (250 in 1:15−cv−00544−JFB−SRF) Reply Brief by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Hoeschen, Nathan) (Entered: 12/13/2017) |
| 12/13/2017 | 297 | REDACTED VERSION of 281 Declaration by HTC America Inc., HTC Corporation. (Attachments: # 1 Exhibit 1−2)(Rovner, Philip) Modified on 12/14/2017 (lih). (Entered: 12/13/2017) |
| 12/13/2017 | 298 | REDACTED VERSION of (253 in 1:15−cv−00546−JFB−SRF) Appendix, (282 in 1:15−cv−00543−JFB−SRF) Appendix, (273 in 1:15−cv−00542−JFB−SRF) Appendix, 251 in 1:15−cv−00544−JFB−SRF) Appendix, (259 in 1:15−cv−00547−JFB−SRF) Appendix, (287 in 1:15−cv−00545−JFB−SRF) Appendix by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Attachments: # 1 Tab 7)(Hoeschen, Nathan) Modified on 12/14/2017 (lih). (Entered: 12/13/2017) |
| 12/14/2017 | 299 | REDACTED VERSION of (245 in 1:15−cv−00546−JFB−SRF, 260 in 1:15−cv−00542−JFB−SRF, 243 in 1:15−cv−00544−JFB−SRF, 272 in 1:15−cv−00543−JFB−SRF, 279 in 1:15−cv−00545−JFB−SRF) Memorandum Order. (lih) (Entered: 12/14/2017) |
| 12/15/2017 | 300 | REDACTED VERSION of 277 Reply Brief by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 12/15/2017) |
| 12/15/2017 | 301 | REDACTED VERSION of 278 Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1−4)(Farnan, Brian) Modified on 12/18/2017 (lih). (Entered: 12/15/2017) |
| 12/15/2017 | 302 | REDACTED VERSION of (264 in 1:15−cv−00547−JFB−SRF, 278 in 1:15−cv−00542−JFB−SRF, 290 in 1:15−cv−00545−JFB−SRF, 254 in 1:15−cv−00544−JFB−SRF, 256 in 1:15−cv−00546−JFB−SRF, 285 in 1:15−cv−00543−JFB−SRF) MOTION to Exclude Testimony of Dr. Putnam Pursuant to Fed. R. Evid. 702 by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Smith, Rodger) Modified on 12/18/2017 (lih). (Entered: 12/15/2017) |

| 12/15/2017 | 303 | REDACTED VERSION of (291 in 1:15–cv–00545–JFB–SRF, 255 in 1:15–cv–00544–JFB–SRF, 286 in 1:15–cv–00543–JFB–SRF, 257 in 1:15–cv–00546–JFB–SRF, 265 in 1:15–cv–00547–JFB–SRF, 279 in 1:15–cv–00542–JFB–SRF) Declaration by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Smith, Rodger) Modified on 12/18/2017 (lih). (Entered: 12/15/2017) |
|---|---|---|
| 12/18/2017 | 304 | REDACTED VERSION of (281 in 1:15–cv–00542–JFB–SRF) Opening Brief in Support, (257 in 1:15–cv–00544–JFB–SRF) Opening Brief in Support, (268 in 1:15–cv–00547–JFB–SRF) Opening Brief in Support, (293 in 1:15–cv–00545–JFB–SRF) Opening Brief in Support, (259 in 1:15–cv–00546–JFB–SRF) Opening Brief in Support, (288 in 1:15–cv–00543–JFB–SRF) Opening Brief in Support by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Palapura, Bindu) Modified on 12/19/2017 (lih). (Entered: 12/18/2017) |
| 12/18/2017 | 305 | REDACTED VERSION of (260 in 1:15–cv–00546–JFB–SRF, 261 in 1:15–cv–00544–JFB–SRF, 269 in 1:15–cv–00547–JFB–SRF, 294 in 1:15–cv–00545–JFB–SRF, 289 in 1:15–cv–00543–JFB–SRF, 282 in 1:15–cv–00542–JFB–SRF) Declaration by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A–H)(Palapura, Bindu) Modified on 12/19/2017 (lih). (Entered: 12/18/2017) |
| 12/28/2017 | 306 | NOTICE of Supplemental Authority by Evolved Wireless, LLC (Attachments: # 1 Attachment)(Farnan, Michael) (Entered: 12/28/2017) |
| 01/02/2018 | | ORAL ORDER regarding pending discovery dispute briefing schedule. Plaintiff shall file their opening letter submission, limited to no more than four pages, by no later than 6:00 PM today. Defendants' shall file their responsive letter submission, limited to no more than four pages, by no later than noon on 1/5/2018. Ordered by Judge Sherry R. Fallon on 1/2/2018. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 01/02/2018) |
| 01/02/2018 | 307 | [SEALED] Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Discovery Dispute. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Farnan, Brian) (Main Document 307 replaced on 1/30/2018) (lih). (Entered: 01/02/2018) |
| 01/03/2018 | | Motions No Longer Referred: (264 in 1:15–cv–00547–JFB–SRF, 278 in 1:15–cv–00542–JFB–SRF, 290 in 1:15–cv–00545–JFB–SRF, 254 in 1:15–cv–00544–JFB–SRF, 256 in 1:15–cv–00546–JFB–SRF, 285 in 1:15–cv–00543–JFB–SRF) MOTION to Exclude (275 in 1:15–cv–00542–JFB–SRF) MOTION to Preclude, (270 in 1:15–cv–00547–JFB–SRF) MOTION Daubert Motion To Exclude, (287 in 1:15–cv–00543–JFB–SRF) MOTION to Preclude, (262 in 1:15–cv–00547–JFB–SRF) MOTION to Exclude, (257 in 1:15–cv–00542–JFB–SRF) MOTION to Exclude, (280 in 1:15–cv–00542–JFB–SRF, 256 in 1:15–cv–00544–JFB–SRF) MOTION to Preclude, (290 in 1:15–cv–00543–JFB–SRF) MOTION to Preclude, (258 in 1:15–cv–00544–JFB–SRF) MOTION to Preclude, (295 in 1:15–cv–00545–JFB–SRF) MOTION to Preclude,(258 in 1:15–cv–00546–JFB–SRF) MOTION to Exclude, (266 in 1:15–cv–00547–JFB–SRF) MOTION to Preclude, (261 in 1:15–cv–00546–JFB–SRF) MOTION to Preclude, (292 in 1:15–cv–00545–JFB–SRF) MOTION TO EXCLUDE, (283 in 1:15–cv–00542–JFB–SRF) MOTION to Preclude Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 01/03/2018) |
| 01/03/2018 | 308 | Letter to The Honorable Joseph F. Bataillon from Bindu A. Palapura regarding Defendants' request for status conference. (Palapura, Bindu) (Entered: 01/03/2018) |
| 01/05/2018 | 309 | NOTICE OF SERVICE of Evolved Wireless's First Supplemental and Amended Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 01/05/2018) |
| 01/05/2018 | 310 | REDACTED VERSION of 291 Opening Brief in Support by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 01/05/2018) |
| 01/05/2018 | 311 | REDACTED VERSION of 292 Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–9)(Farnan, Brian) Modified on 1/5/2018 (lih). (Entered: 01/05/2018) |
| 01/05/2018 | 312 | [SEALED] SEALED Letter to The Honorable Sherry R. Fallon from Kelly E. Farnan regarding Qualcomm Deposition. (Attachments: # 1 Exhibit A)(Farnan, Kelly) (Entered: 01/05/2018) |

| 01/05/2018 | | ORAL ORDER– re (312 in 1:15–cv–00545–JFB–SRF, 289 in 1:15–cv–00547–JFB–SRF, 308 in 1:15–cv–00543–JFB–SRF, 273 in 1:15–cv–00544–JFB–SRF, 276 in 1:15–cv–00546–JFB–SRF, 308 in 1:15–cv–00542–JFB–SRF) Letter. A Telephone Conference is set for 1/12/2018 at 02:00 PM before Judge Sherry R. Fallon to discuss modifications to the scheduling order. Counsel for the plaintiff to initiate the call to 302–573–4557. The parties are to submit their respective proposals regarding modifications to the scheduling order re (114 in 1:15–cv–00546–JFB–SRF, 127 in 1:15–cv–00545–JFB–SRF, 114 in 1:15–cv–00547–JFB–SRF, 115 in 1:15–cv–00543–JFB–SRF, 109 in 1:15–cv–00542–JFB–SRF, 103 in 1:15–cv–00544–JFB–SRF) in a joint submission of no more than 5 pages on or before 1/9/2018. Ordered by Judge Sherry R. Fallon on 1/5/2018. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 01/05/2018) |
| 01/09/2018 | 313 | REDACTED VERSION of 307 Letter by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–6)(Farnan, Brian) (Entered: 01/09/2018) |
| 01/09/2018 | 314 | Letter to The Honorable Sherry R. Fallon from David E. Moore regarding case status (filed on behalf of all parties). (Moore, David) (Entered: 01/09/2018) |
| 01/10/2018 | 315 | NOTICE of FINAL WRITTEN DECISIONS IN INTER PARTES REVIEWS OF U.S. PATENT NO. 7,881,236 FINDING ASSERTED CLAIMS INVALID by Samsung Electronics America Inc., Samsung Electronics Co. Ltd. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Russell, Andrew) (Entered: 01/10/2018) |
| 01/10/2018 | 316 | Response re 306 Notice of Supplemental Authority by HTC America Inc., HTC Corporation. (Attachments: # 1 Exhibit A)(Rovner, Philip) Modified on 1/11/2018 (lih). (Entered: 01/10/2018) |
| 01/12/2018 | 317 | Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Discovery from LG. (Farnan, Brian) Modified on 1/12/2018 (lih). (Entered: 01/12/2018) |
| 01/12/2018 | | REDACTION NOTICE: In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, redacted versions of sealed documents shall be filed electronically within 7 days of the filing of the sealed document. The records of this case do not reflect the filing of a redacted version of DI # 288 . Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 01/12/2018) |
| 01/12/2018 | 318 | REDACTED VERSION of (262 in 1:15–cv–00544–JFB–SRF, 298 in 1:15–cv–00545–JFB–SRF, 288 in 1:15–cv–00542–JFB–SRF, 293 in 1:15–cv–00543–JFB–SRF, 264 in 1:15–cv–00546–JFB–SRF) Letter by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A)(Farnan, Brian) (Entered: 01/12/2018) |
| 01/12/2018 | | ORAL ORDER– Due to the unavailability of defendants Apple and Samsung for trial on the July 23, 2018 date offered by the court during the January 12, 2018 teleconference, the court offers the following alternate trial dates before Judge Bataillon: July 16, 2018 or July 30, 2018. Evolved, Apple, and Samsung are to confer and submit a joint letter to the court on or before January 18, 2018 regarding their preferred trial date in July 2018. The joint letter should also confirm the parties' availability for trial on the November 13, 2018 offered during the teleconference. The court appreciates the parties' cooperation in the selection of a new trial date. Ordered by Judge Sherry R. Fallon on 1/12/2018. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 01/12/2018) |
| 01/12/2018 | 319 | [SEALED] ANSWERING BRIEF in Opposition re 287 MOTION to Preclude filed by Evolved Wireless, LLC.Reply Brief due date per Local Rules is 1/19/2018. (Farnan, Brian) Modified on 1/16/2018 (lih). (Entered: 01/12/2018) |
| 01/12/2018 | 320 | [SEALED] DECLARATION of Ryan M. Schultz re (284 in 1:15–cv–00544–JFB–SRF) Answering Brief in Opposition, (288 in 1:15–cv–00546–JFB–SRF) Answering Brief in Opposition, (320 in 1:15–cv–00545–JFB–SRF) Answering Brief in Opposition, (319 in 1:15–cv–00543–JFB–SRF) Answering Brief in Opposition by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Farnan, Brian) Modified on 1/16/2018 (lih). (Entered: 01/12/2018) |
| 01/12/2018 | 321 | [SEALED] ANSWERING BRIEF in Opposition re 290 MOTION to Preclude filed by HTC America Inc., HTC Corporation.Reply Brief due date per Local Rules is 1/19/2018. (Rovner, Philip) Modified on 1/16/2018 (lih). (Entered: 01/12/2018) |
| 01/12/2018 | 322 | [SEALED] ANSWERING BRIEF in Opposition re 285 MOTION to Exclude Testimony of Dr. Putnam Pursuant to Fed. R. Evid. 702 filed by Evolved Wireless, LLC.Reply Brief due date per |

| | | Local Rules is 1/19/2018. (Farnan, Brian) Modified on 1/16/2018 (lih). (Entered: 01/12/2018) |
|---|---|---|
| 01/12/2018 | 323 | [SEALED] DECLARATION of Martin R. Bader re 321 Answering Brief in Opposition by HTC America Inc., HTC Corporation. (Attachments: # 1 Exhibit A–D)(Rovner, Philip) Modified on 1/16/2018 (lih). (Entered: 01/12/2018) |
| 01/12/2018 | 324 | [SEALED] DECLARATION of Ryan M. Schultz re (290 in 1:15−cv−00546−JFB−SRF) Answering Brief in Opposition, (323 in 1:15−cv−00543−JFB−SRF) Declaration, (286 in 1:15−cv−00544−JFB−SRF) Answering Brief in Opposition, (324 in 1:15−cv−00545−JFB−SRF) Answering Brief in Opposition, (322 in 1:15−cv−00542−JFB−SRF) Answering Brief in Opposition by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Farnan, Brian) Modified on 1/16/2018 (lih). (Entered: 01/12/2018) |
| 01/12/2018 | 325 | [SEALED] DECLARATION of Jonathan D. Putnam re (286 in 1:15−cv−00544−JFB−SRF) Answering Brief in Opposition, (322 in 1:15−cv−00543−JFB−SRF) Answering Brief in Opposition, (324 in 1:15−cv−00545−JFB−SRF) Answering Brief in Opposition, (290 in 1:15−cv−00546−JFB−SRF) Answering Brief in Opposition, (322 in 1:15−cv−00542−JFB−SRF) Answering Brief in Opposition by Evolved Wireless, LLC. (Farnan, Brian) Modified on 1/16/2018 (lih). (Entered: 01/12/2018) |
| 01/12/2018 | | Minute Entry for proceedings held before Judge Sherry R. Fallon – Telephone Conference held on 1/12/2018. (Court Reporter V. Gunning.) Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 01/16/2018) |
| 01/16/2018 | | REMINDER TO ALL COUNSEL: Judge Fallon's chambers does not need courtesy copies of the daubert and summary judgment briefing. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 01/16/2018) |
| 01/16/2018 | 326 | [SEALED] Letter to The Honorable Sherry R. Fallon from Kelly E. Farnan regarding pending discovery dispute. (Hunter, Travis) (Entered: 01/16/2018) |
| 01/17/2018 | | REDACTION NOTICE: In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, redacted versions of sealed documents shall be filed electronically within 7 days of the filing of the sealed document. The records of this case do not reflect the filing of a redacted version of DI # 310 . Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 01/17/2018) |
| 01/17/2018 | | THIRD REDACTION NOTICE: In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, redacted versions of sealed documents shall be filed electronically within 7 days of the filing of the sealed document. The records of this case do not reflect the filing of a redacted version of DI # 217 . Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 01/17/2018) |
| 01/18/2018 | 327 | REDACTED VERSION of (204 in 1:15−cv−00544−JFB−SRF, 243 in 1:15−cv−00545−JFB−SRF, 217 in 1:15−cv−00547−JFB−SRF, 217 in 1:15−cv−00542−JFB−SRF, 216 in 1:15−cv−00546−JFB−SRF, 230 in 1:15−cv−00543−JFB−SRF) Letter by ZTE (USA) Inc.. (Hunter, Travis) (Entered: 01/18/2018) |
| 01/18/2018 | 328 | REDACTED VERSION of (310 in 1:15−cv−00542−JFB−SRF, 314 in 1:15−cv−00545−JFB−SRF, 280 in 1:15−cv−00546−JFB−SRF, 277 in 1:15−cv−00544−JFB−SRF, 291 in 1:15−cv−00547−JFB−SRF, 312 in 1:15−cv−00543−JFB−SRF) Letter by ZTE (USA) Inc.. (Hunter, Travis) (Entered: 01/18/2018) |
| 01/18/2018 | 329 | Joint Letter to The Honorable Sherry R. Fallon from Bindu A. Palapura regarding trial date. (Attachments: # 1 Exhibit A–D)(Moore, David) (Entered: 01/18/2018) |
| 01/19/2018 | 330 | REDACTED VERSION of (284 in 1:15−cv−00544−JFB−SRF) Answering Brief in Opposition, (288 in 1:15−cv−00546−JFB−SRF) Answering Brief in Opposition, (320 in 1:15−cv−00545−JFB−SRF) Answering Brief in Opposition, (319 in 1:15−cv−00543−JFB−SRF) Answering Brief in Opposition by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 01/19/2018) |
| 01/19/2018 | 331 | DECLARATION re (285 in 1:15−cv−00544−JFB−SRF, 320 in 1:15−cv−00543−JFB−SRF, 289 in 1:15−cv−00546−JFB−SRF, 321 in 1:15−cv−00545−JFB−SRF) Declaration, by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–3)(Farnan, Brian) (Entered: 01/19/2018) |

| 01/19/2018 | 332 | [SEALED] Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Response to Defendants' January 16, 2018 Letter – re (325 in 1:15–cv–00542–JFB–SRF, 327 in 1:15–cv–00545–JFB–SRF, 293 in 1:15–cv–00546–JFB–SRF, 326 in 1:15–cv–00543–JFB–SRF, 289 in 1:15–cv–00544–JFB–SRF) Letter. (Farnan, Brian) (Entered: 01/19/2018) |
|---|---|---|
| 01/19/2018 | 333 | REDACTED VERSION of (335 in 1:15–cv–00545–JFB–SRF, 299 in 1:15–cv–00546–JFB–SRF, 332 in 1:15–cv–00543–JFB–SRF, 295 in 1:15–cv–00544–JFB–SRF, 333 in 1:15–cv–00542–JFB–SRF) Letter, by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 01/19/2018) |
| 01/19/2018 | 334 | REDACTED VERSION of (286 in 1:15–cv–00544–JFB–SRF) Answering Brief in Opposition, (322 in 1:15–cv–00543–JFB–SRF) Answering Brief in Opposition, (324 in 1:15–cv–00545–JFB–SRF) Answering Brief in Opposition, (290 in 1:15–cv–00546–JFB–SRF) Answering Brief in Opposition, (322 in 1:15–cv–00542–JFB–SRF) Answering Brief in Opposition, by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 01/19/2018) |
| 01/19/2018 | 335 | REDACTED VERSION of (287 in 1:15–cv–00544–JFB–SRF, 323 in 1:15–cv–00542–JFB–SRF, 291 in 1:15–cv–00546–JFB–SRF, 324 in 1:15–cv–00543–JFB–SRF, 325 in 1:15–cv–00545–JFB–SRF) Declaration,, by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–9)(Farnan, Brian) (Entered: 01/19/2018) |
| 01/19/2018 | 336 | REDACTED VERSION of (292 in 1:15–cv–00546–JFB–SRF, 325 in 1:15–cv–00543–JFB–SRF, 326 in 1:15–cv–00545–JFB–SRF, 288 in 1:15–cv–00544–JFB–SRF, 324 in 1:15–cv–00542–JFB–SRF) Declaration, by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 01/19/2018) |
| 01/19/2018 | 337 | REDACTED VERSION of 321 Answering Brief in Opposition by HTC America Inc., HTC Corporation. (Rovner, Philip) Modified on 1/22/2018 (lih). (Entered: 01/19/2018) |
| 01/19/2018 | 338 | REDACTED VERSION of 323 Declaration of Martin R. Bader by HTC America Inc., HTC Corporation. (Attachments: # 1 Exhibit A–D)(Rovner, Philip) (Entered: 01/19/2018) |
| 01/30/2018 | | CORRECTING ENTRY: The pdf of the letter filed by evolved wireless on 1/2/18 has been replaced with a revised version of the document. Associated Cases: 1:15–cv–00542–JFB–SRF, 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF(lih) (Entered: 01/30/2018) |
| 02/02/2018 | 339 | [SEALED] REPLY BRIEF re 287 MOTION to Preclude filed by HTC America Inc., HTC Corporation. (Moore, David) Modified on 2/5/2018 (lih). (Entered: 02/02/2018) |
| 02/02/2018 | 340 | [SEALED] REPLY BRIEF re 290 MOTION to Preclude filed by Evolved Wireless, LLC. (Farnan, Brian) Modified on 2/5/2018 (lih). (Entered: 02/02/2018) |
| 02/02/2018 | 341 | REPLY BRIEF re 285 MOTION to Exclude Testimony of Dr. Putnam Pursuant to Fed. R. Evid. 702 filed by HTC America Inc., HTC Corporation. (Smith, Rodger) Modified on 2/5/2018 (lih). (Entered: 02/02/2018) |
| 02/02/2018 | 342 | DECLARATION of Nathaniel C. Love re (305 in 1:15–cv–00544–JFB–SRF) Declaration, (325 in 1:15–cv–00547–JFB–SRF) Reply Brief, (306 in 1:15–cv–00546–JFB–SRF) Reply Brief, (341 in 1:15–cv–00543–JFB–SRF) Reply Brief, (344 in 1:15–cv–00542–JFB–SRF) Reply Brief, (345 in 1:15–cv–00545–JFB–SRF) Reply Brief by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibits U–HH)(Smith, Rodger) Modified on 2/5/2018 (lih). (Entered: 02/02/2018) |
| 02/02/2018 | 343 | [SEALED] BRIEF (Combined Opening and Answering) re 204 MOTION for Summary Judgment , 205 MOTION for Summary Judgment filed by Evolved Wireless, LLC.Answering Brief/Response due date per Local Rules is 2/16/2018. Reply Brief due date per Local Rules is 2/9/2018. (Farnan, Brian) (Additional attachment(s) added on 2/8/2018: # 1 Appendix) (lih). (Entered: 02/02/2018) |
| 02/02/2018 | 344 | [SEALED] DECLARATION of Younghan Song re (346 in 1:15–cv–00542–JFB–SRF) Brief (Combined Opening and Answering), (347 in 1:15–cv–00545–JFB–SRF) Brief (Combined Opening and Answering), (343 in 1:15–cv–00543–JFB–SRF) Brief (Combined Opening and Answering), (309 in 1:15–cv–00546–JFB–SRF) Brief (Combined Opening and Answering), (307 in 1:15–cv–00544–JFB–SRF) Brief (Combined Opening and Answering), by Evolved |

| | | Wireless, LLC. (Farnan, Brian) Modified on 2/5/2018 (lih). (Entered: 02/02/2018) |
|---|---|---|
| 02/02/2018 | 345 | [SEALED] DECLARATION of Ryan M. Schultz re 343 Brief (Combined Opening and Answering) by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Farnan, Brian) Modified on 2/5/2018 (lih). (Entered: 02/02/2018) |
| 02/05/2018 | | REMINDER TO ALL COUNSEL: Judge Fallon's chambers does not need courtesy copies of the daubert and summary judgment briefing. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 02/05/2018) |
| 02/08/2018 | | CORRECTING ENTRY: Appendix A has been attached to D.I. 346 per the request of counsel. Associated Cases: 1:15–cv–00542–JFB–SRF, 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF(lih) (Entered: 02/08/2018) |
| 02/09/2018 | 346 | REDACTED VERSION of 340 Reply Brief by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 02/09/2018) |
| 02/09/2018 | 347 | REDACTED VERSION of 343 Brief (Combined Opening and Answering), by Evolved Wireless, LLC. (Attachments: # 1 Appendix A)(Farnan, Brian) (Entered: 02/09/2018) |
| 02/09/2018 | 348 | REDACTED VERSION of 345 Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–9)(Farnan, Brian) Modified on 2/12/2018 (lih). (Entered: 02/09/2018) |
| 02/09/2018 | 349 | REDACTED VERSION of (341 in 1:15–cv–00542–JFB–SRF) Reply Brief, (305 in 1:15–cv–00546–JFB–SRF) Reply Brief, (324 in 1:15–cv–00547–JFB–SRF) Reply Brief, (302 in 1:15–cv–00544–JFB–SRF) Reply Brief, (342 in 1:15–cv–00545–JFB–SRF) Reply Brief, (339 in 1:15–cv–00543–JFB–SRF) Reply Brief by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Moore, David) (Entered: 02/09/2018) |
| 02/09/2018 | 350 | REDACTED VERSION of (310 in 1:15–cv–00546–JFB–SRF, 348 in 1:15–cv–00545–JFB–SRF, 347 in 1:15–cv–00542–JFB–SRF, 344 in 1:15–cv–00543–JFB–SRF, 308 in 1:15–cv–00544–JFB–SRF) Declaration by Evolved Wireless, LLC. (Farnan, Brian) Modified on 2/12/2018 (lih). (Entered: 02/09/2018) |
| 02/16/2018 | 351 | [SEALED] MEMORANDUM ORDER re (307 in 1:15–cv–00542–JFB–SRF) Letter. Signed by Judge Sherry R. Fallon on 2/16/2018.This order has been emailed to local counsel. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 02/16/2018) |
| 02/20/2018 | 352 | [SEALED] ORDER regarding case schedule. Signed by Judge Sherry R. Fallon on 2/20/2018.This order has been emailed to local counsel. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 02/20/2018) |
| 02/27/2018 | 353 | STIPULATION TO EXTEND TIME to File Opening Motions in Limine Briefs and Answering Motions in Limine Briefs to August 30, 2018 and September 27, 2018 – filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Hoeschen, Nathan) (Entered: 02/27/2018) |
| 03/02/2018 | 354 | [SEALED] Letter to The Honorable Sherry R. Fallon from Michael J. Farnan regarding Redactions to the February 16, 2018 Memorandum Order. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Farnan, Michael) (Entered: 03/02/2018) |
| 03/05/2018 | | CORRECTING ENTRY: The objections previously filed on 3/2/18 have been deleted. Revised versions of the documents will be re–filed by counsel at a later time. Associated Cases: 1:15–cv–00542–JFB–SRF, 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF(lih) (Entered: 03/05/2018) |
| 03/05/2018 | 355 | [SEALED] OBJECTIONS by Evolved Wireless, LLC to (356 in 1:15–cv–00542–JFB–SRF, 356 in 1:15–cv–00545–JFB–SRF, 316 in 1:15–cv–00544–JFB–SRF, 351 in 1:15–cv–00543–JFB–SRF, 317 in 1:15–cv–00546–JFB–SRF) Memorandum and Order . (Attachments: # 1 Certificate of Compliance)(Farnan, Michael) (Entered: 03/05/2018) |
| 03/08/2018 | | NOTICE: Per Magistrate Judge Fallon's Standing Order Regarding Courtesy Copies, which requires two (2) courtesy copies of all briefs and two (2) copies of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.), please submit to the Clerk's Office a copy of D.I. # 360 . Associated Cases: 1:15–cv–00542–JFB–SRF, |

| | | |
|---|---|---|
| | | 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–SRF(lih) (Entered: 03/08/2018) |
| 03/09/2018 | 356 | REDACTED VERSION of (321 in 1:15–cv–00546–JFB–SRF, 360 in 1:15–cv–00542–JFB–SRF, 319 in 1:15–cv–00544–JFB–SRF, 359 in 1:15–cv–00545–JFB–SRF, 354 in 1:15–cv–00543–JFB–SRF) Letter by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Farnan, Michael) (Entered: 03/09/2018) |
| 03/09/2018 | 357 | REDACTED VERSION of (356 in 1:15–cv–00542–JFB–SRF, 356 in 1:15–cv–00545–JFB–SRF, 316 in 1:15–cv–00544–JFB–SRF, 351 in 1:15–cv–00543–JFB–SRF, 317 in 1:15–cv–00546–JFB–SRF) Memorandum Order. (lih) (Entered: 03/09/2018) |
| 03/09/2018 | 358 | REDACTED VERSION of (361 in 1:15–cv–00542–JFB–SRF, 320 in 1:15–cv–00544–JFB–SRF, 355 in 1:15–cv–00543–JFB–SRF, 322 in 1:15–cv–00546–JFB–SRF, 360 in 1:15–cv–00545–JFB–SRF) Objections, by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 03/09/2018) |
| 03/13/2018 | | Set Deadlines: Proposed Pretrial Order due by 10/11/2018. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 03/13/2018) |
| 03/16/2018 | 359 | [SEALED] RESPONSE TO OBJECTIONS by ZTE (USA) Inc. re (361 in 1:15–cv–00542–JFB–SRF, 320 in 1:15–cv–00544–JFB–SRF, 355 in 1:15–cv–00543–JFB–SRF, 322 in 1:15–cv–00546–JFB–SRF, 360 in 1:15–cv–00545–JFB–SRF) Objections, (356 in 1:15–cv–00542–JFB–SRF, 356 in 1:15–cv–00545–JFB–SRF, 316 in 1:15–cv–00544–JFB–SRF, 351 in 1:15–cv–00543–JFB–SRF, 317 in 1:15–cv–00546–JFB–SRF, 336 in 1:15–cv–00547–JFB–SRF) Memorandum and Order, (341 in 1:15–cv–00547–JFB–SRF) Objections filed on behalf of all Defendants. (Hunter, Travis) Modified on 3/19/2018 (lih). (Entered: 03/16/2018) |
| 03/16/2018 | 360 | MOTION to Strike 344 Declaration – filed by HTC America Inc., HTC Corporation. (Attachments: # 1 Text of Proposed Order)Motions referred to Sherry R. Fallon.(Palapura, Bindu) Modified on 3/19/2018 (lih). (Entered: 03/16/2018) |
| 03/16/2018 | 361 | [SEALED] OPENING BRIEF in Support re 360 MOTION to Strike 344 Declaration filed by HTC America Inc., HTC Corporation.Answering Brief/Response due date per Local Rules is 4/2/2018. (Palapura, Bindu) Modified on 3/19/2018 (lih). (Entered: 03/16/2018) |
| 03/16/2018 | 362 | [SEALED] DECLARATION re (365 in 1:15–cv–00545–JFB–SRF) MOTION to Strike (348) Declaration, (360 in 1:15–cv–00543–JFB–SRF) MOTION to Strike (344) Declaration, (345 in 1:15–cv–00547–JFB–SRF) MOTION to Strike (329) Declaration , (327 in 1:15–cv–00546–JFB–SRF) MOTION to Strike (310) Declaration, (325 in 1:15–cv–00544–JFB–SRF) MOTION to Strike (308) Declaration, (366 in 1:15–cv–00542–JFB–SRF) MOTION to Strike (347) Declaration by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A–P)(Palapura, Bindu) Modified on 3/19/2018 (lih). (Entered: 03/16/2018) |
| 03/26/2018 | 363 | REDACTED VERSION of (328 in 1:15–cv–00546–JFB–SRF) Opening Brief in Support, (361 in 1:15–cv–00543–JFB–SRF) Opening Brief in Support, (326 in 1:15–cv–00544–JFB–SRF) Opening Brief in Support, (367 in 1:15–cv–00542–JFB–SRF) Opening Brief in Support, (346 in 1:15–cv–00547–JFB–SRF) Opening Brief in Support, (366 in 1:15–cv–00545–JFB–SRF) Opening Brief in Support by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Palapura, Bindu) Modified on 3/26/2018 (lih). (Entered: 03/26/2018) |
| 03/26/2018 | 364 | REDACTED VERSION of (327 in 1:15–cv–00544–JFB–SRF, 347 in 1:15–cv–00547–JFB–SRF, 329 in 1:15–cv–00546–JFB–SRF, 368 in 1:15–cv–00542–JFB–SRF, 367 in 1:15–cv–00545–JFB–SRF, 362 in 1:15–cv–00543–JFB–SRF) Declaration by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A–P)(Palapura, Bindu) Modified on 3/26/2018 (lih). (Entered: 03/26/2018) |

| 04/02/2018 | 365 | [SEALED] ANSWERING BRIEF in Opposition re 360 MOTION to Strike 344 Declaration filed by Evolved Wireless, LLC.Reply Brief due date per Local Rules is 4/9/2018. (Farnan, Brian) Modified on 4/3/2018 (lih). (Main Document 365 replaced on 4/6/2018) (lih). (Entered: 04/02/2018) |
|---|---|---|
| 04/02/2018 | 366 | [SEALED] DECLARATION of Ryan M. Schultz re (365 in 1:15−cv−00543−JFB−SRF) Answering Brief in Opposition, (371 in 1:15−cv−00542−JFB−SRF) Answering Brief in Opposition, (370 in 1:15−cv−00545−JFB−SRF) Answering Brief in Opposition, (330 in 1:15−cv−00544−JFB−SRF) Answering Brief in Opposition, (332 in 1:15−cv−00546−JFB−SRF) Answering Brief in Opposition by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Farnan, Brian) Modified on 4/3/2018 (lih). (Entered: 04/02/2018) |
| 04/03/2018 | | Remark: Counsel is reminded that the court does not need courtesy copies of the daubert/ motion in limine briefing. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 04/03/2018) |
| 04/06/2018 | | CORRECTING ENTRY: The answering brief filed on 4/2/18 has been replaced with a revised version of the document per the request of counsel. Associated Cases: 1:15−cv−00547−JFB−SRF et al.(lih) (Entered: 04/06/2018) |
| 04/09/2018 | 367 | [SEALED] REPLY BRIEF re 360 MOTION to Strike 344 Declaration filed by HTC America Inc., HTC Corporation. (Palapura, Bindu) Modified on 4/10/2018 (lih). (Entered: 04/09/2018) |
| 04/09/2018 | 368 | REDACTED VERSION of (370 in 1:15−cv−00545−JFB−SRF) Answering Brief in Opposition, (330 in 1:15−cv−00544−JFB−SRF) Answering Brief in Opposition, (365 in 1:15−cv−00543−JFB−SRF) Answering Brief in Opposition, (332 in 1:15−cv−00546−JFB−SRF) Answering Brief in Opposition, (371 in 1:15−cv−00542−JFB−SRF) Answering Brief in Opposition, by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 04/09/2018) |
| 04/09/2018 | 369 | REDACTED VERSION of (331 in 1:15−cv−00544−JFB−SRF, 371 in 1:15−cv−00545−JFB−SRF, 372 in 1:15−cv−00542−JFB−SRF, 366 in 1:15−cv−00543−JFB−SRF, 333 in 1:15−cv−00546−JFB−SRF) Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1−7)(Farnan, Brian) Modified on 4/10/2018 (lih). (Entered: 04/09/2018) |
| 04/13/2018 | 370 | [SEALED] BRIEF (Combined Answering and Reply) re 204 MOTION for Summary Judgment , 205 MOTION for Summary Judgment filed by HTC America Inc., HTC Corporation.Reply Brief due date per Local Rules is 4/20/2018. (Attachments: # 1 Appendix A−B)(Rovner, Philip) (Entered: 04/13/2018) |
| 04/13/2018 | 371 | [SEALED] DECLARATION of Michael J. Day re 370 Brief (Combined Answering and Reply) by HTC America Inc., HTC Corporation. (Attachments: # 1 Exhibit A−C)(Rovner, Philip) Modified on 4/16/2018 (lih). (Entered: 04/13/2018) |
| 04/16/2018 | | REMINDER TO ALL COUNSEL: Judge Fallon's chambers does not need courtesy copies of the summary judgment briefing. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 04/16/2018) |
| 04/16/2018 | 372 | REDACTED VERSION of (367 in 1:15−cv−00543−JFB−SRF) Reply Brief, (352 in 1:15−cv−00547−JFB−SRF) Reply Brief, (372 in 1:15−cv−00545−JFB−SRF) Reply Brief, (334 in 1:15−cv−00546−JFB−SRF) Reply Brief, (374 in 1:15−cv−00542−JFB−SRF) Reply Brief, (332 in 1:15−cv−00544−JFB−SRF) Reply Brief by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Palapura, Bindu) Modified on 4/17/2018 (lih). (Entered: 04/16/2018) |
| 04/23/2018 | 373 | REDACTED VERSION of (356 in 1:15−cv−00547−JFB−SRF) Brief (Combined Answering and Reply), (335 in 1:15−cv−00544−JFB−SRF) Brief (Combined Answering and Reply), (370 in 1:15−cv−00543−JFB−SRF) Brief (Combined Answering and Reply), (375 in 1:15−cv−00545−JFB−SRF) Brief (Combined Answering and Reply), (337 in 1:15−cv−00546−JFB−SRF) Brief (Combined Answering and Reply), (377 in 1:15−cv−00542−JFB−SRF) Brief (Combined Answering and Reply), by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Attachments: # 1 Appendix A−B)(Palapura, Bindu) (Entered: 04/23/2018) |

| 04/23/2018 | 374 | REDACTED VERSION of (336 in 1:15−cv−00544−JFB−SRF) Declaration, (371 in 1:15−cv−00543−JFB−SRF) Declaration, (378 in 1:15−cv−00542−JFB−SRF) Declaration, (338 in 1:15−cv−00546−JFB−SRF) Declaration, (357 in 1:15−cv−00547−JFB−SRF) Declaration, (376 in 1:15−cv−00545−JFB−SRF) Declaration by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A–C)(Palapura, Bindu) Modified on 4/23/2018 (lih). (Entered: 04/23/2018) |
| 04/27/2018 | 375 | [SEALED] REPLY BRIEF re 204 MOTION for Summary Judgment filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 04/27/2018) |
| 04/27/2018 | 376 | [SEALED] DECLARATION re 375 Reply Brief by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Farnan, Brian) Modified on 4/30/2018 (lih). (Entered: 04/27/2018) |
| 04/30/2018 | | Motions No Longer Referred: (360 in 1:15−cv−00543−JFB−SRF) MOTION to Strike, (345 in 1:15−cv−00547−JFB−SRF) MOTION to Strike, (327 in 1:15−cv−00546−JFB−SRF) MOTION to Strike (325 in 1:15−cv−00544−JFB−SRF) MOTION to Strike, (365 in 1:15−cv−00545−JFB−SRF) MOTION to Strike (348) Declaration Associated Cases: 1:15−cv−00543−JFB−SRF et al.(lih) (Entered: 04/30/2018) |
| 05/04/2018 | 377 | REDACTED VERSION of (340 in 1:15−cv−00544−JFB−SRF) Reply Brief, (380 in 1:15−cv−00545−JFB−SRF) Reply Brief, (382 in 1:15−cv−00542−JFB−SRF) Reply Brief, (342 in 1:15−cv−00546−JFB−SRF) Reply Brief, (375 in 1:15−cv−00543−JFB−SRF) Reply Brief by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 05/04/2018) |
| 05/04/2018 | 378 | REDACTED VERSION of 376 Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–5)(Farnan, Brian) (Entered: 05/04/2018) |
| 05/18/2018 | 379 | NOTICE of of Supplemental Authority in Support of 250 Answering Brief in Opposition (Attachments: # 1 Exhibit A)(Farnan, Michael) Modified on 5/18/2018 (lih). (Entered: 05/18/2018) |
| 06/04/2018 | 380 | STATEMENT re 379 Notice of Supplemental Authority by HTC America Inc., HTC Corporation. (Rovner, Philip) Modified on 6/5/2018 (lih). (Entered: 06/04/2018) |
| 06/19/2018 | | CASE REFERRED to Magistrate Judge Burke for Mediation. Please see Standing Order dated January 20, 2016, regarding disclosure of confidential ADR communications. A link to the standing order is provided here for your convenience at http://www.ded.uscourts.gov/general−orders/magistrate−judges−standing−order−adr−mediation Associated Cases: 1:15−cv−00542−JFB−SRF, 1:15−cv−00543−JFB−SRF, 1:15−cv−00544−JFB−SRF, 1:15−cv−00545−JFB−SRF, 1:15−cv−00546−JFB−SRF(lih) (Entered: 06/19/2018) |
| 06/26/2018 | 381 | NOTICE OF SERVICE of Supplemental Expert Report of Jonathan D. Putnam filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 06/26/2018) |
| 06/27/2018 | 382 | [SEALED] NOTICE of Supplemental Facts regarding Defendants' Motion to Exclude Testimony of Dr. Putnam by Evolved Wireless, LLC (Attachments: # 1 Exhibit A)(Farnan, Michael) (Entered: 06/27/2018) |
| 06/28/2018 | 383 | REDACTED VERSION of (385 in 1:15−cv−00545−JFB−SRF) Notice (Other), (382 in 1:15−cv−00543−JFB−SRF) Notice (Other), (347 in 1:15−cv−00546−JFB−SRF) Notice (Other), (391 in 1:15−cv−00542−JFB−SRF) Notice (Other), (345 in 1:15−cv−00544−JFB−SRF) Notice (Other) by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A)(Farnan, Michael) (Entered: 06/28/2018) |
| 07/24/2018 | 384 | ORDER Setting Mediation Conference: A Telephone Conference is set for 8/13/2018 at 10:15 AM before Judge Christopher J. Burke to discuss ADR. Signed by Judge Christopher J. Burke on 7/23/2018. (dlb) (Entered: 07/24/2018) |
| 07/27/2018 | 385 | NOTICE requesting Clerk to remove Ryan E. Dornberger as co−counsel.. (Farnan, Brian) (Entered: 07/27/2018) |
| 08/01/2018 | 386 | STIPULATION Expediting Briefing re 387 Non−Lead Defendants' Expedited Motion to Postpone Pre−Trial Conference and Exchange of Trial Material by HTC America Inc., HTC Corporation. (Rovner, Philip) Modified on 8/2/2018 (lih). (Entered: 08/01/2018) |

| 08/01/2018 | 387 | MOTION Non–Lead Defendants' Expedited Motion to Postpone Pre–Trial Conference and Exchange of Trial Material – filed by HTC America Inc., HTC Corporation. Motions referred to Sherry R. Fallon.(Rovner, Philip) (Entered: 08/01/2018) |
| --- | --- | --- |
| 08/02/2018 | 388 | EXHIBIT re (369 in 1:15–cv–00547–JFB–SRF, 387 in 1:15–cv–00543–JFB–SRF, 350 in 1:15–cv–00544–JFB–SRF, 352 in 1:15–cv–00546–JFB–SRF) MOTION Non–Lead Defendants' Expedited Motion to Postpone Pre–Trial Conference and Exchange of Trial Material by HTC America Inc., HTC Corporation. (Rovner, Philip) Modified on 8/2/2018 (lih). (Entered: 08/02/2018) |
| 08/02/2018 | | SO ORDERED– re (349 in 1:15–cv–00544–JFB–SRF, 386 in 1:15–cv–00543–JFB–SRF, 368 in 1:15–cv–00547–JFB–SRF, 351 in 1:15–cv–00546–JFB–SRF) STIPULATION Expediting Briefing. Set Briefing Schedule: re (387 in 1:15–cv–00543–JFB–SRF, 350 in 1:15–cv–00544–JFB–SRF, 352 in 1:15–cv–00546–JFB–SRF, 369 in 1:15–cv–00547–JFB–SRF) Non–Lead Defendants' Expedited Motion to Postpone Pre–Trial Conference and Exchange of Trial Material. (Answering Brief due 8/8/2018.) Signed by Judge Sherry R. Fallon on 8/2/2018. Associated Cases: 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00546–JFB–SRF, 1:15–cv–00547–JFB–SRF(lih) (Entered: 08/02/2018) |
| 08/03/2018 | 389 | MOTION to Strike Supplemental Expert Report of Jonathan D. Putnam – filed by HTC America Inc., HTC Corporation. (Attachments: # 1 Text of Proposed Order)Motions referred to Sherry R. Fallon.(Palapura, Bindu) Modified on 8/6/2018 (lih). (Entered: 08/03/2018) |
| 08/03/2018 | 390 | [SEALED] OPENING BRIEF in Support re 389 MOTION to Strike Supplemental Expert Report of Jonathan D. Putnam filed by HTC America Inc., HTC Corporation.Answering Brief/Response due date per Local Rules is 8/17/2018. (Palapura, Bindu) Modified on 8/6/2018 (lih). (Entered: 08/03/2018) |
| 08/03/2018 | 391 | [SEALED] DECLARATION of Michael D. Jay re 389 MOTION to Strike by HTC America Inc., HTC Corporation. (Attachments: # 1 Exhibit A–B)(Palapura, Bindu) Modified on 8/6/2018 (lih). (Entered: 08/03/2018) |
| 08/06/2018 | | Motions No Longer Referred: (389 in 1:15–cv–00545–JFB–SRF) MOTION to Strike,(371 in 1:15–cv–00547–JFB–SRF) MOTION to Strike, (354 in 1:15–cv–00546–JFB–SRF) MOTION to Strike, (396 in 1:15–cv–00542–JFB–SRF) MOTION to Strike, (389 in 1:15–cv–00543–JFB–SRF) MOTION to Strike, (352 in 1:15–cv–00544–JFB–SRF) MOTION to Strike Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 08/06/2018) |
| 08/08/2018 | 392 | RESPONSE to Motion re 387 MOTION Non–Lead Defendants' Expedited Motion to Postpone Pre–Trial Conference and Exchange of Trial Material filed by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Farnan, Brian) (Entered: 08/08/2018) |
| 08/15/2018 | | ORAL ORDER– IT IS HEREBY ORDERED that: the court shall conduct a status teleconference on 8/28/2018 at 11:00 AM before Judge Sherry R. Fallon to address the issues raised in (387 in 1:15–cv–00543–JFB–SRF) MOTION Non–Lead Defendants' Expedited Motion to Postpone Pre–Trial Conference and Exchange of Trial Material. The court expects counsel for the Apple and Samsung defendants to participate in the call. Ordered by Judge Sherry R. Fallon on 8/15/2018. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 08/15/2018) |
| 08/17/2018 | 393 | STIPULATION Regarding Final Pretrial Order Briefing and Exchange of Materials by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 08/17/2018) |
| 08/17/2018 | | SO ORDERED: Counsel should only file appropriate motions in limine, not issues or claims more appropriate for Summary Judgment or Daubert motions, or for issues generally better decided at trial – re (338 in 1:15–cv–00547–JFB–SRF, 318 in 1:15–cv–00544–JFB–SRF, 358 in 1:15–cv–00545–JFB–SRF, 358 in 1:15–cv– 00542–JFB–SRF, 353 in 1:15–cv–00543–JFB–SRF, 320 in 1:15–cv–00546–JFB–SRF) STIPULATION TO EXTEND TIME to File Opening Motions in Limine Briefs and Answering Motions in Limine Briefs to August 30, 2018 and September 27, 2018 filed by Samsung Electronics Co. Ltd., Samsung Electronics America Inc.. Signed by Judge Joseph F. Bataillon on 8/17/18. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(Brunswick, Amy) (Entered: 08/17/2018) |
| 08/17/2018 | 394 | STIPULATION regarding Motions in Limine Briefing by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 08/17/2018) |

| | | |
|---|---|---|
| 08/17/2018 | 395 | [SEALED] ANSWERING BRIEF in Opposition re 389 MOTION to Strike Supplemental Expert Report of Jonathan D. Putnam filed by Evolved Wireless, LLC.Reply Brief due date per Local Rules is 8/24/2018. (Farnan, Brian) Modified on 8/20/2018 (lih). (Entered: 08/17/2018) |
| 08/17/2018 | 396 | [SEALED] DECLARATION of Ryan M. Schultz re (362 in 1:15−cv−00546−JFB−SRF) Answering Brief in Opposition, (358 in 1:15−cv−00544−JFB−SRF) Answering Brief in Opposition, (395 in 1:15−cv−00543−JFB−SRF) Answering Brief in Opposition, (394 in 1:15−cv−00545−JFB−SRF) Answering Brief in Opposition, (401 in 1:15−cv−00542−JFB−SRF) Answering Brief in Opposition by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Farnan, Brian) Modified on 8/20/2018 (lih). (Entered: 08/17/2018) |
| 08/17/2018 | 397 | [SEALED] DECLARATION of Jonathan D. Putnam re (394 in 1:15−cv−00545−JFB−SRF) Answering Brief in Opposition, (401 in 1:15−cv−00542−JFB−SRF) Answering Brief in Opposition, (362 in 1:15−cv−00546−JFB−SRF) Answering Brief in Opposition, (358 in 1:15−cv−00544−JFB−SRF) Answering Brief in Opposition, (395 in 1:15−cv−00543−JFB−SRF) Answering Brief in Opposition by Evolved Wireless, LLC. (Farnan, Brian) Modified on 8/20/2018 (lih). (Entered: 08/17/2018) |
| 08/20/2018 | | ORAL ORDER− re (376 in 1:15−cv−00547−JFB−SRF, 393 in 1:15−cv−00543−JFB−SRF, 360 in 1:15−cv−00546−JFB−SRF, 356 in 1:15−cv−00544−JFB−SRF, 399 in 1:15−cv−00542−JFB−SRF, 392 in 1:15−cv−00545−JFB−SRF) STIPULATION Regarding Final Pretrial Order Briefing and Exchange of Materials. IT IS HEREBY ORDERED that: counsel shall be prepared to discuss the subject matter of the proposed stipulation and compliance with the August 17, 2018, Oral Order of Judge Bataillon during the status teleconference set in this matter for 8/28/2018 at 11:00 AM. Ordered by Judge Sherry R. Fallon on 8/20/2018. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 08/20/2018) |
| 08/24/2018 | 398 | [SEALED] REPLY BRIEF re 389 MOTION to Strike Supplemental Expert Report of Jonathan D. Putnam filed by HTC America Inc., HTC Corporation. (Moore, David) Modified on 9/6/2018 (lih). (Entered: 08/24/2018) |
| 08/24/2018 | 399 | DECLARATION of Charles M. Stiernberg re (404 in 1:15−cv−00542−JFB−SRF) Reply Brief, (361 in 1:15−cv−00544−JFB−SRF) Reply Brief, (397 in 1:15−cv−00545−JFB−SRF) Reply Brief, (365 in 1:15−cv−00546−JFB−SRF) Reply Brief, (381 in 1:15−cv−00547−JFB−SRF) Reply Brief, (398 in 1:15−cv−00543−JFB−SRF) Reply Brief by Apple Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A)(Moore, David) Modified on 9/6/2018 (lih). (Entered: 08/24/2018) |
| 08/24/2018 | 400 | REDACTED VERSION of (394 in 1:15−cv−00545−JFB−SRF) Answering Brief in Opposition, (401 in 1:15−cv−00542−JFB−SRF) Answering Brief in Opposition, (362 in 1:15−cv−00546−JFB−SRF) Answering Brief in Opposition, (358 in 1:15−cv−00544−JFB−SRF) Answering Brief in Opposition, (395 in 1:15−cv−00543−JFB−SRF) Answering Brief in Opposition by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 08/24/2018) |
| 08/24/2018 | 401 | REDACTED VERSION of (402 in 1:15−cv−00542−JFB−SRF, 395 in 1:15−cv−00545−JFB−SRF, 363 in 1:15−cv−00546−JFB−SRF, 396 in 1:15−cv−00544−JFB−SRF, 359 in 1:15−cv−00544−JFB−SRF) Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibits A−C)(Farnan, Brian) Modified on 9/6/2018 (lih). (Entered: 08/24/2018) |
| 08/24/2018 | 402 | REDACTED VERSION of (364 in 1:15−cv−00546−JFB−SRF, 360 in 1:15−cv−00544−JFB−SRF, 396 in 1:15−cv−00545−JFB−SRF, 397 in 1:15−cv−00543−JFB−SRF, 403 in 1:15−cv−00542−JFB−SRF) Declaration by Evolved Wireless, LLC. (Farnan, Brian) Modified on 9/6/2018 (lih). (Entered: 08/24/2018) |
| 08/28/2018 | | ORDER Setting Teleconference: Plaintiff's counsel to initiate the call to (302) 573−4557. A Telephone Conference is set for 9/4/2018 at 03:00 PM before Judge Sherry R. Fallon to discuss the trial schedule. Signed by Judge Sherry R. Fallon on 8/28/2018. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(Polito, Rebecca) (Entered: 08/28/2018) |
| 08/28/2018 | | ORAL ORDER re (387 in 1:15−cv−00543−JFB−SRF): Pursuant to the ruling on the record during the August 28, 2018 teleconference, the Non−Lead Defendants' Expedited Motion to Postpone Pre−Trial Conference and Exchange of Trial Material (D.I. 387 in C.A. No. 15−543−JFB−SRF; D.I. 350 in C.A. No. 15−544−JFB−SRF; D.I. 352 in C.A. No. 15−546−JFB−SRF; and D.I. 369 in C.A. No. 15−547−JFB−SRF) is GRANTED. IT IS FURTHER ORDERED, that the parties in each case involving Non−Lead Defendants shall include in their respective proposed pretrial orders, a certification that no duplicative issues already decided in a preceding case are being raised that could potentially result in inconsistent |

| | | |
|---|---|---|
| | | rulings. Prior pretrial rulings will govern subsequent pretrial proceedings in related cases, absent a showing of good cause. Signed by Judge Sherry R. Fallon on 8/28/2018. Associated Cases: 1:15−cv−00543−JFB−SRF, 1:15−cv−00544−JFB−SRF, 1:15−cv−00546−JFB−SRF, 1:15−cv−00547−JFB−SRF(Polito, Rebecca) (Entered: 08/28/2018) |
| 08/28/2018 | | SO ORDERED, re (357 in 1:15−cv−00544−JFB−SRF, 400 in 1:15−cv−00542−JFB−SRF, 393 in 1:15−cv−00543−JFB−SRF, 394 in 1:15−cv−00543−JFB−SRF, 361 in 1:15−cv−00546−JFB−SRF) Stipulation filed by Evolved Wireless, LLC, (393 in 1:15−cv−00543−JFB−SRF, 360 in 1:15−cv−00546−JFB−SRF, 356 in 1:15−cv−00544−JFB−SRF, 399 in 1:15−cv−00542−JFB−SRF, 392 in 1:15−cv−00545−JFB−SRF) Stipulation filed by Evolved Wireless, LLC. Signed by Judge Sherry R. Fallon on 8/28/2018. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(Polito, Rebecca) (Entered: 08/28/2018) |
| 08/28/2018 | | Minute Entry for proceedings held before Judge Sherry R. Fallon − Telephone Conference held on 8/28/2018. (Court Reporter V. Gunning.) Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 09/04/2018) |
| 09/04/2018 | 403 | Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding September 4, 2018 Status Conference. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Farnan, Brian) (Entered: 09/04/2018) |
| 09/04/2018 | | Minute Entry for proceedings held before Judge Sherry R. Fallon − Status Telephone Conference held on 9/4/2018. (Court Reporter V. Gunning.) Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 09/05/2018) |
| 09/04/2018 | | Oral Order: Pursuant to the transcript of the status teleconference on September 4, 2018, the November 13, 2018 trial date in Evolved Wireless, LLC v. Apple Inc. (C.A. No. 15−542−JFB−SRF) is VACATED. On or before September 18, 2018, the parties are to submit a joint proposed scheduling order setting forth pretrial conference dates, trial dates, and lengths of trial for each defendant in accordance with the discussion on the record during the September 4, 2018 status teleconference. Briefing deadlines on the pending motions in limine are suspended pending further order of the court. Ordered by Judge Sherry R. Fallon on 9/4/2018. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 09/05/2018) |
| 09/18/2018 | 404 | Joint STIPULATION Pretrial Schedule by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 09/18/2018) |
| 09/21/2018 | | Motions No Longer Referred: (409 in 1:15−cv−00545−JFB−SRF, 415 in 1:15−cv−00542−JFB−SRF) MOTION in Limine, (409 in 1:15−cv−00542−JFB−SRF) MOTION in Limine, (402 in 1:15−cv−00545−JFB−SRF) MOTION in Limine, (403 in 1:15−cv−00545−JFB−SRF, 411 in 1:15−cv−00542−JFB−SRF) Joint MOTION in Limine Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 09/21/2018) |
| 09/21/2018 | 405 | ORDER− re (428 in 1:15−cv−00542−JFB−SRF) Stipulation. On or before September 28, 2018, counsel shall submit an amended joint proposed Pretrial and Trial Scheduling Order incorporating the dates listed in this order, as well as the agreed−upon dates for pretrial material exchanges identified in the parties' submission at D.I. 428, pages 9−13. Signed by Judge Sherry R. Fallon on 9/21/2018. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 09/21/2018) |
| 09/25/2018 | 406 | NOTICE of Supplemental Facts Regarding Defendants' Motion to Strike Supplemental Expert Report of Jonathan D. Putnam (D.I. 396) and Motion to Strike Declaration of Younghan Song (D.I. 366) by Evolved Wireless, LLC (Farnan, Brian) (Entered: 09/25/2018) |
| 09/28/2018 | 407 | PROPOSED Amended Pretrial and Trial Scheduling Order by Evolved Wireless, LLC. (Attachments: # 1 Letter to The Honorable Sherry R. Fallon)(Farnan, Brian) Modified on 9/28/2018 (lih). (Entered: 09/28/2018) |
| 10/03/2018 | 408 | SO ORDERED− re 431 PROPOSED Amended Pretrial and Trial Scheduling Order. Set Pretrial and Trial Deadlines: Apple/Samsung Proposed Pretrial Order due by 2/12/2019. HTC/Motorola/ZTE/Microsoft Proposed Pretrial Order due by 12/3/2019. Apple/Samsung Pretrial Conference is set for 3/5/2019 at 10:00 AM in Courtroom 6C before Judge Sherry R. Fallon. Samsung/HTC/Motorola/ZTE/Microsoft Pretrial Conference is set for 12/17/2019 at 10:00 AM in Courtroom 6C before Judge Sherry R. Fallon. (PLEASE REFER TO ORDER FOR FURTHER DEADLINES) Signed by Judge Sherry R. Fallon on 10/3/2018. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) Modified on 10/16/2018 (lih). (Entered: 10/03/2018) |

| 10/16/2018 | | Set Hearings: A Pretrial Conference is set for 12/17/2019 at 10:00 AM in Courtroom 6C before Judge Sherry R. Fallon. Associated Cases: 1:15−cv−00543−JFB−SRF, 1:15−cv−00544−JFB−SRF, 1:15−cv−00545−JFB−SRF, 1:15−cv−00546−JFB−SRF, 1:15−cv−00547−JFB−SRF(lih) (Entered: 10/16/2018) |
|---|---|---|
| 10/16/2018 | | Set Hearings: A 10−day Jury Trial is set for 2/6/2020 at 09:30 AM before Judge Joseph F. Bataillon. (lih) (Entered: 10/16/2018) |
| 12/31/2018 | 409 | NOTICE requesting Clerk to remove Anthony F. Schlehuber as co−counsel.. (Farnan, Brian) (Entered: 12/31/2018) |
| 01/10/2019 | 410 | NOTICE of Supplemental Authority Regarding Defendants' Motion To Exclude Testimony Of Dr. Putnam by Evolved Wireless, LLC (Farnan, Brian) (Entered: 01/10/2019) |
| 01/11/2019 | 411 | MOTION for Pro Hac Vice Appearance of Attorney Austin B. Miller − filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Brian) (Entered: 01/11/2019) |
| 01/11/2019 | | SO ORDERED− re (440 in 1:15−cv−00542−JFB−SRF, 411 in 1:15−cv−00543−JFB−SRF, 374 in 1:15−cv−00544−JFB−SRF, 378 in 1:15−cv−00546−JFB−SRF, 432 in 1:15−cv−00545−JFB−SRF) MOTION for Pro Hac Vice Appearance of Attorney Austin B. Miller. Signed by Judge Sherry R. Fallon on 1/11/2019. Associated Cases: 1:15−cv−00542−JFB−SRF, 1:15−cv−00543−JFB−SRF, 1:15−cv−00544−JFB−SRF, 1:15−cv−00545−JFB−SRF, 1:15−cv−00546−JFB−SRF(lih) (Entered: 01/11/2019) |
| 01/16/2019 | | Pro Hac Vice Attorney Austin B. Miller for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:15−cv−00542−JFB−SRF, 1:15−cv−00543−JFB−SRF, 1:15−cv−00544−JFB−SRF, 1:15−cv−00545−JFB−SRF, 1:15−cv−00546−JFB−SRF(ceg) (Entered: 01/16/2019) |
| 02/11/2019 | 412 | NOTICE requesting Clerk to remove Andrew D. Hedden as co−counsel.. (Farnan, Brian) (Entered: 02/11/2019) |
| 02/14/2019 | 413 | ORDER; The Magistrate Judge's order (D.I. 172) is adopted. The plaintiff's objections (D.I. 361) are overruled, re (185 in 1:15−cv−00547−JFB−SRF) Objections, (193 in 1:15−cv−00543−JFB−SRF) Objections, (187 in 1:15−cv−00546−JFB−SRF) Objections, (212 in 1:15−cv−00545−JFB−SRF) Objections, (181 in 1:15−cv−00542−JFB−SRF) Objections, and (172 in 1:15−cv−00544−JFB−SRF) Objections. Signed by Judge Joseph F. Bataillon on 2/13/2019. Associated Cases: 1:15−cv−00542−JFB−SRF et al. (nmg) (Entered: 02/14/2019) |
| 02/14/2019 | 414 | ORDER; The Magistrate Judge's order (D.I. 356) is adopted. The plaintiffs objections (D.I. 361) are overruled, re (361 in 1:15−cv−00542−JFB−SRF, 320 in 1:15−cv−00544−JFB−SRF, 355 in 1:15−cv−00543−JFB−SRF, 322 in 1:15−cv−00546−JFB−SRF, 360 in 1:15−cv−00545−JFB−SRF) Objections, filed by Evolved Wireless, LLC, (341 in 1:15−cv−00547−JFB−SRF) Objections filed by Evolved Wireless, LLC, (342 in 1:15−cv−00547−JFB−SRF) Objections filed by Evolved Wireless, LLC. Signed by Judge Joseph F. Bataillon on 2/13/2019. Associated Cases: 1:15−cv−00542−JFB−SRF et al. (nmg) (Entered: 02/14/2019) |
| 02/19/2019 | 415 | ORDER; Defendant Apple, Inc.'s motion for a summary judgment of no willful infringement (D.I. 190 in 1:15cv542) is granted. Defendants HTC Corporation's and HTC America, Inc.'s motion for partial summary judgment on willful infringement (D.I. 209 in 1:15cv543) is granted. Signed by Judge Joseph F. Bataillon on 2/15/2019. Associated Cases: 1:15−cv−00542−JFB−SRF, 1:15−cv−00543−JFB−SRF (nmg) (Entered: 02/19/2019) |
| 02/21/2019 | 416 | [SEALED] NOTICE of Supplemental Facts in support of its Combined Opening−Answering Brief Regarding Defendants' Affirmative Defenses Alleging License, Covenant Not to Sue, and Exhaustion by Evolved Wireless, LLC (Farnan, Brian) (Entered: 02/21/2019) |
| 02/21/2019 | 417 | [SEALED] DECLARATION of Ryan M. Schultz re (382 in 1:15−cv−00546−JFB−SRF, 466 in 1:15−cv−00542−JFB−SRF, 378 in 1:15−cv−00544−JFB−SRF, 416 in 1:15−cv−00543−JFB−SRF, 445 in 1:15−cv−00545−JFB−SRF) Notice by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Farnan, Brian) Modified on 2/21/2019 (lih). (Entered: 02/21/2019) |
| 02/21/2019 | 418 | MEMORANDUM AND ORDER. Signed by Judge Joseph F. Bataillon on 2/21/2019. Associated Cases: 1:15−cv−00543−JFB−SRF et al.(nmg) (Entered: 02/21/2019) |

| 03/01/2019 | 419 | REDACTED VERSION of (416 in 1:15–cv–00543–JFB–SRF, 382 in 1:15–cv–00546–JFB–SRF, 466 in 1:15–cv–00542–JFB–SRF, 378 in 1:15–cv–00544–JFB–SRF, 445 in 1:15–cv–00545–JFB–SRF) Notice (Other) by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 03/01/2019) |
|---|---|---|
| 03/01/2019 | 420 | REDACTED VERSION of (383 in 1:15–cv–00546–JFB–SRF, 379 in 1:15–cv–00544–JFB–SRF, 417 in 1:15–cv–00543–JFB–SRF, 467 in 1:15–cv–00542–JFB–SRF, 446 in 1:15–cv–00545–JFB–SRF) Declaration, by Evolved Wireless, LLC. (Attachments: # 1 Exhibits A–C)(Farnan, Brian) (Entered: 03/01/2019) |
| 03/01/2019 | 421 | [SEALED] MOTION for Reconsideration re (447 in 1:15–cv–00545–JFB–SRF, 468 in 1:15–cv–00542–JFB–SRF, 384 in 1:15–cv–00546–JFB–SRF, 380 in 1:15–cv–00544–JFB–SRF, 418 in 1:15–cv–00543–JFB–SRF) Memorandum and Order – filed by Evolved Wireless, LLC. (Attachments: # 1 Text of Proposed Order).(Farnan, Michael) Modified on 3/1/2019 (lih). (Entered: 03/01/2019) |
| 03/01/2019 | 422 | DECLARATION of Ryan M. Schultz re (383 in 1:15–cv–00544–JFB–SRF, 461 in 1:15–cv–00545–JFB–SRF, 421 in 1:15–cv–00543–JFB–SRF, 387 in 1:15–cv–00546–JFB–SRF, 487 in 1:15–cv–00542–JFB–SRF) MOTION for Reconsideration re (447 in 1:15–cv–00545–JFB–SRF, 468 in 1:15–cv–00542–JFB–SRF, 384 in 1:15–cv–00546–JFB–SRF, 380 in 1:15–cv–00544–JFB–SRF, 418 in 1:15–cv–00543–JFB–SRF) Memorandum and Order by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A)(Farnan, Michael) Modified on 3/1/2019 (lih). (Entered: 03/01/2019) |
| 03/04/2019 | | Motions No Longer Referred: (383 in 1:15–cv–00544–JFB–SRF, 421 in 1:15–cv–00543–JFB–SRF, 387 in 1:15–cv–00546–JFB–SRF, 487 in 1:15–cv–00542–JFB–SRF, 461 in 1:15–cv–00545–JFB–SRF) MOTION for Reconsideration re (447 in 1:15–cv–00545–JFB–SRF, 468 in 1:15–cv–00542–JFB–SRF, 384 in 1:15–cv–00546–JFB–SRF, 380 in 1:15–cv–00544–JFB–SRF, 418 in 1:15–cv–00543–JFB–SRF) Memorandum Order Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 03/04/2019) |
| 03/07/2019 | 423 | ORDER: Defendants' motions for a summary judgment of non–infringement (D.I. 193 in 1:15cv542; D.I. 207 in 1:15cv543; D.I. 182 in 1:15cv544; D.I. 223 in 1:15cv545; D.I. in 1:15cv546; D.I. 197 in 1:15cv547) are denied. Signed by Judge Joseph F. Bataillon on 3/7/2019. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(nmg) (Entered: 03/07/2019) |
| 03/08/2019 | 424 | REDACTED VERSION of (383 in 1:15–cv–00544–JFB–SRF, 461 in 1:15–cv–00545–JFB–SRF, 421 in 1:15–cv–00543–JFB–SRF, 387 in 1:15–cv–00546–JFB–SRF, 487 in 1:15–cv–00542–JFB–SRF) MOTION for Reconsideration re (447 in 1:15–cv–00545–JFB–SRF, 468 in 1:15–cv–00542–JFB–SRF, 384 in 1:15–cv–00546–JFB–SRF, 380 in 1:15–cv–00544–JFB–SRF, 418 in 1:15–cv–00543–JFB–SRF) Memorandum and Order by Evolved Wireless, LLC. (Attachments: # 1 Text of Proposed Order)(Farnan, Michael) (Entered: 03/08/2019) |
| 03/13/2019 | 425 | MEMORANDUM AND ORDER – 1. Defendant Apple Inc.s motion to preclude testimony of Dr. Jonathan D. Putnam is denied; 2. Defendants joint motion to preclude testimony of Dr. Jonathan D. Putnam is denied. 3. Defendant Apple Inc.s motion to preclude the testimony of Dr. Todor Cooklev is denied. 4. Plaintiff Evolved Wireless LLCs motion to preclude the defendants experts is granted in part and denied in part as set forth in this order. (SEE ORDER FOR DETAILS)*********re (264 in 1:15–cv–00547–JFB–SRF, 278 in 1:15–cv–00542–JFB–SRF, 290 in 1:15–cv–00545–JFB–SRF, 254 in 1:15–cv–00544–JFB–SRF, 256 in 1:15–cv–00546–JFB–SRF, 285 in 1:15–cv–00543–JFB–SRF) MOTION to Exclude Testimony of Dr. Putnam Pursuant to Fed. R. Evid. 702 *(Defendants' Joint Motion)* filed by Nokia Inc., Samsung Electronics Co. Ltd., Microsoft Mobile Oy, ZTE (USA) Inc., Apple Inc., HTC America Inc., Microsoft Corporation, HTC Corporation, Samsung Electronics America Inc., Motorola Mobility LLC, (275 in 1:15–cv–00542–JFB–SRF) MOTION to Preclude *Testimony of Dr. Putnam Pursuant to Fed. R. Evid. 702* filed by Apple Inc., (287 in 1:15–cv–00543–JFB–SRF) MOTION to Preclude *Testimony of Dr. Cooklev Pursuant to Fed. R. Evid. 702 and 403* filed by HTC America Inc., HTC Corporation, (280 in 1:15–cv–00542–JFB–SRF, 256 in 1:15–cv–00544–JFB–SRF) MOTION to Preclude *Testimony of Dr. Cooklev Pursuant to Fed. R. Evid. 702 and 403* filed by Apple Inc., Motorola Mobility LLC, (290 in 1:15–cv–00543–JFB–SRF) MOTION to Preclude *Defendants' Experts* filed by Evolved Wireless, LLC, (258 in 1:15–cv–00544–JFB–SRF) MOTION to Preclude *Defendant's Experts* filed by Evolved Wireless, LLC, (295 in 1:15–cv–00545–JFB–SRF) MOTION to Preclude *Defendants' Experts* filed by Evolved Wireless, LLC, (258 in 1:15–cv–00546–JFB–SRF) MOTION to Exclude Testimony of Dr. Cooklev Pursuant to Fed. R. |

| | | Evid. 702 and 403 filed by ZTE (USA) Inc., (389 in 1:15–cv–00543–JFB–SRF) MOTION to Strike *Supplemental Expert Report of Jonathan D. Putnam* filed by HTC America Inc., HTC Corporation, (352 in 1:15–cv–00544–JFB–SRF) MOTION to Strike *Supplemental Expert Report of Jonathan D. Putnam* filed by Motorola Mobility LLC, (261 in 1:15–cv–00546–JFB–SRF) MOTION to Preclude *Defendant's Experts* filed by Evolved Wireless, LLC, (292 in 1:15–cv–00545–JFB–SRF) MOTION [DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF DR. COOKLEV PURSUANT TO FED. R. EVID. 702 AND 403] filed by Samsung Electronics Co. Ltd., Samsung Electronics America Inc., (283 in 1:15–cv–00542–JFB–SRF) MOTION to Preclude *Defendant's Experts* filed by Evolved Wireless, LLC, (389 in 1:15–cv–00543–JFB–SRF) MOTION to Strike *Supplemental Expert Report of Jonathan D. Putnam* filed by Samsung Electronics Co. Ltd., Samsung Electronics America Inc., (354 in 1:15–cv–00546–JFB–SRF) MOTION to Strike *Supplemental Expert Report of Jonathan D. Putnam* filed by ZTE (USA) Inc.. Signed by Judge Joseph F. Bataillon on 3/12/19. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(rwc) (Entered: 03/13/2019) |
|---|---|---|
| 03/15/2019 | 426 | RESPONSE to Motion re 421 MOTION for Reconsideration re (447 in 1:15–cv–00545–JFB–SRF, 468 in 1:15–cv–00542–JFB–SRF, 384 in 1:15–cv–00546–JFB–SRF, 380 in 1:15–cv–00544–JFB–SRF, 418 in 1:15–cv–00543–JFB–SRF) Memorandum and Order filed by HTC America Inc., HTC Corporation. (Rovner, Philip) (Entered: 03/15/2019) |
| 03/22/2019 | 427 | ORDER: Plaintiffs Motion to Reconsider, D.I. 487 , this Courts Memorandum and Order, is DENIED without prejudice (*Corresponding motions are as follows: 383 in 1:15–cv–00544–JFB–SRF, 461 in 1:15–cv–00545–JFB–SRF, 421 in 1:15–cv–00543–JFB–SRF, 387 in 1:15–cv–00546–JFB–SRF, 405 in 1:15–cv–00547–JFB–SRF). Signed by Judge Joseph F. Bataillon on 3/21/2019. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(ceg) (Entered: 03/22/2019) |
| 03/28/2019 | 428 | MEMORANDUM AND ORDER. Signed by Judge Joseph F. Bataillon on 3/28/2019. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(nmg) (Entered: 03/28/2019) |
| 05/01/2019 | 429 | NOTICE requesting Clerk to remove Marla R. Butler as co–counsel.. (Farnan, Brian) (Entered: 05/01/2019) |
| 06/06/2019 | | ORAL ORDER – Oral Order: On or before June 13, 2019, counsel shall submit a joint status letter of no more than ten (10) pages addressing: (1) whether there are any outstanding discovery issues or other matters to be addressed by this court prior to the December 17, 2019 pretrial conference; (2) whether additional motion practice, if any, is necessary prior to the pretrial conference; (3) whether each case remains prepared to proceed to trial on the existing schedule; (4) whether the remaining parties have proposals for streamlining the remaining cases prior to trial; and (5) following the submission of the joint status letter, a status conference or teleconference may be scheduled at the convenience of the court. Signed by Judge Sherry R. Fallon on 6/6/2019. Associated Cases: 1:15–cv–00545–JFB–SRF, 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00546–JFB–SRF, 1:15–cv–00547–JFB–SRF(Polito, Rebecca) (Entered: 06/06/2019) |
| 06/13/2019 | 430 | Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Response to the Court's June 6, 2019 Oral Order. (Farnan, Brian) Modified on 6/14/2019 (lih). (Entered: 06/13/2019) |
| 08/14/2019 | 431 | MOTION for Pro Hac Vice Appearance of Attorney James V. Fazio – filed by HTC America Inc., HTC Corporation. Motions referred to Sherry R. Fallon.(Rovner, Philip) (Entered: 08/14/2019) |
| 08/15/2019 | | SO ORDERED– re 431 MOTION for Pro Hac Vice Appearance of Attorney James V. Fazio. Signed by Judge Sherry R. Fallon on 8/15/2019. (lih) (Entered: 08/15/2019) |
| 08/15/2019 | | Pro Hac Vice Attorney James V. Fazio for HTC America Inc. and HTC Corporation added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (kmd) (Entered: 08/15/2019) |
| 08/29/2019 | 432 | STIPULATION to Stay Proceedings Pending Resolution of Appeals of the August 9, 2019 Final Judgment in the Evolved v. Apple Case by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 08/29/2019) |
| 08/30/2019 | 433 | ORDER, A hearing on the licensing/patent exhaustion issues and proposed stay will be held at 9:00 AM, on September 13, 2019 before the undersigned in Courtroom No. 6C, J. Caleb Boggs |

| | | Federal Building, 844 North King Street, Wilmington, DE. Signed by Judge Joseph F. Bataillon on 8/30/2019. Associated Cases: 1:15–cv–00543–JFB–SRF et al. (lak) (Entered: 08/30/2019) |
|---|---|---|
| 09/13/2019 | | Minute Entry for proceedings held before Judge Joseph F. Bataillon – Hearing regarding licensing/patent exhaustion issues and proposed stay held on 9/13/2019. (Court Reporter Jennifer Guy.) Associated Cases: 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF, 1:15–cv–00547–JFB–SRF(amf) (Entered: 09/13/2019) |
| 09/16/2019 | | ORAL ORDER– IT IS HEREBY ORDERED that: the pretrial conference set in this matter for 12/17/2019 is CANCELLED. Ordered by Judge Sherry R. Fallon on 9/16/2019. Associated Cases: 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF, 1:15–cv–00547–JFB–SRF(lih) (Entered: 09/16/2019) |
| 09/20/2019 | 434 | Letter to The Honorable Joseph F. Bataillon from Travis S. Hunter regarding response to the Court's inquiry concerning whether the Defendants intend to file supplemental briefing on licensing/patent exhaustion issues – re Discovery Hearing,. (Hunter, Travis) (Entered: 09/20/2019) |
| 10/11/2019 | 435 | NOTICE of Subsequent Authority by Samsung Electronics America Inc., Samsung Electronics Co. Ltd. (Attachments: # 1 Exhibit A)(Shaw, John) (Entered: 10/11/2019) |
| 11/15/2019 | 436 | Official Transcript of Oral Argument held on 09/13/19 before Judge Joseph F. Bataillon. Court Reporter/Transcriber Jennifer Guy,Email: Jennifer_Guy@verizon.net. Transcript may be viewed at the court public terminal or order/purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date, it may be obtained through PACER. Redaction Request due 12/6/2019. Redacted Transcript Deadline set for 12/16/2019. Release of Transcript Restriction set for 2/13/2020. (Triozzi, Heather) (Entered: 11/15/2019) |
| 12/03/2019 | 437 | [SEALED] MEMORANDUM AND ORDER – See attached Order for details. (Associated cases – 1:15–cv–00543–JFB–SRF; 1:15–cv–00544–JFB–SRF; 1:15–cv–00545–JFB–SRF; 1:15–cv–00546–JFB–SRF; 1:15–cv–00547–JFB–SRF) Signed by Judge Joseph F. Bataillon on 12/3/2019.This order has been emailed to local counsel. (amf) (Entered: 12/04/2019) |
| 12/03/2019 | 438 | [SEALED] JUDGMENT (Associated cases – 1:15–cv–00543–JFB–SRF; 1:15–cv–00544–JFB–SRF; 1:15–cv–00545–JFB–SRF; 1:15–cv–00546–JFB–SRF; 1:15–cv–00547–JFB–SRF) Signed by Judge Joseph F. Bataillon on 12/3/2019.This Judgment has been emailed to local counsel. (amf) (Entered: 12/04/2019) |
| 12/03/2019 | | CASE CLOSED Associated Cases: 1:15–cv–00543–JFB–SRF, 1:15–cv–00546–JFB–SRF, 1:15–cv–00547–JFB–SRF(amf) (Entered: 12/04/2019) |
| 12/06/2019 | 439 | NOTICE of Intent to Request Redaction by David Ellis Moore re (481 in 1:15–cv–00543–JFB–SRF) Transcript,, (398 in 1:15–cv–00544–JFB–SRF) Transcript,, (436 in 1:15–cv–00543–JFB–SRF) Transcript,, (401 in 1:15–cv–00546–JFB–SRF) Transcript,, (419 in 1:15–cv–00547–JFB–SRF) Transcript,, (549 in 1:15–cv–00542–JFB–SRF) Transcript,, (Moore, David) (Entered: 12/06/2019) |
| 12/11/2019 | | CORRECTING ENTRY: The letter previously filed on 12/10/2019 has been deleted per the request of counsel. The letter will be re–filed shortly. Associated Cases: 1:15–cv–00543–JFB–SRF et al.(lih) (Entered: 12/11/2019) |
| 12/12/2019 | 440 | MOTION for Pro Hac Vice Appearance of Attorney Eric M. Albritton, Andrew J. Wright, and Christopher G. Granaghan – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Brian) (Entered: 12/12/2019) |
| 12/13/2019 | | SO ORDERED– re (402 in 1:15–cv–00544–JFB–SRF, 485 in 1:15–cv–00545–JFB–SRF, 405 in 1:15–cv–00546–JFB–SRF, 440 in 1:15–cv–00543–JFB–SRF) MOTION for Pro Hac Vice Appearance of Attorney Eric M. Albritton, Andrew J. Wright, and Christopher G. Granaghan. Signed by Judge Sherry R. Fallon on 12/13/2019. Associated Cases: 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF(lih) (Entered: 12/13/2019) |
| 12/13/2019 | | Pro Hac Vice Attorney Christopher G. Granaghan for Evolved Wireless, LLC. added for electronic noticing. Pursuant to Local Rule 83.5 (d), Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF(sam) (Entered: 12/13/2019) |

| 12/13/2019 | | Pro Hac Vice Attorney Andrew J. Wright,Eric M. Albritton for Evolved Wireless, LLC,added for electronic noticing. Pursuant to Local Rule 83.5 (d), Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:15−cv−00543−JFB−SRF, 1:15−cv−00544−JFB−SRF, 1:15−cv−00545−JFB−SRF, 1:15−cv−00546−JFB−SRF(sam) (Entered: 12/13/2019) |
|---|---|---|
| 12/17/2019 | 441 | Joint STIPULATION TO EXTEND TIME to File Post−Trial Motions to 30 days after all appeals in the related cases have been exhausted and the case is remanded to this Court − filed by HTC America Inc., HTC Corporation. (Rovner, Philip) (Entered: 12/17/2019) |
| 12/17/2019 | 442 | STIPULATION TO EXTEND TIME for the paties to file a motion to redact portions of the sealed transcript of the September 13, 2019 motions hearing to December 23, 2019 − filed by HTC America Inc., HTC Corporation. (Rovner, Philip) (Entered: 12/17/2019) |
| 12/17/2019 | 443 | Letter to The Honorable Joseph F. Bataillon from Brian E. Farnan regarding Proposed Redacted Version of the Court's December 3, 2019 Memorandum and Order − re (437 in 1:15−cv−00543−JFB−SRF, 482 in 1:15−cv−00545−JFB−SRF, 399 in 1:15−cv−00544−JFB−SRF, 420 in 1:15−cv−00547−JFB−SRF, 402 in 1:15−cv−00546−JFB−SRF) Memorandum and Order,. (Attachments: # 1 Attachment)(Farnan, Brian) (Entered: 12/17/2019) |
| 12/23/2019 | 444 | Letter to The Honorable Joseph F. Bataillon from Philip A. Rovner regarding September 13, 2019 transcript. (Rovner, Philip) (Entered: 12/23/2019) |
| 12/27/2019 | 445 | ORAL ORDER: Per letter 444 , the following is denied as moot: re 442 STIPULATION TO EXTEND TIME for the paties to file a motion to redact portions of the sealed transcript of the September 13, 2019 motions hearing to December 23, 2019 filed by HTC America Inc., HTC Corporation. Signed by Judge Joseph F. Bataillon on 12/27/19. (Brunswick, Amy) (Entered: 12/27/2019) |
| 12/30/2019 | 446 | ORDER re D.I. 441 , the deadline for Defendants HTC America, HTC Corporation to file a motion for exceptional case, attorneys fees, costs, expenses, and interest under Fed. R. Civ. P. 54(d), 35 U.S.C. § 285, and 28 U.S.C. § 1927, shall be STAYED until thirty (30) days after all appeals in the related cases have been exhausted and the case is remanded to this Court. Signed by Judge Joseph F. Bataillon on 12/30/2019. (lak) (Entered: 12/30/2019) |
| 01/02/2020 | 447 | NOTICE OF APPEAL to the Federal Circuit of 437 Memorandum and Order, 438 Judgment, . Appeal filed by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 01/02/2020) |
| 01/02/2020 | | APPEAL − Credit Card Payment of $505.00 received re 447 Notice of Appeal (Federal Circuit) filed by Evolved Wireless, LLC. ( Filing fee $505, receipt number 0311−2814153.) (Farnan, Michael) (Entered: 01/02/2020) |
| 01/02/2020 | | Notification regarding 447 Notice of Appeal (Federal Circuit) sent to Reporter Gunning. (amf) (Entered: 01/02/2020) |
| 01/02/2020 | | Notice of Appeal and Docket Sheet to US Court of Appeals for the Federal Circuit re 447 Notice of Appeal (Federal Circuit). (amf) (Entered: 01/02/2020) |
| 01/08/2020 | 448 | NOTICE OF Docketing Record on Appeal from USCA for the Federal Circuit re 447 Notice of Appeal (Federal Circuit) filed by Evolved Wireless, LLC. USCA Case Number 2020−1335. (kmd) (Entered: 01/08/2020) |

CLOSED,APPEAL,CASREF,MEDIATION—CJB,PATENT,VACANTJUDGESHIP—2017

**U.S. District Court**
**District of Delaware (Wilmington)**
**CIVIL DOCKET FOR CASE #: 1:15—cv—00544—JFB—SRF**

Evolved Wireless, LLC v. Motorola Mobility LLC                           Date Filed: 06/25/2015
Assigned to: Judge Joseph F. Bataillon                                    Date Terminated: 12/30/2019
Referred to: Judge Sherry R. Fallon                                       Jury Demand: Plaintiff
Related Cases:   1:15—cv—00542—JFB—SRF                                     Nature of Suit: 830 Patent
                 1:15—cv—00543—JFB—SRF                                     Jurisdiction: Federal Question
                 1:15—cv—00545—JFB—SRF
                 1:15—cv—00546—JFB—SRF
                 1:15—cv—00547—JFB—SRF
 Case in other court:  Federal Circuit, 20—01337
Cause: 35:271 Patent Infringement
**Plaintiff**

**Evolved Wireless, LLC**                              represented by    **Brian E. Farnan**
                                                                         Farnan LLP
                                                                         919 North Market Street
                                                                         12th Floor
                                                                         Wilmington, DE 19801
                                                                         (302) 777—0300
                                                                         Fax: (302) 777—0301
                                                                         Email: bfarnan@farnanlaw.com
                                                                         *LEAD ATTORNEY*
                                                                         *ATTORNEY TO BE NOTICED*

                                                                         **Andrea L. Gothing**
                                                                         Email: agothing@robinskaplan.com
                                                                         *PRO HAC VICE*
                                                                         *ATTORNEY TO BE NOTICED*

                                                                         **Andrew D. Hedden**
                                                                         Email: ahedden@robinskaplan.com
                                                                         *TERMINATED: 02/11/2019*
                                                                         *PRO HAC VICE*

                                                                         **Andrew J. Wright**
                                                                         Email: andrew@nbafirm.com
                                                                         *PRO HAC VICE*
                                                                         *ATTORNEY TO BE NOTICED*

                                                                         **Annie Huang**
                                                                         Email: ahuang@RobinsKaplan.com
                                                                         *PRO HAC VICE*
                                                                         *ATTORNEY TO BE NOTICED*

                                                                         **Anthony F. Schlehuber**
                                                                         Email: aschlehuber@bakerdonelson.com
                                                                         *TERMINATED: 01/02/2019*
                                                                         *PRO HAC VICE*

                                                                         **Austin B. Miller**
                                                                         Email: abmiller@RobinsKaplan.com
                                                                         *PRO HAC VICE*
                                                                         *ATTORNEY TO BE NOTICED*

                                                                         **Benjamen C. Linden**
                                                                         Email: Blinden@RobinsKaplan.com
                                                                         *PRO HAC VICE*
                                                                         *ATTORNEY TO BE NOTICED*

**Christopher G. Granaghan**
Email: chris@nbafirm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher K. Larus**
Email: clarus@robinskaplan.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eric M. Albritton**
Email: ema@nbafirm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John K. Harting**
Email: jharting@robinskaplan.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marla R. Butler**
Email: mbutler@robinskaplan.com
*TERMINATED: 05/01/2019*
*PRO HAC VICE*

**Michael J. Farnan**
Farnan LLP
919 North Market Street
12th Floor
Wilmington, DE 19801
302–777–0338
Fax: 302–421–5870
Email: mfarnan@farnanlaw.com
*ATTORNEY TO BE NOTICED*

**Rajin S. Olson**
Email: rolson@robinskaplan.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan E. Dornberger**
Email: rdornberger@robinskaplan.com
*TERMINATED: 07/27/2018*
*PRO HAC VICE*

**Ryan M. Schultz**
Email: rschultz@robinskaplan.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Lenovo Group Ltd.**                represented by   **David Ellis Moore**
*TERMINATED: 10/10/2017*                             Potter Anderson & Corroon, LLP
                                                     1313 N. Market St., Hercules Plaza, 6th
                                                     Flr.
                                                     P.O. Box 951
                                                     Wilmington, DE 19899–0951
                                                     (302) 984–6000
                                                     Email: dmoore@potteranderson.com
                                                     *TERMINATED: 10/10/2017*
                                                     *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Bindu Ann George Palapura**
Potter Anderson & Corroon, LLP
1313 N. Market St., Hercules Plaza, 6th
Flr.
P.O. Box 951
Wilmington, DE 19899–0951
302–984–6000
Fax: 302–778–6000
Email: bpalapura@potteranderson.com
*TERMINATED: 10/10/2017*
*ATTORNEY TO BE NOTICED*

**Shayne E. O'Reilly**
UNDELIVERABLE EMAIL 1/12/2018
*TERMINATED: 10/10/2017*
*PRO HAC VICE*

**Defendant**

**Lenovo (United States) Inc.**                represented by   **David Ellis Moore**
*TERMINATED: 10/10/2017*                                       (See above for address)
                                                               *TERMINATED: 10/10/2017*
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Bindu Ann George Palapura**
                                                               (See above for address)
                                                               *TERMINATED: 10/10/2017*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Shayne E. O'Reilly**
                                                               (See above for address)
                                                               *TERMINATED: 10/10/2017*
                                                               *PRO HAC VICE*

**Defendant**

**Motorola Mobility LLC**                      represented by   **David Ellis Moore**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Akarsh P. Belagodu**
                                                               UNDELIVERABLE EMAIL 7/26/2017
                                                               *TERMINATED: 07/27/2017*
                                                               *PRO HAC VICE*

                                                               **Bindu Ann George Palapura**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Mitchell G. Stockwell**
                                                               Email: mstockwell@kilpatricktownsend.com
                                                               *PRO HAC VICE*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Richard W. Goldstucker**
                                                               Email: rgoldstucker@kilpatricktownsend.com
                                                               *PRO HAC VICE*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Shayne E. O'Reilly**
                                                               (See above for address)
                                                               *TERMINATED: 03/18/2019*

*PRO HAC VICE*

**Taylor Higgins Ludlam**
Email: taludlam@kilpatricktownsend.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/25/2015 | 1 | COMPLAINT FOR PATENT INFRINGEMENT filed with jury demand against Lenovo (United States) Inc., Lenovo Group Ltd., Motorola Mobility LLC – Magistrate Consent Notice to Pltf. ( Filing fee $ 400, receipt number 0311–1745913.) – filed by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Appendix A, # 8 Civil Cover Sheet)(mas, ) (Entered: 06/26/2015) |
| 06/25/2015 | 2 | Notice, Consent and Referral forms re: U.S. Magistrate Judge jurisdiction. (mas, ) (Entered: 06/26/2015) |
| 06/25/2015 | 3 | Report to the Commissioner of Patents and Trademarks for Patent/Trademark Number(s) US 7,746,916 B2; US 7,768,965 B2; US 7,809,373 B2; US 7,881,236 B2; US 8,218,481 B2. (mas, ) (Entered: 06/26/2015) |
| 06/26/2015 | | Summons Issued with Magistrate Consent Notice attached as to Lenovo (United States) Inc. on 6/26/2015; Motorola Mobility LLC on 6/26/2015. Requesting party or attorney should pick up issued summons at the Help Desk, Room 4209, or call 302–573–6170 and ask the Clerk to mail the summons to them. (mas, ) (Entered: 06/26/2015) |
| 06/26/2015 | 4 | Disclosure Statement pursuant to Rule 7.1: No Parents or Affiliates Listed filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 06/26/2015) |
| 07/01/2015 | | Case Assigned to Judge Sue L. Robinson. Please include the initials of the Judge (SLR) after the case number on all documents filed. Associated Cases: CA 15–542 through CA 15–547 (inclusive)(bkb) (Entered: 07/01/2015) |
| 07/06/2015 | 5 | SUMMONS Returned Executed by Evolved Wireless, LLC. Lenovo (United States) Inc. served on 6/26/2015, answer due 7/17/2015; Motorola Mobility LLC served on 6/26/2015, answer due 7/17/2015. (Farnan, Brian) (Entered: 07/06/2015) |
| 07/13/2015 | 6 | MOTION for Pro Hac Vice Appearance of Attorney Christopher K. Larus, Andrea L. Gothing, and Ryan M. Schultz – filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 07/13/2015) |
| 07/14/2015 | | SO ORDERED, re (6 in 1:15–cv–00544–SLR, 6 in 1:15–cv–00545–SLR, 6 in 1:15–cv–00543–SLR, 6 in 1:15–cv–00546–SLR, 7 in 1:15–cv–00542–SLR) MOTION for Pro Hac Vice Appearance of Attorney Christopher K. Larus, Andrea L. Gothing, and Ryan M. Schultz filed by Evolved Wireless, LLC. Signed by Judge Sue L. Robinson on 7/14/2015. Associated Cases: 1:15–cv–00542–SLR, 1:15–cv–00543–SLR, 1:15–cv–00544–SLR, 1:15–cv–00545–SLR, 1:15–cv–00546–SLR(fms) (Entered: 07/14/2015) |
| 07/15/2015 | | Pro Hac Vice Attorney Ryan M. Schultz, Andrea L. Gothing, Christopher K. Larus for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:15–cv–00542–SLR, 1:15–cv–00543–SLR, 1:15–cv–00544–SLR, 1:15–cv–00545–SLR, 1:15–cv–00546–SLR(klc) (Entered: 07/15/2015) |
| 07/16/2015 | 7 | STIPULATION TO EXTEND TIME to answer, move, or otherwise respond to the Complaint to September 15, 2015 – filed by Lenovo (United States) Inc., Motorola Mobility LLC. (Moore, David) (Entered: 07/16/2015) |
| 07/20/2015 | | SO ORDERED, re 7 STIPULATION TO EXTEND TIME to answer, move, or otherwise respond to the Complaint to September 15, 2015 filed by Motorola Mobility LLC, Lenovo (United States) Inc., Set/Reset Answer Deadlines: Lenovo (United States) Inc. answer due 9/15/2015; Motorola Mobility LLC answer due 9/15/2015. Signed by Judge Sue L. Robinson on 7/20/2015. (fms) (Entered: 07/20/2015) |
| 09/01/2015 | 8 | MOTION for Pro Hac Vice Appearance of Attorney Mitchell G. Stockwell, Richard W. Goldstucker, Taylor H. Ludlam and Akarsh P. Belagodu of Kilpatrick Townsend and Stockton LLP – filed by Lenovo (United States) Inc., Lenovo Group Ltd., Motorola Mobility LLC. |

| | | (Palapura, Bindu) (Entered: 09/01/2015) |
|---|---|---|
| 09/02/2015 | | SO ORDERED, re 8 MOTION for Pro Hac Vice Appearance of Attorney Mitchell G. Stockwell, Richard W. Goldstucker, Taylor H. Ludlam and Akarsh P. Belagodu of Kilpatrick Townsend and Stockton LLP filed by Motorola Mobility LLC, Lenovo Group Ltd., Lenovo (United States) Inc. Signed by Judge Sue L. Robinson on 9/2/2015. (fms) (Entered: 09/02/2015) |
| 09/15/2015 | 9 | ANSWER to 1 Complaint, by Lenovo (United States) Inc..(Moore, David) (Entered: 09/15/2015) |
| 09/15/2015 | 10 | Disclosure Statement pursuant to Rule 7.1: identifying Corporate Parent Lenovo Holding Company, Inc. for Lenovo (United States) Inc. filed by Lenovo (United States) Inc.. (Moore, David) (Entered: 09/15/2015) |
| 09/15/2015 | 11 | ANSWER to 1 Complaint, by Motorola Mobility LLC.(Moore, David) (Entered: 09/15/2015) |
| 09/15/2015 | 12 | Disclosure Statement pursuant to Rule 7.1: identifying Corporate Parent Lenovo Group Limited for Motorola Mobility LLC filed by Motorola Mobility LLC. (Moore, David) (Entered: 09/15/2015) |
| 09/17/2015 | 13 | ORDER, on or before October 1, 2015, counsel for plaintiff shall inform the court as to whether the need for coordinated discovery and/or Markman proceedings is anticipated as to the above cases and, if so, when a joint scheduling conference might most efficiently be conducted. ORDER Setting Deadlines: ( Notice of Compliance deadline set for 10/1/2015.). Signed by Judge Sue L. Robinson on 9/17/2015. Associated Cases: 1:15–cv–00542–SLR et al.(nmfn) (Entered: 09/17/2015) |
| 09/18/2015 | 14 | Letter to The Honorable Sue L. Robinson from Brian E. Farnan regarding Case Coordination and Scheduling. (Farnan, Brian) (Entered: 09/18/2015) |
| 09/22/2015 | 15 | Order Setting In–Person Scheduling Conference: A Scheduling Conference is set for 10/14/2015 at 04:00 PM in Courtroom 4B before Judge Sue L. Robinson. Signed by Judge Sue L. Robinson on 9/22/2015. Associated Cases: 1:15–cv–00542–SLR et al.(nmfn) (Main Document 15 replaced on 10/13/2015) (nmfn, ). (Entered: 09/22/2015) |
| 09/22/2015 | | Pro Hac Vice Attorney Mitchell G. Stockwell, Akarsh P. Belagodu, Richard Goldstucker, Taylor H. Ludlam for Motorola Mobility LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (klc) (Entered: 09/22/2015) |
| 10/13/2015 | | CORRECTING ENTRY: The pdf of the 9/22/2015 Order setting an In–Person Scheduling Conference has been replaced with a corrected version to reflect that 10/14/2015 is a Wednesday. Associated Cases: 1:15–cv–00542–SLR et al.(nmfn) (Entered: 10/13/2015) |
| 10/13/2015 | 16 | PROPOSED ORDER Proposed Scheduling Order by Evolved Wireless, LLC. (Attachments: # 1 Letter to The Honorable Sue L. Robinson, # 2 Attachment)(Farnan, Brian) (Entered: 10/13/2015) |
| 10/14/2015 | | Minute Entry for proceedings held before Judge Sue L. Robinson – Scheduling Conference held on 10/14/2015. (Court Reporter V. Gunning.) Counsel to submit the final proposed scheduling order to the court. Associated Cases: 1:15–cv–00542–SLR et al.(nmfn) (Entered: 10/15/2015) |
| 11/09/2015 | 17 | PROPOSED ORDER Proposed Scheduling Order by Evolved Wireless, LLC. (Attachments: # 1 Letter to The Honorable Sue L. Robinson)(Farnan, Brian) (Entered: 11/09/2015) |
| 11/10/2015 | | SO ORDERED, re (16 in 1:15–cv–00543–SLR, 20 in 1:15–cv–00545–SLR, 17 in 1:15–cv–00544–SLR, 19 in 1:15–cv–00546–SLR, 16 in 1:15–cv–00542–SLR, 21 in 1:15–cv–00547–SLR) SCHEDULING ORDER: Case referred to the Magistrate Judge for the purpose of exploring ADR. Case referred to the Magistrate Judge for discovery and all motions to dismiss, amend, transfer and any discovery motions permitted by the Magistrate Judge.( Joinder of Parties due by 4/13/2016., Amended Pleadings due by 4/13/2016., Fact Discovery completed by 12/21/2016., Expert Discovery due by 4/28/2017., A Status Conference is set for 11/3/2016 at 04:30 PM in Courtroom 4B before Judge Sue L. Robinson, Dispositive Motions due by 5/18/2017., An Oral Argument is set for 9/1/2017 at 09:30 AM in Courtroom 4B before Judge Sue L. Robinson., A Telephone Conference is set for 1/6/2016 at 02:00 PM before Judge Sue L. Robinson., Claim Construction Opening Brief due by 6/16/2016., Claim Construction Answering Brief due by 7/22/2016., Claim Construction Reply Brief due by 8/19/2016., Claim Construction Surreply Brief due by 9/9/2016., A Markman Hearing is set for 9/23/2016 at 09:30 |

| | | |
|---|---|---|
| | | AM in Courtroom 4B before Judge Sue L. Robinson., A Status Conference re: Expert Discovery is set for 5/3/2017 at 04:30 PM in Courtroom 4B before Judge Sue L. Robinson., A Final Pretrial Conference is set for 1/17/2018 at 04:30 PM in Courtroom 4B before Judge Sue L. Robinson., A Jury Trial is set for 2/5/2018 at 09:00 AM in Courtroom 4B before Judge Sue L. Robinson.). Signed by Judge Sue L. Robinson on 11/10/2015. Motions referred to Magistrate Judge Sherry R. Fallon.Associated Cases: 1:15−cv−00542−SLR et al.(nmfn) (Entered: 11/10/2015) |
| 11/11/2015 | 18 | NOTICE OF SERVICE of Evolved Wireless's Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 11/11/2015) |
| 11/11/2015 | 19 | NOTICE OF SERVICE of Initial Disclosures of Defendants Lenovo (United States) Inc. and Motorola Mobility LLC (with Attachment A) filed by Lenovo (United States) Inc., Motorola Mobility LLC.(Palapura, Bindu) (Entered: 11/11/2015) |
| 11/13/2015 | 20 | NOTICE OF SERVICE of Evolved Wireless's Disclosure of Asserted Patents, Accused Products, and Initial Damages Model filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 11/13/2015) |
| 12/14/2015 | 21 | NOTICE OF SERVICE of Evolved Wireless's Disclosure of the Asserted Patent Claims the Accused Products Infringe filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 12/14/2015) |
| 12/31/2015 | 22 | Letter to The Honorable Sue L. Robinson from Brian E. Farnan regarding Parties' Competing IPR Proposals. (Farnan, Brian) (Entered: 12/31/2015) |
| 01/06/2016 | | Minute Entry for proceedings held before Judge Sue L. Robinson – Telephone Conference held on 1/6/2016. (Court Reporter V. Gunning.) Associated Cases: 1:15−cv−00542−SLR−SRF et al.(nmfn) (Entered: 01/06/2016) |
| 01/14/2016 | 23 | MOTION for Pro Hac Vice Appearance of Attorney Benjamen C. Linden, Andrew D. Hedden, Ryan E. Dornberger, and Anthony F. Schlehuber – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Brian) (Entered: 01/14/2016) |
| 01/14/2016 | | SO ORDERED, re (25 in 1:15−cv−00546−SLR−SRF, 23 in 1:15−cv−00544−SLR−SRF, 23 in 1:15−cv−00543−SLR−SRF, 26 in 1:15−cv−00545−SLR−SRF, 22 in 1:15−cv−00542−SLR−SRF) MOTION for Pro Hac Vice Appearance of Attorney Benjamen C. Linden, Andrew D. Hedden, Ryan E. Dornberger, and Anthony F. Schlehuber filed by Evolved Wireless, LLC. Signed by Judge Sue L. Robinson on 1/14/2016. Associated Cases: 1:15−cv−00542−SLR−SRF, 1:15−cv−00543−SLR−SRF, 1:15−cv−00544−SLR−SRF, 1:15−cv−00545−SLR−SRF, 1:15−cv−00546−SLR−SRF(fms) (Entered: 01/14/2016) |
| 01/14/2016 | 24 | NOTICE OF SERVICE of Motorola Mobility LLC's Core Technical Document Production, Sales Figures, and Identification of Applicable License Agreements [Confidential Pursuant to Local Rule 26.2] filed by Lenovo (United States) Inc., Lenovo Group Ltd., Motorola Mobility LLC.(Palapura, Bindu) (Entered: 01/14/2016) |
| 01/19/2016 | | Pro Hac Vice Attorney Ryan E. Dornberger for Evolved Wireless, LLC for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:15−cv−00542−SLR−SRF, 1:15−cv−00543−SLR−SRF, 1:15−cv−00544−SLR−SRF, 1:15−cv−00545−SLR−SRF, 1:15−cv−00546−SLR−SRF(cna) (Entered: 01/19/2016) |
| 01/20/2016 | | Pro Hac Vice Attorney Benjamin C. Linden for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:15−cv−00542−SLR−SRF, 1:15−cv−00543−SLR−SRF, 1:15−cv−00544−SLR−SRF, 1:15−cv−00545−SLR−SRF, 1:15−cv−00546−SLR−SRF(cna) (Entered: 01/20/2016) |
| 01/21/2016 | | Pro Hac Vice Attorney Andrew D. Hedden, Anthony F. Schlehuber for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:15−cv−00542−SLR−SRF, 1:15−cv−00543−SLR−SRF, 1:15−cv−00544−SLR−SRF, 1:15−cv−00545−SLR−SRF, 1:15−cv−00546−SLR−SRF(klc) (Entered: 01/21/2016) |
| 02/05/2016 | 25 | Letter to The Honorable Sue L. Robinson from Kelly E. Farnan, Esquire regarding Follow−up re: January 6, 2016 teleconference with Your Honor. (Farnan, Kelly) (Entered: 02/05/2016) |

| 02/12/2016 | 26 | NOTICE OF SERVICE of Evolved Wireless's Disclosure of Initial Infringement Contentions filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 02/12/2016) |
|---|---|---|
| 02/15/2016 | 27 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's First Set of Requests for Production (Nos. 1–14) and Plaintiff Evolved Wireless's First Set of Common Interrogatories (Nos. 1–7) filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 02/15/2016) |
| 02/22/2016 | 28 | NOTICE OF SERVICE of Defendants' First Set of Common Interrogatories to Plaintiff Evolved Wireless, LLC filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc..(Smith, Rodger) (Entered: 02/22/2016) |
| 03/02/2016 | 29 | MOTION for Teleconference to Resolve Protective Order Disputes – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Michael) (Entered: 03/02/2016) |
| 03/03/2016 | | SO ORDERED– re (29 in 1:15–cv–00543–SLR–SRF, 28 in 1:15–cv–00542–SLR–SRF, 32 in 1:15–cv–00545–SLR–SRF, 29 in 1:15–cv–00544–SLR–SRF, 30 in 1:15–cv–00546–SLR–SRF) MOTION for Teleconference to Resolve Protective Order Disputes. A Telephone Conference is set for 3/8/2016 at 03:00 PM before Judge Sherry R. Fallon. Counsel for the plaintiff shall initiate the call to 302–573–4557. In preparation for this hearing the parties shall follow the Discovery Matters and Disputes procedure as set forth in the Order regarding discovery matters available at www.ded.uscourts.gov/judge/magistrate–judge–sherry–r–fallon. Set Deadlines: (Moving Submission due by no later than 3:00 pm on 3/3/2016., Responsive submission due by no later than 3:00 pm on 3/4/2016.) Signed by Judge Sherry R. Fallon on 3/3/2016. Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00544–SLR–SRF, 1:15–cv–00545–SLR–SRF, 1:15–cv–00546–SLR–SRF(lih) (Entered: 03/03/2016) |
| 03/03/2016 | 30 | Letter to The Honorable Sherry R. Fallon from Bindu A. Palapura, Esquire regarding Defendants' opening discovery dispute letter regarding proposed protective order. (Attachments: # 1 Exhibit 1–4)(Palapura, Bindu) (Entered: 03/03/2016) |
| 03/04/2016 | 31 | Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Response to Defendants' March 3, 2016 Letter – re (30 in 1:15–cv–00543–SLR–SRF, 29 in 1:15–cv–00542–SLR–SRF, 31 in 1:15–cv–00546–SLR–SRF, 30 in 1:15–cv–00544–SLR–SRF, 33 in 1:15–cv–00545–SLR–SRF) Letter. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Farnan, Brian) (Entered: 03/04/2016) |
| 03/08/2016 | | Minute Entry for proceedings held before Judge Sherry R. Fallon – Telephone Conference held on 3/8/2016. (Court Reporter T. Carroll (Hawkins Reporting).) Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 03/09/2016) |
| 03/08/2016 | | ORAL ORDER– re (29 in 1:15–cv–00543–SLR–SRF, 28 in 1:15–cv–00542–SLR–SRF, 32 in 1:15–cv–00545–SLR–SRF, 29 in 1:15–cv–00544–SLR–SRF, 30 in 1:15–cv–00546–SLR–SRF, 1:15–cv–00547–SLR–SRF) MOTION for Teleconference to Resolve Protective Order Disputes. IT IS HEREBY ORDERED: that the transcript of the teleconference held on 3/8/2016 shall serve as the order of the court. Ordered by Judge Sherry R. Fallon on 3/8/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 03/09/2016) |
| 03/14/2016 | 32 | NOTICE OF SERVICE of Defendants' Initial Invalidity Contentions filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., ZTE Corporation, ZTE Solutions Inc., Lenovo (United States) Inc., Lenovo Group Ltd., Motorola Mobility LLC.(Choa, Jonathan) (Entered: 03/14/2016) |
| 03/15/2016 | 33 | PROPOSED Protective Order by Evolved Wireless, LLC. (Farnan, Michael) Modified on 3/16/2016 (lih). (Entered: 03/15/2016) |
| 03/17/2016 | 34 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's Second Set of Common Interrogatories (Nos. 8–9) filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 03/17/2016) |
| 03/21/2016 | | SO ORDERED– re (37 in 1:15–cv–00546–SLR–SRF, 33 in 1:15–cv–00544–SLR–SRF, 35 in 1:15–cv–00542–SLR–SRF, 39 in 1:15–cv–00545–SLR–SRF, 37 in 1:15–cv–00543–SLR–SRF) Stipulated Protective Order. Signed by Judge Sherry R. Fallon on 3/21/2016. Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00544–SLR–SRF, 1:15–cv–00545–SLR–SRF, 1:15–cv–00546–SLR–SRF(lih) (Entered: 03/21/2016) |

| 03/23/2016 | 35 | NOTICE OF SERVICE of Defendants Lenovo (United States) Inc. And Motorola Mobility LLC's Response To Evolved Wireless's First Set Of Requests For Production (Nos. 1–14); and Defendants Lenovo (United States) Inc. And Motorola Mobility LLC's Responses To Plaintiff's First Set Of Common Interrogatories (Nos. 1–7) [Confidential–Attorneys' Eyes Only] filed by Lenovo (United States) Inc., Motorola Mobility LLC.(Palapura, Bindu) (Entered: 03/23/2016) |
|---|---|---|
| 03/25/2016 | 36 | NOTICE OF SERVICE of Defendants' Common Requests for Production (Request Nos. 1–14) to Plaintiff Evolved Wireless, LLC filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc..(Smith, Rodger) (Entered: 03/25/2016) |
| 03/28/2016 | 37 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's Answers and Objections to Defendants' First Set of Common Interrogatories (Nos. 1–12) filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 03/28/2016) |
| 04/13/2016 | 38 | STIPULATION TO EXTEND TIME to Exchange Proposed Claim Constructions to April 26, 2016 – filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Russell, Andrew) (Entered: 04/13/2016) |
| 04/13/2016 | 39 | STIPULATION TO EXTEND TIME of the deadline to amend the pleadings to April 27, 2016 – filed by Lenovo (United States) Inc., Motorola Mobility LLC. (Palapura, Bindu) (Entered: 04/13/2016) |
| 04/13/2016 | | SO ORDERED, re (43 in 1:15–cv–00546–SLR–SRF, 46 in 1:15–cv–00545–SLR–SRF, 41 in 1:15–cv–00542–SLR–SRF, 46 in 1:15–cv–00547–SLR–SRF, 38 in 1:15–cv–00544–SLR–SRF, 43 in 1:15–cv–00543–SLR–SRF) STIPULATION TO EXTEND TIME to Exchange Proposed Claim Constructions to April 26, 2016 filed by Samsung Electronics Co. Ltd., Samsung Electronics America Inc. Signed by Judge Sue L. Robinson on 4/13/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(fms) (Entered: 04/13/2016) |
| 04/14/2016 | | SO ORDERED– re 39 STIPULATION TO EXTEND TIME of the deadline to amend the pleadings to April 27, 2016. Signed by Judge Sherry R. Fallon on 4/14/2016. (lih) (Entered: 04/14/2016) |
| 04/18/2016 | 40 | NOTICE OF SERVICE of Defendants Lenovo (United States) Inc. and Motorola Mobility LLC's Responses to Plaintiff's Second Set of Common Interrogatories (Nos. 8–9) filed by Lenovo (United States) Inc., Motorola Mobility LLC.(Palapura, Bindu) (Entered: 04/18/2016) |
| 04/27/2016 | 41 | NOTICE OF SERVICE of Defendants' Preliminary Identification of Terms Needing Construction and Proposed Constructions filed by Lenovo (United States) Inc., Lenovo Group Ltd., Motorola Mobility LLC.(Palapura, Bindu) (Entered: 04/27/2016) |
| 04/27/2016 | 42 | NOTICE OF SERVICE of Evolved Wireless's Identification of Claim Terms and Proposed Constructions filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 04/27/2016) |
| 04/28/2016 | 43 | NOTICE of Subpoenas to Qualcomm Incorporated by Evolved Wireless, LLC (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Farnan, Michael) (Entered: 04/28/2016) |
| 04/28/2016 | 44 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's Objections and Responses to Defendants' Common Requests for Production (Request Nos. 1–14) filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 04/28/2016) |
| 05/02/2016 | 45 | ORDER– A Discovery Review Hearing is set for 5/18/2016 at 10:00 AM in Courtroom 6C before Judge Sherry R. Fallon. Signed by Judge Sherry R. Fallon on 5/2/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 05/02/2016) |
| 05/09/2016 | 46 | MOTION for Hearing to Resolve Discovery Disputes – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Michael) (Entered: 05/09/2016) |
| 05/09/2016 | | SO ORDERED– re (51 in 1:15–cv–00542–SLR–SRF, 53 in 1:15–cv–00546–SLR–SRF, 46 in 1:15–cv–00544–SLR–SRF, 52 in 1:15–cv–00543–SLR–SRF, 53 in 1:15–cv–00545–SLR–SRF) MOTION for Hearing to Resolve Discovery Disputes, (54 in 1:15–cv–00547–SLR–SRF) Joint MOTION for Hearing to Resolve Discovery Disputes. The discovery dispute shall be heard during the discovery review hearing set in this matter for 5/18/2016 at 10:00 AM in courtroom 6C before Judge Sherry R. Fallon. In preparation for this hearing the parties shall follow the Discovery Matters and Disputes procedure as set forth in the Order regarding discovery matters available at www.ded.uscourts.gov/judge/magistrate–judge–sherry–r–fallon. Set Deadlines: (Moving Submission(s) due by no later than 3:00 PM on 5/11/2016., Responsive submission(s) due by no later than 3:00 PM on 5/13/2016.) Ordered by Judge Sherry R. Fallon on 5/9/2016. Associated |

| | | Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 05/09/2016) |
|---|---|---|
| 05/11/2016 | 47 | Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Discovery Dispute. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Farnan, Brian) (Entered: 05/11/2016) |
| 05/13/2016 | 48 | Letter to The Honorable Sherry R. Fallon from David E. Moore, Esquire regarding responsive discovery dispute letter – re (53 in 1:15–cv–00543–SLR–SRF, 52 in 1:15–cv–00542–SLR–SRF, 54 in 1:15–cv–00545–SLR–SRF, 47 in 1:15–cv–00544–SLR–SRF, 54 in 1:15–cv–00546–SLR–SRF) Letter, (55 in 1:15–cv–00547–SLR–SRF) Letter. (Attachments: # 1 Exhibit A)(Moore, David) (Entered: 05/13/2016) |
| 05/17/2016 | 49 | CLAIM Construction Chart by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A)(Farnan, Brian) (Entered: 05/17/2016) |
| 05/18/2016 | | Minute Entry for proceedings held before Judge Sherry R. Fallon – Discovery Review and Dispute Hearing held on 5/18/2016. (Court Reporter T. Carroll (Hawkins Reporting).) Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 05/19/2016) |
| 05/19/2016 | | ORAL ORDER– re (51 in 1:15–cv–00542–SLR–SRF, 53 in 1:15–cv–00546–SLR–SRF, 46 in 1:15–cv–00544–SLR–SRF, 52 in 1:15–cv–00543–SLR–SRF, 53 in 1:15–cv–00545–SLR–SRF) MOTION for Hearing to Resolve Discovery Disputes, (54 in 1:15–cv–00547–SLR–SRF) Joint MOTION for Hearing to Resolve Discovery Disputes. IT IS HEREBY ORDERED that: the transcript of the hearing held on 5/18/2016 shall serve as the order of the court. Ordered by Judge Sherry R. Fallon on 5/19/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 05/19/2016) |
| 05/26/2016 | | Re–Set Deadlines/Hearings: Claim Construction Answering Brief due by 8/25/2016. The In–Person Status Conference is rescheduled for 12/12/2016 at 04:30 PM in Courtroom 4B before Judge Sue L. Robinson. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 05/26/2016) |
| 06/01/2016 | 50 | OBJECTIONS by Evolved Wireless, LLC to Oral Order,, . (Attachments: # 1 Exhibit A)(Farnan, Brian) (Entered: 06/01/2016) |
| 06/01/2016 | 51 | STATEMENT re (50 in 1:15–cv–00544–SLR–SRF, 56 in 1:15–cv–00543–SLR–SRF, 58 in 1:15–cv–00546–SLR–SRF, 55 in 1:15–cv–00542–SLR–SRF, 58 in 1:15–cv–00545–SLR–SRF) Objections by Evolved Wireless, LLC. (Farnan, Brian) Modified on 6/2/2016 (lih). (Entered: 06/01/2016) |
| 06/15/2016 | 52 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's Third Set of Common Interrogatories (Nos. 10–16) filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 06/15/2016) |
| 06/15/2016 | 53 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's Second Set of Requests for Production (Nos. 15–28) filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 06/15/2016) |
| 06/15/2016 | 54 | RESPONSE TO OBJECTIONS by Apple Inc., Lenovo (United States) Inc., Lenovo Group Ltd., Motorola Mobility LLC re (50 in 1:15–cv–00544–SLR–SRF, 56 in 1:15–cv–00543–SLR–SRF, 58 in 1:15–cv–00546–SLR–SRF, 55 in 1:15–cv–00542–SLR–SRF, 58 in 1:15–cv–00545–SLR–SRF) Objections filed on behalf of all Defendants. (Attachments: # 1 Exhibit A)(Moore, David) Modified on 6/16/2016 (lih). (Entered: 06/15/2016) |
| 06/16/2016 | 55 | CLAIM CONSTRUCTION OPENING BRIEF filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 06/16/2016) |
| 06/16/2016 | 56 | DECLARATION of Ryan M. Schultzre (55 in 1:15–cv–00544–SLR–SRF) Claim Construction Opening Brief, (66 in 1:15–cv–00545–SLR–SRF) Claim Construction Opening Brief, (60 in 1:15–cv–00542–SLR–SRF) Claim Construction Opening Brief, (63 in 1:15–cv–00546–SLR–SRF) Claim Construction Opening Brief, (61 in 1:15–cv–00543–SLR–SRF) Claim Construction Opening Brief by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Farnan, Brian) Modified on 6/21/2016 (lih). (Entered: 06/16/2016) |
| 06/16/2016 | 57 | Joint APPENDIX of Patents At Issue and File Wrappers by Evolved Wireless, LLC. (Attachments: # 1 Tab 1, # 2 Tab 2 – Part 1 of 6, # 3 Tab 2 – Part 2 of 6, # 4 Tab 2 – Part 3 of 6, # 5 Tab 2 – Part 4 of 6, # 6 Tab 2 – Part 5 of 6, # 7 Tab 2 – Part 6 of 6, # 8 Tab 3, # 9 Tab 4 – Part 1 of 5, # 10 Tab 4 – Part 2 of 5, # 11 Tab 4 – Part 3 of 5, # 12 Tab 4 – Part 4 of 5, # 13 Tab 4 – Part 5 of 5, # 14 Tab 5, # 15 Tab 6 – Part 1 of 13, # 16 Tab 6 – Part 2 of 13, # 17 Tab 6 – |

| | | |
|---|---|---|
| | | Part 3 of 13, # 18 Tab 6 – Part 4 of 13, # 19 Tab 6 – Part 5 of 13, # 20 Tab 6 – Part 6 of 13, # 21 Tab 6 – Part 7 of 13, # 22 Tab 6 – Part 8 of 13, # 23 Tab 6 – Part 9 of 13, # 24 Tab 6 – Part 10 of 13, # 25 Tab 6 – Part 11 of 13, # 26 Tab 6 – Part 12 of 13, # 27 Tab 6 – Part 13 of 13, # 28 Tab 7, # 29 Tab 8 – Part 1 of 5, # 30 Tab 8 – Part 2 of 5, # 31 Tab 8 – Part 3 of 5, # 32 Tab 8 – Part 4 of 5, # 33 Tab 8 – Part 5 of 5, # 34 Tab 9, # 35 Tab 10 – Part 1 of 10, # 36 Tab 10 – Part 2 of 10, # 37 Tab 10 – Part 3 of 10, # 38 Tab 10 – Part 4 of 10, # 39 Tab 10 – Part 5 of 10, # 40 Tab 10 – Part 6 of 10, # 41 Tab 10 – Part 7 of 10, # 42 Tab 10 – Part 8 of 10, # 43 Tab 10 – Part 9 of 10, # 44 Tab 10 – Part 10 of 10)(Farnan, Brian) Modified on 6/21/2016 (lih). (Entered: 06/16/2016) |
| 06/22/2016 | | Set Hearings: A Telephone Conference is set for 6/23/2016 at 04:30 PM before Judge Sue L. Robinson Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 06/22/2016) |
| 06/23/2016 | | Minute Entry for proceedings held before Judge Sue L. Robinson – Telephone Conference held on 6/23/2016. (Court Reporter V. Gunning.) Associated Cases: 1:15–cv–00542–SLR–SRF et al.(fms) (Entered: 06/23/2016) |
| 07/05/2016 | 58 | STIPULATION TO EXTEND TIME (i) Plaintiff's Supplemental Opening Claim Construction Brief; (ii) Defendants' Answering Claim Construction Brief; (iii) Plaintiff's Reply Claim Construction Brief; and (iv) Defendants' Surreply Claim Construction Brief to (i) 7/8/2016 (ii) 8/12/2016 (iii) 9/15/2016 and (iv) 9/30/2016 – filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 07/05/2016) |
| 07/08/2016 | 59 | Supplemental CLAIM CONSTRUCTION OPENING BRIEF filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 07/08/2016) |
| 07/08/2016 | 60 | DECLARATION of Dr. Todor Cooklev re (74 in 1:15–cv–00545–SLR–SRF) Claim Construction Opening Brief, (67 in 1:15–cv–00543–SLR–SRF) Claim Construction Opening Brief, (68 in 1:15–cv–00546–SLR–SRF) Claim Construction Opening Brief, (59 in 1:15–cv–00544–SLR–SRF) Claim Construction Opening Brief, (65 in 1:15–cv–00542–SLR–SRF) Claim Construction Opening Brief by Evolved Wireless, LLC. (Attachments: # 1 Appendix 1, # 2 Appendix 2, # 3 Appendix 3, # 4 Appendix 4)(Farnan, Brian) Modified on 7/11/2016 (lih). (Entered: 07/08/2016) |
| 07/11/2016 | 61 | ORDER re (70 in 1:15–cv–00545–SLR–SRF, 67 in 1:15–cv–00546–SLR–SRF, 65 in 1:15–cv–00543–SLR–SRF, 58 in 1:15–cv–00544–SLR–SRF, 63 in 1:15–cv–00542–SLR–SRF) STIPULATION TO EXTEND TIME (i) Plaintiff's Supplemental Opening Claim Construction Brief; (ii) Defendants' Answering Claim Construction Brief; (iii) Plaintiff's Reply Claim Construction Brief; and (iv) Defendants' Surreply Claim Co filed by Evolved Wireless, LLC, (65 in 1:15–cv–00547–SLR–SRF) STIPULATION TO EXTEND TIME Various Deadlines to Various Dates Listed filed by Evolved Wireless, LLC. ( Claim Construction Answering Brief due by 8/12/2016., Claim Construction Reply Brief due by 9/15/2016., Claim Construction Surreply Brief due by 9/30/2016., A Claim Construction Hearing is set for 10/6/2016 at 01:00 PM in Courtroom 4B before Judge Sue L. Robinson.). Signed by Judge Sue L. Robinson on 7/11/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(fms) (Entered: 07/11/2016) |
| 07/15/2016 | 62 | NOTICE OF SERVICE of Lenovo (United States) Inc. and Motorola Mobility LLC's Supplemental Responses to Plaintiff's Second Set of Common Interrogatories (Nos. 8–9), Response to Evolved Wireless's Second Set of Requests for Production (Nos. 15–28) and Response to Evolved Wireless's Third Set of Common Interrogatories (Nos. 10–16) filed by Lenovo (United States) Inc., Lenovo Group Ltd., Motorola Mobility LLC.(Palapura, Bindu) (Entered: 07/15/2016) |
| 07/15/2016 | 63 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's First Supplemental Objections and Responses to Defendants' Common Requests for Production (Request Nos. 1–14) filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 07/15/2016) |
| 07/20/2016 | 64 | STIPULATION of Partial Dismissal for Certain Indirect Infringement Claims by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 07/20/2016) |
| 07/20/2016 | | SO ORDERED, re 64 Stipulation of Partial Dismissal for Certain Indirect Infringement Claims filed by Evolved Wireless, LLC. Signed by Judge Sue L. Robinson on 7/20/2016. (fms) (Entered: 07/20/2016) |
| 08/10/2016 | 65 | NOTICE OF SERVICE of Evolved Wireless's First Supplemental Identification of Accused Products filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 08/10/2016) |

| 08/10/2016 | 66 | MOTION for Judgment on the Pleadings – filed by Lenovo (United States) Inc., Lenovo Group Ltd., Motorola Mobility LLC. (Attachments: # 1 Text of Proposed Order)(Moore, David) (Entered: 08/10/2016) |
| 08/10/2016 | 67 | OPENING BRIEF in Support re 66 MOTION for Judgment on the Pleadings filed by Lenovo (United States) Inc., Lenovo Group Ltd., Motorola Mobility LLC.Answering Brief/Response due date per Local Rules is 8/29/2016. (Moore, David) (Entered: 08/10/2016) |
| 08/12/2016 | 68 | CLAIM CONSTRUCTION ANSWERING BRIEF re 55 Claim Construction Opening Brief filed by Lenovo (United States) Inc., Lenovo Group Ltd., Motorola Mobility LLC. (Palapura, Bindu) (Entered: 08/12/2016) |
| 08/12/2016 | 69 | DECLARATION of Dr. Matthew C. Valenti re (68 in 1:15–cv–00544–SLR–SRF) Claim Construction Answering Brief, (73 in 1:15–cv–00542–SLR–SRF) Claim Construction Answering Brief by Apple Inc., Lenovo (United States) Inc., Lenovo Group Ltd., Motorola Mobility LLC. (Palapura, Bindu) Modified on 8/15/2016 (lih). (Additional attachment(s) added on 8/15/2016: # 2 Exhibits A–B) (nmfn, ). (Entered: 08/12/2016) |
| 08/12/2016 | 70 | DECLARATION of Charles M. Stiernberg re (68 in 1:15–cv–00544–SLR–SRF) Claim Construction Answering Brief, (73 in 1:15–cv–00542–SLR–SRF) Claim Construction Answering Brief by Apple Inc., Lenovo (United States) Inc., Lenovo Group Ltd., Motorola Mobility LLC. (Attachments: # 1 Exhibit 1–5)(Palapura, Bindu) Modified on 8/15/2016 (lih). (Entered: 08/12/2016) |
| 08/15/2016 | | CORRECTING ENTRY: Exhibits A–B have been added to the Declaration of Dr. Matthew C. Valenti per request of filer. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 08/15/2016) |
| 08/19/2016 | 71 | MOTION for Teleconference to Resolve Discovery Dispute – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Michael) (Entered: 08/19/2016) |
| 08/19/2016 | | SO ORDERED– re (71 in 1:15–cv–00544–SLR–SRF, 81 in 1:15–cv–00543–SLR–SRF, 79 in 1:15–cv–00546–SLR–SRF, 91 in 1:15–cv–00545–SLR–SRF) MOTION for Teleconference to Resolve Discovery Dispute, (78 in 1:15–cv–00547–SLR–SRF) Joint MOTION for Teleconference to Resolve Discovery Dispute. A Telephone Conference is set for 9/27/2016 at 11:00 AM before Judge Sherry R. Fallon. Counsel for the plaintiff shall initiate the call to 302–573–4557. In preparation for this hearing the parties shall follow the Discovery Matters and Disputes procedure as set forth in the Order regarding discovery matters available at www.ded.uscourts.gov/judge/magistrate–judge–sherry–r–fallon. Set Deadlines: (Moving Submission(s) due by no later than noon on 9/12/2016., Responsive submission(s) due by no later than noon on 9/13/2016.) Ordered by Judge Sherry R. Fallon on 8/19/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 08/19/2016) |
| 08/23/2016 | 72 | NOTICE of Issuance of Subpoenas upon Techquity Capital Management, LLC and TQ Lambda LLC by Lenovo (United States) Inc., Lenovo Group Ltd., Motorola Mobility LLC (Moore, David) (Entered: 08/23/2016) |
| 08/26/2016 | 73 | STIPULATION TO EXTEND TIME for Plaintiff to file Answering Brief in Opposition to Defendants' Motion for Judgment on the Pleadings to 9/12/2016 – filed by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 08/26/2016) |
| 08/29/2016 | | SO ORDERED, re (84 in 1:15–cv–00543–SLR–SRF, 78 in 1:15–cv–00542–SLR–SRF, 82 in 1:15–cv–00546–SLR–SRF, 94 in 1:15–cv–00545–SLR–SRF, 73 in 1:15–cv–00544–SLR–SRF) STIPULATION TO EXTEND TIME for Plaintiff to file Answering Brief in Opposition to Defendants' Motion for Judgment on the Pleadings to 9/12/2016 filed by Evolved Wireless, LLC, Set Briefing Schedule: re (71 in 1:15–cv–00542–SLR–SRF) MOTION for Judgment on the Pleadings , (74 in 1:15–cv–00543–SLR–SRF) MOTION for Judgment on the Pleadings , (66 in 1:15–cv–00544–SLR–SRF) MOTION for Judgment on the Pleadings , (85 in 1:15–cv–00545–SLR–SRF) MOTION for Judgment on the Pleadings , (73 in 1:15–cv–00546–SLR–SRF) MOTION for Judgment on the Pleadings . (Answering Brief due 9/12/2016.). Signed by Judge Sue L. Robinson on 8/29/2016. Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00544–SLR–SRF, 1:15–cv–00545–SLR–SRF, 1:15–cv–00546–SLR–SRF(fms) (Entered: 08/29/2016) |
| 09/02/2016 | 74 | ORDER, Rescheduling Hearings(The Markman Hearing is rescheduled for 10/6/2016 at 02:00 PM in Courtroom 4B before Judge Sue L. Robinson.). Signed by Judge Sue L. Robinson on 9/1/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 09/02/2016) |

| 09/07/2016 | 75 | MOTION for Pro Hac Vice Appearance of Attorney Marla R. Butler – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Brian) (Entered: 09/07/2016) |
| 09/07/2016 | | SO ORDERED– re (97 in 1:15–cv–00545–SLR–SRF, 84 in 1:15–cv–00546–SLR–SRF, 86 in 1:15–cv–00543–SLR–SRF, 75 in 1:15–cv–00544–SLR–SRF, 80 in 1:15–cv–00542–SLR–SRF) MOTION for Pro Hac Vice Appearance of Attorney Marla R. Butler. Signed by Judge Sherry R. Fallon on 9/7/2016. Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00544–SLR–SRF, 1:15–cv–00545–SLR–SRF, 1:15–cv–00546–SLR–SRF(lih) (Entered: 09/07/2016) |
| 09/09/2016 | 76 | NOTICE OF SERVICE of Defendants' Supplemental Disclosure of Invalidity References filed by ZTE (USA) Inc..(Hunter, Travis) (Entered: 09/09/2016) |
| 09/12/2016 | 77 | Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Discovery Dispute. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Farnan, Brian) (Entered: 09/12/2016) |
| 09/12/2016 | 78 | ANSWERING BRIEF in Opposition re 66 MOTION for Judgment on the Pleadings filed by Evolved Wireless, LLC.Reply Brief due date per Local Rules is 9/22/2016. (Farnan, Brian) (Entered: 09/12/2016) |
| 09/13/2016 | 79 | [SEALED] Letter to The Honorable Sherry R. Fallon from David E. Moore, Esquire regarding response to Plaintiff's September 12, 2016 Letter – re 77 Letter. (Attachments: # 1 Exhibit A–C)(Moore, David) (Entered: 09/13/2016) |
| 09/15/2016 | 80 | CLAIM CONSTRUCTION REPLY BRIEF filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 09/15/2016) |
| 09/15/2016 | 81 | DECLARATION of Ryan M. Schultz re (85 in 1:15–cv–00542–SLR–SRF) Claim Construction Reply Brief, (80 in 1:15–cv–00544–SLR–SRF) Claim Construction Reply Brief, (92 in 1:15–cv–00543–SLR–SRF) Claim Construction Reply Brief, (89 in 1:15–cv–00546–SLR–SRF) Claim Construction Reply Brief, (103 in 1:15–cv–00545–SLR–SRF) Claim Construction Reply Brief by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Farnan, Brian) Modified on 9/16/2016 (lih). (Entered: 09/15/2016) |
| 09/15/2016 | 82 | DECLARATION of Dr. Todor Cooklev re (92 in 1:15–cv–00543–SLR–SRF) Claim Construction Reply Brief, (85 in 1:15–cv–00542–SLR–SRF) Claim Construction Reply Brief, (80 in 1:15–cv–00544–SLR–SRF) Claim Construction Reply Brief, (89 in 1:15–cv–00546–SLR–SRF) Claim Construction Reply Brief, (103 in 1:15–cv–00545–SLR–SRF) Claim Construction Reply Brief by Evolved Wireless, LLC. (Attachments: # 1 Appendix 1)(Farnan, Brian) Modified on 9/16/2016 (lih). (Entered: 09/15/2016) |
| 09/15/2016 | 83 | NOTICE of Supplemental Authority by Evolved Wireless, LLC (Attachments: # 1 Exhibit A)(Farnan, Brian) (Entered: 09/15/2016) |
| 09/16/2016 | 84 | Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding deposition limits. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Farnan, Michael) (Entered: 09/16/2016) |
| 09/16/2016 | 85 | STIPULATION TO EXTEND TIME for Defendants to file a Reply Brief in further support of their Motion for Judgment on the Pleadings to September 29, 2016 – filed by ZTE (USA) Inc.. (Hunter, Travis) (Entered: 09/16/2016) |
| 09/19/2016 | | NOTICE: Per Magistrate Judge Fallon's Standing Order Regarding Courtesy Copies of discovery dispute documents, which requires two (2) courtesy copies of all letter briefs within one hour of filing, please submit to the Clerk's Office a copy of D.I. # 89 . Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00544–SLR–SRF, 1:15–cv–00546–SLR–SRF(lih) (Entered: 09/19/2016) |
| 09/19/2016 | | SO ORDERED, re (95 in 1:15–cv–00547–SLR–SRF, 94 in 1:15–cv–00546–SLR–SRF, 85 in 1:15–cv–00544–SLR–SRF, 90 in 1:15–cv–00542–SLR–SRF, 108 in 1:15–cv–00545–SLR–SRF, 97 in 1:15–cv–00543–SLR–SRF) STIPULATION TO EXTEND TIME for Defendants to file a Reply Brief in further support of their Motion for Judgment on the Pleadings to September 29, 2016 filed by ZTE (USA) Inc., Set Briefing Schedule: re (71 in 1:15–cv–00542–SLR–SRF) MOTION for Judgment on the Pleadings , (74 in 1:15–cv–00543–SLR–SRF) MOTION for Judgment on the Pleadings , (66 in 1:15–cv–00544–SLR–SRF) MOTION for Judgment on the Pleadings , (85 in |

| | | |
|---|---|---|
| | | 1:15−cv−00545−SLR−SRF) MOTION for Judgment on the Pleadings , (73 in 1:15−cv−00546−SLR−SRF) MOTION for Judgment on the Pleadings , (72 in 1:15−cv−00547−SLR−SRF) MOTION for Judgment on the Pleadings . (Reply Brief due 9/29/2016.). Signed by Judge Sue L. Robinson on 9/19/2016. Associated Cases: 1:15−cv−00542−SLR−SRF et al.(nmfn) (Entered: 09/19/2016) |
| 09/19/2016 | 86 | PROPOSED ORDER Stipulated Supplemental Protective Order between Non Party Qualcomm Incorporated, Plaintiff, and All Defendants by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 09/19/2016) |
| 09/20/2016 | 87 | Letter to The Honorable Sherry R. Fallon from David E. Moore, Esquire regarding response to Plaintiff's September 16, 2016 letter regarding deposition limits − re (107 in 1:15−cv−00545−SLR−SRF, 84 in 1:15−cv−00544−SLR−SRF, 93 in 1:15−cv−00546−SLR−SRF, 89 in 1:15−cv−00542−SLR−SRF, 96 in 1:15−cv−00543−SLR−SRF) Letter, (94 in 1:15−cv−00547−SLR−SRF) Letter. (Attachments: # 1 Exhibit 1)(Moore, David) (Entered: 09/20/2016) |
| 09/20/2016 | 88 | REDACTED VERSION of 79 Letter by Lenovo (United States) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A−C)(Moore, David) (Entered: 09/20/2016) |
| 09/27/2016 | | Minute Entry for proceedings held before Judge Sherry R. Fallon − Discovery Dispute Telephone Conference held on 9/27/2016. (Court Reporter T. Carroll (Hawkins Reporting).) Associated Cases: 1:15−cv−00542−SLR−SRF et al.(lih) (Entered: 09/27/2016) |
| 09/27/2016 | | ORAL ORDER− re (71 in 1:15−cv−00544−SLR−SRF, 81 in 1:15−cv−00543−SLR−SRF, 79 in 1:15−cv−00546−SLR−SRF, 76 in 1:15−cv−00542−SLR−SRF, 91 in 1:15−cv−00545−SLR−SRF) MOTION for Teleconference to Resolve Discovery Dispute. IT IS HEREBY ORDERED that: the transcript of the 9/27/2016 teleconference shall serve as the order of the court. Ordered by Judge Sherry R. Fallon on 9/27/2016. Associated Cases: 1:15−cv−00542−SLR−SRF et al.(lih) (Entered: 09/27/2016) |
| 09/29/2016 | 89 | Stipulated Amended Supplemental Protective Order Between Non Party Qualcomm Incorporated, Plaintiff, and All Defendants by Evolved Wireless, LLC. (Farnan, Brian) Modified on 10/4/2016 (lih). (Entered: 09/29/2016) |
| 09/29/2016 | 90 | REPLY BRIEF re 66 MOTION for Judgment on the Pleadings filed by Lenovo (United States) Inc., Lenovo Group Ltd., Motorola Mobility LLC. (Moore, David) (Entered: 09/29/2016) |
| 09/30/2016 | 91 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's First Set of Interrogatories to Lenovo (No. 1) filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 09/30/2016) |
| 09/30/2016 | 92 | CLAIM CONSTRUCTION SURREPLY BRIEF re 80 Claim Construction Reply Brief filed by Lenovo (United States) Inc., Lenovo Group Ltd., Motorola Mobility LLC. (Palapura, Bindu) (Entered: 09/30/2016) |
| 09/30/2016 | 93 | DECLARATION of Charles M. Stiernberg re (92 in 1:15−cv−00544−SLR−SRF) Claim Construction Surreply Brief, (97 in 1:15−cv−00542−SLR−SRF) Claim Construction Surreply Brief by Apple Inc., Lenovo (United States) Inc., Lenovo Group Ltd., Motorola Mobility LLC. (Attachments: # 1 Exhibit 6−7)(Palapura, Bindu) Modified on 10/4/2016 (lih). (Entered: 09/30/2016) |
| 09/30/2016 | 94 | STIPULATION regarding Briefing Schedule on Licenses by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 09/30/2016) |
| 10/04/2016 | 95 | NOTICE to Take Deposition of Lenovo Group Ltd., Lenovo (United States) Inc., and Motorola Mobility on 10/25/2016 filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 10/04/2016) |
| 10/05/2016 | | SO ORDERED− re (101 in 1:15−cv−00543−SLR−SRF, 99 in 1:15−cv−00546−SLR−SRF, 94 in 1:15−cv−00542−SLR−SRF, 89 in 1:15−cv−00544−SLR−SRF, 112 in 1:15−cv−00545−SLR−SRF) Stipulated Amended Supplemental Protective Order, (106 in 1:15−cv−00543−SLR−SRF, 117 in 1:15−cv−00545−SLR−SRF, 94 in 1:15−cv−00544−SLR−SRF, 104 in 1:15−cv−00546−SLR−SRF, 99 in 1:15−cv−00542−SLR−SRF) STIPULATION regarding Briefing Schedule on Licenses. Signed by Judge Sherry R. Fallon on 10/5/2016. Associated Cases: 1:15−cv−00542−SLR−SRF, 1:15−cv−00543−SLR−SRF, 1:15−cv−00544−SLR−SRF, 1:15−cv−00545−SLR−SRF, 1:15−cv−00546−SLR−SRF(lih) (Entered: 10/05/2016) |

| 10/06/2016 | | Minute Entry for proceedings held before Judge Sue L. Robinson – Markman Hearing held on 10/6/2016. (Court Reporter V. Gunning.) Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 10/12/2016) |
|---|---|---|
| 10/21/2016 | 96 | [SEALED] OPENING BRIEF in Support Cross–Producing Licenses Across the Related Cases filed by Evolved Wireless, LLC.Answering Brief/Response due date per Local Rules is 11/7/2016. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Farnan, Michael) Modified on 10/24/2016 (lih). (Entered: 10/21/2016) |
| 10/28/2016 | 97 | REDACTED VERSION of (108 in 1:15–cv–00543–SLR–SRF) Opening Brief in Support, (101 in 1:15–cv–00542–SLR–SRF) Opening Brief in Support, (120 in 1:15–cv–00545–SLR–SRF) Opening Brief in Support, (96 in 1:15–cv–00544–SLR–SRF) Opening Brief in Support, (107 in 1:15–cv–00546–SLR–SRF) Opening Brief in Support, by Evolved Wireless, LLC. (Attachments: # 1 Exhibits A–C)(Farnan, Brian) (Entered: 10/28/2016) |
| 10/31/2016 | 98 | NOTICE OF SERVICE of Defendant Lenovo (United States) Inc. and Motorola Mobility LLC's Objection and Response to Plaintiff's First Set of Interrogatories filed by Lenovo (United States) Inc., Motorola Mobility LLC.(Palapura, Bindu) (Entered: 10/31/2016) |
| 10/31/2016 | 99 | MEMORANDUM OPINION. Signed by Judge Sue L. Robinson on 10/31/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 10/31/2016) |
| 10/31/2016 | 100 | ORDER denying (66 in 1:15–cv–00544–SLR–SRF) MOTION for Judgment on the Pleadings (85 in 1:15–cv–00545–SLR–SRF), (72 in 1:15–cv–00547–SLR–SRF), (74 in 1:15–cv–00543–SLR–SRF), (73 in 1:15–cv–00546–SLR–SRF) (71 in 15–cv–00542–SLR–SRF). Signed by Judge Sue L. Robinson on 10/31/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 10/31/2016) |
| 11/07/2016 | 101 | NOTICE to Take Deposition of Plaintiff Evolved Wireless, LLC Pursuant to Rule 30(b)(6) on [Mutually Agreed Upon Date] filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Russell, Andrew) (Entered: 11/07/2016) |
| 11/08/2016 | 102 | STIPULATION Amending Scheduling Order by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A)(Farnan, Brian) (Entered: 11/08/2016) |
| 11/09/2016 | 103 | AMENDED SCHEDULING ORDER: Case referred to the Magistrate Judge for the purpose of exploring ADR. Case referred to the Magistrate Judge for discovery and all motions to dismiss, amend, transfer and any discovery motions permitted by the Magistrate Judge. Fact Discovery completed by 3/22/2017. Expert Discovery due by 7/28/2017. A Status Conference is set for 3/2/2017 at 04:30 PM in Courtroom 4B before Judge Sue L. Robinson Dispositive Motions due by 8/15/2017. An Oral Argument is set for 11/21/2017 at 09:30 AM in Courtroom 4B before Judge Sue L. Robinson. A Status Conference re: Expert Discovery is set for 8/22/2017 at 04:30 PM in Courtroom 4B before Judge Sue L. Robinson. A Final Pretrial Conference is set for 3/27/2018 at 04:30 PM in Courtroom 4B before Judge Sue L. Robinson. A Jury Trial is set for 4/23/2018 at 09:00 AM in Courtroom 4B before Judge Sue L. Robinson. Signed by Judge Sue L. Robinson on 11/9/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 11/09/2016) |
| 11/11/2016 | 104 | NOTICE OF SERVICE of Defendants' Responses And Objections To Plaintiff Evolved Wireless, LLC's Notice Of Deposition Pursuant To Federal Rule Of Civil Procedure 30(B)(6) (Topic Nos. 1–41) filed by Lenovo (United States) Inc., Motorola Mobility LLC.(Moore, David) (Entered: 11/11/2016) |
| 11/14/2016 | 105 | MEMORANDUM ORDER regarding claim construction. Signed by Judge Sue L. Robinson on 11/14/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(fms) (Entered: 11/14/2016) |
| 11/15/2016 | 106 | ANSWERING BRIEF in Opposition re 96 [SEALED] OPENING BRIEF in Support Cross–Producing Licenses Across the Related Cases filed by Non–Parties InterDigital Technology Corporation, IPR Licensing, Inc., and InterDigital Patent Holdings, Inc..(lih) (Entered: 11/15/2016) |
| 11/15/2016 | 107 | [SEALED] ANSWERING BRIEF in Opposition re 96 [SEALED] OPENING BRIEF in Support Cross–Producing Licenses Across the Related Cases filed by THIRD PARTY NOKIA CORPORATIONS AND ALCATEL LUCENT S.A..(lih) (Entered: 11/15/2016) |
| 11/15/2016 | 108 | ANSWERING BRIEF in Opposition to 96 Opening Brief in Support of Cross–Producing Licenses Across Each Evolved Action filed by Lenovo (United States) Inc., Lenovo Group Ltd., Motorola Mobility LLC. (Moore, David) Modified on 11/16/2016 (lih). (Entered: 11/15/2016) |

| 11/30/2016 | 109 | REDACTED VERSION of (107 in 1:15–cv–00544–SLR–SRF) Answering Brief in Opposition, (130 in 1:15–cv–00545–SLR–SRF) Answering Brief in Opposition, (116 in 1:15–cv–00547–SLR–SRF) Answering Brief in Opposition, (118 in 1:15–cv–00546–SLR–SRF) Answering Brief in Opposition, (118 in 1:15–cv–00543–SLR–SRF) Answering Brief in Opposition, (112 in 1:15–cv–00542–SLR–SRF) Answering Brief in Opposition. (lih) (Entered: 11/30/2016) |
|---|---|---|
| 11/30/2016 | 110 | STIPULATION TO EXTEND TIME for Plaintiff to file its Reply Brief in support of Cross–Producing Licenses Across the Related Cases to 12/7/2016 – filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 11/30/2016) |
| 12/02/2016 | | SO ORDERED– re (115 in 1:15–cv–00542–SLR–SRF, 110 in 1:15–cv–00544–SLR–SRF, 136 in 1:15–cv–00545–SLR–SRF, 121 in 1:15–cv–00546–SLR–SRF, 122 in 1:15–cv–00543–SLR–SRF) STIPULATION TO EXTEND TIME for Plaintiff to file its Reply Brief in support of Cross–Producing Licenses Across the Related Cases to 12/7/2016. Signed by Judge Sherry R. Fallon on 12/2/2016. Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00544–SLR–SRF, 1:15–cv–00545–SLR–SRF, 1:15–cv–00546–SLR–SRF(lih) (Entered: 12/02/2016) |
| 12/07/2016 | 111 | REPLY BRIEF re 96 [SEALED] OPENING BRIEF in Support of Cross–Producing Licenses Across the Related Cases filed by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Farnan, Brian) Modified on 12/8/2016 (lih). (Entered: 12/07/2016) |
| 12/07/2016 | 112 | REPLY BRIEF re 96 [SEALED] OPENING BRIEF in Support of Cross–Producing Licenses Across the Related Cases filed by Evolved Wireless, LLC. (Farnan, Brian) Modified on 12/8/2016 (lih). (Entered: 12/07/2016) |
| 12/07/2016 | 113 | REPLY BRIEF re 96 [SEALED] OPENING BRIEF in Support of Cross–Producing Licenses Across the Related Cases filed by Evolved Wireless, LLC. (Farnan, Brian) Modified on 12/8/2016 (lih). (Entered: 12/07/2016) |
| 12/27/2016 | 114 | NOTICE OF SERVICE of Plaintiff Evolved Wireless, LLC's Responses and Objections to Defendants' First Notice of Rule 30(b)(6) Deposition filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 12/27/2016) |
| 01/17/2017 | 115 | NOTICE OF SERVICE of Defendants Motorola Mobility, LLC's and Lenovo (United States) Inc.'s First Set of Interrogatories to Plaintiff Evolved Wireless, LLC filed by Lenovo (United States) Inc., Motorola Mobility LLC.(Moore, David) (Entered: 01/17/2017) |
| 01/17/2017 | 116 | NOTICE OF SERVICE of Defendants' Second Set of Common Interrogatories to Plaintiff Evolved Wireless, LLC filed by HTC America Inc., HTC Corporation.(Rovner, Philip) (Entered: 01/17/2017) |
| 01/23/2017 | 117 | NOTICE OF SERVICE of Defendants Lenovo (United States) Inc. and Motorola Mobility LLC's Amended Responses to Plaintiff's First Set of Common Interrogatories (Nos. 1–7) (Confidential – Attorneys' Eyes Only) filed by Lenovo (United States) Inc., Motorola Mobility LLC.(Palapura, Bindu) (Entered: 01/23/2017) |
| 01/25/2017 | 118 | MOTION for Pro Hac Vice Appearance of Attorney Annie Huang – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Brian) (Entered: 01/25/2017) |
| 01/25/2017 | | SO ORDERED– re (130 in 1:15–cv–00543–SLR–SRF, 123 in 1:15–cv–00542–SLR–SRF, 128 in 1:15–cv–00546–SLR–SRF, 118 in 1:15–cv–00544–SLR–SRF, 148 in 1:15–cv–00545–SLR–SRF) MOTION for Pro Hac Vice Appearance of Attorney Annie Huang. Signed by Judge Sherry R. Fallon on 1/25/2017. Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00544–SLR–SRF, 1:15–cv–00545–SLR–SRF, 1:15–cv–00546–SLR–SRF(lih) (Entered: 01/25/2017) |
| 01/27/2017 | | Pro Hac Vice Attorney Annie Huang for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:15–cv–00543–SLR–SRF, 1:15–cv–00544–SLR–SRF, 1:15–cv–00545–SLR–SRF, 1:15–cv–00546–SLR–SRF(ceg) (Entered: 01/27/2017) |
| 01/27/2017 | 119 | NOTICE OF SERVICE of Evolved Wireless's Disclosure of Final Infringement Contentions filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 01/27/2017) |

| 02/13/2017 | 120 | NOTICE to Take Deposition of Robert Love on 2/21/2017 filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 02/13/2017) |
|---|---|---|
| 02/13/2017 | 121 | NOTICE to Take Deposition of Tobias Staudte on 2/22/2017 filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 02/13/2017) |
| 02/13/2017 | 122 | NOTICE to Take Deposition of Graham McKay on 2/23/2017 filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 02/13/2017) |
| 02/13/2017 | 123 | NOTICE to Take Deposition of Ken Kraft on 2/24/2017 filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 02/13/2017) |
| 02/16/2017 | 124 | NOTICE of Issuance of Subpoenas upon TechPats c/o Kevin Rieffel, Chief Counsel by Lenovo (United States) Inc., Lenovo Group Ltd., Motorola Mobility LLC (Moore, David) (Entered: 02/16/2017) |
| 02/16/2017 | 125 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's Objections and Responses to Defendants' Second Set of Common Interrogatories (Nos. 13–15) filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 02/16/2017) |
| 02/16/2017 | 126 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's Objections and Responses to Lenovo's First Set of Individual Interrogatories filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 02/16/2017) |
| 02/28/2017 | 127 | NOTICE OF SERVICE of Defendants' Invalidity Contentions filed by HTC America Inc., HTC Corporation.(Rovner, Philip) (Entered: 02/28/2017) |
| 03/01/2017 | 128 | NOTICE to Take Deposition of Fergal Clarke on March 7, 2017 filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 03/01/2017) |
| 03/02/2017 | | Reset Hearings: The In–Person Status Conference is rescheduled for 3/2/2017 at 04:00 PM in Courtroom 4B before Judge Sue L. Robinson. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 03/02/2017) |
| 03/02/2017 | | Minute Entry for proceedings held before Judge Sue L. Robinson – Status Conference held on 3/2/2017. (Court Reporter V. Gunning.) Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 03/02/2017) |
| 03/03/2017 | 129 | NOTICE of Issuance of Subpoenas upon Matt DelDiorno, DelGiorno IP Law, PLLC by Lenovo (United States) Inc., Motorola Mobility LLC (Moore, David) (Entered: 03/03/2017) |
| 03/03/2017 | 130 | NOTICE OF SERVICE of (1) Defendants' Notice of 30(b)(6) Subpoena to Techquity Capital Management, LLC (2) Defendants' Notice of 30(b)(6) Subpoena to Lamdba LLC (3) Defendants' Notice of 30(b)(6) Subpoena to Techquity, L.P. (4) Defendants' Notice of 30(b)(6) Subpoena to Techquity, LLC (5) Defendants' Notice of Subpoena to Techquity, L.P. (6) Defendants' Notice of Subpoena to Techquity, LLC filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Russell, Andrew) (Entered: 03/03/2017) |
| 03/13/2017 | 131 | NOTICE to Take Deposition of Abha Divine on March 21, 2017 filed by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC.(Palapura, Bindu) (Entered: 03/13/2017) |
| 03/15/2017 | 132 | STIPULATION to Amend Scheduling Order re (114 in 1:15–cv–00546–SLR–SRF, 127 in 1:15–cv–00545–SLR–SRF, 114 in 1:15–cv–00547–SLR–SRF, 115 in 1:15–cv–00543–SLR–SRF, 109 in 1:15–cv–00542–SLR–SRF, 103 in 1:15–cv–00544–SLR–SRF) Scheduling Order,,, (16 in 1:15–cv–00543–SLR–SRF, 20 in 1:15–cv–00545–SLR–SRF, 17 in 1:15–cv–00544–SLR–SRF, 19 in 1:15–cv–00546–SLR–SRF, 16 in 1:15–cv–00542–SLR–SRF) Proposed Order, (21 in 1:15–cv–00547–SLR–SRF) Proposed Order by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Palapura, Bindu) (Entered: 03/15/2017) |
| 03/17/2017 | 133 | NOTICE of Issuance of Subpoena upon Mark Roche c/o Ryan M. Schultz, Robins Kaplan LLP by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC (Attachments: # 1 Exhibit 1)(Palapura, Bindu) (Entered: 03/17/2017) |
| 03/17/2017 | 134 | ORDER granting (149 in 1:15–cv–00546–SLR–SRF, 148 in 1:15–cv–00543–SLR–SRF, 149 in 1:15–cv–00547–SLR–SRF, 165 in 1:15–cv–00545–SLR–SRF, 132 in 1:15–cv–00544–SLR–SRF, 142 in 1:15–cv–00542–SLR–SRF)STIPULATION TO AMEND THE SCHEDULING ORDER. SCHEDULING ORDER: ( Fact Discovery completed by 4/10/2017., Expert Discovery due by 8/18/2017., Dispositive Motions due by 8/31/2017., An |

| | | Oral Argument is set for 1/5/2018 at 09:30 AM in Courtroom 4B before Judge Sue L. Robinson.). Signed by Judge Sue L. Robinson on 3/17/2017. Associated Cases: 1:15−cv−00542−SLR−SRF et al.(nmfn) (Entered: 03/17/2017) |
|---|---|---|
| 03/17/2017 | 135 | NOTICE to Take Deposition of Evolved Wireless, LLC on March 21, 2017 filed by Lenovo (United States) Inc., Motorola Mobility LLC.(Palapura, Bindu) (Entered: 03/17/2017) |
| 03/20/2017 | 136 | NOTICE of Issuance of Amended Subpoena upon TechPats by Lenovo (United States) Inc., Motorola Mobility LLC (Palapura, Bindu) (Entered: 03/20/2017) |
| 03/20/2017 | 137 | NOTICE OF SERVICE of Plaintiff Evolved Wireless, LLC's Responses and Objections to Lenovo's Notice of Rule 30(b)(6) Deposition filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 03/20/2017) |
| 03/22/2017 | | ORAL ORDER – A Discovery Dispute Telephone Conference is set for 3/23/2017 at 03:00 PM before Judge Sherry R. Fallon. Plaintiff's counsel is to initiate the call to 302−573−4557. Plaintiff's opening submission is due on or before 3/22/17 at 9:00 p.m. Defendants' responsive submission is due on or before 3/23/17 at 11:00 a.m. Signed by Judge Sherry R. Fallon on 3/22/2017. Associated Cases: 1:15−cv−00542−SLR−SRF et al.(Polito, Rebecca) (Entered: 03/22/2017) |
| 03/22/2017 | 138 | [SEALED] Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Discovery Dispute – re Oral Order,, Set Hearings,. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Farnan, Brian) (Entered: 03/22/2017) |
| 03/23/2017 | 139 | [SEALED] Letter to The Honorable Sherry R. Fallon from Andrew E. Russell regarding Discovery Dispute – re Oral Order,, Set Hearings,. (Attachments: # 1 Exhibit a, # 2 Exhibit b, # 3 Exhibit c, # 4 Exhibit d)(Russell, Andrew) (Entered: 03/23/2017) |
| 03/23/2017 | | Pro Hac Vice Attorney Marla R. Butler for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (lmm) (Entered: 03/23/2017) |
| 03/23/2017 | | Minute Entry for proceedings held before Judge Sherry R. Fallon – Discovery Dispute Telephone Conference held on 3/23/2017. (Court Reporter Valerie Gunning.) Associated Cases: 1:15−cv−00542−SLR−SRF et al.(Polito, Rebecca) (Entered: 03/23/2017) |
| 03/23/2017 | | ORAL ORDER – IT IS HEREBY ORDERED that: the transcript of the teleconference held on 3/23/2017 shall serve as the order of the court. Signed by Judge Sherry R. Fallon on 3/23/2017. Associated Cases: 1:15−cv−00542−SLR−SRF et al.(Polito, Rebecca) (Entered: 03/23/2017) |
| 03/28/2017 | 140 | MOTION for Pro Hac Vice Appearance of Attorney Rajin S. Olson – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Brian) (Entered: 03/28/2017) |
| 03/29/2017 | | SO ORDERED, re (173 in 1:15−cv−00545−SLR−SRF, 158 in 1:15−cv−00546−SLR−SRF, 149 in 1:15−cv−00542−SLR−SRF, 154 in 1:15−cv−00543−SLR−SRF, 140 in 1:15−cv−00544−SLR−SRF) MOTION for Pro Hac Vice Appearance of Attorney Rajin S. Olson filed by Evolved Wireless, LLC. Signed by Judge Sherry R. Fallon on 3/29/2017. Associated Cases: 1:15−cv−00542−SLR−SRF, 1:15−cv−00543−SLR−SRF, 1:15−cv−00544−SLR−SRF, 1:15−cv−00545−SLR−SRF, 1:15−cv−00546−SLR−SRF(Polito, Rebecca) (Entered: 03/29/2017) |
| 03/29/2017 | 141 | REDACTED VERSION of (156 in 1:15−cv−00546−SLR−SRF, 138 in 1:15−cv−00544−SLR−SRF, 152 in 1:15−cv−00543−SLR−SRF, 147 in 1:15−cv−00542−SLR−SRF, 171 in 1:15−cv−00545−SLR−SRF) Letter by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1−3)(Farnan, Brian) (Entered: 03/29/2017) |
| 03/30/2017 | | Pro Hac Vice Attorney Rajin S. Olson for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:15−cv−00542−SLR−SRF, 1:15−cv−00543−SLR−SRF, 1:15−cv−00544−SLR−SRF, 1:15−cv−00545−SLR−SRF, 1:15−cv−00546−SLR−SRF(ceg) (Entered: 03/30/2017) |
| 03/30/2017 | 142 | REDACTED VERSION of (153 in 1:15−cv−00543−SLR−SRF, 148 in 1:15−cv−00542−SLR−SRF, 172 in 1:15−cv−00545−SLR−SRF, 139 in 1:15−cv−00544−SLR−SRF, 154 in 1:15−cv−00547−SLR−SRF, 157 in 1:15−cv−00546−SLR−SRF) Letter by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Russell, Andrew) (Entered: 03/30/2017) |

| 04/10/2017 | 143 | NOTICE OF SERVICE of Defendants Lenovo (United States) Inc. and Motorola Mobility LLC's Second Amended Responses to Plaintiff's First Set of Common Interrogatories (Nos. 1–7)(Confidential – Attorneys' Eyes Only); Defendants Lenovo (United States) Inc. and Motorola Mobility LLC's Amended Responses to Plaintiff's Second Set of Common Interrogatories (Nos. 8–9); Defendants Lenovo (United States) Inc. and Motorola Mobility LLC's Supplemental Responses to Evolved Wireless's Third Set of Common Interrogatories (Nos. 10–16); and First Supplemental Initial Disclosures of Defendants Lenovo (United States) Inc. and Motorola Mobility LLC filed by Lenovo (United States) Inc., Motorola Mobility LLC.(O'Byrne, Stephanie) (Entered: 04/10/2017) |
| --- | --- | --- |
| 05/12/2017 | 144 | STIPULATION to extend expert discovery deadlines by HTC America Inc., HTC Corporation. (Rovner, Philip) (Entered: 05/12/2017) |
| 05/16/2017 | | SO ORDERED, re (161 in 1:15–cv–00547–SLR–SRF, 144 in 1:15–cv–00544–SLR–SRF, 159 in 1:15–cv–00543–SLR–SRF, 154 in 1:15–cv–00542–SLR–SRF, 162 in 1:15–cv–00546–SLR–SRF, 178 in 1:15–cv–00545–SLR–SRF) Stipulation to extend expert discovery deadlines filed by HTC America Inc., HTC Corporation. Set/Reset Scheduling Order Deadlines: ( Expert Discovery due by 8/23/2017.) See stipulation for further details and deadlines. Signed by Judge Sue L. Robinson on 5/16/2017. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(fms) (Entered: 05/16/2017) |
| 05/23/2017 | 145 | NOTICE OF SERVICE of (i) Infringement Report of Dr. Todor Cooklev and (ii) Expert Report of Jonathan D. Putnam filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 05/23/2017) |
| 05/24/2017 | 146 | NOTICE OF SERVICE of Opening Expert Report of Dr. Anthony S. Acampora filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Russell, Andrew) (Entered: 05/24/2017) |
| 05/30/2017 | 147 | Joint MOTION for Discovery Dispute Teleconference – filed by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. Motions referred to Sherry R. Fallon.(Palapura, Bindu) Modified on 5/30/2017 (lih). (Entered: 05/30/2017) |
| 05/30/2017 | | SO ORDERED– re (165 in 1:15–cv–00546–SLR–SRF, 157 in 1:15–cv–00542–SLR–SRF, 165 in 1:15–cv–00547–SLR–SRF, 163 in 1:15–cv–00543–SLR–SRF, 147 in 1:15–cv–00544–SLR–SRF, 183 in 1:15–cv–00545–SLR–SRF) Joint MOTION for Discovery Dispute Teleconference. A Telephone Conference is set for 7/10/2017 at 03:00 PM before Judge Sherry R. Fallon. Counsel for the Apple Inc. shall initiate the call to 302–573–4557. In preparation for this hearing the parties shall follow the Discovery Matters and Disputes procedure as set forth in the Order regarding discovery matters available at www.ded.uscourts.gov/judge/magistrate–judge–sherry–r–fallon. Set Deadlines: (Moving Submission due by no later than 11:00 AM on 7/5/2017, Responsive submission due by no later than 11:00 AM on 7/6/2017.).. Signed by Judge Sherry R. Fallon on 5/30/2017. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 05/30/2017) |
| 06/14/2017 | 148 | Joint STIPULATION TO EXTEND TIME of the deadline for Defendants to serve their rebuttal expert report related to damages to July 10, 2017 – filed by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Palapura, Bindu) (Entered: 06/14/2017) |
| 06/15/2017 | | SO ORDERED, re (148 in 1:15–cv–00544–SLR–SRF, 166 in 1:15–cv–00546–SLR–SRF, 184 in 1:15–cv–00545–SLR–SRF, 158 in 1:15–cv–00542–SLR–SRF, 168 in 1:15–cv–00547–SLR–SRF, 165 in 1:15–cv–00543–SLR–SRF) Joint STIPULATION TO EXTEND TIME of the deadline for Defendants to serve their rebuttal expert report related to damages to July 10, 2017 filed by Apple Inc., Motorola Mobility LLC, Lenovo (United States) Inc. Signed by Judge Sue L. Robinson on 6/15/2017. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(fms) (Entered: 06/15/2017) |
| 06/27/2017 | 149 | NOTICE OF SERVICE of Rebuttal Expert Report of Dr. Benjamin Goldberg in Support of Non–Infringement [Confidential] filed by HTC America Inc., HTC Corporation.(Rovner, Philip) (Entered: 06/27/2017) |
| 06/27/2017 | 150 | NOTICE OF SERVICE of Expert Rebuttal Report of Dr. Todor Cooklev filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 06/27/2017) |
| 06/28/2017 | 151 | NOTICE OF SERVICE of Rebuttal Expert Report of Dr. Anthony S. Acampora filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Russell, Andrew) (Entered: 06/28/2017) |

| 06/29/2017 | 152 | NOTICE OF SERVICE of Rebuttal Expert Report of Dr. Apostolos K. Kakaes filed by ZTE (USA) Inc..(Hunter, Travis) (Entered: 06/29/2017) |
|---|---|---|
| 07/05/2017 | 153 | [SEALED] Joint Letter to The Honorable Sherry R. Fallon from David E. Moore, Esquire regarding opening discovery dispute. (Attachments: # 1 Exhibit A–E)(Moore, David) (Entered: 07/05/2017) |
| 07/06/2017 | 154 | [SEALED] Letter to The Honorable Sherry R. Fallon from Michael J. Farnan regarding Response to Defendants' July 5, 2017 Letter – re (170 in 1:15–cv–00543–SLR–SRF, 190 in 1:15–cv–00545–SLR–SRF, 161 in 1:15–cv–00542–SLR–SRF, 153 in 1:15–cv–00544–SLR–SRF, 171 in 1:15–cv–00546–SLR–SRF) Letter. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Farnan, Michael) (Entered: 07/06/2017) |
| 07/06/2017 | 155 | STIPULATION TO EXTEND TIME to Serve Rebuttal Expert Reports re: Damages to July 17, 2017 – filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Hoeschen, Nathan) (Entered: 07/06/2017) |
| 07/10/2017 | | Minute Entry for proceedings held before Judge Sherry R. Fallon – Discovery Dispute Telephone Conference held on 7/10/2017. (Court Reporter T. Carroll ( Hawkins Reporting).) Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 07/19/2017) |
| 07/11/2017 | | SO ORDERED, re (173 in 1:15–cv–00547–SLR–SRF) STIPULATION TO EXTEND TIME to Serve Rebuttal Expert Reports re: Damages to July 17, 2017 filed by Samsung Electronics Co. Ltd., Samsung Electronics America Inc. Signed by Judge Sue L. Robinson on 7/11/2017. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(fms) (Entered: 07/11/2017) |
| 07/13/2017 | 156 | STIPULATION of Dismissal of U.S. Patent Nos. 7,746,916; 7,768,965; and 8,218,481 pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) by Evolved Wireless, LLC. (Farnan, Brian) Modified on 7/14/2017 (lih). (Entered: 07/13/2017) |
| 07/14/2017 | | SO ORDERED, re 156 Stipulation of Dismissal With Prejudice Claims Relating to U.S. PATENT NOS. 7,746,916; 7,768,965; AND 8,218,481 filed by Evolved Wireless, LLC. Signed by Judge Sue L. Robinson on 7/14/2017. (fms) (Entered: 07/14/2017) |
| 07/17/2017 | 157 | Letter to The Honorable Sherry R. Fallon from Michael J. Farnan regarding Discovery Update Pursuant to the Court's July 10, 2017 Oral Order. (Farnan, Michael) (Entered: 07/17/2017) |
| 07/17/2017 | 158 | REDACTED VERSION of (162 in 1:15–cv–00542–SLR–SRF, 191 in 1:15–cv–00545–SLR–SRF, 171 in 1:15–cv–00546–SLR–SRF, 172 in 1:15–cv–00546–SLR–SRF) Letter, by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 07/17/2017) |
| 07/18/2017 | 159 | REDACTED VERSION of (170 in 1:15–cv–00543–SLR–SRF, 190 in 1:15–cv–00545–SLR–SRF, 161 in 1:15–cv–00542–SLR–SRF, 153 in 1:15–cv–00544–SLR–SRF, 171 in 1:15–cv–00546–SLR–SRF) Letter by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A–E)(Moore, David) (Entered: 07/18/2017) |
| 07/18/2017 | 160 | NOTICE OF SERVICE of 1. Expert Report of Dr. Benjamin Goldberg in support of Damages Rebuttal in regards to the Implementation of Non–Infringing Alternatives; and 2. Expert Report of Dr. Apostolos K. "Paul" Kakaes in support of Damages Rebuttal in regards to U.S. Patent Nos. 7,881,236 and 7,809,373 filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Russell, Andrew) (Entered: 07/18/2017) |
| 07/24/2017 | 161 | MOTION for Pro Hac Vice Appearance of Attorney Shayne E. O'Reilly of Kilpatrick Townsend and Stockton LLP – filed by Lenovo (United States) Inc., Lenovo Group Ltd., Motorola Mobility LLC. Motions referred to Sherry R. Fallon.(Moore, David) (Entered: 07/24/2017) |
| 07/25/2017 | | SO ORDERED, re 161 MOTION for Pro Hac Vice Appearance of Attorney Shayne E. O'Reilly of Kilpatrick Townsend and Stockton LLP filed by Motorola Mobility LLC, Lenovo Group Ltd., Lenovo (United States) Inc. Signed by Judge Sherry R. Fallon on 7/25/2017. (fms) (Entered: 07/25/2017) |
| 07/25/2017 | 162 | NOTICE to Take Deposition of Benjamin Goldberg on 8/2/2017 filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 07/25/2017) |
| 07/26/2017 | | Pro Hac Vice Attorney Shayne E. O'Reilly for Lenovo (United States) Inc.,Shayne E. O'Reilly for Lenovo Group Ltd.,Shayne E. O'Reilly for Motorola Mobility LLC added for electronic |

| | | |
|---|---|---|
| | | noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (crb) (Entered: 07/26/2017) |
| 07/27/2017 | 163 | [SEALED] MEMORANDUM ORDER re (71 in 1:15−cv−00544−SLR−SRF, 81 in 1:15−cv−00543−SLR−SRF, 79 in 1:15−cv−00546−SLR−SRF, 91 in 1:15−cv−00545−SLR−SRF). Signed by Judge Sherry R. Fallon on 7/26/2017.This order has been emailed to local counsel. Associated Cases: 1:15−cv−00542−SLR−SRF, 1:15−cv−00543−SLR−SRF, 1:15−cv−00544−SLR−SRF, 1:15−cv−00545−SLR−SRF, 1:15−cv−00546−SLR−SRF(lih) (Entered: 07/27/2017) |
| 07/27/2017 | 164 | MEMORANDUM ORDER re (165 in 1:15−cv−00546−SLR−SRF, 157 in 1:15−cv−00542−SLR−SRF, 165 in 1:15−cv−00547−SLR−SRF, 163 in 1:15−cv−00543−SLR−SRF, 147 in 1:15−cv−00544−SLR−SRF, 183 in 1:15−cv−00545−SLR−SRF) Joint MOTION for Discovery Dispute Teleconference. Signed by Judge Sherry R. Fallon on 7/26/2017.This order has been emailed to local counsel. Associated Cases: 1:15−cv−00542−SLR−SRF et al.(lih) Modified on 8/15/2017 (lih). (Main Document 164 replaced on 8/15/2017) (lih). (Entered: 07/27/2017) |
| 07/27/2017 | 165 | NOTICE requesting Clerk to remove Akarsh P. Belagodu as co−counsel. Reason for request: no longer with the firm of Kilpatrick Townsend and Stockton LLP. (Palapura, Bindu) (Entered: 07/27/2017) |
| 08/01/2017 | | Case Reassigned to Judge Joseph F. Bataillon of the District of Nebraska (in lieu of Vacant Judgeship). Please include the initials of the Judge (JFB) after the case number on all documents filed. Associated Cases: 1:15−cv−00542−JFB−SRF through 1:15−cv−00547−JFB−SRF (rjb) (Entered: 08/01/2017) |
| 08/07/2017 | 166 | Letter to The Honorable Sherry R. Fallon from Bindu A. Palapura regarding redactions to Sealed Memorandum Orders − re (172 in 1:15−cv−00542−JFB−SRF, 179 in 1:15−cv−00546−JFB−SRF, 201 in 1:15−cv−00545−JFB−SRF, 182 in 1:15−cv−00543−JFB−SRF, 163 in 1:15−cv−00544−JFB−SRF) Memorandum and Order, (202 in 1:15−cv−00545−JFB−SRF, 183 in 1:15−cv−00543−JFB−SRF, 176 in 1:15−cv−00547−JFB−SRF, 164 in 1:15−cv−00544−JFB−SRF, 180 in 1:15−cv−00546−JFB−SRF, 173 in 1:15−cv−00542−JFB−SRF) Memorandum and Order,. (Attachments: # 1 (Redactions))(Palapura, Bindu) (Entered: 08/07/2017) |
| 08/08/2017 | 167 | NOTICE OF SERVICE of Supplemental Report of Dr. Todor Cooklev filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 08/08/2017) |
| 08/08/2017 | 168 | NOTICE to Take Deposition of Richard Eichmann on 8/15/2017 filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 08/08/2017) |
| 08/08/2017 | 169 | NOTICE to Take Deposition of Apostolos Kakaes on 8/18/2017 filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 08/08/2017) |
| 08/10/2017 | 170 | ORAL ORDER – Pursuant to the filing of this case, the Court issues the following order: This case shall be immediately referred to Magistrate Judge Sherry R. Fallon. Magistrate Judge Fallon shall issue a scheduling order when appropriate. Magistrate Judge Fallon shall handle all dispositive and nondispositive matters on all issues, including claim construction, except for summary judgments, Daubert motions and pretrial motions in limine. On all dispositive matters, the magistrate judge shall issue a report and recommendation. The parties have the right to file objections to the report and recommendation, or in the case of nondispositive matters, file an appeal of the magistrate judge's order, and the same shall be decided by the undersigned. The magistrate judge shall likewise handle all discovery matters, scheduling, and pretrial conferences. If the parties believe the magistrate judge has a conflict of interest with this case, the parties shall so notify the Court. IT IS SO ORDERED. Signed by Judge Joseph F. Bataillon on 8/10/2017. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(Lawrence, Tiwauna) (Entered: 08/10/2017) |
| 08/10/2017 | 171 | Joint MOTION For Teleconference To Resolve Discovery Dispute – filed by ZTE (USA) Inc.. Motions referred to Sherry R. Fallon.(Hunter, Travis) (Entered: 08/10/2017) |
| 08/10/2017 | 172 | [SEALED] OBJECTIONS by Evolved Wireless, LLC to 163 Memorandum and Order, . (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Farnan, Michael) (Entered: 08/10/2017) |
| 08/10/2017 | 173 | STATEMENT Regarding New Legal and Factual Arguments re 172 Objections by Evolved Wireless, LLC. (Farnan, Michael) Modified on 8/14/2017 (lih). (Entered: 08/10/2017) |

| 08/10/2017 | 174 | NOTICE to Take Deposition of Dr. Todor Cooklev on August 21–23, 2017 filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Hoeschen, Nathan) (Entered: 08/10/2017) |
| --- | --- | --- |
| 08/14/2017 | | CORRECTING ENTRY: The notice previously filed as D.I. 175 has been deleted per the request of counsel. (lih) (Entered: 08/14/2017) |
| 08/14/2017 | 175 | NOTICE to Take Deposition of Jonathan Putnam on August 18, 2017 filed by Lenovo (United States) Inc., Lenovo Group Ltd., Motorola Mobility LLC.(Palapura, Bindu) (Entered: 08/14/2017) |
| 08/14/2017 | | SO ORDERED– re (171 in 1:15–cv–00544–JFB–SRF, 211 in 1:15–cv–00545–JFB–SRF, 192 in 1:15–cv–00543–JFB–SRF, 184 in 1:15–cv–00547–JFB–SRF, 186 in 1:15–cv–00546–JFB–SRF, 180 in 1:15–cv–00542–JFB–SRF) Joint MOTION For Teleconference To Resolve Discovery Dispute. A Telephone Conference is set for 9/7/2017 at 03:30 PM before Judge Sherry R. Fallon. Counsel for ZTE Inc. shall initiate the call to 302–573–4557. In preparation for this hearing the parties shall follow the Discovery Matters and Disputes procedure as set forth in the Order regarding discovery matters available at www.ded.uscourts.gov/judge/magistrate–judge–sherry–r–fallon. Set Deadlines: (Moving Submission due by no later than 3:00 PM on 8/31/2017, Responsive submission due by no later than 3:00 PM on 9/1/2017.) Signed by Judge Sherry R. Fallon on 8/14/2017. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 08/14/2017) |
| 08/15/2017 | 176 | REDACTED VERSION of (172 in 1:15–cv–00542–JFB–SRF, 179 in 1:15–cv–00546–JFB–SRF, 201 in 1:15–cv–00545–JFB–SRF, 182 in 1:15–cv–00543–JFB–SRF, 163 in 1:15–cv–00544–JFB–SRF) Memorandum Order. (lih) (Entered: 08/15/2017) |
| 08/15/2017 | | Remark: D.I. 164 redacted in its entirety per D.I. 166 . (lih) (Entered: 08/15/2017) |
| 08/17/2017 | | ORAL ORDER– IT IS HEREBY ORDERED that: the expert discovery status conference set in this matter for 8/22/2017 is RESCHEDULED and COMBINED with the discovery dispute teleconference set in this matter for 9/7/2017 at 03:30 PM before Judge Sherry R. Fallon. Ordered by Judge Sherry R. Fallon on 8/17/2017. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 08/17/2017) |
| 08/17/2017 | 177 | REDACTED VERSION of 172 Objections by Evolved Wireless, LLC. (Attachments: # 1 Exhibits A–E)(Farnan, Michael) (Entered: 08/17/2017) |
| 08/21/2017 | 178 | NOTICE of Screening Procedure by Evolved Wireless, LLC (Farnan, Brian) (Entered: 08/21/2017) |
| 08/22/2017 | | CORRECTING ENTRY: Docket clerk has deleted the minute entry and oral order regarding the transcript filed on 3/22/2017 due to entries being filed in error. The correct entries were made on 3/23/2017. Associated Cases: 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF, 1:15–cv–00547–JFB–SRF(lih) (Entered: 08/22/2017) |
| 08/24/2017 | 179 | [SEALED] RESPONSE TO OBJECTIONS by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Lenovo (United States) Inc., Lenovo Group Ltd., Motorola Mobility LLC re (185 in 1:15–cv–00547–JFB–SRF) Objections, (193 in 1:15–cv–00543–JFB–SRF) Objections, (187 in 1:15–cv–00546–JFB–SRF) Objections, (212 in 1:15–cv–00545–JFB–SRF) Objections, (181 in 1:15–cv–00542–JFB–SRF) Objections, (172 in 1:15–cv–00544–JFB–SRF) Objections. (Attachments: # 1 Exhibit 1)(Palapura, Bindu) Modified on 8/25/2017 (lih). (Entered: 08/24/2017) |
| 08/31/2017 | 180 | [SEALED] Letter to The Honorable Sherry R. Fallon from Kelly E. Farnan regarding Discovery Dispute. (Attachments: # 1 Exhibit A through C)(Farnan, Kelly) Modified on 9/1/2017 (lih). (Entered: 08/31/2017) |
| 08/31/2017 | 181 | MOTION for Partial Summary Judgment of Non–Infringement – filed by Lenovo (United States) Inc., Motorola Mobility LLC. (Attachments: # 1 Text of Proposed Order)(Moore, David) Modified on 9/1/2017 (lih). (Entered: 08/31/2017) |
| 08/31/2017 | 182 | MOTION for Summary Judgment of Non–Infringement – filed by Lenovo (United States) Inc., Motorola Mobility LLC. (Attachments: # 1 Text of Proposed Order)(Moore, David) Modified on 9/1/2017 (lih). (Entered: 08/31/2017) |

| 08/31/2017 | 183 | MOTION for Summary Judgment – filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 08/31/2017) |
|---|---|---|
| 08/31/2017 | 184 | [SEALED] MOTION for Summary Judgment – filed by Lenovo (United States) Inc., Motorola Mobility LLC. (Attachments: # 1 Text of Proposed Order)(Moore, David) (Entered: 08/31/2017) |
| 08/31/2017 | 185 | [SEALED] OPENING BRIEF in Support re 184 MOTION for Summary Judgment filed by Lenovo (United States) Inc., Motorola Mobility LLC.Answering Brief/Response due date per Local Rules is 9/14/2017. (Moore, David) (Entered: 08/31/2017) |
| 08/31/2017 | 186 | [SEALED] DECLARATION of Michael D. Jay re (206 in 1:15−cv−00543−JFB−SRF) Opening Brief in Support, (199 in 1:15−cv−00546−JFB−SRF) Opening Brief in Support, (185 in 1:15−cv−00544−JFB−SRF) Opening Brief in Support, (196 in 1:15−cv−00547−JFB−SRF) Opening Brief in Support, (225 in 1:15−cv−00545−JFB−SRF) Opening Brief in Support, (196 in 1:15−cv−00542−JFB−SRF) Opening Brief in Support by Microsoft Corporation, Microsoft Mobile Oy, HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., ZTE Corporation, ZTE Solutions Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A−O)(Moore, David) Modified on 9/1/2017 (lih). (Entered: 08/31/2017) |
| 08/31/2017 | 187 | [SEALED] APPENDIX re (206 in 1:15−cv−00543−JFB−SRF) Opening Brief in Support, (199 in 1:15−cv−00546−JFB−SRF) Opening Brief in Support, (196 in 1:15−cv−00547−JFB−SRF) Opening Brief in Support, (225 in 1:15−cv−00545−JFB−SRF) Opening Brief in Support, (184 in 1:15−cv−00544−JFB−SRF) MOTION for Summary Judgment , (196 in 1:15−cv−00542−JFB−SRF) Opening Brief in Support by Microsoft Corporation, Microsoft Mobile Oy, HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., ZTE Corporation, ZTE Solutions Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Moore, David) Modified on 9/1/2017 (lih). (Entered: 08/31/2017) |
| 08/31/2017 | 188 | [SEALED] APPENDIX re (206 in 1:15−cv−00543−JFB−SRF) Opening Brief in Support, (199 in 1:15−cv−00546−JFB−SRF) Opening Brief in Support, (185 in 1:15−cv−00544−JFB−SRF) Opening Brief in Support, (196 in 1:15−cv−00547−JFB−SRF) Opening Brief in Support, (225 in 1:15−cv−00545−JFB−SRF) Opening Brief in Support, (196 in 1:15−cv−00542−JFB−SRF) Opening Brief in Support by Microsoft Corporation, Microsoft Mobile Oy, HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Attachments: # 1 Tabs 1−11)(Moore, David) Modified on 9/1/2017 (lih). (Entered: 08/31/2017) |
| 09/01/2017 | 189 | NOTICE OF SERVICE of Defendants Lenovo (United States) Inc. and Motorola Mobility LLC's Third Supplemental & Amended Responses to Plaintiff's First Set of Common Interrogatories (Nos. 1−7) [Confidential−Attorneys' Eyes Only] filed by Lenovo (United States) Inc., Motorola Mobility LLC.(Palapura, Bindu) (Entered: 09/01/2017) |
| 09/01/2017 | 190 | [SEALED] Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Response to Defendants' August 31, 2017 Letter. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Farnan, Brian) (Entered: 09/01/2017) |
| 09/07/2017 | 191 | REDACTED VERSION of (197 in 1:15−cv−00546−JFB−SRF) MOTION for Summary Judgment, (205 in 1:15−cv−00543−JFB−SRF) MOTION for Summary Judgment,(194 in 1:15−cv−00542−JFB−SRF) MOTION for Summary Judgment,(184 in 1:15−cv−00544−JFB−SRF) MOTION for Summary Judgment, (224 in 1:15−cv−00545−JFB−SRF) MOTION for Summary Judgment, (195 in 1:15−cv−00547−JFB−SRF) MOTION for Summary Judgment by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Attachments: # 1 Text of Proposed Order)(Moore, David) Modified on 9/8/2017 (lih). (Entered: 09/07/2017) |
| 09/07/2017 | 192 | REDACTED VERSION of (206 in 1:15−cv−00543−JFB−SRF) Opening Brief in Support, (199 in 1:15−cv−00546−JFB−SRF) Opening Brief in Support, (185 in 1:15−cv−00544−JFB−SRF) Opening Brief in Support, (196 in 1:15−cv−00547−JFB−SRF) Opening Brief in Support, (225 in 1:15−cv−00545−JFB−SRF) Opening Brief in Support, (196 in 1:15−cv−00542−JFB−SRF) Opening Brief in Support by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Moore, David) (Entered: 09/07/2017) |
| 09/07/2017 | 193 | REDACTED VERSION of (208 in 1:15−cv−00543−JFB−SRF, 186 in 1:15−cv−00544−JFB−SRF, 199 in 1:15−cv−00547−JFB−SRF, 227 in 1:15−cv−00545−JFB−SRF, 197 in 1:15−cv−00542−JFB−SRF, 200 in 1:15−cv−00546−JFB−SRF) Declaration,, by Apple Inc., Lenovo (United States) Inc., Motorola |

| | | Mobility LLC. (Attachments: # 1 Exhibit A–O)(Moore, David) (Entered: 09/07/2017) |
|---|---|---|
| 09/07/2017 | 194 | REDACTED VERSION of (198 in 1:15–cv–00542–JFB–SRF, 228 in 1:15–cv–00545–JFB–SRF, 201 in 1:15–cv–00546–JFB–SRF, 187 in 1:15–cv–00544–JFB–SRF, 200 in 1:15–cv–00547–JFB–SRF, 210 in 1:15–cv–00543–JFB–SRF) Appendix,, *(A)* by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Moore, David) (Entered: 09/07/2017) |
| 09/07/2017 | 195 | REDACTED VERSION of (188 in 1:15–cv–00544–JFB–SRF, 202 in 1:15–cv–00546–JFB–SRF, 211 in 1:15–cv–00543–JFB–SRF, 199 in 1:15–cv–00542–JFB–SRF, 201 in 1:15–cv–00547–JFB–SRF, 229 in 1:15–cv–00545–JFB–SRF) Appendix,, *(B)* by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Moore, David) (Entered: 09/07/2017) |
| 09/07/2017 | | Minute Entry for proceedings held before Judge Sherry R. Fallon – Discovery Dispute Telephone Conference held on 9/7/2017. (Court Reporter T. Carroll ( Hawkins Reporting).) Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 09/12/2017) |
| 09/07/2017 | | ORAL ORDER– re (171 in 1:15–cv–00544–JFB–SRF, 211 in 1:15–cv–00545–JFB–SRF, 192 in 1:15–cv–00543–JFB–SRF, 184 in 1:15–cv–00547–JFB–SRF, 186 in 1:15–cv–00546–JFB–SRF, 180 in 1:15–cv–00542–JFB–SRF) Joint MOTION For Teleconference To Resolve Discovery Dispute. The transcript of the 9/7/2017 teleconference shall serve as the order of the court. Ordered by Judge Sherry R. Fallon on 9/7/2017. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 09/12/2017) |
| 09/08/2017 | 196 | REDACTED VERSION of (201 in 1:15–cv–00542–JFB–SRF, 203 in 1:15–cv–00546–JFB–SRF, 190 in 1:15–cv–00544–JFB–SRF, 214 in 1:15–cv–00543–JFB–SRF, 230 in 1:15–cv–00545–JFB–SRF) Letter by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–2)(Farnan, Brian) (Entered: 09/08/2017) |
| 09/12/2017 | | ORAL ORDER SETTING SUPPLEMENTAL BRIEFING SCHDEDULE re (171 in 1:15–cv–00544–JFB–SRF, 211 in 1:15–cv–00545–JFB–SRF, 192 in 1:15–cv–00543–JFB–SRF, 184 in 1:15–cv–00547–JFB–SRF, 186 in 1:15–cv–00546–JFB–SRF, 180 in 1:15–cv–00542–JFB–SRF) Joint MOTION For Teleconference To Resolve Discovery Dispute. Supplemental Opening Brief due 9/14/2017., Supplemental Answering Brief due 9/21/2017., Supplemental Reply Brief due 9/26/2017. Ordered by Judge Sherry R. Fallon on 9/12/2017. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 09/12/2017) |
| 09/14/2017 | 197 | [SEALED] Letter to The Honorable Sherry R. Fallon from Kelly E. Farnan regarding Discovery Dispute. (Farnan, Kelly) (Entered: 09/14/2017) |
| 09/18/2017 | 198 | REDACTED VERSION of (221 in 1:15–cv–00545–JFB–SRF, 193 in 1:15–cv–00546–JFB–SRF, 192 in 1:15–cv–00547–JFB–SRF, 189 in 1:15–cv–00542–JFB–SRF, 201 in 1:15–cv–00543–JFB–SRF, 179 in 1:15–cv–00544–JFB–SRF) Response to Objections by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit 1)(Palapura, Bindu) Modified on 9/22/2017 (lih). (Entered: 09/18/2017) |
| 09/19/2017 | 199 | Joint STIPULATION Regarding Summary Judgment Briefing by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 09/19/2017) |
| 09/20/2017 | | ORAL ORDER– re (114 in 1:15–cv–00546–JFB–SRF, 127 in 1:15–cv–00545–JFB–SRF, 114 in 1:15–cv–00547–JFB–SRF, 115 in 1:15–cv–00543–JFB–SRF, 109 in 1:15–cv–00542–JFB–SRF, 103 in 1:15–cv–00544–JFB–SRF) Scheduling Order. The Pretrial Conference set in this matter for 3/27/2018 at 04:30 PM shall now proceed before Judge Sherry R. Fallon in Courtroom 6C. Ordered by Judge Sherry R. Fallon on 9/20/2017. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 09/20/2017) |
| 09/21/2017 | 200 | [SEALED] Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Response to Defendants' September 14, 2017 Letter – re 197 Letter. (Attachments: # 1 Exhibit 3, # 2 Exhibit 4, # 3 Exhibit 5, # 4 Exhibit 6, # 5 Exhibit 7)(Farnan, Brian) (Entered: 09/21/2017) |
| 09/22/2017 | 201 | REDACTED VERSION of (197 in 1:15–cv–00544–JFB–SRF, 210 in 1:15–cv–00546–JFB–SRF, 237 in 1:15–cv–00545–JFB–SRF, 210 in 1:15–cv–00542–JFB–SRF, 223 in 1:15–cv–00543–JFB–SRF) Letter by ZTE (USA) Inc.. (Farnan, Kelly) Modified on 9/25/2017 (lih). (Entered: 09/22/2017) |

| 09/25/2017 | 202 | NOTICE OF SERVICE of Plaintiff's Fact Witness Disclosure filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 09/25/2017) |
|---|---|---|
| 09/25/2017 | 203 | NOTICE OF SERVICE of Defendants Motorola Mobility, LLC's and Lenovo (United States) Inc.'s Fact Witness List filed by Lenovo (United States) Inc., Motorola Mobility LLC.(Palapura, Bindu) (Entered: 09/25/2017) |
| 09/26/2017 | 204 | [SEALED] Letter to The Honorable Sherry R. Fallon from Kelly E. Farnan regarding Reply Letter on Discovery Dispute. (Farnan, Kelly) (Entered: 09/26/2017) |
| 09/28/2017 | 205 | REDACTED VERSION of 200 Letter, by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–7)(Farnan, Brian) (Entered: 09/28/2017) |
| 09/29/2017 | 206 | STIPULATION to Dismiss with Prejudice Lenovo's Fourteenth Affirmative Defense Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 09/29/2017) |
| 10/03/2017 | 207 | ORDER re 206 Stipulation to Dismiss with Prejudice Lenovo's Fourteenth Affirmative Defense Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) filed by Evolved Wireless, LLC. Signed by Judge Joseph F. Bataillon on 10/3/2017. (fms) (Entered: 10/03/2017) |
| 10/06/2017 | 208 | STIPULATION Regarding Summary Judgment Briefing as to Defendants' Affirmative Defense of a Covenant Not to Sue by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 10/06/2017) |
| 10/06/2017 | 209 | STIPULATION of Dismissal with Prejudice of Defendants Lenovo Group Ltd. and Lenovo (United States) Inc. by Lenovo (United States) Inc., Lenovo Group Ltd., Motorola Mobility LLC. (Palapura, Bindu) Modified on 10/10/2017 (lih). (Entered: 10/06/2017) |
| 10/06/2017 | 210 | [SEALED] OPENING BRIEF in Support re 181 MOTION for Partial Summary Judgment of Non–Infringement filed by Lenovo (United States) Inc., Motorola Mobility LLC.Answering Brief/Response due date per Local Rules is 10/20/2017. (Palapura, Bindu) Modified on 10/10/2017 (lih). (Entered: 10/06/2017) |
| 10/06/2017 | 211 | [SEALED] DECLARATION of Richard W. Goldstucker re 210 Opening Brief in Support by Lenovo (United States) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A–C)(Palapura, Bindu) Modified on 10/10/2017 (lih). (Entered: 10/06/2017) |
| 10/06/2017 | 212 | [SEALED] OPENING BRIEF in Support re 182 MOTION for Summary Judgment of Non–Infringement filed by Lenovo (United States) Inc., Motorola Mobility LLC.Answering Brief/Response due date per Local Rules is 10/20/2017. (Palapura, Bindu) Modified on 10/10/2017 (lih). (Entered: 10/06/2017) |
| 10/06/2017 | 213 | OPENING BRIEF in Support re 183 MOTION for Summary Judgment on Validity filed by Evolved Wireless, LLC.Answering Brief/Response due date per Local Rules is 10/20/2017. (Farnan, Brian) (Entered: 10/06/2017) |
| 10/06/2017 | 214 | [SEALED] DECLARATION of Ryan M. Schultz re 213 Opening Brief in Support by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Farnan, Brian) Modified on 10/10/2017 (lih). (Entered: 10/06/2017) |
| 10/06/2017 | 215 | [SEALED] DECLARATION of Todor Cooklev re 213 Opening Brief in Support by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Farnan, Brian) Modified on 10/10/2017 (lih). (Entered: 10/06/2017) |
| 10/06/2017 | 216 | [SEALED] APPENDIX re (221 in 1:15–cv–00546–JFB–SRF) Opening Brief in Support, (248 in 1:15–cv–00545–JFB–SRF) Opening Brief in Support, (223 in 1:15–cv–00542–JFB–SRF) Opening Brief in Support, (212 in 1:15–cv–00544–JFB–SRF) Opening Brief in Support, (236 in 1:15–cv–00543–JFB–SRF) Opening Brief in Support, (222 in 1:15–cv–00547–JFB–SRF) Opening Brief in Support, by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Attachments: # 1 Appendix A–0001 to A–0060, # 2 Appendix A–0061 to A–0139, # 3 Appendix A–0140 to A–0212, # 4 Appendix A–0213 to A–0283, # 5 Appendix A–0284 to A–0353, # 6 Appendix A–0354 to A–0778, # 7 Appendix A–0927 to A–0978, # 8 Appendix A–0979 to A–1159, # 9 Appendix A–1160 to A–1239)(Russell, Andrew) (Entered: 10/06/2017) |
| 10/10/2017 | 217 | ORDER granting 209 Stipulation of Dismissal filed by Motorola Mobility LLC, Lenovo Group Ltd., Lenovo (United States) Inc. Party Lenovo (United States) Inc. and Lenovo Group Ltd. terminated. Signed by Judge Joseph F. Bataillon on 10/10/2017. (fms) (Entered: 10/10/2017) |

| 10/13/2017 | 218 | REDACTED VERSION of 210 Opening Brief in Support, by Motorola Mobility LLC. (Palapura, Bindu) (Entered: 10/13/2017) |
|---|---|---|
| 10/13/2017 | 219 | REDACTED VERSION of 211 Declaration *of Richard W. Goldstucker* by Motorola Mobility LLC. (Attachments: # 1 Exhibit A–C)(Palapura, Bindu) (Entered: 10/13/2017) |
| 10/13/2017 | 220 | REDACTED VERSION of (236 in 1:15–cv–00543–JFB–SRF) Opening Brief in Support, (221 in 1:15–cv–00546–JFB–SRF) Opening Brief in Support, (248 in 1:15–cv–00545–JFB–SRF) Opening Brief in Support, (223 in 1:15–cv–00542–JFB–SRF) Opening Brief in Support, (222 in 1:15–cv–00547–JFB–SRF) Opening Brief in Support, (212 in 1:15–cv–00544–JFB–SRF) Opening Brief in Support, by Samsung Electronics Co. Ltd.. (Russell, Andrew) (Entered: 10/13/2017) |
| 10/13/2017 | 221 | REDACTED VERSION of (225 in 1:15–cv–00546–JFB–SRF, 216 in 1:15–cv–00544–JFB–SRF, 227 in 1:15–cv–00542–JFB–SRF, 226 in 1:15–cv–00547–JFB–SRF, 240 in 1:15–cv–00543–JFB–SRF, 252 in 1:15–cv–00545–JFB–SRF) Appendix,,, by Samsung Electronics Co. Ltd.. (Attachments: # 1 Part 2 of 9, # 2 Part 3 of 9, # 3 Part 4 of 9, # 4 Part 5 of 9, # 5 Part 6 of 9, # 6 Part 7 of 9, # 7 Part 8 of 9, # 8 Part 9 of 9)(Russell, Andrew) (Entered: 10/13/2017) |
| 10/13/2017 | 222 | REDACTED VERSION of 215 Declaration *of Todor Cooklev* by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Farnan, Brian) (Entered: 10/13/2017) |
| 10/17/2017 | 223 | REDACTED VERSION of 214 Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–9)(Farnan, Brian) Modified on 10/17/2017 (lih). (Entered: 10/17/2017) |
| 10/19/2017 | 224 | Joint Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Daubert Briefing. (Farnan, Brian) (Entered: 10/19/2017) |
| 10/25/2017 | 225 | NOTICE OF SERVICE of Defendant Motorola Mobility, LLC's Rebuttal Fact Witness List filed by Motorola Mobility LLC.(Palapura, Bindu) (Entered: 10/25/2017) |
| 10/27/2017 | 226 | ORDER regarding Daubert motions. Signed by Judge Sherry R. Fallon on 10/27/2017. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 10/27/2017) |
| 11/07/2017 | 227 | NOTICE OF SERVICE of Evolved Wireless's Second Supplemental Identification of Accused Products filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 11/07/2017) |
| 11/07/2017 | 228 | ANSWERING BRIEF in Opposition re 183 MOTION for Summary Judgment filed by Motorola Mobility LLC.Reply Brief due date per Local Rules is 11/14/2017. (Palapura, Bindu) Modified on 11/8/2017 (lih). (Entered: 11/07/2017) |
| 11/07/2017 | 229 | DECLARATION OF TODD M. BRIGGS re (238 in 1:15–cv–00547–JFB–SRF) Answering Brief in Opposition, (261 in 1:15–cv–00545–JFB–SRF) Answering Brief in Opposition, (228 in 1:15–cv–00544–JFB–SRF) Answering Brief in Opposition, (252 in 1:15–cv–00543–JFB–SRF) Answering Brief in Opposition, (233 in 1:15–cv–00546–JFB–SRF) Answering Brief in Opposition by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Russell, Andrew) Modified on 11/8/2017 (lih). (Entered: 11/07/2017) |
| 11/07/2017 | 230 | DECLARATION OF DR. APOSTOLOS K. KAKAES, PH.D. re (238 in 1:15–cv–00547–JFB–SRF) Answering Brief in Opposition, (261 in 1:15–cv–00545–JFB–SRF) Answering Brief in Opposition, (228 in 1:15–cv–00544–JFB–SRF) Answering Brief in Opposition, (252 in 1:15–cv–00543–JFB–SRF) Answering Brief in Opposition, (233 in 1:15–cv–00546–JFB–SRF) Answering Brief in Opposition by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Russell, Andrew) Modified on 11/8/2017 (lih). (Entered: 11/07/2017) |
| 11/07/2017 | 231 | [SEALED] ANSWERING BRIEF in Opposition re 182 MOTION for Summary Judgment filed by Evolved Wireless, LLC.Reply Brief due date per Local Rules is 11/14/2017. (Attachments: # 1 Appendix A)(Farnan, Brian) Modified on 11/8/2017 (lih). (Entered: 11/07/2017) |
| 11/07/2017 | 232 | [SEALED] DECLARATION of Ryan M. Schultz re 231 Answering Brief in Opposition by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27)(Farnan, Brian) Modified on 11/8/2017 (lih). (Entered: 11/07/2017) |

| 11/07/2017 | 233 | [SEALED] ANSWERING BRIEF in Opposition re 181 MOTION for Partial Summary Judgment filed by Evolved Wireless, LLC.Reply Brief due date per Local Rules is 11/14/2017. (Farnan, Brian) Modified on 11/8/2017 (lih). (Entered: 11/07/2017) |
|---|---|---|
| 11/08/2017 | | NOTE TO COUNSEL: Judge Fallon's chambers does not need courtesy copies of the summary judgment briefing. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 11/08/2017) |
| 11/14/2017 | 234 | REDACTED VERSION of 233 Answering Brief in Opposition by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 11/14/2017) |
| 11/14/2017 | | REDACTION NOTICE: In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, redacted versions of sealed documents shall be filed electronically within 7 days of the filing of the sealed document. The records of this case do not reflect the filing of a redacted version of DI # 200 in CA 15−542. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 11/14/2017) |
| 11/15/2017 | 235 | MOTION for Pro Hac Vice Appearance of Attorney John K. Harting − filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Brian) (Entered: 11/15/2017) |
| 11/16/2017 | | SO ORDERED− re (265 in 1:15−cv−00543−JFB−SRF, 272 in 1:15−cv−00545−JFB−SRF, 238 in 1:15−cv−00546−JFB−SRF, 235 in 1:15−cv−00544−JFB−SRF, 250 in 1:15−cv−00542−JFB−SRF) MOTION for Pro Hac Vice Appearance of Attorney John K. Harting. Signed by Judge Sherry R. Fallon on 11/16/2017. Associated Cases: 1:15−cv−00542−JFB−SRF, 1:15−cv−00543−JFB−SRF, 1:15−cv−00544−JFB−SRF, 1:15−cv−00545−JFB−SRF, 1:15−cv−00546−JFB−SRF(lih) (Entered: 11/16/2017) |
| 11/16/2017 | 236 | REDACTED VERSION of (194 in 1:15−cv−00546−JFB−SRF, 203 in 1:15−cv−00543−JFB−SRF, 222 in 1:15−cv−00545−JFB−SRF, 193 in 1:15−cv−00547−JFB−SRF, 180 in 1:15−cv−00544−JFB−SRF) Letter, (200 in 1:15−cv−00542−JFB−SRF) Letter by ZTE (USA) Inc.. (Attachments: # 1 Exhibit A−C)(Hunter, Travis) (Entered: 11/16/2017) |
| 11/16/2017 | 237 | STIPULATION TO EXTEND TIME for the parties to file: (i) Opening Daubert Briefs; (ii) Answering Daubert Briefs; and (iii) Reply Daubert Briefs to (i) 12/8/2017; (ii) 1/12/2018; and (iii) 2/2/2018 − filed by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 11/16/2017) |
| 11/17/2017 | | Pro Hac Vice Attorney John K. Harting for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:15−cv−00542−JFB−SRF, 1:15−cv−00543−JFB−SRF, 1:15−cv−00544−JFB−SRF, 1:15−cv−00545−JFB−SRF, 1:15−cv−00546−JFB−SRF(nmg) (Entered: 11/17/2017) |
| 11/17/2017 | 238 | ORDER re (252 in 1:15−cv−00542−JFB−SRF, 240 in 1:15−cv−00546−JFB−SRF, 274 in 1:15−cv−00545−JFB−SRF, 237 in 1:15−cv−00544−JFB−SRF, 267 in 1:15−cv−00543−JFB−SRF) Stipulation to Set Daubert Briefing filed by Evolved Wireless, LLC. 1. The deadline to file opening Daubert briefs is December 8, 2017; 2. The deadline to file answering Daubert briefs is January 12, 2018; and 3. The deadline to file reply Daubert briefs is February 2, 2018. Signed by Judge Joseph F. Bataillon on 11/17/2017. Associated Cases: 1:15−cv−00542−JFB−SRF, 1:15−cv−00543−JFB−SRF, 1:15−cv−00544−JFB−SRF, 1:15−cv−00545−JFB−SRF, 1:15−cv−00546−JFB−SRF(nmfn) (Entered: 11/17/2017) |
| 11/17/2017 | | CORRECTING ENTRY: Pursuant to conversation with counsel, the motion for summary judgment stipulation previously filed has been deleted and will be refiled by counsel. Associated Cases: 1:15−cv−00542−JFB−SRF, 1:15−cv−00543−JFB−SRF, 1:15−cv−00544−JFB−SRF, 1:15−cv−00546−JFB−SRF(lih) (Entered: 11/17/2017) |
| 11/17/2017 | 239 | STIPULATION regarding Summary Judgment Briefing as to Defendants' Affirmative Defense of a Covenant Not To Sue by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 11/17/2017) |
| 11/20/2017 | 240 | REDACTED VERSION of (244 in 1:15−cv−00542−JFB−SRF) Answering Brief in Opposition, (267 in 1:15−cv−00545−JFB−SRF) Answering Brief in Opposition, (236 in 1:15−cv−00546−JFB−SRF) Answering Brief in Opposition, (231 in 1:15−cv−00544−JFB−SRF) Answering Brief in Opposition, (255 in 1:15−cv−00543−JFB−SRF) Answering Brief in Opposition by Evolved Wireless, LLC. (Attachments: # 1 Appendix A)(Farnan, Brian) (Entered: 11/20/2017) |

| 11/20/2017 | 241 | REDACTED VERSION of 232 Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–27)(Farnan, Brian) Modified on 11/21/2017 (lih). (Entered: 11/20/2017) |
| 11/22/2017 | 242 | STIPULATION to Remove Certain Motorola Mobility LLC Products from the Case by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 11/22/2017) |
| 11/27/2017 | 243 | [SEALED] MEMORANDUM ORDER re (200 in 1:15–cv–00542–JFB–SRF) Letter. Signed by Judge Sherry R. Fallon on 11/27/2017.This order has been emailed to lead local counsel. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 11/27/2017) |
| 11/28/2017 | 244 | ORDER approving (254 in 1:15–cv–00542–JFB–SRF, 276 in 1:15–cv–00545–JFB–SRF, 269 in 1:15–cv–00543–JFB–SRF, 242 in 1:15–cv–00546–JFB–SRF, 239 in 1:15–cv–00544–JFB–SRF) STIPULATION regarding Summary Judgment Briefing as to Defendants' Affirmative Defense of a Covenant Not To Sue. Signed by Judge Joseph F. Bataillon on 11/27/2017. (nmfn) (Entered: 11/28/2017) |
| 11/28/2017 | 245 | ORDER approving 242 STIPULATION to Remove Certain Motorola Mobility LLC Products from the Case. Signed by Judge Joseph F. Bataillon on 11/27/2017. (nmfn) (Entered: 11/28/2017) |
| 11/28/2017 | 246 | NOTICE of Withdrawal of Motion by Motorola Mobility LLC re 181 MOTION for Partial Summary Judgment, 210 Opening Brief in Support (Moore, David) Modified on 11/28/2017 (lih). (Entered: 11/28/2017) |
| 11/29/2017 | | Motions terminated per D.I. 246 : 181 MOTION for Partial Summary Judgment. (lih) (Entered: 11/29/2017) |
| 12/04/2017 | 247 | NOTICE to Take Deposition of Qualcomm Technologies, Inc. on December 5, 2017 filed by ZTE (USA) Inc..(Farnan, Kelly) (Entered: 12/04/2017) |
| 12/04/2017 | 248 | NOTICE OF SERVICE of Plaintiff's Objection to Defendants' Notice of Deposition of Qualcomm Technologies, Inc. filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 12/04/2017) |
| 12/04/2017 | 249 | NOTICE to Take Deposition of Qualcomm Technologies, Inc. on December 5, 2017 filed by ZTE (USA) Inc..(Hunter, Travis) (Entered: 12/04/2017) |
| 12/06/2017 | 250 | [SEALED] REPLY BRIEF re 182 MOTION for Summary Judgment filed by Motorola Mobility LLC. (Palapura, Bindu) Modified on 12/7/2017 (lih). (Entered: 12/06/2017) |
| 12/06/2017 | 251 | [SEALED] APPENDIX re (270 in 1:15–cv–00542–JFB–SRF) Reply Brief, (250 in 1:15–cv–00544–JFB–SRF) Reply Brief by Apple Inc., Motorola Mobility LLC. (Attachments: # 1 Tabs 1–13)(Palapura, Bindu) Modified on 12/7/2017 (lih). (Entered: 12/06/2017) |
| 12/06/2017 | 252 | REPLY BRIEF re 183 MOTION for Summary Judgment *on Validity* filed by Evolved Wireless, LLC. (Attachments: # 1 Appendix A)(Farnan, Brian) (Entered: 12/06/2017) |
| 12/06/2017 | 253 | DECLARATION of Ryan M. Schultz re (288 in 1:15–cv–00545–JFB–SRF) Reply Brief, (250 in 1:15–cv–00546–JFB–SRF) Reply Brief, (252 in 1:15–cv–00544–JFB–SRF) Reply Brief, (283 in 1:15–cv–00543–JFB–SRF) Reply Brief by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 10)(Farnan, Brian) Modified on 12/7/2017 (lih). (Entered: 12/06/2017) |
| 12/08/2017 | 254 | [SEALED] MOTION to Exclude Testimony of Dr. Putnam – filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. Motions referred to Sherry R. Fallon.(Smith, Rodger) Modified on 12/11/2017 (lih). (Entered: 12/08/2017) |
| 12/08/2017 | 255 | [SEALED] DECLARATION of Nathaniel C. Love re (264 in 1:15–cv–00547–JFB–SRF, 278 in 1:15–cv–00542–JFB–SRF, 290 in 1:15–cv–00545–JFB–SRF, 254 in 1:15–cv–00544–JFB–SRF, 256 in 1:15–cv–00546–JFB–SRF, 285 in 1:15–cv–00543–JFB–SRF) MOTION to Exclude by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibits A–T)(Smith, Rodger) Modified on 12/11/2017 (lih). (Entered: 12/08/2017) |
| 12/08/2017 | 256 | MOTION to PrecludeTestimony of Dr. Cooklev – filed by Apple Inc., Motorola Mobility LLC. (Attachments: # 1 Text of Proposed Order)Motions referred to Sherry R. Fallon.(Palapura, Bindu) Modified on 12/11/2017 (lih). (Entered: 12/08/2017) |

| 12/08/2017 | 257 | [SEALED] OPENING BRIEF in Support re 256 MOTION to Preclude filed by Motorola Mobility LLC.Answering Brief/Response due date per Local Rules is 12/22/2017. (Palapura, Bindu) Modified on 12/11/2017 (lih). (Entered: 12/08/2017) |
| --- | --- | --- |
| 12/08/2017 | 258 | MOTION to Preclude Defendant's Experts − filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Brian) Modified on 12/11/2017 (lih). (Entered: 12/08/2017) |
| 12/08/2017 | 259 | [SEALED] OPENING BRIEF in Support re 258 MOTION to Preclude Defendant's Experts filed by Evolved Wireless, LLC.Answering Brief/Response due date per Local Rules is 12/22/2017. (Farnan, Brian) Modified on 12/11/2017 (lih). (Entered: 12/08/2017) |
| 12/08/2017 | 260 | [SEALED] DECLARATION of Ryan M. Schultz re 259 Opening Brief in Support by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Farnan, Brian) Modified on 12/11/2017 (lih). (Entered: 12/08/2017) |
| 12/08/2017 | 261 | [SEALED] DECLARATION of Michael D. Jay re (287 in 1:15−cv−00543−JFB−SRF) MOTION to Preclude, (280 in 1:15−cv−00542−JFB−SRF) MOTION to Preclude, (256 in 1:15−cv−00544−JFB−SRF) MOTION to Preclude, (258 in 1:15−cv−00546−JFB−SRF) MOTION to Exclude Testimony, (266 in 1:15−cv−00547−JFB−SRF) MOTION to Exclude Testimony,(292 in 1:15−cv−00545−JFB−SRF) MOTION TO EXCLUDE by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A−H)(Palapura, Bindu) Modified on 12/11/2017 (lih). (Entered: 12/08/2017) |
| 12/11/2017 | 262 | [SEALED] Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Proposed Redactions to the Court's November 27, 2017 Memorandum Order. (Attachments: # 1 Exhibit A)(Farnan, Brian) (Entered: 12/11/2017) |
| 12/13/2017 | 263 | REQUEST for Oral Argument by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Palapura, Bindu) (Entered: 12/13/2017) |
| 12/13/2017 | 264 | ORAL ORDER: The Oral Argument set for 1/5/2018 at 09:30 AM regarding motion(s) for summary judgment is cancelled and will be rescheduled, if deemed necessary, by further order of the court. Signed by Judge Joseph F. Bataillon on 12/13/17. Associated Cases: 1:15−cv−00542−JFB−SRF et al. (Brunswick, Amy) (Entered: 12/13/2017) |
| 12/13/2017 | 265 | REDACTED VERSION of (252 in 1:15−cv−00546−JFB−SRF) Reply Brief, (270 in 1:15−cv−00542−JFB−SRF) Reply Brief, (279 in 1:15−cv−00543−JFB−SRF) Reply Brief, (258 in 1:15−cv−00547−JFB−SRF) Reply Brief, (286 in 1:15−cv−00545−JFB−SRF) Reply Brief, (250 in 1:15−cv−00544−JFB−SRF) Reply Brief by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Hoeschen, Nathan) (Entered: 12/13/2017) |
| 12/13/2017 | 266 | REDACTED VERSION of (253 in 1:15−cv−00546−JFB−SRF) Appendix, (282 in 1:15−cv−00543−JFB−SRF) Appendix, (273 in 1:15−cv−00542−JFB−SRF, 251 in 1:15−cv−00544−JFB−SRF) Appendix, (259 in 1:15−cv−00547−JFB−SRF) Appendix, (287 in 1:15−cv−00545−JFB−SRF) Appendix by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Attachments: # 1 Tab 7)(Hoeschen, Nathan) Modified on 12/14/2017 (lih). (Entered: 12/13/2017) |
| 12/14/2017 | 267 | REDACTED VERSION of (245 in 1:15−cv−00546−JFB−SRF, 260 in 1:15−cv−00542−JFB−SRF, 243 in 1:15−cv−00544−JFB−SRF, 272 in 1:15−cv−00543−JFB−SRF, 279 in 1:15−cv−00545−JFB−SRF) Memorandum Order. (lih) (Entered: 12/14/2017) |
| 12/15/2017 | 268 | REDACTED VERSION of (264 in 1:15−cv−00547−JFB−SRF, 278 in 1:15−cv−00542−JFB−SRF, 290 in 1:15−cv−00545−JFB−SRF, 254 in 1:15−cv−00544−JFB−SRF, 256 in 1:15−cv−00546−JFB−SRF, 285 in 1:15−cv−00543−JFB−SRF) MOTION to Exclude Testimony of Dr. Putnam Pursuant to Fed. R. Evid. 702 by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Smith, Rodger) Modified on 12/18/2017 (lih). (Entered: 12/15/2017) |
| 12/15/2017 | 269 | REDACTED VERSION of (291 in 1:15−cv−00545−JFB−SRF, 255 in 1:15−cv−00544−JFB−SRF, 286 in 1:15−cv−00543−JFB−SRF, 257 in 1:15−cv−00546−JFB−SRF, 265 in 1:15−cv−00547−JFB−SRF, 279 in 1:15−cv−00542−JFB−SRF) Declaration by Microsoft Corporation, Microsoft Mobile Oy, Nokia |

| | | |
|---|---|---|
| | | Inc.. (Smith, Rodger) Modified on 12/18/2017 (lih). (Entered: 12/15/2017) |
| 12/18/2017 | 270 | REDACTED VERSION of (281 in 1:15–cv–00542–JFB–SRF) Opening Brief in Support, (257 in 1:15–cv–00544–JFB–SRF) Opening Brief in Support, (268 in 1:15–cv–00547–JFB–SRF) Opening Brief in Support, (293 in 1:15–cv–00545–JFB–SRF) Opening Brief in Support, (259 in 1:15–cv–00546–JFB–SRF) Opening Brief in Support, (288 in 1:15–cv–00543–JFB–SRF) Opening Brief in Support by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Palapura, Bindu) Modified on 12/19/2017 (lih). (Entered: 12/18/2017) |
| 12/18/2017 | 271 | REDACTED VERSION of (260 in 1:15–cv–00546–JFB–SRF, 261 in 1:15–cv–00544–JFB–SRF, 269 in 1:15–cv–00547–JFB–SRF, 294 in 1:15–cv–00545–JFB–SRF, 289 in 1:15–cv–00543–JFB–SRF, 282 in 1:15–cv–00542–JFB–SRF) Declaration by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A–H)(Palapura, Bindu) Modified on 12/19/2017 (lih). (Entered: 12/18/2017) |
| 01/02/2018 | | ORAL ORDER regarding pending discovery dispute briefing schedule. Plaintiff shall file their opening letter submission, limited to no more than four pages, by no later than 6:00 PM today. Defendants' shall file their responsive letter submission, limited to no more than four pages, by no later than noon on 1/5/2018. Ordered by Judge Sherry R. Fallon on 1/2/2018. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 01/02/2018) |
| 01/02/2018 | 272 | [SEALED] Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Discovery Dispute. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Farnan, Brian) (Main Document 272 replaced on 1/30/2018) (lih). (Entered: 01/02/2018) |
| 01/03/2018 | | Motions No Longer Referred: (264 in 1:15–cv–00547–JFB–SRF, 278 in 1:15–cv–00542–JFB–SRF, 290 in 1:15–cv–00545–JFB–SRF, 254 in 1:15–cv–00544–JFB–SRF, 256 in 1:15–cv–00546–JFB–SRF, 285 in 1:15–cv–00543–JFB–SRF) MOTION to Exclude (275 in 1:15–cv–00542–JFB–SRF) MOTION to Preclude, (270 in 1:15–cv–00547–JFB–SRF) MOTION Daubert Motion To Exclude, (287 in 1:15–cv–00543–JFB–SRF) MOTION to Preclude, (262 in 1:15–cv–00547–JFB–SRF) MOTION to Exclude, (257 in 1:15–cv–00542–JFB–SRF) MOTION to Exclude, (280 in 1:15–cv–00542–JFB–SRF, 256 in 1:15–cv–00544–JFB–SRF) MOTION to Preclude, (290 in 1:15–cv–00543–JFB–SRF) MOTION to Preclude, (258 in 1:15–cv–00544–JFB–SRF) MOTION to Preclude, (295 in 1:15–cv–00545–JFB–SRF) MOTION to Preclude,(258 in 1:15–cv–00546–JFB–SRF) MOTION to Exclude, (266 in 1:15–cv–00547–JFB–SRF) MOTION to Preclude, (261 in 1:15–cv–00546–JFB–SRF) MOTION to Preclude, (292 in 1:15–cv–00545–JFB–SRF) MOTION TO EXCLUDE, (283 in 1:15–cv–00542–JFB–SRF) MOTION to Preclude Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 01/03/2018) |
| 01/03/2018 | 273 | Letter to The Honorable Joseph F. Bataillon from Bindu A. Palapura regarding Defendants' request for status conference. (Palapura, Bindu) (Entered: 01/03/2018) |
| 01/05/2018 | 274 | NOTICE OF SERVICE of Evolved Wireless's First Supplemental and Amended Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 01/05/2018) |
| 01/05/2018 | 275 | REDACTED VERSION of 259 Opening Brief in Support by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 01/05/2018) |
| 01/05/2018 | 276 | REDACTED VERSION of 260 Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–6)(Farnan, Brian) Modified on 1/5/2018 (lih). (Entered: 01/05/2018) |
| 01/05/2018 | 277 | [SEALED] SEALED Letter to The Honorable Sherry R. Fallon from Kelly E. Farnan regarding Qualcomm Deposition. (Attachments: # 1 Exhibit A)(Farnan, Kelly) (Entered: 01/05/2018) |
| 01/05/2018 | | ORAL ORDER– re (312 in 1:15–cv–00545–JFB–SRF, 289 in 1:15–cv–00547–JFB–SRF, 308 in 1:15–cv–00543–JFB–SRF, 273 in 1:15–cv–00544–JFB–SRF, 276 in 1:15–cv–00546–JFB–SRF, 308 in 1:15–cv–00542–JFB–SRF) Letter. A Telephone Conference is set for 1/12/2018 at 02:00 PM before Judge Sherry R. Fallon to discuss modifications to the scheduling order. Counsel for the plaintiff to initiate the call to 302–573–4557. The parties are |

| | | |
|---|---|---|
| | | to submit their respective proposals regarding modifications to the scheduling order re (114 in 1:15–cv–00546–JFB–SRF, 127 in 1:15–cv–00545–JFB–SRF, 114 in 1:15–cv–00547–JFB–SRF, 115 in 1:15–cv–00543–JFB–SRF, 109 in 1:15–cv–00542–JFB–SRF, 103 in 1:15–cv–00544–JFB–SRF) in a joint submission of no more than 5 pages on or before 1/9/2018. Ordered by Judge Sherry R. Fallon on 1/5/2018. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 01/05/2018) |
| 01/09/2018 | 278 | REDACTED VERSION of 272 Letter by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–6)(Farnan, Brian) (Entered: 01/09/2018) |
| 01/09/2018 | 279 | Letter to The Honorable Sherry R. Fallon from David E. Moore regarding case status (filed on behalf of all parties). (Moore, David) (Entered: 01/09/2018) |
| 01/10/2018 | 280 | NOTICE of FINAL WRITTEN DECISIONS IN INTER PARTES REVIEWS OF U.S. PATENT NO. 7,881,236 FINDING ASSERTED CLAIMS INVALID by Samsung Electronics America Inc., Samsung Electronics Co. Ltd. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Russell, Andrew) (Entered: 01/10/2018) |
| 01/12/2018 | 281 | Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Discovery from LG. (Farnan, Brian) Modified on 1/12/2018 (lih). (Entered: 01/12/2018) |
| 01/12/2018 | | REDACTION NOTICE: In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, redacted versions of sealed documents shall be filed electronically within 7 days of the filing of the sealed document. The records of this case do not reflect the filing of a redacted version of DI # 288 . Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 01/12/2018) |
| 01/12/2018 | 282 | REDACTED VERSION of (262 in 1:15–cv–00544–JFB–SRF, 298 in 1:15–cv–00545–JFB–SRF, 288 in 1:15–cv–00542–JFB–SRF, 293 in 1:15–cv–00543–JFB–SRF, 264 in 1:15–cv–00546–JFB–SRF) Letter by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A)(Farnan, Brian) (Entered: 01/12/2018) |
| 01/12/2018 | 283 | [SEALED] ANSWERING BRIEF in Opposition re 258 MOTION to Preclude filed by Motorola Mobility LLC.Reply Brief due date per Local Rules is 1/19/2018. (Attachments: # 1 Exhibit 1–5)(Palapura, Bindu) Modified on 1/16/2018 (lih). (Entered: 01/12/2018) |
| 01/12/2018 | | ORAL ORDER– Due to the unavailability of defendants Apple and Samsung for trial on the July 23, 2018 date offered by the court during the January 12, 2018 teleconference, the court offers the following alternate trial dates before Judge Bataillon: July 16, 2018 or July 30, 2018. Evolved, Apple, and Samsung are to confer and submit a joint letter to the court on or before January 18, 2018 regarding their preferred trial date in July 2018. The joint letter should also confirm the parties' availability for trial on the November 13, 2018 offered during the teleconference. The court appreciates the parties' cooperation in the selection of a new trial date. Ordered by Judge Sherry R. Fallon on 1/12/2018. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 01/12/2018) |
| 01/12/2018 | 284 | [SEALED] ANSWERING BRIEF in Opposition re 256 MOTION to Preclude filed by Evolved Wireless, LLC.Reply Brief due date per Local Rules is 1/19/2018. (Farnan, Brian) Modified on 1/16/2018 (lih). (Entered: 01/12/2018) |
| 01/12/2018 | 285 | [SEALED] DECLARATION of Ryan M. Schultz re (284 in 1:15–cv–00544–JFB–SRF) Answering Brief in Opposition, (288 in 1:15–cv–00546–JFB–SRF) Answering Brief in Opposition, (320 in 1:15–cv–00545–JFB–SRF) Answering Brief in Opposition, (319 in 1:15–cv–00543–JFB–SRF) Answering Brief in Opposition by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Farnan, Brian) Modified on 1/16/2018 (lih). (Entered: 01/12/2018) |
| 01/12/2018 | 286 | [SEALED] ANSWERING BRIEF in Opposition re 254 MOTION to Exclude Testimony of Dr. Putnam Pursuant to Fed. R. Evid. 702 filed by Evolved Wireless, LLC.Reply Brief due date per Local Rules is 1/19/2018. (Farnan, Brian) Modified on 1/16/2018 (lih). (Entered: 01/12/2018) |
| 01/12/2018 | 287 | [SEALED] DECLARATION of Ryan M. Schultz re (290 in 1:15–cv–00546–JFB–SRF) Answering Brief in Opposition, (323 in 1:15–cv–00543–JFB–SRF) Declaration, (286 in 1:15–cv–00544–JFB–SRF) Answering Brief in Opposition, (324 in 1:15–cv–00545–JFB–SRF) Answering Brief in Opposition, (322 in 1:15–cv–00542–JFB–SRF) Answering Brief in Opposition by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Farnan, Brian) Modified on 1/16/2018 (lih). (Entered: 01/12/2018) |

| 01/12/2018 | 288 | [SEALED] DECLARATION of Jonathan D. Putnam re (286 in 1:15–cv–00544–JFB–SRF) Answering Brief in Opposition, (322 in 1:15–cv–00543–JFB–SRF) Answering Brief in Opposition, (324 in 1:15–cv–00545–JFB–SRF) Answering Brief in Opposition, (290 in 1:15–cv–00546–JFB–SRF) Answering Brief in Opposition, (322 in 1:15–cv–00542–JFB–SRF) Answering Brief in Opposition by Evolved Wireless, LLC. (Farnan, Brian) Modified on 1/16/2018 (lih). (Entered: 01/12/2018) |
| --- | --- | --- |
| 01/12/2018 | | Minute Entry for proceedings held before Judge Sherry R. Fallon – Telephone Conference held on 1/12/2018. (Court Reporter V. Gunning.) Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 01/16/2018) |
| 01/16/2018 | | REMINDER TO ALL COUNSEL: Judge Fallon's chambers does not need courtesy copies of the daubert and summary judgment briefing. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 01/16/2018) |
| 01/16/2018 | 289 | [SEALED] Letter to The Honorable Sherry R. Fallon from Kelly E. Farnan regarding pending discovery dispute. (Hunter, Travis) (Entered: 01/16/2018) |
| 01/17/2018 | | REDACTION NOTICE: In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, redacted versions of sealed documents shall be filed electronically within 7 days of the filing of the sealed document. The records of this case do not reflect the filing of a redacted version of DI # 310 . Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 01/17/2018) |
| 01/17/2018 | | THIRD REDACTION NOTICE: In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, redacted versions of sealed documents shall be filed electronically within 7 days of the filing of the sealed document. The records of this case do not reflect the filing of a redacted version of DI # 217 . Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 01/17/2018) |
| 01/18/2018 | 290 | REDACTED VERSION of (204 in 1:15–cv–00544–JFB–SRF, 243 in 1:15–cv–00545–JFB–SRF, 217 in 1:15–cv–00547–JFB–SRF, 217 in 1:15–cv–00542–JFB–SRF, 216 in 1:15–cv–00546–JFB–SRF, 230 in 1:15–cv–00543–JFB–SRF) Letter by ZTE (USA) Inc.. (Hunter, Travis) (Entered: 01/18/2018) |
| 01/18/2018 | 291 | REDACTED VERSION of (310 in 1:15–cv–00542–JFB–SRF, 314 in 1:15–cv–00545–JFB–SRF, 280 in 1:15–cv–00546–JFB–SRF, 277 in 1:15–cv–00544–JFB–SRF, 291 in 1:15–cv–00547–JFB–SRF, 312 in 1:15–cv–00543–JFB–SRF) Letter by ZTE (USA) Inc.. (Hunter, Travis) (Entered: 01/18/2018) |
| 01/18/2018 | 292 | Joint Letter to The Honorable Sherry R. Fallon from Bindu A. Palapura regarding trial date. (Attachments: # 1 Exhibit A–D)(Moore, David) (Entered: 01/18/2018) |
| 01/19/2018 | 293 | REDACTED VERSION of (284 in 1:15–cv–00544–JFB–SRF) Answering Brief in Opposition, (288 in 1:15–cv–00546–JFB–SRF) Answering Brief in Opposition, (320 in 1:15–cv–00545–JFB–SRF) Answering Brief in Opposition, (319 in 1:15–cv–00543–JFB–SRF) Answering Brief in Opposition by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 01/19/2018) |
| 01/19/2018 | 294 | DECLARATION re (285 in 1:15–cv–00544–JFB–SRF, 320 in 1:15–cv–00543–JFB–SRF, 289 in 1:15–cv–00546–JFB–SRF, 321 in 1:15–cv–00545–JFB–SRF) Declaration, by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–3)(Farnan, Brian) (Entered: 01/19/2018) |
| 01/19/2018 | 295 | [SEALED] Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Response to Defendants' January 16, 2018 Letter – re (325 in 1:15–cv–00542–JFB–SRF, 327 in 1:15–cv–00545–JFB–SRF, 293 in 1:15–cv–00546–JFB–SRF, 326 in 1:15–cv–00543–JFB–SRF, 289 in 1:15–cv–00544–JFB–SRF) Letter. (Farnan, Brian) (Entered: 01/19/2018) |
| 01/19/2018 | 296 | REDACTED VERSION of (335 in 1:15–cv–00545–JFB–SRF, 299 in 1:15–cv–00546–JFB–SRF, 332 in 1:15–cv–00543–JFB–SRF, 295 in 1:15–cv–00544–JFB–SRF, 333 in 1:15–cv–00542–JFB–SRF) Letter, by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 01/19/2018) |
| 01/19/2018 | 297 | REDACTED VERSION of (286 in 1:15–cv–00544–JFB–SRF) Answering Brief in Opposition, (322 in 1:15–cv–00543–JFB–SRF) Answering Brief in Opposition, (324 in 1:15–cv–00545–JFB–SRF) Answering Brief in Opposition, (290 in 1:15–cv–00546–JFB–SRF) Answering Brief in Opposition, (322 in 1:15–cv–00542–JFB–SRF) Answering Brief in |

| | | |
|---|---|---|
| | | Opposition, by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 01/19/2018) |
| 01/19/2018 | 298 | REDACTED VERSION of (287 in 1:15−cv−00544−JFB−SRF, 323 in 1:15−cv−00542−JFB−SRF, 291 in 1:15−cv−00545−JFB−SRF, 324 in 1:15−cv−00543−JFB−SRF, 325 in 1:15−cv−00545−JFB−SRF) Declaration,, by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1−9)(Farnan, Brian) (Entered: 01/19/2018) |
| 01/19/2018 | 299 | REDACTED VERSION of (292 in 1:15−cv−00546−JFB−SRF, 325 in 1:15−cv−00543−JFB−SRF, 326 in 1:15−cv−00545−JFB−SRF, 288 in 1:15−cv−00544−JFB−SRF, 324 in 1:15−cv−00542−JFB−SRF) Declaration, by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 01/19/2018) |
| 01/19/2018 | 300 | REDACTED VERSION of 283 Answering Brief in Opposition by Motorola Mobility LLC. (Attachments: # 1 Exhibit 1−5)(Palapura, Bindu) Modified on 1/22/2018 (lih). (Entered: 01/19/2018) |
| 01/30/2018 | | CORRECTING ENTRY: The pdf of the letter filed by evolved wireless on 1/2/18 has been replaced with a revised version of the document. Associated Cases: 1:15−cv−00542−JFB−SRF, 1:15−cv−00543−JFB−SRF, 1:15−cv−00544−JFB−SRF, 1:15−cv−00545−JFB−SRF, 1:15−cv−00546−JFB−SRF(lih) (Entered: 01/30/2018) |
| 01/31/2018 | 301 | NOTICE OF SERVICE of Amended Initial Disclosures of Defendant Motorola Mobility LLC with Attachment A; Defendant Motorola Mobility LLC's Supplemental Fact Witness List; and Motorola Mobility LLC's Supplemental Rebuttal Fact Witness List filed by Motorola Mobility LLC.(Moore, David) (Entered: 01/31/2018) |
| 02/02/2018 | 302 | [SEALED] REPLY BRIEF re 256 MOTION to Preclude filed by Motorola Mobility LLC. (Moore, David) Modified on 2/5/2018 (lih). (Entered: 02/02/2018) |
| 02/02/2018 | 303 | REPLY BRIEF re 254 MOTION to Exclude Testimony of Dr. Putnam Pursuant to Fed. R. Evid. 702 filed by Motorola Mobility LLC. (Smith, Rodger) Modified on 2/5/2018 (lih). (Entered: 02/02/2018) |
| 02/02/2018 | 304 | [SEALED] REPLY BRIEF re 258 MOTION to Preclude filed by Evolved Wireless, LLC. (Farnan, Brian) Modified on 2/5/2018 (lih). (Entered: 02/02/2018) |
| 02/02/2018 | 305 | [SEALED] DECLARATIONof Ryan M. Schultz re 304 Reply Brief by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1)(Farnan, Brian) Modified on 2/5/2018 (lih). (Entered: 02/02/2018) |
| 02/02/2018 | 306 | DECLARATION of Nathaniel C. Love re (305 in 1:15−cv−00547−JFB−SRF) Declaration, (325 in 1:15−cv−00547−JFB−SRF) Reply Brief, (306 in 1:15−cv−00546−JFB−SRF) Reply Brief, (341 in 1:15−cv−00543−JFB−SRF) Reply Brief, (344 in 1:15−cv−00542−JFB−SRF) Reply Brief, (345 in 1:15−cv−00545−JFB−SRF) Reply Brief by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibits U−HH)(Smith, Rodger) Modified on 2/5/2018 (lih). (Entered: 02/02/2018) |
| 02/02/2018 | 307 | [SEALED] BRIEF (Combined Opening and Answering) re 183 MOTION for Summary Judgment , 184 MOTION for Summary Judgment filed by Evolved Wireless, LLC.Answering Brief/Response due date per Local Rules is 2/16/2018. Reply Brief due date per Local Rules is 2/9/2018. (Farnan, Brian) (Additional attachment(s) added on 2/8/2018: # 1 Appendix) (lih). (Entered: 02/02/2018) |
| 02/02/2018 | 308 | [SEALED] DECLARATION of Younghan Song re (346 in 1:15−cv−00542−JFB−SRF) Brief (Combined Opening and Answering), (347 in 1:15−cv−00545−JFB−SRF) Brief (Combined Opening and Answering), (343 in 1:15−cv−00543−JFB−SRF) Brief (Combined Opening and Answering), (309 in 1:15−cv−00546−JFB−SRF) Brief (Combined Opening and Answering), (307 in 1:15−cv−00544−JFB−SRF) Brief (Combined Opening and Answering), by Evolved Wireless, LLC. (Farnan, Brian) Modified on 2/5/2018 (lih). (Entered: 02/02/2018) |
| 02/02/2018 | 309 | [SEALED] DECLARATION of Ryan M. Schultz re 307 Brief (Combined Opening and Answering) by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Farnan, Brian) Modified on 2/5/2018 (lih). (Entered: 02/02/2018) |
| 02/05/2018 | | REMINDER TO ALL COUNSEL: Judge Fallon's chambers does not need courtesy copies of the daubert and summary judgment briefing. Associated Cases: 1:15−cv−00542−JFB−SRF et |

| | | al.(lih) (Entered: 02/05/2018) |
|---|---|---|
| 02/08/2018 | | CORRECTING ENTRY: Appendix A has been attached to D.I. 346 per the request of counsel. Associated Cases: 1:15−cv−00542−JFB−SRF, 1:15−cv−00543−JFB−SRF, 1:15−cv−00544−JFB−SRF, 1:15−cv−00545−JFB−SRF, 1:15−cv−00546−JFB−SRF(lih) (Entered: 02/08/2018) |
| 02/09/2018 | 310 | REDACTED VERSION of 304 Reply Brief by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 02/09/2018) |
| 02/09/2018 | 311 | REDACTED VERSION of 305 Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1)(Farnan, Brian) Modified on 2/12/2018 (lih). (Entered: 02/09/2018) |
| 02/09/2018 | 312 | REDACTED VERSION of 307 Brief (Combined Opening and Answering), by Evolved Wireless, LLC. (Attachments: # 1 Appendix A)(Farnan, Brian) (Entered: 02/09/2018) |
| 02/09/2018 | 313 | REDACTED VERSION of 309 Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1−9)(Farnan, Brian) Modified on 2/12/2018 (lih). (Entered: 02/09/2018) |
| 02/09/2018 | 314 | REDACTED VERSION of (341 in 1:15−cv−00542−JFB−SRF) Reply Brief, (305 in 1:15−cv−00546−JFB−SRF) Reply Brief, (324 in 1:15−cv−00547−JFB−SRF) Reply Brief, (302 in 1:15−cv−00544−JFB−SRF) Reply Brief, (342 in 1:15−cv−00545−JFB−SRF) Reply Brief, (339 in 1:15−cv−00543−JFB−SRF) Reply Brief by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Moore, David) (Entered: 02/09/2018) |
| 02/09/2018 | 315 | REDACTED VERSION of (310 in 1:15−cv−00546−JFB−SRF, 348 in 1:15−cv−00545−JFB−SRF, 347 in 1:15−cv−00542−JFB−SRF, 344 in 1:15−cv−00543−JFB−SRF, 308 in 1:15−cv−00544−JFB−SRF) Declaration by Evolved Wireless, LLC. (Farnan, Brian) Modified on 2/12/2018 (lih). (Entered: 02/09/2018) |
| 02/16/2018 | 316 | [SEALED] MEMORANDUM ORDER re (307 in 1:15−cv−00542−JFB−SRF) Letter. Signed by Judge Sherry R. Fallon on 2/16/2018.This order has been emailed to local counsel. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 02/16/2018) |
| 02/20/2018 | 317 | [SEALED] ORDER regarding case schedule. Signed by Judge Sherry R. Fallon on 2/20/2018.This order has been emailed to local counsel. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 02/20/2018) |
| 02/27/2018 | 318 | STIPULATION TO EXTEND TIME to File Opening Motions in Limine Briefs and Answering Motions in Limine Briefs to August 30, 2018 and September 27, 2018 – filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Hoeschen, Nathan) (Entered: 02/27/2018) |
| 03/02/2018 | 319 | [SEALED] Letter to The Honorable Sherry R. Fallon from Michael J. Farnan regarding Redactions to the February 16, 2018 Memorandum Order. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Farnan, Michael) (Entered: 03/02/2018) |
| 03/05/2018 | | CORRECTING ENTRY: The objections previously filed on 3/2/18 have been deleted. Revised versions of the documents will be re−filed by counsel at a later time. Associated Cases: 1:15−cv−00542−JFB−SRF, 1:15−cv−00543−JFB−SRF, 1:15−cv−00544−JFB−SRF, 1:15−cv−00545−JFB−SRF, 1:15−cv−00546−JFB−SRF(lih) (Entered: 03/05/2018) |
| 03/05/2018 | 320 | [SEALED] OBJECTIONS by Evolved Wireless, LLC to (356 in 1:15−cv−00542−JFB−SRF, 356 in 1:15−cv−00545−JFB−SRF, 316 in 1:15−cv−00544−JFB−SRF, 351 in 1:15−cv−00543−JFB−SRF, 317 in 1:15−cv−00546−JFB−SRF) Memorandum and Order . (Attachments: # 1 Certificate of Compliance)(Farnan, Michael) (Entered: 03/05/2018) |
| 03/08/2018 | | NOTICE: Per Magistrate Judge Fallon's Standing Order Regarding Courtesy Copies, which requires two (2) courtesy copies of all briefs and two (2) copies of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.), please submit to the Clerk's Office a copy of D.I. # 360 . Associated Cases: 1:15−cv−00542−JFB−SRF, 1:15−cv−00543−JFB−SRF, 1:15−cv−00544−JFB−SRF, 1:15−cv−00545−JFB−SRF, 1:15−cv−00546−JFB−SRF(lih) (Entered: 03/08/2018) |
| 03/09/2018 | 321 | REDACTED VERSION of (321 in 1:15−cv−00546−JFB−SRF, 360 in 1:15−cv−00542−JFB−SRF, 319 in 1:15−cv−00544−JFB−SRF, 359 in 1:15−cv−00545−JFB−SRF, 354 in 1:15−cv−00543−JFB−SRF) Letter by Evolved Wireless, |

| | | |
|---|---|---|
| | | LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Farnan, Michael) (Entered: 03/09/2018) |
| 03/09/2018 | 322 | REDACTED VERSION of (356 in 1:15−cv−00542−JFB−SRF, 356 in 1:15−cv−00545−JFB−SRF, 316 in 1:15−cv−00544−JFB−SRF, 351 in 1:15−cv−00543−JFB−SRF, 317 in 1:15−cv−00546−JFB−SRF) Memorandum Order. (lih) (Entered: 03/09/2018) |
| 03/09/2018 | 323 | REDACTED VERSION of (361 in 1:15−cv−00542−JFB−SRF, 320 in 1:15−cv−00544−JFB−SRF, 355 in 1:15−cv−00543−JFB−SRF, 322 in 1:15−cv−00546−JFB−SRF, 360 in 1:15−cv−00545−JFB−SRF) Objections, by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 03/09/2018) |
| 03/13/2018 | | Set Deadlines: Proposed Pretrial Order due by 10/11/2018. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 03/13/2018) |
| 03/16/2018 | 324 | [SEALED] RESPONSE TO OBJECTIONS by ZTE (USA) Inc. re (361 in 1:15−cv−00542−JFB−SRF, 320 in 1:15−cv−00544−JFB−SRF, 355 in 1:15−cv−00543−JFB−SRF, 322 in 1:15−cv−00546−JFB−SRF, 360 in 1:15−cv−00545−JFB−SRF) Objections, (356 in 1:15−cv−00542−JFB−SRF, 356 in 1:15−cv−00545−JFB−SRF, 316 in 1:15−cv−00544−JFB−SRF, 351 in 1:15−cv−00543−JFB−SRF, 317 in 1:15−cv−00546−JFB−SRF, 336 in 1:15−cv−00547−JFB−SRF) Memorandum and Order, (341 in 1:15−cv−00547−JFB−SRF) Objections filed on behalf of all Defendants. (Hunter, Travis) Modified on 3/19/2018 (lih). (Entered: 03/16/2018) |
| 03/16/2018 | 325 | MOTION to Strike 308 Declaration − filed by Motorola Mobility LLC. (Attachments: # 1 Text of Proposed Order)Motions referred to Sherry R. Fallon.(Palapura, Bindu) Modified on 3/19/2018 (lih). (Entered: 03/16/2018) |
| 03/16/2018 | 326 | [SEALED] OPENING BRIEF in Support re 325 MOTION to Strike 308 Declaration filed by Motorola Mobility LLC.Answering Brief/Response due date per Local Rules is 4/2/2018. (Palapura, Bindu) Modified on 3/19/2018 (lih). (Entered: 03/16/2018) |
| 03/16/2018 | 327 | [SEALED] DECLARATION re (365 in 1:15−cv−00545−JFB−SRF) MOTION to Strike (348) Declaration, (360 in 1:15−cv−00543−JFB−SRF) MOTION to Strike (344) Declaration, (345 in 1:15−cv−00547−JFB−SRF) MOTION to Strike (329) Declaration , (327 in 1:15−cv−00546−JFB−SRF) MOTION to Strike (310) Declaration, (325 in 1:15−cv−00544−JFB−SRF) MOTION to Strike (308) Declaration, (366 in 1:15−cv−00542−JFB−SRF) MOTION to Strike (347) Declaration by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A−P)(Palapura, Bindu) Modified on 3/19/2018 (lih). (Entered: 03/16/2018) |
| 03/26/2018 | 328 | REDACTED VERSION of (328 in 1:15−cv−00546−JFB−SRF) Opening Brief in Support, (361 in 1:15−cv−00543−JFB−SRF) Opening Brief in Support, (326 in 1:15−cv−00544−JFB−SRF) Opening Brief in Support, (367 in 1:15−cv−00542−JFB−SRF) Opening Brief in Support, (346 in 1:15−cv−00547−JFB−SRF) Opening Brief in Support, (366 in 1:15−cv−00545−JFB−SRF) Opening Brief in Support by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Palapura, Bindu) Modified on 3/26/2018 (lih). (Entered: 03/26/2018) |
| 03/26/2018 | 329 | REDACTED VERSION of (327 in 1:15−cv−00544−JFB−SRF, 347 in 1:15−cv−00547−JFB−SRF, 329 in 1:15−cv−00546−JFB−SRF, 368 in 1:15−cv−00542−JFB−SRF, 367 in 1:15−cv−00545−JFB−SRF, 362 in 1:15−cv−00543−JFB−SRF) Declaration by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A−P)(Palapura, Bindu) Modified on 3/26/2018 (lih). (Entered: 03/26/2018) |
| 04/02/2018 | 330 | [SEALED] ANSWERING BRIEF in Opposition re 325 MOTION to Strike 308 Declaration filed by Evolved Wireless, LLC.Reply Brief due date per Local Rules is 4/9/2018. (Farnan, Brian) Modified on 4/3/2018 (lih). (Main Document 330 replaced on 4/6/2018) (lih). (Entered: 04/02/2018) |

| 04/02/2018 | 331 | [SEALED] DECLARATION of Ryan M. Schultz re (365 in 1:15–cv–00543–JFB–SRF) Answering Brief in Opposition, (371 in 1:15–cv–00542–JFB–SRF) Answering Brief in Opposition, (370 in 1:15–cv–00545–JFB–SRF) Answering Brief in Opposition, (330 in 1:15–cv–00544–JFB–SRF) Answering Brief in Opposition, (332 in 1:15–cv–00546–JFB–SRF) Answering Brief in Opposition by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Farnan, Brian) Modified on 4/3/2018 (lih). (Entered: 04/02/2018) |
|---|---|---|
| 04/03/2018 | | Remark: Counsel is reminded that the court does not need courtesy copies of the daubert/ motion in limine briefing. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 04/03/2018) |
| 04/06/2018 | | CORRECTING ENTRY: The answering brief filed on 4/2/18 has been replaced with a revised version of the document per the request of counsel. Associated Cases: 1:15–cv–00547–JFB–SRF et al.(lih) (Entered: 04/06/2018) |
| 04/09/2018 | 332 | [SEALED] REPLY BRIEF re 325 MOTION to Strike 308 Declaration filed by Motorola Mobility LLC. (Palapura, Bindu) Modified on 4/10/2018 (lih). (Entered: 04/09/2018) |
| 04/09/2018 | 333 | REDACTED VERSION of (370 in 1:15–cv–00545–JFB–SRF) Answering Brief in Opposition, (330 in 1:15–cv–00544–JFB–SRF) Answering Brief in Opposition, (365 in 1:15–cv–00543–JFB–SRF) Answering Brief in Opposition, (332 in 1:15–cv–00546–JFB–SRF) Answering Brief in Opposition, (371 in 1:15–cv–00542–JFB–SRF) Answering Brief in Opposition, by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 04/09/2018) |
| 04/09/2018 | 334 | REDACTED VERSION of (331 in 1:15–cv–00544–JFB–SRF, 371 in 1:15–cv–00545–JFB–SRF, 372 in 1:15–cv–00542–JFB–SRF, 366 in 1:15–cv–00543–JFB–SRF, 333 in 1:15–cv–00546–JFB–SRF) Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–7)(Farnan, Brian) Modified on 4/10/2018 (lih). (Entered: 04/09/2018) |
| 04/13/2018 | 335 | [SEALED] BRIEF (Combined Answering and Reply) re 183 MOTION for Summary Judgment , 184 MOTION for Summary Judgment filed by Motorola Mobility LLC.Reply Brief due date per Local Rules is 4/20/2018. (Attachments: # 1 Appendix A–B)(Palapura, Bindu) (Entered: 04/13/2018) |
| 04/13/2018 | 336 | [SEALED] DECLARATION of Michael D. Jay re 335 Brief (Combined Answering and Reply) by Motorola Mobility LLC. (Attachments: # 1 Exhibit A–C)(Palapura, Bindu) Modified on 4/16/2018 (lih). (Entered: 04/13/2018) |
| 04/16/2018 | | REMINDER TO ALL COUNSEL: Judge Fallon's chambers does not need courtesy copies of the summary judgment briefing. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 04/16/2018) |
| 04/16/2018 | 337 | REDACTED VERSION of (367 in 1:15–cv–00543–JFB–SRF) Reply Brief, (352 in 1:15–cv–00547–JFB–SRF) Reply Brief, (372 in 1:15–cv–00545–JFB–SRF) Reply Brief, (334 in 1:15–cv–00546–JFB–SRF) Reply Brief, (374 in 1:15–cv–00542–JFB–SRF) Reply Brief, (332 in 1:15–cv–00544–JFB–SRF) Reply Brief by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Palapura, Bindu) Modified on 4/17/2018 (lih). (Entered: 04/16/2018) |
| 04/23/2018 | 338 | REDACTED VERSION of (356 in 1:15–cv–00547–JFB–SRF) Brief (Combined Answering and Reply), (335 in 1:15–cv–00544–JFB–SRF) Brief (Combined Answering and Reply), (370 in 1:15–cv–00543–JFB–SRF) Brief (Combined Answering and Reply), (375 in 1:15–cv–00545–JFB–SRF) Brief (Combined Answering and Reply), (337 in 1:15–cv–00546–JFB–SRF) Brief (Combined Answering and Reply), (377 in 1:15–cv–00542–JFB–SRF) Brief (Combined Answering and Reply), by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Attachments: # 1 Appendix A–B)(Palapura, Bindu) (Entered: 04/23/2018) |
| 04/23/2018 | 339 | REDACTED VERSION of (336 in 1:15–cv–00544–JFB–SRF) Declaration, (371 in 1:15–cv–00543–JFB–SRF) Declaration, (378 in 1:15–cv–00542–JFB–SRF) Declaration, (338 in 1:15–cv–00546–JFB–SRF) Declaration, (357 in 1:15–cv–00547–JFB–SRF) Declaration, (376 in 1:15–cv–00545–JFB–SRF) Declaration by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Attachments: # 1 |

| | | Exhibit A–C)(Palapura, Bindu) Modified on 4/23/2018 (lih). (Entered: 04/23/2018) |
|---|---|---|
| 04/27/2018 | 340 | [SEALED] REPLY BRIEF re 183 MOTION for Summary Judgment filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 04/27/2018) |
| 04/27/2018 | 341 | [SEALED] DECLARATION re 340 Reply Brief by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Farnan, Brian) Modified on 4/30/2018 (lih). (Entered: 04/27/2018) |
| 04/30/2018 | | Motions No Longer Referred: (360 in 1:15–cv–00543–JFB–SRF) MOTION to Strike, (345 in 1:15–cv–00547–JFB–SRF) MOTION to Strike, (327 in 1:15–cv–00546–JFB–SRF) MOTION to Strike (325 in 1:15–cv–00544–JFB–SRF) MOTION to Strike, (365 in 1:15–cv–00545–JFB–SRF) MOTION to Strike (348) Declaration Associated Cases: 1:15–cv–00543–JFB–SRF et al.(lih) (Entered: 04/30/2018) |
| 05/04/2018 | 342 | REDACTED VERSION of (340 in 1:15–cv–00544–JFB–SRF) Reply Brief, (380 in 1:15–cv–00545–JFB–SRF) Reply Brief, (382 in 1:15–cv–00542–JFB–SRF) Reply Brief, (342 in 1:15–cv–00546–JFB–SRF) Reply Brief, (375 in 1:15–cv–00543–JFB–SRF) Reply Brief by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 05/04/2018) |
| 05/04/2018 | 343 | REDACTED VERSION of 341 Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–5)(Farnan, Brian) (Entered: 05/04/2018) |
| 06/19/2018 | | CASE REFERRED to Magistrate Judge Burke for Mediation. Please see Standing Order dated January 20, 2016, regarding disclosure of confidential ADR communications. A link to the standing order is provided here for your convenience at http://www.ded.uscourts.gov/general–orders/magistrate–judges–standing–order–adr–mediation Associated Cases: 1:15–cv–00542–JFB–SRF, 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF(lih) (Entered: 06/19/2018) |
| 06/26/2018 | 344 | NOTICE OF SERVICE of Supplemental Expert Report of Jonathan D. Putnam filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 06/26/2018) |
| 06/27/2018 | 345 | [SEALED] NOTICE of Supplemental Facts regarding Defendants' Motion to Exclude Testimony of Dr. Putnam by Evolved Wireless, LLC (Attachments: # 1 Exhibit A)(Farnan, Michael) (Entered: 06/27/2018) |
| 06/28/2018 | 346 | REDACTED VERSION of (385 in 1:15–cv–00545–JFB–SRF) Notice (Other), (382 in 1:15–cv–00543–JFB–SRF) Notice (Other), (347 in 1:15–cv–00546–JFB–SRF) Notice (Other), (391 in 1:15–cv–00542–JFB–SRF) Notice (Other), (345 in 1:15–cv–00544–JFB–SRF) Notice (Other) by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A)(Farnan, Michael) (Entered: 06/28/2018) |
| 07/24/2018 | 347 | ORDER Setting Mediation Conference: A Telephone Conference is set for 8/13/2018 at 10:30 AM before Judge Christopher J. Burke to discuss ADR. Signed by Judge Christopher J. Burke on 7/23/2018. (dlb) (Entered: 07/24/2018) |
| 07/27/2018 | 348 | NOTICE requesting Clerk to remove Ryan E. Dornberger as co–counsel.. (Farnan, Brian) (Entered: 07/27/2018) |
| 08/01/2018 | 349 | STIPULATION Expediting Briefing re 350 Non–Lead Defendants' Expedited Motion to Postpone Pre–Trial Conference and Exchange of Trial Material by HTC America Inc., HTC Corporation. (Rovner, Philip) Modified on 8/2/2018 (lih). (Entered: 08/01/2018) |
| 08/01/2018 | 350 | MOTION Non–Lead Defendants' Expedited Motion to Postpone Pre–Trial Conference and Exchange of Trial Material − filed by HTC America Inc., HTC Corporation. Motions referred to Sherry R. Fallon.(Rovner, Philip) (Entered: 08/01/2018) |
| 08/02/2018 | 351 | EXHIBIT re (369 in 1:15–cv–00547–JFB–SRF, 387 in 1:15–cv–00543–JFB–SRF, 350 in 1:15–cv–00544–JFB–SRF, 352 in 1:15–cv–00546–JFB–SRF) MOTION Non–Lead Defendants' Expedited Motion to Postpone Pre–Trial Conference and Exchange of Trial Material by HTC America Inc., HTC Corporation. (Rovner, Philip) Modified on 8/2/2018 (lih). (Entered: 08/02/2018) |
| 08/02/2018 | | SO ORDERED− re (349 in 1:15–cv–00544–JFB–SRF, 386 in 1:15–cv–00543–JFB–SRF, 368 in 1:15–cv–00547–JFB–SRF, 351 in 1:15–cv–00546–JFB–SRF) STIPULATION Expediting Briefing. Set Briefing Schedule: re (387 in 1:15–cv–00543–JFB–SRF, 350 in 1:15–cv–00544–JFB–SRF, 352 in 1:15–cv–00546–JFB–SRF, 369 in |

| | | |
|---|---|---|
| | | 1:15–cv–00547–JFB–SRF) Non–Lead Defendants' Expedited Motion to Postpone Pre–Trial Conference and Exchange of Trial Material. (Answering Brief due 8/8/2018.) Signed by Judge Sherry R. Fallon on 8/2/2018. Associated Cases: 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00546–JFB–SRF, 1:15–cv–00547–JFB–SRF(lih) (Entered: 08/02/2018) |
| 08/03/2018 | 352 | MOTION to Strike Supplemental Expert Report of Jonathan D. Putnam – filed by Motorola Mobility LLC. (Attachments: # 1 Text of Proposed Order)Motions referred to Sherry R. Fallon.(Palapura, Bindu) Modified on 8/6/2018 (lih). (Entered: 08/03/2018) |
| 08/03/2018 | 353 | [SEALED] OPENING BRIEF in Support re 352 MOTION to Strike Supplemental Expert Report of Jonathan D. Putnam filed by Motorola Mobility LLC.Answering Brief/Response due date per Local Rules is 8/17/2018. (Palapura, Bindu) Modified on 8/6/2018 (lih). (Entered: 08/03/2018) |
| 08/03/2018 | 354 | [SEALED] DECLARATION of Michael D. Jay re 352 MOTION to Strike by Motorola Mobility LLC. (Attachments: # 1 Exhibit A–B)(Palapura, Bindu) Modified on 8/6/2018 (lih). (Entered: 08/03/2018) |
| 08/06/2018 | | Motions No Longer Referred: (389 in 1:15–cv–00545–JFB–SRF) MOTION to Strike,(371 in 1:15–cv–00547–JFB–SRF) MOTION to Strike, (354 in 1:15–cv–00546–JFB–SRF) MOTION to Strike, (396 in 1:15–cv–00542–JFB–SRF) MOTION to Strike, (389 in 1:15–cv–00543–JFB–SRF) MOTION to Strike, (352 in 1:15–cv–00544–JFB–SRF) MOTION to Strike Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 08/06/2018) |
| 08/08/2018 | 355 | RESPONSE to Motion re 350 MOTION Non–Lead Defendants' Expedited Motion to Postpone Pre–Trial Conference and Exchange of Trial Material filed by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Farnan, Brian) (Entered: 08/08/2018) |
| 08/15/2018 | | ORAL ORDER– IT IS HEREBY ORDERED that: the court shall conduct a status teleconference on 8/28/2018 at 11:00 AM before Judge Sherry R. Fallon to address the issues raised in (387 in 1:15–cv–00543–JFB–SRF) MOTION Non–Lead Defendants' Expedited Motion to Postpone Pre–Trial Conference and Exchange of Trial Material. The court expects counsel for the Apple and Samsung defendants to participate in the call. Ordered by Judge Sherry R. Fallon on 8/15/2018. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 08/15/2018) |
| 08/17/2018 | 356 | STIPULATION Regarding Final Pretrial Order Briefing and Exchange of Materials by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 08/17/2018) |
| 08/17/2018 | | SO ORDERED: Counsel should only file appropriate motions in limine, not issues or claims more appropriate for Summary Judgment or Daubert motions, or for issues generally better decided at trial – re (338 in 1:15–cv–00547–JFB–SRF, 318 in 1:15–cv–00544–JFB–SRF, 358 in 1:15–cv–00545–JFB–SRF, 358 in 1:15–cv– 00542–JFB–SRF, 353 in 1:15–cv–00543–JFB–SRF, 320 in 1:15–cv–00546–JFB–SRF) STIPULATION TO EXTEND TIME to File Opening Motions in Limine Briefs and Answering Motions in Limine Briefs to August 30, 2018 and September 27, 2018 filed by Samsung Electronics Co. Ltd., Samsung Electronics America Inc.. Signed by Judge Joseph F. Bataillon on 8/17/18. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(Brunswick, Amy) (Entered: 08/17/2018) |
| 08/17/2018 | 357 | STIPULATION regarding Motions in Limine Briefing by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 08/17/2018) |
| 08/17/2018 | 358 | [SEALED] ANSWERING BRIEF in Opposition re 352 MOTION to Strike Supplemental Expert Report of Jonathan D. Putnam filed by Evolved Wireless, LLC.Reply Brief due date per Local Rules is 8/24/2018. (Farnan, Brian) Modified on 8/20/2018 (lih). (Entered: 08/17/2018) |
| 08/17/2018 | 359 | [SEALED] DECLARATION of Ryan M. Schultz re (362 in 1:15–cv–00546–JFB–SRF) Answering Brief in Opposition, (358 in 1:15–cv–00544–JFB–SRF) Answering Brief in Opposition, (395 in 1:15–cv–00543–JFB–SRF) Answering Brief in Opposition, (394 in 1:15–cv–00545–JFB–SRF) Answering Brief in Opposition, (401 in 1:15–cv–00542–JFB–SRF) Answering Brief in Opposition by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Farnan, Brian) Modified on 8/20/2018 (lih). (Entered: 08/17/2018) |
| 08/17/2018 | 360 | [SEALED] DECLARATION of Jonathan D. Putnam re (394 in 1:15–cv–00545–JFB–SRF) Answering Brief in Opposition, (401 in 1:15–cv–00542–JFB–SRF) Answering Brief in Opposition, (362 in 1:15–cv–00546–JFB–SRF) Answering Brief in Opposition, (358 in 1:15–cv–00544–JFB–SRF) Answering Brief in Opposition, (395 in 1:15–cv–00543–JFB–SRF) |

| | | |
|---|---|---|
| | | Answering Brief in Opposition by Evolved Wireless, LLC. (Farnan, Brian) Modified on 8/20/2018 (lih). (Entered: 08/17/2018) |
| 08/20/2018 | | ORAL ORDER– re (376 in 1:15–cv–00547–JFB–SRF, 393 in 1:15–cv–00543–JFB–SRF, 360 in 1:15–cv–00546–JFB–SRF, 356 in 1:15–cv–00544–JFB–SRF, 399 in 1:15–cv–00542–JFB–SRF, 392 in 1:15–cv–00545–JFB–SRF) STIPULATION Regarding Final Pretrial Order Briefing and Exchange of Materials. IT IS HEREBY ORDERED that: counsel shall be prepared to discuss the subject matter of the proposed stipulation and compliance with the August 17, 2018, Oral Order of Judge Bataillon during the status teleconference set in this matter for 8/28/2018 at 11:00 AM. Ordered by Judge Sherry R. Fallon on 8/20/2018. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 08/20/2018) |
| 08/24/2018 | 361 | [SEALED] REPLY BRIEF re 352 MOTION to Strike Supplemental Expert Report of Jonathan D. Putnam filed by Motorola Mobility LLC. (Moore, David) Modified on 9/6/2018 (lih). (Entered: 08/24/2018) |
| 08/24/2018 | 362 | DECLARATION of Charles M. Stiernberg re (404 in 1:15–cv–00542–JFB–SRF) Reply Brief, (361 in 1:15–cv–00544–JFB–SRF) Reply Brief, (397 in 1:15–cv–00545–JFB–SRF) Reply Brief, (365 in 1:15–cv–00546–JFB–SRF) Reply Brief, (381 in 1:15–cv–00547–JFB–SRF) Reply Brief, (398 in 1:15–cv–00543–JFB–SRF) Reply Brief by Apple Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A)(Moore, David) Modified on 9/6/2018 (lih). (Entered: 08/24/2018) |
| 08/24/2018 | 363 | REDACTED VERSION of (394 in 1:15–cv–00545–JFB–SRF) Answering Brief in Opposition, (401 in 1:15–cv–00542–JFB–SRF) Answering Brief in Opposition, (362 in 1:15–cv–00546–JFB–SRF) Answering Brief in Opposition, (358 in 1:15–cv–00544–JFB–SRF) Answering Brief in Opposition, (395 in 1:15–cv–00543–JFB–SRF) Answering Brief in Opposition by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 08/24/2018) |
| 08/24/2018 | 364 | REDACTED VERSION of (402 in 1:15–cv–00542–JFB–SRF, 395 in 1:15–cv–00545–JFB–SRF, 363 in 1:15–cv–00546–JFB–SRF, 396 in 1:15–cv–00543–JFB–SRF, 359 in 1:15–cv–00544–JFB–SRF) Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibits A–C)(Farnan, Brian) Modified on 9/6/2018 (lih). (Entered: 08/24/2018) |
| 08/24/2018 | 365 | REDACTED VERSION of (364 in 1:15–cv–00546–JFB–SRF) Answering Brief in Opposition, (360 in 1:15–cv–00544–JFB–SRF, 396 in 1:15–cv–00545–JFB–SRF, 397 in 1:15–cv–00543–JFB–SRF, 403 in 1:15–cv–00542–JFB–SRF) Declaration by Evolved Wireless, LLC. (Farnan, Brian) Modified on 9/6/2018 (lih). (Entered: 08/24/2018) |
| 08/28/2018 | | ORDER Setting Teleconference: Plaintiff's counsel to initiate the call to (302) 573–4557. A Telephone Conference is set for 9/4/2018 at 03:00 PM before Judge Sherry R. Fallon to discuss the trial schedule. Signed by Judge Sherry R. Fallon on 8/28/2018. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(Polito, Rebecca) (Entered: 08/28/2018) |
| 08/28/2018 | | ORAL ORDER re (387 in 1:15–cv–00543–JFB–SRF): Pursuant to the ruling on the record during the August 28, 2018 teleconference, the Non–Lead Defendants' Expedited Motion to Postpone Pre–Trial Conference and Exchange of Trial Material (D.I. 387 in C.A. No. 15–543–JFB–SRF; D.I. 350 in C.A. No. 15–544–JFB–SRF; D.I. 352 in C.A. No. 15–546–JFB–SRF; and D.I. 369 in C.A. No. 15–547–JFB–SRF) is GRANTED. IT IS FURTHER ORDERED, that the parties in each case involving Non–Lead Defendants shall include in their respective proposed pretrial orders, a certification that no duplicative issues already decided in a preceding case are being raised that could potentially result in inconsistent rulings. Prior pretrial rulings will govern subsequent pretrial proceedings in related cases, absent a showing of good cause. Signed by Judge Sherry R. Fallon on 8/28/2018. Associated Cases: 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00546–JFB–SRF, 1:15–cv–00547–JFB–SRF(Polito, Rebecca) (Entered: 08/28/2018) |
| 08/28/2018 | | SO ORDERED, re (357 in 1:15–cv–00544–JFB–SRF, 400 in 1:15–cv–00542–JFB–SRF, 393 in 1:15–cv–00545–JFB–SRF, 394 in 1:15–cv–00543–JFB–SRF, 361 in 1:15–cv–00546–JFB–SRF) Stipulation filed by Evolved Wireless, LLC, (393 in 1:15–cv–00543–JFB–SRF, 360 in 1:15–cv–00546–JFB–SRF, 356 in 1:15–cv–00544–JFB–SRF, 399 in 1:15–cv–00542–JFB–SRF, 392 in 1:15–cv–00545–JFB–SRF) Stipulation filed by Evolved Wireless, LLC. Signed by Judge Sherry R. Fallon on 8/28/2018. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(Polito, Rebecca) (Entered: 08/28/2018) |

| 08/28/2018 | | Minute Entry for proceedings held before Judge Sherry R. Fallon – Telephone Conference held on 8/28/2018. (Court Reporter V. Gunning.) Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 09/04/2018) |
| 09/04/2018 | 366 | Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding September 4, 2018 Status Conference. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Farnan, Brian) (Entered: 09/04/2018) |
| 09/04/2018 | | Minute Entry for proceedings held before Judge Sherry R. Fallon – Status Telephone Conference held on 9/4/2018. (Court Reporter V. Gunning.) Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 09/05/2018) |
| 09/04/2018 | | Oral Order: Pursuant to the transcript of the status teleconference on September 4, 2018, the November 13, 2018 trial date in Evolved Wireless, LLC v. Apple Inc. (C.A. No. 15−542−JFB−SRF) is VACATED. On or before September 18, 2018, the parties are to submit a joint proposed scheduling order setting forth pretrial conference dates, trial dates, and lengths of trial for each defendant in accordance with the discussion on the record during the September 4, 2018 status teleconference. Briefing deadlines on the pending motions in limine are suspended pending further order of the court. Ordered by Judge Sherry R. Fallon on 9/4/2018. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 09/05/2018) |
| 09/18/2018 | 367 | Joint STIPULATION Pretrial Schedule by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 09/18/2018) |
| 09/21/2018 | | Motions No Longer Referred: (409 in 1:15−cv−00545−JFB−SRF, 415 in 1:15−cv−00542−JFB−SRF) MOTION in Limine, (409 in 1:15−cv−00542−JFB−SRF) MOTION in Limine, (402 in 1:15−cv−00545−JFB−SRF) MOTION in Limine, (403 in 1:15−cv−00545−JFB−SRF, 411 in 1:15−cv−00542−JFB−SRF) Joint MOTION in Limine Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 09/21/2018) |
| 09/21/2018 | 368 | ORDER− re (428 in 1:15−cv−00542−JFB−SRF) Stipulation. On or before September 28, 2018, counsel shall submit an amended joint proposed Pretrial and Trial Scheduling Order incorporating the dates listed in this order, as well as the agreed−upon dates for pretrial material exchanges identified in the parties' submission at D.I. 428, pages 9−13. Signed by Judge Sherry R. Fallon on 9/21/2018. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 09/21/2018) |
| 09/25/2018 | 369 | NOTICE of Supplemental Facts Regarding Defendants' Motion to Strike Supplemental Expert Report of Jonathan D. Putnam (D.I. 396) and Motion to Strike Declaration of Younghan Song (D.I. 366) by Evolved Wireless, LLC (Farnan, Brian) (Entered: 09/25/2018) |
| 09/28/2018 | 370 | PROPOSED Amended Pretrial and Trial Scheduling Order by Evolved Wireless, LLC. (Attachments: # 1 Letter to The Honorable Sherry R. Fallon)(Farnan, Brian) Modified on 9/28/2018 (lih). (Entered: 09/28/2018) |
| 10/03/2018 | 371 | SO ORDERED− re 431 PROPOSED Amended Pretrial and Trial Scheduling Order. Set Pretrial and Trial Deadlines: Apple/Samsung Proposed Pretrial Order due by 2/12/2019. HTC/Motorola/ZTE/Microsoft Proposed Pretrial Order due by 12/3/2018. Apple/Samsung Pretrial Conference is set for 3/5/2019 at 10:00 AM in Courtroom 6C before Judge Sherry R. Fallon. Samsung/HTC/Motorola/ZTE/Microsoft Pretrial Conference is set for 12/17/2019 at 10:00 AM in Courtroom 6C before Judge Sherry R. Fallon. (PLEASE REFER TO ORDER FOR FURTHER DEADLINES) Signed by Judge Sherry R. Fallon on 10/3/2018. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) Modified on 10/16/2018 (lih). (Entered: 10/03/2018) |
| 10/16/2018 | | Set Hearings: A Pretrial Conference is set for 12/17/2019 at 10:00 AM in Courtroom 6C before Judge Sherry R. Fallon. Associated Cases: 1:15−cv−00543−JFB−SRF, 1:15−cv−00544−JFB−SRF, 1:15−cv−00545−JFB−SRF, 1:15−cv−00546−JFB−SRF, 1:15−cv−00547−JFB−SRF(lih) (Entered: 10/16/2018) |
| 10/16/2018 | | Set Hearings: A 10−day Jury Trial is set for 3/4/2020 at 09:30 AM before Judge Joseph F. Bataillon. (lih) (Entered: 10/16/2018) |
| 12/31/2018 | 372 | NOTICE requesting Clerk to remove Anthony F. Schlehuber as co−counsel.. (Farnan, Brian) (Entered: 12/31/2018) |
| 01/10/2019 | 373 | NOTICE of Supplemental Authority Regarding Defendants' Motion To Exclude Testimony Of Dr. Putnam by Evolved Wireless, LLC (Farnan, Brian) (Entered: 01/10/2019) |

| 01/11/2019 | [374](#) | MOTION for Pro Hac Vice Appearance of Attorney Austin B. Miller − filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Brian) (Entered: 01/11/2019) |
|---|---|---|
| 01/11/2019 | | SO ORDERED− re (440 in 1:15−cv−00542−JFB−SRF, 411 in 1:15−cv−00543−JFB−SRF, 374 in 1:15−cv−00544−JFB−SRF, 378 in 1:15−cv−00546−JFB−SRF, 432 in 1:15−cv−00545−JFB−SRF) MOTION for Pro Hac Vice Appearance of Attorney Austin B. Miller. Signed by Judge Sherry R. Fallon on 1/11/2019. Associated Cases: 1:15−cv−00542−JFB−SRF, 1:15−cv−00543−JFB−SRF, 1:15−cv−00544−JFB−SRF, 1:15−cv−00545−JFB−SRF, 1:15−cv−00546−JFB−SRF(lih) (Entered: 01/11/2019) |
| 01/16/2019 | | Pro Hac Vice Attorney Austin B. Miller for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:15−cv−00542−JFB−SRF, 1:15−cv−00543−JFB−SRF, 1:15−cv−00544−JFB−SRF, 1:15−cv−00545−JFB−SRF, 1:15−cv−00546−JFB−SRF(ceg) (Entered: 01/16/2019) |
| 02/11/2019 | [375](#) | NOTICE requesting Clerk to remove Andrew D. Hedden as co−counsel.. (Farnan, Brian) (Entered: 02/11/2019) |
| 02/14/2019 | [376](#) | ORDER; The Magistrate Judge's order (D.I. 172) is adopted. The plaintiff's objections (D.I. 361) are overruled, re (185 in 1:15−cv−00547−JFB−SRF) Objections, (193 in 1:15−cv−00543−JFB−SRF) Objections, (187 in 1:15−cv−00546−JFB−SRF) Objections, (212 in 1:15−cv−00545−JFB−SRF) Objections, (181 in 1:15−cv−00542−JFB−SRF) Objections, and (172 in 1:15−cv−00544−JFB−SRF) Objections. Signed by Judge Joseph F. Bataillon on 2/13/2019. Associated Cases: 1:15−cv−00542−JFB−SRF et al. (nmg) (Entered: 02/14/2019) |
| 02/14/2019 | [377](#) | ORDER; The Magistrate Judge's order (D.I. 356) is adopted. The plaintiffs objections (D.I. 361) are overruled, re (361 in 1:15−cv−00542−JFB−SRF, 320 in 1:15−cv−00544−JFB−SRF, 355 in 1:15−cv−00543−JFB−SRF, 322 in 1:15−cv−00546−JFB−SRF, 360 in 1:15−cv−00545−JFB−SRF) Objections, filed by Evolved Wireless, LLC, (341 in 1:15−cv−00547−JFB−SRF) Objections filed by Evolved Wireless, LLC, (342 in 1:15−cv−00547−JFB−SRF) Objections filed by Evolved Wireless, LLC. Signed by Judge Joseph F. Bataillon on 2/13/2019. Associated Cases: 1:15−cv−00542−JFB−SRF et al. (nmg) (Entered: 02/14/2019) |
| 02/21/2019 | [378](#) | [SEALED] NOTICE of Supplemental Facts in support of its Combined Opening−Answering Brief Regarding Defendants' Affirmative Defenses Alleging License, Covenant Not to Sue, and Exhaustion by Evolved Wireless, LLC (Farnan, Brian) (Entered: 02/21/2019) |
| 02/21/2019 | [379](#) | [SEALED] DECLARATION of Ryan M. Schultz re (382 in 1:15−cv−00546−JFB−SRF, 466 in 1:15−cv−00542−JFB−SRF, 378 in 1:15−cv−00544−JFB−SRF, 416 in 1:15−cv−00543−JFB−SRF, 445 in 1:15−cv−00545−JFB−SRF) Notice by Evolved Wireless, LLC. (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B, # [3](#) Exhibit C)(Farnan, Brian) Modified on 2/21/2019 (lih). (Entered: 02/21/2019) |
| 02/21/2019 | [380](#) | MEMORANDUM AND ORDER. Signed by Judge Joseph F. Bataillon on 2/21/2019. Associated Cases: 1:15−cv−00543−JFB−SRF et al.(nmg) (Entered: 02/21/2019) |
| 03/01/2019 | [381](#) | REDACTED VERSION of (416 in 1:15−cv−00543−JFB−SRF, 382 in 1:15−cv−00546−JFB−SRF, 466 in 1:15−cv−00542−JFB−SRF, 378 in 1:15−cv−00544−JFB−SRF, 445 in 1:15−cv−00545−JFB−SRF) Notice (Other) by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 03/01/2019) |
| 03/01/2019 | [382](#) | REDACTED VERSION of (383 in 1:15−cv−00546−JFB−SRF, 379 in 1:15−cv−00544−JFB−SRF, 417 in 1:15−cv−00543−JFB−SRF, 467 in 1:15−cv−00542−JFB−SRF, 446 in 1:15−cv−00545−JFB−SRF) Declaration, by Evolved Wireless, LLC. (Attachments: # [1](#) Exhibits A−C)(Farnan, Brian) (Entered: 03/01/2019) |
| 03/01/2019 | [383](#) | [SEALED] MOTION for Reconsideration re (447 in 1:15−cv−00545−JFB−SRF, 468 in 1:15−cv−00542−JFB−SRF, 384 in 1:15−cv−00546−JFB−SRF, 380 in 1:15−cv−00544−JFB−SRF, 418 in 1:15−cv−00543−JFB−SRF) Memorandum and Order − filed by Evolved Wireless, LLC. (Attachments: # [1](#) Text of Proposed Order).(Farnan, Michael) Modified on 3/1/2019 (lih). (Entered: 03/01/2019) |
| 03/01/2019 | [384](#) | DECLARATION of Ryan M. Schultz re (383 in 1:15−cv−00544−JFB−SRF, 461 in 1:15−cv−00545−JFB−SRF, 421 in 1:15−cv−00543−JFB−SRF, 387 in 1:15−cv−00546−JFB−SRF, 487 in 1:15−cv−00542−JFB−SRF) MOTION for Reconsideration re (447 in 1:15−cv−00545−JFB−SRF, 468 in 1:15−cv−00542−JFB−SRF, 384 in |

| | | |
|---|---|---|
| | | 1:15−cv−00546−JFB−SRF, 380 in 1:15−cv−00544−JFB−SRF, 418 in 1:15−cv−00543−JFB−SRF) Memorandum and Order by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A)(Farnan, Michael) Modified on 3/1/2019 (lih). (Entered: 03/01/2019) |
| 03/04/2019 | | Motions No Longer Referred: (383 in 1:15−cv−00544−JFB−SRF, 421 in 1:15−cv−00543−JFB−SRF, 387 in 1:15−cv−00546−JFB−SRF, 487 in 1:15−cv−00542−JFB−SRF, 461 in 1:15−cv−00545−JFB−SRF) MOTION for Reconsideration re (447 in 1:15−cv−00545−JFB−SRF, 468 in 1:15−cv−00542−JFB−SRF, 384 in 1:15−cv−00546−JFB−SRF, 380 in 1:15−cv−00544−JFB−SRF, 418 in 1:15−cv−00543−JFB−SRF) Memorandum Order Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 03/04/2019) |
| 03/07/2019 | 385 | ORDER: Defendants' motions for a summary judgment of non−infringement (D.I. 193 in 1:15cv542; D.I. 207 in 1:15cv543; D.I. 182 in 1:15cv544; D.I. 223 in 1:15cv545; D.I. in 1:15cv546; D.I. 197 in 1:15cv547) are denied. Signed by Judge Joseph F. Bataillon on 3/7/2019. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(nmg) (Entered: 03/07/2019) |
| 03/08/2019 | 386 | REDACTED VERSION of (383 in 1:15−cv−00544−JFB−SRF, 461 in 1:15−cv−00545−JFB−SRF, 421 in 1:15−cv−00543−JFB−SRF, 387 in 1:15−cv−00546−JFB−SRF, 487 in 1:15−cv−00542−JFB−SRF) MOTION for Reconsideration re (447 in 1:15−cv−00545−JFB−SRF, 468 in 1:15−cv−00542−JFB−SRF, 384 in 1:15−cv−00546−JFB−SRF, 380 in 1:15−cv−00544−JFB−SRF, 418 in 1:15−cv−00543−JFB−SRF) Memorandum and Order by Evolved Wireless, LLC. (Attachments: # 1 Text of Proposed Order)(Farnan, Michael) (Entered: 03/08/2019) |
| 03/13/2019 | 387 | MEMORANDUM AND ORDER − 1. Defendant Apple Inc.s motion to preclude testimony of Dr. Jonathan D. Putnam is denied; 2. Defendants joint motion to preclude testimony of Dr. Jonathan D. Putnam is denied. 3. Defendant Apple Inc.s motion to preclude the testimony of Dr. Todor Cooklev is denied. 4. Plaintiff Evolved Wireless LLCs motion to preclude the defendants experts is granted in part and denied in part as set forth in this order. (SEE ORDER FOR DETAILS)**********re (264 in 1:15−cv−00547−JFB−SRF, 278 in 1:15−cv−00542−JFB−SRF, 290 in 1:15−cv−00545−JFB−SRF, 254 in 1:15−cv−00544−JFB−SRF, 256 in 1:15−cv−00546−JFB−SRF, 285 in 1:15−cv−00543−JFB−SRF) MOTION to Exclude Testimony of Dr. Putnam Pursuant to Fed. R. Evid. 702 *(Defendants' Joint Motion)* filed by Nokia Inc., Samsung Electronics Co. Ltd., Microsoft Mobile Oy, ZTE (USA) Inc., Apple Inc., HTC America Inc., Microsoft Corporation, HTC Corporation, Samsung Electronics America Inc., Motorola Mobility LLC, (275 in 1:15−cv−00542−JFB−SRF) MOTION to Preclude *Testimony of Dr. Putnam Pursuant to Fed. R. Evid. 702* filed by Apple Inc., (287 in 1:15−cv−00543−JFB−SRF) MOTION to Preclude *Testimony of Dr. Cooklev Pursuant to Fed. R. Evid. 702 and 403* filed by HTC America Inc., HTC Corporation, (280 in 1:15−cv−00542−JFB−SRF, 256 in 1:15−cv−00544−JFB−SRF) MOTION to Preclude *Testimony of Dr. Cooklev Pursuant to Fed. R. Evid. 702 and 403* filed by Apple Inc., Motorola Mobility LLC, (290 in 1:15−cv−00543−JFB−SRF) MOTION to Preclude *Defendants' Experts* filed by Evolved Wireless, LLC, (258 in 1:15−cv−00544−JFB−SRF) MOTION to Preclude *Defendant's Experts* filed by Evolved Wireless, LLC, (295 in 1:15−cv−00545−JFB−SRF) MOTION to Preclude *Defendants' Experts* filed by Evolved Wireless, LLC, (258 in 1:15−cv−00546−JFB−SRF) MOTION to Exclude Testimony of Dr. Cooklev Pursuant to Fed. R. Evid. 702 and 403 filed by ZTE (USA) Inc., (389 in 1:15−cv−00543−JFB−SRF) MOTION to Strike *Supplemental Expert Report of Jonathan D. Putnam* filed by HTC America Inc., HTC Corporation, (352 in 1:15−cv−00544−JFB−SRF) MOTION to Strike *Supplemental Expert Report of Jonathan D. Putnam* filed by Motorola Mobility LLC, (261 in 1:15−cv−00546−JFB−SRF) MOTION to Preclude *Defendant's Experts* filed by Evolved Wireless, LLC, (292 in 1:15−cv−00545−JFB−SRF) MOTION [DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF DR. COOKLEV PURSUANT TO FED. R. EVID. 702 AND 403] filed by Samsung Electronics Co. Ltd., Samsung Electronics America Inc., (283 in 1:15−cv−00542−JFB−SRF) MOTION to Preclude *Defendant's Experts* filed by Evolved Wireless, LLC, (389 in 1:15−cv−00545−JFB−SRF) MOTION to Strike *Supplemental Expert Report of Jonathan D. Putnam* filed by Samsung Electronics Co. Ltd., Samsung Electronics America Inc., (354 in 1:15−cv−00546−JFB−SRF) MOTION to Strike *Supplemental Expert Report of Jonathan D. Putnam* filed by ZTE (USA) Inc.. Signed by Judge Joseph F. Bataillon on 3/12/19. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(rwc) (Entered: 03/13/2019) |
| 03/15/2019 | 388 | JOINDER in Defendant Apple Inc.'s Opposition to Plaintiff's Motion for Reconsideration by Motorola Mobility LLC (Palapura, Bindu) Modified on 3/18/2019 (lih). (Entered: 03/15/2019) |

| 03/18/2019 | 389 | NOTICE requesting Clerk to remove Shayne E. O'Reilly as co–counsel. Reason for request: no longer with the firm of Kilpatrick Townsend & Stockton LLP. (Palapura, Bindu) (Entered: 03/18/2019) |
|---|---|---|
| 03/22/2019 | 390 | ORDER: Plaintiffs Motion to Reconsider, D.I. 487 , this Courts Memorandum and Order, is DENIED without prejudice (*Corresponding entries are as follows: 383 in 1:15–cv–00544–JFB–SRF, 461 in 1:15–cv–00545–JFB–SRF, 421 in 1:15–cv–00543–JFB–SRF, 387 in 1:15–cv–00546–JFB–SRF, 405 in 1:15–cv–00547–JFB–SRF). Signed by Judge Joseph F. Bataillon on 3/21/2019. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(ceg) (Entered: 03/22/2019) |
| 03/28/2019 | 391 | MEMORANDUM AND ORDER. Signed by Judge Joseph F. Bataillon on 3/28/2019. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(nmg) (Entered: 03/28/2019) |
| 05/01/2019 | 392 | NOTICE requesting Clerk to remove Marla R. Butler as co–counsel.. (Farnan, Brian) (Entered: 05/01/2019) |
| 06/06/2019 | | ORAL ORDER – Oral Order: On or before June 13, 2019, counsel shall submit a joint status letter of no more than ten (10) pages addressing: (1) whether there are any outstanding discovery issues or other matters to be addressed by this court prior to the December 17, 2019 pretrial conference; (2) whether additional motion practice, if any, is necessary prior to the pretrial conference; (3) whether each case remains prepared to proceed to trial on the existing schedule; (4) whether the remaining parties have proposals for streamlining the remaining cases prior to trial; and (5) following the submission of the joint status letter, a status conference or teleconference may be scheduled at the convenience of the court. Signed by Judge Sherry R. Fallon on 6/6/2019. Associated Cases: 1:15–cv–00545–JFB–SRF, 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00546–JFB–SRF, 1:15–cv–00547–JFB–SRF(Polito, Rebecca) (Entered: 06/06/2019) |
| 06/13/2019 | 393 | Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Response to the Court's June 6, 2019 Oral Order. (Farnan, Brian) Modified on 6/14/2019 (lih). (Entered: 06/13/2019) |
| 08/29/2019 | 394 | STIPULATION to Stay Proceedings Pending Resolution of Appeals of the August 9, 2019 Final Judgment in the Evolved v. Apple Case by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 08/29/2019) |
| 08/30/2019 | 395 | ORDER, A hearing on the licensing/patent exhaustion issues and proposed stay will be held at 9:00 AM, on September 13, 2019 before the undersigned in Courtroom No. 6C, J. Caleb Boggs Federal Building, 844 North King Street, Wilmington, DE. Signed by Judge Joseph F. Bataillon on 8/30/2019. Associated Cases: 1:15–cv–00543–JFB–SRF et al. (lak) (Entered: 08/30/2019) |
| 09/13/2019 | | Minute Entry for proceedings held before Judge Joseph F. Bataillon – Hearing regarding licensing/patent exhaustion issues and proposed stay held on 9/13/2019. (Court Reporter Jennifer Guy.) Associated Cases: 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF, 1:15–cv–00547–JFB–SRF(amf) (Entered: 09/13/2019) |
| 09/16/2019 | | ORAL ORDER– IT IS HEREBY ORDERED that: the pretrial conference set in this matter for 12/17/2019 is CANCELLED. Ordered by Judge Sherry R. Fallon on 9/16/2019. Associated Cases: 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF, 1:15–cv–00547–JFB–SRF(lih) (Entered: 09/16/2019) |
| 09/20/2019 | 396 | Letter to The Honorable Joseph F. Bataillon from Travis S. Hunter regarding response to the Court's inquiry concerning whether the Defendants intend to file supplemental briefing on licensing/patent exhaustion issues – re Discovery Hearing,. (Hunter, Travis) (Entered: 09/20/2019) |
| 10/11/2019 | 397 | NOTICE of Subsequent Authority by Samsung Electronics America Inc., Samsung Electronics Co. Ltd. (Attachments: # 1 Exhibit A)(Shaw, John) (Entered: 10/11/2019) |
| 11/15/2019 | 398 | Official Transcript of Oral Argument held on 09/13/19 before Judge Joseph F. Bataillon. Court Reporter/Transcriber Jennifer Guy,Email: Jennifer_Guy@verizon.net. Transcript may be viewed at the court public terminal or order/purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date, it may be obtained through PACER. Redaction Request due 12/6/2019. Redacted Transcript Deadline set for 12/16/2019. Release of Transcript Restriction set for 2/13/2020. (Triozzi, Heather) (Entered: 11/15/2019) |

| 12/03/2019 | 399 | [SEALED] MEMORANDUM AND ORDER – See attached Order for details. (Associated cases – 1:15–cv–00543–JFB–SRF; 1:15–cv–00544–JFB–SRF; 1:15–cv–00545–JFB–SRF; 1:15–cv–00546–JFB–SRF; 1:15–cv–00547–JFB–SRF) Signed by Judge Joseph F. Bataillon on 12/3/2019.This order has been emailed to local counsel. (amf) (Entered: 12/04/2019) |
|---|---|---|
| 12/03/2019 | 400 | [SEALED] JUDGMENT (Associated cases – 1:15–cv–00543–JFB–SRF; 1:15–cv–00544–JFB–SRF; 1:15–cv–00545–JFB–SRF; 1:15–cv–00546–JFB–SRF; 1:15–cv–00547–JFB–SRF) Signed by Judge Joseph F. Bataillon on 12/3/2019.This Judgment has been emailed to local counsel. (amf) (Entered: 12/04/2019) |
| 12/06/2019 | 401 | NOTICE of Intent to Request Redaction by David Ellis Moore re (481 in 1:15–cv–00543–JFB–SRF) Transcript,, (398 in 1:15–cv–00544–JFB–SRF) Transcript,, (436 in 1:15–cv–00543–JFB–SRF) Transcript,, (401 in 1:15–cv–00546–JFB–SRF) Transcript,, (419 in 1:15–cv–00545–JFB–SRF) Transcript,, (549 in 1:15–cv–00542–JFB–SRF) Transcript,, (Moore, David) (Entered: 12/06/2019) |
| 12/11/2019 | | CORRECTING ENTRY: The letter previously filed on 12/10/2019 has been deleted per the request of counsel. The letter will be re–filed shortly. Associated Cases: 1:15–cv–00543–JFB–SRF et al.(lih) (Entered: 12/11/2019) |
| 12/12/2019 | 402 | MOTION for Pro Hac Vice Appearance of Attorney Eric M. Albritton, Andrew J. Wright, and Christopher G. Granaghan – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Brian) (Entered: 12/12/2019) |
| 12/13/2019 | | SO ORDERED– re (402 in 1:15–cv–00544–JFB–SRF, 485 in 1:15–cv–00545–JFB–SRF, 405 in 1:15–cv–00546–JFB–SRF, 440 in 1:15–cv–00543–JFB–SRF) MOTION for Pro Hac Vice Appearance of Attorney Eric M. Albritton, Andrew J. Wright, and Christopher G. Granaghan. Signed by Judge Sherry R. Fallon on 12/13/2019. Associated Cases: 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF(lih) (Entered: 12/13/2019) |
| 12/13/2019 | | Pro Hac Vice Attorney Christopher G. Granaghan for Evolved Wireless, LLC. added for electronic noticing. Pursuant to Local Rule 83.5 (d), Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF(sam) (Entered: 12/13/2019) |
| 12/13/2019 | | Pro Hac Vice Attorney Andrew J. Wright,Eric M. Albritton for Evolved Wireless, LLC,added for electronic noticing. Pursuant to Local Rule 83.5 (d), Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF(sam) (Entered: 12/13/2019) |
| 12/17/2019 | 403 | STIPULATION TO EXTEND TIME for the paties to file a motion to redact portions of the sealed transcript of the September 13, 2019 motions hearing to December 23, 2019 – filed by HTC America Inc., HTC Corporation. (Rovner, Philip) (Entered: 12/17/2019) |
| 12/17/2019 | 404 | Letter to The Honorable Joseph F. Bataillon from Brian E. Farnan regarding Proposed Redacted Version of the Court's December 3, 2019 Memorandum and Order – re (437 in 1:15–cv–00543–JFB–SRF, 482 in 1:15–cv–00545–JFB–SRF, 399 in 1:15–cv–00544–JFB–SRF, 420 in 1:15–cv–00547–JFB–SRF, 402 in 1:15–cv–00546–JFB–SRF) Memorandum and Order,. (Attachments: # 1 Attachment)(Farnan, Brian) (Entered: 12/17/2019) |
| 12/17/2019 | 405 | STIPULATION TO EXTEND TIME to file a Motion for Reargument of the Court's Order to 1/2/2020 – filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 12/17/2019) |
| 12/17/2019 | 406 | [SEALED] Joint MOTION to Correct Judgment – filed by Evolved Wireless, LLC.(Farnan, Brian) Modified on 12/18/2019 (lih). (Entered: 12/17/2019) |
| 12/18/2019 | | Motions No Longer Referred: 406 Joint MOTION to Correct Judgment. (lih) (Entered: 12/18/2019) |
| 12/26/2019 | 407 | REDACTED VERSION of 406 Joint MOTION to Correct Judgment by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 12/26/2019) |
| 12/30/2019 | 408 | ORDER re D.I. 405 , the deadline for a motion for reargument of the Courts Order shall be extended until January 2, 2020. Signed by Judge Joseph F. Bataillon on 12/30/2019. (lak) (Entered: 12/30/2019) |

| 12/30/2019 | 409 | ORDER – Defendant Motorola's Motion to correct judgment (D.I. 406 ) is GRANTED. An Amended Judgment will be entered. Signed by Judge Joseph F. Bataillon on 12/30/2019. (amf) (Entered: 12/30/2019) |
| 12/30/2019 | 410 | [SEALED] JUDGMENT (CASE CLOSED). Signed by Judge Joseph F. Bataillon on 12/30/2019.This order has been emailed to local counsel. (amf) (Entered: 12/30/2019) |
| 01/02/2020 | 411 | NOTICE OF APPEAL to the Federal Circuit of 410 Judgment, Judgment Index – Update, 400 Judgment, 399 Memorandum and Order, . Appeal filed by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 01/02/2020) |
| 01/02/2020 | | APPEAL – Credit Card Payment of $505.00 received re 411 Notice of Appeal (Federal Circuit) filed by Evolved Wireless, LLC. ( Filing fee $505, receipt number 0311−2814155.) (Farnan, Michael) (Entered: 01/02/2020) |
| 01/02/2020 | | Notification regarding 411 Notice of Appeal (Federal Circuit) sent to Reporter Gunning. (amf) (Entered: 01/02/2020) |
| 01/02/2020 | | Notice of Appeal and Docket Sheet to US Court of Appeals for the Federal Circuit re 411 Notice of Appeal (Federal Circuit). (amf) (Entered: 01/02/2020) |
| 01/08/2020 | 412 | NOTICE of Docketing Record on Appeal from USCA for the Federal Circuit re 411 Notice of Appeal (Federal Circuit) filed by Evolved Wireless, LLC. USCA Case Number 20−1337. (kmd) (Entered: 01/08/2020) |
| 01/09/2020 | 413 | Joint STIPULATION Regarding Post−Trial Motions by Motorola Mobility LLC. (Moore, David) (Entered: 01/09/2020) |
| 01/13/2020 | 414 | ORDER granting D.I. 413 . The deadline for Defendant Motorola Mobility LLC to file a motion for exceptional case, attorneys fees, costs, expenses, and interest shall be STAYED until thirty (30 days) after all appeals in the related cases have been exhausted and the case is remanded to this Court. Signed by Judge Joseph F. Bataillon on 1/13/2020. (lak) (Entered: 01/13/2020) |

CLOSED,APPEAL,CASREF,MEDIATION–CJB,PATENT,VACANTJUDGESHIP–2017

**U.S. District Court**
**District of Delaware (Wilmington)**
**CIVIL DOCKET FOR CASE #: 1:15–cv–00545–JFB–SRF**

Evolved Wireless, LLC v. Samsung Electronics Co. Ltd. et al
Assigned to: Judge Joseph F. Bataillon
Referred to: Judge Sherry R. Fallon
Related Cases:  1:15–cv–00543–JFB–SRF
                1:15–cv–00542–JFB–SRF
                1:15–cv–00544–JFB–SRF
                1:15–cv–00546–JFB–SRF
                1:15–cv–00547–JFB–SRF
 Case in other court:  Federal Circuit, 20–01363
Cause: 35:271 Patent Infringement

Date Filed: 06/25/2015
Date Terminated: 01/07/2020
Jury Demand: Plaintiff
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**Evolved Wireless, LLC**                    represented by **Brian E. Farnan**
                                                          Farnan LLP
                                                          919 North Market Street
                                                          12th Floor
                                                          Wilmington, DE 19801
                                                          (302) 777–0300
                                                          Fax: (302) 777–0301
                                                          Email: bfarnan@farnanlaw.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Andrea L. Gothing**
                                                          Email: agothing@robinskaplan.com
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Andrew D. Hedden**
                                                          Email: ahedden@robinskaplan.com
                                                          *TERMINATED: 02/11/2019*
                                                          *PRO HAC VICE*

                                                          **Andrew J. Wright**
                                                          Email: andrew@nbafirm.com
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Annie Huang**
                                                          Email: ahuang@RobinsKaplan.com
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Anthony F. Schlehuber**
                                                          Email: aschlehuber@bakerdonelson.com
                                                          *TERMINATED: 01/02/2019*
                                                          *PRO HAC VICE*

                                                          **Austin B. Miller**
                                                          Email: abmiller@RobinsKaplan.com
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Benjamen C. Linden**
                                                          Email: Blinden@RobinsKaplan.com
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

**Christopher G. Granaghan**
Email: chris@nbafirm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher K. Larus**
Email: clarus@robinskaplan.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eric M. Albritton**
Email: ema@nbafirm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John K. Harting**
Email: jharting@robinskaplan.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marla R. Butler**
Email: mbutler@robinskaplan.com
*TERMINATED: 05/01/2019*
*PRO HAC VICE*

**Michael J. Farnan**
Farnan LLP
919 North Market Street
12th Floor
Wilmington, DE 19801
302–777–0338
Fax: 302–421–5870
Email: mfarnan@farnanlaw.com
*ATTORNEY TO BE NOTICED*

**Rajin S. Olson**
Email: rolson@robinskaplan.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan E. Dornberger**
Email: rdornberger@robinskaplan.com
*TERMINATED: 07/27/2018*
*PRO HAC VICE*

**Ryan M. Schultz**
Email: rschultz@robinskaplan.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Samsung Electronics Co. Ltd.**                    represented by   **Andrew Russell**
Shaw Keller LLP
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298–0700
Email: arussell@shawkeller.com
*ATTORNEY TO BE NOTICED*

**Kevin P.B. Johnson**
Email: kevinjohnson@quinnemanuel.com

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Nathan Roger Hoeschen**
Shaw Keller LLP
1105 North Market Street, 12th Floor
Wilmington, DE 19801
302–298–0709
Email: nhoeschen@shawkeller.com
*ATTORNEY TO BE NOTICED*

**Rafik Paul Zeineddin**
Email: paul@zeineddin.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas D. Pease**
Email: thomaspease@quinnemanuel.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Todd M. Briggs**
Email: toddbriggs@quinnemanuel.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Victoria F. Maroulis**
Email: victoriamaroulis@quinnemanuel.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Samsung Electronics America Inc.**     represented by     **Andrew Russell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Charlie Stiernberg**
Email: charliestiernberg@quinnemanuel.com
*TERMINATED: 01/04/2019*
*PRO HAC VICE*

**Nathan Roger Hoeschen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Samsung Electronics Co. Ltd.**     represented by     **Andrew Russell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin P.B. Johnson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rafik Paul Zeineddin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Todd M. Briggs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Victoria F. Maroulis**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Samsung Electronics America Inc.**     represented by **Andrew Russell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Charlie Stiernberg**
(See above for address)
*TERMINATED: 01/04/2019*

V.

**Counter Defendant**

**Evolved Wireless, LLC**     represented by **Brian E. Farnan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrea L. Gothing**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Andrew D. Hedden**
(See above for address)
*TERMINATED: 02/11/2019*
*PRO HAC VICE*

**Anthony F. Schlehuber**
(See above for address)
*TERMINATED: 01/02/2019*
*PRO HAC VICE*

**Benjamen C. Linden**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher K. Larus**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael J. Farnan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ryan E. Dornberger**
(See above for address)
*TERMINATED: 07/27/2018*
*ATTORNEY TO BE NOTICED*

**Ryan M. Schultz**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/25/2015 | 1 | COMPLAINT FOR PATENT INFRINGEMENT filed with jury demand against Samsung Electronics America Inc., Samsung Electronics Co. Ltd. – Magistrate Consent Notice to Pltf. ( Filing fee $ 400, receipt number 0311–1745928.) – filed by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Appendix A, # 8 Civil Cover Sheet)(mas, ) (Entered: 06/26/2015) |

| 06/25/2015 | 2 | Notice, Consent and Referral forms re: U.S. Magistrate Judge jurisdiction. (mas, ) (Entered: 06/26/2015) |
|---|---|---|
| 06/25/2015 | 3 | Report to the Commissioner of Patents and Trademarks for Patent/Trademark Number(s) US 7,746,916 B2; US 7,768,965 B2; US 7,809,373 B2; US 7,881,236 B2; US 8,218,481 B2. (mas, ) (Entered: 06/26/2015) |
| 06/26/2015 | | Summons Issued with Magistrate Consent Notice attached as to Samsung Electronics America Inc. on 6/26/2015. Requesting party or attorney should pick up issued summons at the Help Desk, Room 4209, or call 302−573−6170 and ask the Clerk to mail the summons to them. (mas, ) (Entered: 06/26/2015) |
| 06/26/2015 | 4 | Disclosure Statement pursuant to Rule 7.1: No Parents or Affiliates Listed filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 06/26/2015) |
| 07/01/2015 | | Case Assigned to Judge Sue L. Robinson. Please include the initials of the Judge (SLR) after the case number on all documents filed. Associated Cases: CA 15−542 through CA 15−547 (inclusive)(bkb) (Entered: 07/01/2015) |
| 07/09/2015 | 5 | SUMMONS Returned Executed by Evolved Wireless, LLC. Samsung Electronics America Inc. served on 7/2/2015, answer due 7/23/2015. (Farnan, Brian) (Entered: 07/09/2015) |
| 07/13/2015 | 6 | MOTION for Pro Hac Vice Appearance of Attorney Christopher K. Larus, Andrea L. Gothing, and Ryan M. Schultz − filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 07/13/2015) |
| 07/14/2015 | | SO ORDERED, re (6 in 1:15−cv−00544−SLR, 6 in 1:15−cv−00545−SLR, 6 in 1:15−cv−00543−SLR, 6 in 1:15−cv−00546−SLR, 7 in 1:15−cv−00542−SLR) MOTION for Pro Hac Vice Appearance of Attorney Christopher K. Larus, Andrea L. Gothing, and Ryan M. Schultz filed by Evolved Wireless, LLC. Signed by Judge Sue L. Robinson on 7/14/2015. Associated Cases: 1:15−cv−00542−SLR, 1:15−cv−00543−SLR, 1:15−cv−00544−SLR, 1:15−cv−00545−SLR, 1:15−cv−00546−SLR(fms) (Entered: 07/14/2015) |
| 07/15/2015 | | Pro Hac Vice Attorney Ryan M. Schultz, Andrea L. Gothing, Christopher K. Larus for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:15−cv−00542−SLR, 1:15−cv−00543−SLR, 1:15−cv−00544−SLR, 1:15−cv−00545−SLR, 1:15−cv−00546−SLR(klc) (Entered: 07/15/2015) |
| 07/16/2015 | 7 | STIPULATION TO EXTEND TIME for Defendants to move, answer or otherwise respond to the Complaint to 9/21/2015 − filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 07/16/2015) |
| 07/20/2015 | | SO ORDERED, re 7 STIPULATION TO EXTEND TIME for Defendants to move, answer or otherwise respond to the Complaint to 9/21/2015 filed by Evolved Wireless, LLC, Set/Reset Answer Deadlines: Samsung Electronics America Inc. answer due 9/21/2015; Samsung Electronics Co. Ltd. answer due 9/21/2015. Signed by Judge Sue L. Robinson on 7/20/2015. (fms) (Entered: 07/20/2015) |
| 09/16/2015 | 8 | MOTION for Pro Hac Vice Appearance of Attorney Todd M. Briggs, Victoria F. Maroulis, and Kevin P.B. Johnson − filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Russell, Andrew) (Entered: 09/16/2015) |
| 09/17/2015 | | SO ORDERED, re 8 MOTION for Pro Hac Vice Appearance of Attorney Todd M. Briggs, Victoria F. Maroulis, and Kevin P.B. Johnson filed by Samsung Electronics Co. Ltd., Samsung Electronics America Inc. Signed by Judge Sue L. Robinson on 9/17/2015. (fms) (Entered: 09/17/2015) |
| 09/17/2015 | 9 | ORDER, on or before October 1, 2015, counsel for plaintiff shall inform the court as to whether the need for coordinated discovery and/or Markman proceedings is anticipated as to the above cases and, if so, when a joint scheduling conference might most efficiently be conducted. ORDER Setting Deadlines: ( Notice of Compliance deadline set for 10/1/2015.). Signed by Judge Sue L. Robinson on 9/17/2015. Associated Cases: 1:15−cv−00542−SLR et al.(nmfn) (Entered: 09/17/2015) |
| 09/18/2015 | | Pro Hac Vice Attorney Kevin P.B. Johnson, Todd M. Briggs, Victoria F. Maroulis for Samsung Electronics Co. Ltd. added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (klc) (Entered: 09/18/2015) |

| | | |
|---|---|---|
| 09/18/2015 | 10 | Letter to The Honorable Sue L. Robinson from Brian E. Farnan regarding Case Coordination and Scheduling. (Farnan, Brian) (Entered: 09/18/2015) |
| 09/21/2015 | 11 | MOTION to Dismiss Based upon Fed. R. Civ. P. 12(b)(6) − filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Attachments: # 1 Text of Proposed Order)(Russell, Andrew) (Entered: 09/21/2015) |
| 09/21/2015 | 12 | OPENING BRIEF in Support re 11 MOTION to Dismiss Based upon Fed. R. Civ. P. 12(b)(6) filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..Answering Brief/Response due date per Local Rules is 10/8/2015. (Russell, Andrew) (Entered: 09/21/2015) |
| 09/21/2015 | 13 | Disclosure Statement pursuant to Rule 7.1: identifying Corporate Parent Samsung Electronics Co. Ltd. for Samsung Electronics America Inc. filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Russell, Andrew) (Entered: 09/21/2015) |
| 09/22/2015 | 14 | Order Setting In−Person Scheduling Conference: A Scheduling Conference is set for 10/14/2015 at 04:00 PM in Courtroom 4B before Judge Sue L. Robinson. Signed by Judge Sue L. Robinson on 9/22/2015. Associated Cases: 1:15−cv−00542−SLR et al.(nmfn) (Main Document 14 replaced on 10/13/2015) (nmfn, ). (Entered: 09/22/2015) |
| 10/08/2015 | 15 | ANSWERING BRIEF in Opposition re 11 MOTION to Dismiss Based upon Fed. R. Civ. P. 12(b)(6) filed by Evolved Wireless, LLC.Reply Brief due date per Local Rules is 10/19/2015. (Farnan, Brian) (Entered: 10/08/2015) |
| 10/13/2015 | | CORRECTING ENTRY: The pdf of the 9/22/2015 Order setting an In−Person Scheduling Conference has been replaced with a corrected version to reflect that 10/14/2015 is a Wednesday. Associated Cases: 1:15−cv−00542−SLR et al.(nmfn) (Entered: 10/13/2015) |
| 10/13/2015 | 16 | PROPOSED ORDER Proposed Scheduling Order by Evolved Wireless, LLC. (Attachments: # 1 Letter to The Honorable Sue L. Robinson, # 2 Attachment)(Farnan, Brian) (Entered: 10/13/2015) |
| 10/14/2015 | | Minute Entry for proceedings held before Judge Sue L. Robinson − Scheduling Conference held on 10/14/2015. (Court Reporter V. Gunning.) Counsel to submit the final proposed scheduling order to the court. Associated Cases: 1:15−cv−00542−SLR et al.(nmfn) (Entered: 10/15/2015) |
| 10/19/2015 | 17 | [SEALED] REPLY BRIEF re 11 MOTION to Dismiss Based upon Fed. R. Civ. P. 12(b)(6) filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Certificate of Service)(Russell, Andrew) (Entered: 10/19/2015) |
| 10/20/2015 | 18 | REDACTED VERSION of 17 Reply Brief, by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Russell, Andrew) (Entered: 10/20/2015) |
| 10/21/2015 | 19 | REQUEST for Oral Argument by Samsung Electronics America Inc., Samsung Electronics Co. Ltd. re 11 MOTION to Dismiss Based upon Fed. R. Civ. P. 12(b)(6). (Russell, Andrew) (Entered: 10/21/2015) |
| 11/09/2015 | 20 | PROPOSED ORDER Proposed Scheduling Order by Evolved Wireless, LLC. (Attachments: # 1 Letter to The Honorable Sue L. Robinson)(Farnan, Brian) (Entered: 11/09/2015) |
| 11/10/2015 | | SO ORDERED, re (16 in 1:15−cv−00543−SLR, 20 in 1:15−cv−00545−SLR, 17 in 1:15−cv−00544−SLR, 19 in 1:15−cv−00546−SLR, 16 in 1:15−cv−00542−SLR, 21 in 1:15−cv−00547−SLR) SCHEDULING ORDER: Case referred to the Magistrate Judge for the purpose of exploring ADR. Case referred to the Magistrate Judge for discovery and all motions to dismiss, amend, transfer and any discovery motions permitted by the Magistrate Judge.( Joinder of Parties due by 4/13/2016., Amended Pleadings due by 4/13/2016., Fact Discovery completed by 12/21/2016., Expert Discovery due by 4/28/2017., A Status Conference is set for 11/3/2016 at 04:30 PM in Courtroom 4B before Judge Sue L. Robinson, Dispositive Motions due by 5/18/2017., An Oral Argument is set for 9/1/2017 at 09:30 AM in Courtroom 4B before Judge Sue L. Robinson., A Telephone Conference is set for 1/6/2016 at 02:00 PM before Judge Sue L. Robinson., Claim Construction Opening Brief due by 6/16/2016., Claim Construction Answering Brief due by 7/22/2016., Claim Construction Reply Brief due by 8/19/2016., Claim Construction Surreply Brief due by 9/9/2016., A Markman Hearing is set for 9/23/2016 at 09:30 AM in Courtroom 4B before Judge Sue L. Robinson., A Status Conference re: Expert Discovery is set for 5/3/2017 at 04:30 PM in Courtroom 4B before Judge Sue L. Robinson., A Final Pretrial Conference is set for 1/17/2018 at 04:30 PM in Courtroom 4B before Judge Sue L. Robinson., A Jury Trial is set for 2/5/2018 at 09:00 AM in Courtroom 4B before Judge Sue L. Robinson.). Signed by Judge Sue L. Robinson on 11/10/2015. Motions referred to Magistrate Judge Sherry |

| | | R. Fallon.Associated Cases: 1:15−cv−00542−SLR et al.(nmfn) (Entered: 11/10/2015) |
|---|---|---|
| 11/11/2015 | 21 | NOTICE OF SERVICE of Evolved Wireless's Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 11/11/2015) |
| 11/12/2015 | 22 | NOTICE OF SERVICE of Samsung's Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) and Paragraph 3 of the Delaware Default Standard for Discovery filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Russell, Andrew) (Entered: 11/12/2015) |
| 11/13/2015 | 23 | NOTICE OF SERVICE of Evolved Wireless's Disclosure of Asserted Patents, Accused Products, and Initial Damages Model filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 11/13/2015) |
| 12/14/2015 | 24 | NOTICE OF SERVICE of Evolved Wireless's Disclosure of the Asserted Patent Claims the Accused Products Infringe filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 12/14/2015) |
| 12/31/2015 | 25 | Letter to The Honorable Sue L. Robinson from Brian E. Farnan regarding Parties' Competing IPR Proposals. (Farnan, Brian) (Entered: 12/31/2015) |
| 01/06/2016 | | Minute Entry for proceedings held before Judge Sue L. Robinson – Telephone Conference held on 1/6/2016. (Court Reporter V. Gunning.) Associated Cases: 1:15−cv−00542−SLR−SRF et al.(nmfn) (Entered: 01/06/2016) |
| 01/14/2016 | 26 | MOTION for Pro Hac Vice Appearance of Attorney Benjamen C. Linden, Andrew D. Hedden, Ryan E. Dornberger, and Anthony F. Schlehuber – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Brian) (Entered: 01/14/2016) |
| 01/14/2016 | | SO ORDERED, re (25 in 1:15−cv−00546−SLR−SRF, 23 in 1:15−cv−00544−SLR−SRF, 23 in 1:15−cv−00543−SLR−SRF, 26 in 1:15−cv−00545−SLR−SRF, 22 in 1:15−cv−00542−SLR−SRF) MOTION for Pro Hac Vice Appearance of Attorney Benjamen C. Linden, Andrew D. Hedden, Ryan E. Dornberger, and Anthony F. Schlehuber filed by Evolved Wireless, LLC. Signed by Judge Sue L. Robinson on 1/14/2016. Associated Cases: 1:15−cv−00542−SLR−SRF, 1:15−cv−00543−SLR−SRF, 1:15−cv−00544−SLR−SRF, 1:15−cv−00545−SLR−SRF, 1:15−cv−00546−SLR−SRF(fms) (Entered: 01/14/2016) |
| 01/19/2016 | | Pro Hac Vice Attorney Ryan E. Dornberger for Evolved Wireless, LLC for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:15−cv−00542−SLR−SRF, 1:15−cv−00543−SLR−SRF, 1:15−cv−00544−SLR−SRF, 1:15−cv−00545−SLR−SRF, 1:15−cv−00546−SLR−SRF(cna) (Entered: 01/19/2016) |
| 01/19/2016 | | REQUEST: Per Magistrate Judge Fallon's Standing Order Regarding Courtesy Copies, which requires two (2) courtesy copies of all briefs and two (2) copies of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.), please submit to the Clerk's Office an additional copy of D.I. # 11 , 12 , 15 and 17 . (lih) (Entered: 01/19/2016) |
| 01/20/2016 | | Pro Hac Vice Attorney Benjamin C. Linden for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:15−cv−00542−SLR−SRF, 1:15−cv−00543−SLR−SRF, 1:15−cv−00544−SLR−SRF, 1:15−cv−00545−SLR−SRF, 1:15−cv−00546−SLR−SRF(cna) (Entered: 01/20/2016) |
| 01/21/2016 | | Pro Hac Vice Attorney Andrew D. Hedden, Anthony F. Schlehuber for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:15−cv−00542−SLR−SRF, 1:15−cv−00543−SLR−SRF, 1:15−cv−00544−SLR−SRF, 1:15−cv−00545−SLR−SRF, 1:15−cv−00546−SLR−SRF(klc) (Entered: 01/21/2016) |
| 02/05/2016 | 27 | Letter to The Honorable Sue L. Robinson from Kelly E. Farnan, Esquire regarding Follow−up re: January 6, 2016 teleconference with Your Honor. (Farnan, Kelly) (Entered: 02/05/2016) |
| 02/12/2016 | 28 | NOTICE OF SERVICE of Evolved Wireless's Disclosure of Initial Infringement Contentions filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 02/12/2016) |
| 02/15/2016 | 29 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's First Set of Requests for Production (Nos. 1–14) and Plaintiff Evolved Wireless's First Set of Common Interrogatories (Nos. 1–7) filed by Evolved Wireless, LLC.(Farnan, Michael) (Main Document 29 replaced on 2/16/2016) (nmfn, ). (Entered: 02/15/2016) |

| 02/16/2016 | | CORRECTING ENTRY: The pdf of D.I. 29 has been replaced with the correct pdf per request of counsel. (nmfn) (Entered: 02/16/2016) |
| 02/22/2016 | 30 | NOTICE OF SERVICE of Defendants' First Set of Common Interrogatories to Plaintiff Evolved Wireless, LLC filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc..(Smith, Rodger) (Entered: 02/22/2016) |
| 02/23/2016 | 31 | MOTION for Pro Hac Vice Appearance of Attorney Rafik Paul Zeineddin – filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. Motions referred to Sherry R. Fallon.(Russell, Andrew) (Entered: 02/23/2016) |
| 02/23/2016 | | SO ORDERED– re 31 MOTION for Pro Hac Vice Appearance of Attorney Rafik Paul Zeineddin. Signed by Judge Sherry R. Fallon on 2/23/2016. (lih) (Entered: 02/23/2016) |
| 02/25/2016 | | Pro Hac Vice Attorney Rafik Paul Zeineddin for Samsung Electronics Co. Ltd. added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (cna) (Entered: 02/25/2016) |
| 03/02/2016 | 32 | MOTION for Teleconference to Resolve Protective Order Disputes – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Michael) (Entered: 03/02/2016) |
| 03/03/2016 | | SO ORDERED– re (29 in 1:15–cv–00543–SLR–SRF, 28 in 1:15–cv–00542–SLR–SRF, 32 in 1:15–cv–00545–SLR–SRF, 29 in 1:15–cv–00544–SLR–SRF, 30 in 1:15–cv–00546–SLR–SRF) MOTION for Teleconference to Resolve Protective Order Disputes. A Telephone Conference is set for 3/8/2016 at 03:00 PM before Judge Sherry R. Fallon. Counsel for the plaintiff shall initiate the call to 302–573–4557. In preparation for this hearing the parties shall follow the Discovery Matters and Disputes procedure as set forth in the Order regarding discovery matters available at www.ded.uscourts.gov/judge/magistrate–judge–sherry–r–fallon. Set Deadlines: (Moving Submission due by no later than 3:00 pm on 3/3/2016., Responsive submission due by no later than 3:00 pm on 3/4/2016.) Signed by Judge Sherry R. Fallon on 3/3/2016. Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00544–SLR–SRF, 1:15–cv–00545–SLR–SRF, 1:15–cv–00546–SLR–SRF(lih) (Entered: 03/03/2016) |
| 03/03/2016 | 33 | Letter to The Honorable Sherry R. Fallon from Bindu A. Palapura, Esquire regarding Defendants' opening discovery dispute letter regarding proposed protective order. (Attachments: # 1 Exhibit 1–4)(Palapura, Bindu) (Entered: 03/03/2016) |
| 03/04/2016 | 34 | Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Response to Defendants' March 3, 2016 Letter – re (30 in 1:15–cv–00543–SLR–SRF, 29 in 1:15–cv–00542–SLR–SRF, 31 in 1:15–cv–00546–SLR–SRF, 30 in 1:15–cv–00544–SLR–SRF, 33 in 1:15–cv–00545–SLR–SRF) Letter. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Farnan, Brian) (Entered: 03/04/2016) |
| 03/07/2016 | 35 | NOTICE of Subsequent Authority by Samsung Electronics America Inc., Samsung Electronics Co. Ltd. re 11 MOTION to Dismiss Based upon Fed. R. Civ. P. 12(b)(6) (Attachments: # 1 Exhibit A)(Russell, Andrew) (Entered: 03/07/2016) |
| 03/07/2016 | 36 | MOTION for Pro Hac Vice Appearance of Attorney Charles M. Stiernberg, Jr. – filed by Samsung Electronics America Inc.. Motions referred to Sherry R. Fallon.(Russell, Andrew) (Entered: 03/07/2016) |
| 03/08/2016 | | SO ORDERED– re 36 MOTION for Pro Hac Vice Appearance of Attorney Charles M. Stiernberg, Jr.. Signed by Judge Sherry R. Fallon on 3/8/2016. (lih) (Entered: 03/08/2016) |
| 03/08/2016 | | Minute Entry for proceedings held before Judge Sherry R. Fallon – Telephone Conference held on 3/8/2016. (Court Reporter T. Carroll (Hawkins Reporting).) Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 03/09/2016) |
| 03/08/2016 | | ORAL ORDER– re (29 in 1:15–cv–00543–SLR–SRF, 28 in 1:15–cv–00542–SLR–SRF, 32 in 1:15–cv–00545–SLR–SRF, 29 in 1:15–cv–00544–SLR–SRF, 30 in 1:15–cv–00546–SLR–SRF, 1:15–cv–00547–SLR–SRF) MOTION for Teleconference to Resolve Protective Order Disputes. IT IS HEREBY ORDERED that: the transcript of the teleconference held on 3/8/2016 shall serve as the order of the court. Ordered by Judge Sherry R. Fallon on 3/8/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 03/09/2016) |

| 03/14/2016 | 37 | NOTICE OF SERVICE of Defendants' Initial Invalidity Contentions filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., ZTE Corporation, ZTE Solutions Inc., Lenovo (United States) Inc., Lenovo Group Ltd., Motorola Mobility LLC.(Choa, Jonathan) (Entered: 03/14/2016) |
|---|---|---|
| 03/15/2016 | 38 | REPORT AND RECOMMENDATIONS– granting 11 MOTION to Dismiss. Please note that when filing Objections pursuant to Federal Rule of Civil Procedure 72(b)(2), briefing consists solely of the Objections (no longer than ten (10) pages) and the Response to the Objections (no longer than ten (10) pages). No further briefing shall be permitted with respect to objections without leave of the Court. Objections to R&R due by 4/1/2016. Signed by Judge Sherry R. Fallon on 3/15/2016. (lih) (Entered: 03/15/2016) |
| 03/15/2016 | 39 | PROPOSED Protective Order by Evolved Wireless, LLC. (Farnan, Michael) Modified on 3/16/2016 (lih). (Entered: 03/15/2016) |
| 03/17/2016 | 40 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's Second Set of Common Interrogatories (Nos. 8–9) filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 03/17/2016) |
| 03/21/2016 | | SO ORDERED– re (37 in 1:15–cv–00546–SLR–SRF, 33 in 1:15–cv–00544–SLR–SRF, 35 in 1:15–cv–00542–SLR–SRF, 39 in 1:15–cv–00545–SLR–SRF, 37 in 1:15–cv–00543–SLR–SRF) Stipulated Protective Order. Signed by Judge Sherry R. Fallon on 3/21/2016. Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00544–SLR–SRF, 1:15–cv–00545–SLR–SRF, 1:15–cv–00546–SLR–SRF(lih) (Entered: 03/21/2016) |
| 03/24/2016 | 41 | NOTICE OF SERVICE of (1) Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.s Objections and Responses to Plaintiff Evolved Wireless, LLCs First Set of Common Interrogatories (Nos. 1–7) and (2) Defendants Samsung Electronics Co., Ltd. and Samsung Electronics Americas, Inc.s Responses to Plaintiff Evolved Wireless, LLCs First Set of Requests for Production (Nos. 1–14) filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Fry, David) (Entered: 03/24/2016) |
| 03/25/2016 | 42 | NOTICE OF SERVICE of Defendants' Common Requests for Production (Request Nos. 1–14) to Plaintiff Evolved Wireless, LLC filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc..(Smith, Rodger) (Entered: 03/25/2016) |
| 03/28/2016 | 43 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's Answers and Objections to Defendants' First Set of Common Interrogatories (Nos. 1–12) filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 03/28/2016) |
| 03/29/2016 | 44 | Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Clarification of 38 REPORT AND RECOMMENDATIONS re 11 MOTION to Dismiss. (Farnan, Brian) Modified on 3/29/2016 (lih). (Entered: 03/29/2016) |
| 03/29/2016 | | ORAL ORDER– re 44 Letter request for clarification. IT IS HEREBY ORDERED that: the 38 REPORT AND RECOMMENDATIONS re 11 MOTION to Dismiss is without prejudice. Ordered by Judge Sherry R. Fallon on 3/29/2016. (lih) (Entered: 03/29/2016) |
| 04/06/2016 | 45 | ORDER ADOPTING 38 REPORT AND RECOMMENDATIONS granting 11 Motion to Dismiss. Signed by Judge Sue L. Robinson on 4/5/2016. (nmfn) (Entered: 04/06/2016) |
| 04/13/2016 | 46 | STIPULATION TO EXTEND TIME to Exchange Proposed Claim Constructions to April 26, 2016 – filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Russell, Andrew) (Entered: 04/13/2016) |
| 04/13/2016 | | SO ORDERED, re (43 in 1:15–cv–00546–SLR–SRF, 46 in 1:15–cv–00545–SLR–SRF, 41 in 1:15–cv–00542–SLR–SRF, 46 in 1:15–cv–00547–SLR–SRF, 38 in 1:15–cv–00544–SLR–SRF, 43 in 1:15–cv–00543–SLR–SRF) STIPULATION TO EXTEND TIME to Exchange Proposed Claim Constructions to April 26, 2016 filed by Samsung Electronics Co. Ltd., Samsung Electronics America Inc. Signed by Judge Sue L. Robinson on 4/13/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(fms) (Entered: 04/13/2016) |
| 04/19/2016 | 47 | NOTICE OF SERVICE of Defendant Samsung's Objections and Responses to Plaintiff Evolved Wireless, LLC's Second Set of Common Interrogatories (Nos. 8–9) filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Russell, Andrew) (Entered: 04/19/2016) |

| 04/27/2016 | 48 | NOTICE OF SERVICE of Defendants' Preliminary Identification of Terms Needing Construction and Proposed Constructions filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Palapura, Bindu) (Entered: 04/27/2016) |
| 04/27/2016 | 49 | NOTICE OF SERVICE of Evolved Wireless's Identification of Claim Terms and Proposed Constructions filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 04/27/2016) |
| 04/28/2016 | 50 | NOTICE of Subpoenas to Qualcomm Incorporated by Evolved Wireless, LLC (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Farnan, Michael) (Entered: 04/28/2016) |
| 04/28/2016 | 51 | NOTICE of Plaintiff Evolved Wireless's Objections and Responses to Defendants' Common Requests for Production (Request Nos. 1–14) filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 04/28/2016) |
| 05/02/2016 | 52 | ORDER– A Discovery Review Hearing is set for 5/18/2016 at 10:00 AM in Courtroom 6C before Judge Sherry R. Fallon. Signed by Judge Sherry R. Fallon on 5/2/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 05/02/2016) |
| 05/09/2016 | 53 | MOTION for Hearing to Resolve Discovery Disputes – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Michael) (Entered: 05/09/2016) |
| 05/09/2016 | | SO ORDERED– re (51 in 1:15–cv–00542–SLR–SRF, 53 in 1:15–cv–00546–SLR–SRF, 46 in 1:15–cv–00544–SLR–SRF, 52 in 1:15–cv–00543–SLR–SRF, 53 in 1:15–cv–00545–SLR–SRF) MOTION for Hearing to Resolve Discovery Disputes, (54 in 1:15–cv–00547–SLR–SRF) Joint MOTION for Hearing to Resolve Discovery Disputes. The discovery dispute shall be heard during the discovery review hearing set in this matter for 5/18/2016 at 10:00 AM in courtroom 6C before Judge Sherry R. Fallon. In preparation for this hearing the parties shall follow the Discovery Matters and Disputes procedure as set forth in the Order regarding discovery matters available at www.ded.uscourts.gov/judge/magistrate–judge–sherry–r–fallon. Set Deadlines: (Moving Submission(s) due by no later than 3:00 PM on 5/11/2016, Responsive submission(s) due by no later than 3:00 PM on 5/13/2016.) Ordered by Judge Sherry R. Fallon on 5/9/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 05/09/2016) |
| 05/10/2016 | | Pro Hac Vice Attorney Charlie Stiernberg for Samsung Electronics America Inc. added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (cna) (Entered: 05/10/2016) |
| 05/11/2016 | 54 | Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Discovery Dispute. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Farnan, Brian) (Entered: 05/11/2016) |
| 05/13/2016 | 55 | Letter to The Honorable Sherry R. Fallon from David E. Moore, Esquire regarding responsive discovery dispute letter – re (53 in 1:15–cv–00543–SLR–SRF, 52 in 1:15–cv–00542–SLR–SRF, 54 in 1:15–cv–00545–SLR–SRF, 47 in 1:15–cv–00544–SLR–SRF, 54 in 1:15–cv–00546–SLR–SRF) Letter, (55 in 1:15–cv–00547–SLR–SRF) Letter. (Attachments: # 1 Exhibit A)(Moore, David) (Entered: 05/13/2016) |
| 05/17/2016 | 56 | CLAIM Construction Chart by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A)(Farnan, Brian) (Entered: 05/17/2016) |
| 05/18/2016 | | Minute Entry for proceedings held before Judge Sherry R. Fallon – Discovery Review and Dispute Hearing held on 5/18/2016. (Court Reporter T. Carroll (Hawkins Reporting).) Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 05/19/2016) |
| 05/19/2016 | | ORAL ORDER– re (51 in 1:15–cv–00542–SLR–SRF, 53 in 1:15–cv–00546–SLR–SRF, 46 in 1:15–cv–00544–SLR–SRF, 52 in 1:15–cv–00543–SLR–SRF, 53 in 1:15–cv–00545–SLR–SRF) MOTION for Hearing to Resolve Discovery Disputes, (54 in 1:15–cv–00547–SLR–SRF) Joint MOTION for Hearing to Resolve Discovery Disputes. IT IS HEREBY ORDERED that: the transcript of the hearing held on 5/18/2016 shall serve as the order of the court. Ordered by Judge Sherry R. Fallon on 5/19/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 05/19/2016) |
| 05/26/2016 | 57 | Joint STIPULATION to File First Amended Complaint by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A – Part 1 of 2, # 2 Exhibit A – Part 2 of 2)(Farnan, Michael) (Entered: 05/26/2016) |

| 05/26/2016 | | Re–Set Deadlines/Hearings: Claim Construction Answering Brief due by 8/25/2016. The In–Person Status Conference is rescheduled for 12/12/2016 at 04:30 PM in Courtroom 4B before Judge Sue L. Robinson. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 05/26/2016) |
| 06/01/2016 | 58 | OBJECTIONS by Evolved Wireless, LLC to Oral Order,, . (Attachments: # 1 Exhibit A)(Farnan, Brian) (Entered: 06/01/2016) |
| 06/01/2016 | 59 | STATEMENT re (50 in 1:15–cv–00544–SLR–SRF, 56 in 1:15–cv–00543–SLR–SRF, 58 in 1:15–cv–00546–SLR–SRF, 55 in 1:15–cv–00542–SLR–SRF, 58 in 1:15–cv–00545–SLR–SRF) Objections by Evolved Wireless, LLC. (Farnan, Brian) Modified on 6/2/2016 (lih). (Entered: 06/01/2016) |
| 06/02/2016 | | SO ORDERED– re 57 Joint STIPULATION to File First Amended Complaint. Signed by Judge Sherry R. Fallon on 6/2/2016. (lih) (Entered: 06/02/2016) |
| 06/02/2016 | 60 | AMENDED COMPLAINT against All Defendants – filed by Evolved Wireless, LLC. (Attachments: # 1 Exhibit)(lih) (Entered: 06/02/2016) |
| 06/02/2016 | | PATENT REPORT NOTICE re 60 : Please note that if patents are being added to this case, the filing party should complete the Report to Commissioner of Patents & Trademarks, and enter it on the docket using the PATENT/TRADEMARK REPORT event in the OTHER DOCUMENT list. The patent report form can be found at www.ded.uscourts.gov under the Clerk's Office FORMS button. (lih) (Entered: 06/02/2016) |
| 06/13/2016 | 61 | NOTICE OF SERVICE of Defendant Samsung's First Supplemental Responses and Objections to Plaintiff Evolved Wireless, LLC's First Set of Common Interrogatories (No. 7) filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Russell, Andrew) (Entered: 06/13/2016) |
| 06/15/2016 | 62 | NOTICE OF SERVICE of Samsung's Request for Production (Request Nos. 15–30) to Plaintiff Evolved Wireless, LLC filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Russell, Andrew) (Entered: 06/15/2016) |
| 06/15/2016 | 63 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's Third Set of Common Interrogatories (Nos. 10–16) filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 06/15/2016) |
| 06/15/2016 | 64 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's Second Set of Requests for Production (Nos. 15–28) filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 06/15/2016) |
| 06/15/2016 | 65 | RESPONSE TO OBJECTIONS by Apple Inc., Lenovo (United States) Inc., Lenovo Group Ltd., Motorola Mobility LLC re (50 in 1:15–cv–00544–SLR–SRF, 56 in 1:15–cv–00543–SLR–SRF, 58 in 1:15–cv–00546–SLR–SRF, 55 in 1:15–cv–00542–SLR–SRF, 58 in 1:15–cv–00545–SLR–SRF) Objections filed on behalf of all Defendants. (Attachments: # 1 Exhibit A)(Moore, David) Modified on 6/16/2016 (lih). (Entered: 06/15/2016) |
| 06/16/2016 | 66 | CLAIM CONSTRUCTION OPENING BRIEF filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 06/16/2016) |
| 06/16/2016 | 67 | DECLARATION of Ryan M. Schultzre (55 in 1:15–cv–00544–SLR–SRF) Claim Construction Opening Brief, (66 in 1:15–cv–00545–SLR–SRF) Claim Construction Opening Brief, (60 in 1:15–cv–00542–SLR–SRF) Claim Construction Opening Brief, (63 in 1:15–cv–00546–SLR–SRF) Claim Construction Opening Brief, (61 in 1:15–cv–00543–SLR–SRF) Claim Construction Opening Brief by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Farnan, Brian) Modified on 6/21/2016 (lih). (Entered: 06/16/2016) |
| 06/16/2016 | 68 | ANSWER to 60 Amended Complaint with JURY DEMAND, COUNTERCLAIM against Evolved Wireless, LLC by Samsung Electronics Co. Ltd., Samsung Electronics America Inc..(Russell, Andrew) Modified on 6/21/2016 (lih). (Entered: 06/16/2016) |
| 06/16/2016 | 69 | Joint APPENDIX of Patents At Issue and File Wrappers by Evolved Wireless, LLC. (Attachments: # 1 Tab 1, # 2 Tab 2 – Part 1 of 6, # 3 Tab 2 – Part 2 of 6, # 4 Tab 2 – Part 3 of 6, # 5 Tab 2 – Part 4 of 6, # 6 Tab 2 – Part 5 of 6, # 7 Tab 2 – Part 6 of 6, # 8 Tab 3, # 9 Tab 4 – Part 1 of 5, # 10 Tab 4 – Part 2 of 5, # 11 Tab 4 – Part 3 of 5, # 12 Tab 4 – Part 4 of 5, # 13 Tab 4 – Part 5 of 5, # 14 Tab 5, # 15 Tab 6 – Part 1 of 13, # 16 Tab 6 – Part 2 of 13, # 17 Tab 6 – Part 3 of 13, # 18 Tab 6 – Part 4 of 13, # 19 Tab 6 – Part 5 of 13, # 20 Tab 6 – Part 6 of 13, # 21 Tab 6 – Part 7 of 13, # 22 Tab 6 – Part 8 of 13, # 23 Tab 6 – Part 9 of 13, # 24 Tab 6 – Part 10 of 13, # 25 Tab 6 – Part 11 of 13, # 26 Tab 6 – Part 12 of 13, # 27 Tab 6 – Part 13 of 13, # 28 |

| | | Tab 7, # 29 Tab 8 – Part 1 of 5, # 30 Tab 8 – Part 2 of 5, # 31 Tab 8 – Part 3 of 5, # 32 Tab 8 – Part 4 of 5, # 33 Tab 8 – Part 5 of 5, # 34 Tab 9, # 35 Tab 10 – Part 1 of 10, # 36 Tab 10 – Part 2 of 10, # 37 Tab 10 – Part 3 of 10, # 38 Tab 10 – Part 4 of 10, # 39 Tab 10 – Part 5 of 10, # 40 Tab 10 – Part 6 of 10, # 41 Tab 10 – Part 7 of 10, # 42 Tab 10 – Part 8 of 10, # 43 Tab 10 – Part 9 of 10, # 44 Tab 10 – Part 10 of 10)(Farnan, Brian) Modified on 6/21/2016 (lih). (Entered: 06/16/2016) |
|---|---|---|
| 06/22/2016 | | Set Hearings: A Telephone Conference is set for 6/23/2016 at 04:30 PM before Judge Sue L. Robinson Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 06/22/2016) |
| 06/23/2016 | | Minute Entry for proceedings held before Judge Sue L. Robinson – Telephone Conference held on 6/23/2016. (Court Reporter V. Gunning.) Associated Cases: 1:15–cv–00542–SLR–SRF et al.(fms) (Entered: 06/23/2016) |
| 07/05/2016 | 70 | STIPULATION TO EXTEND TIME (i) Plaintiff's Supplemental Opening Claim Construction Brief; (ii) Defendants' Answering Claim Construction Brief; (iii) Plaintiff's Reply Claim Construction Brief; and (iv) Defendants' Surreply Claim Construction Brief to (i) 7/8/2016 (ii) 8/12/2016 (iii) 9/15/2016 and (iv) 9/30/2016 – filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 07/05/2016) |
| 07/07/2016 | 71 | ANSWER to 68 Answer to Amended Complaint, Counterclaim by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 07/07/2016) |
| 07/07/2016 | 72 | MOTION for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) – filed by Evolved Wireless, LLC. (Farnan, Brian) Modified on 7/7/2016 (lih). (Entered: 07/07/2016) |
| 07/07/2016 | 73 | OPENING BRIEF in Support re 72 MOTION for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) filed by Evolved Wireless, LLC.Answering Brief/Response due date per Local Rules is 7/25/2016. (Farnan, Brian) Modified on 7/7/2016 (lih). (Entered: 07/07/2016) |
| 07/08/2016 | 74 | Supplemental CLAIM CONSTRUCTION OPENING BRIEF filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 07/08/2016) |
| 07/08/2016 | 75 | DECLARATION of Dr. Todor Cooklev re (74 in 1:15–cv–00545–SLR–SRF) Claim Construction Opening Brief, (67 in 1:15–cv–00543–SLR–SRF) Claim Construction Opening Brief, (68 in 1:15–cv–00546–SLR–SRF) Claim Construction Opening Brief, (59 in 1:15–cv–00544–SLR–SRF) Claim Construction Opening Brief, (65 in 1:15–cv–00542–SLR–SRF) Claim Construction Opening Brief by Evolved Wireless, LLC. (Attachments: # 1 Appendix 1, # 2 Appendix 2, # 3 Appendix 3, # 4 Appendix 4)(Farnan, Brian) Modified on 7/11/2016 (lih). (Entered: 07/08/2016) |
| 07/11/2016 | 76 | ORDER re (70 in 1:15–cv–00545–SLR–SRF, 67 in 1:15–cv–00546–SLR–SRF, 65 in 1:15–cv–00543–SLR–SRF, 58 in 1:15–cv–00544–SLR–SRF, 63 in 1:15–cv–00542–SLR–SRF) STIPULATION TO EXTEND TIME (i) Plaintiff's Supplemental Opening Claim Construction Brief; (ii) Defendants' Answering Claim Construction Brief; (iii) Plaintiff's Reply Claim Construction Brief; and (iv) Defendants' Surreply Claim Co filed by Evolved Wireless, LLC, (65 in 1:15–cv–00547–SLR–SRF) STIPULATION TO EXTEND TIME Various Deadlines to Various Dates Listed filed by Evolved Wireless, LLC. ( Claim Construction Answering Brief due by 8/12/2016., Claim Construction Reply Brief due by 9/15/2016., Claim Construction Surreply Brief due by 9/30/2016., A Claim Construction Hearing is set for 10/6/2016 at 01:00 PM in Courtroom 4B before Judge Sue L. Robinson.). Signed by Judge Sue L. Robinson on 7/11/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(fms) (Entered: 07/11/2016) |
| 07/11/2016 | 77 | NOTICE OF SERVICE of (1) Defendants Samsung's First Supplemental Responses and Objections to Plaintiff Evolved Wireless, LLC's Second Set of Common Interrogatories (Nos. 8 –9) filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Keller, Karen) (Entered: 07/11/2016) |
| 07/15/2016 | 78 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's First Supplemental Objections and Responses to Defendants' Common Requests for Production (Request Nos. 1–14) filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 07/15/2016) |
| 07/15/2016 | 79 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's Objections and Responses to Samsung's Requests for Production (Request Nos. 15–30) filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 07/15/2016) |

| 07/18/2016 | 80 | NOTICE OF SERVICE of 1. Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s Responses to Plaintiff Evolved Wireless, LLC's Second Request for Production (Nos. 15–28); and 2. Defendant Samsung's Objections and Responses to Plaintiff Evolved Wireless LLC's Third Set of Common Interrogatories (Nos. 10–16) filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Russell, Andrew) (Entered: 07/18/2016) |
|---|---|---|
| 07/18/2016 | 81 | STIPULATION TO EXTEND TIME to file Opposition to Plaintiff's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) to August 8, 2016 – filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Russell, Andrew) (Entered: 07/18/2016) |
| 07/20/2016 | | SO ORDERED, re 81 STIPULATION TO EXTEND TIME to file Opposition to Plaintiff's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) to August 8, 2016 filed by Samsung Electronics Co. Ltd., Samsung Electronics America Inc., Set Briefing Schedule: re 72 MOTION for Judgment on the Pleadings *Pursuant to Fed. R. Civ. P. 12(c) and Motion to Strike Pursuant to Fed. R. Civ. P. 12(f).* (Answering Brief due 8/8/2016.). Signed by Judge Sue L. Robinson on 7/20/2016. (fms) (Entered: 07/20/2016) |
| 08/08/2016 | 82 | [SEALED] ANSWERING BRIEF in Opposition re 72 MOTION for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..Reply Brief due date per Local Rules is 8/18/2016. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Russell, Andrew) Modified on 8/9/2016 (lih). (Entered: 08/08/2016) |
| 08/08/2016 | 83 | REDACTED VERSION of 82 Answering Brief in Opposition, by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Russell, Andrew) (Entered: 08/08/2016) |
| 08/10/2016 | 84 | NOTICE OF SERVICE of Evolved Wireless's First Supplemental Identification of Accused Products filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 08/10/2016) |
| 08/10/2016 | 85 | MOTION for Judgment on the Pleadings – filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Attachments: # 1 Text of Proposed Order)(Russell, Andrew) (Entered: 08/10/2016) |
| 08/10/2016 | 86 | OPENING BRIEF in Support re 85 MOTION for Judgment on the Pleadings filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..Answering Brief/Response due date per Local Rules is 8/29/2016. (Russell, Andrew) (Entered: 08/10/2016) |
| 08/11/2016 | 87 | STIPULATION TO EXTEND TIME for Plaintiff to submit its Reply Brief in support of its Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) to 9/1/2016 – filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 08/11/2016) |
| 08/12/2016 | | SO ORDERED, re 87 STIPULATION TO EXTEND TIME for Plaintiff to submit its Reply Brief in support of its Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) to 9/1/2016 filed by Evolved Wireless, LLC, Set Briefing Schedule: re 72 MOTION for Judgment on the Pleadings *Pursuant to Fed. R. Civ. P. 12(c) and Motion to Strike Pursuant to Fed. R. Civ. P. 12(f).* (Reply Brief due 9/1/2016.). Signed by Judge Sue L. Robinson on 8/12/2016. (fms) (Entered: 08/12/2016) |
| 08/12/2016 | 88 | CLAIM CONSTRUCTION ANSWERING BRIEF filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Russell, Andrew) (Entered: 08/12/2016) |
| 08/12/2016 | 89 | DECLARATION OF CHARLES M. STIERNBERG re 88 Claim Construction Answering Brief by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Attachments: # 1 Exhibit 1–5)(Russell, Andrew) Modified on 8/15/2016 (lih). (Entered: 08/12/2016) |
| 08/12/2016 | 90 | DECLARATION OF DR. MATTHEW C. VALENTI re 88 Claim Construction Answering Brief by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Russell, Andrew) Modified on 8/15/2016 (lih). (Additional attachment(s) added on 8/15/2016: # 1 Exhibits A–B) (nmfn, ). (Entered: 08/12/2016) |
| 08/15/2016 | | CORRECTING ENTRY: Exhibits A–B have been added to the Declaration of Dr. Matthew C. Valenti per request of filer. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 08/15/2016) |

| 08/19/2016 | 91 | MOTION for Teleconference to Resolve Discovery Dispute – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Michael) (Entered: 08/19/2016) |
|---|---|---|
| 08/19/2016 |  | SO ORDERED– re (71 in 1:15–cv–00544–SLR–SRF, 81 in 1:15–cv–00543–SLR–SRF, 79 in 1:15–cv–00546–SLR–SRF, 91 in 1:15–cv–00545–SLR–SRF) MOTION for Teleconference to Resolve Discovery Dispute, (78 in 1:15–cv–00547–SLR–SRF) Joint MOTION for Teleconference to Resolve Discovery Dispute. A Telephone Conference is set for 9/27/2016 at 11:00 AM before Judge Sherry R. Fallon. Counsel for the plaintiff shall initiate the call to 302–573–4557. In preparation for this hearing the parties shall follow the Discovery Matters and Disputes procedure as set forth in the Order regarding discovery matters available at www.ded.uscourts.gov/judge/magistrate–judge–sherry–r–fallon. Set Deadlines: (Moving Submission(s) due by no later than noon on 9/12/2016., Responsive submission(s) due by no later than noon on 9/13/2016.) Ordered by Judge Sherry R. Fallon on 8/19/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 08/19/2016) |
| 08/23/2016 | 92 | NOTICE of Subpoena Directed to Techquity Capital Management, LLC by Samsung Electronics America Inc., Samsung Electronics Co. Ltd. (Russell, Andrew) (Entered: 08/23/2016) |
| 08/23/2016 | 93 | NOTICE of Subpoena Directed to TQ Lambda LLC by Samsung Electronics America Inc., Samsung Electronics Co. Ltd. (Russell, Andrew) (Entered: 08/23/2016) |
| 08/26/2016 | 94 | STIPULATION TO EXTEND TIME for Plaintiff to file Answering Brief in Opposition to Defendants' Motion for Judgment on the Pleadings to 9/12/2016 – filed by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 08/26/2016) |
| 08/29/2016 |  | SO ORDERED, re (84 in 1:15–cv–00543–SLR–SRF, 78 in 1:15–cv–00542–SLR–SRF, 82 in 1:15–cv–00546–SLR–SRF, 94 in 1:15–cv–00545–SLR–SRF, 73 in 1:15–cv–00544–SLR–SRF) STIPULATION TO EXTEND TIME for Plaintiff to file Answering Brief in Opposition to Defendants' Motion for Judgment on the Pleadings to 9/12/2016 filed by Evolved Wireless, LLC, Set Briefing Schedule: re (71 in 1:15–cv–00542–SLR–SRF) MOTION for Judgment on the Pleadings , (74 in 1:15–cv–00543–SLR–SRF) MOTION for Judgment on the Pleadings , (66 in 1:15–cv–00544–SLR–SRF) MOTION for Judgment on the Pleadings , (85 in 1:15–cv–00545–SLR–SRF) MOTION for Judgment on the Pleadings , (73 in 1:15–cv–00546–SLR–SRF) MOTION for Judgment on the Pleadings . (Answering Brief due 9/12/2016.). Signed by Judge Sue L. Robinson on 8/29/2016. Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00544–SLR–SRF, 1:15–cv–00545–SLR–SRF, 1:15–cv–00546–SLR–SRF(fms) (Entered: 08/29/2016) |
| 09/01/2016 | 95 | REPLY BRIEF re 72 MOTION for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) filed by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Farnan, Brian) Modified on 9/6/2016 (lih). (Entered: 09/01/2016) |
| 09/02/2016 | 96 | ORDER, Rescheduling Hearings(The Markman Hearing is rescheduled for 10/6/2016 at 02:00 PM in Courtroom 4B before Judge Sue L. Robinson.). Signed by Judge Sue L. Robinson on 9/1/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 09/02/2016) |
| 09/07/2016 | 97 | MOTION for Pro Hac Vice Appearance of Attorney Marla R. Butler – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Brian) (Entered: 09/07/2016) |
| 09/07/2016 |  | SO ORDERED– re (97 in 1:15–cv–00545–SLR–SRF, 84 in 1:15–cv–00546–SLR–SRF, 86 in 1:15–cv–00543–SLR–SRF, 75 in 1:15–cv–00544–SLR–SRF, 80 in 1:15–cv–00542–SLR–SRF) MOTION for Pro Hac Vice Appearance of Attorney Marla R. Butler. Signed by Judge Sherry R. Fallon on 9/7/2016. Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00544–SLR–SRF, 1:15–cv–00545–SLR–SRF, 1:15–cv–00546–SLR–SRF(lih) (Entered: 09/07/2016) |
| 09/08/2016 | 98 | REQUEST for Oral Argument by Samsung Electronics America Inc., Samsung Electronics Co. Ltd. re 72 MOTION for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and Motion to Strike Pursuant to Fed. R. Civ. P. 12(f). (Russell, Andrew) Modified on 9/8/2016 (lih). (Entered: 09/08/2016) |
| 09/09/2016 | 99 | NOTICE OF SERVICE of Defendants' Supplemental Disclosure of Invalidity References filed by ZTE (USA) Inc..(Hunter, Travis) (Entered: 09/09/2016) |

| 09/12/2016 | 100 | Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Discovery Dispute. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Farnan, Brian) (Entered: 09/12/2016) |
|---|---|---|
| 09/12/2016 | 101 | ANSWERING BRIEF in Opposition re 85 MOTION for Judgment on the Pleadings filed by Evolved Wireless, LLC.Reply Brief due date per Local Rules is 9/22/2016. (Farnan, Brian) (Entered: 09/12/2016) |
| 09/13/2016 | 102 | [SEALED] Letter to The Honorable Sherry R. Fallon from Andrew E. Russell regarding Discovery Dispute – re 100 Letter. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Russell, Andrew) (Entered: 09/13/2016) |
| 09/15/2016 | 103 | CLAIM CONSTRUCTION REPLY BRIEF filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 09/15/2016) |
| 09/15/2016 | 104 | DECLARATION of Ryan M. Schultz re (85 in 1:15–cv–00542–SLR–SRF) Claim Construction Reply Brief, (80 in 1:15–cv–00544–SLR–SRF) Claim Construction Reply Brief, (92 in 1:15–cv–00543–SLR–SRF) Claim Construction Reply Brief, (89 in 1:15–cv–00546–SLR–SRF) Claim Construction Reply Brief, (103 in 1:15–cv–00545–SLR–SRF) Claim Construction Reply Brief by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Farnan, Brian) Modified on 9/16/2016 (lih). (Entered: 09/15/2016) |
| 09/15/2016 | 105 | DECLARATION of Dr. Todor Cooklev re (92 in 1:15–cv–00543–SLR–SRF) Claim Construction Reply Brief, (85 in 1:15–cv–00542–SLR–SRF) Claim Construction Reply Brief, (80 in 1:15–cv–00544–SLR–SRF) Claim Construction Reply Brief, (89 in 1:15–cv–00546–SLR–SRF) Claim Construction Reply Brief, (103 in 1:15–cv–00545–SLR–SRF) Claim Construction Reply Brief by Evolved Wireless, LLC. (Attachments: # 1 Appendix 1)(Farnan, Brian) Modified on 9/16/2016 (lih). (Entered: 09/15/2016) |
| 09/15/2016 | 106 | NOTICE of Supplemental Authority by Evolved Wireless, LLC (Attachments: # 1 Exhibit A)(Farnan, Brian) (Entered: 09/15/2016) |
| 09/16/2016 | 107 | Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding deposition limits. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Farnan, Michael) (Entered: 09/16/2016) |
| 09/16/2016 | 108 | STIPULATION TO EXTEND TIME for Defendants to file a Reply Brief in further support of their Motion for Judgment on the Pleadings to September 29, 2016 – filed by ZTE (USA) Inc.. (Hunter, Travis) (Entered: 09/16/2016) |
| 09/19/2016 | | NOTICE: Per Magistrate Judge Fallon's Standing Order Regarding Courtesy Copies of discovery dispute documents, which requires two (2) courtesy copies of all letter briefs within one hour of filing, please submit to the Clerk's Office a copy of D.I. # 89 . Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00544–SLR–SRF, 1:15–cv–00545–SLR–SRF, 1:15–cv–00546–SLR–SRF(lih) (Entered: 09/19/2016) |
| 09/19/2016 | | SO ORDERED, re (95 in 1:15–cv–00547–SLR–SRF, 94 in 1:15–cv–00546–SLR–SRF, 85 in 1:15–cv–00544–SLR–SRF, 90 in 1:15–cv–00542–SLR–SRF, 108 in 1:15–cv–00545–SLR–SRF, 97 in 1:15–cv–00543–SLR–SRF) STIPULATION TO EXTEND TIME for Defendants to file a Reply Brief in further support of their Motion for Judgment on the Pleadings to September 29, 2016 filed by ZTE (USA) Inc., Set Briefing Schedule: re (71 in 1:15–cv–00542–SLR–SRF) MOTION for Judgment on the Pleadings , (74 in 1:15–cv–00543–SLR–SRF) MOTION for Judgment on the Pleadings , (66 in 1:15–cv–00544–SLR–SRF) MOTION for Judgment on the Pleadings , (85 in 1:15–cv–00545–SLR–SRF) MOTION for Judgment on the Pleadings , (73 in 1:15–cv–00546–SLR–SRF) MOTION for Judgment on the Pleadings , (72 in 1:15–cv–00547–SLR–SRF) MOTION for Judgment on the Pleadings . (Reply Brief due 9/29/2016.). Signed by Judge Sue L. Robinson on 9/19/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 09/19/2016) |
| 09/19/2016 | 109 | REDACTED VERSION of 102 Letter, by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Russell, Andrew) (Entered: 09/19/2016) |
| 09/19/2016 | 110 | PROPOSED ORDER Stipulated Supplemental Protective Order between Non Party Qualcomm Incorporated, Plaintiff, and All Defendants by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 09/19/2016) |

| | | |
|---|---|---|
| 09/20/2016 | <u>111</u> | Letter to The Honorable Sherry R. Fallon from David E. Moore, Esquire regarding response to Plaintiff's September 16, 2016 letter regarding deposition limits – re (107 in 1:15–cv–00544–SLR–SRF, 84 in 1:15–cv–00544–SLR–SRF, 93 in 1:15–cv–00546–SLR–SRF, 89 in 1:15–cv–00542–SLR–SRF, 96 in 1:15–cv–00543–SLR–SRF) Letter, (94 in 1:15–cv–00547–SLR–SRF) Letter. (Attachments: # <u>1</u> Exhibit 1)(Moore, David) (Entered: 09/20/2016) |
| 09/27/2016 | | Minute Entry for proceedings held before Judge Sherry R. Fallon – Discovery Dispute Telephone Conference held on 9/27/2016. (Court Reporter T. Carroll (Hawkins Reporting).) Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 09/27/2016) |
| 09/27/2016 | | ORAL ORDER– re (71 in 1:15–cv–00544–SLR–SRF, 81 in 1:15–cv–00543–SLR–SRF, 79 in 1:15–cv–00546–SLR–SRF, 76 in 1:15–cv–00542–SLR–SRF, 91 in 1:15–cv–00543–SLR–SRF) MOTION for Teleconference to Resolve Discovery Dispute. IT IS HEREBY ORDERED that: the transcript of the 9/27/2016 teleconference shall serve as the order of the court. Ordered by Judge Sherry R. Fallon on 9/27/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 09/27/2016) |
| 09/29/2016 | <u>112</u> | Stipulated Amended Supplemental Protective Order Between Non Party Qualcomm Incorporated, Plaintiff, and All Defendants by Evolved Wireless, LLC. (Farnan, Brian) Modified on 10/4/2016 (lih). (Entered: 09/29/2016) |
| 09/29/2016 | <u>113</u> | REPLY BRIEF re <u>85</u> MOTION for Judgment on the Pleadings filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Russell, Andrew) (Entered: 09/29/2016) |
| 09/30/2016 | <u>114</u> | NOTICE OF SERVICE of Plaintiff Evolved Wireless's First Set of Interrogatories to Samsung (No. 1) filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 09/30/2016) |
| 09/30/2016 | <u>115</u> | CLAIM CONSTRUCTION SURREPLY BRIEF re <u>103</u> Claim Construction Reply Brief filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Russell, Andrew) (Entered: 09/30/2016) |
| 09/30/2016 | <u>116</u> | DECLARATION OF CHARLES M. STIERNBERG re <u>115</u> Claim Construction Surreply Brief by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Attachments: # <u>1</u> Exhibit 6–7)(Russell, Andrew) Modified on 10/4/2016 (lih). (Entered: 09/30/2016) |
| 09/30/2016 | <u>117</u> | STIPULATION regarding Briefing Schedule on Licenses by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 09/30/2016) |
| 10/04/2016 | <u>118</u> | NOTICE to Take Deposition of Samsung Electronics Co., Ltd and Samsung Electronics America, Inc. on 11/1/2016 filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 10/04/2016) |
| 10/05/2016 | | SO ORDERED– re (101 in 1:15–cv–00543–SLR–SRF, 99 in 1:15–cv–00546–SLR–SRF, 94 in 1:15–cv–00542–SLR–SRF, 89 in 1:15–cv–00544–SLR–SRF, 112 in 1:15–cv–00545–SLR–SRF) Stipulated Amended Supplemental Protective Order, (106 in 1:15–cv–00543–SLR–SRF, 117 in 1:15–cv–00545–SLR–SRF, 94 in 1:15–cv–00544–SLR–SRF, 104 in 1:15–cv–00546–SLR–SRF, 99 in 1:15–cv–00542–SLR–SRF) STIPULATION regarding Briefing Schedule on Licenses. Signed by Judge Sherry R. Fallon on 10/5/2016. Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00544–SLR–SRF, 1:15–cv–00545–SLR–SRF, 1:15–cv–00546–SLR–SRF(lih) (Entered: 10/05/2016) |
| 10/06/2016 | <u>119</u> | REQUEST for Oral Argument by Samsung Electronics America Inc., Samsung Electronics Co. Ltd. re <u>85</u> MOTION for Judgment on the Pleadings . (Russell, Andrew) (Entered: 10/06/2016) |
| 10/06/2016 | | Minute Entry for proceedings held before Judge Sue L. Robinson – Markman Hearing held on 10/6/2016. (Court Reporter V. Gunning.) Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 10/12/2016) |
| 10/21/2016 | <u>120</u> | [SEALED] OPENING BRIEF in Support Cross–Producing Licenses Across the Related Cases filed by Evolved Wireless, LLC.Answering Brief/Response due date per Local Rules is 11/7/2016. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C)(Farnan, Michael) Modified on 10/24/2016 (lih). (Entered: 10/21/2016) |
| 10/28/2016 | <u>121</u> | REDACTED VERSION of (108 in 1:15–cv–00543–SLR–SRF) Opening Brief in Support, (101 in 1:15–cv–00542–SLR–SRF) Opening Brief in Support, (120 in 1:15–cv–00545–SLR–SRF) Opening Brief in Support, (96 in 1:15–cv–00544–SLR–SRF) Opening Brief in Support, (107 in 1:15–cv–00546–SLR–SRF) Opening Brief in Support, by Evolved Wireless, LLC. |

| | | (Attachments: # 1 Exhibits A–C)(Farnan, Brian) (Entered: 10/28/2016) |
|---|---|---|
| 10/31/2016 | 122 | MEMORANDUM OPINION. Signed by Judge Sue L. Robinson on 10/31/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 10/31/2016) |
| 10/31/2016 | 123 | ORDER denying (66 in 1:15–cv–00544–SLR–SRF) MOTION for Judgment on the Pleadings (85 in 1:15–cv–00545–SLR–SRF), (72 in 1:15–cv–00547–SLR–SRF), (74 in 1:15–cv–00543–SLR–SRF), (73 in 1:15–cv–00546–SLR–SRF) (71 in 15–cv–00542–SLR–SRF). Signed by Judge Sue L. Robinson on 10/31/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 10/31/2016) |
| 11/01/2016 | 124 | NOTICE OF SERVICE of Defendants Samsung's Objections and Responses to Plaintiff Evolved Wireless, LLC's First Set of Interrogatories to Samsung (No. 1) filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Russell, Andrew) (Entered: 11/01/2016) |
| 11/07/2016 | 125 | NOTICE to Take Deposition of Plaintiff Evolved Wireless, LLC Pursuant to Rule 30(b)(6) on [Mutually Agreed Upon Date] filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Russell, Andrew) (Entered: 11/07/2016) |
| 11/08/2016 | 126 | STIPULATION Amending Scheduling Order by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A)(Farnan, Brian) (Entered: 11/08/2016) |
| 11/09/2016 | 127 | AMENDED SCHEDULING ORDER: Case referred to the Magistrate Judge for the purpose of exploring ADR. Case referred to the Magistrate Judge for discovery and all motions to dismiss, amend, transfer and any discovery motions permitted by the Magistrate Judge. Fact Discovery completed by 3/22/2017. Expert Discovery due by 7/28/2017. A Status Conference is set for 3/2/2017 at 04:30 PM in Courtroom 4B before Judge Sue L. Robinson Dispositive Motions due by 8/15/2017. An Oral Argument is set for 11/21/2017 at 09:30 AM in Courtroom 4B before Judge Sue L. Robinson. A Status Conference re: Expert Discovery is set for 8/22/2017 at 04:30 PM in Courtroom 4B before Judge Sue L. Robinson. A Final Pretrial Conference is set for 3/27/2018 at 04:30 PM in Courtroom 4B before Judge Sue L. Robinson. A Jury Trial is set for 4/23/2018 at 09:00 AM in Courtroom 4B before Judge Sue L. Robinson. Signed by Judge Sue L. Robinson on 11/9/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 11/09/2016) |
| 11/14/2016 | 128 | MEMORANDUM ORDER regarding claim construction. Signed by Judge Sue L. Robinson on 11/14/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(fms) (Entered: 11/14/2016) |
| 11/15/2016 | 129 | ANSWERING BRIEF in Opposition re 120 [SEALED] OPENING BRIEF in Support Cross–Producing Licenses Across the Related Cases filed by Non–Parties InterDigital Technology Corporation, IPR Licensing, Inc., and InterDigital Patent Holdings, Inc..(lih) (Entered: 11/15/2016) |
| 11/15/2016 | 130 | [SEALED] ANSWERING BRIEF in Opposition re 120 [SEALED] OPENING BRIEF in Support Cross–Producing Licenses Across the Related Cases filed by THIRD PARTY NOKIA CORPORATIONS AND ALCATEL LUCENT S.A..(lih) (Entered: 11/15/2016) |
| 11/15/2016 | 131 | [SEALED] ANSWERING BRIEF in Opposition re 120 [SEALED] OPENING BRIEF in Support Cross–Producing Licenses Across the Related Cases filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Hoeschen, Nathan) Modified on 11/16/2016 (lih). (Entered: 11/15/2016) |
| 11/15/2016 | 132 | ANSWERING BRIEF in Opposition re 120 [SEALED] OPENING BRIEF in Support Cross–Producing Licenses Across the Related Cases filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..Reply Brief due date per Local Rules is 11/25/2016. (Hoeschen, Nathan) Modified on 11/16/2016 (lih). (Entered: 11/15/2016) |
| 11/30/2016 | 133 | REDACTED VERSION of (107 in 1:15–cv–00544–SLR–SRF) Answering Brief in Opposition, (130 in 1:15–cv–00545–SLR–SRF) Answering Brief in Opposition, (116 in 1:15–cv–00547–SLR–SRF) Answering Brief in Opposition, (118 in 1:15–cv–00546–SLR–SRF) Answering Brief in Opposition, (118 in 1:15–cv–00543–SLR–SRF) Answering Brief in Opposition, (112 in 1:15–cv–00542–SLR–SRF) Answering Brief in Opposition. (lih) (Entered: 11/30/2016) |
| 11/30/2016 | | REDACTION NOTICE: In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, redacted versions of sealed documents shall |

| | | |
|---|---|---|
| | | be filed electronically within 7 days of the filing of the sealed document. The records of this case do not reflect the filing of a redacted version of DI # 131 . (lih) (Entered: 11/30/2016) |
| 11/30/2016 | 134 | REDACTED VERSION of 131 Answering Brief in Opposition, by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Russell, Andrew) (Entered: 11/30/2016) |
| 11/30/2016 | 135 | NOTICE OF SERVICE of (1) Defendants' Notice of Subpoena to Airspan Networks (2) Defendants' Notice of Subpoena to Altera Corporation (3) Defendants' Notice of Subpoena to Sequans Communications (4) Defendants' Notice of Subpoena to ZyXel Communications filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Russell, Andrew) (Entered: 11/30/2016) |
| 11/30/2016 | 136 | STIPULATION TO EXTEND TIME for Plaintiff to file its Reply Brief in support of Cross–Producing Licenses Across the Related Cases to 12/7/2016 – filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 11/30/2016) |
| 12/02/2016 | | SO ORDERED– re (115 in 1:15–cv–00542–SLR–SRF, 110 in 1:15–cv–00544–SLR–SRF, 136 in 1:15–cv–00545–SLR–SRF, 121 in 1:15–cv–00546–SLR–SRF, 122 in 1:15–cv–00543–SLR–SRF) STIPULATION TO EXTEND TIME for Plaintiff to file its Reply Brief in support of Cross–Producing Licenses Across the Related Cases to 12/7/2016. Signed by Judge Sherry R. Fallon on 12/2/2016. Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00544–SLR–SRF, 1:15–cv–00545–SLR–SRF, 1:15–cv–00546–SLR–SRF(lih) (Entered: 12/02/2016) |
| 12/07/2016 | 137 | REPLY BRIEF re 120 [SEALED] OPENING BRIEF in Support of Cross–Producing Licenses Across the Related Cases filed by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Farnan, Brian) Modified on 12/8/2016 (lih). (Entered: 12/07/2016) |
| 12/07/2016 | 138 | REPLY BRIEF re 120 [SEALED] OPENING BRIEF in Support of Cross–Producing Licenses Across the Related Cases filed by Evolved Wireless, LLC. (Farnan, Brian) Modified on 12/8/2016 (lih). (Entered: 12/07/2016) |
| 12/07/2016 | 139 | REPLY BRIEF re 120 [SEALED] OPENING BRIEF in Support of Cross–Producing Licenses Across the Related Cases filed by Evolved Wireless, LLC. (Farnan, Brian) Modified on 12/8/2016 (lih). (Entered: 12/07/2016) |
| 12/27/2016 | 140 | NOTICE OF SERVICE of Plaintiff Evolved Wireless, LLC's Responses and Objections to Defendants' First Notice of Rule 30(b)(6) Deposition filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 12/27/2016) |
| 01/17/2017 | 141 | NOTICE to Take Deposition of Sean Diaz on 1/25/2017 filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 01/17/2017) |
| 01/17/2017 | 142 | NOTICE to Take Deposition of Tim Rowden on 1/27/2017 filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 01/17/2017) |
| 01/17/2017 | 143 | NOTICE OF SERVICE of (1) Samsung's First Set of Interrogatories (Nos. 1–10) To Plaintiff Evolved Wireless, LLC filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Hoeschen, Nathan) (Entered: 01/17/2017) |
| 01/17/2017 | 144 | NOTICE OF SERVICE of Defendants' Second Set of Common Interrogatories to Plaintiff Evolved Wireless, LLC filed by HTC America Inc., HTC Corporation.(Rovner, Philip) (Entered: 01/17/2017) |
| 01/23/2017 | 145 | NOTICE to Take Deposition of Tim Rowden on January 27, 2017 filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 01/23/2017) |
| 01/23/2017 | 146 | NOTICE to Take Deposition of Sean Diaz on February 17, 2017 filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 01/23/2017) |
| 01/24/2017 | 147 | NOTICE OF SERVICE of Defendant Samsung's Objections and Responses to Plaintiff Evolved Wireless, LLC's Notice of Deposition of Samsung Pursuant to Fed. R. Civ. P. 30(b)(6) (Topics Nos. 1–41) filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Russell, Andrew) (Entered: 01/24/2017) |
| 01/25/2017 | 148 | MOTION for Pro Hac Vice Appearance of Attorney Annie Huang – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Brian) (Entered: 01/25/2017) |

| 01/25/2017 | | SO ORDERED− re (130 in 1:15−cv−00543−SLR−SRF, 123 in 1:15−cv−00542−SLR−SRF, 128 in 1:15−cv−00546−SLR−SRF, 118 in 1:15−cv−00544−SLR−SRF, 148 in 1:15−cv−00545−SLR−SRF) MOTION for Pro Hac Vice Appearance of Attorney Annie Huang. Signed by Judge Sherry R. Fallon on 1/25/2017. Associated Cases: 1:15−cv−00542−SLR−SRF, 1:15−cv−00543−SLR−SRF, 1:15−cv−00544−SLR−SRF, 1:15−cv−00545−SLR−SRF, 1:15−cv−00546−SLR−SRF(lih) (Entered: 01/25/2017) |
|---|---|---|
| 01/27/2017 | | Pro Hac Vice Attorney Annie Huang for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:15−cv−00543−SLR−SRF, 1:15−cv−00544−SLR−SRF, 1:15−cv−00545−SLR−SRF, 1:15−cv−00546−SLR−SRF(ceg) (Entered: 01/27/2017) |
| 01/27/2017 | 149 | NOTICE OF SERVICE of Evolved Wireless's Disclosure of Final Infringement Contentions filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 01/27/2017) |
| 02/01/2017 | | Oral MOTION for Teleconference to Resolve Discovery Dispute. Motions referred to Sherry R. Fallon.(lih) (Entered: 02/01/2017) |
| 02/01/2017 | | SO ORDERED− re Oral MOTION for Teleconference to Resolve Discovery Dispute. A Telephone Conference is set for 2/2/2017 at 03:00 PM before Judge Sherry R. Fallon. Counsel for the plaintiff shall initiate the call to 302−573−4557. By no later than 4:00 PM today, plaintiff shall file a one page letter memorandum that identifies their issues. Defendants shall file their response by no later than 10:00 PM tonight. Signed by Judge Sherry R. Fallon on 2/1/2017. (lih) (Entered: 02/01/2017) |
| 02/01/2017 | 150 | Letter to The Honorable Sherry R. Fallon from Michael J. Farnan regarding Discovery Dispute. (Farnan, Michael) (Entered: 02/01/2017) |
| 02/01/2017 | 151 | Letter to The Honorable Sherry R. Fallon from Andrew E. Russell − re 150 Letter. (Attachments: # 1 Exhibit 1)(Russell, Andrew) Modified on 2/2/2017 (lih). (Entered: 02/01/2017) |
| 02/02/2017 | 152 | NOTICE to Take Deposition of Jong P. Hong on February 6, 2017 filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 02/02/2017) |
| 02/02/2017 | 153 | NOTICE to Take Deposition of Soenghun Kim on February 6, 2016 filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 02/02/2017) |
| 02/02/2017 | 154 | NOTICE to Take Deposition of Yong−Jae Jung on February 10, 2017 filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 02/02/2017) |
| 02/02/2017 | | Minute Entry for proceedings held before Judge Sherry R. Fallon − Discovery Dispute Telephone Conference held on 2/2/2017. (Court Reporter V. Gunning.) (lih) (Entered: 02/03/2017) |
| 02/02/2017 | | ORAL ORDER− re Oral MOTION for Teleconference to Resolve Discovery Dispute. The transcript of the 2/2/2017 discovery dispute teleconference shall serve as the order of the court. Ordered by Judge Sherry R. Fallon on 2/2/2017. (lih) (Entered: 02/03/2017) |
| 02/09/2017 | 155 | NOTICE OF SERVICE of Defendants Samsung's Second Supplemental Responses and Objections to Plaintiff Evolved Wireless, LLC's First Set of Common Interrogatories (No. 7) filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Russell, Andrew) (Entered: 02/09/2017) |
| 02/13/2017 | 156 | NOTICE of Subpoenas to Techpats by Samsung Electronics America Inc., Samsung Electronics Co. Ltd. (Russell, Andrew) (Entered: 02/13/2017) |
| 02/15/2017 | 157 | NOTICE OF SERVICE of (1) Samsung's First Set of Requests for Admission (Nos. 1−30) to Plaintiff Evolved Wireless, LLC filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Hoeschen, Nathan) (Entered: 02/15/2017) |
| 02/16/2017 | 158 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's Objections and Responses to Samsung's First Set of Individual Interrogatories filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 02/16/2017) |
| 02/16/2017 | 159 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's Objections and Responses to Defendants' Second Set of Common Interrogatories (Nos. 13−15) filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 02/16/2017) |

| 02/28/2017 | 160 | NOTICE OF SERVICE of Defendants' Invalidity Contentions filed by HTC America Inc., HTC Corporation.(Rovner, Philip) (Entered: 02/28/2017) |
| 03/02/2017 | | Reset Hearings: The In–Person Status Conference is rescheduled for 3/2/2017 at 04:00 PM in Courtroom 4B before Judge Sue L. Robinson. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 03/02/2017) |
| 03/02/2017 | | Minute Entry for proceedings held before Judge Sue L. Robinson – Status Conference held on 3/2/2017. (Court Reporter V. Gunning.) Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 03/02/2017) |
| 03/03/2017 | 161 | NOTICE of Subpoena Directed to DelGiorno IP Law, PLLC by Samsung Electronics America Inc., Samsung Electronics Co. Ltd. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Russell, Andrew) (Entered: 03/03/2017) |
| 03/03/2017 | 162 | NOTICE OF SERVICE of (1) Defendants' Notice of 30(b)(6) Subpoena to Techquity Capital Management, LLC (2) Defendants' Notice of 30(b)(6) Subpoena to Lamdba LLC (3) Defendants' Notice of 30(b)(6) Subpoena to Techquity, L.P. (4) Defendants' Notice of 30(b)(6) Subpoena to Techquity, LLC (5) Defendants' Notice of Subpoena to Techquity, L.P. (6) Defendants' Notice of Subpoena to Techquity, LLC filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Russell, Andrew) (Entered: 03/03/2017) |
| 03/13/2017 | 163 | NOTICE to Take Deposition of Abha Divine on March 21, 2017 filed by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC.(Palapura, Bindu) (Entered: 03/13/2017) |
| 03/14/2017 | 164 | MOTION for Pro Hac Vice Appearance of Attorney John T. McKee – filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. Motions referred to Sherry R. Fallon.(Russell, Andrew) (Entered: 03/14/2017) |
| 03/15/2017 | | SO ORDERED, re 164 MOTION for Pro Hac Vice Appearance of Attorney John T. McKee filed by Samsung Electronics Co. Ltd., Samsung Electronics America Inc.. Signed by Judge Sherry R. Fallon on 3/15/2017. (Polito, Rebecca) (Entered: 03/15/2017) |
| 03/15/2017 | 165 | STIPULATION to Amend Scheduling Order re (114 in 1:15–cv–00546–SLR–SRF, 127 in 1:15–cv–00545–SLR–SRF, 114 in 1:15–cv–00547–SLR–SRF, 115 in 1:15–cv–00543–SLR–SRF, 109 in 1:15–cv–00542–SLR–SRF, 103 in 1:15–cv–00544–SLR–SRF) Scheduling Order,,, (16 in 1:15–cv–00543–SLR–SRF, 20 in 1:15–cv–00545–SLR–SRF, 17 in 1:15–cv–00544–SLR–SRF, 19 in 1:15–cv–00546–SLR–SRF, 16 in 1:15–cv–00542–SLR–SRF) Proposed Order, (21 in 1:15–cv–00547–SLR–SRF) Proposed Order by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Palapura, Bindu) (Entered: 03/15/2017) |
| 03/17/2017 | 166 | NOTICE of Issuance of Subpoena upon Mark Roche c/o Ryan M. Schultz, Robins Kaplan LLP by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC (Attachments: # 1 Exhibit 1)(Palapura, Bindu) (Entered: 03/17/2017) |
| 03/17/2017 | 167 | ORDER granting (149 in 1:15–cv–00546–SLR–SRF, 148 in 1:15–cv–00543–SLR–SRF, 149 in 1:15–cv–00547–SLR–SRF, 165 in 1:15–cv–00545–SLR–SRF, 132 in 1:15–cv–00544–SLR–SRF)STIPULATION TO AMEND THE SCHEDULING ORDER. SCHEDULING ORDER: ( Fact Discovery completed by 4/10/2017., Expert Discovery due by 8/18/2017., Dispositive Motions due by 8/31/2017., An Oral Argument is set for 1/5/2018 at 09:30 AM in Courtroom 4B before Judge Sue L. Robinson.). Signed by Judge Sue L. Robinson on 3/17/2017. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 03/17/2017) |
| 03/17/2017 | 168 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's Objections and Responses to Samsung's First Set of Requests for Admission filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 03/17/2017) |
| 03/21/2017 | 169 | NOTICE OF SERVICE of Defendants Samsung's Third Supplemental Responses and Objections to Plaintiff Evolved Wireless, LLC's First Set of Common Interrogatories (No. 7) filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Hoeschen, Nathan) (Entered: 03/21/2017) |
| 03/22/2017 | 170 | NOTICE of [DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.'S AMENDED NOTICE OF SUBPOENA TO TECHPATS] by Samsung Electronics America Inc., Samsung Electronics Co. Ltd. (Russell, Andrew) (Entered: 03/22/2017) |

| 03/22/2017 | | ORAL ORDER – A Discovery Dispute Telephone Conference is set for 3/23/2017 at 03:00 PM before Judge Sherry R. Fallon. Plaintiff's counsel is to initiate the call to 302−573−4557. Plaintiff's opening submission is due on or before 3/22/17 at 9:00 p.m. Defendants' responsive submission is due on or before 3/23/17 at 11:00 a.m. Signed by Judge Sherry R. Fallon on 3/22/2017. Associated Cases: 1:15−cv−00542−SLR−SRF et al.(Polito, Rebecca) (Entered: 03/22/2017) |
|---|---|---|
| 03/22/2017 | 171 | [SEALED] Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Discovery Dispute – re Oral Order,, Set Hearings,. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Farnan, Brian) (Entered: 03/22/2017) |
| 03/23/2017 | 172 | [SEALED] Letter to The Honorable Sherry R. Fallon from Andrew E. Russell regarding Discovery Dispute – re Oral Order,, Set Hearings,. (Attachments: # 1 Exhibit a, # 2 Exhibit b, # 3 Exhibit c, # 4 Exhibit d)(Russell, Andrew) (Entered: 03/23/2017) |
| 03/23/2017 | | Pro Hac Vice Attorney Marla R. Butler for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (lmm) (Entered: 03/23/2017) |
| 03/23/2017 | | Minute Entry for proceedings held before Judge Sherry R. Fallon – Discovery Dispute Telephone Conference held on 3/23/2017. (Court Reporter Valerie Gunning.) Associated Cases: 1:15−cv−00542−SLR−SRF et al.(Polito, Rebecca) (Entered: 03/23/2017) |
| 03/23/2017 | | ORAL ORDER – IT IS HEREBY ORDERED that: the transcript of the teleconference held on 3/23/2017 shall serve as the order of the court. Signed by Judge Sherry R. Fallon on 3/23/2017. Associated Cases: 1:15−cv−00542−SLR−SRF et al.(Polito, Rebecca) (Entered: 03/23/2017) |
| 03/28/2017 | 173 | MOTION for Pro Hac Vice Appearance of Attorney Rajin S. Olson – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Brian) (Entered: 03/28/2017) |
| 03/29/2017 | | SO ORDERED, re (173 in 1:15−cv−00545−SLR−SRF, 158 in 1:15−cv−00546−SLR−SRF, 149 in 1:15−cv−00542−SLR−SRF, 154 in 1:15−cv−00543−SLR−SRF, 140 in 1:15−cv−00544−SLR−SRF) MOTION for Pro Hac Vice Appearance of Attorney Rajin S. Olson filed by Evolved Wireless, LLC. Signed by Judge Sherry R. Fallon on 3/29/2017. Associated Cases: 1:15−cv−00542−SLR−SRF, 1:15−cv−00543−SLR−SRF, 1:15−cv−00544−SLR−SRF, 1:15−cv−00545−SLR−SRF, 1:15−cv−00546−SLR−SRF(Polito, Rebecca) (Entered: 03/29/2017) |
| 03/29/2017 | 174 | REDACTED VERSION of (156 in 1:15−cv−00546−SLR−SRF, 138 in 1:15−cv−00544−SLR−SRF, 152 in 1:15−cv−00543−SLR−SRF, 147 in 1:15−cv−00542−SLR−SRF, 171 in 1:15−cv−00545−SLR−SRF) Letter by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–3)(Farnan, Brian) (Entered: 03/29/2017) |
| 03/30/2017 | | Pro Hac Vice Attorney Rajin S. Olson for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:15−cv−00542−SLR−SRF, 1:15−cv−00543−SLR−SRF, 1:15−cv−00544−SLR−SRF, 1:15−cv−00545−SLR−SRF, 1:15−cv−00546−SLR−SRF(ceg) (Entered: 03/30/2017) |
| 03/30/2017 | 175 | REDACTED VERSION of (153 in 1:15−cv−00543−SLR−SRF, 148 in 1:15−cv−00542−SLR−SRF, 172 in 1:15−cv−00545−SLR−SRF, 139 in 1:15−cv−00544−SLR−SRF, 154 in 1:15−cv−00547−SLR−SRF, 157 in 1:15−cv−00546−SLR−SRF) Letter by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Russell, Andrew) (Entered: 03/30/2017) |
| 04/05/2017 | 176 | NOTICE of [Amended Subpoena Directed to Matt DelGiorno, DelGiorno IP Law, PLLC] by Samsung Electronics America Inc., Samsung Electronics Co. Ltd. (Russell, Andrew) (Entered: 04/05/2017) |
| 04/11/2017 | 177 | NOTICE OF SERVICE of 1. Defendant Samsung's First Supplemental Responses and Objections to Plaintiff Evolved Wireless, LLC's First Set of Interrogatories to Samsung (No. 1) 2. Defendant Samsung's First Supplemental Responses and Objections to Plaintiff Evolved Wireless, LLC's Third Set of Common Interrogatories (Nos. 10–16) 3. Defendant Samsung's Second Supplemental Responses and Objections to Plaintiff Evolved Wireless, LLC's Second Set of Common Interrogatories (Nos. 8–9) 4. Defendant Samsung's Fourth Supplemental Responses and Objections to Plaintiff Evolved Wireless, LLC's First Set of Common Interrogatories (Nos. 1–7) filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Russell, Andrew) (Entered: 04/11/2017) |

| 05/12/2017 | 178 | STIPULATION to extend expert discovery deadlines by HTC America Inc., HTC Corporation. (Rovner, Philip) (Entered: 05/12/2017) |
|---|---|---|
| 05/12/2017 | 179 | NOTICE OF SERVICE of Evolved Wireless's Amended Disclosure of Final Infringement Contentions for U.S. Patent No. 7,809,373 filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 05/12/2017) |
| 05/16/2017 | | SO ORDERED, re (161 in 1:15–cv–00547–SLR–SRF, 144 in 1:15–cv–00544–SLR–SRF, 159 in 1:15–cv–00543–SLR–SRF, 154 in 1:15–cv–00542–SLR–SRF, 162 in 1:15–cv–00546–SLR–SRF, 178 in 1:15–cv–00545–SLR–SRF) Stipulation to extend expert discovery deadlines filed by HTC America Inc., HTC Corporation. Set/Reset Scheduling Order Deadlines: ( Expert Discovery due by 8/23/2017.) See stipulation for further details and deadlines. Signed by Judge Sue L. Robinson on 5/16/2017. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(fms) (Entered: 05/16/2017) |
| 05/23/2017 | 180 | NOTICE OF SERVICE of (i) Infringement Report of Dr. Todor Cooklev and (ii) Expert Report of Jonathan D. Putnam filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 05/23/2017) |
| 05/23/2017 | 181 | NOTICE OF SERVICE of (1) The Expert Report of Paul Simmons Regarding ETSI, 3GPP, and Standards–Setting Matters (2) Expert Report of Matthew R. Lynde, Ph.D. filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Russell, Andrew) (Entered: 05/23/2017) |
| 05/24/2017 | 182 | NOTICE OF SERVICE of Opening Expert Report of Dr. Anthony S. Acampora filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Russell, Andrew) (Entered: 05/24/2017) |
| 05/30/2017 | 183 | Joint MOTION for Discovery Dispute Teleconference – filed by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. Motions referred to Sherry R. Fallon.(Palapura, Bindu) Modified on 5/30/2017 (lih). (Entered: 05/30/2017) |
| 05/30/2017 | | SO ORDERED– re (165 in 1:15–cv–00546–SLR–SRF, 157 in 1:15–cv–00542–SLR–SRF, 165 in 1:15–cv–00547–SLR–SRF, 163 in 1:15–cv–00543–SLR–SRF, 147 in 1:15–cv–00544–SLR–SRF, 183 in 1:15–cv–00545–SLR–SRF) Joint MOTION for Discovery Dispute Teleconference. A Telephone Conference is set for 7/10/2017 at 03:00 PM before Judge Sherry R. Fallon. Counsel for the Apple Inc. shall initiate the call to 302–573–4557. In preparation for this hearing the parties shall follow the Discovery Matters and Disputes procedure as set forth in the Order regarding discovery matters available at www.ded.uscourts.gov/judge/magistrate–judge–sherry–r–fallon. Set Deadlines: (Moving Submission due by no later than 11:00 AM on 7/5/2017, Responsive submission due by no later than 11:00 AM on 7/6/2017.).. Signed by Judge Sherry R. Fallon on 5/30/2017. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 05/30/2017) |
| 06/14/2017 | 184 | Joint STIPULATION TO EXTEND TIME of the deadline for Defendants to serve their rebuttal expert report related to damages to July 10, 2017 – filed by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Palapura, Bindu) (Entered: 06/14/2017) |
| 06/15/2017 | | SO ORDERED, re (148 in 1:15–cv–00544–SLR–SRF, 166 in 1:15–cv–00546–SLR–SRF, 184 in 1:15–cv–00545–SLR–SRF, 158 in 1:15–cv–00542–SLR–SRF, 168 in 1:15–cv–00547–SLR–SRF, 165 in 1:15–cv–00543–SLR–SRF) Joint STIPULATION TO EXTEND TIME of the deadline for Defendants to serve their rebuttal expert report related to damages to July 10, 2017 filed by Apple Inc., Motorola Mobility LLC, Lenovo (United States) Inc. Signed by Judge Sue L. Robinson on 6/15/2017. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(fms) (Entered: 06/15/2017) |
| 06/27/2017 | 185 | NOTICE OF SERVICE of Rebuttal Expert Report of Dr. Benjamin Goldberg in Support of Non–Infringement [Confidential] filed by HTC America Inc., HTC Corporation.(Rovner, Philip) (Entered: 06/27/2017) |
| 06/27/2017 | 186 | NOTICE OF SERVICE of (i) Expert Rebuttal Report of Jonathan D. Putnam; (ii) Expert Rebuttal Report of Dr. Todor Cooklev Regarding ETSI, 3GPP, Standards–Setting Matters, and FRAND; (iii) Expert Rebuttal Report of Dr. Todor Cookley; (iv) Expert Rebuttal Report of Dr. Bertram Huber; and (v) Rebuttal Expert Report of Bertrand Fages filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 06/27/2017) |
| 06/27/2017 | 187 | NOTICE OF SERVICE of Rebuttal Expert Report of Dr. John Villasenor filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Russell, Andrew) (Entered: 06/27/2017) |

| 06/28/2017 | 188 | NOTICE OF SERVICE of Rebuttal Expert Report of Dr. Anthony S. Acampora filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Russell, Andrew) (Entered: 06/28/2017) |
| 06/29/2017 | 189 | NOTICE OF SERVICE of Rebuttal Expert Report of Dr. Apostolos K. Kakaes filed by ZTE (USA) Inc..(Hunter, Travis) (Entered: 06/29/2017) |
| 07/05/2017 | 190 | [SEALED] Joint Letter to The Honorable Sherry R. Fallon from David E. Moore, Esquire regarding opening discovery dispute. (Attachments: # 1 Exhibit A–E)(Moore, David) (Entered: 07/05/2017) |
| 07/06/2017 | 191 | [SEALED] Letter to The Honorable Sherry R. Fallon from Michael J. Farnan regarding Response to Defendants' July 5, 2017 Letter – re (170 in 1:15–cv–00543–SLR–SRF, 190 in 1:15–cv–00545–SLR–SRF, 161 in 1:15–cv–00542–SLR–SRF, 153 in 1:15–cv–00544–SLR–SRF, 171 in 1:15–cv–00546–SLR–SRF) Letter. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Farnan, Michael) (Entered: 07/06/2017) |
| 07/06/2017 | 192 | STIPULATION TO EXTEND TIME to Serve Rebuttal Expert Reports re: Damages to July 17, 2017 – filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Hoeschen, Nathan) (Entered: 07/06/2017) |
| 07/10/2017 | | Minute Entry for proceedings held before Judge Sherry R. Fallon – Discovery Dispute Telephone Conference held on 7/10/2017. (Court Reporter T. Carroll ( Hawkins Reporting).) Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 07/19/2017) |
| 07/11/2017 | | SO ORDERED, re (173 in 1:15–cv–00547–SLR–SRF) STIPULATION TO EXTEND TIME to Serve Rebuttal Expert Reports re: Damages to July 17, 2017 filed by Samsung Electronics Co. Ltd., Samsung Electronics America Inc. Signed by Judge Sue L. Robinson on 7/11/2017. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(fms) (Entered: 07/11/2017) |
| 07/14/2017 | 193 | STIPULATION of Dismissal *relating to U.S. Patent Nos. 7,746,916; 7,768,965; and 8,218,481, and Dismiss Without Prejudice related Counterclaim pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii)* by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 07/14/2017) |
| 07/14/2017 | | SO ORDERED, re 193 Stipulation of Dismissal relating to U.S. Patent Nos. 7,746,916; 7,768,965; and 8,218,481, and Dismiss Without Prejudice related Counterclaim pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) filed by Evolved Wireless, LLC. Signed by Judge Sue L. Robinson on 7/14/2017. (fms) (Entered: 07/14/2017) |
| 07/17/2017 | 194 | Letter to The Honorable Sherry R. Fallon from Michael J. Farnan regarding Discovery Update Pursuant to the Court's July 10, 2017 Oral Order. (Farnan, Michael) (Entered: 07/17/2017) |
| 07/17/2017 | 195 | REDACTED VERSION of (162 in 1:15–cv–00542–SLR–SRF, 191 in 1:15–cv–00543–SLR–SRF, 171 in 1:15–cv–00543–SLR–SRF, 172 in 1:15–cv–00546–SLR–SRF, 154 in 1:15–cv–00544–SLR–SRF) Letter, by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 07/17/2017) |
| 07/18/2017 | 196 | NOTICE OF SERVICE of Expert Rebuttal Report of Matthew R. Lynde, Ph.D. filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Russell, Andrew) (Entered: 07/18/2017) |
| 07/18/2017 | 197 | REDACTED VERSION of (170 in 1:15–cv–00543–SLR–SRF, 190 in 1:15–cv–00545–SLR–SRF, 161 in 1:15–cv–00542–SLR–SRF, 153 in 1:15–cv–00544–SLR–SRF, 171 in 1:15–cv–00546–SLR–SRF) Letter by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A–E)(Moore, David) (Entered: 07/18/2017) |
| 07/18/2017 | 198 | NOTICE OF SERVICE of 1. Expert Report of Dr. Benjamin Goldberg in support of Damages Rebuttal in regards to the Implementation of Non–Infringing Alternatives; and 2. Expert Report of Dr. Apostolos K. "Paul" Kakaes in support of Damages Rebuttal in regards to U.S. Patent Nos. 7,881,236 and 7,809,373 filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Russell, Andrew) (Entered: 07/18/2017) |
| 07/25/2017 | 199 | NOTICE OF SERVICE of Samsung's Second Supplemental Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) and Paragraph 3 of the Delaware Default Standard for Discovery filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Russell, Andrew) (Entered: 07/25/2017) |

| 07/25/2017 | 200 | NOTICE to Take Deposition of Benjamin Goldberg on 8/2/2017 filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 07/25/2017) |
|---|---|---|
| 07/27/2017 | 201 | [SEALED] MEMORANDUM ORDER re (71 in 1:15–cv–00544–SLR–SRF, 81 in 1:15–cv–00543–SLR–SRF, 79 in 1:15–cv–00546–SLR–SRF, 91 in 1:15–cv–00545–SLR–SRF). Signed by Judge Sherry R. Fallon on 7/26/2017.This order has been emailed to local counsel. Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00544–SLR–SRF, 1:15–cv–00545–SLR–SRF, 1:15–cv–00546–SLR–SRF(lih) (Entered: 07/27/2017) |
| 07/27/2017 | 202 | MEMORANDUM ORDER re (165 in 1:15–cv–00546–SLR–SRF, 157 in 1:15–cv–00542–SLR–SRF, 165 in 1:15–cv–00547–SLR–SRF, 163 in 1:15–cv–00543–SLR–SRF, 147 in 1:15–cv–00544–SLR–SRF, 183 in 1:15–cv–00545–SLR–SRF) Joint MOTION for Discovery Dispute Teleconference. Signed by Judge Sherry R. Fallon on 7/26/2017.This order has been emailed to local counsel. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) Modified on 8/15/2017 (lih). (Main Document 202 replaced on 8/15/2017) (lih). (Entered: 07/27/2017) |
| 07/31/2017 | 203 | NOTICE to Take Deposition of Bertrand Fages on August 7, 2017 (also filed on behalf of HTC Corporation, HTC America, Inc., Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Microsoft Corporation, Microsoft Mobile Oy, and Microsoft Mobile Inc. (f/k/a Nokia Inc.)) filed by Apple Inc..(Palapura, Bindu) (Entered: 07/31/2017) |
| 07/31/2017 | 204 | NOTICE to Take Deposition of Bertram Huber on August 9, 2017 (also filed on behalf of HTC Corporation, HTC America, Inc., Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Microsoft Corporation, Microsoft Mobile Oy, and Microsoft Mobile Inc. (f/k/a Nokia Inc.)) filed by Apple Inc..(Palapura, Bindu) (Entered: 07/31/2017) |
| 08/01/2017 | | Case Reassigned to Judge Joseph F. Bataillon of the District of Nebraska (in lieu of Vacant Judgeship). Please include the initials of the Judge (JFB) after the case number on all documents filed. Associated Cases: 1:15–cv–00542–JFB–SRF through 1:15–cv–00547–JFB–SRF (rjb) (Entered: 08/01/2017) |
| 08/04/2017 | 205 | NOTICE to Take Deposition of Paul Simmons on 8/9/2017 filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 08/04/2017) |
| 08/07/2017 | 206 | MOTION for Pro Hac Vice Appearance of Attorney Thomas D. Pease – filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. Motions referred to Sherry R. Fallon.(Hoeschen, Nathan) (Entered: 08/07/2017) |
| 08/07/2017 | 207 | Letter to The Honorable Sherry R. Fallon from Bindu A. Palapura regarding redactions to Sealed Memorandum Orders – re (172 in 1:15–cv–00542–JFB–SRF, 179 in 1:15–cv–00546–JFB–SRF, 201 in 1:15–cv–00545–JFB–SRF, 182 in 1:15–cv–00543–JFB–SRF, 163 in 1:15–cv–00544–JFB–SRF) Memorandum and Order, (202 in 1:15–cv–00545–JFB–SRF, 183 in 1:15–cv–00543–JFB–SRF, 176 in 1:15–cv–00547–JFB–SRF, 164 in 1:15–cv–00544–JFB–SRF, 180 in 1:15–cv–00546–JFB–SRF, 173 in 1:15–cv–00542–JFB–SRF) Memorandum and Order,. (Attachments: # 1 (Redactions))(Palapura, Bindu) (Entered: 08/07/2017) |
| 08/08/2017 | | SO ORDERED– re 206 MOTION for Pro Hac Vice Appearance of Attorney Thomas D. Pease. Signed by Judge Sherry R. Fallon on 8/8/2017. (lih) (Entered: 08/08/2017) |
| 08/08/2017 | 208 | NOTICE OF SERVICE of Supplemental Report of Dr. Todor Cooklev filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 08/08/2017) |
| 08/08/2017 | 209 | NOTICE to Take Deposition of Apostolos Kakaes on 8/18/2017 filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 08/08/2017) |
| 08/09/2017 | | Pro Hac Vice Attorney Thomas D. Pease for Samsung Electronics Co. Ltd. added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (ceg) (Entered: 08/09/2017) |
| 08/10/2017 | 210 | ORAL ORDER – Pursuant to the filing of this case, the Court issues the following order: This case shall be immediately referred to Magistrate Judge Sherry R. Fallon. Magistrate Judge Fallon shall issue a scheduling order when appropriate. Magistrate Judge Fallon shall handle all dispositive and nondispositive matters on all issues, including claim construction, except for summary judgments, Daubert motions and pretrial motions in limine. On all dispositive matters, the magistrate judge shall issue a report and recommendation. The parties have the right to file |

| | | objections to the report and recommendation, or in the case of nondispositive matters, file an appeal of the magistrate judge's order, and the same shall be decided by the undersigned. The magistrate judge shall likewise handle all discovery matters, scheduling, and pretrial conferences. If the parties believe the magistrate judge has a conflict of interest with this case, the parties shall so notify the Court. IT IS SO ORDERED. Signed by Judge Joseph F. Bataillon on 8/10/2017. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(Lawrence, Tiwauna) (Entered: 08/10/2017) |
|---|---|---|
| 08/10/2017 | 211 | Joint MOTION For Teleconference To Resolve Discovery Dispute – filed by ZTE (USA) Inc.. Motions referred to Sherry R. Fallon.(Hunter, Travis) (Entered: 08/10/2017) |
| 08/10/2017 | 212 | [SEALED] OBJECTIONS by Evolved Wireless, LLC to 201 Memorandum and Order, . (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Farnan, Michael) (Entered: 08/10/2017) |
| 08/10/2017 | 213 | STATEMENT Regarding New Legal and Factual Arguments re 212 Objections by Evolved Wireless, LLC. (Farnan, Michael) Modified on 8/14/2017 (lih). (Entered: 08/10/2017) |
| 08/10/2017 | 214 | NOTICE to Take Deposition of Dr. Jonathan Putnam on August 15, 2017 filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Hoeschen, Nathan) (Entered: 08/10/2017) |
| 08/10/2017 | 215 | NOTICE to Take Deposition of Dr. Todor Cooklev on August 21–23, 2017 filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Hoeschen, Nathan) (Entered: 08/10/2017) |
| 08/14/2017 | | SO ORDERED– re (171 in 1:15–cv–00544–JFB–SRF, 211 in 1:15–cv–00545–JFB–SRF, 192 in 1:15–cv–00543–JFB–SRF, 184 in 1:15–cv–00547–JFB–SRF, 186 in 1:15–cv–00546–JFB–SRF, 180 in 1:15–cv–00542–JFB–SRF) Joint MOTION For Teleconference To Resolve Discovery Dispute. A Telephone Conference is set for 9/7/2017 at 03:30 PM before Judge Sherry R. Fallon. Counsel for ZTE Inc. shall initiate the call to 302–573–4557. In preparation for this hearing the parties shall follow the Discovery Matters and Disputes procedure as set forth in the Order regarding discovery matters available at www.ded.uscourts.gov/judge/magistrate–judge–sherry–r–fallon. Set Deadlines: (Moving Submission due by no later than 3:00 PM on 8/31/2017, Responsive submission due by no later than 3:00 PM on 9/1/2017.) Signed by Judge Sherry R. Fallon on 8/14/2017. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 08/14/2017) |
| 08/15/2017 | 216 | REDACTED VERSION of (172 in 1:15–cv–00542–JFB–SRF, 179 in 1:15–cv–00546–JFB–SRF, 201 in 1:15–cv–00545–JFB–SRF, 182 in 1:15–cv–00543–JFB–SRF, 163 in 1:15–cv–00544–JFB–SRF) Memorandum Order. (lih) (Entered: 08/15/2017) |
| 08/15/2017 | | Remark: D.I. 202 redacted in its entirety per D.I. 207 . (lih) (Entered: 08/15/2017) |
| 08/16/2017 | 217 | NOTICE to Take Deposition of Matthew Lynde on 8/22/2017 filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 08/16/2017) |
| 08/17/2017 | | ORAL ORDER– IT IS HEREBY ORDERED that: the expert discovery status conference set in this matter for 8/22/2017 is RESCHEDULED and COMBINED with the discovery dispute teleconference set in this matter for 9/7/2017 at 03:30 PM before Judge Sherry R. Fallon. Ordered by Judge Sherry R. Fallon on 8/17/2017. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 08/17/2017) |
| 08/17/2017 | 218 | REDACTED VERSION of 212 Objections by Evolved Wireless, LLC. (Attachments: # 1 Exhibits A–E)(Farnan, Michael) (Entered: 08/17/2017) |
| 08/17/2017 | 219 | NOTICE to Take Deposition of John Villasenor on 8/25/2017 filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 08/17/2017) |
| 08/21/2017 | 220 | NOTICE of Screening Procedure by Evolved Wireless, LLC (Farnan, Brian) (Entered: 08/21/2017) |
| 08/22/2017 | | CORRECTING ENTRY: Docket clerk has deleted the minute entry and oral order regarding the transcript filed on 3/22/2017 due to entries being filed in error. The correct entries were made on 3/23/2017. Associated Cases: 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF, 1:15–cv–00547–JFB–SRF(lih) (Entered: 08/22/2017) |

| 08/24/2017 | 221 | [SEALED] RESPONSE TO OBJECTIONS by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Lenovo (United States) Inc., Lenovo Group Ltd., Motorola Mobility LLC re (185 in 1:15−cv−00547−JFB−SRF) Objections, (193 in 1:15−cv−00546−JFB−SRF) Objections, (187 in 1:15−cv−00545−JFB−SRF) Objections, (212 in 1:15−cv−00545−JFB−SRF) Objections, (181 in 1:15−cv−00542−JFB−SRF) Objections, (172 in 1:15−cv−00544−JFB−SRF) Objections. (Attachments: # 1 Exhibit 1)(Palapura, Bindu) Modified on 8/25/2017 (lih). (Entered: 08/24/2017) |
|---|---|---|
| 08/31/2017 | 222 | [SEALED] Letter to The Honorable Sherry R. Fallon from Kelly E. Farnan regarding Discovery Dispute. (Attachments: # 1 Exhibit A through C)(Farnan, Kelly) Modified on 9/1/2017 (lih). (Entered: 08/31/2017) |
| 08/31/2017 | 223 | MOTION for Summary Judgment of Non−Infringement − filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Attachments: # 1 Text of Proposed Order)(Russell, Andrew) Modified on 9/1/2017 (lih). (Entered: 08/31/2017) |
| 08/31/2017 | 224 | [SEALED] MOTION for Summary Judgment OF COVENANT NOT TO SUE WITH RESPECT TO U.S. PATENT NO. 7,809,373 − filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Attachments: # 1 Text of Proposed Order)(Russell, Andrew) Modified on 9/1/2017 (lih). (Entered: 08/31/2017) |
| 08/31/2017 | 225 | [SEALED] OPENING BRIEF in Support re 224 MOTION for Summary Judgment filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..Answering Brief/Response due date per Local Rules is 9/14/2017. (Russell, Andrew) Modified on 9/1/2017 (lih). (Entered: 08/31/2017) |
| 08/31/2017 | 226 | MOTION for Summary Judgment − filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 08/31/2017) |
| 08/31/2017 | 227 | [SEALED] DECLARATION of Michael D. Jay re (206 in 1:15−cv−00543−JFB−SRF) Opening Brief in Support, (199 in 1:15−cv−00546−JFB−SRF) Opening Brief in Support, (185 in 1:15−cv−00544−JFB−SRF) Opening Brief in Support, (196 in 1:15−cv−00547−JFB−SRF) Opening Brief in Support, (225 in 1:15−cv−00545−JFB−SRF) Opening Brief in Support, (196 in 1:15−cv−00542−JFB−SRF) Opening Brief in Support by Microsoft Corporation, Microsoft Mobile Oy, HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., ZTE Corporation, ZTE Solutions Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A−O)(Moore, David) Modified on 9/1/2017 (lih). (Entered: 08/31/2017) |
| 08/31/2017 | 228 | [SEALED] APPENDIX re (206 in 1:15−cv−00543−JFB−SRF) Opening Brief in Support, (199 in 1:15−cv−00546−JFB−SRF) Opening Brief in Support, (196 in 1:15−cv−00547−JFB−SRF) Opening Brief in Support, (225 in 1:15−cv−00545−JFB−SRF) Opening Brief in Support, (184 in 1:15−cv−00544−JFB−SRF) MOTION for Summary Judgment , (196 in 1:15−cv−00542−JFB−SRF) Opening Brief in Support by Microsoft Corporation, Microsoft Mobile Oy, HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., ZTE Corporation, ZTE Solutions Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Moore, David) Modified on 9/1/2017 (lih). (Entered: 08/31/2017) |
| 08/31/2017 | 229 | [SEALED] APPENDIX re (206 in 1:15−cv−00543−JFB−SRF) Opening Brief in Support, (199 in 1:15−cv−00546−JFB−SRF) Opening Brief in Support, (185 in 1:15−cv−00544−JFB−SRF) Opening Brief in Support, (196 in 1:15−cv−00547−JFB−SRF) Opening Brief in Support, (225 in 1:15−cv−00545−JFB−SRF) Opening Brief in Support, (196 in 1:15−cv−00542−JFB−SRF) Opening Brief in Support by Microsoft Corporation, Microsoft Mobile Oy, HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Attachments: # 1 Tabs 1−11)(Moore, David) Modified on 9/1/2017 (lih). (Entered: 08/31/2017) |
| 09/01/2017 | 230 | [SEALED] Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Response to Defendants' August 31, 2017 Letter. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Farnan, Brian) (Entered: 09/01/2017) |
| 09/07/2017 | 231 | REDACTED VERSION of (197 in 1:15−cv−00546−JFB−SRF) MOTION for Summary Judgment, (205 in 1:15−cv−00543−JFB−SRF) MOTION for Summary Judgment,(194 in 1:15−cv−00542−JFB−SRF) MOTION for Summary Judgment,(184 in 1:15−cv−00544−JFB−SRF) MOTION for Summary Judgment, (224 in 1:15−cv−00545−JFB−SRF) MOTION for Summary Judgment, (195 in |

| | | |
|---|---|---|
| | | 1:15−cv−00547−JFB−SRF) MOTION for Summary Judgment by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Attachments: # 1 Text of Proposed Order)(Moore, David) Modified on 9/8/2017 (lih). (Entered: 09/07/2017) |
| 09/07/2017 | 232 | REDACTED VERSION of (206 in 1:15−cv−00543−JFB−SRF) Opening Brief in Support, (199 in 1:15−cv−00546−JFB−SRF) Opening Brief in Support, (185 in 1:15−cv−00544−JFB−SRF) Opening Brief in Support, (196 in 1:15−cv−00547−JFB−SRF) Opening Brief in Support, (225 in 1:15−cv−00545−JFB−SRF) Opening Brief in Support, (196 in 1:15−cv−00542−JFB−SRF) Opening Brief in Support by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Moore, David) (Entered: 09/07/2017) |
| 09/07/2017 | 233 | REDACTED VERSION of (208 in 1:15−cv−00543−JFB−SRF, 186 in 1:15−cv−00544−JFB−SRF, 199 in 1:15−cv−00547−JFB−SRF, 227 in 1:15−cv−00545−JFB−SRF, 197 in 1:15−cv−00542−JFB−SRF, 200 in 1:15−cv−00546−JFB−SRF) Declaration, by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A−O)(Moore, David) (Entered: 09/07/2017) |
| 09/07/2017 | 234 | REDACTED VERSION of (198 in 1:15−cv−00542−JFB−SRF, 228 in 1:15−cv−00545−JFB−SRF, 201 in 1:15−cv−00546−JFB−SRF, 200 in 1:15−cv−00544−JFB−SRF, 187 in 1:15−cv−00547−JFB−SRF, 210 in 1:15−cv−00543−JFB−SRF) Appendix,, (A) by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Moore, David) (Entered: 09/07/2017) |
| 09/07/2017 | 235 | REDACTED VERSION of (188 in 1:15−cv−00544−JFB−SRF, 202 in 1:15−cv−00546−JFB−SRF, 211 in 1:15−cv−00543−JFB−SRF, 199 in 1:15−cv−00542−JFB−SRF, 201 in 1:15−cv−00547−JFB−SRF, 229 in 1:15−cv−00545−JFB−SRF) Appendix,, (B) by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Moore, David) (Entered: 09/07/2017) |
| 09/07/2017 | | Minute Entry for proceedings held before Judge Sherry R. Fallon − Discovery Dispute Telephone Conference held on 9/7/2017. (Court Reporter T. Carroll ( Hawkins Reporting).) Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 09/12/2017) |
| 09/07/2017 | | ORAL ORDER− re (171 in 1:15−cv−00544−JFB−SRF, 211 in 1:15−cv−00545−JFB−SRF, 192 in 1:15−cv−00543−JFB−SRF, 184 in 1:15−cv−00547−JFB−SRF, 186 in 1:15−cv−00546−JFB−SRF, 180 in 1:15−cv−00542−JFB−SRF) Joint MOTION For Teleconference To Resolve Discovery Dispute. The transcript of the 9/7/2017 teleconference shall serve as the order of the court. Ordered by Judge Sherry R. Fallon on 9/7/2017. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 09/12/2017) |
| 09/08/2017 | 236 | REDACTED VERSION of (201 in 1:15−cv−00542−JFB−SRF, 203 in 1:15−cv−00546−JFB−SRF, 190 in 1:15−cv−00544−JFB−SRF, 214 in 1:15−cv−00543−JFB−SRF, 230 in 1:15−cv−00545−JFB−SRF) Letter by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1−2)(Farnan, Brian) (Entered: 09/08/2017) |
| 09/12/2017 | | ORAL ORDER SETTING SUPPLEMENTAL BRIEFING SCHDEDULE re (171 in 1:15−cv−00544−JFB−SRF, 211 in 1:15−cv−00545−JFB−SRF, 192 in 1:15−cv−00543−JFB−SRF, 184 in 1:15−cv−00547−JFB−SRF, 186 in 1:15−cv−00546−JFB−SRF, 180 in 1:15−cv−00542−JFB−SRF) Joint MOTION For Teleconference To Resolve Discovery Dispute. Supplemental Opening Brief due 9/14/2017., Supplemental Answering Brief due 9/21/2017., Supplemental Reply Brief due 9/26/2017. Ordered by Judge Sherry R. Fallon on 9/12/2017. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 09/12/2017) |
| 09/14/2017 | 237 | [SEALED] Letter to The Honorable Sherry R. Fallon from Kelly E. Farnan regarding Discovery Dispute. (Farnan, Kelly) (Entered: 09/14/2017) |
| 09/18/2017 | 238 | REDACTED VERSION of (221 in 1:15−cv−00545−JFB−SRF, 193 in 1:15−cv−00546−JFB−SRF, 192 in 1:15−cv−00547−JFB−SRF, 189 in 1:15−cv−00542−JFB−SRF, 201 in 1:15−cv−00543−JFB−SRF, 179 in 1:15−cv−00544−JFB−SRF) Response to Objections by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit 1)(Palapura, Bindu) Modified on 9/22/2017 (lih). (Entered: 09/18/2017) |
| 09/19/2017 | 239 | Joint STIPULATION Regarding Summary Judgment Briefing by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 09/19/2017) |

| 09/20/2017 | | ORAL ORDER– re (114 in 1:15–cv–00546–JFB–SRF, 127 in 1:15–cv–00545–JFB–SRF, 114 in 1:15–cv–00547–JFB–SRF, 115 in 1:15–cv–00543–JFB–SRF, 109 in 1:15–cv–00542–JFB–SRF, 103 in 1:15–cv–00544–JFB–SRF) Scheduling Order. The Pretrial Conference set in this matter for 3/27/2018 at 04:30 PM shall now proceed before Judge Sherry R. Fallon in Courtroom 6C. Ordered by Judge Sherry R. Fallon on 9/20/2017. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 09/20/2017) |
|---|---|---|
| 09/21/2017 | 240 | [SEALED] Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Response to Defendants' September 14, 2017 Letter – re 237 Letter. (Attachments: # 1 Exhibit 3, # 2 Exhibit 4, # 3 Exhibit 5, # 4 Exhibit 6, # 5 Exhibit 7)(Farnan, Brian) (Entered: 09/21/2017) |
| 09/22/2017 | 241 | REDACTED VERSION of (197 in 1:15–cv–00544–JFB–SRF, 210 in 1:15–cv–00546–JFB–SRF, 237 in 1:15–cv–00545–JFB–SRF, 210 in 1:15–cv–00542–JFB–SRF, 223 in 1:15–cv–00543–JFB–SRF) Letter by ZTE (USA) Inc.. (Farnan, Kelly) Modified on 9/25/2017 (lih). (Entered: 09/22/2017) |
| 09/25/2017 | 242 | NOTICE OF SERVICE of Plaintiff's Fact Witness Disclosure filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 09/25/2017) |
| 09/26/2017 | 243 | [SEALED] Letter to The Honorable Sherry R. Fallon from Kelly E. Farnan regarding Reply Letter on Discovery Dispute. (Farnan, Kelly) (Entered: 09/26/2017) |
| 09/28/2017 | 244 | REDACTED VERSION of 240 Letter, by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–7)(Farnan, Brian) (Entered: 09/28/2017) |
| 10/06/2017 | 245 | STIPULATION Regarding Summary Judgment Briefing as to Defendants' Affirmative Defense of a Covenant Not to Sue by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 10/06/2017) |
| 10/06/2017 | 246 | [SEALED] OPENING BRIEF in Support re 226 MOTION for Summary Judgment filed by Evolved Wireless, LLC.Answering Brief/Response due date per Local Rules is 10/20/2017. (Farnan, Brian) (Entered: 10/06/2017) |
| 10/06/2017 | 247 | [SEALED] DECLARATION of Ryan M. Schultz re 246 Opening Brief in Support by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13)(Farnan, Brian) Modified on 10/10/2017 (lih). (Entered: 10/06/2017) |
| 10/06/2017 | 248 | [SEALED] OPENING BRIEF in Support re 223 MOTION for Summary Judgment of Non–Infringement filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..Answering Brief/Response due date per Local Rules is 10/20/2017. (Russell, Andrew) Modified on 10/10/2017 (lih). (Entered: 10/06/2017) |
| 10/06/2017 | 249 | OPENING BRIEF in Support re 226 MOTION for Summary Judgment on Validity filed by Evolved Wireless, LLC.Answering Brief/Response due date per Local Rules is 10/20/2017. (Farnan, Brian) Modified on 10/10/2017 (lih). (Entered: 10/06/2017) |
| 10/06/2017 | 250 | [SEALED] DECLARATION of Ryan M. Schultz re 249 Opening Brief in Support by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Farnan, Brian) Modified on 10/10/2017 (lih). (Entered: 10/06/2017) |
| 10/06/2017 | 251 | [SEALED] DECLARATION of Todor Cooklev re 249 Opening Brief in Support by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Farnan, Brian) Modified on 10/10/2017 (lih). (Entered: 10/06/2017) |
| 10/06/2017 | 252 | [SEALED] APPENDIX re (221 in 1:15–cv–00546–JFB–SRF) Opening Brief in Support, (248 in 1:15–cv–00545–JFB–SRF) Opening Brief in Support, (223 in 1:15–cv–00542–JFB–SRF) Opening Brief in Support, (212 in 1:15–cv–00544–JFB–SRF) Opening Brief in Support, (236 in 1:15–cv–00543–JFB–SRF) Opening Brief in Support, (222 in 1:15–cv–00547–JFB–SRF) Opening Brief in Support, by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Attachments: # 1 Appendix A–0001 to A–0060, # 2 Appendix A–0061 to A–0139, # 3 Appendix A–0140 to A–0212, # 4 Appendix A–0213 to A–0283, # 5 Appendix A–0284 to A–0353, # 6 Appendix A–0354 to A–0926, # 7 Appendix A–0927 to A–0978, # 8 Appendix A–0979 to A–1159, # 9 Appendix A–1160 to A–1239)(Russell, Andrew) (Entered: 10/06/2017) |
| 10/13/2017 | 253 | REDACTED VERSION of (236 in 1:15–cv–00543–JFB–SRF) Opening Brief in Support, (221 in 1:15–cv–00546–JFB–SRF) Opening Brief in Support, (248 in 1:15–cv–00545–JFB–SRF) Opening Brief in Support, (223 in 1:15–cv–00542–JFB–SRF) Opening Brief in Support, (222 in |

| | | |
|---|---|---|
| | | 1:15–cv–00547–JFB–SRF) Opening Brief in Support, (212 in 1:15–cv–00544–JFB–SRF) Opening Brief in Support, by Samsung Electronics Co. Ltd.. (Russell, Andrew) (Entered: 10/13/2017) |
| 10/13/2017 | 254 | REDACTED VERSION of (225 in 1:15–cv–00546–JFB–SRF, 216 in 1:15–cv–00544–JFB–SRF, 227 in 1:15–cv–00542–JFB–SRF, 226 in 1:15–cv–00547–JFB–SRF, 240 in 1:15–cv–00543–JFB–SRF, 252 in 1:15–cv–00545–JFB–SRF) Appendix,,, by Samsung Electronics Co. Ltd.. (Attachments: # 1 Part 2 of 9, # 2 Part 3 of 9, # 3 Part 4 of 9, # 4 Part 5 of 9, # 5 Part 6 of 9, # 6 Part 7 of 9, # 7 Part 8 of 9, # 8 Part 9 of 9)(Russell, Andrew) (Entered: 10/13/2017) |
| 10/13/2017 | 255 | REDACTED VERSION of 251 Declaration of Todor Cooklev by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Farnan, Brian) (Entered: 10/13/2017) |
| 10/13/2017 | 256 | REDACTED VERSION of 246 Opening Brief in Support by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 10/13/2017) |
| 10/13/2017 | 257 | REDACTED VERSION of 247 Declaration, of Ryan M. Schultz by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–13)(Farnan, Brian) (Entered: 10/13/2017) |
| 10/17/2017 | 258 | REDACTED VERSION of 250 Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–9)(Farnan, Brian) Modified on 10/17/2017 (lih). (Entered: 10/17/2017) |
| 10/19/2017 | 259 | Joint Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Daubert Briefing. (Farnan, Brian) (Entered: 10/19/2017) |
| 10/27/2017 | 260 | ORDER regarding Daubert motions. Signed by Judge Sherry R. Fallon on 10/27/2017. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 10/27/2017) |
| 11/07/2017 | 261 | ANSWERING BRIEF in Opposition re 226 MOTION for Summary Judgment filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..Reply Brief due date per Local Rules is 11/14/2017. (Russell, Andrew) Modified on 11/8/2017 (lih). (Entered: 11/07/2017) |
| 11/07/2017 | 262 | DECLARATION OF TODD M. BRIGGS re (238 in 1:15–cv–00547–JFB–SRF) Answering Brief in Opposition, (261 in 1:15–cv–00545–JFB–SRF) Answering Brief in Opposition, (228 in 1:15–cv–00544–JFB–SRF) Answering Brief in Opposition, (252 in 1:15–cv–00543–JFB–SRF) Answering Brief in Opposition, (233 in 1:15–cv–00546–JFB–SRF) Answering Brief in Opposition by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Russell, Andrew) Modified on 11/8/2017 (lih). (Entered: 11/07/2017) |
| 11/07/2017 | 263 | DECLARATION OF DR. APOSTOLOS K. KAKAES, PH.D. re (238 in 1:15–cv–00547–JFB–SRF) Answering Brief in Opposition, (261 in 1:15–cv–00545–JFB–SRF) Answering Brief in Opposition, (228 in 1:15–cv–00544–JFB–SRF) Answering Brief in Opposition, (252 in 1:15–cv–00543–JFB–SRF) Answering Brief in Opposition, (233 in 1:15–cv–00546–JFB–SRF) Answering Brief in Opposition by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Russell, Andrew) Modified on 11/8/2017 (lih). (Entered: 11/07/2017) |
| 11/07/2017 | 264 | [SEALED] ANSWERING BRIEF in Opposition re 226 MOTION for Summary Judgment filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..Reply Brief due date per Local Rules is 11/14/2017. (Russell, Andrew) Modified on 11/8/2017 (lih). (Entered: 11/07/2017) |
| 11/07/2017 | 265 | [SEALED] DECLARATION OF TODD M. BRIGGS re 264 Answering Brief in Opposition by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Russell, Andrew) Modified on 11/8/2017 (lih). (Entered: 11/07/2017) |
| 11/07/2017 | 266 | [SEALED] DECLARATION OF DR. MATTHEW R. LYNDE, PH.D. re 264 Answering Brief in Opposition by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Russell, Andrew) Modified on 11/8/2017 (lih). (Entered: 11/07/2017) |
| 11/07/2017 | 267 | [SEALED] ANSWERING BRIEF in Opposition re 223 MOTION for Summary Judgment filed by Evolved Wireless, LLC.Reply Brief due date per Local Rules is 11/14/2017. (Attachments: # 1 Appendix A)(Farnan, Brian) Modified on 11/8/2017 (lih). (Entered: 11/07/2017) |
| 11/07/2017 | 268 | [SEALED] DECLARATION of Ryan M. Schultz re 267 Answering Brief in Opposition by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # |

| | | |
|---|---|---|
| | | 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27)(Farnan, Brian) Modified on 11/8/2017 (lih). (Entered: 11/07/2017) |
| 11/08/2017 | | NOTE TO COUNSEL: Judge Fallon's chambers does not need courtesy copies of the summary judgment briefing. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 11/08/2017) |
| 11/14/2017 | | REDACTION NOTICE: In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, redacted versions of sealed documents shall be filed electronically within 7 days of the filing of the sealed document. The records of this case do not reflect the filing of a redacted version of DI # 200 in CA 15−542. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 11/14/2017) |
| 11/14/2017 | 269 | REDACTED VERSION of 264 Answering Brief in Opposition by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Russell, Andrew) Modified on 11/15/2017 (lih). (Entered: 11/14/2017) |
| 11/14/2017 | 270 | REDACTED VERSION of 265 Declaration by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Russell, Andrew) Modified on 11/15/2017 (lih). (Entered: 11/14/2017) |
| 11/14/2017 | 271 | REDACTED VERSION of 266 Declaration by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Russell, Andrew) Modified on 11/15/2017 (lih). (Entered: 11/14/2017) |
| 11/15/2017 | 272 | MOTION for Pro Hac Vice Appearance of Attorney John K. Harting – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Brian) (Entered: 11/15/2017) |
| 11/16/2017 | | SO ORDERED− re (265 in 1:15−cv−00543−JFB−SRF, 272 in 1:15−cv−00545−JFB−SRF, 238 in 1:15−cv−00546−JFB−SRF, 235 in 1:15−cv−00544−JFB−SRF, 250 in 1:15−cv−00542−JFB−SRF) MOTION for Pro Hac Vice Appearance of Attorney John K. Harting. Signed by Judge Sherry R. Fallon on 11/16/2017. Associated Cases: 1:15−cv−00542−JFB−SRF, 1:15−cv−00543−JFB−SRF, 1:15−cv−00544−JFB−SRF, 1:15−cv−00545−JFB−SRF, 1:15−cv−00546−JFB−SRF(lih) (Entered: 11/16/2017) |
| 11/16/2017 | 273 | REDACTED VERSION of (194 in 1:15−cv−00546−JFB−SRF, 203 in 1:15−cv−00543−JFB−SRF, 222 in 1:15−cv−00545−JFB−SRF, 193 in 1:15−cv−00547−JFB−SRF, 180 in 1:15−cv−00544−JFB−SRF) Letter, (200 in 1:15−cv−00542−JFB−SRF) Letter by ZTE (USA) Inc.. (Attachments: # 1 Exhibit A−C)(Hunter, Travis) (Entered: 11/16/2017) |
| 11/16/2017 | 274 | STIPULATION TO EXTEND TIME for the parties to file: (i) Opening Daubert Briefs; (ii) Answering Daubert Briefs; and (iii) Reply Daubert Briefs to (i) 12/8/2017; (ii) 1/12/2018; and (iii) 2/2/2018 – filed by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 11/16/2017) |
| 11/17/2017 | | Pro Hac Vice Attorney John K. Harting for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:15−cv−00542−JFB−SRF, 1:15−cv−00543−JFB−SRF, 1:15−cv−00544−JFB−SRF, 1:15−cv−00545−JFB−SRF, 1:15−cv−00546−JFB−SRF(nmg) (Entered: 11/17/2017) |
| 11/17/2017 | 275 | ORDER re (252 in 1:15−cv−00542−JFB−SRF, 240 in 1:15−cv−00546−JFB−SRF, 274 in 1:15−cv−00545−JFB−SRF, 237 in 1:15−cv−00544−JFB−SRF, 267 in 1:15−cv−00543−JFB−SRF) Stipulation to Set Daubert Briefing filed by Evolved Wireless, LLC. 1. The deadline to file opening Daubert briefs is December 8, 2017; 2. The deadline to file answering Daubert briefs is January 12, 2018; and 3. The deadline to file reply Daubert briefs is February 2, 2018. Signed by Judge Joseph F. Bataillon on 11/17/2017. Associated Cases: 1:15−cv−00542−JFB−SRF, 1:15−cv−00543−JFB−SRF, 1:15−cv−00544−JFB−SRF, 1:15−cv−00545−JFB−SRF, 1:15−cv−00546−JFB−SRF(nmfn) (Entered: 11/17/2017) |
| 11/17/2017 | | CORRECTING ENTRY: Pursuant to conversation with counsel, the motion for summary judgment stipulation previously filed was deleted and will be refiled by counsel. Associated Cases: 1:15−cv−00542−JFB−SRF, 1:15−cv−00543−JFB−SRF, 1:15−cv−00544−JFB−SRF, 1:15−cv−00545−JFB−SRF, 1:15−cv−00546−JFB−SRF(lih) (Entered: 11/17/2017) |
| 11/17/2017 | 276 | STIPULATION regarding Summary Judgment Briefing as to Defendants' Affirmative Defense of a Covenant Not To Sue by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 11/17/2017) |

| 11/20/2017 | 277 | REDACTED VERSION of (244 in 1:15−cv−00542−JFB−SRF) Answering Brief in Opposition, (267 in 1:15−cv−00545−JFB−SRF) Answering Brief in Opposition, (236 in 1:15−cv−00546−JFB−SRF) Answering Brief in Opposition, (231 in 1:15−cv−00544−JFB−SRF) Answering Brief in Opposition, (255 in 1:15−cv−00543−JFB−SRF) Answering Brief in Opposition by Evolved Wireless, LLC. (Attachments: # 1 Appendix A)(Farnan, Brian) (Entered: 11/20/2017) |
|---|---|---|
| 11/20/2017 | 278 | REDACTED VERSION of 268 Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1−27)(Farnan, Brian) Modified on 11/21/2017 (lih). (Entered: 11/20/2017) |
| 11/27/2017 | 279 | [SEALED] MEMORANDUM ORDER re (200 in 1:15−cv−00542−JFB−SRF) Letter. Signed by Judge Sherry R. Fallon on 11/27/2017. This order has been emailed to lead local counsel. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 11/27/2017) |
| 11/28/2017 | 280 | ORDER approving (254 in 1:15−cv−00542−JFB−SRF, 276 in 1:15−cv−00545−JFB−SRF, 269 in 1:15−cv−00543−JFB−SRF, 242 in 1:15−cv−00546−JFB−SRF, 239 in 1:15−cv−00544−JFB−SRF) STIPULATION regarding Summary Judgment Briefing as to Defendants' Affirmative Defense of a Covenant Not To Sue. Signed by Judge Joseph F. Bataillon on 11/27/2017. (nmfn) (Entered: 11/28/2017) |
| 12/04/2017 | 281 | NOTICE to Take Deposition of Qualcomm Technologies, Inc. on December 5, 2017 filed by ZTE (USA) Inc..(Farnan, Kelly) (Entered: 12/04/2017) |
| 12/04/2017 | 282 | NOTICE OF SERVICE of Plaintiff's Objection to Defendants' Notice of Deposition of Qualcomm Technologies, Inc. filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 12/04/2017) |
| 12/04/2017 | 283 | NOTICE to Take Deposition of Qualcomm Technologies, Inc. on December 5, 2017 filed by ZTE (USA) Inc..(Hunter, Travis) (Entered: 12/04/2017) |
| 12/06/2017 | 284 | [SEALED] REPLY BRIEF re 226 MOTION for Summary Judgment filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 12/06/2017) |
| 12/06/2017 | 285 | [SEALED] DECLARATION re 284 Reply Brief by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1−2)(Farnan, Brian) (Entered: 12/06/2017) |
| 12/06/2017 | 286 | [SEALED] REPLY BRIEF re 223 MOTION for Summary Judgment filed by Samsung Electronics America Inc.. (Hoeschen, Nathan) Modified on 12/7/2017 (lih). (Entered: 12/06/2017) |
| 12/06/2017 | 287 | [SEALED] APPENDIX re 286 Reply Brief by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Hoeschen, Nathan) Modified on 12/7/2017 (lih). (Entered: 12/06/2017) |
| 12/06/2017 | 288 | REPLY BRIEF re 226 MOTION for Summary Judgment filed by Evolved Wireless, LLC. (Attachments: # 1 Appendix A)(Farnan, Brian) Modified on 12/7/2017 (lih). (Entered: 12/06/2017) |
| 12/06/2017 | 289 | DECLARATION of Ryan M. Schultz re (288 in 1:15−cv−00545−JFB−SRF) Reply Brief, (250 in 1:15−cv−00546−JFB−SRF) Reply Brief, (252 in 1:15−cv−00544−JFB−SRF) Reply Brief, (283 in 1:15−cv−00543−JFB−SRF) Reply Brief by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 10)(Farnan, Brian) Modified on 12/7/2017 (lih). (Entered: 12/06/2017) |
| 12/08/2017 | 290 | [SEALED] MOTION to Exclude Testimony of Dr. Putnam − filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. Motions referred to Sherry R. Fallon.(Smith, Rodger) Modified on 12/11/2017 (lih). (Entered: 12/08/2017) |
| 12/08/2017 | 291 | [SEALED] DECLARATION of Nathaniel C. Love re (264 in 1:15−cv−00547−JFB−SRF, 278 in 1:15−cv−00542−JFB−SRF, 290 in 1:15−cv−00545−JFB−SRF, 254 in 1:15−cv−00544−JFB−SRF, 256 in 1:15−cv−00546−JFB−SRF, 285 in 1:15−cv−00543−JFB−SRF) MOTION to Exclude by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibits A−T)(Smith, Rodger) Modified on 12/11/2017 (lih). (Entered: 12/08/2017) |
| 12/08/2017 | 292 | MOTION TO EXCLUDE TESTIMONY OF DR. COOKLEV − filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Attachments: # 1 Text of Proposed Order)Motions referred to Sherry R. Fallon.(Hoeschen, Nathan) Modified on 12/11/2017 (lih). (Entered: |

| | | |
|---|---|---|
| | | 12/08/2017) |
| 12/08/2017 | 293 | [SEALED] OPENING BRIEF in Support re 292 MOTION TO EXCLUDE filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..Answering Brief/Response due date per Local Rules is 12/22/2017. (Hoeschen, Nathan) Modified on 12/11/2017 (lih). (Entered: 12/08/2017) |
| 12/08/2017 | 294 | [SEALED] DECLARATION of Michael D. Jay re (287 in 1:15−cv−00543−JFB−SRF) MOTION to Preclude, (280 in 1:15−cv−00542−JFB−SRF, 256 in 1:15−cv−00544−JFB−SRF) MOTION to Preclude, (258 in 1:15−cv−00546−JFB−SRF) MOTION to Exclude Testimony, (266 in 1:15−cv−00547−JFB−SRF) MOTION to Exclude Testimony,(292 in 1:15−cv−00545−JFB−SRF) MOTION TO EXCLUDE by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A–H)(Palapura, Bindu) Modified on 12/11/2017 (lih). (Entered: 12/08/2017) |
| 12/08/2017 | 295 | MOTION to Preclude Defendants' Experts – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Brian) Modified on 12/11/2017 (lih). (Entered: 12/08/2017) |
| 12/08/2017 | 296 | [SEALED] OPENING BRIEF in Support re 295 MOTION to Preclude filed by Evolved Wireless, LLC.Answering Brief/Response due date per Local Rules is 12/22/2017. (Farnan, Brian) Modified on 12/11/2017 (lih). (Entered: 12/08/2017) |
| 12/08/2017 | 297 | [SEALED] DECLARATION of Ryan M. Schultzre 296 Opening Brief in Support by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11)(Farnan, Brian) Modified on 12/11/2017 (lih). (Entered: 12/08/2017) |
| 12/11/2017 | 298 | [SEALED] Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Proposed Redactions to the Court's November 27, 2017 Memorandum Order. (Attachments: # 1 Exhibit A)(Farnan, Brian) (Entered: 12/11/2017) |
| 12/13/2017 | 299 | REQUEST for Oral Argument by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Palapura, Bindu) (Entered: 12/13/2017) |
| 12/13/2017 | 300 | ORAL ORDER: The Oral Argument set for 1/5/2018 at 09:30 AM regarding motion(s) for summary judgment is cancelled and will be rescheduled, if deemed necessary, by further order of the court. Signed by Judge Joseph F. Bataillon on 12/13/17. Associated Cases: 1:15−cv−00542−JFB−SRF et al. (Brunswick, Amy) (Entered: 12/13/2017) |
| 12/13/2017 | 301 | REDACTED VERSION of (252 in 1:15−cv−00546−JFB−SRF) Reply Brief, (270 in 1:15−cv−00542−JFB−SRF) Reply Brief, (279 in 1:15−cv−00543−JFB−SRF) Reply Brief, (258 in 1:15−cv−00547−JFB−SRF) Reply Brief, (286 in 1:15−cv−00545−JFB−SRF) Reply Brief, (250 in 1:15−cv−00544−JFB−SRF) Reply Brief by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Hoeschen, Nathan) (Entered: 12/13/2017) |
| 12/13/2017 | 302 | REDACTED VERSION of (253 in 1:15−cv−00546−JFB−SRF) Appendix, (282 in 1:15−cv−00543−JFB−SRF) Appendix, (273 in 1:15−cv−00542−JFB−SRF, 251 in 1:15−cv−00544−JFB−SRF) Appendix, (259 in 1:15−cv−00547−JFB−SRF) Appendix, (287 in 1:15−cv−00545−JFB−SRF) Appendix by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Attachments: # 1 Tab 7)(Hoeschen, Nathan) Modified on 12/14/2017 (lih). (Entered: 12/13/2017) |
| 12/14/2017 | 303 | REDACTED VERSION of (245 in 1:15−cv−00546−JFB−SRF, 260 in 1:15−cv−00542−JFB−SRF, 243 in 1:15−cv−00544−JFB−SRF, 272 in 1:15−cv−00543−JFB−SRF, 279 in 1:15−cv−00545−JFB−SRF) Memorandum Order. (lih) (Entered: 12/14/2017) |
| 12/15/2017 | 304 | REDACTED VERSION of 284 Reply Brief by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 12/15/2017) |
| 12/15/2017 | 305 | REDACTED VERSION of 285 Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–2)(Farnan, Brian) Modified on 12/18/2017 (lih). (Entered: 12/15/2017) |

| 12/15/2017 | 306 | REDACTED VERSION of (264 in 1:15–cv–00547–JFB–SRF, 278 in 1:15–cv–00542–JFB–SRF, 290 in 1:15–cv–00545–JFB–SRF, 254 in 1:15–cv–00544–JFB–SRF, 256 in 1:15–cv–00546–JFB–SRF, 285 in 1:15–cv–00543–JFB–SRF) MOTION to Exclude Testimony of Dr. Putnam Pursuant to Fed. R. Evid. 702 by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Smith, Rodger) Modified on 12/18/2017 (lih). (Entered: 12/15/2017) |
|---|---|---|
| 12/15/2017 | 307 | REDACTED VERSION of (291 in 1:15–cv–00545–JFB–SRF, 255 in 1:15–cv–00544–JFB–SRF, 286 in 1:15–cv–00543–JFB–SRF, 257 in 1:15–cv–00546–JFB–SRF, 265 in 1:15–cv–00547–JFB–SRF, 279 in 1:15–cv–00542–JFB–SRF) Declaration by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Smith, Rodger) Modified on 12/18/2017 (lih). (Entered: 12/15/2017) |
| 12/18/2017 | 308 | REDACTED VERSION of (281 in 1:15–cv–00542–JFB–SRF) Opening Brief in Support, (257 in 1:15–cv–00544–JFB–SRF) Opening Brief in Support, (268 in 1:15–cv–00547–JFB–SRF) Opening Brief in Support, (293 in 1:15–cv–00545–JFB–SRF) Opening Brief in Support, (259 in 1:15–cv–00546–JFB–SRF) Opening Brief in Support, (288 in 1:15–cv–00543–JFB–SRF) Opening Brief in Support by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.., HTC Corporation, HTC America Inc., Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Palapura, Bindu) Modified on 12/19/2017 (lih). (Entered: 12/18/2017) |
| 12/18/2017 | 309 | REDACTED VERSION of (260 in 1:15–cv–00546–JFB–SRF, 261 in 1:15–cv–00544–JFB–SRF, 269 in 1:15–cv–00547–JFB–SRF, 294 in 1:15–cv–00545–JFB–SRF, 289 in 1:15–cv–00543–JFB–SRF, 282 in 1:15–cv–00542–JFB–SRF) Declaration by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.., HTC Corporation, HTC America Inc., Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A–H)(Palapura, Bindu) Modified on 12/19/2017 (lih). (Entered: 12/18/2017) |
| 12/28/2017 | 310 | NOTICE of Supplemental Authority by Evolved Wireless, LLC (Attachments: # 1 Attachment)(Farnan, Michael) (Entered: 12/28/2017) |
| 01/02/2018 | | ORAL ORDER regarding pending discovery dispute briefing schedule. Plaintiff shall file their opening letter submission, limited to no more than four pages, by no later than 6:00 PM today. Defendants' shall file their responsive letter submission, limited to no more than four pages, by no later than noon on 1/5/2018. Ordered by Judge Sherry R. Fallon on 1/2/2018. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 01/02/2018) |
| 01/02/2018 | 311 | [SEALED] Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Discovery Dispute. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Farnan, Brian) (Main Document 311 replaced on 1/30/2018) (lih). (Entered: 01/02/2018) |
| 01/03/2018 | | Motions No Longer Referred: (264 in 1:15–cv–00547–JFB–SRF, 278 in 1:15–cv–00542–JFB–SRF, 290 in 1:15–cv–00545–JFB–SRF, 254 in 1:15–cv–00544–JFB–SRF, 256 in 1:15–cv–00546–JFB–SRF, 285 in 1:15–cv–00543–JFB–SRF) MOTION to Exclude (275 in 1:15–cv–00542–JFB–SRF) MOTION to Preclude (270 in 1:15–cv–00547–JFB–SRF) MOTION Daubert Motion To Exclude, (287 in 1:15–cv–00543–JFB–SRF) MOTION to Preclude, (262 in 1:15–cv–00547–JFB–SRF) MOTION to Exclude, (257 in 1:15–cv–00542–JFB–SRF) MOTION to Exclude, (280 in 1:15–cv–00542–JFB–SRF, 256 in 1:15–cv–00544–JFB–SRF) MOTION to Preclude, (290 in 1:15–cv–00543–JFB–SRF) MOTION to Preclude, (258 in 1:15–cv–00544–JFB–SRF) MOTION to Preclude, (295 in 1:15–cv–00545–JFB–SRF) MOTION to Preclude,(258 in 1:15–cv–00546–JFB–SRF) MOTION to Exclude, (266 in 1:15–cv–00547–JFB–SRF) MOTION to Exclude, (261 in 1:15–cv–00546–JFB–SRF) MOTION to Preclude, (292 in 1:15–cv–00545–JFB–SRF) MOTION TO EXCLUDE, (283 in 1:15–cv–00542–JFB–SRF) MOTION to Preclude Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 01/03/2018) |
| 01/03/2018 | 312 | Letter to The Honorable Joseph F. Bataillon from Bindu A. Palapura regarding Defendants' request for status conference. (Palapura, Bindu) (Entered: 01/03/2018) |
| 01/05/2018 | 313 | NOTICE OF SERVICE of Evolved Wireless's First Supplemental and Amended Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 01/05/2018) |

| 01/05/2018 | 314 | [SEALED] SEALED Letter to The Honorable Sherry R. Fallon from Kelly E. Farnan regarding Qualcomm Deposition. (Attachments: # 1 Exhibit A)(Farnan, Kelly) (Entered: 01/05/2018) |
|---|---|---|
| 01/05/2018 | | ORAL ORDER– re (312 in 1:15–cv–00545–JFB–SRF, 289 in 1:15–cv–00547–JFB–SRF, 308 in 1:15–cv–00543–JFB–SRF, 273 in 1:15–cv–00544–JFB–SRF, 276 in 1:15–cv–00546–JFB–SRF, 308 in 1:15–cv–00542–JFB–SRF) Letter. A Telephone Conference is set for 1/12/2018 at 02:00 PM before Judge Sherry R. Fallon to discuss modifications to the scheduling order. Counsel for the plaintiff to initiate the call to 302–573–4557. The parties are to submit their respective proposals regarding modifications to the scheduling order re (114 in 1:15–cv–00546–JFB–SRF, 127 in 1:15–cv–00545–JFB–SRF, 114 in 1:15–cv–00547–JFB–SRF, 115 in 1:15–cv–00543–JFB–SRF, 109 in 1:15–cv–00542–JFB–SRF, 103 in 1:15–cv–00544–JFB–SRF) in a joint submission of no more than 5 pages on or before 1/9/2018. Ordered by Judge Sherry R. Fallon on 1/5/2018. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 01/05/2018) |
| 01/09/2018 | 315 | REDACTED VERSION of 311 Letter by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–6)(Farnan, Brian) (Entered: 01/09/2018) |
| 01/09/2018 | 316 | Letter to The Honorable Sherry R. Fallon from David E. Moore regarding case status (filed on behalf of all parties). (Moore, David) (Entered: 01/09/2018) |
| 01/10/2018 | 317 | NOTICE of FINAL WRITTEN DECISIONS IN INTER PARTES REVIEWS OF U.S. PATENT NO. 7,881,236 FINDING ASSERTED CLAIMS INVALID by Samsung Electronics America Inc., Samsung Electronics Co. Ltd. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Russell, Andrew) (Entered: 01/10/2018) |
| 01/12/2018 | 318 | Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Discovery from LG. (Farnan, Brian) Modified on 1/12/2018 (lih). (Entered: 01/12/2018) |
| 01/12/2018 | | REDACTION NOTICE: In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, redacted versions of sealed documents shall be filed electronically within 7 days of the filing of the sealed document. The records of this case do not reflect the filing of a redacted version of DI # 288 . Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 01/12/2018) |
| 01/12/2018 | 319 | REDACTED VERSION of (262 in 1:15–cv–00544–JFB–SRF, 298 in 1:15–cv–00545–JFB–SRF, 288 in 1:15–cv–00542–JFB–SRF, 293 in 1:15–cv–00543–JFB–SRF, 264 in 1:15–cv–00546–JFB–SRF) Letter by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A)(Farnan, Brian) (Entered: 01/12/2018) |
| 01/12/2018 | | ORAL ORDER– Due to the unavailability of defendants Apple and Samsung for trial on the July 23, 2018 date offered by the court during the January 12, 2018 teleconference, the court offers the following alternate trial dates before Judge Bataillon: July 16, 2018 or July 30, 2018. Evolved, Apple, and Samsung are to confer and submit a joint letter to the court on or before January 18, 2018 regarding their preferred trial date in July 2018. The joint letter should also confirm the parties' availability for trial on the November 13, 2018 offered during the teleconference. The court appreciates the parties' cooperation in the selection of a new trial date. Ordered by Judge Sherry R. Fallon on 1/12/2018. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 01/12/2018) |
| 01/12/2018 | 320 | [SEALED] ANSWERING BRIEF in Opposition re 292 MOTION filed by Evolved Wireless, LLC.Reply Brief due date per Local Rules is 1/19/2018. (Farnan, Brian) Modified on 1/16/2018 (lih). (Entered: 01/12/2018) |
| 01/12/2018 | 321 | [SEALED] DECLARATION of Ryan M. Schultz re (284 in 1:15–cv–00544–JFB–SRF) Answering Brief in Opposition, (288 in 1:15–cv–00546–JFB–SRF) Answering Brief in Opposition, (320 in 1:15–cv–00545–JFB–SRF) Answering Brief in Opposition, (319 in 1:15–cv–00543–JFB–SRF) Answering Brief in Opposition by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Farnan, Brian) Modified on 1/16/2018 (lih). (Entered: 01/12/2018) |
| 01/12/2018 | 322 | [SEALED] ANSWERING BRIEF in Opposition re 295 MOTION to Preclude filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..Reply Brief due date per Local Rules is 1/19/2018. (Hoeschen, Nathan) Modified on 1/16/2018 (lih). (Entered: 01/12/2018) |
| 01/12/2018 | 323 | [SEALED] DECLARATION OF TODD M. BRIGGS re 322 Answering Brief in Opposition by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 |

| | | |
|---|---|---|
| | | Exhibit H, # 9 Exhibit I)(Hoeschen, Nathan) Modified on 1/16/2018 (lih). (Entered: 01/12/2018) |
| 01/12/2018 | 324 | [SEALED] ANSWERING BRIEF in Opposition re 290 MOTION to Exclude Testimony of Dr. Putnam Pursuant to Fed. R. Evid. 702 filed by Evolved Wireless, LLC.Reply Brief due date per Local Rules is 1/19/2018. (Farnan, Brian) Modified on 1/16/2018 (lih). (Entered: 01/12/2018) |
| 01/12/2018 | 325 | [SEALED] DECLARATION of Ryan M. Schultz re (290 in 1:15−cv−00546−JFB−SRF) Answering Brief in Opposition, (323 in 1:15−cv−00543−JFB−SRF) Declaration, (286 in 1:15−cv−00544−JFB−SRF) Answering Brief in Opposition, (324 in 1:15−cv−00545−JFB−SRF) Answering Brief in Opposition, (322 in 1:15−cv−00542−JFB−SRF) Answering Brief in Opposition by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Farnan, Brian) Modified on 1/16/2018 (lih). (Entered: 01/12/2018) |
| 01/12/2018 | 326 | [SEALED] DECLARATION of Jonathan D. Putnam re (286 in 1:15−cv−00544−JFB−SRF) Answering Brief in Opposition, (322 in 1:15−cv−00543−JFB−SRF) Answering Brief in Opposition, (324 in 1:15−cv−00545−JFB−SRF) Answering Brief in Opposition, (290 in 1:15−cv−00546−JFB−SRF) Answering Brief in Opposition, (322 in 1:15−cv−00542−JFB−SRF) Answering Brief in Opposition by Evolved Wireless, LLC. (Farnan, Brian) Modified on 1/16/2018 (lih). (Entered: 01/12/2018) |
| 01/12/2018 | | Minute Entry for proceedings held before Judge Sherry R. Fallon − Telephone Conference held on 1/12/2018. (Court Reporter V. Gunning.) Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 01/16/2018) |
| 01/16/2018 | | REMINDER TO ALL COUNSEL: Judge Fallon's chambers does not need courtesy copies of the daubert and summary judgment briefing. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 01/16/2018) |
| 01/16/2018 | 327 | [SEALED] Letter to The Honorable Sherry R. Fallon from Kelly E. Farnan regarding pending discovery dispute. (Hunter, Travis) (Entered: 01/16/2018) |
| 01/17/2018 | | REDACTION NOTICE: In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, redacted versions of sealed documents shall be filed electronically within 7 days of the filing of the sealed document. The records of this case do not reflect the filing of a redacted version of DI # 310 . Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 01/17/2018) |
| 01/17/2018 | | THIRD REDACTION NOTICE: In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, redacted versions of sealed documents shall be filed electronically within 7 days of the filing of the sealed document. The records of this case do not reflect the filing of a redacted version of DI # 217 . Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 01/17/2018) |
| 01/17/2018 | 328 | REDACTED VERSION of 296 Opening Brief in Support by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 01/17/2018) |
| 01/17/2018 | 329 | REDACTED VERSION of 297 Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1−11)(Farnan, Brian) Modified on 1/18/2018 (lih). (Entered: 01/17/2018) |
| 01/18/2018 | 330 | REDACTED VERSION of (204 in 1:15−cv−00544−JFB−SRF, 243 in 1:15−cv−00545−JFB−SRF, 217 in 1:15−cv−00547−JFB−SRF, 217 in 1:15−cv−00542−JFB−SRF, 216 in 1:15−cv−00546−JFB−SRF, 230 in 1:15−cv−00543−JFB−SRF) Letter by ZTE (USA) Inc.. (Hunter, Travis) (Entered: 01/18/2018) |
| 01/18/2018 | 331 | REDACTED VERSION of (310 in 1:15−cv−00542−JFB−SRF, 314 in 1:15−cv−00545−JFB−SRF, 280 in 1:15−cv−00546−JFB−SRF, 277 in 1:15−cv−00544−JFB−SRF, 291 in 1:15−cv−00547−JFB−SRF, 312 in 1:15−cv−00543−JFB−SRF) Letter by ZTE (USA) Inc.. (Hunter, Travis) (Entered: 01/18/2018) |
| 01/18/2018 | 332 | Joint Letter to The Honorable Sherry R. Fallon from Bindu A. Palapura regarding trial date. (Attachments: # 1 Exhibit A−D)(Moore, David) (Entered: 01/18/2018) |
| 01/19/2018 | 333 | REDACTED VERSION of (284 in 1:15−cv−00544−JFB−SRF) Answering Brief in Opposition, (288 in 1:15−cv−00546−JFB−SRF) Answering Brief in Opposition, (320 in 1:15−cv−00545−JFB−SRF) Answering Brief in Opposition, (319 in 1:15−cv−00543−JFB−SRF) Answering Brief in Opposition by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 01/19/2018) |

| 01/19/2018 | 334 | DECLARATION re (285 in 1:15−cv−00544−JFB−SRF, 320 in 1:15−cv−00543−JFB−SRF, 289 in 1:15−cv−00546−JFB−SRF, 321 in 1:15−cv−00545−JFB−SRF) Declaration, by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1−3)(Farnan, Brian) (Entered: 01/19/2018) |
|---|---|---|
| 01/19/2018 | 335 | [SEALED] Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Response to Defendants' January 16, 2018 Letter − re (325 in 1:15−cv−00542−JFB−SRF, 327 in 1:15−cv−00545−JFB−SRF, 293 in 1:15−cv−00546−JFB−SRF, 326 in 1:15−cv−00543−JFB−SRF, 289 in 1:15−cv−00544−JFB−SRF) Letter. (Farnan, Brian) (Entered: 01/19/2018) |
| 01/19/2018 | 336 | REDACTED VERSION of (335 in 1:15−cv−00545−JFB−SRF, 299 in 1:15−cv−00546−JFB−SRF, 332 in 1:15−cv−00543−JFB−SRF, 295 in 1:15−cv−00544−JFB−SRF, 333 in 1:15−cv−00542−JFB−SRF) Letter, by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 01/19/2018) |
| 01/19/2018 | 337 | REDACTED VERSION of (286 in 1:15−cv−00544−JFB−SRF) Answering Brief in Opposition, (322 in 1:15−cv−00543−JFB−SRF) Answering Brief in Opposition, (324 in 1:15−cv−00545−JFB−SRF) Answering Brief in Opposition, (290 in 1:15−cv−00546−JFB−SRF) Answering Brief in Opposition, (322 in 1:15−cv−00542−JFB−SRF) Answering Brief in Opposition, by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 01/19/2018) |
| 01/19/2018 | 338 | REDACTED VERSION of (287 in 1:15−cv−00544−JFB−SRF, 323 in 1:15−cv−00542−JFB−SRF, 291 in 1:15−cv−00546−JFB−SRF, 324 in 1:15−cv−00543−JFB−SRF, 325 in 1:15−cv−00545−JFB−SRF) Declaration,, by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1−9)(Farnan, Brian) (Entered: 01/19/2018) |
| 01/19/2018 | 339 | REDACTED VERSION of (292 in 1:15−cv−00546−JFB−SRF) 325 in 1:15−cv−00543−JFB−SRF, 326 in 1:15−cv−00545−JFB−SRF, 288 in 1:15−cv−00544−JFB−SRF, 324 in 1:15−cv−00542−JFB−SRF) Declaration, by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 01/19/2018) |
| 01/19/2018 | 340 | REDACTED VERSION of 322 Answering Brief in Opposition by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Hoeschen, Nathan) (Entered: 01/19/2018) |
| 01/22/2018 |  | CORRECTING ENTRY: Docket clerk has deleted the redacted version of D.I. 323 previously filed as D.I. 341 due to document being filed improperly. Counsel is advised to refile the document using the correct event code. (lih) (Entered: 01/22/2018) |
| 01/22/2018 | 341 | REDACTED VERSION of 323 Declaration, by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Hoeschen, Nathan) (Entered: 01/22/2018) |
| 01/30/2018 |  | CORRECTING ENTRY: The pdf of the letter filed by evolved wireless on 1/2/18 has been replaced with a revised version of the document. Associated Cases: 1:15−cv−00542−JFB−SRF, 1:15−cv−00543−JFB−SRF, 1:15−cv−00544−JFB−SRF, 1:15−cv−00545−JFB−SRF, 1:15−cv−00546−JFB−SRF(lih) (Entered: 01/30/2018) |
| 02/02/2018 | 342 | [SEALED] REPLY BRIEF re 292 MOTION TO EXCLUDE TESTIMONY OF DR. COOKLEV filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Moore, David) Modified on 2/5/2018 (lih). (Entered: 02/02/2018) |
| 02/02/2018 | 343 | [SEALED] REPLY BRIEF re 295 MOTION to Preclude filed by Evolved Wireless, LLC. (Farnan, Brian) Modified on 2/5/2018 (lih). (Entered: 02/02/2018) |
| 02/02/2018 | 344 | [SEALED] DECLARATION of Ryan M. Schultz re 343 Reply Brief by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1)(Farnan, Brian) Modified on 2/5/2018 (lih). (Entered: 02/02/2018) |
| 02/02/2018 | 345 | REPLY BRIEF re 290 MOTION to Exclude Testimony of Dr. Putnam Pursuant to Fed. R. Evid. 702 filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Smith, Rodger) Modified on 2/5/2018 (lih). (Entered: 02/02/2018) |
| 02/02/2018 | 346 | DECLARATION of Nathaniel C. Love re (305 in 1:15−cv−00544−JFB−SRF) Declaration, (325 in 1:15−cv−00547−JFB−SRF) Reply Brief, (306 in 1:15−cv−00546−JFB−SRF) Reply Brief, (341 in 1:15−cv−00543−JFB−SRF) Reply Brief, (344 in 1:15−cv−00542−JFB−SRF) Reply Brief, (345 in 1:15−cv−00545−JFB−SRF) Reply Brief by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibits U−HH)(Smith, Rodger) Modified on 2/5/2018 (lih). (Entered: 02/02/2018) |

| 02/02/2018 | 347 | [SEALED] BRIEF (Combined Opening and Answering) re 226 MOTION for Summary Judgment, 224 MOTION for Summary Judgment filed by Evolved Wireless, LLC.Answering Brief/Response due date per Local Rules is 2/16/2018. Reply Brief due date per Local Rules is 2/9/2018. (Farnan, Brian) Modified on 2/5/2018 (lih). (Additional attachment(s) added on 2/8/2018: # 1 Appendix) (lih). (Entered: 02/02/2018) |
|---|---|---|
| 02/02/2018 | 348 | [SEALED] DECLARATION of Younghan Song re (346 in 1:15–cv–00542–JFB–SRF) Brief (Combined Opening and Answering), (347 in 1:15–cv–00545–JFB–SRF) Brief (Combined Opening and Answering), (343 in 1:15–cv–00543–JFB–SRF) Brief (Combined Opening and Answering), (309 in 1:15–cv–00546–JFB–SRF) Brief (Combined Opening and Answering), (307 in 1:15–cv–00544–JFB–SRF) Brief (Combined Opening and Answering), by Evolved Wireless, LLC. (Farnan, Brian) Modified on 2/5/2018 (lih). (Entered: 02/02/2018) |
| 02/02/2018 | 349 | [SEALED] DECLARATION of Ryan M. Schultz re 347 Brief (Combined Opening and Answering) by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Farnan, Brian) Modified on 2/5/2018 (lih). (Entered: 02/02/2018) |
| 02/05/2018 | | REMINDER TO ALL COUNSEL: Judge Fallon's chambers does not need courtesy copies of the daubert and summary judgment briefing. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 02/05/2018) |
| 02/08/2018 | | CORRECTING ENTRY: Appendix A has been attached to D.I. 346 per the request of counsel. Associated Cases: 1:15–cv–00542–JFB–SRF, 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00546–JFB–SRF(lih) (Entered: 02/08/2018) |
| 02/09/2018 | 350 | REDACTED VERSION of 343 Reply Brief by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 02/09/2018) |
| 02/09/2018 | 351 | REDACTED VERSION of 344 Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1)(Farnan, Brian) Modified on 2/12/2018 (lih). (Entered: 02/09/2018) |
| 02/09/2018 | 352 | REDACTED VERSION of 347 Brief (Combined Opening and Answering), by Evolved Wireless, LLC. (Attachments: # 1 Appendix A)(Farnan, Brian) (Entered: 02/09/2018) |
| 02/09/2018 | 353 | REDACTED VERSION of 349 Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–9)(Farnan, Brian) Modified on 2/12/2018 (lih). (Entered: 02/09/2018) |
| 02/09/2018 | 354 | REDACTED VERSION of (341 in 1:15–cv–00542–JFB–SRF) Reply Brief, (305 in 1:15–cv–00546–JFB–SRF) Reply Brief, (324 in 1:15–cv–00547–JFB–SRF) Reply Brief, (302 in 1:15–cv–00544–JFB–SRF) Reply Brief, (342 in 1:15–cv–00545–JFB–SRF) Reply Brief, (339 in 1:15–cv–00543–JFB–SRF) Reply Brief by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Moore, David) (Entered: 02/09/2018) |
| 02/09/2018 | 355 | REDACTED VERSION of (310 in 1:15–cv–00546–JFB–SRF, 348 in 1:15–cv–00545–JFB–SRF, 347 in 1:15–cv–00542–JFB–SRF, 344 in 1:15–cv–00543–JFB–SRF, 308 in 1:15–cv–00544–JFB–SRF) Declaration by Evolved Wireless, LLC. (Farnan, Brian) Modified on 2/12/2018 (lih). (Entered: 02/09/2018) |
| 02/16/2018 | 356 | [SEALED] MEMORANDUM ORDER re (307 in 1:15–cv–00542–JFB–SRF) Letter. Signed by Judge Sherry R. Fallon on 2/16/2018.This order has been emailed to local counsel. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 02/16/2018) |
| 02/20/2018 | 357 | [SEALED] ORDER regarding case schedule. Signed by Judge Sherry R. Fallon on 2/20/2018.This order has been emailed to local counsel. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 02/20/2018) |
| 02/27/2018 | 358 | STIPULATION TO EXTEND TIME to File Opening Motions in Limine Briefs and Answering Motions in Limine Briefs to August 30, 2018 and September 27, 2018 – filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Hoeschen, Nathan) (Entered: 02/27/2018) |
| 03/02/2018 | 359 | [SEALED] Letter to The Honorable Sherry R. Fallon from Michael J. Farnan regarding Redactions to the February 16, 2018 Memorandum Order. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Farnan, Michael) (Entered: 03/02/2018) |

| 03/05/2018 | | CORRECTING ENTRY: The objections previously filed on 3/2/18 have been deleted. Revised versions of the documents will be re–filed by counsel at a later time. Associated Cases: 1:15–cv–00542–JFB–SRF, 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF(lih) (Entered: 03/05/2018) |
|---|---|---|
| 03/05/2018 | 360 | [SEALED] OBJECTIONS by Evolved Wireless, LLC to (356 in 1:15–cv–00542–JFB–SRF, 356 in 1:15–cv–00545–JFB–SRF, 316 in 1:15–cv–00544–JFB–SRF, 351 in 1:15–cv–00543–JFB–SRF, 317 in 1:15–cv–00546–JFB–SRF) Memorandum and Order . (Attachments: # 1 Certificate of Compliance)(Farnan, Michael) (Entered: 03/05/2018) |
| 03/08/2018 | | NOTICE: Per Magistrate Judge Fallon's Standing Order Regarding Courtesy Copies, which requires two (2) courtesy copies of all briefs and two (2) copies of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.), please submit to the Clerk's Office a copy of D.I. # 360 . Associated Cases: 1:15–cv–00542–JFB–SRF, 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF(lih) (Entered: 03/08/2018) |
| 03/09/2018 | 361 | REDACTED VERSION of (321 in 1:15–cv–00546–JFB–SRF, 360 in 1:15–cv–00542–JFB–SRF, 319 in 1:15–cv–00544–JFB–SRF, 359 in 1:15–cv–00545–JFB–SRF, 354 in 1:15–cv–00543–JFB–SRF) Letter by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Farnan, Michael) (Entered: 03/09/2018) |
| 03/09/2018 | 362 | REDACTED VERSION of (356 in 1:15–cv–00542–JFB–SRF, 356 in 1:15–cv–00545–JFB–SRF, 316 in 1:15–cv–00544–JFB–SRF, 351 in 1:15–cv–00543–JFB–SRF, 317 in 1:15–cv–00546–JFB–SRF) Memorandum Order. (lih) (Entered: 03/09/2018) |
| 03/09/2018 | 363 | REDACTED VERSION of (361 in 1:15–cv–00542–JFB–SRF, 320 in 1:15–cv–00544–JFB–SRF, 355 in 1:15–cv–00543–JFB–SRF, 322 in 1:15–cv–00546–JFB–SRF, 360 in 1:15–cv–00545–JFB–SRF) Objections, by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 03/09/2018) |
| 03/13/2018 | | Set Deadlines: Proposed Pretrial Order due by 10/11/2018. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 03/13/2018) |
| 03/16/2018 | 364 | [SEALED] RESPONSE TO OBJECTIONS by ZTE (USA) Inc. re (361 in 1:15–cv–00542–JFB–SRF, 320 in 1:15–cv–00544–JFB–SRF, 355 in 1:15–cv–00543–JFB–SRF, 322 in 1:15–cv–00546–JFB–SRF, 360 in 1:15–cv–00545–JFB–SRF) Objections, (356 in 1:15–cv–00542–JFB–SRF, 356 in 1:15–cv–00545–JFB–SRF, 316 in 1:15–cv–00544–JFB–SRF, 351 in 1:15–cv–00543–JFB–SRF, 317 in 1:15–cv–00546–JFB–SRF, 336 in 1:15–cv–00547–JFB–SRF) Memorandum and Order, (341 in 1:15–cv–00547–JFB–SRF) Objections filed on behalf of all Defendants. (Hunter, Travis) Modified on 3/19/2018 (lih). (Entered: 03/16/2018) |
| 03/16/2018 | 365 | MOTION to Strike 348 Declaration – filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Attachments: # 1 Text of Proposed Order)Motions referred to Sherry R. Fallon.(Moore, David) Modified on 3/19/2018 (lih). (Entered: 03/16/2018) |
| 03/16/2018 | 366 | [SEALED] OPENING BRIEF in Support re 365 MOTION to Strike 348 Declaration filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..Answering Brief/Response due date per Local Rules is 4/2/2018. (Moore, David) Modified on 3/19/2018 (lih). (Entered: 03/16/2018) |
| 03/16/2018 | 367 | [SEALED] DECLARATION re (365 in 1:15–cv–00545–JFB–SRF) MOTION to Strike (348) Declaration, (360 in 1:15–cv–00543–JFB–SRF) MOTION to Strike (344) Declaration, (345 in 1:15–cv–00547–JFB–SRF) MOTION to Strike (329) Declaration , (327 in 1:15–cv–00546–JFB–SRF) MOTION to Strike (310) Declaration, (325 in 1:15–cv–00544–JFB–SRF) MOTION to Strike (308) Declaration, (366 in 1:15–cv–00542–JFB–SRF) MOTION to Strike (347) Declaration by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A–P)(Palapura, Bindu) Modified on 3/19/2018 (lih). (Entered: 03/16/2018) |
| 03/26/2018 | 368 | REDACTED VERSION of (328 in 1:15–cv–00546–JFB–SRF) Opening Brief in Support, (361 in 1:15–cv–00543–JFB–SRF) Opening Brief in Support, (326 in 1:15–cv–00544–JFB–SRF) Opening Brief in Support, (367 in 1:15–cv–00542–JFB–SRF) Opening Brief in Support, (346 in |

| | | |
|---|---|---|
| | | 1:15−cv−00547−JFB−SRF) Opening Brief in Support, (366 in 1:15−cv−00545−JFB−SRF) Opening Brief in Support by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Palapura, Bindu) Modified on 3/26/2018 (lih). (Entered: 03/26/2018) |
| 03/26/2018 | 369 | REDACTED VERSION of (327 in 1:15−cv−00544−JFB−SRF, 347 in 1:15−cv−00547−JFB−SRF, 329 in 1:15−cv−00546−JFB−SRF, 368 in 1:15−cv−00542−JFB−SRF, 367 in 1:15−cv−00545−JFB−SRF, 362 in 1:15−cv−00543−JFB−SRF) Declaration by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A−P)(Palapura, Bindu) Modified on 3/26/2018 (lih). (Entered: 03/26/2018) |
| 04/02/2018 | 370 | [SEALED] ANSWERING BRIEF in Opposition re 365 MOTION to Strike 348 Declaration filed by Evolved Wireless, LLC.Reply Brief due date per Local Rules is 4/9/2018. (Farnan, Brian) Modified on 4/3/2018 (lih). (Main Document 370 replaced on 4/6/2018) (lih). (Entered: 04/02/2018) |
| 04/02/2018 | 371 | [SEALED] DECLARATION of Ryan M. Schultz re (365 in 1:15−cv−00543−JFB−SRF) Answering Brief in Opposition, (371 in 1:15−cv−00542−JFB−SRF) Answering Brief in Opposition, (370 in 1:15−cv−00545−JFB−SRF) Answering Brief in Opposition, (330 in 1:15−cv−00544−JFB−SRF) Answering Brief in Opposition, (332 in 1:15−cv−00546−JFB−SRF) Answering Brief in Opposition by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Farnan, Brian) Modified on 4/3/2018 (lih). (Entered: 04/02/2018) |
| 04/03/2018 | | Remark: Counsel is reminded that the court does not need courtesy copies of the daubert/ motion in limine briefing. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 04/03/2018) |
| 04/06/2018 | | CORRECTING ENTRY: The answering brief filed on 4/2/18 has been replaced with a revised version of the document per the request of counsel. Associated Cases: 1:15−cv−00547−JFB−SRF et al.(lih) (Entered: 04/06/2018) |
| 04/09/2018 | 372 | [SEALED] REPLY BRIEF re 365 MOTION to Strike 348 Declaration filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Palapura, Bindu) Modified on 4/10/2018 (lih). (Entered: 04/09/2018) |
| 04/09/2018 | 373 | REDACTED VERSION of (370 in 1:15−cv−00545−JFB−SRF) Answering Brief in Opposition, (330 in 1:15−cv−00544−JFB−SRF) Answering Brief in Opposition, (365 in 1:15−cv−00543−JFB−SRF) Answering Brief in Opposition, (332 in 1:15−cv−00546−JFB−SRF) Answering Brief in Opposition, (371 in 1:15−cv−00542−JFB−SRF) Answering Brief in Opposition, by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 04/09/2018) |
| 04/09/2018 | 374 | REDACTED VERSION of (331 in 1:15−cv−00544−JFB−SRF, 371 in 1:15−cv−00545−JFB−SRF, 372 in 1:15−cv−00542−JFB−SRF, 366 in 1:15−cv−00543−JFB−SRF, 333 in 1:15−cv−00546−JFB−SRF) Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1−7)(Farnan, Brian) Modified on 4/10/2018 (lih). (Entered: 04/09/2018) |
| 04/13/2018 | 375 | [SEALED] BRIEF (Combined Answering and Reply) re 226 MOTION for Summary Judgment, 224 MOTION for Summary Judgment filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..Reply Brief due date per Local Rules is 4/20/2018. (Attachments: # 1 Appendix A & B)(Hoeschen, Nathan) Modified on 4/16/2018 (lih). (Entered: 04/13/2018) |
| 04/13/2018 | 376 | [SEALED] DECLARATION of Michael D. Jay re 375 Brief (Combined Answering and Reply) by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Attachments: # 1 Exhibits A−C)(Hoeschen, Nathan) Modified on 4/16/2018 (lih). (Entered: 04/13/2018) |
| 04/16/2018 | | REMINDER TO ALL COUNSEL: Judge Fallon's chambers does not need courtesy copies of the summary judgment briefing. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 04/16/2018) |
| 04/16/2018 | 377 | REDACTED VERSION of (367 in 1:15−cv−00543−JFB−SRF) Reply Brief, (352 in 1:15−cv−00547−JFB−SRF) Reply Brief, (372 in 1:15−cv−00545−JFB−SRF) Reply Brief, (334 in 1:15−cv−00546−JFB−SRF) Reply Brief, (374 in 1:15−cv−00542−JFB−SRF) Reply Brief, (332 in 1:15−cv−00544−JFB−SRF) Reply Brief by Microsoft Corporation, Microsoft Mobile |

| | | |
|---|---|---|
| | | Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Palapura, Bindu) Modified on 4/17/2018 (lih). (Entered: 04/16/2018) |
| 04/23/2018 | 378 | REDACTED VERSION of (356 in 1:15–cv–00547–JFB–SRF) Brief (Combined Answering and Reply), (335 in 1:15–cv–00544–JFB–SRF) Brief (Combined Answering and Reply), (370 in 1:15–cv–00543–JFB–SRF) Brief (Combined Answering and Reply), (375 in 1:15–cv–00545–JFB–SRF) Brief (Combined Answering and Reply), (337 in 1:15–cv–00546–JFB–SRF) Brief (Combined Answering and Reply), (377 in 1:15–cv–00542–JFB–SRF) Brief (Combined Answering and Reply), by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Attachments: # 1 Appendix A–B)(Palapura, Bindu) (Entered: 04/23/2018) |
| 04/23/2018 | 379 | REDACTED VERSION of (336 in 1:15–cv–00544–JFB–SRF) Declaration, (371 in 1:15–cv–00543–JFB–SRF) Declaration, (378 in 1:15–cv–00542–JFB–SRF) Declaration, (338 in 1:15–cv–00546–JFB–SRF) Declaration, (357 in 1:15–cv–00547–JFB–SRF) Declaration, (376 in 1:15–cv–00545–JFB–SRF) Declaration by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A–C)(Palapura, Bindu) Modified on 4/23/2018 (lih). (Entered: 04/23/2018) |
| 04/27/2018 | 380 | [SEALED] REPLY BRIEF re 226 MOTION for Summary Judgment filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 04/27/2018) |
| 04/27/2018 | 381 | [SEALED] DECLARATION re 380 Reply Brief by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Farnan, Brian) Modified on 4/30/2018 (lih). (Entered: 04/27/2018) |
| 04/30/2018 | | Motions No Longer Referred: (360 in 1:15–cv–00543–JFB–SRF) MOTION to Strike, (345 in 1:15–cv–00547–JFB–SRF) MOTION to Strike, (327 in 1:15–cv–00546–JFB–SRF) MOTION to Strike (325 in 1:15–cv–00544–JFB–SRF) MOTION to Strike, (365 in 1:15–cv–00545–JFB–SRF) MOTION to Strike (348) Declaration Associated Cases: 1:15–cv–00543–JFB–SRF et al.(lih) (Entered: 04/30/2018) |
| 05/04/2018 | 382 | REDACTED VERSION of (340 in 1:15–cv–00544–JFB–SRF) Reply Brief, (380 in 1:15–cv–00545–JFB–SRF) Reply Brief, (382 in 1:15–cv–00542–JFB–SRF) Reply Brief, (342 in 1:15–cv–00546–JFB–SRF) Reply Brief, (375 in 1:15–cv–00543–JFB–SRF) Reply Brief by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 05/04/2018) |
| 05/04/2018 | 383 | REDACTED VERSION of 381 Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–5)(Farnan, Brian) (Entered: 05/04/2018) |
| 06/19/2018 | | CASE REFERRED to Magistrate Judge Burke for Mediation. Please see Standing Order dated January 20, 2016, regarding disclosure of confidential ADR communications. A link to the standing order is provided here for your convenience at http://www.ded.uscourts.gov/general–orders/magistrate–judges–standing–order–adr–mediation Associated Cases: 1:15–cv–00542–JFB–SRF, 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF(lih) (Entered: 06/19/2018) |
| 06/26/2018 | 384 | NOTICE OF SERVICE of Supplemental Expert Report of Jonathan D. Putnam filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 06/26/2018) |
| 06/27/2018 | 385 | [SEALED] NOTICE of Supplemental Facts regarding Defendants' Motion to Exclude Testimony of Dr. Putnam by Evolved Wireless, LLC (Attachments: # 1 Exhibit A)(Farnan, Michael) (Entered: 06/27/2018) |
| 06/28/2018 | 386 | REDACTED VERSION of (385 in 1:15–cv–00545–JFB–SRF) Notice (Other), (382 in 1:15–cv–00543–JFB–SRF) Notice (Other), (347 in 1:15–cv–00546–JFB–SRF) Notice (Other), (391 in 1:15–cv–00542–JFB–SRF) Notice (Other), (345 in 1:15–cv–00544–JFB–SRF) Notice (Other) by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A)(Farnan, Michael) (Entered: 06/28/2018) |
| 07/24/2018 | 387 | ORDER Setting Mediation Conference: A Telephone Conference is set for 8/13/2018 at 10:45 AM before Judge Christopher J. Burke. to discuss ADR. Signed by Judge Christopher J. Burke on 7/23/2018. (dlb) (Entered: 07/24/2018) |

| 07/27/2018 | 388 | NOTICE requesting Clerk to remove Ryan E. Dornberger as co–counsel.. (Farnan, Brian) (Entered: 07/27/2018) |
| 08/03/2018 | 389 | MOTION to Strike Supplemental Expert Report of Jonathan D. Putnam – filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Attachments: # 1 Text of Proposed Order)Motions referred to Sherry R. Fallon.(Palapura, Bindu) Modified on 8/6/2018 (lih). (Entered: 08/03/2018) |
| 08/03/2018 | 390 | [SEALED] OPENING BRIEF in Support re 389 MOTION to Strike Supplemental Expert Report of Jonathan D. Putnam filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..Answering Brief/Response due date per Local Rules is 8/17/2018. (Palapura, Bindu) Modified on 8/6/2018 (lih). (Entered: 08/03/2018) |
| 08/03/2018 | 391 | [SEALED] DECLARATION of Michael D. Jay re 389 MOTION to Strike by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Attachments: # 1 Exhibit A–B)(Palapura, Bindu) Modified on 8/6/2018 (lih). (Entered: 08/03/2018) |
| 08/06/2018 | | Motions No Longer Referred: (389 in 1:15–cv–00545–JFB–SRF) MOTION to Strike,(371 in 1:15–cv–00547–JFB–SRF) MOTION to Strike, (354 in 1:15–cv–00546–JFB–SRF) MOTION to Strike, (396 in 1:15–cv–00542–JFB–SRF) MOTION to Strike, (389 in 1:15–cv–00543–JFB–SRF) MOTION to Strike, (352 in 1:15–cv–00544–JFB–SRF) MOTION to Strike Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 08/06/2018) |
| 08/15/2018 | | ORAL ORDER– IT IS HEREBY ORDERED that: the court shall conduct a status teleconference on 8/28/2018 at 11:00 AM before Judge Sherry R. Fallon to address the issues raised in (387 in 1:15–cv–00543–JFB–SRF) MOTION Non–Lead Defendants' Expedited Motion to Postpone Pre–Trial Conference and Exchange of Trial Material. The court expects counsel for the Apple and Samsung defendants to participate in the call. Ordered by Judge Sherry R. Fallon on 8/15/2018. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 08/15/2018) |
| 08/17/2018 | 392 | STIPULATION Regarding Final Pretrial Order Briefing and Exchange of Materials by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 08/17/2018) |
| 08/17/2018 | | SO ORDERED: Counsel should only file appropriate motions in limine, not issues or claims more appropriate for Summary Judgment or Daubert motions, or for issues generally better decided at trial – re (338 in 1:15–cv–00547–JFB–SRF, 318 in 1:15–cv–00544–JFB–SRF, 358 in 1:15–cv–00545–JFB–SRF, 358 in 1:15–cv––00542–JFB–SRF, 353 in 1:15–cv–00543–JFB–SRF, 320 in 1:15–cv–00546–JFB–SRF) STIPULATION TO EXTEND TIME to File Opening Motions in Limine Briefs and Answering Motions in Limine Briefs to August 30, 2018 and September 27, 2018 filed by Samsung Electronics Co. Ltd., Samsung Electronics America Inc.. Signed by Judge Joseph F. Bataillon on 8/17/18. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(Brunswick, Amy) (Entered: 08/17/2018) |
| 08/17/2018 | 393 | STIPULATION regarding Motions in Limine Briefing by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 08/17/2018) |
| 08/17/2018 | 394 | [SEALED] ANSWERING BRIEF in Opposition re 389 MOTION to Strike Supplemental Expert Report of Jonathan D. Putnam filed by Evolved Wireless, LLC.Reply Brief due date per Local Rules is 8/24/2018. (Farnan, Brian) Modified on 8/20/2018 (lih). (Entered: 08/17/2018) |
| 08/17/2018 | 395 | [SEALED] DECLARATION of Ryan M. Schultz re (362 in 1:15–cv–00546–JFB–SRF) Answering Brief in Opposition, (358 in 1:15–cv–00544–JFB–SRF) Answering Brief in Opposition, (395 in 1:15–cv–00543–JFB–SRF) Answering Brief in Opposition, (394 in 1:15–cv–00545–JFB–SRF) Answering Brief in Opposition, (401 in 1:15–cv–00542–JFB–SRF) Answering Brief in Opposition by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Farnan, Brian) Modified on 8/20/2018 (lih). (Entered: 08/17/2018) |
| 08/17/2018 | 396 | [SEALED] DECLARATION of Jonathan D. Putnam re (394 in 1:15–cv–00545–JFB–SRF) Answering Brief in Opposition, (401 in 1:15–cv–00542–JFB–SRF) Answering Brief in Opposition, (362 in 1:15–cv–00546–JFB–SRF) Answering Brief in Opposition, (358 in 1:15–cv–00544–JFB–SRF) Answering Brief in Opposition, (395 in 1:15–cv–00543–JFB–SRF) Answering Brief in Opposition by Evolved Wireless, LLC. (Farnan, Brian) Modified on 8/20/2018 (lih). (Entered: 08/17/2018) |
| 08/20/2018 | | ORAL ORDER– re (376 in 1:15–cv–00547–JFB–SRF, 393 in 1:15–cv–00543–JFB–SRF, 360 in 1:15–cv–00546–JFB–SRF, 356 in 1:15–cv–00544–JFB–SRF, 399 in 1:15–cv–00542–JFB–SRF, 392 in 1:15–cv–00545–JFB–SRF) STIPULATION Regarding Final |

| | | Pretrial Order Briefing and Exchange of Materials. IT IS HEREBY ORDERED that: counsel shall be prepared to discuss the subject matter of the proposed stipulation and compliance with the August 17, 2018, Oral Order of Judge Bataillon during the status teleconference set in this matter for 8/28/2018 at 11:00 AM. Ordered by Judge Sherry R. Fallon on 8/20/2018. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 08/20/2018) |
|---|---|---|
| 08/24/2018 | 397 | [SEALED] REPLY BRIEF re 389 MOTION to Strike Supplemental Expert Report of Jonathan D. Putnam filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Moore, David) Modified on 9/6/2018 (lih). (Entered: 08/24/2018) |
| 08/24/2018 | 398 | DECLARATION of Charles M. Stiernberg re (404 in 1:15−cv−00542−JFB−SRF) Reply Brief, (361 in 1:15−cv−00544−JFB−SRF) Reply Brief, (397 in 1:15−cv−00545−JFB−SRF) Reply Brief, (365 in 1:15−cv−00546−JFB−SRF) Reply Brief, (381 in 1:15−cv−00547−JFB−SRF) Reply Brief, (398 in 1:15−cv−00543−JFB−SRF) Reply Brief by Apple Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A)(Moore, David) Modified on 9/6/2018 (lih). (Entered: 08/24/2018) |
| 08/24/2018 | 399 | REDACTED VERSION of (394 in 1:15−cv−00545−JFB−SRF) Answering Brief in Opposition, (401 in 1:15−cv−00542−JFB−SRF) Answering Brief in Opposition, (362 in 1:15−cv−00544−JFB−SRF) Answering Brief in Opposition, (358 in 1:15−cv−00546−JFB−SRF) Answering Brief in Opposition, (395 in 1:15−cv−00543−JFB−SRF) Answering Brief in Opposition by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 08/24/2018) |
| 08/24/2018 | 400 | REDACTED VERSION of (402 in 1:15−cv−00542−JFB−SRF, 395 in 1:15−cv−00545−JFB−SRF, 363 in 1:15−cv−00546−JFB−SRF, 396 in 1:15−cv−00543−JFB−SRF, 359 in 1:15−cv−00544−JFB−SRF) Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibits A−C)(Farnan, Brian) Modified on 9/6/2018 (lih). (Entered: 08/24/2018) |
| 08/24/2018 | 401 | REDACTED VERSION of (364 in 1:15−cv−00546−JFB−SRF, 360 in 1:15−cv−00544−JFB−SRF, 396 in 1:15−cv−00545−JFB−SRF, 397 in 1:15−cv−00543−JFB−SRF, 403 in 1:15−cv−00542−JFB−SRF) Declaration by Evolved Wireless, LLC. (Farnan, Brian) Modified on 9/6/2018 (lih). (Entered: 08/24/2018) |
| 08/28/2018 | | ORDER Setting Teleconference: Plaintiff's counsel to initiate the call to (302) 573−4557. A Telephone Conference is set for 9/4/2018 at 03:00 PM before Judge Sherry R. Fallon to discuss the trial schedule. Signed by Judge Sherry R. Fallon on 8/28/2018. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(Polito, Rebecca) (Entered: 08/28/2018) |
| 08/28/2018 | | SO ORDERED, re (357 in 1:15−cv−00544−JFB−SRF, 400 in 1:15−cv−00542−JFB−SRF, 393 in 1:15−cv−00545−JFB−SRF, 394 in 1:15−cv−00543−JFB−SRF, 361 in 1:15−cv−00546−JFB−SRF) Stipulation filed by Evolved Wireless, LLC, (393 in 1:15−cv−00543−JFB−SRF, 360 in 1:15−cv−00546−JFB−SRF, 356 in 1:15−cv−00544−JFB−SRF, 399 in 1:15−cv−00542−JFB−SRF, 392 in 1:15−cv−00545−JFB−SRF) Stipulation filed by Evolved Wireless, LLC. Signed by Judge Sherry R. Fallon on 8/28/2018. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(Polito, Rebecca) (Entered: 08/28/2018) |
| 08/28/2018 | | Minute Entry for proceedings held before Judge Sherry R. Fallon − Telephone Conference held on 8/28/2018. (Court Reporter V. Gunning.) Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 09/04/2018) |
| 08/30/2018 | 402 | MOTION in Limine No. 1− (Exclude Irrelevant And Prejudicial References To Foreignness; Unrelated Products; And Unrelated Matters Involving Samsung) and No.2 (Preclude Evolved From Offering Unsubstantiated And Inflammatory Testimony Regarding Licensing Negotiations) − filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Russell, Andrew) Modified on 9/6/2018 (lih). Modified on 9/21/2018 (lih). (Entered: 08/30/2018) |
| 08/30/2018 | 403 | Joint MOTION in Limine − filed by Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. .(Moore, David) Modified on 9/21/2018 (lih). (Entered: 08/30/2018) |
| 08/30/2018 | 404 | [SEALED] OPENING BRIEF in Support re 402 MOTION in Limine filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..Answering Brief/Response due date per Local Rules is 9/13/2018. (Russell, Andrew) Modified on 9/6/2018 (lih). (Entered: 08/30/2018) |
| 08/30/2018 | 405 | [SEALED] OPENING BRIEF in Support re 403 Joint MOTION in Limine filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..Answering Brief/Response due date per |

| | | |
|---|---|---|
| | | Local Rules is 9/13/2018. (Moore, David) (Entered: 08/30/2018) |
| 08/30/2018 | 406 | [SEALED] DECLARATION of Michael D. Jay re (403 in 1:15–cv–00545–JFB–SRF, 411 in 1:15–cv–00542–JFB–SRF) Joint MOTION in Limine by Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Attachments: # 1 Exhibit A–I)(Moore, David) Modified on 9/6/2018 (lih). (Entered: 08/30/2018) |
| 08/30/2018 | 407 | [SEALED] DECLARATION of Todd M. Briggs re 402 MOTION in Limine by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Russell, Andrew) Modified on 9/6/2018 (lih). (Entered: 08/30/2018) |
| 08/30/2018 | 408 | [SEALED] DECLARATION of Todd M. Briggs re (403 in 1:15–cv–00545–JFB–SRF, 411 in 1:15–cv–00542–JFB–SRF) Joint MOTION in Limine by Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Attachments: # 1 Exhibit A–O)(Moore, David) Modified on 9/6/2018 (lih). (Entered: 08/30/2018) |
| 08/30/2018 | 409 | MOTION in Limine – filed by Evolved Wireless, LLC..(Farnan, Brian) Modified on 9/21/2018 (lih). (Entered: 08/30/2018) |
| 08/30/2018 | 410 | [SEALED] OPENING BRIEF in Support re 409 MOTION in Limine filed by Evolved Wireless, LLC.Answering Brief/Response due date per Local Rules is 9/13/2018. (Farnan, Brian) (Entered: 08/30/2018) |
| 08/30/2018 | 411 | [SEALED] DECLARATION of Ryan M. Schultz re 410 Opening Brief in Support by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8)(Farnan, Brian) Modified on 9/6/2018 (lih). (Entered: 08/30/2018) |
| 08/30/2018 | 412 | [SEALED] OPENING BRIEF in Support re 409 MOTION in Limine filed by Evolved Wireless, LLC.Answering Brief/Response due date per Local Rules is 9/13/2018. (Farnan, Brian) (Entered: 08/30/2018) |
| 08/30/2018 | 413 | [SEALED] DECLARATION re 412 Opening Brief in Support by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1)(Farnan, Brian) (Entered: 08/30/2018) |
| 09/04/2018 | 414 | Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding September 4, 2018 Status Conference. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Farnan, Brian) (Entered: 09/04/2018) |
| 09/04/2018 | | Minute Entry for proceedings held before Judge Sherry R. Fallon – Status Telephone Conference held on 9/4/2018. (Court Reporter V. Gunning.) Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 09/05/2018) |
| 09/04/2018 | | Oral Order: Pursuant to the transcript of the status teleconference on September 4, 2018, the November 13, 2018 trial date in Evolved Wireless, LLC v. Apple Inc. (C.A. No. 15–542–JFB–SRF) is VACATED. On or before September 18, 2018, the parties are to submit a joint proposed scheduling order setting forth pretrial conference dates, trial dates, and lengths of trial for each defendant in accordance with the discussion on the record during the September 4, 2018 status teleconference. Briefing deadlines on the pending motions in limine are suspended pending further order of the court. Ordered by Judge Sherry R. Fallon on 9/4/2018. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 09/05/2018) |
| 09/06/2018 | 415 | REDACTED VERSION of 404 Opening Brief in Support by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Russell, Andrew) (Entered: 09/06/2018) |
| 09/06/2018 | 416 | REDACTED VERSION of 407 Declaration, by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Russell, Andrew) (Entered: 09/06/2018) |
| 09/06/2018 | 417 | REDACTED VERSION of (405 in 1:15–cv–00545–JFB–SRF) Opening Brief in Support, (412 in 1:15–cv–00542–JFB–SRF) Opening Brief in Support by Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Moore, David) (Entered: 09/06/2018) |
| 09/06/2018 | 418 | REDACTED VERSION of (413 in 1:15–cv–00542–JFB–SRF, 406 in 1:15–cv–00545–JFB–SRF) Declaration by Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Attachments: # 1 Exhibit A–I)(Moore, David) Modified on 9/7/2018 (lih). (Entered: 09/06/2018) |

| 09/06/2018 | 419 | REDACTED VERSION of (408 in 1:15–cv–00545–JFB–SRF, 414 in 1:15–cv–00542–JFB–SRF) Declaration by Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Attachments: # 1 Exhibit A–O)(Moore, David) Modified on 9/7/2018 (lih). (Entered: 09/06/2018) |
| 09/06/2018 | 420 | REDACTED VERSION of (416 in 1:15–cv–00542–JFB–SRF) Opening Brief in Support, (410 in 1:15–cv–00545–JFB–SRF) Opening Brief in Support by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 09/06/2018) |
| 09/06/2018 | 421 | REDACTED VERSION of 411 Declaration, by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–8)(Farnan, Brian) (Entered: 09/06/2018) |
| 09/06/2018 | 422 | REDACTED VERSION of 412 Opening Brief in Support by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 09/06/2018) |
| 09/06/2018 | 423 | REDACTED VERSION of 413 Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1)(Farnan, Brian) (Entered: 09/06/2018) |
| 09/18/2018 | 424 | Joint STIPULATION Pretrial Schedule by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 09/18/2018) |
| 09/21/2018 | | Motions No Longer Referred: (409 in 1:15–cv–00545–JFB–SRF, 415 in 1:15–cv–00542–JFB–SRF) MOTION in Limine, (409 in 1:15–cv–00542–JFB–SRF) MOTION in Limine, (402 in 1:15–cv–00545–JFB–SRF) MOTION in Limine, (403 in 1:15–cv–00545–JFB–SRF, 411 in 1:15–cv–00542–JFB–SRF) Joint MOTION in Limine Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 09/21/2018) |
| 09/21/2018 | 425 | ORDER– re (428 in 1:15–cv–00542–JFB–SRF) Stipulation. On or before September 28, 2018, counsel shall submit an amended joint proposed Pretrial and Trial Scheduling Order incorporating the dates listed in this order, as well as the agreed–upon dates for pretrial material exchanges identified in the parties' submission at D.I. 428, pages 9–13. Signed by Judge Sherry R. Fallon on 9/21/2018. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 09/21/2018) |
| 09/25/2018 | 426 | NOTICE of Supplemental Facts Regarding Defendants' Motion to Strike Supplemental Expert Report of Jonathan D. Putnam (D.I. 396) and Motion to Strike Declaration of Younghan Song (D.I. 366) by Evolved Wireless, LLC (Farnan, Brian) (Entered: 09/25/2018) |
| 09/28/2018 | 427 | PROPOSED Amended Pretrial and Trial Scheduling Order by Evolved Wireless, LLC. (Attachments: # 1 Letter to The Honorable Sherry R. Fallon)(Farnan, Brian) Modified on 9/28/2018 (lih). (Entered: 09/28/2018) |
| 10/03/2018 | 428 | SO ORDERED– re 431 PROPOSED Amended Pretrial and Trial Scheduling Order. Set Pretrial and Trial Deadlines: Apple/Samsung Proposed Pretrial Order due by 2/12/2019. HTC/Motorola/ZTE/Microsoft Proposed Pretrial Order due by 12/3/2019. Apple/Samsung Pretrial Conference is set for 3/5/2019 at 10:00 AM in Courtroom 6C before Judge Sherry R. Fallon. Samsung/HTC/Motorola/ZTE/Microsoft Pretrial Conference is set for 12/17/2019 at 10:00 AM in Courtroom 6C before Judge Sherry R. Fallon. (PLEASE REFER TO ORDER FOR FURTHER DEADLINES) Signed by Judge Sherry R. Fallon on 10/3/2018. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) Modified on 10/16/2018 (lih). (Entered: 10/03/2018) |
| 10/16/2018 | | Set Hearings: A Pretrial Conference is set for 12/17/2019 at 10:00 AM in Courtroom 6C before Judge Sherry R. Fallon. Associated Cases: 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF, 1:15–cv–00547–JFB–SRF(lih) (Entered: 10/16/2018) |
| 10/16/2018 | | Set Hearings: A 10–day Jury Trial is set for 1/21/2020 at 09:30 AM before Judge Joseph F. Bataillon. (lih) (Entered: 10/16/2018) |
| 12/31/2018 | 429 | NOTICE requesting Clerk to remove Anthony F. Schlehuber as co–counsel.. (Farnan, Brian) (Entered: 12/31/2018) |
| 01/04/2019 | 430 | NOTICE requesting Clerk to remove Charles Stiernberg as co–counsel.. (Russell, Andrew) (Entered: 01/04/2019) |
| 01/10/2019 | 431 | NOTICE of Supplemental Authority Regarding Defendants' Motion To Exclude Testimony Of Dr. Putnam by Evolved Wireless, LLC (Farnan, Brian) (Entered: 01/10/2019) |

| 01/11/2019 | [432](#) | MOTION for Pro Hac Vice Appearance of Attorney Austin B. Miller – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Brian) (Entered: 01/11/2019) |
|---|---|---|
| 01/11/2019 | | SO ORDERED– re (440 in 1:15–cv–00542–JFB–SRF, 411 in 1:15–cv–00543–JFB–SRF, 374 in 1:15–cv–00544–JFB–SRF, 378 in 1:15–cv–00546–JFB–SRF, 432 in 1:15–cv–00545–JFB–SRF) MOTION for Pro Hac Vice Appearance of Attorney Austin B. Miller. Signed by Judge Sherry R. Fallon on 1/11/2019. Associated Cases: 1:15–cv–00542–JFB–SRF, 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF(lih) (Entered: 01/11/2019) |
| 01/16/2019 | | Pro Hac Vice Attorney Austin B. Miller for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:15–cv–00542–JFB–SRF, 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF(ceg) (Entered: 01/16/2019) |
| 02/11/2019 | [433](#) | NOTICE requesting Clerk to remove Andrew D. Hedden as co–counsel.. (Farnan, Brian) (Entered: 02/11/2019) |
| 02/14/2019 | [435](#) | ORDER; The Magistrate Judge's order (D.I. 172) is adopted. The plaintiff's objections (D.I. 361) are overruled, re (185 in 1:15–cv–00547–JFB–SRF) Objections, (193 in 1:15–cv–00543–JFB–SRF) Objections, (187 in 1:15–cv–00546–JFB–SRF) Objections, (212 in 1:15–cv–00545–JFB–SRF) Objections, (181 in 1:15–cv–00542–JFB–SRF) Objections, and (172 in 1:15–cv–00544–JFB–SRF) Objections. Signed by Judge Joseph F. Bataillon on 2/13/2019. Associated Cases: 1:15–cv–00542–JFB–SRF et al. (nmg) (Entered: 02/14/2019) |
| 02/14/2019 | [436](#) | ORDER; The Magistrate Judge's order (D.I. 356) is adopted. The plaintiffs objections (D.I. 361) are overruled, re (361 in 1:15–cv–00542–JFB–SRF, 320 in 1:15–cv–00544–JFB–SRF, 355 in 1:15–cv–00543–JFB–SRF, 322 in 1:15–cv–00546–JFB–SRF, 360 in 1:15–cv–00545–JFB–SRF) Objections, filed by Evolved Wireless, LLC, (341 in 1:15–cv–00547–JFB–SRF) Objections filed by Evolved Wireless, LLC, (342 in 1:15–cv–00547–JFB–SRF) Objections filed by Evolved Wireless, LLC. Signed by Judge Joseph F. Bataillon on 2/13/2019. Associated Cases: 1:15–cv–00542–JFB–SRF et al. (nmg) (Entered: 02/14/2019) |
| 02/15/2019 | [437](#) | [SEALED] RESPONSE to Motion re [409](#) MOTION in Limine filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Moore, David) (Entered: 02/15/2019) |
| 02/15/2019 | [438](#) | [SEALED] DECLARATION of Susan Acquista re (437 in 1:15–cv–00545–JFB–SRF) Response to Motion, (457 in 1:15–cv–00542–JFB–SRF) Response to Motion by Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Attachments: # [1](#) Exhibit A–H)(Moore, David) Modified on 2/19/2019 (lih). (Entered: 02/15/2019) |
| 02/15/2019 | [439](#) | [SEALED] RESPONSE to Motion re [409](#) MOTION in Limine filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Hoeschen, Nathan) (Entered: 02/15/2019) |
| 02/15/2019 | [440](#) | [SEALED] DECLARATION OF TODD M. BRIGGS re [437](#) Response to Motion by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Hoeschen, Nathan) Modified on 2/19/2019 (lih). (Entered: 02/15/2019) |
| 02/15/2019 | [441](#) | [SEALED] ANSWERING BRIEF in Opposition re [403](#) Joint MOTION in Limine filed by Evolved Wireless, LLC.Reply Brief due date per Local Rules is 2/22/2019. (Farnan, Brian) (Entered: 02/15/2019) |
| 02/15/2019 | [442](#) | [SEALED] DECLARATION of Ryan M. Schultz re (441 in 1:15–cv–00545–JFB–SRF) Answering Brief in Opposition, (460 in 1:15–cv–00542–JFB–SRF) Answering Brief in Opposition by Evolved Wireless, LLC. (Attachments: # [1](#) Exhibit 1, # [2](#) Exhibit 2, # [3](#) Exhibit 3, # [4](#) Exhibit 4, # [5](#) Exhibit 5, # [6](#) Exhibit 6, # [7](#) Exhibit 7, # [8](#) Exhibit 8)(Farnan, Brian) Modified on 2/19/2019 (lih). (Entered: 02/15/2019) |
| 02/15/2019 | [443](#) | [SEALED] ANSWERING BRIEF in Opposition re [402](#) MOTION in Limine filed by Evolved Wireless, LLC.Reply Brief due date per Local Rules is 2/22/2019. (Farnan, Brian) Modified on 2/19/2019 (lih). (Entered: 02/15/2019) |
| 02/21/2019 | | CORRECTING ENTRY: D.I. 434 has been placed under seal per the joint request of counsel. (lih) (Entered: 02/21/2019) |

| 02/21/2019 | 444 | REDACTED VERSION re 434 Proposed Pretrial Order by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–5)(Farnan, Brian) Modified on 2/21/2019 (lih). (Entered: 02/21/2019) |
| 02/21/2019 | 445 | [SEALED] NOTICE of Supplemental Facts in support of its Combined Opening–Answering Brief Regarding Defendants' Affirmative Defenses Alleging License, Covenant Not to Sue, and Exhaustion by Evolved Wireless, LLC (Farnan, Brian) (Entered: 02/21/2019) |
| 02/21/2019 | 446 | [SEALED] DECLARATION of Ryan M. Schultz re (382 in 1:15–cv–00546–JFB–SRF, 466 in 1:15–cv–00542–JFB–SRF, 378 in 1:15–cv–00544–JFB–SRF, 416 in 1:15–cv–00543–JFB–SRF, 445 in 1:15–cv–00545–JFB–SRF) Notice by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Farnan, Brian) Modified on 2/21/2019 (lih). (Entered: 02/21/2019) |
| 02/21/2019 | | CORRECTING ENTRY: The text of D.I. 444 has been modified to link the document to the correct filing. (lih) (Entered: 02/21/2019) |
| 02/21/2019 | 447 | MEMORANDUM AND ORDER. Signed by Judge Joseph F. Bataillon on 2/21/2019. Associated Cases: 1:15–cv–00543–JFB–SRF et al.(nmg) (Entered: 02/21/2019) |
| 02/22/2019 | 448 | REDACTED VERSION of (437 in 1:15–cv–00545–JFB–SRF) Response to Motion, (457 in 1:15–cv–00542–JFB–SRF) Response to Motion by Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Moore, David) (Entered: 02/22/2019) |
| 02/22/2019 | 449 | REDACTED VERSION of (458 in 1:15–cv–00545–JFB–SRF, 438 in 1:15–cv–00545–JFB–SRF) Declaration by Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Attachments: # 1 Exhibit A–H)(Moore, David) Modified on 2/26/2019 (lih). (Entered: 02/22/2019) |
| 02/22/2019 | 450 | REDACTED VERSION of 439 Response to Motion by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Russell, Andrew) (Entered: 02/22/2019) |
| 02/22/2019 | 451 | REDACTED VERSION of 440 Declaration by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Russell, Andrew) (Entered: 02/22/2019) |
| 02/22/2019 | 452 | REDACTED VERSION of (461 in 1:15–cv–00542–JFB–SRF) Declaration, by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 02/22/2019) |
| 02/22/2019 | 453 | REDACTED VERSION of (460 in 1:15–cv–00542–JFB–SRF) Answering Brief in Opposition by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 02/22/2019) |
| 02/22/2019 | 454 | REDACTED VERSION of 443 Answering Brief in Opposition by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 02/22/2019) |
| 02/28/2019 | 455 | [SEALED] Proposed Joint Preliminary Jury Instructions by Evolved Wireless, LLC (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Farnan, Brian) Modified on 3/1/2019 (lih). (Entered: 02/28/2019) |
| 02/28/2019 | 456 | [SEALED] Proposed Joint Final Jury Instructions by Evolved Wireless, LLC (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Farnan, Brian) Modified on 3/1/2019 (lih). (Entered: 02/28/2019) |
| 02/28/2019 | 457 | [SEALED] Plaintiff's Proposed VERDICT SHEET by Evolved Wireless, LLC (Farnan, Brian) Modified on 3/1/2019 (lih). (Entered: 02/28/2019) |
| 02/28/2019 | 458 | [SEALED] Samsung's Proposed VERDICT SHEET by Evolved Wireless, LLC (Farnan, Brian) Modified on 3/1/2019 (lih). (Entered: 02/28/2019) |
| 03/01/2019 | 459 | REDACTED VERSION of (416 in 1:15–cv–00543–JFB–SRF, 382 in 1:15–cv–00546–JFB–SRF, 466 in 1:15–cv–00542–JFB–SRF, 378 in 1:15–cv–00544–JFB–SRF, 445 in 1:15–cv–00545–JFB–SRF) Notice (Other) by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 03/01/2019) |
| 03/01/2019 | 460 | REDACTED VERSION of (383 in 1:15–cv–00546–JFB–SRF, 379 in 1:15–cv–00544–JFB–SRF, 417 in 1:15–cv–00543–JFB–SRF, 467 in 1:15–cv–00542–JFB–SRF, 446 in 1:15–cv–00545–JFB–SRF) Declaration, by Evolved Wireless, LLC. (Attachments: # 1 Exhibits A–C)(Farnan, Brian) (Entered: 03/01/2019) |
| 03/01/2019 | 461 | [SEALED] MOTION for Reconsideration re (447 in 1:15–cv–00545–JFB–SRF, 468 in 1:15–cv–00542–JFB–SRF, 384 in 1:15–cv–00546–JFB–SRF, 380 in 1:15–cv–00544–JFB–SRF, 418 in 1:15–cv–00543–JFB–SRF) Memorandum and Order – filed |

| | | by Evolved Wireless, LLC. (Attachments: # 1 Text of Proposed Order).(Farnan, Michael) Modified on 3/1/2019 (lih). (Entered: 03/01/2019) |
|---|---|---|
| 03/01/2019 | 462 | DECLARATION of Ryan M. Schultz re (383 in 1:15−cv−00544−JFB−SRF, 461 in 1:15−cv−00545−JFB−SRF, 421 in 1:15−cv−00543−JFB−SRF, 387 in 1:15−cv−00546−JFB−SRF, 487 in 1:15−cv−00542−JFB−SRF) MOTION for Reconsideration re (447 in 1:15−cv−00545−JFB−SRF, 468 in 1:15−cv−00542−JFB−SRF, 384 in 1:15−cv−00546−JFB−SRF, 380 in 1:15−cv−00544−JFB−SRF, 418 in 1:15−cv−00543−JFB−SRF) Memorandum and Order by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A)(Farnan, Michael) Modified on 3/1/2019 (lih). (Entered: 03/01/2019) |
| 03/04/2019 | | Motions No Longer Referred: (383 in 1:15−cv−00544−JFB−SRF, 421 in 1:15−cv−00543−JFB−SRF, 387 in 1:15−cv−00546−JFB−SRF, 487 in 1:15−cv−00542−JFB−SRF, 461 in 1:15−cv−00545−JFB−SRF) MOTION for Reconsideration re (447 in 1:15−cv−00545−JFB−SRF, 468 in 1:15−cv−00542−JFB−SRF, 384 in 1:15−cv−00546−JFB−SRF, 380 in 1:15−cv−00544−JFB−SRF, 418 in 1:15−cv−00543−JFB−SRF) Memorandum Order Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 03/04/2019) |
| 03/05/2019 | | Minute Entry for proceedings held before Judge Sherry R. Fallon − Pretrial Conference held on 3/5/2019. (Court Reporter T. Carroll (Hawkins Reporting).) Associated Cases: 1:15−cv−00542−JFB−SRF, 1:15−cv−00545−JFB−SRF(lih) (Entered: 03/05/2019) |
| 03/05/2019 | | Oral Order: IT IS HEREBY ORDERED, for the reasons stated at the Pretrial Conference on March 5, 2019, that the Joint Proposed Pretrial Order (Pretrial Order) (D.I.434) is ADOPTED, and the parties shall proceed as follows: (1) On or before November 1, 2019, the parties shall submit a joint letter to the court regarding whether the follow−up pretrial conference scheduled for December 17, 2019 at 10:00 a.m. is necessary; (2) On or before January 9, 2020, the parties shall submit copies of the trial exhibits on a flash drive mailed to Judge Bataillon's chambers in the United States District Court for the District of Nebraska, located in Omaha, Nebraska; (3) On or before January 9, 2020, the parties shall email copies of the proposed jury instructions and proposed voir dire to Judge Bataillon's chambers in Word format; and (4) On January 17, 2020, the parties shall deliver hard copies of the exhibits to the United States District Court for the District of Delaware. Counsel shall contact Robert Cruikshank or Nicole Gland at 302−573−6170 to coordinate delivery of the exhibits. Ordered by Judge Sherry R. Fallon on 3/5/2019. (lih) (Entered: 03/05/2019) |
| 03/07/2019 | 463 | ORDER: Defendants' motions for a summary judgment of non−infringement (D.I. 193 in 1:15cv542; D.I. 207 in 1:15cv543; D.I. 182 in 1:15cv544; D.I. 223 in 1:15cv545; D.I. in 1:15cv546; D.I. 197 in 1:15cv547) are denied. Signed by Judge Joseph F. Bataillon on 3/7/2019. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(nmg) (Entered: 03/07/2019) |
| 03/07/2019 | 464 | REDACTED VERSION of 455 Proposed Jury Instructions by Evolved Wireless, LLC. (Attachments: # 1 Exhibits A−B)(Farnan, Brian) (Entered: 03/07/2019) |
| 03/07/2019 | 465 | REDACTED VERSION of 456 Proposed Jury Instructions by Evolved Wireless, LLC. (Attachments: # 1 Exhibits A−B)(Farnan, Brian) (Entered: 03/07/2019) |
| 03/07/2019 | 466 | REDACTED VERSION of 457 Verdict Sheet by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 03/07/2019) |
| 03/07/2019 | 467 | REDACTED VERSION of 458 Verdict Sheet by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 03/07/2019) |
| 03/07/2019 | 468 | MEMORANDUM AND ORDER. Signed by Judge Joseph F. Bataillon on 3/7/2019. Associated Cases: 1:15−cv−00542−JFB−SRF, 1:15−cv−00545−JFB−SRF(nmg) (Entered: 03/08/2019) |
| 03/08/2019 | 469 | REDACTED VERSION of (383 in 1:15−cv−00544−JFB−SRF, 461 in 1:15−cv−00545−JFB−SRF, 421 in 1:15−cv−00543−JFB−SRF, 387 in 1:15−cv−00546−JFB−SRF, 487 in 1:15−cv−00542−JFB−SRF) MOTION for Reconsideration re (447 in 1:15−cv−00545−JFB−SRF, 468 in 1:15−cv−00542−JFB−SRF, 384 in 1:15−cv−00546−JFB−SRF, 380 in 1:15−cv−00544−JFB−SRF, 418 in 1:15−cv−00543−JFB−SRF) Memorandum and Order by Evolved Wireless, LLC. (Attachments: # 1 Text of Proposed Order)(Farnan, Michael) (Entered: 03/08/2019) |
| 03/13/2019 | 470 | MEMORANDUM AND ORDER − 1. Defendant Apple Inc.s motion to preclude testimony of Dr. Jonathan D. Putnam is denied; 2. Defendants joint motion to preclude testimony of Dr. Jonathan D. Putnam is denied. 3. Defendant Apple Inc.s motion to preclude the testimony of Dr. |

Todor Cooklev is denied. 4. Plaintiff Evolved Wireless LLCs motion to preclude the defendants experts is granted in part and denied in part as set forth in this order. (SEE ORDER FOR DETAILS)*********re (264 in 1:15–cv–00547–JFB–SRF, 278 in 1:15–cv–00542–JFB–SRF, 290 in 1:15–cv–00545–JFB–SRF, 254 in 1:15–cv–00544–JFB–SRF, 256 in 1:15–cv–00546–JFB–SRF, 285 in 1:15–cv–00543–JFB–SRF) MOTION to Exclude Testimony of Dr. Putnam Pursuant to Fed. R. Evid. 702 *(Defendants' Joint Motion)* filed by Nokia Inc., Samsung Electronics Co. Ltd., Microsoft Mobile Oy, ZTE (USA) Inc., Apple Inc., HTC America Inc., Samsung Electronics HTC Corporation, Samsung Electronics America Inc., Motorola Mobility LLC, (275 in 1:15–cv–00542–JFB–SRF) MOTION to Preclude *Testimony of Dr. Putnam Pursuant to Fed. R. Evid. 702* filed by Apple Inc., (287 in 1:15–cv–00543–JFB–SRF) MOTION to Preclude *Testimony of Dr. Cooklev Pursuant to Fed. R. Evid. 702 and 403* filed by HTC America Inc., HTC Corporation, (280 in 1:15–cv–00542–JFB–SRF, 256 in 1:15–cv–00544–JFB–SRF) MOTION to Preclude *Testimony of Dr. Cooklev Pursuant to Fed. R. Evid. 702 and 403* filed by Apple Inc., Motorola Mobility LLC, (290 in 1:15–cv–00543–JFB–SRF) MOTION to Preclude *Defendants' Experts* filed by Evolved Wireless, LLC, (258 in 1:15–cv–00544–JFB–SRF) MOTION to Preclude *Defendant's Experts* filed by Evolved Wireless, LLC, (295 in 1:15–cv–00545–JFB–SRF) MOTION to Preclude *Defendants' Experts* filed by Evolved Wireless, LLC, (258 in 1:15–cv–00546–JFB–SRF) MOTION to Exclude Testimony of Dr. Cooklev Pursuant to Fed. R. Evid. 702 and 403 filed by ZTE (USA) Inc., (389 in 1:15–cv–00543–JFB–SRF) MOTION to Strike *Supplemental Expert Report of Jonathan D. Putnam* filed by HTC America Inc., HTC Corporation, (352 in 1:15–cv–00544–JFB–SRF) MOTION to Strike *Supplemental Expert Report of Jonathan D. Putnam* filed by Motorola Mobility LLC, (261 in 1:15–cv–00546–JFB–SRF) MOTION to Preclude *Defendant's Experts* filed by Evolved Wireless, LLC, (292 in 1:15–cv–00545–JFB–SRF) MOTION [DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF DR. COOKLEV PURSUANT TO FED. R. EVID. 702 AND 403] filed by Samsung Electronics Co. Ltd., Samsung Electronics America Inc., (283 in 1:15–cv–00542–JFB–SRF) MOTION to Preclude *Defendant's Experts* filed by Evolved Wireless, LLC, (389 in 1:15–cv–00543–JFB–SRF) MOTION to Strike *Supplemental Expert Report of Jonathan D. Putnam* filed by Samsung Electronics Co. Ltd., Samsung Electronics America Inc., (354 in 1:15–cv–00546–JFB–SRF) MOTION to Strike *Supplemental Expert Report of Jonathan D. Putnam* filed by ZTE (USA) Inc.. Signed by Judge Joseph F. Bataillon on 3/12/19. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(rwc) (Entered: 03/13/2019)

| | | |
|---|---|---|
| 03/15/2019 | 471 | (SEALED) ANSWERING BRIEF in Opposition re 461 MOTION for Reconsideration re (447 in 1:15–cv–00545–JFB–SRF, 468 in 1:15–cv–00542–JFB–SRF, 384 in 1:15–cv–00546–JFB–SRF, 380 in 1:15–cv–00544–JFB–SRF, 418 in 1:15–cv–00543–JFB–SRF) Memorandum Order and NOTICE OF PARTIAL JOINDER filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..Reply Brief due date per Local Rules is 3/22/2019. (Russell, Andrew) Modified on 3/18/2019 (lih). (Entered: 03/15/2019) |
| 03/22/2019 | 472 | ORDER: Plaintiffs Motion to Reconsider, D.I. 487 , this Courts Memorandum and Order, is DENIED without prejudice (*Corresponding motions are as follows: 383 in 1:15–cv–00544–JFB–SRF, 461 in 1:15–cv–00545–JFB–SRF, 421 in 1:15–cv–00543–JFB–SRF, 387 in 1:15–cv–00546–JFB–SRF, 405 in 1:15–cv–00547–JFB–SRF). Signed by Judge Joseph F. Bataillon on 3/21/2019. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(ceg) (Entered: 03/22/2019) |
| 03/22/2019 | 473 | REDACTED VERSION of 471 Answering Brief in Opposition, by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Russell, Andrew) (Entered: 03/22/2019) |
| 03/28/2019 | 474 | MEMORANDUM AND ORDER. Signed by Judge Joseph F. Bataillon on 3/28/2019. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(nmg) (Entered: 03/28/2019) |
| 05/01/2019 | 475 | NOTICE requesting Clerk to remove Marla R. Butler as co–counsel.. (Farnan, Brian) (Entered: 05/01/2019) |
| 06/06/2019 | | ORAL ORDER – Oral Order: On or before June 13, 2019, counsel shall submit a joint status letter of no more than ten (10) pages addressing: (1) whether there are any outstanding discovery issues or other matters to be addressed by this court prior to the December 17, 2019 pretrial conference; (2) whether additional motion practice, if any, is necessary prior to the pretrial conference; (3) whether each case remains prepared to proceed to trial on the existing schedule; (4) whether the remaining parties have proposals for streamlining the remaining cases prior to trial; and (5) following the submission of the joint status letter, a status conference or teleconference may be scheduled at the convenience of the court. Signed by Judge Sherry R. Fallon on 6/6/2019. Associated Cases: 1:15–cv–00545–JFB–SRF, 1:15–cv–00543–JFB–SRF, |

| | | |
|---|---|---|
| | | 1:15−cv−00544−JFB−SRF, 1:15−cv−00546−JFB−SRF, 1:15−cv−00547−JFB−SRF(Polito, Rebecca) (Entered: 06/06/2019) |
| 06/13/2019 | 476 | Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Response to the Court's June 6, 2019 Oral Order. (Farnan, Brian) Modified on 6/14/2019 (lih). (Entered: 06/13/2019) |
| 08/29/2019 | 477 | STIPULATION to Stay Proceedings Pending Resolution of Appeals of the August 9, 2019 Final Judgment in the Evolved v. Apple Case by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 08/29/2019) |
| 08/30/2019 | 478 | ORDER, A hearing on the licensing/patent exhaustion issues and proposed stay will be held at 9:00 AM, on September 13, 2019 before the undersigned in Courtroom No. 6C, J. Caleb Boggs Federal Building, 844 North King Street, Wilmington, DE. Signed by Judge Joseph F. Bataillon on 8/30/2019. Associated Cases: 1:15−cv−00543−JFB−SRF et al. (lak) (Entered: 08/30/2019) |
| 09/13/2019 | | Minute Entry for proceedings held before Judge Joseph F. Bataillon − Hearing regarding licensing/patent exhaustion issues and proposed stay held on 9/13/2019. (Court Reporter Jennifer Guy.) Associated Cases: 1:15−cv−00543−JFB−SRF, 1:15−cv−00544−JFB−SRF, 1:15−cv−00546−JFB−SRF, 1:15−cv−00547−JFB−SRF(amf) (Entered: 09/13/2019) |
| 09/16/2019 | | ORAL ORDER− IT IS HEREBY ORDERED that: the pretrial conference set in this matter for 12/17/2019 is CANCELLED. Ordered by Judge Sherry R. Fallon on 9/16/2019. Associated Cases: 1:15−cv−00543−JFB−SRF, 1:15−cv−00544−JFB−SRF, 1:15−cv−00545−JFB−SRF, 1:15−cv−00546−JFB−SRF, 1:15−cv−00547−JFB−SRF(lih) (Entered: 09/16/2019) |
| 09/20/2019 | 479 | Letter to The Honorable Joseph F. Bataillon from Travis S. Hunter regarding response to the Court's inquiry concerning whether the Defendants intend to file supplemental briefing on licensing/patent exhaustion issues − re Discovery Hearing,. (Hunter, Travis) (Entered: 09/20/2019) |
| 10/11/2019 | 480 | NOTICE of Subsequent Authority by Samsung Electronics America Inc., Samsung Electronics Co. Ltd. (Attachments: # 1 Exhibit A)(Shaw, John) (Entered: 10/11/2019) |
| 11/15/2019 | 481 | Official Transcript of Oral Argument held on 09/13/19 before Judge Joseph F. Bataillon. Court Reporter/Transcriber Jennifer Guy,Email: Jennifer_Guy@verizon.net. Transcript may be viewed at the court public terminal or order/purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date, it may be obtained through PACER. Redaction Request due 12/6/2019. Redacted Transcript Deadline set for 12/16/2019. Release of Transcript Restriction set for 2/13/2020. (Triozzi, Heather) (Entered: 11/15/2019) |
| 12/03/2019 | 482 | [SEALED] MEMORANDUM AND ORDER − See attached Order for details. (Associated cases − 1:15−cv−00543−JFB−SRF; 1:15−cv−00544−JFB−SRF; 1:15−cv−00545−JFB−SRF; 1:15−cv−00546−JFB−SRF; 1:15−cv−00547−JFB−SRF) Signed by Judge Joseph F. Bataillon on 12/3/2019.This order has been emailed to local counsel. (amf) (Entered: 12/04/2019) |
| 12/03/2019 | 483 | [SEALED] JUDGMENT (Associated cases − 1:15−cv−00543−JFB−SRF; 1:15−cv−00544−JFB−SRF; 1:15−cv−00545−JFB−SRF; 1:15−cv−00546−JFB−SRF; 1:15−cv−00547−JFB−SRF) Signed by Judge Joseph F. Bataillon on 12/3/2019.This Judgment has been emailed to local counsel. (amf) (Entered: 12/04/2019) |
| 12/06/2019 | 484 | NOTICE of Intent to Request Redaction by David Ellis Moore re (481 in 1:15−cv−00545−JFB−SRF) Transcript,, (398 in 1:15−cv−00544−JFB−SRF) Transcript,, (436 in 1:15−cv−00543−JFB−SRF) Transcript,, (401 in 1:15−cv−00546−JFB−SRF) Transcript,, (419 in 1:15−cv−00547−JFB−SRF) Transcript,, (549 in 1:15−cv−00542−JFB−SRF) Transcript,, (Moore, David) (Entered: 12/06/2019) |
| 12/11/2019 | | CORRECTING ENTRY: The letter previously filed on 12/10/2019 has been deleted per the request of counsel. The letter will be re−filed shortly. Associated Cases: 1:15−cv−00543−JFB−SRF et al.(lih) (Entered: 12/11/2019) |
| 12/12/2019 | 485 | MOTION for Pro Hac Vice Appearance of Attorney Eric M. Albritton, Andrew J. Wright, and Christopher G. Granaghan − filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Brian) (Entered: 12/12/2019) |
| 12/13/2019 | | SO ORDERED− re (402 in 1:15−cv−00544−JFB−SRF, 485 in 1:15−cv−00545−JFB−SRF, 405 in 1:15−cv−00546−JFB−SRF, 440 in 1:15−cv−00543−JFB−SRF) MOTION for Pro Hac Vice |

| | | Appearance of Attorney Eric M. Albritton, Andrew J. Wright, and Christopher G. Granaghan. Signed by Judge Sherry R. Fallon on 12/13/2019. Associated Cases: 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF(lih) (Entered: 12/13/2019) |
|---|---|---|
| 12/13/2019 | | Pro Hac Vice Attorney Christopher G. Granaghan for Evolved Wireless, LLC. added for electronic noticing. Pursuant to Local Rule 83.5 (d), Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF(sam) (Entered: 12/13/2019) |
| 12/13/2019 | | Pro Hac Vice Attorney Andrew J. Wright,Eric M. Albritton for Evolved Wireless, LLC,added for electronic noticing. Pursuant to Local Rule 83.5 (d), Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF(sam) (Entered: 12/13/2019) |
| 12/17/2019 | 486 | STIPULATION TO EXTEND TIME for the paties to file a motion to redact portions of the sealed transcript of the September 13, 2019 motions hearing to December 23, 2019 – filed by HTC America Inc., HTC Corporation. (Rovner, Philip) (Entered: 12/17/2019) |
| 12/17/2019 | 487 | Letter to The Honorable Joseph F. Bataillon from Brian E. Farnan regarding Proposed Redacted Version of the Court's December 3, 2019 Memorandum and Order – re (437 in 1:15–cv–00543–JFB–SRF, 482 in 1:15–cv–00545–JFB–SRF, 399 in 1:15–cv–00544–JFB–SRF, 420 in 1:15–cv–00547–JFB–SRF, 402 in 1:15–cv–00546–JFB–SRF) Memorandum and Order,. (Attachments: # 1 Attachment)(Farnan, Brian) (Entered: 12/17/2019) |
| 12/18/2019 | 488 | STIPULATION TO EXTEND TIME to file a Motion for Reargument of the Court's Order to 1/2/2020 – filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 12/18/2019) |
| 12/30/2019 | 489 | ORDER re D.I. 488 , the deadline for a motion for reargument of the Courts Order shall be extended until January 2, 2020. Signed by Judge Joseph F. Bataillon on 12/30/2019. (lak) (Entered: 12/30/2019) |
| 01/02/2020 | 490 | STIPULATION to Remove Certain Samsung Products from the Case and Enter Final Judgment by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 01/02/2020) |
| 01/07/2020 | 491 | JUDGMENT in favor of Samsung Electronics America Inc., Samsung Electronics Co. Ltd. against Evolved Wireless, LLC (CASE CLOSED). Signed by Judge Joseph F. Bataillon on 1/7/2020. (lak) (Entered: 01/07/2020) |
| 01/09/2020 | 492 | NOTICE OF APPEAL to the Federal Circuit of 491 Judgment, 482 Memorandum and Order, 483 Judgment, . Appeal filed by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 01/09/2020) |
| 01/09/2020 | | APPEAL – Credit Card Payment of $505.00 received re 492 Notice of Appeal (Federal Circuit) filed by Evolved Wireless, LLC. ( Filing fee $505, receipt number 0311–2821118.) (Farnan, Michael) (Entered: 01/09/2020) |
| 01/17/2020 | | Notice of Appeal and Docket Sheet to US Court of Appeals for the Federal Circuit re 492 Notice of Appeal (Federal Circuit). (kmd) (Entered: 01/17/2020) |
| 01/17/2020 | 493 | NOTICE of Docketing Record on Appeal from USCA for the Federal Circuit re 492 Notice of Appeal (Federal Circuit) filed by Evolved Wireless, LLC. USCA Case Number 20–1363 (kmd) (Entered: 01/17/2020) |
| 02/13/2020 | 494 | NOTICE of Change in Firm Affiliation by Samsung Electronics America Inc., Samsung Electronics Co. Ltd. *as to R. Paul Zeineddin* (Russell, Andrew) (Entered: 02/13/2020) |

CLOSED,APPEAL,CASREF,MEDIATION−CJB,PATENT,VACANTJUDGESHIP−2017

**U.S. District Court**
**District of Delaware (Wilmington)**
**CIVIL DOCKET FOR CASE #: 1:15−cv−00546−JFB−SRF**

Evolved Wireless, LLC v. ZTE Corporation et al
Assigned to: Judge Joseph F. Bataillon
Referred to: Judge Sherry R. Fallon
Related Cases:  1:15−cv−00543−JFB−SRF
     1:15−cv−00542−JFB−SRF
     1:15−cv−00544−JFB−SRF
     1:15−cv−00545−JFB−SRF
     1:15−cv−00547−JFB−SRF
Case in other court:  Federal Circuit, 20−01339
Cause: 35:271 Patent Infringement

Date Filed: 06/25/2015
Date Terminated: 12/03/2019
Jury Demand: Plaintiff
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**Evolved Wireless, LLC**

represented by **Brian E. Farnan**
Farnan LLP
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777−0300
Fax: (302) 777−0301
Email: bfarnan@farnanlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrea L. Gothing**
Email: agothing@robinskaplan.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Andrew D. Hedden**
Email: ahedden@robinskaplan.com
*TERMINATED: 02/11/2019*
*PRO HAC VICE*

**Andrew J. Wright**
Email: andrew@nbafirm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Annie Huang**
Email: ahuang@RobinsKaplan.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anthony F. Schlehuber**
Email: aschlehuber@bakerdonelson.com
*TERMINATED: 01/02/2019*
*PRO HAC VICE*

**Austin B. Miller**
Email: abmiller@RobinsKaplan.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Benjamen C. Linden**
Email: Blinden@RobinsKaplan.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher G. Granaghan**
Email: chris@nbafirm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher K. Larus**
Email: clarus@robinskaplan.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eric M. Albritton**
Email: ema@nbafirm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John K. Harting**
Email: jharting@robinskaplan.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marla R. Butler**
Email: mbutler@robinskaplan.com
*TERMINATED: 05/01/2019*
*PRO HAC VICE*

**Michael J. Farnan**
Farnan LLP
919 North Market Street
12th Floor
Wilmington, DE 19801
302–777–0338
Fax: 302–421–5870
Email: mfarnan@farnanlaw.com
*ATTORNEY TO BE NOTICED*

**Rajin S. Olson**
Email: rolson@robinskaplan.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan E. Dornberger**
Email: rdornberger@robinskaplan.com
*TERMINATED: 07/27/2018*
*PRO HAC VICE*

**Ryan M. Schultz**
Email: rschultz@robinskaplan.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**ZTE Corporation**
*TERMINATED: 05/05/2016*

**Defendant**

**ZTE (USA) Inc.**                    represented by   **Keith A. Walter , Jr.**
                                                       Faegre Drinker Biddle & Reath LLP
                                                       222 Delaware Avenue
                                                       Suite 1410
                                                       Wilmington, DE 19801

(302) 467–4265
Fax: (302) 467–4201
Email: keith.walter@faegredrinker.com
*TERMINATED: 10/01/2015*
*LEAD ATTORNEY*

**Kelly E. Farnan**
Richards, Layton & Finger, PA
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651–7705
Email: farnan@rlf.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian A. Jones**
Email: bajones@mwe.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Charles M. McMahon**
Email: cmcmahon@mwe.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Hersh H. Mehta**
Email: hmehta@mwe.com
*TERMINATED: 08/15/2018*
*PRO HAC VICE*

**Jay H. Reiziss**
Email: jreiziss@mwe.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Natalie A. Bennett**
Email: nbennett@mwe.com
*TERMINATED: 08/15/2018*
*PRO HAC VICE*

**Thatcher A. Rahmeier**
Faegre Drinker Biddle & Reath LLP
222 Delaware Avenue
Suite 1410
Wilmington, DE 19801
(302) 467–4211
Fax: (302) 467–4201
Email: thatcher.rahmeier@faegredrinker.com
*TERMINATED: 10/01/2015*

**Travis Steven Hunter**
Richards, Layton & Finger, PA
One Rodney Square
920 N. King Street
Wilmington, DE 19801
302–651–7564
Email: hunter@rlf.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**ZTE Solutions Inc.**
*TERMINATED: 05/05/2016*

**Counter Claimant**

**ZTE (USA) Inc.**                          represented by   **Keith A. Walter , Jr.**
                                                            (See above for address)
                                                            *TERMINATED: 10/01/2015*
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Thatcher A. Rahmeier**
                                                            (See above for address)
                                                            *TERMINATED: 10/01/2015*
                                                            *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Evolved Wireless, LLC**                    represented by   **Brian E. Farnan**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Andrea L. Gothing**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Christopher K. Larus**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Ryan M. Schultz**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/25/2015 | 1 | COMPLAINT FOR PATENT INFRINGEMENT filed with jury demand against ZTE (USA) Inc., ZTE Corporation, ZTE Solutions Inc. – Magistrate Consent Notice to Pltf. ( Filing fee $ 400, receipt number 0311−1745929.) – filed by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Appendix A, # 8 Civil Cover Sheet)(mas, ) (Entered: 06/26/2015) |
| 06/25/2015 | 2 | Notice, Consent and Referral forms re: U.S. Magistrate Judge jurisdiction. (mas, ) (Entered: 06/26/2015) |
| 06/25/2015 | 3 | Report to the Commissioner of Patents and Trademarks for Patent/Trademark Number(s) US 7,746,916 B2; US 7,768,965 B2; US 7,809,373 B2; US 7,881,236 B2; US 8,218,481 B2. (mas, ) (Entered: 06/26/2015) |
| 06/26/2015 | | Summons Issued with Magistrate Consent Notice attached as to ZTE (USA) Inc. on 6/26/2015; ZTE Solutions Inc. on 6/26/2015. Requesting party or attorney should pick up issued summons at the Help Desk, Room 4209, or call 302−573−6170 and ask the Clerk to mail the summons to them. (mas, ) (Entered: 06/26/2015) |
| 06/26/2015 | 4 | Disclosure Statement pursuant to Rule 7.1: No Parents or Affiliates Listed filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 06/26/2015) |
| 07/01/2015 | | Case Assigned to Judge Sue L. Robinson. Please include the initials of the Judge (SLR) after the case number on all documents filed. Associated Cases: CA 15−542 through CA 15−547 (inclusive)(bkb) (Entered: 07/01/2015) |
| 07/06/2015 | 5 | SUMMONS Returned Executed by Evolved Wireless, LLC. ZTE (USA) Inc. served on 7/2/2015, answer due 7/23/2015; ZTE Solutions Inc. served on 6/26/2015, answer due 7/17/2015. (Farnan, Brian) (Entered: 07/06/2015) |

| 07/13/2015 | 6 | MOTION for Pro Hac Vice Appearance of Attorney Christopher K. Larus, Andrea L. Gothing, and Ryan M. Schultz – filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 07/13/2015) |
|---|---|---|
| 07/14/2015 | | SO ORDERED, re (6 in 1:15–cv–00544–SLR, 6 in 1:15–cv–00545–SLR, 6 in 1:15–cv–00543–SLR, 6 in 1:15–cv–00546–SLR, 7 in 1:15–cv–00542–SLR) MOTION for Pro Hac Vice Appearance of Attorney Christopher K. Larus, Andrea L. Gothing, and Ryan M. Schultz filed by Evolved Wireless, LLC. Signed by Judge Sue L. Robinson on 7/14/2015. Associated Cases: 1:15–cv–00542–SLR, 1:15–cv–00543–SLR, 1:15–cv–00544–SLR, 1:15–cv–00545–SLR, 1:15–cv–00546–SLR(fms) (Entered: 07/14/2015) |
| 07/15/2015 | | Pro Hac Vice Attorney Ryan M. Schultz, Andrea L. Gothing, Christopher K. Larus for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:15–cv–00542–SLR, 1:15–cv–00543–SLR, 1:15–cv–00544–SLR, 1:15–cv–00545–SLR, 1:15–cv–00546–SLR(klc) (Entered: 07/15/2015) |
| 07/17/2015 | 7 | STIPULATION TO EXTEND TIME to Respond to the Complaint to September 17, 2015 – filed by ZTE (USA) Inc.. (Walter, Keith) (Entered: 07/17/2015) |
| 07/17/2015 | 8 | NOTICE of Appearance by Thatcher A. Rahmeier on behalf of ZTE (USA) Inc. (Rahmeier, Thatcher) (Entered: 07/17/2015) |
| 07/20/2015 | | SO ORDERED, re 7 STIPULATION TO EXTEND TIME to Respond to the Complaint to September 17, 2015 filed by ZTE (USA) Inc., Set/Reset Answer Deadlines: ZTE (USA) Inc. answer due 9/17/2015. Signed by Judge Sue L. Robinson on 7/20/2015. (fms) (Entered: 07/20/2015) |
| 09/17/2015 | 9 | ORDER, on or before October 1, 2015, counsel for plaintiff shall inform the court as to whether the need for coordinated discovery and/or Markman proceedings is anticipated as to the above cases and, if so, when a joint scheduling conference might most efficiently be conducted. ORDER Setting Deadlines: ( Notice of Compliance deadline set for 10/1/2015.). Signed by Judge Sue L. Robinson on 9/17/2015. Associated Cases: 1:15–cv–00542–SLR et al.(nmfn) (Entered: 09/17/2015) |
| 09/17/2015 | 10 | ANSWER to 1 Complaint, with Jury Demand , COUNTERCLAIM against Evolved Wireless, LLC by ZTE (USA) Inc..(Walter, Keith) (Entered: 09/17/2015) |
| 09/17/2015 | 11 | Disclosure Statement pursuant to Rule 7.1: identifying Corporate Parent ZTE Corporation for ZTE (USA) Inc. filed by ZTE (USA) Inc.. (Walter, Keith) (Entered: 09/17/2015) |
| 09/18/2015 | 12 | Letter to The Honorable Sue L. Robinson from Brian E. Farnan regarding Case Coordination and Scheduling. (Farnan, Brian) (Entered: 09/18/2015) |
| 09/22/2015 | 13 | Order Setting In–Person Scheduling Conference: A Scheduling Conference is set for 10/14/2015 at 04:00 PM in Courtroom 4B before Judge Sue L. Robinson. Signed by Judge Sue L. Robinson on 9/22/2015. Associated Cases: 1:15–cv–00542–SLR et al.(nmfn) (Main Document 13 replaced on 10/13/2015) (nmfn, ). (Entered: 09/22/2015) |
| 10/01/2015 | 14 | NOTICE OF SUBSTITUTION OF COUNSEL re ZTE (USA) Inc.: Entry of appearance of attorney Kelly E. Farnan. Attorney Keith A. Walter, Jr. and Thatcher A. Rahmeier terminated. (Farnan, Kelly) (Entered: 10/01/2015) |
| 10/01/2015 | 15 | MOTION for Pro Hac Vice Appearance of Attorney Jay H. Reiziss, Charles M. McMahon, Hersh H. Mehta and Natalie A. Bennett – filed by ZTE (USA) Inc.. (Farnan, Kelly) (Entered: 10/01/2015) |
| 10/02/2015 | 16 | NOTICE of Appearance by Travis Steven Hunter on behalf of ZTE (USA) Inc. (Hunter, Travis) (Entered: 10/02/2015) |
| 10/02/2015 | | SO ORDERED, re 15 MOTION for Pro Hac Vice Appearance of Attorney Jay H. Reiziss, Charles M. McMahon, Hersh H. Mehta and Natalie A. Bennett filed by ZTE (USA) Inc. Signed by Judge Sue L. Robinson on 10/2/2015. (fms) (Entered: 10/02/2015) |
| 10/02/2015 | | Pro Hac Vice Attorney Charles M. McMahon,Jay H. Reiziss,Hersh H. Mehta,Natalie A. Bennett for ZTE (USA) Inc. added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (dmp, ) (Entered: 10/02/2015) |

| 10/08/2015 | 17 | ANSWER to 10 Answer to Complaint, Counterclaim by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 10/08/2015) |
|---|---|---|
| 10/13/2015 | | CORRECTING ENTRY: The pdf of the 9/22/2015 Order setting an In−Person Scheduling Conference has been replaced with a corrected version to reflect that 10/14/2015 is a Wednesday. Associated Cases: 1:15−cv−00542−SLR et al.(nmfn) (Entered: 10/13/2015) |
| 10/13/2015 | 18 | PROPOSED ORDER Proposed Scheduling Order by Evolved Wireless, LLC. (Attachments: # 1 Letter to The Honorable Sue L. Robinson, # 2 Attachment)(Farnan, Brian) (Entered: 10/13/2015) |
| 10/14/2015 | | Minute Entry for proceedings held before Judge Sue L. Robinson − Scheduling Conference held on 10/14/2015. (Court Reporter V. Gunning.) Counsel to submit the final proposed scheduling order to the court. Associated Cases: 1:15−cv−00542−SLR et al.(nmfn) (Entered: 10/15/2015) |
| 11/09/2015 | 19 | PROPOSED ORDER Proposed Scheduling Order by Evolved Wireless, LLC. (Attachments: # 1 Letter to The Honorable Sue L. Robinson)(Farnan, Brian) (Entered: 11/09/2015) |
| 11/10/2015 | | SO ORDERED, re (16 in 1:15−cv−00543−SLR, 20 in 1:15−cv−00545−SLR, 17 in 1:15−cv−00544−SLR, 19 in 1:15−cv−00546−SLR, 16 in 1:15−cv−00542−SLR, 21 in 1:15−cv−00547−SLR) SCHEDULING ORDER: Case referred to the Magistrate Judge for the purpose of exploring ADR. Case referred to the Magistrate Judge for discovery and all motions to dismiss, amend, transfer and any discovery motions permitted by the Magistrate Judge.( Joinder of Parties due by 4/13/2016., Amended Pleadings due by 4/13/2016., Fact Discovery completed by 12/21/2016., Expert Discovery due by 4/28/2017., A Status Conference is set for 11/3/2016 at 04:30 PM in Courtroom 4B before Judge Sue L. Robinson., Dispositive Motions due by 5/18/2017., An Oral Argument is set for 9/1/2017 at 09:30 AM in Courtroom 4B before Judge Sue L. Robinson., A Telephone Conference is set for 1/6/2016 at 02:00 PM before Judge Sue L. Robinson., Claim Construction Opening Brief due by 6/16/2016., Claim Construction Answering Brief due by 7/22/2016., Claim Construction Reply Brief due by 8/19/2016., Claim Construction Surreply Brief due by 9/9/2016., A Markman Hearing is set for 9/23/2016 at 09:30 AM in Courtroom 4B before Judge Sue L. Robinson., A Status Conference re: Expert Discovery is set for 5/3/2017 at 04:30 PM in Courtroom 4B before Judge Sue L. Robinson., A Final Pretrial Conference is set for 1/17/2018 at 04:30 PM in Courtroom 4B before Judge Sue L. Robinson., A Jury Trial is set for 2/5/2018 at 09:00 AM in Courtroom 4B before Judge Sue L. Robinson.). Signed by Judge Sue L. Robinson on 11/10/2015. Motions referred to Magistrate Judge Sherry R. Fallon.Associated Cases: 1:15−cv−00542−SLR et al.(nmfn) (Entered: 11/10/2015) |
| 11/11/2015 | 20 | NOTICE OF SERVICE of Evolved Wireless's Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 11/11/2015) |
| 11/11/2015 | 21 | NOTICE OF SERVICE of (1) ZTE (USA) Inc.'s Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1); and (2) ZTE (USA) Inc.'s Disclosures Pursuant to Section 3 of the Delaware Default Standard for Discovery, Including Discovery of Electronically Stored Information filed by ZTE (USA) Inc..(Hunter, Travis) (Entered: 11/11/2015) |
| 11/13/2015 | 22 | NOTICE OF SERVICE of Evolved Wireless's Disclosure of Asserted Patents, Accused Products, and Initial Damages Model filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 11/13/2015) |
| 12/14/2015 | 23 | NOTICE OF SERVICE of Evolved Wireless's Disclosure of the Asserted Patent Claims the Accused Products Infringe filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 12/14/2015) |
| 12/31/2015 | 24 | Letter to The Honorable Sue L. Robinson from Brian E. Farnan regarding Parties' Competing IPR Proposals. (Farnan, Brian) (Entered: 12/31/2015) |
| 01/06/2016 | | Minute Entry for proceedings held before Judge Sue L. Robinson − Telephone Conference held on 1/6/2016. (Court Reporter V. Gunning.) Associated Cases: 1:15−cv−00542−SLR−SRF et al.(nmfn) (Entered: 01/06/2016) |
| 01/14/2016 | 25 | MOTION for Pro Hac Vice Appearance of Attorney Benjamen C. Linden, Andrew D. Hedden, Ryan E. Dornberger, and Anthony F. Schlehuber − filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Brian) (Entered: 01/14/2016) |
| 01/14/2016 | | SO ORDERED, re (25 in 1:15−cv−00546−SLR−SRF, 23 in 1:15−cv−00544−SLR−SRF, 23 in 1:15−cv−00543−SLR−SRF, 26 in 1:15−cv−00545−SLR−SRF, 22 in 1:15−cv−00542−SLR−SRF) MOTION for Pro Hac Vice Appearance of Attorney Benjamen C. |

| | | |
|---|---|---|
| | | Linden, Andrew D. Hedden, Ryan E. Dornberger, and Anthony F. Schlehuber filed by Evolved Wireless, LLC. Signed by Judge Sue L. Robinson on 1/14/2016. Associated Cases: 1:15−cv−00542−SLR−SRF, 1:15−cv−00543−SLR−SRF, 1:15−cv−00544−SLR−SRF, 1:15−cv−00545−SLR−SRF, 1:15−cv−00546−SLR−SRF(fms) (Entered: 01/14/2016) |
| 01/19/2016 | | Pro Hac Vice Attorney Ryan E. Dornberger for Evolved Wireless, LLC for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:15−cv−00542−SLR−SRF, 1:15−cv−00543−SLR−SRF, 1:15−cv−00544−SLR−SRF, 1:15−cv−00545−SLR−SRF, 1:15−cv−00546−SLR−SRF(cna) (Entered: 01/19/2016) |
| 01/20/2016 | | Pro Hac Vice Attorney Benjamin C. Linden for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:15−cv−00542−SLR−SRF, 1:15−cv−00543−SLR−SRF, 1:15−cv−00544−SLR−SRF, 1:15−cv−00545−SLR−SRF, 1:15−cv−00546−SLR−SRF(cna) (Entered: 01/20/2016) |
| 01/21/2016 | | Pro Hac Vice Attorney Andrew D. Hedden, Anthony F. Schlehuber for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:15−cv−00542−SLR−SRF, 1:15−cv−00543−SLR−SRF, 1:15−cv−00544−SLR−SRF, 1:15−cv−00545−SLR−SRF, 1:15−cv−00546−SLR−SRF(klc) (Entered: 01/21/2016) |
| 02/05/2016 | 26 | Letter to The Honorable Sue L. Robinson from Kelly E. Farnan, Esquire regarding Follow−up re: January 6, 2016 teleconference with Your Honor. (Farnan, Kelly) (Entered: 02/05/2016) |
| 02/12/2016 | 27 | NOTICE OF SERVICE of Evolved Wireless's Disclosure of Initial Infringement Contentions filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 02/12/2016) |
| 02/15/2016 | 28 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's First Set of Requests for Production (Nos. 1−14) and Plaintiff Evolved Wireless's First Set of Common Interrogatories (Nos. 1−7) filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 02/15/2016) |
| 02/22/2016 | 29 | NOTICE OF SERVICE of Defendants' First Set of Common Interrogatories to Plaintiff Evolved Wireless, LLC filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc..(Smith, Rodger) (Entered: 02/22/2016) |
| 03/02/2016 | 30 | MOTION for Teleconference to Resolve Protective Order Disputes − filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Michael) (Entered: 03/02/2016) |
| 03/03/2016 | | SO ORDERED− re (29 in 1:15−cv−00543−SLR−SRF, 28 in 1:15−cv−00542−SLR−SRF, 32 in 1:15−cv−00545−SLR−SRF, 29 in 1:15−cv−00544−SLR−SRF, 30 in 1:15−cv−00546−SLR−SRF) MOTION for Teleconference to Resolve Protective Order Disputes. A Telephone Conference is set for 3/8/2016 at 03:00 PM before Judge Sherry R. Fallon. Counsel for the plaintiff shall initiate the call to 302−573−4557. In preparation for this hearing the parties shall follow the Discovery Matters and Disputes procedure as set forth in the Order regarding discovery matters available at www.ded.uscourts.gov/judge/magistrate−judge−sherry−r−fallon. Set Deadlines: (Moving Submission due by no later than 3:00 pm on 3/3/2016., Responsive submission due by no later than 3:00 pm on 3/4/2016.) Signed by Judge Sherry R. Fallon on 3/3/2016. Associated Cases: 1:15−cv−00542−SLR−SRF, 1:15−cv−00543−SLR−SRF, 1:15−cv−00544−SLR−SRF, 1:15−cv−00545−SLR−SRF, 1:15−cv−00546−SLR−SRF(lih) (Entered: 03/03/2016) |
| 03/03/2016 | 31 | Letter to The Honorable Sherry R. Fallon from Bindu A. Palapura, Esquire regarding Defendants' opening discovery dispute letter regarding proposed protective order. (Attachments: # 1 Exhibit 1−4)(Palapura, Bindu) (Entered: 03/03/2016) |
| 03/03/2016 | 32 | MOTION to Strike 10 Answer to Complaint, Counterclaim − filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 03/03/2016) |
| 03/03/2016 | 33 | OPENING BRIEF in Support re 32 MOTION to Strike 10 Answer to Complaint, Counterclaim filed by Evolved Wireless, LLC.Answering Brief/Response due date per Local Rules is 3/21/2016. (Farnan, Brian) Modified on 3/4/2016 (lih). (Entered: 03/03/2016) |
| 03/03/2016 | | Motions No Longer Referred: 32 MOTION to Strike 10 Answer to Complaint, Counterclaim *[Plaintiff's Motion to Strike Pursuant to Fed. R. Civ. P. 12(f)]* The automatic referral generated by the systems has been removed for this motion. (nmfn) (Entered: 03/04/2016) |

| 03/04/2016 | 34 | Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Response to Defendants' March 3, 2016 Letter – re (30 in 1:15–cv–00543–SLR–SRF, 29 in 1:15–cv–00542–SLR–SRF, 31 in 1:15–cv–00546–SLR–SRF, 30 in 1:15–cv–00544–SLR–SRF, 33 in 1:15–cv–00545–SLR–SRF) Letter. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Farnan, Brian) (Entered: 03/04/2016) |
| --- | --- | --- |
| 03/08/2016 | | Minute Entry for proceedings held before Judge Sherry R. Fallon – Telephone Conference held on 3/8/2016. (Court Reporter T. Carroll (Hawkins Reporting).) Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 03/09/2016) |
| 03/08/2016 | | ORAL ORDER– re (29 in 1:15–cv–00543–SLR–SRF, 28 in 1:15–cv–00542–SLR–SRF, 32 in 1:15–cv–00545–SLR–SRF, 29 in 1:15–cv–00544–SLR–SRF, 30 in 1:15–cv–00546–SLR–SRF, 1:15–cv–00547–SLR–SRF) MOTION for Teleconference to Resolve Protective Order Disputes. IT IS HEREBY ORDERED that: the transcript of the teleconference held on 3/8/2016 shall serve as the order of the court. Ordered by Judge Sherry R. Fallon on 3/8/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 03/09/2016) |
| 03/09/2016 | 35 | STIPULATION TO EXTEND TIME for Defendants' to respond to Plaintiff's Motions for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and Motions to Strike Pursuant to Fed. R. Civ. P. 12(f) to April 4, 2016 – filed by Apple Inc.. (Palapura, Bindu) (Entered: 03/09/2016) |
| 03/10/2016 | | SO ORDERED, re (35 in 1:15–cv–00546–SLR–SRF, 37 in 1:15–cv–00547–SLR–SRF, 34 in 1:15–cv–00543–SLR–SRF, 33 in 1:15–cv–00542–SLR–SRF) STIPULATION TO EXTEND TIME for Defendants' to respond to Plaintiff's Motions for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and Motions to Strike Pursuant to Fed. R. Civ. P. 12(f) to April 4, 2016 filed by Apple Inc., Set Briefing Schedule: re MOTION for Judgment on the Pleadings MOTION to Strike (Answering Brief due 4/4/2016.) Signed by Judge Sue L. Robinson on 3/10/2016. Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00546–SLR–SRF, 1:15–cv–00547–SLR–SRF(nmfn) (Entered: 03/10/2016) |
| 03/14/2016 | 36 | NOTICE OF SERVICE of Defendants' Initial Invalidity Contentions filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., ZTE Corporation, ZTE Solutions Inc., Lenovo (United States) Inc., Lenovo Group Ltd., Motorola Mobility LLC.(Choa, Jonathan) (Entered: 03/14/2016) |
| 03/15/2016 | 37 | PROPOSED Protective Order by Evolved Wireless, LLC. (Farnan, Michael) Modified on 3/16/2016 (lih). (Entered: 03/15/2016) |
| 03/17/2016 | 38 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's Second Set of Common Interrogatories (Nos. 8–9) filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 03/17/2016) |
| 03/21/2016 | | SO ORDERED– re (37 in 1:15–cv–00546–SLR–SRF, 33 in 1:15–cv–00544–SLR–SRF, 35 in 1:15–cv–00542–SLR–SRF, 39 in 1:15–cv–00545–SLR–SRF, 37 in 1:15–cv–00543–SLR–SRF) Stipulated Protective Order. Signed by Judge Sherry R. Fallon on 3/21/2016. Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00544–SLR–SRF, 1:15–cv–00545–SLR–SRF, 1:15–cv–00546–SLR–SRF(lih) (Entered: 03/21/2016) |
| 03/23/2016 | 39 | NOTICE OF SERVICE of (1) ZTE's Objections and Responses to Plaintiff Evolved Wireless's First Set of Requests for Production (Nos. 1–14); and (2) ZTE's Objecions and Responses to Evolved Wireless's First Set of Common Interrogatories (Nos. 1–7) filed by ZTE (USA) Inc..(Hunter, Travis) (Entered: 03/23/2016) |
| 03/25/2016 | 40 | NOTICE OF SERVICE of Defendants' Common Requests for Production (Request Nos. 1–14) to Plaintiff Evolved Wireless, LLC filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc..(Smith, Rodger) (Entered: 03/25/2016) |
| 03/28/2016 | 41 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's Answers and Objections to Defendants' First Set of Common Interrogatories (Nos. 1–12) filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 03/28/2016) |
| 04/04/2016 | 42 | ANSWERING BRIEF in Opposition re 32 MOTION to Strike 10 Answer to Complaint, Counterclaim filed by ZTE (USA) Inc..Reply Brief due date per Local Rules is 4/14/2016. (Hunter, Travis) Modified on 4/5/2016 (lih). (Entered: 04/04/2016) |

| 04/13/2016 | 43 | STIPULATION TO EXTEND TIME to Exchange Proposed Claim Constructions to April 26, 2016 – filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Russell, Andrew) (Entered: 04/13/2016) |
|---|---|---|
| 04/13/2016 | | SO ORDERED, re (43 in 1:15−cv−00546−SLR−SRF, 46 in 1:15−cv−00545−SLR−SRF, 41 in 1:15−cv−00542−SLR−SRF, 46 in 1:15−cv−00547−SLR−SRF, 38 in 1:15−cv−00544−SLR−SRF, 43 in 1:15−cv−00543−SLR−SRF) STIPULATION TO EXTEND TIME to Exchange Proposed Claim Constructions to April 26, 2016 filed by Samsung Electronics Co. Ltd., Samsung Electronics America Inc. Signed by Judge Sue L. Robinson on 4/13/2016. Associated Cases: 1:15−cv−00542−SLR−SRF et al.(fms) (Entered: 04/13/2016) |
| 04/14/2016 | 44 | STIPULATION TO EXTEND TIME for Plaintiff to submit its Reply Brief in support of its Motions for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and Motions to Strike Pursuant to Fed. R. Civ. P. 12(f) to 4/21/2016 – filed by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 04/14/2016) |
| 04/14/2016 | | SO ORDERED, re (44 in 1:15−cv−00543−SLR−SRF, 44 in 1:15−cv−00546−SLR−SRF, 42 in 1:15−cv−00542−SLR−SRF) STIPULATION TO EXTEND TIME for Plaintiff to submit its Reply Brief in support of its Motions for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and Motions to Strike Pursuant to Fed. R. Civ. P. 12(f) to 4/21/2016 filed by Evolved Wireless, LLC, Set Briefing Schedule: re (30 in 1:15−cv−00542−SLR−SRF) MOTION for Judgment on the Pleadings MOTION to Strike (9) Answer to Complaint, Counterclaim *[Plaintiff's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and Motion to Strike Pursuant to Fed. R. Civ. P. 12(f)]*, (31 in 1:15−cv−00543−SLR−SRF) MOTION for Judgment on the Pleadings MOTION to Strike (10) Answer to Complaint, Counterclaim *[Plaintiff's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and Motion to Strike Pursuant to Fed. R. Civ. P. 12(f)]*, (32 in 1:15−cv−00546−SLR−SRF) MOTION to Strike (10) Answer to Complaint, Counterclaim *[Plaintiff's Motion to Strike Pursuant to Fed. R. Civ. P. 12(f)]*. (Reply Brief due 4/21/2016.). Signed by Judge Sue L. Robinson on 4/14/2016. Associated Cases: 1:15−cv−00542−SLR−SRF, 1:15−cv−00543−SLR−SRF, 1:15−cv−00546−SLR−SRF(fms) (Entered: 04/14/2016) |
| 04/18/2016 | 45 | NOTICE OF SERVICE of ZTE's Objections and Responses to Evolved Wireless Second Set of Common Interrogatories (Nos. 8−9) filed by ZTE (USA) Inc..(Hunter, Travis) (Entered: 04/18/2016) |
| 04/21/2016 | 46 | REPLY BRIEF re 32 MOTION to Strike 10 Answer to Complaint, Counterclaim filed by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Farnan, Brian) Modified on 4/22/2016 (lih). (Entered: 04/21/2016) |
| 04/27/2016 | 47 | NOTICE OF SERVICE of Defendants' Preliminary Identification of Terms Needing Construction and Proposed Constructions filed by ZTE (USA) Inc., ZTE Corporation.(Palapura, Bindu) (Entered: 04/27/2016) |
| 04/27/2016 | 48 | NOTICE OF SERVICE of Evolved Wireless's Identification of Claim Terms and Proposed Constructions filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 04/27/2016) |
| 04/28/2016 | 49 | NOTICE of Subpoenas to Qualcomm Incorporated by Evolved Wireless, LLC (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Farnan, Michael) (Entered: 04/28/2016) |
| 04/28/2016 | 50 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's Objections and Responses to Defendants' Common Requests for Production (Request Nos. 1−14) filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 04/28/2016) |
| 05/02/2016 | 51 | ORDER− A Discovery Review Hearing is set for 5/18/2016 at 10:00 AM in Courtroom 6C before Judge Sherry R. Fallon. Signed by Judge Sherry R. Fallon on 5/2/2016. Associated Cases: 1:15−cv−00542−SLR−SRF et al.(lih) (Entered: 05/02/2016) |
| 05/04/2016 | 52 | STIPULATION of Dismissal of ZTE Corporation and ZTE Solutions, Inc. Pursuant to Fed. R. Civ. P. 41(a) without Prejudice by ZTE (USA) Inc.. (Farnan, Kelly) Modified on 5/5/2016 (lih). (Entered: 05/04/2016) |
| 05/05/2016 | | SO ORDERED, re 52 Stipulation of Dismissal. ZTE Corporation and ZTE Solutions Inc. terminated. Signed by Judge Sue L. Robinson on 5/5/2016. (nmfn) (Entered: 05/05/2016) |
| 05/09/2016 | 53 | MOTION for Hearing to Resolve Discovery Disputes – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Michael) (Entered: 05/09/2016) |

| 05/09/2016 | | SO ORDERED– re (51 in 1:15–cv–00542–SLR–SRF, 53 in 1:15–cv–00546–SLR–SRF, 46 in 1:15–cv–00544–SLR–SRF, 52 in 1:15–cv–00543–SLR–SRF, 53 in 1:15–cv–00545–SLR–SRF) MOTION for Hearing to Resolve Discovery Disputes, (54 in 1:15–cv–00547–SLR–SRF) Joint MOTION for Hearing to Resolve Discovery Disputes. The discovery dispute shall be heard during the discovery review hearing set in this matter for 5/18/2016 at 10:00 AM in courtroom 6C before Judge Sherry R. Fallon. In preparation for this hearing the parties shall follow the Discovery Matters and Disputes procedure as set forth in the Order regarding discovery matters available at www.ded.uscourts.gov/judge/magistrate–judge–sherry–r–fallon. Set Deadlines: (Moving Submission(s) due by no later than 3:00 PM on 5/11/2016., Responsive submission(s) due by no later than 3:00 PM on 5/13/2016.) Ordered by Judge Sherry R. Fallon on 5/9/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 05/09/2016) |
| 05/11/2016 | 54 | Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Discovery Dispute. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Farnan, Brian) (Entered: 05/11/2016) |
| 05/13/2016 | 55 | Letter to The Honorable Sherry R. Fallon from David E. Moore, Esquire regarding responsive discovery dispute letter – re (53 in 1:15–cv–00543–SLR–SRF, 52 in 1:15–cv–00542–SLR–SRF, 54 in 1:15–cv–00545–SLR–SRF, 47 in 1:15–cv–00544–SLR–SRF, 54 in 1:15–cv–00546–SLR–SRF) Letter, (55 in 1:15–cv–00547–SLR–SRF) Letter. (Attachments: # 1 Exhibit A)(Moore, David) (Entered: 05/13/2016) |
| 05/13/2016 | 56 | NOTICE OF SERVICE of ZTE's Responses of May 13, 2016 to Evolved Wireless's First Set of Common Interrogatories (Nos. 1–7) re 28 Notice of Service filed by ZTE (USA) Inc..(Hunter, Travis) (Entered: 05/13/2016) |
| 05/17/2016 | 57 | CLAIM Construction Chart by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A)(Farnan, Brian) (Entered: 05/17/2016) |
| 05/18/2016 | | Minute Entry for proceedings held before Judge Sherry R. Fallon – Discovery Review and Dispute Hearing held on 5/18/2016. (Court Reporter T. Carroll (Hawkins Reporting).) Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 05/19/2016) |
| 05/19/2016 | | ORAL ORDER– re (51 in 1:15–cv–00542–SLR–SRF, 53 in 1:15–cv–00546–SLR–SRF, 46 in 1:15–cv–00544–SLR–SRF, 52 in 1:15–cv–00543–SLR–SRF, 53 in 1:15–cv–00545–SLR–SRF) MOTION for Hearing to Resolve Discovery Disputes, (54 in 1:15–cv–00547–SLR–SRF) Joint MOTION for Hearing to Resolve Discovery Disputes. IT IS HEREBY ORDERED that: the transcript of the hearing held on 5/18/2016 shall serve as the order of the court. Ordered by Judge Sherry R. Fallon on 5/19/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 05/19/2016) |
| 05/26/2016 | | Re–Set Deadlines/Hearings: Claim Construction Answering Brief due by 8/25/2016. The In–Person Status Conference is rescheduled for 12/12/2016 at 04:30 PM in Courtroom 4B before Judge Sue L. Robinson. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 05/26/2016) |
| 06/01/2016 | 58 | OBJECTIONS by Evolved Wireless, LLC to Oral Order,, . (Attachments: # 1 Exhibit A)(Farnan, Brian) (Entered: 06/01/2016) |
| 06/01/2016 | 59 | STATEMENT re (50 in 1:15–cv–00544–SLR–SRF, 56 in 1:15–cv–00543–SLR–SRF, 58 in 1:15–cv–00546–SLR–SRF, 55 in 1:15–cv–00542–SLR–SRF, 58 in 1:15–cv–00545–SLR–SRF) Objections by Evolved Wireless, LLC. (Farnan, Brian) Modified on 6/2/2016 (lih). (Entered: 06/01/2016) |
| 06/15/2016 | 60 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's Third Set of Common Interrogatories (Nos. 10–16) filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 06/15/2016) |
| 06/15/2016 | 61 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's Second Set of Requests for Production (Nos. 15–28) filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 06/15/2016) |
| 06/15/2016 | 62 | RESPONSE TO OBJECTIONS by Apple Inc., Lenovo (United States) Inc., Lenovo Group Ltd., Motorola Mobility LLC re (50 in 1:15–cv–00544–SLR–SRF, 56 in 1:15–cv–00543–SLR–SRF, 58 in 1:15–cv–00546–SLR–SRF, 55 in 1:15–cv–00542–SLR–SRF, 58 in 1:15–cv–00545–SLR–SRF) Objections filed on behalf of all Defendants. (Attachments: # 1 Exhibit A)(Moore, David) Modified on 6/16/2016 (lih). (Entered: 06/15/2016) |

| 06/16/2016 | 63 | CLAIM CONSTRUCTION OPENING BRIEF filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 06/16/2016) |
|---|---|---|
| 06/16/2016 | 64 | DECLARATION of Ryan M. Schultzre (55 in 1:15−cv−00544−SLR−SRF) Claim Construction Opening Brief, (66 in 1:15−cv−00545−SLR−SRF) Claim Construction Opening Brief, (60 in 1:15−cv−00542−SLR−SRF) Claim Construction Opening Brief, (63 in 1:15−cv−00546−SLR−SRF) Claim Construction Opening Brief, (61 in 1:15−cv−00543−SLR−SRF) Claim Construction Opening Brief by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Farnan, Brian) Modified on 6/21/2016 (lih). (Entered: 06/16/2016) |
| 06/16/2016 | 65 | Joint APPENDIX of Patents At Issue and File Wrappers by Evolved Wireless, LLC. (Attachments: # 1 Tab 1, # 2 Tab 2 − Part 1 of 6, # 3 Tab 2 − Part 2 of 6, # 4 Tab 2 − Part 3 of 6, # 5 Tab 2 − Part 4 of 6, # 6 Tab 2 − Part 5 of 6, # 7 Tab 2 − Part 6 of 6, # 8 Tab 3, # 9 Tab 4 − Part 1 of 5, # 10 Tab 4 − Part 2 of 5, # 11 Tab 4 − Part 3 of 5, # 12 Tab 4 − Part 4 of 5, # 13 Tab 4 − Part 5 of 5, # 14 Tab 5, # 15 Tab 6 − Part 1 of 13, # 16 Tab 6 − Part 2 of 13, # 17 Tab 6 − Part 3 of 13, # 18 Tab 6 − Part 4 of 13, # 19 Tab 6 − Part 5 of 13, # 20 Tab 6 − Part 6 of 13, # 21 Tab 6 − Part 7 of 13, # 22 Tab 6 − Part 8 of 13, # 23 Tab 6 − Part 9 of 13, # 24 Tab 6 − Part 10 of 13, # 25 Tab 6 − Part 11 of 13, # 26 Tab 6 − Part 12 of 13, # 27 Tab 6 − Part 13 of 13, # 28 Tab 7, # 29 Tab 8 − Part 1 of 5, # 30 Tab 8 − Part 2 of 5, # 31 Tab 8 − Part 3 of 5, # 32 Tab 8 − Part 4 of 5, # 33 Tab 8 − Part 5 of 5, # 34 Tab 9, # 35 Tab 10 − Part 1 of 10, # 36 Tab 10 − Part 2 of 10, # 37 Tab 10 − Part 3 of 10, # 38 Tab 10 − Part 4 of 10, # 39 Tab 10 − Part 5 of 10, # 40 Tab 10 − Part 6 of 10, # 41 Tab 10 − Part 7 of 10, # 42 Tab 10 − Part 8 of 10, # 43 Tab 10 − Part 9 of 10, # 44 Tab 10 − Part 10 of 10)(Farnan, Brian) Modified on 6/21/2016 (lih). (Entered: 06/16/2016) |
| 06/22/2016 | | Set Hearings: A Telephone Conference is set for 6/23/2016 at 04:30 PM before Judge Sue L. Robinson Associated Cases: 1:15−cv−00542−SLR−SRF et al.(nmfn) (Entered: 06/22/2016) |
| 06/23/2016 | | Minute Entry for proceedings held before Judge Sue L. Robinson − Telephone Conference held on 6/23/2016. (Court Reporter V. Gunning.) Associated Cases: 1:15−cv−00542−SLR−SRF et al.(fms) (Entered: 06/23/2016) |
| 06/30/2016 | 66 | NOTICE OF SERVICE of Defendant ZTE (USA) Inc.'s: (1) Supplemental Objections and Responses of June 30, 2016 to Plaintiff's First Set of Common Interrogatories (Nos. 1−7); and (2) Supplemental Objections and Responses of June 30, 2016 to Plaintiff's Second Set of Common Interrogatories (Nos. 8−9) filed by ZTE (USA) Inc..(Hunter, Travis) (Entered: 06/30/2016) |
| 07/05/2016 | 67 | STIPULATION TO EXTEND TIME (i) Plaintiff's Supplemental Opening Claim Construction Brief; (ii) Defendants' Answering Claim Construction Brief; (iii) Plaintiff's Reply Claim Construction Brief; and (iv) Defendants' Surreply Claim Construction Brief to (i) 7/8/2016 (ii) 8/12/2016 (iii) 9/15/2016 and (iv) 9/30/2016 − filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 07/05/2016) |
| 07/08/2016 | 68 | Supplemental CLAIM CONSTRUCTION OPENING BRIEF filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 07/08/2016) |
| 07/08/2016 | 69 | DECLARATION of Dr. Todor Cooklev re (74 in 1:15−cv−00545−SLR−SRF) Claim Construction Opening Brief, (67 in 1:15−cv−00543−SLR−SRF) Claim Construction Opening Brief, (68 in 1:15−cv−00546−SLR−SRF) Claim Construction Opening Brief, (59 in 1:15−cv−00544−SLR−SRF) Claim Construction Opening Brief, (65 in 1:15−cv−00542−SLR−SRF) Claim Construction Opening Brief by Evolved Wireless, LLC. (Attachments: # 1 Appendix 1, # 2 Appendix 2, # 3 Appendix 3, # 4 Appendix 4)(Farnan, Brian) Modified on 7/11/2016 (lih). (Entered: 07/08/2016) |
| 07/11/2016 | 70 | ORDER re (70 in 1:15−cv−00545−SLR−SRF, 67 in 1:15−cv−00546−SLR−SRF, 65 in 1:15−cv−00543−SLR−SRF, 58 in 1:15−cv−00544−SLR−SRF, 63 in 1:15−cv−00542−SLR−SRF) STIPULATION TO EXTEND TIME (i) Plaintiff's Supplemental Opening Claim Construction Brief; (ii) Defendants' Answering Claim Construction Brief; (iii) Plaintiff's Reply Claim Construction Brief; and (iv) Defendants' Surreply Claim Co filed by Evolved Wireless, LLC, 65 in 1:15−cv−00547−SLR−SRF) STIPULATION TO EXTEND TIME Various Deadlines to Various Dates Listed filed by Evolved Wireless, LLC. ( Claim Construction Answering Brief due by 8/12/2016., Claim Construction Reply Brief due by 9/15/2016., Claim Construction Surreply Brief due by 9/30/2016., A Claim Construction Hearing is set for 10/6/2016 at 01:00 PM in Courtroom 4B before Judge Sue L. Robinson.). Signed by Judge Sue L. Robinson on 7/11/2016. Associated Cases: 1:15−cv−00542−SLR−SRF |

| 07/15/2016 | 71 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's First Supplemental Objections and Responses to Defendants' Common Requests for Production (Request Nos. 1–14) filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 07/15/2016) |
| 07/15/2016 | 72 | NOTICE OF SERVICE of Defendant ZTE (USA) Inc.'s: (1) Responses to Evolved's Second Set of Requests for Production (Nos. 15–28); (2) Supplemental Objections and Responses of July 15, 2016 to Plaintiff's First Set of Common Interrogatories (Nos. 1–7); and (3) Objections and Responses to Evolved's Third Set of Common Interrogatories (Nos. 10–16) filed by ZTE (USA) Inc..(Hunter, Travis) (Entered: 07/15/2016) |
| 08/10/2016 | 73 | MOTION for Judgment on the Pleadings – filed by ZTE (USA) Inc.. (Attachments: # 1 Text of Proposed Order)(Hunter, Travis) (Entered: 08/10/2016) |
| 08/10/2016 | 74 | OPENING BRIEF in Support re 73 MOTION for Judgment on the Pleadings filed by ZTE (USA) Inc..Answering Brief/Response due date per Local Rules is 8/29/2016. (Hunter, Travis) (Entered: 08/10/2016) |
| 08/10/2016 | 75 | NOTICE OF SERVICE of Evolved Wireless's First Supplemental Identification of Accused Products filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 08/10/2016) |
| 08/12/2016 | 76 | CLAIM CONSTRUCTION ANSWERING BRIEF filed by ZTE (USA) Inc.. (Hunter, Travis) (Entered: 08/12/2016) |
| 08/12/2016 | 77 | DECLARATION of Charles M. Stiernberg re 76 Claim Construction Answering Brief by ZTE (USA) Inc.. (Attachments: # 1 Exhibit 1–5)(Hunter, Travis) Modified on 8/15/2016 (lih). (Entered: 08/12/2016) |
| 08/12/2016 | 78 | DECLARATION of Dr. Matthew C. Valenti re 76 Claim Construction Answering Brief by ZTE (USA) Inc.. (Hunter, Travis) Modified on 8/15/2016 (lih). (Additional attachment(s) added on 8/15/2016: # 1 Exhibits A–B) (nmfn, ). (Entered: 08/12/2016) |
| 08/15/2016 | | CORRECTING ENTRY: Exhibits A–B have been added to the Declaration of Dr. Matthew C. Valenti per request of filer. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 08/15/2016) |
| 08/19/2016 | 79 | MOTION for Teleconference to Resolve Discovery Dispute – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Michael) (Entered: 08/19/2016) |
| 08/19/2016 | | SO ORDERED– re (71 in 1:15–cv–00544–SLR–SRF, 81 in 1:15–cv–00543–SLR–SRF, 79 in 1:15–cv–00546–SLR–SRF, 91 in 1:15–cv–00545–SLR–SRF) MOTION for Teleconference to Resolve Discovery Dispute, (78 in 1:15–cv–00547–SLR–SRF) Joint MOTION for Teleconference to Resolve Discovery Dispute. A Telephone Conference is set for 9/27/2016 at 11:00 AM before Judge Sherry R. Fallon. Counsel for the plaintiff shall initiate the call to 302–573–4557. In preparation for this hearing the parties shall follow the Discovery Matters and Disputes procedure as set forth in the Order regarding discovery matters available at www.ded.uscourts.gov/judge/magistrate–judge–sherry–r–fallon. Set Deadlines: (Moving Submission(s) due by no later than noon on 9/12/2016., Responsive submission(s) due by no later than noon on 9/13/2016.) Ordered by Judge Sherry R. Fallon on 8/19/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 08/19/2016) |
| 08/23/2016 | 80 | NOTICE of Defendant's Notice of Subpoena to Techquity Capital Management, LLC by ZTE (USA) Inc. (Hunter, Travis) (Entered: 08/23/2016) |
| 08/23/2016 | 81 | NOTICE of Defendant's Notice of Subpoena to TQ Lambda LLC by ZTE (USA) Inc. (Hunter, Travis) (Entered: 08/23/2016) |
| 08/26/2016 | 82 | STIPULATION TO EXTEND TIME for Plaintiff to file Answering Brief in Opposition to Defendants' Motion for Judgment on the Pleadings to 9/12/2016 – filed by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 08/26/2016) |
| 08/29/2016 | | SO ORDERED, re (84 in 1:15–cv–00543–SLR–SRF, 78 in 1:15–cv–00542–SLR–SRF, 82 in 1:15–cv–00546–SLR–SRF, 94 in 1:15–cv–00545–SLR–SRF, 73 in 1:15–cv–00544–SLR–SRF) STIPULATION TO EXTEND TIME for Plaintiff to file Answering Brief in Opposition to Defendants' Motion for Judgment on the Pleadings to 9/12/2016 filed by Evolved Wireless, LLC, Set Briefing Schedule: re (71 in 1:15–cv–00542–SLR–SRF) MOTION for Judgment on the Pleadings , (74 in 1:15–cv–00543–SLR–SRF) MOTION for Judgment on the Pleadings , (66 in |

| | | 1:15–cv–00544–SLR–SRF) MOTION for Judgment on the Pleadings , (85 in 1:15–cv–00545–SLR–SRF) MOTION for Judgment on the Pleadings , (73 in 1:15–cv–00546–SLR–SRF) MOTION for Judgment on the Pleadings . (Answering Brief due 9/12/2016.). Signed by Judge Sue L. Robinson on 8/29/2016. Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00544–SLR–SRF, 1:15–cv–00545–SLR–SRF, 1:15–cv–00546–SLR–SRF(fms) (Entered: 08/29/2016) |
|---|---|---|
| 09/02/2016 | 83 | ORDER, Rescheduling Hearings(The Markman Hearing is rescheduled for 10/6/2016 at 02:00 PM in Courtroom 4B before Judge Sue L. Robinson.). Signed by Judge Sue L. Robinson on 9/1/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 09/02/2016) |
| 09/07/2016 | 84 | MOTION for Pro Hac Vice Appearance of Attorney Marla R. Butler – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Brian) (Entered: 09/07/2016) |
| 09/07/2016 | | SO ORDERED– re (97 in 1:15–cv–00545–SLR–SRF, 84 in 1:15–cv–00546–SLR–SRF, 86 in 1:15–cv–00543–SLR–SRF, 75 in 1:15–cv–00544–SLR–SRF, 80 in 1:15–cv–00542–SLR–SRF) MOTION for Pro Hac Vice Appearance of Attorney Marla R. Butler. Signed by Judge Sherry R. Fallon on 9/7/2016. Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00544–SLR–SRF, 1:15–cv–00545–SLR–SRF, 1:15–cv–00546–SLR–SRF(lih) (Entered: 09/07/2016) |
| 09/09/2016 | 85 | NOTICE OF SERVICE of Defendants' Supplemental Disclosure of Invalidity References filed by ZTE (USA) Inc..(Hunter, Travis) (Entered: 09/09/2016) |
| 09/12/2016 | 86 | Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Discovery Dispute. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Farnan, Brian) (Entered: 09/12/2016) |
| 09/12/2016 | 87 | ANSWERING BRIEF in Opposition re 73 MOTION for Judgment on the Pleadings filed by Evolved Wireless, LLC.Reply Brief due date per Local Rules is 9/22/2016. (Farnan, Brian) (Entered: 09/12/2016) |
| 09/13/2016 | 88 | [SEALED] Letter to The Honorable Sherry R. Fallon from Kelly E. Farnan regarding discovery dispute. (Farnan, Kelly) (Entered: 09/13/2016) |
| 09/15/2016 | 89 | CLAIM CONSTRUCTION REPLY BRIEF filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 09/15/2016) |
| 09/15/2016 | 90 | DECLARATION of Ryan M. Schultz re (85 in 1:15–cv–00542–SLR–SRF) Claim Construction Reply Brief, (80 in 1:15–cv–00544–SLR–SRF) Claim Construction Reply Brief, (92 in 1:15–cv–00543–SLR–SRF) Claim Construction Reply Brief, (89 in 1:15–cv–00546–SLR–SRF) Claim Construction Reply Brief, (103 in 1:15–cv–00545–SLR–SRF) Claim Construction Reply Brief by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Farnan, Brian) Modified on 9/16/2016 (lih). (Entered: 09/15/2016) |
| 09/15/2016 | 91 | DECLARATION of Dr. Todor Cooklev re (92 in 1:15–cv–00543–SLR–SRF) Claim Construction Reply Brief, (85 in 1:15–cv–00542–SLR–SRF) Claim Construction Reply Brief, (80 in 1:15–cv–00544–SLR–SRF) Claim Construction Reply Brief, (89 in 1:15–cv–00546–SLR–SRF) Claim Construction Reply Brief, (103 in 1:15–cv–00545–SLR–SRF) Claim Construction Reply Brief by Evolved Wireless, LLC. (Attachments: # 1 Appendix 1)(Farnan, Brian) Modified on 9/16/2016 (lih). (Entered: 09/15/2016) |
| 09/15/2016 | 92 | NOTICE of Supplemental Authority by Evolved Wireless, LLC (Attachments: # 1 Exhibit A)(Farnan, Brian) (Entered: 09/15/2016) |
| 09/16/2016 | 93 | Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding deposition limits. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Farnan, Michael) (Entered: 09/16/2016) |
| 09/16/2016 | 94 | STIPULATION TO EXTEND TIME for Defendants to file a Reply Brief in further support of their Motion for Judgment on the Pleadings to September 29, 2016 – filed by ZTE (USA) Inc.. (Hunter, Travis) (Entered: 09/16/2016) |
| 09/19/2016 | | NOTICE: Per Magistrate Judge Fallon's Standing Order Regarding Courtesy Copies of discovery dispute documents, which requires two (2) courtesy copies of all letter briefs within one hour of filing, please submit to the Clerk's Office a copy of D.I. # 89 . Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00544–SLR–SRF, |

| | | 1:15-cv-00545-SLR-SRF, 1:15-cv-00546-SLR-SRF(lih) (Entered: 09/19/2016) |
|---|---|---|
| 09/19/2016 | | SO ORDERED, re (95 in 1:15-cv-00547-SLR-SRF, 94 in 1:15-cv-00546-SLR-SRF, 85 in 1:15-cv-00544-SLR-SRF, 90 in 1:15-cv-00542-SLR-SRF, 108 in 1:15-cv-00545-SLR-SRF, 97 in 1:15-cv-00543-SLR-SRF) STIPULATION TO EXTEND TIME for Defendants to file a Reply Brief in further support of their Motion for Judgment on the Pleadings to September 29, 2016 filed by ZTE (USA) Inc., Set Briefing Schedule: re (71 in 1:15-cv-00542-SLR-SRF) MOTION for Judgment on the Pleadings , (74 in 1:15-cv-00543-SLR-SRF) MOTION for Judgment on the Pleadings , (66 in 1:15-cv-00544-SLR-SRF) MOTION for Judgment on the Pleadings , (85 in 1:15-cv-00545-SLR-SRF) MOTION for Judgment on the Pleadings , (73 in 1:15-cv-00546-SLR-SRF) MOTION for Judgment on the Pleadings , (72 in 1:15-cv-00547-SLR-SRF) MOTION for Judgment on the Pleadings . (Reply Brief due 9/29/2016.). Signed by Judge Sue L. Robinson on 9/19/2016. Associated Cases: 1:15-cv-00542-SLR-SRF et al.(nmfn) (Entered: 09/19/2016) |
| 09/19/2016 | 95 | PROPOSED ORDER Stipulated Supplemental Protective Order between Non Party Qualcomm Incorporated, Plaintiff, and All Defendants by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 09/19/2016) |
| 09/20/2016 | 96 | Letter to The Honorable Sherry R. Fallon from David E. Moore, Esquire regarding response to Plaintiff's September 16, 2016 letter regarding deposition limits – re (107 in 1:15-cv-00545-SLR-SRF, 84 in 1:15-cv-00544-SLR-SRF, 93 in 1:15-cv-00546-SLR-SRF, 89 in 1:15-cv-00542-SLR-SRF, 96 in 1:15-cv-00543-SLR-SRF) Letter, (94 in 1:15-cv-00547-SLR-SRF) Letter. (Attachments: # 1 Exhibit 1)(Moore, David) (Entered: 09/20/2016) |
| 09/21/2016 | | REDACTION NOTICE: In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, redacted versions of sealed documents shall be filed electronically within 7 days of the filing of the sealed document. The records of this case do not reflect the filing of a redacted version of DI # 88 . (lih) (Entered: 09/21/2016) |
| 09/22/2016 | 97 | REDACTED VERSION of 88 Letter by ZTE (USA) Inc.. (Farnan, Kelly) Modified on 9/23/2016 (lih). (Entered: 09/22/2016) |
| 09/27/2016 | | Minute Entry for proceedings held before Judge Sherry R. Fallon – Discovery Dispute Telephone Conference held on 9/27/2016. (Court Reporter T. Carroll (Hawkins Reporting).) Associated Cases: 1:15-cv-00542-SLR-SRF et al.(lih) (Entered: 09/27/2016) |
| 09/27/2016 | | ORAL ORDER– re (71 in 1:15-cv-00544-SLR-SRF, 81 in 1:15-cv-00543-SLR-SRF, 79 in 1:15-cv-00546-SLR-SRF, 76 in 1:15-cv-00542-SLR-SRF, 91 in 1:15-cv-00545-SLR-SRF) MOTION for Teleconference to Resolve Discovery Dispute. IT IS HEREBY ORDERED that: the transcript of the 9/27/2016 teleconference shall serve as the order of the court. Ordered by Judge Sherry R. Fallon on 9/27/2016. Associated Cases: 1:15-cv-00542-SLR-SRF et al.(lih) (Entered: 09/27/2016) |
| 09/27/2016 | 98 | MOTION for Pro Hac Vice Appearance of Attorney Brian A. Jones – filed by ZTE (USA) Inc.. Motions referred to Sherry R. Fallon.(Farnan, Kelly) (Entered: 09/27/2016) |
| 09/27/2016 | | SO ORDERED, re 98 MOTION for Pro Hac Vice Appearance of Attorney Brian A. Jones filed by ZTE (USA) Inc. Signed by Judge Sue L. Robinson on 9/27/2016. (fms) (Entered: 09/27/2016) |
| 09/28/2016 | | Pro Hac Vice Attorney Brian A. Jones for ZTE (USA) Inc. added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (dmp, ) (Entered: 09/28/2016) |
| 09/29/2016 | 99 | Stipulated Amended Supplemental Protective Order Between Non Party Qualcomm Incorporated, Plaintiff, and All Defendants by Evolved Wireless, LLC. (Farnan, Brian) Modified on 10/4/2016 (lih). (Entered: 09/29/2016) |
| 09/29/2016 | 100 | REPLY BRIEF re 73 MOTION for Judgment on the Pleadings filed by ZTE (USA) Inc.. (Hunter, Travis) (Entered: 09/29/2016) |
| 09/30/2016 | 101 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's First Set of Interrogatories to ZTE (No. 1) filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 09/30/2016) |

| 09/30/2016 | 102 | CLAIM CONSTRUCTION SURREPLY BRIEF re 89 Claim Construction Reply Brief filed by ZTE (USA) Inc.. (Hunter, Travis) (Entered: 09/30/2016) |
| 09/30/2016 | 103 | DECLARATION of Charles M. Stiernberg re 102 Claim Construction Surreply Brief by ZTE (USA) Inc.. (Attachments: # 1 Exhibit 6 and 7)(Hunter, Travis) Modified on 10/4/2016 (lih). (Entered: 09/30/2016) |
| 09/30/2016 | 104 | STIPULATION regarding Briefing Schedule on Licenses by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 09/30/2016) |
| 10/04/2016 | 105 | NOTICE to Take Deposition of ZTE (USA) Inc. on 11/3/2016 filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 10/04/2016) |
| 10/05/2016 | | SO ORDERED– re (101 in 1:15–cv–00543–SLR–SRF, 99 in 1:15–cv–00546–SLR–SRF, 94 in 1:15–cv–00542–SLR–SRF, 89 in 1:15–cv–00544–SLR–SRF, 112 in 1:15–cv–00545–SLR–SRF) Stipulated Amended Supplemental Protective Order, (106 in 1:15–cv–00543–SLR–SRF, 117 in 1:15–cv–00545–SLR–SRF, 94 in 1:15–cv–00544–SLR–SRF, 104 in 1:15–cv–00546–SLR–SRF, 99 in 1:15–cv–00542–SLR–SRF) STIPULATION regarding Briefing Schedule on Licenses. Signed by Judge Sherry R. Fallon on 10/5/2016. Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00544–SLR–SRF, 1:15–cv–00545–SLR–SRF, 1:15–cv–00546–SLR–SRF(lih) (Entered: 10/05/2016) |
| 10/06/2016 | 106 | REQUEST for Oral Argument by ZTE (USA) Inc. re 73 MOTION for Judgment on the Pleadings . (Hunter, Travis) (Entered: 10/06/2016) |
| 10/06/2016 | | Minute Entry for proceedings held before Judge Sue L. Robinson – Markman Hearing held on 10/6/2016. (Court Reporter V. Gunning.) Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 10/12/2016) |
| 10/21/2016 | 107 | [SEALED] OPENING BRIEF in Support Cross–Producing Licenses Across the Related Cases filed by Evolved Wireless, LLC.Answering Brief/Response due date per Local Rules is 11/7/2016. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Farnan, Michael) Modified on 10/24/2016 (lih). (Entered: 10/21/2016) |
| 10/28/2016 | 108 | REDACTED VERSION of (108 in 1:15–cv–00543–SLR–SRF) Opening Brief in Support, (101 in 1:15–cv–00542–SLR–SRF) Opening Brief in Support, (120 in 1:15–cv–00545–SLR–SRF) Opening Brief in Support, (96 in 1:15–cv–00544–SLR–SRF) Opening Brief in Support, (107 in 1:15–cv–00546–SLR–SRF) Opening Brief in Support, by Evolved Wireless, LLC. (Attachments: # 1 Exhibits A–C)(Farnan, Brian) (Entered: 10/28/2016) |
| 10/31/2016 | 109 | MEMORANDUM OPINION. Signed by Judge Sue L. Robinson on 10/31/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 10/31/2016) |
| 10/31/2016 | 110 | ORDER denying (66 in 1:15–cv–00544–SLR–SRF) MOTION for Judgment on the Pleadings (85 in 1:15–cv–00545–SLR–SRF), (72 in 1:15–cv–00547–SLR–SRF), (74 in 1:15–cv–00543–SLR–SRF), (73 in 1:15–cv–00546–SLR–SRF) (71 in 15–cv–00542–SLR–SRF and MOTION for Judgment on the Pleadings . Signed by Judge Sue L. Robinson on 10/31/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 10/31/2016) |
| 10/31/2016 | 111 | NOTICE OF SERVICE of Defendant ZTE (USA) Inc.'s Objections and Responses to Plaintiff Evolved's First Set of Interrogatories to ZTE filed by ZTE (USA) Inc..(Hunter, Travis) (Entered: 10/31/2016) |
| 11/07/2016 | 112 | NOTICE to Take Deposition of Plaintiff Evolved Wireless, LLC Pursuant to Rule 30(b)(6) on [Mutually Agreed Upon Date] filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Russell, Andrew) (Entered: 11/07/2016) |
| 11/08/2016 | 113 | STIPULATION Amending Scheduling Order by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A)(Farnan, Brian) (Entered: 11/08/2016) |
| 11/09/2016 | 114 | AMENDED SCHEDULING ORDER: Case referred to the Magistrate Judge for the purpose of exploring ADR. Case referred to the Magistrate Judge for discovery and all motions to dismiss, amend, transfer and any discovery motions permitted by the Magistrate Judge. Fact Discovery completed by 3/22/2017. Expert Discovery due by 7/28/2017. A Status Conference is set for 3/2/2017 at 04:30 PM in Courtroom 4B before Judge Sue L. Robinson Dispositive Motions due by 8/15/2017. An Oral Argument is set for 11/21/2017 at 09:30 AM in Courtroom 4B before Judge Sue L. Robinson. A Status Conference re: Expert Discovery is set for 8/22/2017 at 04:30 PM in Courtroom 4B before Judge Sue L. Robinson. A Final Pretrial Conference is set for |

| | | |
|---|---|---|
| | | 3/27/2018 at 04:30 PM in Courtroom 4B before Judge Sue L. Robinson. A Jury Trial is set for 4/23/2018 at 09:00 AM in Courtroom 4B before Judge Sue L. Robinson. Signed by Judge Sue L. Robinson on 11/9/2016. Associated Cases: 1:15−cv−00542−SLR−SRF et al.(nmfn) (Entered: 11/09/2016) |
| 11/11/2016 | 115 | NOTICE OF SERVICE of Defendant ZTE (USA) Inc.'s Objections and Responses to Evolved's First Notice of Deposition Pursuant to Federal Rule of Civil Procedure 30(b)(6) (Topic Nos. 1–41) filed by ZTE (USA) Inc..(Hunter, Travis) (Entered: 11/11/2016) |
| 11/14/2016 | 116 | MEMORANDUM ORDER regarding claim construction. Signed by Judge Sue L. Robinson on 11/14/2016. Associated Cases: 1:15−cv−00542−SLR−SRF et al.(fms) (Entered: 11/14/2016) |
| 11/15/2016 | 117 | ANSWERING BRIEF in Opposition re 107 [SEALED] OPENING BRIEF in Support Cross−Producing Licenses Across the Related Cases filed by Non−Parties InterDigital Technology Corporation, IPR Licensing, Inc., and InterDigital Patent Holdings, Inc..(lih) (Entered: 11/15/2016) |
| 11/15/2016 | 118 | [SEALED] ANSWERING BRIEF in Opposition re 107 [SEALED] OPENING BRIEF in Support Cross−Producing Licenses Across the Related Cases filed by THIRD PARTY NOKIA CORPORATIONS AND ALCATEL LUCENT S.A..(lih) (Entered: 11/15/2016) |
| 11/15/2016 | 119 | ANSWERING BRIEF in Opposition re 107 [SEALED] OPENING BRIEF in Support Cross−Producing Licenses Across the Related Cases filed by ZTE (USA) Inc.. (Farnan, Kelly) Modified on 11/16/2016 (lih). (Entered: 11/15/2016) |
| 11/30/2016 | 120 | REDACTED VERSION of (107 in 1:15−cv−00544−SLR−SRF) Answering Brief in Opposition, (130 in 1:15−cv−00545−SLR−SRF) Answering Brief in Opposition, (116 in 1:15−cv−00547−SLR−SRF) Answering Brief in Opposition, (118 in 1:15−cv−00546−SLR−SRF) Answering Brief in Opposition, (118 in 1:15−cv−00543−SLR−SRF) Answering Brief in Opposition, (112 in 1:15−cv−00542−SLR−SRF) Answering Brief in Opposition. (lih) (Entered: 11/30/2016) |
| 11/30/2016 | 121 | STIPULATION TO EXTEND TIME for Plaintiff to file its Reply Brief in support of Cross−Producing Licenses Across the Related Cases to 12/7/2016 − filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 11/30/2016) |
| 12/02/2016 | | SO ORDERED− re (115 in 1:15−cv−00542−SLR−SRF, 110 in 1:15−cv−00544−SLR−SRF, 136 in 1:15−cv−00545−SLR−SRF, 121 in 1:15−cv−00546−SLR−SRF, 122 in 1:15−cv−00543−SLR−SRF) STIPULATION TO EXTEND TIME for Plaintiff to file its Reply Brief in support of Cross−Producing Licenses Across the Related Cases to 12/7/2016. Signed by Judge Sherry R. Fallon on 12/2/2016. Associated Cases: 1:15−cv−00542−SLR−SRF, 1:15−cv−00543−SLR−SRF, 1:15−cv−00544−SLR−SRF, 1:15−cv−00545−SLR−SRF, 1:15−cv−00546−SLR−SRF(lih) (Entered: 12/02/2016) |
| 12/07/2016 | 122 | REPLY BRIEF re 107 [SEALED] OPENING BRIEF in Support of Cross−Producing Licenses Across the Related Cases filed by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Farnan, Brian) Modified on 12/8/2016 (lih). (Entered: 12/07/2016) |
| 12/07/2016 | 123 | REPLY BRIEF re 107 [SEALED] OPENING BRIEF in Support of Cross−Producing Licenses Across the Related Cases filed by Evolved Wireless, LLC. (Farnan, Brian) Modified on 12/8/2016 (lih). (Entered: 12/07/2016) |
| 12/07/2016 | 124 | REPLY BRIEF re 107 [SEALED] OPENING BRIEF in Support of Cross−Producing Licenses Across the Related Cases filed by Evolved Wireless, LLC. (Farnan, Brian) Modified on 12/8/2016 (lih). (Entered: 12/07/2016) |
| 12/27/2016 | 125 | NOTICE OF SERVICE of Plaintiff Evolved Wireless, LLC's Responses and Objections to Defendants' First Notice of Rule 30(b)(6) Deposition filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 12/27/2016) |
| 01/17/2017 | 126 | NOTICE OF SERVICE of Defendant ZTE (USA) Inc.'s First Set of Interrogatories to Plaintiff Evolved Wireless, LLC (Nos. 1−2) filed by ZTE (USA) Inc..(Hunter, Travis) (Entered: 01/17/2017) |
| 01/17/2017 | 127 | NOTICE OF SERVICE of Defendants' Second Set of Common Interrogatories to Plaintiff Evolved Wireless, LLC filed by HTC America Inc., HTC Corporation.(Rovner, Philip) (Entered: 01/17/2017) |

| 01/25/2017 | 128 | MOTION for Pro Hac Vice Appearance of Attorney Annie Huang – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Brian) (Entered: 01/25/2017) |
|---|---|---|
| 01/25/2017 | | SO ORDERED– re (130 in 1:15–cv–00543–SLR–SRF, 123 in 1:15–cv–00542–SLR–SRF, 128 in 1:15–cv–00546–SLR–SRF, 118 in 1:15–cv–00544–SLR–SRF, 148 in 1:15–cv–00545–SLR–SRF) MOTION for Pro Hac Vice Appearance of Attorney Annie Huang. Signed by Judge Sherry R. Fallon on 1/25/2017. Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00544–SLR–SRF, 1:15–cv–00545–SLR–SRF, 1:15–cv–00546–SLR–SRF(lih) (Entered: 01/25/2017) |
| 01/27/2017 | | Pro Hac Vice Attorney Annie Huang for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:15–cv–00543–SLR–SRF, 1:15–cv–00544–SLR–SRF, 1:15–cv–00545–SLR–SRF, 1:15–cv–00546–SLR–SRF(ceg) (Entered: 01/27/2017) |
| 01/27/2017 | 129 | NOTICE OF SERVICE of Evolved Wireless's Disclosure of Final Infringement Contentions filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 01/27/2017) |
| 01/27/2017 | 130 | NOTICE to Take Deposition of ZTE (USA) Inc. on 2/15/2017 filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 01/27/2017) |
| 01/27/2017 | 131 | MOTION for Teleconference to Resolve Discovery Disputes – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Michael) (Entered: 01/27/2017) |
| 01/30/2017 | | SO ORDERED– re 131 MOTION for Teleconference to Resolve Discovery Disputes. A Telephone Conference is set for 2/7/2017 at 11:00 AM before Judge Sherry R. Fallon. Counsel for the plaintiff shall initiate the call to 302–573–4557. In preparation for this hearing the parties shall follow the Discovery Matters and Disputes procedure as set forth in the Order regarding discovery matters available at www.ded.uscourts.gov/judge/magistrate–judge–sherry–r–fallon. Set Deadlines: (Moving Submission due by no later than 11:00 AM on 2/2/2017., Responsive submission due by no later than 11:00 AM on 2/3/2017.). Signed by Judge Sherry R. Fallon on 1/30/2017. (lih) (Entered: 01/30/2017) |
| 02/02/2017 | 132 | [SEALED] Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Discovery Dispute Letter re Via License. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Farnan, Michael) (Entered: 02/02/2017) |
| 02/03/2017 | 133 | [SEALED] Letter to The Honorable Sherry R. Fallon from Kelly E. Farnan regarding discovery dispute. (Attachments: # 1 Exhibit A)(Farnan, Kelly) (Entered: 02/03/2017) |
| 02/07/2017 | | Minute Entry for proceedings held before Judge Sherry R. Fallon – Discovery Dispute Telephone Conference held on 2/7/2017. (Court Reporter S. Ingram (Hawkins Reporting).) (lih) (Entered: 02/07/2017) |
| 02/07/2017 | 134 | [SEALED] ORDER re 131 MOTION for Teleconference to Resolve Discovery Disputes. Signed by Judge Sherry R. Fallon on 2/7/2017.This order has been emailed to local counsel. (lih) (Entered: 02/07/2017) |
| 02/09/2017 | 135 | REDACTED VERSION of 132 Letter by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 02/09/2017) |
| 02/09/2017 | 136 | REDACTED VERSION of 133 Letter by ZTE (USA) Inc.. (Hunter, Travis) (Entered: 02/09/2017) |
| 02/10/2017 | 137 | NOTICE of Subpoenas to TechPats by ZTE (USA) Inc. (Attachments: # 1 Exhibit A–B)(Hunter, Travis) (Entered: 02/10/2017) |
| 02/14/2017 | 138 | NOTICE to Take Deposition of Waiman Lam on 2/21/2017 filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 02/14/2017) |
| 02/15/2017 | 139 | NOTICE OF SERVICE of Defendant's Requests For Admission to Plaintiff filed by ZTE (USA) Inc..(Hunter, Travis) (Entered: 02/15/2017) |
| 02/16/2017 | 140 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's Objections and Responses to ZTE's First Set of Individual Interrogatories filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 02/16/2017) |

| 02/16/2017 | 141 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's Objections and Responses to Defendants' Second Set of Common Interrogatories (Nos. 13–15) filed by Evolved Wireless, LLC.(Farnan, Michael) (Entered: 02/16/2017) |
| 02/28/2017 | 142 | NOTICE OF SERVICE of Defendants' Invalidity Contentions filed by HTC America Inc., HTC Corporation.(Rovner, Philip) (Entered: 02/28/2017) |
| 03/02/2017 | | Reset Hearings: The In–Person Status Conference is rescheduled for 3/2/2017 at 04:00 PM in Courtroom 4B before Judge Sue L. Robinson. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 03/02/2017) |
| 03/02/2017 | | Minute Entry for proceedings held before Judge Sue L. Robinson – Status Conference held on 3/2/2017. (Court Reporter V. Gunning.) Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 03/02/2017) |
| 03/03/2017 | 143 | NOTICE of Subpoenas re Deposition Testimony and Production of Documents and Things to Matt DelGiorno by ZTE (USA) Inc. (Attachments: # 1 Exhibit 1)(Hunter, Travis) (Entered: 03/03/2017) |
| 03/03/2017 | 144 | NOTICE OF SERVICE of (1) Defendants' Notice of 30(b)(6) Subpoena to Techquity Capital Management, LLC (2) Defendants' Notice of 30(b)(6) Subpoena to Lamdba LLC (3) Defendants' Notice of 30(b)(6) Subpoena to Techquity, L.P. (4) Defendants' Notice of 30(b)(6) Subpoena to Techquity, LLC (5) Defendants' Notice of Subpoena to Techquity, L.P. (6) Defendants' Notice of Subpoena to Techquity, LLC filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Russell, Andrew) (Entered: 03/03/2017) |
| 03/07/2017 | 145 | NOTICE to Take Deposition of Tian Dao on 3/17/2017 filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 03/07/2017) |
| 03/07/2017 | 146 | NOTICE to Take Deposition of Dai Xiang on 3/20/2017 filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 03/07/2017) |
| 03/07/2017 | 147 | NOTICE to Take Deposition of Gao Minggang on 3/22/2017 filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 03/07/2017) |
| 03/13/2017 | 148 | NOTICE to Take Deposition of Abha Divine on March 21, 2017 filed by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC.(Palapura, Bindu) (Entered: 03/13/2017) |
| 03/15/2017 | 149 | STIPULATION to Amend Scheduling Order re (114 in 1:15–cv–00546–SLR–SRF, 127 in 1:15–cv–00545–SLR–SRF, 114 in 1:15–cv–00547–SLR–SRF, 115 in 1:15–cv–00543–SLR–SRF, 109 in 1:15–cv–00542–SLR–SRF, 103 in 1:15–cv–00544–SLR–SRF) Scheduling Order,,, (16 in 1:15–cv–00543–SLR–SRF, 20 in 1:15–cv–00545–SLR–SRF, 17 in 1:15–cv–00544–SLR–SRF, 19 in 1:15–cv–00546–SLR–SRF, 16 in 1:15–cv–00542–SLR–SRF) Proposed Order, (21 in 1:15–cv–00547–SLR–SRF) Proposed Order by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Palapura, Bindu) (Entered: 03/15/2017) |
| 03/16/2017 | 150 | NOTICE OF SERVICE of Defendant ZTE (USA) Inc.'s Supplemental Objections and Responses of March 16, 2017 to Plaintiff's First Set of Common Interrogatories (Nos. 1–7) filed by ZTE (USA) Inc..(Hunter, Travis) (Entered: 03/16/2017) |
| 03/17/2017 | 151 | NOTICE of Issuance of Subpoena upon Mark Roche c/o Ryan M. Schultz, Robins Kaplan LLP by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC (Attachments: # 1 Exhibit 1)(Palapura, Bindu) (Entered: 03/17/2017) |
| 03/17/2017 | 152 | ORDER granting (149 in 1:15–cv–00546–SLR–SRF, 148 in 1:15–cv–00543–SLR–SRF, 149 in 1:15–cv–00547–SLR–SRF, 165 in 1:15–cv–00545–SLR–SRF, 132 in 1:15–cv–00544–SLR–SRF, 142 in 1:15–cv–00542–SLR–SRF)STIPULATION TO AMEND THE SCHEDULING ORDER. SCHEDULING ORDER: ( Fact Discovery completed by 4/10/2017., Expert Discovery due by 8/18/2017., Dispositive Motions due by 8/31/2017., An Oral Argument is set for 1/5/2018 at 09:30 AM in Courtroom 4B before Judge Sue L. Robinson.). Signed by Judge Sue L. Robinson on 3/17/2017. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 03/17/2017) |
| 03/17/2017 | 153 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's Objections and Responses to ZTE's First Set of Requests for Admission filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 03/17/2017) |

| 03/20/2017 | 154 | NOTICE of Defendant ZTE's Amended Notice of Subpoena to TechPats by ZTE (USA) Inc. (Attachments: # 1 Exhibit A)(Hunter, Travis) (Entered: 03/20/2017) |
| 03/20/2017 | 155 | NOTICE OF SERVICE of Defendant ZTE (USA) Inc.'s Supplemental Objections and Responses of March 20, 2017 to Evolved's First Set of Common Interrogatories (Nos. 1–7) filed by ZTE (USA) Inc..(Hunter, Travis) (Entered: 03/20/2017) |
| 03/22/2017 | | ORAL ORDER – A Discovery Dispute Telephone Conference is set for 3/23/2017 at 03:00 PM before Judge Sherry R. Fallon. Plaintiff's counsel is to initiate the call to 302–573–4557. Plaintiff's opening submission is due on or before 3/22/17 at 9:00 p.m. Defendants' responsive submission is due on or before 3/23/17 at 11:00 a.m. Signed by Judge Sherry R. Fallon on 3/22/2017. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(Polito, Rebecca) (Entered: 03/22/2017) |
| 03/22/2017 | 156 | [SEALED] Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Discovery Dispute – re Oral Order,, Set Hearings,. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Farnan, Brian) (Entered: 03/22/2017) |
| 03/23/2017 | 157 | [SEALED] Letter to The Honorable Sherry R. Fallon from Andrew E. Russell regarding Discovery Dispute – re Oral Order,, Set Hearings,. (Attachments: # 1 Exhibit a, # 2 Exhibit b, # 3 Exhibit c, # 4 Exhibit d)(Russell, Andrew) (Entered: 03/23/2017) |
| 03/23/2017 | | Pro Hac Vice Attorney Marla R. Butler for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (lmm) (Entered: 03/23/2017) |
| 03/23/2017 | | Minute Entry for proceedings held before Judge Sherry R. Fallon – Discovery Dispute Telephone Conference held on 3/23/2017. (Court Reporter Valerie Gunning.) Associated Cases: 1:15–cv–00542–SLR–SRF et al.(Polito, Rebecca) (Entered: 03/23/2017) |
| 03/23/2017 | | ORAL ORDER – IT IS HEREBY ORDERED that: the transcript of the teleconference held on 3/23/2017 shall serve as the order of the court. Signed by Judge Sherry R. Fallon on 3/23/2017. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(Polito, Rebecca) (Entered: 03/23/2017) |
| 03/28/2017 | 158 | MOTION for Pro Hac Vice Appearance of Attorney Rajin S. Olson – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Brian) (Entered: 03/28/2017) |
| 03/29/2017 | | SO ORDERED, re (173 in 1:15–cv–00545–SLR–SRF, 158 in 1:15–cv–00546–SLR–SRF, 149 in 1:15–cv–00542–SLR–SRF, 154 in 1:15–cv–00543–SLR–SRF, 140 in 1:15–cv–00544–SLR–SRF) MOTION for Pro Hac Vice Appearance of Attorney Rajin S. Olson filed by Evolved Wireless, LLC. Signed by Judge Sherry R. Fallon on 3/29/2017. Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00544–SLR–SRF, 1:15–cv–00545–SLR–SRF, 1:15–cv–00546–SLR–SRF(Polito, Rebecca) (Entered: 03/29/2017) |
| 03/29/2017 | 159 | REDACTED VERSION of (156 in 1:15–cv–00546–SLR–SRF, 138 in 1:15–cv–00544–SLR–SRF, 152 in 1:15–cv–00543–SLR–SRF, 147 in 1:15–cv–00542–SLR–SRF, 171 in 1:15–cv–00545–SLR–SRF) Letter by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–3)(Farnan, Brian) (Entered: 03/29/2017) |
| 03/30/2017 | | Pro Hac Vice Attorney Rajin S. Olson for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00544–SLR–SRF, 1:15–cv–00545–SLR–SRF, 1:15–cv–00546–SLR–SRF(ceg) (Entered: 03/30/2017) |
| 03/30/2017 | 160 | REDACTED VERSION of (153 in 1:15–cv–00543–SLR–SRF, 148 in 1:15–cv–00542–SLR–SRF, 172 in 1:15–cv–00545–SLR–SRF, 139 in 1:15–cv–00544–SLR–SRF, 154 in 1:15–cv–00547–SLR–SRF, 157 in 1:15–cv–00546–SLR–SRF) Letter by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Russell, Andrew) (Entered: 03/30/2017) |
| 04/10/2017 | 161 | NOTICE OF SERVICE of (1) Defendant ZTE (USA) Inc.'s Supplemental Objections and Responses of April 10, 2017 to Evolved's First Set of Common Interrogatories (Nos. 1–7); and (2) Defendant ZTE (USA) Inc.'s Supplemental Objections and Responses of April 10, 2017 to Evolved's First Set of Common Interrogatories (Nos. 8–9) filed by ZTE (USA) Inc..(Hunter, Travis) (Entered: 04/10/2017) |

| 05/12/2017 | 162 | STIPULATION to extend expert discovery deadlines by HTC America Inc., HTC Corporation. (Rovner, Philip) (Entered: 05/12/2017) |
|---|---|---|
| 05/16/2017 | | SO ORDERED, re (161 in 1:15–cv–00547–SLR–SRF, 144 in 1:15–cv–00544–SLR–SRF, 159 in 1:15–cv–00543–SLR–SRF, 154 in 1:15–cv–00542–SLR–SRF, 162 in 1:15–cv–00546–SLR–SRF, 178 in 1:15–cv–00545–SLR–SRF) Stipulation to extend expert discovery deadlines filed by HTC America Inc., HTC Corporation. Set/Reset Scheduling Order Deadlines: ( Expert Discovery due by 8/23/2017.) See stipulation for further details and deadlines. Signed by Judge Sue L. Robinson on 5/16/2017. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(fms) (Entered: 05/16/2017) |
| 05/23/2017 | 163 | NOTICE OF SERVICE of (i) Infringement Report of Dr. Todor Cooklev and (ii) Expert Report of Jonathan D. Putnam filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 05/23/2017) |
| 05/24/2017 | 164 | NOTICE OF SERVICE of Opening Expert Report of Dr. Anthony S. Acampora filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Russell, Andrew) (Entered: 05/24/2017) |
| 05/30/2017 | 165 | Joint MOTION for Discovery Dispute Teleconference – filed by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. Motions referred to Sherry R. Fallon.(Palapura, Bindu) Modified on 5/30/2017 (lih). (Entered: 05/30/2017) |
| 05/30/2017 | | SO ORDERED– re (165 in 1:15–cv–00546–SLR–SRF, 157 in 1:15–cv–00542–SLR–SRF, 165 in 1:15–cv–00547–SLR–SRF, 163 in 1:15–cv–00543–SLR–SRF, 147 in 1:15–cv–00544–SLR–SRF, 183 in 1:15–cv–00545–SLR–SRF) Joint MOTION for Discovery Dispute Teleconference. A Telephone Conference is set for 7/10/2017 at 03:00 PM before Judge Sherry R. Fallon. Counsel for the Apple Inc. shall initiate the call to 302–573–4557. In preparation for this hearing the parties shall follow the Discovery Matters and Disputes procedure as set forth in the Order regarding discovery matters available at www.ded.uscourts.gov/judge/magistrate–judge–sherry–r–fallon. Set Deadlines: (Moving Submission due by no later than 11:00 AM on 7/5/2017, Responsive submission due by no later than 11:00 AM on 7/6/2017.).. Signed by Judge Sherry R. Fallon on 5/30/2017. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 05/30/2017) |
| 06/14/2017 | 166 | Joint STIPULATION TO EXTEND TIME of the deadline for Defendants to serve their rebuttal expert report related to damages to July 10, 2017 – filed by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Palapura, Bindu) (Entered: 06/14/2017) |
| 06/15/2017 | | SO ORDERED, re (148 in 1:15–cv–00544–SLR–SRF, 166 in 1:15–cv–00546–SLR–SRF, 184 in 1:15–cv–00545–SLR–SRF, 158 in 1:15–cv–00542–SLR–SRF, 168 in 1:15–cv–00547–SLR–SRF, 165 in 1:15–cv–00543–SLR–SRF) Joint STIPULATION TO EXTEND TIME of the deadline for Defendants to serve their rebuttal expert report related to damages to July 10, 2017 filed by Apple Inc., Motorola Mobility LLC, Lenovo (United States) Inc. Signed by Judge Sue L. Robinson on 6/15/2017. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(fms) (Entered: 06/15/2017) |
| 06/27/2017 | 167 | NOTICE OF SERVICE of (i) Expert Rebuttal Report of Jonathan D. Putnam; (ii) Expert Rebuttal Report of Dr. Todor Cooklev Regarding ETSI, 3GPP, Standards–Setting Matters, and FRAND; (iii) Expert Rebuttal Report of Dr. Todor Cooklev; (iv) Expert Rebuttal Report of Dr. Bertram Huber; and (v) Rebuttal Expert Report of Bertrand Fages filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 06/27/2017) |
| 06/28/2017 | 168 | NOTICE OF SERVICE of Rebuttal Expert Report of Dr. Anthony S. Acampora filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Russell, Andrew) (Entered: 06/28/2017) |
| 06/28/2017 | 169 | NOTICE OF SERVICE of the Rebuttal Expert Report of Richard M. Goodin filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., ZTE (USA) Inc..(Smith, Rodger) (Entered: 06/28/2017) |
| 06/29/2017 | 170 | NOTICE OF SERVICE of Rebuttal Expert Report of Dr. Apostolos K. Kakaes filed by ZTE (USA) Inc..(Hunter, Travis) (Entered: 06/29/2017) |
| 07/05/2017 | 171 | [SEALED] Joint Letter to The Honorable Sherry R. Fallon from David E. Moore, Esquire regarding opening discovery dispute. (Attachments: # 1 Exhibit A–E)(Moore, David) (Entered: 07/05/2017) |

| 07/06/2017 | 172 | [SEALED] Letter to The Honorable Sherry R. Fallon from Michael J. Farnan regarding Response to Defendants' July 5, 2017 Letter – re (170 in 1:15–cv–00543–SLR–SRF, 190 in 1:15–cv–00545–SLR–SRF, 161 in 1:15–cv–00542–SLR–SRF, 153 in 1:15–cv–00544–SLR–SRF, 171 in 1:15–cv–00546–SLR–SRF) Letter. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Farnan, Michael) (Entered: 07/06/2017) |
|---|---|---|
| 07/06/2017 | 173 | STIPULATION TO EXTEND TIME to Serve Rebuttal Expert Reports re: Damages to July 17, 2017 – filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Hoeschen, Nathan) (Entered: 07/06/2017) |
| 07/10/2017 | | Minute Entry for proceedings held before Judge Sherry R. Fallon – Discovery Dispute Telephone Conference held on 7/10/2017. (Court Reporter T. Carroll ( Hawkins Reporting).) Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 07/19/2017) |
| 07/11/2017 | | SO ORDERED, re (173 in 1:15–cv–00547–SLR–SRF) STIPULATION TO EXTEND TIME to Serve Rebuttal Expert Reports re: Damages to July 17, 2017 filed by Samsung Electronics Co. Ltd., Samsung Electronics America Inc. Signed by Judge Sue L. Robinson on 7/11/2017. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(fms) (Entered: 07/11/2017) |
| 07/17/2017 | 174 | Letter to The Honorable Sherry R. Fallon from Michael J. Farnan regarding Discovery Update Pursuant to the Court's July 10, 2017 Oral Order. (Farnan, Michael) (Entered: 07/17/2017) |
| 07/17/2017 | 175 | REDACTED VERSION of (162 in 1:15–cv–00542–SLR–SRF, 191 in 1:15–cv–00545–SLR–SRF, 171 in 1:15–cv–00543–SLR–SRF, 172 in 1:15–cv–00546–SLR–SRF, 154 in 1:15–cv–00544–SLR–SRF) Letter, by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 07/17/2017) |
| 07/18/2017 | 176 | REDACTED VERSION of (170 in 1:15–cv–00543–SLR–SRF, 190 in 1:15–cv–00545–SLR–SRF, 161 in 1:15–cv–00542–SLR–SRF, 153 in 1:15–cv–00544–SLR–SRF, 171 in 1:15–cv–00546–SLR–SRF) Letter by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A–E)(Moore, David) (Entered: 07/18/2017) |
| 07/18/2017 | 177 | NOTICE OF SERVICE of Expert Report of Michael J. Lasinski filed by ZTE (USA) Inc..(Hunter, Travis) (Entered: 07/18/2017) |
| 07/19/2017 | 178 | STIPULATION of Dismissal relating to U.S. Patent Nos. 7,746,916; 7,768,965; and 8,218,481, and Dismiss Without Prejudice Related Counterclaims Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) by Evolved Wireless, LLC. (Farnan, Brian) Modified on 7/19/2017 (lih). (Entered: 07/19/2017) |
| 07/21/2017 | | SO ORDERED, re 178 Stipulation of Dismissal relating to U.S. Patent Nos. 7,746,916; 7,768,965; and 8,218,481, and Dismiss Without Prejudice Related Counterclaims Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) filed by Evolved Wireless, LLC. Signed by Judge Sherry R. Fallon on 7/21/2017. (fms) (Entered: 07/21/2017) |
| 07/27/2017 | 179 | [SEALED] MEMORANDUM ORDER re (71 in 1:15–cv–00544–SLR–SRF, 81 in 1:15–cv–00543–SLR–SRF, 79 in 1:15–cv–00546–SLR–SRF, 91 in 1:15–cv–00545–SLR–SRF). Signed by Judge Sherry R. Fallon on 7/26/2017.This order has been emailed to local counsel. Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00544–SLR–SRF, 1:15–cv–00545–SLR–SRF, 1:15–cv–00546–SLR–SRF(lih) (Entered: 07/27/2017) |
| 07/27/2017 | 180 | MEMORANDUM ORDER re (165 in 1:15–cv–00546–SLR–SRF, 157 in 1:15–cv–00542–SLR–SRF, 165 in 1:15–cv–00547–SLR–SRF, 163 in 1:15–cv–00543–SLR–SRF, 147 in 1:15–cv–00544–SLR–SRF, 183 in 1:15–cv–00545–SLR–SRF) Joint MOTION for Discovery Dispute Teleconference. Signed by Judge Sherry R. Fallon on 7/26/2017.This order has been emailed to local counsel. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) Modified on 8/15/2017 (lih). (Main Document 180 replaced on 8/15/2017) (lih). (Entered: 07/27/2017) |
| 08/01/2017 | | Case Reassigned to Judge Joseph F. Bataillon of the District of Nebraska (in lieu of Vacant Judgeship). Please include the initials of the Judge (JFB) after the case number on all documents filed. Associated Cases: 1:15–cv–00542–JFB–SRF through 1:15–cv–00547–JFB–SRF (rjb) (Entered: 08/01/2017) |

| 08/07/2017 | 181 | Letter to The Honorable Sherry R. Fallon from Bindu A. Palapura regarding redactions to Sealed Memorandum Orders – re (172 in 1:15−cv−00542–JFB–SRF, 179 in 1:15−cv−00546–JFB–SRF, 201 in 1:15−cv−00545–JFB–SRF, 182 in 1:15−cv−00543–JFB–SRF, 163 in 1:15−cv−00544–JFB–SRF) Memorandum and Order, (202 in 1:15−cv−00545–JFB–SRF, 183 in 1:15−cv−00543–JFB–SRF, 176 in 1:15−cv−00547–JFB–SRF, 164 in 1:15−cv−00544–JFB–SRF, 180 in 1:15−cv−00546–JFB–SRF, 173 in 1:15−cv−00542–JFB–SRF) Memorandum and Order,. (Attachments: # 1 (Redactions))(Palapura, Bindu) (Entered: 08/07/2017) |
|---|---|---|
| 08/08/2017 | 182 | NOTICE to Take Deposition of Michael Lasinski on 8/18/2017 filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 08/08/2017) |
| 08/08/2017 | 183 | NOTICE to Take Deposition of Apostolos Kakaes on 8/18/2017 filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 08/08/2017) |
| 08/08/2017 | 184 | NOTICE to Take Deposition of Jonathan Putnam on August 11, 2017 filed by ZTE (USA) Inc..(Hunter, Travis) (Entered: 08/08/2017) |
| 08/10/2017 | 185 | ORAL ORDER – Pursuant to the filing of this case, the Court issues the following order: This case shall be immediately referred to Magistrate Judge Sherry R. Fallon. Magistrate Judge Fallon shall issue a scheduling order when appropriate. Magistrate Judge Fallon shall handle all dispositive and nondispositive matters on all issues, including claim construction, except for summary judgments, Daubert motions and pretrial motions in limine. On all dispositive matters, the magistrate judge shall issue a report and recommendation. The parties have the right to file objections to the report and recommendation, or in the case of nondispositive matters, file an appeal of the magistrate judge's order, and the same shall be decided by the undersigned. The magistrate judge shall likewise handle all discovery matters, scheduling, and pretrial conferences. If the parties believe the magistrate judge has a conflict of interest with this case, the parties shall so notify the Court. IT IS SO ORDERED. Signed by Judge Joseph F. Bataillon on 8/10/2017. Associated Cases: 1:15−cv−00542–JFB–SRF et al.(Lawrence, Tiwauna) (Entered: 08/10/2017) |
| 08/10/2017 | 186 | Joint MOTION For Teleconference To Resolve Discovery Dispute – filed by ZTE (USA) Inc.. Motions referred to Sherry R. Fallon.(Hunter, Travis) (Entered: 08/10/2017) |
| 08/10/2017 | 187 | [SEALED] OBJECTIONS by Evolved Wireless, LLC to 179 Memorandum and Order, . (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Farnan, Michael) (Entered: 08/10/2017) |
| 08/10/2017 | 188 | STATEMENT Regarding New Legal and Factual Arguments re 187 Objections by Evolved Wireless, LLC. (Farnan, Michael) Modified on 8/14/2017 (lih). (Entered: 08/10/2017) |
| 08/10/2017 | 189 | NOTICE to Take Deposition of Dr. Todor Cooklev on August 21–23, 2017 filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Hoeschen, Nathan) (Entered: 08/10/2017) |
| 08/14/2017 | | SO ORDERED– re (171 in 1:15−cv−00544–JFB–SRF, 211 in 1:15−cv−00545–JFB–SRF, 192 in 1:15−cv−00543–JFB–SRF, 184 in 1:15−cv−00547–JFB–SRF, 186 in 1:15−cv−00546–JFB–SRF, 180 in 1:15−cv−00542–JFB–SRF) Joint MOTION For Teleconference To Resolve Discovery Dispute. A Telephone Conference is set for 9/7/2017 at 03:30 PM before Judge Sherry R. Fallon. Counsel for ZTE Inc. shall initiate the call to 302−573−4557. In preparation for this hearing the parties shall follow the Discovery Matters and Disputes procedure as set forth in the Order regarding discovery matters available at www.ded.uscourts.gov/judge/magistrate–judge–sherry–r–fallon. Set Deadlines: (Moving Submission due by no later than 3:00 PM on 8/31/2017, Responsive submission due by no later than 3:00 PM on 9/1/2017.) Signed by Judge Sherry R. Fallon on 8/14/2017. Associated Cases: 1:15−cv−00542–JFB–SRF et al.(lih) (Entered: 08/14/2017) |
| 08/15/2017 | 190 | REDACTED VERSION of (172 in 1:15−cv−00542–JFB–SRF, 179 in 1:15−cv−00546–JFB–SRF, 201 in 1:15−cv−00545–JFB–SRF, 182 in 1:15−cv−00543–JFB–SRF, 163 in 1:15−cv−00544–JFB–SRF) Memorandum Order. (lih) (Entered: 08/15/2017) |
| 08/15/2017 | | Remark: D.I. 180 redacted in its entirety per D.I. 181 . (lih) (Entered: 08/15/2017) |
| 08/17/2017 | | ORAL ORDER– IT IS HEREBY ORDERED that: the expert discovery status conference set in this matter for 8/22/2017 is RESCHEDULED and COMBINED with the discovery dispute teleconference set in this matter for 9/7/2017 at 03:30 PM before Judge Sherry R. Fallon. |

| | | Ordered by Judge Sherry R. Fallon on 8/17/2017. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 08/17/2017) |
|---|---|---|
| 08/17/2017 | 191 | REDACTED VERSION of 187 Objections by Evolved Wireless, LLC. (Attachments: # 1 Exhibits A–E)(Farnan, Michael) (Entered: 08/17/2017) |
| 08/21/2017 | 192 | NOTICE of Screening Procedure by Evolved Wireless, LLC (Farnan, Brian) (Entered: 08/21/2017) |
| 08/22/2017 | | CORRECTING ENTRY: Docket clerk has deleted the minute entry and oral order regarding the transcript filed on 3/22/2017 due to entries being filed in error. The correct entries were made on 3/23/2017. Associated Cases: 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF, 1:15–cv–00547–JFB–SRF(lih) (Entered: 08/22/2017) |
| 08/24/2017 | 193 | [SEALED] RESPONSE TO OBJECTIONS by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Lenovo (United States) Inc., Lenovo Group Ltd., Motorola Mobility LLC re (185 in 1:15–cv–00547–JFB–SRF) Objections, (193 in 1:15–cv–00543–JFB–SRF) Objections, (187 in 1:15–cv–00546–JFB–SRF) Objections, (212 in 1:15–cv–00545–JFB–SRF) Objections, (181 in 1:15–cv–00542–JFB–SRF) Objections, (172 in 1:15–cv–00544–JFB–SRF) Objections. (Attachments: # 1 Exhibit 1)(Palapura, Bindu) Modified on 8/25/2017 (lih). (Entered: 08/24/2017) |
| 08/31/2017 | 194 | [SEALED] Letter to The Honorable Sherry R. Fallon from Kelly E. Farnan regarding Discovery Dispute. (Attachments: # 1 Exhibit A through C)(Farnan, Kelly) Modified on 9/1/2017 (lih). (Entered: 08/31/2017) |
| 08/31/2017 | 195 | NOTICE OF SERVICE of ZTEs Supplemental Objections and Responses of August 31, 2017 to Evolveds First Set of Common Interrogatories (No. 4) filed by ZTE (USA) Inc..(Farnan, Kelly) (Entered: 08/31/2017) |
| 08/31/2017 | 196 | MOTION for Summary Judgment of Non–Infringement – filed by ZTE (USA) Inc.. (Attachments: # 1 Text of Proposed Order)(Hunter, Travis) Modified on 9/1/2017 (lih). (Entered: 08/31/2017) |
| 08/31/2017 | 197 | [SEALED] MOTION for Summary Judgment – filed by ZTE (USA) Inc.. (Attachments: # 1 Text of Proposed Order)(Hunter, Travis) Modified on 9/1/2017 (lih). (Entered: 08/31/2017) |
| 08/31/2017 | 198 | MOTION for Summary Judgment – filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 08/31/2017) |
| 08/31/2017 | 199 | [SEALED] OPENING BRIEF in Support re 197 MOTION for Summary Judgment filed by ZTE (USA) Inc..Answering Brief/Response due date per Local Rules is 9/14/2017. (Hunter, Travis) Modified on 9/1/2017 (lih). (Entered: 08/31/2017) |
| 08/31/2017 | 200 | [SEALED] DECLARATION of Michael D. Jay re (206 in 1:15–cv–00543–JFB–SRF) Opening Brief in Support, (199 in 1:15–cv–00546–JFB–SRF) Opening Brief in Support, (185 in 1:15–cv–00544–JFB–SRF) Opening Brief in Support, (196 in 1:15–cv–00547–JFB–SRF) Opening Brief in Support, (225 in 1:15–cv–00545–JFB–SRF) Opening Brief in Support, (196 in 1:15–cv–00542–JFB–SRF) Opening Brief in Support by Microsoft Corporation, Microsoft Mobile Oy, HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., ZTE Corporation, ZTE Solutions Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A–O)(Moore, David) Modified on 9/1/2017 (lih). (Entered: 08/31/2017) |
| 08/31/2017 | 201 | [SEALED] APPENDIX re (206 in 1:15–cv–00543–JFB–SRF) Opening Brief in Support, (199 in 1:15–cv–00546–JFB–SRF) Opening Brief in Support, (196 in 1:15–cv–00547–JFB–SRF) Opening Brief in Support, (225 in 1:15–cv–00545–JFB–SRF) Opening Brief in Support, (184 in 1:15–cv–00544–JFB–SRF) MOTION for Summary Judgment , (196 in 1:15–cv–00542–JFB–SRF) Opening Brief in Support by Microsoft Corporation, Microsoft Mobile Oy, HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., ZTE Corporation, ZTE Solutions Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Moore, David) Modified on 9/1/2017 (lih). (Entered: 08/31/2017) |
| 08/31/2017 | 202 | [SEALED] APPENDIX re (206 in 1:15–cv–00543–JFB–SRF) Opening Brief in Support, (199 in 1:15–cv–00546–JFB–SRF) Opening Brief in Support, (185 in 1:15–cv–00544–JFB–SRF) |

| | | |
|---|---|---|
| | | Opening Brief in Support, (196 in 1:15−cv−00547−JFB−SRF) Opening Brief in Support, (225 in 1:15−cv−00545−JFB−SRF) Opening Brief in Support, (196 in 1:15−cv−00542−JFB−SRF) Opening Brief in Support by Microsoft Corporation, Microsoft Mobile Oy, HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Attachments: # 1 Tabs 1–11)(Moore, David) Modified on 9/1/2017 (lih). (Entered: 08/31/2017) |
| 09/01/2017 | 203 | [SEALED] Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Response to Defendants' August 31, 2017 Letter. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Farnan, Brian) (Entered: 09/01/2017) |
| 09/07/2017 | 204 | REDACTED VERSION of (197 in 1:15−cv−00546−JFB−SRF) MOTION for Summary Judgment, (205 in 1:15−cv−00543−JFB−SRF) MOTION for Summary Judgment,(194 in 1:15−cv−00542−JFB−SRF) MOTION for Summary Judgment,(184 in 1:15−cv−00544−JFB−SRF) MOTION for Summary Judgment, (224 in 1:15−cv−00545−JFB−SRF) MOTION for Summary Judgment, (195 in 1:15−cv−00547−JFB−SRF) MOTION for Summary Judgment by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Attachments: # 1 Text of Proposed Order)(Moore, David) Modified on 9/8/2017 (lih). (Entered: 09/07/2017) |
| 09/07/2017 | 205 | REDACTED VERSION of (206 in 1:15−cv−00543−JFB−SRF) Opening Brief in Support, (199 in 1:15−cv−00546−JFB−SRF) Opening Brief in Support, (185 in 1:15−cv−00544−JFB−SRF) Opening Brief in Support, (196 in 1:15−cv−00547−JFB−SRF) Opening Brief in Support, (225 in 1:15−cv−00545−JFB−SRF) Opening Brief in Support, (196 in 1:15−cv−00542−JFB−SRF) Opening Brief in Support by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Moore, David) (Entered: 09/07/2017) |
| 09/07/2017 | 206 | REDACTED VERSION of (208 in 1:15−cv−00543−JFB−SRF, 186 in 1:15−cv−00544−JFB−SRF, 199 in 1:15−cv−00547−JFB−SRF, 227 in 1:15−cv−00545−JFB−SRF, 197 in 1:15−cv−00542−JFB−SRF, 200 in 1:15−cv−00546−JFB−SRF) Declaration,, by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A–O)(Moore, David) (Entered: 09/07/2017) |
| 09/07/2017 | 207 | REDACTED VERSION of (198 in 1:15−cv−00542−JFB−SRF, 228 in 1:15−cv−00545−JFB−SRF, 201 in 1:15−cv−00546−JFB−SRF, 187 in 1:15−cv−00544−JFB−SRF, 200 in 1:15−cv−00547−JFB−SRF, 210 in 1:15−cv−00543−JFB−SRF) Appendix,, *(A)* by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Moore, David) (Entered: 09/07/2017) |
| 09/07/2017 | 208 | REDACTED VERSION of (188 in 1:15−cv−00544−JFB−SRF, 202 in 1:15−cv−00546−JFB−SRF, 211 in 1:15−cv−00543−JFB−SRF, 199 in 1:15−cv−00542−JFB−SRF, 201 in 1:15−cv−00547−JFB−SRF, 229 in 1:15−cv−00545−JFB−SRF) Appendix,, *(B)* by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Moore, David) (Entered: 09/07/2017) |
| 09/07/2017 | | Minute Entry for proceedings held before Judge Sherry R. Fallon − Discovery Dispute Telephone Conference held on 9/7/2017. (Court Reporter T. Carroll ( Hawkins Reporting).) Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 09/12/2017) |
| 09/07/2017 | | ORAL ORDER− re (171 in 1:15−cv−00544−JFB−SRF, 211 in 1:15−cv−00545−JFB−SRF, 192 in 1:15−cv−00543−JFB−SRF, 184 in 1:15−cv−00547−JFB−SRF, 186 in 1:15−cv−00546−JFB−SRF, 180 in 1:15−cv−00542−JFB−SRF) Joint MOTION For Teleconference To Resolve Discovery Dispute. The transcript of the 9/7/2017 teleconference shall serve as the order of the court. Ordered by Judge Sherry R. Fallon on 9/7/2017. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 09/12/2017) |
| 09/08/2017 | 209 | REDACTED VERSION of (201 in 1:15−cv−00542−JFB−SRF, 203 in 1:15−cv−00546−JFB−SRF, 190 in 1:15−cv−00544−JFB−SRF, 214 in 1:15−cv−00543−JFB−SRF, 230 in 1:15−cv−00545−JFB−SRF) Letter by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1−2)(Farnan, Brian) (Entered: 09/08/2017) |
| 09/12/2017 | | ORAL ORDER SETTING SUPPLEMENTAL BRIEFING SCHDEDULE re (171 in 1:15−cv−00544−JFB−SRF, 211 in 1:15−cv−00545−JFB−SRF, 192 in 1:15−cv−00543−JFB−SRF, 184 in 1:15−cv−00547−JFB−SRF, 186 in 1:15−cv−00546−JFB−SRF, 180 in 1:15−cv−00542−JFB−SRF) Joint MOTION For Teleconference To Resolve Discovery Dispute. Supplemental Opening Brief due 9/14/2017., Supplemental Answering Brief due 9/21/2017., Supplemental Reply Brief due 9/26/2017. |

| | | |
|---|---|---|
| | | Ordered by Judge Sherry R. Fallon on 9/12/2017. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 09/12/2017) |
| 09/14/2017 | 210 | [SEALED] Letter to The Honorable Sherry R. Fallon from Kelly E. Farnan regarding Discovery Dispute. (Farnan, Kelly) (Entered: 09/14/2017) |
| 09/18/2017 | 211 | REDACTED VERSION of (221 in 1:15–cv–00545–JFB–SRF, 193 in 1:15–cv–00546–JFB–SRF, 192 in 1:15–cv–00547–JFB–SRF, 189 in 1:15–cv–00542–JFB–SRF, 201 in 1:15–cv–00543–JFB–SRF, 179 in 1:15–cv–00544–JFB–SRF) Response to Objections by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit 1)(Palapura, Bindu) Modified on 9/22/2017 (lih). (Entered: 09/18/2017) |
| 09/19/2017 | 212 | Joint STIPULATION Regarding Summary Judgment Briefing by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 09/19/2017) |
| 09/20/2017 | | ORAL ORDER– re (114 in 1:15–cv–00546–JFB–SRF, 127 in 1:15–cv–00545–JFB–SRF, 114 in 1:15–cv–00547–JFB–SRF, 115 in 1:15–cv–00543–JFB–SRF, 109 in 1:15–cv–00542–JFB–SRF, 103 in 1:15–cv–00544–JFB–SRF) Scheduling Order. The Pretrial Conference set in this matter for 3/27/2018 at 04:30 PM shall now proceed before Judge Sherry R. Fallon in Courtroom 6C. Ordered by Judge Sherry R. Fallon on 9/20/2017. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 09/20/2017) |
| 09/21/2017 | 213 | [SEALED] Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Response to Defendants' September 14, 2017 Letter – re 210 Letter. (Attachments: # 1 Exhibit 3, # 2 Exhibit 4, # 3 Exhibit 5, # 4 Exhibit 6, # 5 Exhibit 7)(Farnan, Brian) (Entered: 09/21/2017) |
| 09/22/2017 | 214 | REDACTED VERSION of (197 in 1:15–cv–00544–JFB–SRF, 210 in 1:15–cv–00546–JFB–SRF, 237 in 1:15–cv–00545–JFB–SRF, 210 in 1:15–cv–00542–JFB–SRF, 223 in 1:15–cv–00543–JFB–SRF) Letter by ZTE (USA) Inc.. (Farnan, Kelly) Modified on 9/25/2017 (lih). (Entered: 09/22/2017) |
| 09/25/2017 | 215 | NOTICE OF SERVICE of Plaintiff's Fact Witness Disclosure filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 09/25/2017) |
| 09/26/2017 | 216 | [SEALED] Letter to The Honorable Sherry R. Fallon from Kelly E. Farnan regarding Reply Letter on Discovery Dispute. (Farnan, Kelly) (Entered: 09/26/2017) |
| 09/28/2017 | 217 | REDACTED VERSION of 213 Letter, by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–7)(Farnan, Brian) (Entered: 09/28/2017) |
| 09/28/2017 | 218 | NOTICE OF SERVICE of Defendant ZTE (USA)'s Disclosure of Fact Witnesses to be Called at Trial filed by ZTE (USA) Inc..(Hunter, Travis) (Entered: 09/28/2017) |
| 10/06/2017 | 219 | STIPULATION Regarding Summary Judgment Briefing as to Defendants' Affirmative Defense of a Covenant Not to Sue by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 10/06/2017) |
| 10/06/2017 | 220 | STIPULATION to Dismiss with Prejudice ZTE's Sixth, Seventh, Tenth, Eleventh, and Twelfth Affirmative Defenses Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 10/06/2017) |
| 10/06/2017 | 221 | [SEALED] OPENING BRIEF in Support re 196 MOTION for Summary Judgment filed by ZTE (USA) Inc..Answering Brief/Response due date per Local Rules is 10/20/2017. (Farnan, Kelly) Modified on 10/10/2017 (lih). (Entered: 10/06/2017) |
| 10/06/2017 | 222 | OPENING BRIEF in Support re 198 MOTION for Summary Judgment on Validity filed by Evolved Wireless, LLC.Answering Brief/Response due date per Local Rules is 10/20/2017. (Farnan, Brian) Modified on 10/10/2017 (lih). (Entered: 10/06/2017) |
| 10/06/2017 | 223 | [SEALED] DECLARATION of Ryan M. Schultz re 222 Opening Brief in Support by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Farnan, Brian) Modified on 10/10/2017 (lih). (Entered: 10/06/2017) |
| 10/06/2017 | 224 | [SEALED] DECLARATION of Todor Cooklev re 222 Opening Brief in Support by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Farnan, Brian) Modified on 10/10/2017 (lih). (Entered: 10/06/2017) |

| 10/06/2017 | 225 | [SEALED] APPENDIX re (221 in 1:15–cv–00546–JFB–SRF) Opening Brief in Support, (248 in 1:15–cv–00545–JFB–SRF) Opening Brief in Support, (223 in 1:15–cv–00542–JFB–SRF) Opening Brief in Support, (212 in 1:15–cv–00544–JFB–SRF) Opening Brief in Support, (236 in 1:15–cv–00543–JFB–SRF) Opening Brief in Support, (222 in 1:15–cv–00547–JFB–SRF) Opening Brief in Support, by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Attachments: # 1 Appendix A–0001 to A–0060, # 2 Appendix A–0061 to A–0139, # 3 Appendix A–0140 to A–0212, # 4 Appendix A–0213 to A–0283, # 5 Appendix A–0284 to A–0353, # 6 Appendix A–0354 to A–0926, # 7 Appendix A–0927 to A–0978, # 8 Appendix A–0979 to A–1159, # 9 Appendix A–1160 to A–1239)(Russell, Andrew) (Entered: 10/06/2017) |
|---|---|---|
| 10/10/2017 | 226 | ORDER granting 220 Stipulation to Dismiss with Prejudice ZTE's Sixth, Seventh, Tenth, Eleventh, and Twelfth Affirmative Defenses Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) filed by Evolved Wireless, LLC. Signed by Judge Joseph F. Bataillon on 10/10/2017. (fms) (Entered: 10/10/2017) |
| 10/13/2017 | 227 | REDACTED VERSION of (236 in 1:15–cv–00543–JFB–SRF) Opening Brief in Support, (221 in 1:15–cv–00546–JFB–SRF) Opening Brief in Support, (248 in 1:15–cv–00545–JFB–SRF) Opening Brief in Support, (223 in 1:15–cv–00542–JFB–SRF) Opening Brief in Support, (222 in 1:15–cv–00547–JFB–SRF) Opening Brief in Support, (212 in 1:15–cv–00544–JFB–SRF) Opening Brief in Support, by Samsung Electronics Co. Ltd.. (Russell, Andrew) (Entered: 10/13/2017) |
| 10/13/2017 | 228 | REDACTED VERSION of (225 in 1:15–cv–00546–JFB–SRF, 216 in 1:15–cv–00544–JFB–SRF, 227 in 1:15–cv–00542–JFB–SRF, 226 in 1:15–cv–00547–JFB–SRF, 240 in 1:15–cv–00543–JFB–SRF, 252 in 1:15–cv–00545–JFB–SRF) Appendix,,, by Samsung Electronics Co. Ltd.. (Attachments: # 1 Part 2 of 9, # 2 Part 3 of 9, # 3 Part 4 of 9, # 4 Part 5 of 9, # 5 Part 6 of 9, # 6 Part 7 of 9, # 7 Part 8 of 9, # 8 Part 9 of 9)(Russell, Andrew) (Entered: 10/13/2017) |
| 10/13/2017 | 229 | REDACTED VERSION of 224 Declaration of Todor Cooklev by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Farnan, Brian) (Entered: 10/13/2017) |
| 10/17/2017 | 230 | REDACTED VERSION of 223 Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–9)(Farnan, Brian) Modified on 10/17/2017 (lih). (Entered: 10/17/2017) |
| 10/19/2017 | 231 | Joint Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Daubert Briefing. (Farnan, Brian) (Entered: 10/19/2017) |
| 10/27/2017 | 232 | ORDER regarding Daubert motions. Signed by Judge Sherry R. Fallon on 10/27/2017. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 10/27/2017) |
| 11/07/2017 | 233 | ANSWERING BRIEF in Opposition re 198 MOTION for Summary Judgment filed by ZTE (USA) Inc..Reply Brief due date per Local Rules is 11/14/2017. (Farnan, Kelly) (Entered: 11/07/2017) |
| 11/07/2017 | 234 | DECLARATION OF TODD M. BRIGGS re (238 in 1:15–cv–00547–JFB–SRF) Answering Brief in Opposition, (261 in 1:15–cv–00545–JFB–SRF) Answering Brief in Opposition, (228 in 1:15–cv–00544–JFB–SRF) Answering Brief in Opposition, (252 in 1:15–cv–00543–JFB–SRF) Answering Brief in Opposition, (233 in 1:15–cv–00546–JFB–SRF) Answering Brief in Opposition by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Russell, Andrew) Modified on 11/8/2017 (lih). (Entered: 11/07/2017) |
| 11/07/2017 | 235 | DECLARATION OF DR. APOSTOLOS K. KAKAES, PH.D. re (238 in 1:15–cv–00547–JFB–SRF) Answering Brief in Opposition, (261 in 1:15–cv–00545–JFB–SRF) Answering Brief in Opposition, (228 in 1:15–cv–00544–JFB–SRF) Answering Brief in Opposition, (252 in 1:15–cv–00543–JFB–SRF) Answering Brief in Opposition, (233 in 1:15–cv–00546–JFB–SRF) Answering Brief in Opposition by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Russell, Andrew) Modified on 11/8/2017 (lih). (Entered: 11/07/2017) |
| 11/07/2017 | 236 | [SEALED] ANSWERING BRIEF in Opposition re 196 MOTION for Summary Judgment filed by Evolved Wireless, LLC.Reply Brief due date per Local Rules is 11/14/2017. (Attachments: # 1 Appendix A)(Farnan, Brian) Modified on 11/8/2017 (lih). (Entered: 11/07/2017) |
| 11/07/2017 | 237 | [SEALED] DECLARATION of Ryan M. Schultz re 236 Answering Brief in Opposition by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # |

| | | |
|---|---|---|
| | | 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27)(Farnan, Brian) Modified on 11/8/2017 (lih). (Entered: 11/07/2017) |
| 11/08/2017 | | NOTE TO COUNSEL: Judge Fallon's chambers does not need courtesy copies of the summary judgment briefing. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 11/08/2017) |
| 11/14/2017 | | REDACTION NOTICE: In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, redacted versions of sealed documents shall be filed electronically within 7 days of the filing of the sealed document. The records of this case do not reflect the filing of a redacted version of DI # 200 in CA 15−542. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 11/14/2017) |
| 11/15/2017 | 238 | MOTION for Pro Hac Vice Appearance of Attorney John K. Harting − filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Brian) (Entered: 11/15/2017) |
| 11/16/2017 | | SO ORDERED− re (265 in 1:15−cv−00543−JFB−SRF, 272 in 1:15−cv−00545−JFB−SRF, 238 in 1:15−cv−00546−JFB−SRF, 235 in 1:15−cv−00544−JFB−SRF, 250 in 1:15−cv−00542−JFB−SRF) MOTION for Pro Hac Vice Appearance of Attorney John K. Harting. Signed by Judge Sherry R. Fallon on 11/16/2017. Associated Cases: 1:15−cv−00542−JFB−SRF, 1:15−cv−00543−JFB−SRF, 1:15−cv−00544−JFB−SRF, 1:15−cv−00545−JFB−SRF, 1:15−cv−00546−JFB−SRF(lih) (Entered: 11/16/2017) |
| 11/16/2017 | 239 | REDACTED VERSION of (194 in 1:15−cv−00546−JFB−SRF, 203 in 1:15−cv−00543−JFB−SRF, 222 in 1:15−cv−00545−JFB−SRF, 193 in 1:15−cv−00547−JFB−SRF, 180 in 1:15−cv−00544−JFB−SRF, (200 in 1:15−cv−00542−JFB−SRF) Letter by ZTE (USA) Inc.. (Attachments: # 1 Exhibit A−C)(Hunter, Travis) (Entered: 11/16/2017) |
| 11/16/2017 | 240 | STIPULATION TO EXTEND TIME for the parties to file: (i) Opening Daubert Briefs; (ii) Answering Daubert Briefs; and (iii) Reply Daubert Briefs to (i) 12/8/2017; (ii) 1/12/2018; and (iii) 2/2/2018 − filed by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 11/16/2017) |
| 11/17/2017 | | Pro Hac Vice Attorney John K. Harting for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:15−cv−00542−JFB−SRF, 1:15−cv−00543−JFB−SRF, 1:15−cv−00544−JFB−SRF, 1:15−cv−00545−JFB−SRF, 1:15−cv−00546−JFB−SRF(nmg) (Entered: 11/17/2017) |
| 11/17/2017 | 241 | ORDER re (252 in 1:15−cv−00542−JFB−SRF, 240 in 1:15−cv−00546−JFB−SRF, 274 in 1:15−cv−00545−JFB−SRF, 237 in 1:15−cv−00544−JFB−SRF, 267 in 1:15−cv−00543−JFB−SRF) Stipulation to Set Daubert Briefing filed by Evolved Wireless, LLC. 1. The deadline to file opening Daubert briefs is December 8, 2017; 2. The deadline to file answering Daubert briefs is January 12, 2018; and 3. The deadline to file reply Daubert briefs is February 2, 2018. Signed by Judge Joseph F. Bataillon on 11/17/2017. Associated Cases: 1:15−cv−00542−JFB−SRF, 1:15−cv−00543−JFB−SRF, 1:15−cv−00544−JFB−SRF, 1:15−cv−00545−JFB−SRF, 1:15−cv−00546−JFB−SRF(nmfn) (Entered: 11/17/2017) |
| 11/17/2017 | | CORRECTING ENTRY: Pursuant to conversation with counsel, the motion for summary judgment stipulation previously filed has been deleted and will be refiled by counsel. Associated Cases: 1:15−cv−00542−JFB−SRF, 1:15−cv−00543−JFB−SRF, 1:15−cv−00544−JFB−SRF, 1:15−cv−00545−JFB−SRF, 1:15−cv−00546−JFB−SRF(lih) (Entered: 11/17/2017) |
| 11/17/2017 | 242 | STIPULATION regarding Summary Judgment Briefing as to Defendants' Affirmative Defense of a Covenant Not To Sue by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 11/17/2017) |
| 11/20/2017 | 243 | REDACTED VERSION of (244 in 1:15−cv−00542−JFB−SRF) Answering Brief in Opposition, (267 in 1:15−cv−00545−JFB−SRF) Answering Brief in Opposition, (236 in 1:15−cv−00546−JFB−SRF) Answering Brief in Opposition, (231 in 1:15−cv−00544−JFB−SRF) Answering Brief in Opposition, (255 in 1:15−cv−00543−JFB−SRF) Answering Brief in Opposition by Evolved Wireless, LLC. (Attachments: # 1 Appendix A)(Farnan, Brian) (Entered: 11/20/2017) |
| 11/20/2017 | 244 | REDACTED VERSION of 237 Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1−27)(Farnan, Brian) Modified on 11/21/2017 (lih). (Entered: 11/20/2017) |

| | | |
|---|---|---|
| 11/27/2017 | 245 | [SEALED] MEMORANDUM ORDER re (200 in 1:15–cv–00542–JFB–SRF) Letter. Signed by Judge Sherry R. Fallon on 11/27/2017.This order has been emailed to lead local counsel. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 11/27/2017) |
| 11/28/2017 | 246 | ORDER approving (254 in 1:15–cv–00542–JFB–SRF, 276 in 1:15–cv–00545–JFB–SRF, 269 in 1:15–cv–00543–JFB–SRF, 242 in 1:15–cv–00546–JFB–SRF, 239 in 1:15–cv–00544–JFB–SRF) STIPULATION regarding Summary Judgment Briefing as to Defendants' Affirmative Defense of a Covenant Not To Sue. Signed by Judge Joseph F. Bataillon on 11/27/2017. (nmfn) (Entered: 11/28/2017) |
| 12/04/2017 | 247 | NOTICE to Take Deposition of Qualcomm Technologies, Inc. on December 5, 2017 filed by ZTE (USA) Inc..(Farnan, Kelly) (Entered: 12/04/2017) |
| 12/04/2017 | 248 | NOTICE OF SERVICE of Plaintiff's Objection to Defendants' Notice of Deposition of Qualcomm Technologies, Inc. filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 12/04/2017) |
| 12/04/2017 | 249 | NOTICE to Take Deposition of Qualcomm Technologies, Inc. on December 5, 2017 filed by ZTE (USA) Inc..(Hunter, Travis) (Entered: 12/04/2017) |
| 12/06/2017 | 250 | REPLY BRIEF re 198 MOTION for Summary Judgment filed by Evolved Wireless, LLC. (Attachments: # 1 Appendix A)(Farnan, Brian) Modified on 12/7/2017 (lih). (Entered: 12/06/2017) |
| 12/06/2017 | 251 | DECLARATION of Ryan M. Schultz re (288 in 1:15–cv–00545–JFB–SRF) Reply Brief, (250 in 1:15–cv–00546–JFB–SRF) Reply Brief, (252 in 1:15–cv–00544–JFB–SRF) Reply Brief, (283 in 1:15–cv–00543–JFB–SRF) Reply Brief by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 10)(Farnan, Brian) Modified on 12/7/2017 (lih). (Entered: 12/06/2017) |
| 12/06/2017 | 252 | [SEALED] REPLY BRIEF re 197 MOTION for Summary Judgment filed by ZTE (USA) Inc.. (Hunter, Travis) Modified on 12/7/2017 (lih). (Entered: 12/06/2017) |
| 12/06/2017 | 253 | [SEALED] APPENDIX re 252 Reply Brief by ZTE (USA) Inc.. (Attachments: # 1 Tabs 1–13)(Hunter, Travis) Modified on 12/7/2017 (lih). (Entered: 12/06/2017) |
| 12/08/2017 | 254 | [SEALED] MOTION to Strike Lump Sum Opinion of Plaintiff's Damages Expert – filed by ZTE (USA) Inc.. (Attachments: # 1 Text of Proposed Order)Motions referred to Sherry R. Fallon.(Hunter, Travis) Modified on 12/11/2017 (lih). (Entered: 12/08/2017) |
| 12/08/2017 | 255 | [SEALED] OPENING BRIEF in Support re 254 MOTION to Strike filed by ZTE (USA) Inc..Answering Brief/Response due date per Local Rules is 12/22/2017. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Hunter, Travis) Modified on 12/11/2017 (lih). (Entered: 12/08/2017) |
| 12/08/2017 | 256 | [SEALED] MOTION to Exclude Testimony of Dr. Putnam – filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. Motions referred to Sherry R. Fallon.(Smith, Rodger) Modified on 12/11/2017 (lih). (Entered: 12/08/2017) |
| 12/08/2017 | 257 | [SEALED] DECLARATION of Nathaniel C. Love re (264 in 1:15–cv–00547–JFB–SRF, 278 in 1:15–cv–00542–JFB–SRF, 290 in 1:15–cv–00545–JFB–SRF, 254 in 1:15–cv–00544–JFB–SRF, 256 in 1:15–cv–00546–JFB–SRF, 285 in 1:15–cv–00543–JFB–SRF) MOTION to Exclude by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibits A–T)(Smith, Rodger) Modified on 12/11/2017 (lih). (Entered: 12/08/2017) |
| 12/08/2017 | 258 | MOTION to Exclude Testimony of Dr. Cooklev Pursuant to Fed. R. Evid. 702 and 403 – filed by ZTE (USA) Inc.. (Attachments: # 1 Text of Proposed Order)Motions referred to Sherry R. Fallon.(Hunter, Travis) (Entered: 12/08/2017) |
| 12/08/2017 | 259 | [SEALED] OPENING BRIEF in Support re 258 MOTION to Exclude Testimony of Dr. Cooklev Pursuant to Fed. R. Evid. 702 and 403 filed by ZTE (USA) Inc..Answering Brief/Response due date per Local Rules is 12/22/2017. (Hunter, Travis) (Entered: 12/08/2017) |
| 12/08/2017 | 260 | [SEALED] DECLARATION of Michael D. Jay re (287 in 1:15–cv–00543–JFB–SRF) MOTION to Preclude, (280 in 1:15–cv–00542–JFB–SRF, 256 in 1:15–cv–00544–JFB–SRF) MOTION to Preclude, (258 in 1:15–cv–00546–JFB–SRF) MOTION to Exclude Testimony, (266 in 1:15–cv–00547–JFB–SRF) MOTION to Exclude Testimony,(292 in |

| | | |
|---|---|---|
| | | 1:15−cv−00545−JFB−SRF) MOTION TO EXCLUDE by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A–H)(Palapura, Bindu) Modified on 12/11/2017 (lih). (Entered: 12/08/2017) |
| 12/08/2017 | 261 | MOTION to Preclude Defendant's Experts – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Brian) Modified on 12/11/2017 (lih). (Entered: 12/08/2017) |
| 12/08/2017 | 262 | [SEALED] OPENING BRIEF in Support re 261 MOTION to Preclude filed by Evolved Wireless, LLC.Answering Brief/Response due date per Local Rules is 12/22/2017. (Farnan, Brian) Modified on 12/11/2017 (lih). (Entered: 12/08/2017) |
| 12/08/2017 | 263 | [SEALED] DECLARATION of Ryan M. Schultz re 262 Opening Brief in Support by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Farnan, Brian) Modified on 12/11/2017 (lih). (Main Document 263 replaced on 12/20/2017) (lih). (Attachment 3 replaced on 12/20/2017) (lih). (Entered: 12/08/2017) |
| 12/11/2017 | 264 | [SEALED] Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Proposed Redactions to the Court's November 27, 2017 Memorandum Order. (Attachments: # 1 Exhibit A)(Farnan, Brian) (Entered: 12/11/2017) |
| 12/13/2017 | 265 | REQUEST for Oral Argument by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Palapura, Bindu) (Entered: 12/13/2017) |
| 12/13/2017 | 266 | ORAL ORDER: The Oral Argument set for 1/5/2018 at 09:30 AM regarding motion(s) for summary judgment is cancelled and will be rescheduled, if deemed necessary, by further order of the court. Signed by Judge Joseph F. Bataillon on 12/13/17. Associated Cases: 1:15−cv−00542−JFB−SRF et al. (Brunswick, Amy) (Entered: 12/13/2017) |
| 12/13/2017 | 267 | REDACTED VERSION of (252 in 1:15−cv−00546−JFB−SRF) Reply Brief, (270 in 1:15−cv−00542−JFB−SRF) Reply Brief, (279 in 1:15−cv−00543−JFB−SRF) Reply Brief, (258 in 1:15−cv−00547−JFB−SRF) Reply Brief, (286 in 1:15−cv−00545−JFB−SRF) Reply Brief, (250 in 1:15−cv−00544−JFB−SRF) Reply Brief by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Hoeschen, Nathan) (Entered: 12/13/2017) |
| 12/13/2017 | 268 | REDACTED VERSION of (253 in 1:15−cv−00546−JFB−SRF) Appendix, (282 in 1:15−cv−00543−JFB−SRF) Appendix, (273 in 1:15−cv−00542−JFB−SRF, 251 in 1:15−cv−00544−JFB−SRF) Appendix, (259 in 1:15−cv−00547−JFB−SRF) Appendix, (287 in 1:15−cv−00545−JFB−SRF) Appendix by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Attachments: # 1 Tab 7)(Hoeschen, Nathan) Modified on 12/14/2017 (lih). (Entered: 12/13/2017) |
| 12/14/2017 | 269 | REDACTED VERSION of (245 in 1:15−cv−00546−JFB−SRF, 260 in 1:15−cv−00542−JFB−SRF, 243 in 1:15−cv−00544−JFB−SRF, 272 in 1:15−cv−00543−JFB−SRF, 279 in 1:15−cv−00545−JFB−SRF) Memorandum Order. (lih) (Entered: 12/14/2017) |
| 12/15/2017 | 270 | REDACTED VERSION of (264 in 1:15−cv−00547−JFB−SRF, 278 in 1:15−cv−00542−JFB−SRF, 290 in 1:15−cv−00545−JFB−SRF, 254 in 1:15−cv−00544−JFB−SRF, 256 in 1:15−cv−00546−JFB−SRF, 285 in 1:15−cv−00543−JFB−SRF) MOTION to Exclude Testimony of Dr. Putnam Pursuant to Fed. R. Evid. 702 by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Smith, Rodger) Modified on 12/18/2017 (lih). (Entered: 12/15/2017) |
| 12/15/2017 | 271 | REDACTED VERSION of (291 in 1:15−cv−00545−JFB−SRF, 255 in 1:15−cv−00544−JFB−SRF, 286 in 1:15−cv−00543−JFB−SRF, 257 in 1:15−cv−00546−JFB−SRF, 265 in 1:15−cv−00547−JFB−SRF, 279 in 1:15−cv−00542−JFB−SRF) Declaration by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Smith, Rodger) Modified on 12/18/2017 (lih). (Entered: 12/15/2017) |
| 12/18/2017 | 272 | REDACTED VERSION of (281 in 1:15−cv−00542−JFB−SRF) Opening Brief in Support, (257 in 1:15−cv−00544−JFB−SRF) Opening Brief in Support, (268 in 1:15−cv−00547−JFB−SRF) Opening Brief in Support, (293 in 1:15−cv−00545−JFB−SRF) Opening Brief in Support, (259 in 1:15−cv−00546−JFB−SRF) Opening Brief in Support, (288 in 1:15−cv−00543−JFB−SRF) Opening Brief in Support by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC |

| | | |
|---|---|---|
| | | America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Palapura, Bindu) Modified on 12/19/2017 (lih). (Entered: 12/18/2017) |
| 12/18/2017 | 273 | REDACTED VERSION of (260 in 1:15−cv−00546−JFB−SRF, 261 in 1:15−cv−00544−JFB−SRF, 269 in 1:15−cv−00547−JFB−SRF, 294 in 1:15−cv−00545−JFB−SRF, 289 in 1:15−cv−00543−JFB−SRF, 282 in 1:15−cv−00542−JFB−SRF) Declaration by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A−H)(Palapura, Bindu) Modified on 12/19/2017 (lih). (Entered: 12/18/2017) |
| 12/20/2017 | | CORRECTING ENTRY: The main pdf and exhibit 3 of D.I. 263 has been replaced per the request of counsel. (lih) (Entered: 12/20/2017) |
| 12/22/2017 | 274 | REDACTED VERSION of 255 Opening Brief in Support, by ZTE (USA) Inc.. (Attachments: # 1 Exhibit A−B)(Hunter, Travis) (Entered: 12/22/2017) |
| 01/02/2018 | | ORAL ORDER regarding pending discovery dispute briefing schedule. Plaintiff shall file their opening letter submission, limited to no more than four pages, by no later than 6:00 PM today. Defendants' shall file their responsive letter submission, limited to no more than four pages, by no later than noon on 1/5/2018. Ordered by Judge Sherry R. Fallon on 1/2/2018. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 01/02/2018) |
| 01/02/2018 | 275 | [SEALED] Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Discovery Dispute. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Farnan, Brian) (Main Document 275 replaced on 1/30/2018) (lih). (Entered: 01/02/2018) |
| 01/03/2018 | | Motions No Longer Referred: (264 in 1:15−cv−00547−JFB−SRF, 278 in 1:15−cv−00542−JFB−SRF, 290 in 1:15−cv−00545−JFB−SRF, 254 in 1:15−cv−00544−JFB−SRF, 256 in 1:15−cv−00546−JFB−SRF, 285 in 1:15−cv−00543−JFB−SRF) MOTION to Exclude (275 in 1:15−cv−00542−JFB−SRF) MOTION to Preclude, (270 in 1:15−cv−00547−JFB−SRF) MOTION Daubert Motion To Exclude, (287 in 1:15−cv−00543−JFB−SRF) MOTION to Preclude, (262 in 1:15−cv−00547−JFB−SRF) MOTION to Exclude, (257 in 1:15−cv−00542−JFB−SRF) MOTION to Exclude, (280 in 1:15−cv−00542−JFB−SRF, 256 in 1:15−cv−00544−JFB−SRF) MOTION to Preclude, (290 in 1:15−cv−00543−JFB−SRF) MOTION to Preclude, (258 in 1:15−cv−00544−JFB−SRF) MOTION to Preclude, (295 in 1:15−cv−00545−JFB−SRF) MOTION to Preclude,(258 in 1:15−cv−00546−JFB−SRF) MOTION to Preclude, (266 in 1:15−cv−00547−JFB−SRF) MOTION to Exclude, (261 in 1:15−cv−00546−JFB−SRF) MOTION to Preclude, (292 in 1:15−cv−00545−JFB−SRF) MOTION TO EXCLUDE, (283 in 1:15−cv−00542−JFB−SRF) MOTION to Preclude Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 01/03/2018) |
| 01/03/2018 | 276 | Letter to The Honorable Joseph F. Bataillon from Bindu A. Palapura regarding Defendants' request for status conference. (Palapura, Bindu) (Entered: 01/03/2018) |
| 01/05/2018 | 277 | NOTICE OF SERVICE of Evolved Wireless's First Supplemental and Amended Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 01/05/2018) |
| 01/05/2018 | 278 | REDACTED VERSION of 262 Opening Brief in Support by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 01/05/2018) |
| 01/05/2018 | 279 | REDACTED VERSION of 263 Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1−4)(Farnan, Brian) Modified on 1/5/2018 (lih). (Entered: 01/05/2018) |
| 01/05/2018 | 280 | [SEALED] SEALED Letter to The Honorable Sherry R. Fallon from Kelly E. Farnan regarding Qualcomm Deposition. (Attachments: # 1 Exhibit A)(Farnan, Kelly) (Entered: 01/05/2018) |
| 01/05/2018 | | ORAL ORDER− re (312 in 1:15−cv−00545−JFB−SRF, 289 in 1:15−cv−00547−JFB−SRF, 308 in 1:15−cv−00543−JFB−SRF, 273 in 1:15−cv−00544−JFB−SRF, 276 in 1:15−cv−00546−JFB−SRF, 308 in 1:15−cv−00542−JFB−SRF) Letter. A Telephone Conference is set for 1/12/2018 at 02:00 PM before Judge Sherry R. Fallon to discuss modifications to the scheduling order. Counsel for the plaintiff to initiate the call to 302−573−4557. The parties are to submit their respective proposals regarding modifications to the scheduling order re (114 in 1:15−cv−00546−JFB−SRF, 127 in 1:15−cv−00545−JFB−SRF, 114 in |

| | | |
|---|---|---|
| | | 1:15–cv–00547–JFB–SRF, 115 in 1:15–cv–00543–JFB–SRF, 109 in 1:15–cv–00542–JFB–SRF, 103 in 1:15–cv–00544–JFB–SRF) in a joint submission of no more than 5 pages on or before 1/9/2018. Ordered by Judge Sherry R. Fallon on 1/5/2018. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 01/05/2018) |
| 01/09/2018 | 281 | REDACTED VERSION of 275 Letter by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–6)(Farnan, Brian) (Entered: 01/09/2018) |
| 01/09/2018 | 282 | Letter to The Honorable Sherry R. Fallon from David E. Moore regarding case status (filed on behalf of all parties). (Moore, David) (Entered: 01/09/2018) |
| 01/10/2018 | 283 | NOTICE of FINAL WRITTEN DECISIONS IN INTER PARTES REVIEWS OF U.S. PATENT NO. 7,881,236 FINDING ASSERTED CLAIMS INVALID by Samsung Electronics America Inc., Samsung Electronics Co. Ltd. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Russell, Andrew) (Entered: 01/10/2018) |
| 01/12/2018 | 284 | Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Discovery from LG. (Farnan, Brian) Modified on 1/12/2018 (lih). (Entered: 01/12/2018) |
| 01/12/2018 | | REDACTION NOTICE: In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, redacted versions of sealed documents shall be filed electronically within 7 days of the filing of the sealed document. The records of this case do not reflect the filing of a redacted version of DI # 288 . Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 01/12/2018) |
| 01/12/2018 | 285 | REDACTED VERSION of (262 in 1:15–cv–00544–JFB–SRF, 298 in 1:15–cv–00545–JFB–SRF, 288 in 1:15–cv–00542–JFB–SRF, 293 in 1:15–cv–00543–JFB–SRF, 264 in 1:15–cv–00546–JFB–SRF) Letter by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A)(Farnan, Brian) (Entered: 01/12/2018) |
| 01/12/2018 | 286 | ANSWERING BRIEF in Opposition re 261 MOTION to Preclude filed by ZTE (USA) Inc..Reply Brief due date per Local Rules is 1/19/2018. (Attachments: # 1 Exhibit A)(Hunter, Travis) Modified on 1/12/2018 (lih). (Entered: 01/12/2018) |
| 01/12/2018 | 287 | ANSWERING BRIEF in Opposition re 254 MOTION to Strike filed by Evolved Wireless, LLC.Reply Brief due date per Local Rules is 1/19/2018. (Farnan, Brian) Modified on 1/16/2018 (lih). (Entered: 01/12/2018) |
| 01/12/2018 | | ORAL ORDER– Due to the unavailability of defendants Apple and Samsung for trial on the July 23, 2018 date offered by the court during the January 12, 2018 teleconference, the court offers the following alternate trial dates before Judge Bataillon: July 16, 2018 or July 30, 2018. Evolved, Apple, and Samsung are to confer and submit a joint letter to the court on or before January 18, 2018 regarding their preferred trial date in July 2018. The joint letter should also confirm the parties' availability for trial on the November 13, 2018 offered during the teleconference. The court appreciates the parties' cooperation in the selection of a new trial date. Ordered by Judge Sherry R. Fallon on 1/12/2018. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 01/12/2018) |
| 01/12/2018 | 288 | [SEALED] ANSWERING BRIEF in Opposition re 258 MOTION to Exclude Testimony of Dr. Cooklev Pursuant to Fed. R. Evid. 702 and 403 filed by Evolved Wireless, LLC.Reply Brief due date per Local Rules is 1/19/2018. (Farnan, Brian) (Entered: 01/12/2018) |
| 01/12/2018 | 289 | [SEALED] DECLARATION of Ryan M. Schultz re (284 in 1:15–cv–00544–JFB–SRF) Answering Brief in Opposition, (288 in 1:15–cv–00546–JFB–SRF) Answering Brief in Opposition, (320 in 1:15–cv–00545–JFB–SRF) Answering Brief in Opposition, (319 in 1:15–cv–00543–JFB–SRF) Answering Brief in Opposition by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Farnan, Brian) Modified on 1/16/2018 (lih). (Entered: 01/12/2018) |
| 01/12/2018 | 290 | [SEALED] ANSWERING BRIEF in Opposition re 256 MOTION to Exclude Testimony of Dr. Putnam Pursuant to Fed. R. Evid. 702 filed by Evolved Wireless, LLC.Reply Brief due date per Local Rules is 1/19/2018. (Farnan, Brian) Modified on 1/16/2018 (lih). (Entered: 01/12/2018) |
| 01/12/2018 | 291 | [SEALED] DECLARATION of Ryan M. Schultz re (290 in 1:15–cv–00546–JFB–SRF) Answering Brief in Opposition, (323 in 1:15–cv–00543–JFB–SRF) Declaration, (286 in 1:15–cv–00544–JFB–SRF) Answering Brief in Opposition, (324 in 1:15–cv–00545–JFB–SRF) Answering Brief in Opposition, (322 in 1:15–cv–00542–JFB–SRF) Answering Brief in Opposition by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, |

| | | |
|---|---|---|
| | | # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Farnan, Brian) Modified on 1/16/2018 (lih). (Entered: 01/12/2018) |
| 01/12/2018 | 292 | [SEALED] DECLARATION of Jonathan D. Putnam re (286 in 1:15−cv−00544−JFB−SRF) Answering Brief in Opposition, (322 in 1:15−cv−00543−JFB−SRF) Answering Brief in Opposition, (324 in 1:15−cv−00545−JFB−SRF) Answering Brief in Opposition, (290 in 1:15−cv−00546−JFB−SRF) Answering Brief in Opposition, (322 in 1:15−cv−00542−JFB−SRF) Answering Brief in Opposition by Evolved Wireless, LLC. (Farnan, Brian) Modified on 1/16/2018 (lih). (Entered: 01/12/2018) |
| 01/12/2018 | | Minute Entry for proceedings held before Judge Sherry R. Fallon − Telephone Conference held on 1/12/2018. (Court Reporter V. Gunning.) Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 01/16/2018) |
| 01/16/2018 | | REMINDER TO ALL COUNSEL: Judge Fallon's chambers does not need courtesy copies of the daubert and summary judgment briefing. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 01/16/2018) |
| 01/16/2018 | 293 | [SEALED] Letter to The Honorable Sherry R. Fallon from Kelly E. Farnan regarding pending discovery dispute. (Hunter, Travis) (Entered: 01/16/2018) |
| 01/17/2018 | | REDACTION NOTICE: In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, redacted versions of sealed documents shall be filed electronically within 7 days of the filing of the sealed document. The records of this case do not reflect the filing of a redacted version of DI # 310 . Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 01/17/2018) |
| 01/17/2018 | | THIRD REDACTION NOTICE: In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, redacted versions of sealed documents shall be filed electronically within 7 days of the filing of the sealed document. The records of this case do not reflect the filing of a redacted version of DI # 217 . Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 01/17/2018) |
| 01/18/2018 | 294 | REDACTED VERSION of (204 in 1:15−cv−00544−JFB−SRF, 243 in 1:15−cv−00545−JFB−SRF, 217 in 1:15−cv−00547−JFB−SRF, 217 in 1:15−cv−00542−JFB−SRF, 216 in 1:15−cv−00546−JFB−SRF, 230 in 1:15−cv−00543−JFB−SRF) Letter by ZTE (USA) Inc.. (Hunter, Travis) (Entered: 01/18/2018) |
| 01/18/2018 | 295 | REDACTED VERSION of (310 in 1:15−cv−00542−JFB−SRF, 314 in 1:15−cv−00545−JFB−SRF, 280 in 1:15−cv−00546−JFB−SRF, 277 in 1:15−cv−00544−JFB−SRF, 291 in 1:15−cv−00547−JFB−SRF, 312 in 1:15−cv−00543−JFB−SRF) Letter by ZTE (USA) Inc.. (Hunter, Travis) (Entered: 01/18/2018) |
| 01/18/2018 | 296 | Joint Letter to The Honorable Sherry R. Fallon from Bindu A. Palapura regarding trial date. (Attachments: # 1 Exhibit A−D)(Moore, David) (Entered: 01/18/2018) |
| 01/19/2018 | 297 | REDACTED VERSION of (284 in 1:15−cv−00544−JFB−SRF) Answering Brief in Opposition, (288 in 1:15−cv−00546−JFB−SRF) Answering Brief in Opposition, (320 in 1:15−cv−00545−JFB−SRF) Answering Brief in Opposition, (319 in 1:15−cv−00543−JFB−SRF) Answering Brief in Opposition by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 01/19/2018) |
| 01/19/2018 | 298 | DECLARATION re (285 in 1:15−cv−00544−JFB−SRF, 320 in 1:15−cv−00543−JFB−SRF, 289 in 1:15−cv−00546−JFB−SRF, 321 in 1:15−cv−00545−JFB−SRF) Declaration, by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1−3)(Farnan, Brian) (Entered: 01/19/2018) |
| 01/19/2018 | 299 | [SEALED] Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Response to Defendants' January 16, 2018 Letter − re (325 in 1:15−cv−00542−JFB−SRF, 327 in 1:15−cv−00545−JFB−SRF, 293 in 1:15−cv−00546−JFB−SRF, 326 in 1:15−cv−00543−JFB−SRF, 289 in 1:15−cv−00544−JFB−SRF) Letter. (Farnan, Brian) (Entered: 01/19/2018) |
| 01/19/2018 | 300 | REDACTED VERSION of (335 in 1:15−cv−00545−JFB−SRF, 299 in 1:15−cv−00546−JFB−SRF, 332 in 1:15−cv−00543−JFB−SRF, 295 in 1:15−cv−00544−JFB−SRF, 333 in 1:15−cv−00542−JFB−SRF) Letter, by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 01/19/2018) |

| 01/19/2018 | 301 | REDACTED VERSION of (286 in 1:15−cv−00544−JFB−SRF) Answering Brief in Opposition, (322 in 1:15−cv−00543−JFB−SRF) Answering Brief in Opposition, (324 in 1:15−cv−00545−JFB−SRF) Answering Brief in Opposition, (290 in 1:15−cv−00546−JFB−SRF) Answering Brief in Opposition, (322 in 1:15−cv−00542−JFB−SRF) Answering Brief in Opposition, by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 01/19/2018) |
|---|---|---|
| 01/19/2018 | 302 | REDACTED VERSION of (287 in 1:15−cv−00544−JFB−SRF, 323 in 1:15−cv−00542−JFB−SRF, 291 in 1:15−cv−00546−JFB−SRF, 324 in 1:15−cv−00543−JFB−SRF, 325 in 1:15−cv−00545−JFB−SRF) Declaration,, by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1−9)(Farnan, Brian) (Entered: 01/19/2018) |
| 01/19/2018 | 303 | REDACTED VERSION of (292 in 1:15−cv−00546−JFB−SRF, 325 in 1:15−cv−00543−JFB−SRF, 326 in 1:15−cv−00545−JFB−SRF, 288 in 1:15−cv−00544−JFB−SRF, 324 in 1:15−cv−00542−JFB−SRF) Declaration, by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 01/19/2018) |
| 01/30/2018 | | CORRECTING ENTRY: The pdf of the letter filed by evolved wireless on 1/2/18 has been replaced with a revised version of the document. Associated Cases: 1:15−cv−00542−JFB−SRF, 1:15−cv−00543−JFB−SRF, 1:15−cv−00544−JFB−SRF, 1:15−cv−00545−JFB−SRF, 1:15−cv−00546−JFB−SRF(lih) (Entered: 01/30/2018) |
| 02/02/2018 | 304 | REPLY to Response to Motion re 254 MOTION to Strike filed by ZTE (USA) Inc.. (Hunter, Travis) Modified on 2/5/2018 (lih). (Entered: 02/02/2018) |
| 02/02/2018 | 305 | [SEALED] REPLY BRIEF re 258 MOTION to Exclude Testimony of Dr. Cooklev Pursuant to Fed. R. Evid. 702 and 403 filed by ZTE (USA) Inc.. (Moore, David) (Entered: 02/02/2018) |
| 02/02/2018 | 306 | REPLY BRIEF re 256 MOTION to Exclude Testimony of Dr. Putnam Pursuant to Fed. R. Evid. 702 filed by ZTE (USA) Inc.. (Smith, Rodger) Modified on 2/5/2018 (lih). (Entered: 02/02/2018) |
| 02/02/2018 | 307 | [SEALED] REPLY BRIEF re 261 MOTION to Preclude filed by Evolved Wireless, LLC. (Farnan, Brian) Modified on 2/5/2018 (lih). (Entered: 02/02/2018) |
| 02/02/2018 | 308 | DECLARATION of Nathaniel C. Love re (305 in 1:15−cv−00544−JFB−SRF) Declaration, (325 in 1:15−cv−00547−JFB−SRF) Reply Brief, (306 in 1:15−cv−00546−JFB−SRF) Reply Brief, (341 in 1:15−cv−00543−JFB−SRF) Reply Brief, (344 in 1:15−cv−00542−JFB−SRF) Reply Brief, (345 in 1:15−cv−00545−JFB−SRF) Reply Brief by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibits U−HH)(Smith, Rodger) Modified on 2/5/2018 (lih). (Entered: 02/02/2018) |
| 02/02/2018 | 309 | [SEALED] BRIEF (Combined Opening and Answering) re 198 MOTION for Summary Judgment, 197 MOTION for Summary Judgment filed by Evolved Wireless, LLC.Answering Brief/Response due date per Local Rules is 2/16/2018. Reply Brief due date per Local Rules is 2/9/2018. (Farnan, Brian) Modified on 2/5/2018 (lih). (Additional attachment(s) added on 2/8/2018: # 1 Appendix) (lih). (Entered: 02/02/2018) |
| 02/02/2018 | 310 | [SEALED] DECLARATION of Younghan Song re (346 in 1:15−cv−00542−JFB−SRF) Brief (Combined Opening and Answering), (347 in 1:15−cv−00545−JFB−SRF) Brief (Combined Opening and Answering), (343 in 1:15−cv−00543−JFB−SRF) Brief (Combined Opening and Answering), (309 in 1:15−cv−00546−JFB−SRF) Brief (Combined Opening and Answering), (307 in 1:15−cv−00544−JFB−SRF) Brief (Combined Opening and Answering), by Evolved Wireless, LLC. (Farnan, Brian) Modified on 2/5/2018 (lih). (Entered: 02/02/2018) |
| 02/02/2018 | 311 | [SEALED] DECLARATION re 309 Brief (Combined Opening and Answering), *of Ryan M. Schultz* by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Farnan, Brian) (Entered: 02/02/2018) |
| 02/05/2018 | | REMINDER TO ALL COUNSEL: Judge Fallon's chambers does not need courtesy copies of the daubert and summary judgment briefing. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 02/05/2018) |
| 02/08/2018 | | CORRECTING ENTRY: Appendix A has been attached to D.I. 346 per the request of counsel. Associated Cases: 1:15−cv−00542−JFB−SRF, 1:15−cv−00543−JFB−SRF, 1:15−cv−00544−JFB−SRF, 1:15−cv−00545−JFB−SRF, 1:15−cv−00546−JFB−SRF(lih) |

| | | |
|---|---|---|
| | | (Entered: 02/08/2018) |
| 02/09/2018 | 312 | REDACTED VERSION of 307 Reply Brief by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 02/09/2018) |
| 02/09/2018 | 313 | REDACTED VERSION of 309 Brief (Combined Opening and Answering), by Evolved Wireless, LLC. (Attachments: # 1 Appendix A)(Farnan, Brian) (Entered: 02/09/2018) |
| 02/09/2018 | 314 | REDACTED VERSION of 311 Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–9)(Farnan, Brian) Modified on 2/12/2018 (lih). (Entered: 02/09/2018) |
| 02/09/2018 | 315 | REDACTED VERSION of (341 in 1:15–cv–00542–JFB–SRF) Reply Brief, (305 in 1:15–cv–00546–JFB–SRF) Reply Brief, (324 in 1:15–cv–00547–JFB–SRF) Reply Brief, (302 in 1:15–cv–00544–JFB–SRF) Reply Brief, (342 in 1:15–cv–00545–JFB–SRF) Reply Brief, (339 in 1:15–cv–00543–JFB–SRF) Reply Brief by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Moore, David) (Entered: 02/09/2018) |
| 02/09/2018 | 316 | REDACTED VERSION of (310 in 1:15–cv–00546–JFB–SRF, 348 in 1:15–cv–00545–JFB–SRF, 347 in 1:15–cv–00542–JFB–SRF, 344 in 1:15–cv–00543–JFB–SRF, 308 in 1:15–cv–00544–JFB–SRF) Declaration by Evolved Wireless, LLC. (Farnan, Brian) Modified on 2/12/2018 (lih). (Entered: 02/09/2018) |
| 02/16/2018 | | SO ORDERED– re 158 MOTION for Pro Hac Vice Appearance of Attorney Rajin S. Olson. Signed by Judge Sherry R. Fallon on 2/16/2018. (lih) (Entered: 02/16/2018) |
| 02/16/2018 | | Motions No Longer Referred: 254 MOTION to Strike (lih) (Entered: 02/16/2018) |
| 02/16/2018 | 317 | [SEALED] MEMORANDUM ORDER re (307 in 1:15–cv–00542–JFB–SRF) Letter. Signed by Judge Sherry R. Fallon on 2/16/2018.This order has been emailed to local counsel. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 02/16/2018) |
| 02/20/2018 | 318 | [SEALED] ORDER regarding case schedule. Signed by Judge Sherry R. Fallon on 2/20/2018.This order has been emailed to local counsel. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 02/20/2018) |
| 02/22/2018 | 319 | NOTICE OF SERVICE of Supplemental Expert Report of Michael J. Lasinski filed by ZTE (USA) Inc..(Hunter, Travis) (Entered: 02/22/2018) |
| 02/27/2018 | 320 | STIPULATION TO EXTEND TIME to File Opening Motions in Limine Briefs and Answering Motions in Limine Briefs to August 30, 2018 and September 27, 2018 – filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Hoeschen, Nathan) (Entered: 02/27/2018) |
| 03/02/2018 | 321 | [SEALED] Letter to The Honorable Sherry R. Fallon from Michael J. Farnan regarding Redactions to the February 16, 2018 Memorandum Order. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Farnan, Michael) (Entered: 03/02/2018) |
| 03/05/2018 | | CORRECTING ENTRY: The objections previously filed on 3/2/18 have been deleted. Revised versions of the documents will be re–filed by counsel at a later time. Associated Cases: 1:15–cv–00542–JFB–SRF, 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF(lih) (Entered: 03/05/2018) |
| 03/05/2018 | 322 | [SEALED] OBJECTIONS by Evolved Wireless, LLC to (356 in 1:15–cv–00542–JFB–SRF, 356 in 1:15–cv–00545–JFB–SRF, 316 in 1:15–cv–00544–JFB–SRF, 351 in 1:15–cv–00543–JFB–SRF, 317 in 1:15–cv–00546–JFB–SRF) Memorandum and Order . (Attachments: # 1 Certificate of Compliance)(Farnan, Michael) (Entered: 03/05/2018) |
| 03/08/2018 | | NOTICE: Per Magistrate Judge Fallon's Standing Order Regarding Courtesy Copies, which requires two (2) courtesy copies of all briefs and two (2) copies of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.), please submit to the Clerk's Office a copy of D.I. # 360 . Associated Cases: 1:15–cv–00542–JFB–SRF, 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF(lih) (Entered: 03/08/2018) |
| 03/09/2018 | 323 | REDACTED VERSION of (321 in 1:15–cv–00546–JFB–SRF, 360 in 1:15–cv–00542–JFB–SRF, 319 in 1:15–cv–00544–JFB–SRF, 359 in 1:15–cv–00545–JFB–SRF, 354 in 1:15–cv–00543–JFB–SRF) Letter by Evolved Wireless, |

| | | |
|---|---|---|
| | | LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Farnan, Michael) (Entered: 03/09/2018) |
| 03/09/2018 | 324 | REDACTED VERSION of (356 in 1:15–cv–00542–JFB–SRF, 356 in 1:15–cv–00545–JFB–SRF, 316 in 1:15–cv–00544–JFB–SRF, 351 in 1:15–cv–00543–JFB–SRF, 317 in 1:15–cv–00546–JFB–SRF) Memorandum Order. (lih) (Entered: 03/09/2018) |
| 03/09/2018 | 325 | REDACTED VERSION of (361 in 1:15–cv–00542–JFB–SRF, 320 in 1:15–cv–00544–JFB–SRF, 355 in 1:15–cv–00543–JFB–SRF, 322 in 1:15–cv–00546–JFB–SRF, 360 in 1:15–cv–00545–JFB–SRF) Objections, by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 03/09/2018) |
| 03/13/2018 | | Set Deadlines: Proposed Pretrial Order due by 10/11/2018. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 03/13/2018) |
| 03/16/2018 | 326 | [SEALED] RESPONSE TO OBJECTIONS by ZTE (USA) Inc. re (361 in 1:15–cv–00542–JFB–SRF, 320 in 1:15–cv–00544–JFB–SRF, 355 in 1:15–cv–00543–JFB–SRF, 322 in 1:15–cv–00546–JFB–SRF, 360 in 1:15–cv–00545–JFB–SRF) Objections, (356 in 1:15–cv–00542–JFB–SRF, 356 in 1:15–cv–00545–JFB–SRF, 316 in 1:15–cv–00544–JFB–SRF, 351 in 1:15–cv–00543–JFB–SRF, 317 in 1:15–cv–00546–JFB–SRF, 336 in 1:15–cv–00547–JFB–SRF) Memorandum and Order, (341 in 1:15–cv–00547–JFB–SRF) Objections filed on behalf of all Defendants. (Hunter, Travis) Modified on 3/19/2018 (lih). (Entered: 03/16/2018) |
| 03/16/2018 | 327 | MOTION to Strike 310 Declaration – filed by ZTE (USA) Inc.. (Attachments: # 1 Text of Proposed Order)Motions referred to Sherry R. Fallon.(Moore, David) Modified on 3/19/2018 (lih). (Entered: 03/16/2018) |
| 03/16/2018 | 328 | [SEALED] OPENING BRIEF in Support re 327 MOTION to Strike 310 Declaration filed by ZTE (USA) Inc..Answering Brief/Response due date per Local Rules is 4/2/2018. (Moore, David) Modified on 3/19/2018 (lih). (Entered: 03/16/2018) |
| 03/16/2018 | 329 | [SEALED] DECLARATION re (365 in 1:15–cv–00545–JFB–SRF) MOTION to Strike (348) Declaration, (360 in 1:15–cv–00543–JFB–SRF) MOTION to Strike (344) Declaration, (345 in 1:15–cv–00547–JFB–SRF) MOTION to Strike (329) Declaration , (327 in 1:15–cv–00546–JFB–SRF) MOTION to Strike (310) Declaration, (325 in 1:15–cv–00544–JFB–SRF) MOTION to Strike (308) Declaration, (366 in 1:15–cv–00542–JFB–SRF) MOTION to Strike (347) Declaration by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A–P)(Palapura, Bindu) Modified on 3/19/2018 (lih). (Entered: 03/16/2018) |
| 03/26/2018 | 330 | REDACTED VERSION of (328 in 1:15–cv–00546–JFB–SRF) Opening Brief in Support, (361 in 1:15–cv–00543–JFB–SRF) Opening Brief in Support, (326 in 1:15–cv–00544–JFB–SRF) Opening Brief in Support, (367 in 1:15–cv–00542–JFB–SRF) Opening Brief in Support, (346 in 1:15–cv–00547–JFB–SRF) Opening Brief in Support, (366 in 1:15–cv–00545–JFB–SRF) Opening Brief in Support by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Palapura, Bindu) Modified on 3/26/2018 (lih). (Entered: 03/26/2018) |
| 03/26/2018 | 331 | REDACTED VERSION of (327 in 1:15–cv–00544–JFB–SRF, 347 in 1:15–cv–00547–JFB–SRF, 329 in 1:15–cv–00546–JFB–SRF, 368 in 1:15–cv–00542–JFB–SRF, 367 in 1:15–cv–00545–JFB–SRF, 362 in 1:15–cv–00543–JFB–SRF) Declaration by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A–P)(Palapura, Bindu) Modified on 3/26/2018 (lih). (Entered: 03/26/2018) |
| 04/02/2018 | 332 | [SEALED] ANSWERING BRIEF in Opposition re 327 MOTION to Strike 310 Declaration filed by Evolved Wireless, LLC.Reply Brief due date per Local Rules is 4/9/2018. (Farnan, Brian) Modified on 4/3/2018 (lih). (Main Document 332 replaced on 4/6/2018) (lih). (Entered: 04/02/2018) |

| 04/02/2018 | 333 | [SEALED] DECLARATION of Ryan M. Schultz re (365 in 1:15–cv–00543–JFB–SRF) Answering Brief in Opposition, (371 in 1:15–cv–00542–JFB–SRF) Answering Brief in Opposition, (370 in 1:15–cv–00545–JFB–SRF) Answering Brief in Opposition, (330 in 1:15–cv–00544–JFB–SRF) Answering Brief in Opposition, (332 in 1:15–cv–00546–JFB–SRF) Answering Brief in Opposition by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Farnan, Brian) Modified on 4/3/2018 (lih). (Entered: 04/02/2018) |
| 04/03/2018 | | Remark: Counsel is reminded that the court does not need courtesy copies of the daubert/ motion in limine briefing. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 04/03/2018) |
| 04/06/2018 | | CORRECTING ENTRY: The answering brief filed on 4/2/18 has been replaced with a revised version of the document per the request of counsel. Associated Cases: 1:15–cv–00547–JFB–SRF et al.(lih) (Entered: 04/06/2018) |
| 04/09/2018 | 334 | [SEALED] REPLY BRIEF re 327 MOTION to Strike 310 Declaration filed by ZTE (USA) Inc.. (Palapura, Bindu) Modified on 4/10/2018 (lih). (Entered: 04/09/2018) |
| 04/09/2018 | 335 | REDACTED VERSION of (370 in 1:15–cv–00545–JFB–SRF) Answering Brief in Opposition, (330 in 1:15–cv–00544–JFB–SRF) Answering Brief in Opposition, (365 in 1:15–cv–00543–JFB–SRF) Answering Brief in Opposition, (332 in 1:15–cv–00546–JFB–SRF) Answering Brief in Opposition, (371 in 1:15–cv–00542–JFB–SRF) Answering Brief in Opposition, by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 04/09/2018) |
| 04/09/2018 | 336 | REDACTED VERSION of (331 in 1:15–cv–00544–JFB–SRF, 371 in 1:15–cv–00545–JFB–SRF, 372 in 1:15–cv–00542–JFB–SRF, 366 in 1:15–cv–00543–JFB–SRF, 333 in 1:15–cv–00546–JFB–SRF) Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–7)(Farnan, Brian) Modified on 4/10/2018 (lih). (Entered: 04/09/2018) |
| 04/13/2018 | 337 | [SEALED] BRIEF (Combined Answering and Reply) re 197 MOTION for Summary Judgment , 196 MOTION for Summary Judgment filed by ZTE (USA) Inc..Reply Brief due date per Local Rules is 4/20/2018. (Attachments: # 1 Appendix A–B)(Hunter, Travis) Modified on 4/16/2018 (lih). (Entered: 04/13/2018) |
| 04/13/2018 | 338 | [SEALED] DECLARATION of Michael D. Jayre 337 Brief (Combined Answering and Reply) by ZTE (USA) Inc.. (Attachments: # 1 Exhibit A–C)(Hunter, Travis) Modified on 4/16/2018 (lih). (Entered: 04/13/2018) |
| 04/16/2018 | | REMINDER TO ALL COUNSEL: Judge Fallon's chambers does not need courtesy copies of the summary judgment briefing. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 04/16/2018) |
| 04/16/2018 | 339 | REDACTED VERSION of (367 in 1:15–cv–00543–JFB–SRF) Reply Brief, (352 in 1:15–cv–00547–JFB–SRF) Reply Brief, (372 in 1:15–cv–00545–JFB–SRF) Reply Brief, (334 in 1:15–cv–00546–JFB–SRF) Reply Brief, (374 in 1:15–cv–00542–JFB–SRF) Reply Brief, (332 in 1:15–cv–00544–JFB–SRF) Reply Brief by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Palapura, Bindu) Modified on 4/17/2018 (lih). (Entered: 04/16/2018) |
| 04/23/2018 | 340 | REDACTED VERSION of (356 in 1:15–cv–00547–JFB–SRF) Brief (Combined Answering and Reply), (335 in 1:15–cv–00544–JFB–SRF) Brief (Combined Answering and Reply), (370 in 1:15–cv–00543–JFB–SRF) Brief (Combined Answering and Reply), (375 in 1:15–cv–00545–JFB–SRF) Brief (Combined Answering and Reply), (337 in 1:15–cv–00546–JFB–SRF) Brief (Combined Answering and Reply), (377 in 1:15–cv–00542–JFB–SRF) Brief (Combined Answering and Reply), by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Attachments: # 1 Appendix A–B)(Palapura, Bindu) (Entered: 04/23/2018) |
| 04/23/2018 | 341 | REDACTED VERSION of (336 in 1:15–cv–00544–JFB–SRF) Declaration, (371 in 1:15–cv–00543–JFB–SRF) Declaration, (378 in 1:15–cv–00542–JFB–SRF) Declaration, (338 in 1:15–cv–00546–JFB–SRF) Declaration, (357 in 1:15–cv–00547–JFB–SRF) Declaration, (376 in 1:15–cv–00545–JFB–SRF) Declaration by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Attachments: # 1 |

| | | Exhibit A–C)(Palapura, Bindu) Modified on 4/23/2018 (lih). (Entered: 04/23/2018) |
|---|---|---|
| 04/27/2018 | 342 | [SEALED] REPLY BRIEF re 198 MOTION for Summary Judgment filed by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 04/27/2018) |
| 04/27/2018 | 343 | [SEALED] DECLARATION re 342 Reply Brief by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Farnan, Brian) Modified on 4/30/2018 (lih). (Entered: 04/27/2018) |
| 04/30/2018 | | Motions No Longer Referred: (360 in 1:15–cv–00543–JFB–SRF) MOTION to Strike, (345 in 1:15–cv–00547–JFB–SRF) MOTION to Strike, (327 in 1:15–cv–00546–JFB–SRF) MOTION to Strike (325 in 1:15–cv–00544–JFB–SRF) MOTION to Strike, (365 in 1:15–cv–00545–JFB–SRF) MOTION to Strike (348) Declaration Associated Cases: 1:15–cv–00543–JFB–SRF et al.(lih) (Entered: 04/30/2018) |
| 05/04/2018 | 344 | REDACTED VERSION of (340 in 1:15–cv–00544–JFB–SRF) Reply Brief, (380 in 1:15–cv–00545–JFB–SRF) Reply Brief, (382 in 1:15–cv–00542–JFB–SRF) Reply Brief, (342 in 1:15–cv–00546–JFB–SRF) Reply Brief, (375 in 1:15–cv–00543–JFB–SRF) Reply Brief by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 05/04/2018) |
| 05/04/2018 | 345 | REDACTED VERSION of 343 Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–5)(Farnan, Brian) (Entered: 05/04/2018) |
| 06/19/2018 | | CASE REFERRED to Magistrate Judge Burke for Mediation. Please see Standing Order dated January 20, 2016, regarding disclosure of confidential ADR communications. A link to the standing order is provided here for your convenience at http://www.ded.uscourts.gov/general–orders/magistrate–judges–standing–order–adr–mediation Associated Cases: 1:15–cv–00542–JFB–SRF, 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF(lih) (Entered: 06/19/2018) |
| 06/26/2018 | 346 | NOTICE OF SERVICE of Supplemental Expert Report of Jonathan D. Putnam filed by Evolved Wireless, LLC.(Farnan, Brian) (Entered: 06/26/2018) |
| 06/27/2018 | 347 | [SEALED] NOTICE of Supplemental Facts regarding Defendants' Motion to Exclude Testimony of Dr. Putnam by Evolved Wireless, LLC (Attachments: # 1 Exhibit A)(Farnan, Michael) (Entered: 06/27/2018) |
| 06/28/2018 | 348 | REDACTED VERSION of (385 in 1:15–cv–00545–JFB–SRF) Notice (Other), (382 in 1:15–cv–00543–JFB–SRF) Notice (Other), (347 in 1:15–cv–00546–JFB–SRF) Notice (Other), (391 in 1:15–cv–00542–JFB–SRF) Notice (Other), (345 in 1:15–cv–00544–JFB–SRF) Notice (Other) by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A)(Farnan, Michael) (Entered: 06/28/2018) |
| 07/24/2018 | 349 | ORDER Setting Mediation Conference: A Telephone Conference is set for 8/13/2018 at 11:00 AM before Judge Christopher J. Burke. to discuss ADR. Signed by Judge Christopher J. Burke on 7/23/2018. (dlb) (Entered: 07/24/2018) |
| 07/27/2018 | 350 | NOTICE requesting Clerk to remove Ryan E. Dornberger as co–counsel.. (Farnan, Brian) (Entered: 07/27/2018) |
| 08/01/2018 | 351 | STIPULATION Expediting Briefing re 352 Non–Lead Defendants' Expedited Motion to Postpone Pre–Trial Conference and Exchange of Trial Material by HTC America Inc., HTC Corporation. (Rovner, Philip) Modified on 8/2/2018 (lih). (Entered: 08/01/2018) |
| 08/01/2018 | 352 | MOTION Non–Lead Defendants' Expedited Motion to Postpone Pre–Trial Conference and Exchange of Trial Material – filed by HTC America Inc., HTC Corporation. Motions referred to Sherry R. Fallon.(Rovner, Philip) (Entered: 08/01/2018) |
| 08/02/2018 | 353 | EXHIBIT re (369 in 1:15–cv–00547–JFB–SRF, 387 in 1:15–cv–00543–JFB–SRF, 350 in 1:15–cv–00544–JFB–SRF, 352 in 1:15–cv–00546–JFB–SRF) MOTION Non–Lead Defendants' Expedited Motion to Postpone Pre–Trial Conference and Exchange of Trial Material by HTC America Inc., HTC Corporation. (Rovner, Philip) Modified on 8/2/2018 (lih). (Entered: 08/02/2018) |
| 08/02/2018 | | SO ORDERED– re (349 in 1:15–cv–00544–JFB–SRF, 386 in 1:15–cv–00543–JFB–SRF, 368 in 1:15–cv–00547–JFB–SRF, 351 in 1:15–cv–00546–JFB–SRF) STIPULATION Expediting Briefing. Set Briefing Schedule: re (387 in 1:15–cv–00543–JFB–SRF, 350 in 1:15–cv–00544–JFB–SRF, 352 in 1:15–cv–00546–JFB–SRF, 369 in |

| | | |
|---|---|---|
| | | 1:15–cv–00547–JFB–SRF) Non–Lead Defendants' Expedited Motion to Postpone Pre–Trial Conference and Exchange of Trial Material. (Answering Brief due 8/8/2018.) Signed by Judge Sherry R. Fallon on 8/2/2018. Associated Cases: 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00546–JFB–SRF, 1:15–cv–00547–JFB–SRF(lih) (Entered: 08/02/2018) |
| 08/03/2018 | 354 | MOTION to Strike Supplemental Expert Report of Jonathan D. Putnam – filed by ZTE (USA) Inc.. (Attachments: # 1 Text of Proposed Order)Motions referred to Sherry R. Fallon.(Palapura, Bindu) Modified on 8/6/2018 (lih). (Entered: 08/03/2018) |
| 08/03/2018 | 355 | [SEALED] OPENING BRIEF in Support re 354 MOTION to Strike Supplemental Expert Report of Jonathan D. Putnam filed by ZTE (USA) Inc..Answering Brief/Response due date per Local Rules is 8/17/2018. (Palapura, Bindu) Modified on 8/6/2018 (lih). (Entered: 08/03/2018) |
| 08/03/2018 | 356 | [SEALED] DECLARATION of Michael D. Jay re 354 MOTION to Strike by ZTE (USA) Inc.. (Attachments: # 1 Exhibit A–B)(Palapura, Bindu) Modified on 8/6/2018 (lih). (Entered: 08/03/2018) |
| 08/06/2018 | | Motions No Longer Referred: (389 in 1:15–cv–00545–JFB–SRF) MOTION to Strike,(371 in 1:15–cv–00547–JFB–SRF) MOTION to Strike, (354 in 1:15–cv–00546–JFB–SRF) MOTION to Strike, (396 in 1:15–cv–00542–JFB–SRF) MOTION to Strike, (389 in 1:15–cv–00543–JFB–SRF) MOTION to Strike, (352 in 1:15–cv–00544–JFB–SRF) MOTION to Strike Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 08/06/2018) |
| 08/08/2018 | 357 | RESPONSE to Motion re 352 MOTION Non–Lead Defendants' Expedited Motion to Postpone Pre–Trial Conference and Exchange of Trial Material filed by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Farnan, Brian) (Entered: 08/08/2018) |
| 08/15/2018 | | ORAL ORDER– IT IS HEREBY ORDERED that: the court shall conduct a status teleconference on 8/28/2018 at 11:00 AM before Judge Sherry R. Fallon to address the issues raised in (387 in 1:15–cv–00543–JFB–SRF) MOTION Non–Lead Defendants' Expedited Motion to Postpone Pre–Trial Conference and Exchange of Trial Material. The court expects counsel for the Apple and Samsung defendants to participate in the call. Ordered by Judge Sherry R. Fallon on 8/15/2018. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 08/15/2018) |
| 08/15/2018 | 358 | NOTICE requesting Clerk to remove Hersh H. Mehta as co–counsel. Reason for request: No longer with firm. (Farnan, Kelly) (Entered: 08/15/2018) |
| 08/15/2018 | 359 | NOTICE requesting Clerk to remove Natalie A. Bennett as co–counsel. Reason for request: No longer with firm. (Farnan, Kelly) (Entered: 08/15/2018) |
| 08/17/2018 | 360 | STIPULATION Regarding Final Pretrial Order Briefing and Exchange of Materials by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 08/17/2018) |
| 08/17/2018 | | SO ORDERED: Counsel should only file appropriate motions in limine, not issues or claims more appropriate for Summary Judgment or Daubert motions, or for issues generally better decided at trial – re (338 in 1:15–cv–00547–JFB–SRF, 318 in 1:15–cv–00544–JFB–SRF, 358 in 1:15–cv–00545–JFB–SRF, 358 in 1:15–cv– 00542–JFB–SRF, 353 in 1:15–cv–00543–JFB–SRF, 320 in 1:15–cv–00546–JFB–SRF) STIPULATION TO EXTEND TIME to File Opening Motions in Limine Briefs and Answering Motions in Limine Briefs to August 30, 2018 and September 27, 2018 filed by Samsung Electronics Co. Ltd., Samsung Electronics America Inc.. Signed by Judge Joseph F. Bataillon on 8/17/18. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(Brunswick, Amy) (Entered: 08/17/2018) |
| 08/17/2018 | 361 | STIPULATION regarding Motions in Limine Briefing by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 08/17/2018) |
| 08/17/2018 | 362 | [SEALED] ANSWERING BRIEF in Opposition re 354 MOTION to Strike Supplemental Expert Report of Jonathan D. Putnam filed by Evolved Wireless, LLC.Reply Brief due date per Local Rules is 8/24/2018. (Farnan, Brian) Modified on 8/20/2018 (lih). (Entered: 08/17/2018) |
| 08/17/2018 | 363 | [SEALED] DECLARATION of Ryan M. Schultz re (362 in 1:15–cv–00546–JFB–SRF) Answering Brief in Opposition, (358 in 1:15–cv–00544–JFB–SRF) Answering Brief in Opposition, (395 in 1:15–cv–00543–JFB–SRF) Answering Brief in Opposition, (394 in 1:15–cv–00545–JFB–SRF) Answering Brief in Opposition, (401 in 1:15–cv–00542–JFB–SRF) Answering Brief in Opposition by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Farnan, Brian) Modified on 8/20/2018 (lih). (Entered: 08/17/2018) |

| 08/17/2018 | 364 | [SEALED] DECLARATION of Jonathan D. Putnam re (394 in 1:15−cv−00545−JFB−SRF) Answering Brief in Opposition, (401 in 1:15−cv−00542−JFB−SRF) Answering Brief in Opposition, (362 in 1:15−cv−00546−JFB−SRF) Answering Brief in Opposition, (358 in 1:15−cv−00544−JFB−SRF) Answering Brief in Opposition, (395 in 1:15−cv−00543−JFB−SRF) Answering Brief in Opposition by Evolved Wireless, LLC. (Farnan, Brian) Modified on 8/20/2018 (lih). (Entered: 08/17/2018) |
| --- | --- | --- |
| 08/20/2018 | | ORAL ORDER− re (376 in 1:15−cv−00547−JFB−SRF, 393 in 1:15−cv−00543−JFB−SRF, 360 in 1:15−cv−00546−JFB−SRF, 356 in 1:15−cv−00544−JFB−SRF, 399 in 1:15−cv−00542−JFB−SRF, 392 in 1:15−cv−00545−JFB−SRF) STIPULATION Regarding Final Pretrial Order Briefing and Exchange of Materials. IT IS HEREBY ORDERED that: counsel shall be prepared to discuss the subject matter of the proposed stipulation and compliance with the August 17, 2018, Oral Order of Judge Bataillon during the status teleconference set in this matter for 8/28/2018 at 11:00 AM. Ordered by Judge Sherry R. Fallon on 8/20/2018. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 08/20/2018) |
| 08/24/2018 | 365 | [SEALED] REPLY BRIEF re 354 MOTION to Strike Supplemental Expert Report of Jonathan D. Putnam filed by ZTE (USA) Inc.. (Moore, David) Modified on 9/6/2018 (lih). (Entered: 08/24/2018) |
| 08/24/2018 | 366 | DECLARATION of Charles M. Stiernberg re (404 in 1:15−cv−00542−JFB−SRF) Reply Brief, (361 in 1:15−cv−00544−JFB−SRF) Reply Brief, (397 in 1:15−cv−00545−JFB−SRF) Reply Brief, (365 in 1:15−cv−00546−JFB−SRF) Reply Brief, (381 in 1:15−cv−00547−JFB−SRF) Reply Brief, (398 in 1:15−cv−00543−JFB−SRF) Reply Brief by Apple Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A)(Moore, David) Modified on 9/6/2018 (lih). (Entered: 08/24/2018) |
| 08/24/2018 | 367 | REDACTED VERSION of (394 in 1:15−cv−00545−JFB−SRF) Answering Brief in Opposition, (401 in 1:15−cv−00542−JFB−SRF) Answering Brief in Opposition, (362 in 1:15−cv−00546−JFB−SRF) Answering Brief in Opposition, (358 in 1:15−cv−00544−JFB−SRF) Answering Brief in Opposition, (395 in 1:15−cv−00543−JFB−SRF) Answering Brief in Opposition by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 08/24/2018) |
| 08/24/2018 | 368 | REDACTED VERSION of (402 in 1:15−cv−00542−JFB−SRF, 395 in 1:15−cv−00545−JFB−SRF, 363 in 1:15−cv−00546−JFB−SRF, 396 in 1:15−cv−00543−JFB−SRF, 359 in 1:15−cv−00544−JFB−SRF) Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibits A−C)(Farnan, Brian) Modified on 9/6/2018 (lih). (Entered: 08/24/2018) |
| 08/24/2018 | 369 | REDACTED VERSION of (364 in 1:15−cv−00546−JFB−SRF, 360 in 1:15−cv−00544−JFB−SRF, 396 in 1:15−cv−00545−JFB−SRF, 397 in 1:15−cv−00543−JFB−SRF, 403 in 1:15−cv−00542−JFB−SRF) Declaration by Evolved Wireless, LLC. (Farnan, Brian) Modified on 9/6/2018 (lih). (Entered: 08/24/2018) |
| 08/28/2018 | | ORDER Setting Teleconference: Plaintiff's counsel to initiate the call to (302) 573−4557. A Telephone Conference is set for 9/4/2018 at 03:00 PM before Judge Sherry R. Fallon to discuss the trial schedule. Signed by Judge Sherry R. Fallon on 8/28/2018. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(Polito, Rebecca) (Entered: 08/28/2018) |
| 08/28/2018 | | ORAL ORDER re (387 in 1:15−cv−00543−JFB−SRF): Pursuant to the ruling on the record during the August 28, 2018 teleconference, the Non−Lead Defendants' Expedited Motion to Postpone Pre−Trial Conference and Exchange of Trial Material (D.I. 387 in C.A. No. 15−543−JFB−SRF; D.I. 350 in C.A. No. 15−544−JFB−SRF; D.I. 352 in C.A. No. 15−546−JFB−SRF; and D.I. 369 in C.A. No. 15−547−JFB−SRF) is GRANTED. IT IS FURTHER ORDERED, that the parties in each case involving Non−Lead Defendants shall include in their respective proposed pretrial orders, a certification that no duplicative issues already decided in a preceding case are being raised that could potentially result in inconsistent rulings. Prior pretrial rulings will govern subsequent pretrial proceedings in related cases, absent a showing of good cause. Signed by Judge Sherry R. Fallon on 8/28/2018. Associated Cases: 1:15−cv−00543−JFB−SRF, 1:15−cv−00544−JFB−SRF, 1:15−cv−00546−JFB−SRF, 1:15−cv−00547−JFB−SRF(Polito, Rebecca) (Entered: 08/28/2018) |
| 08/28/2018 | | SO ORDERED, re (357 in 1:15−cv−00544−JFB−SRF, 400 in 1:15−cv−00542−JFB−SRF, 393 in 1:15−cv−00545−JFB−SRF, 394 in 1:15−cv−00543−JFB−SRF, 361 in 1:15−cv−00546−JFB−SRF) Stipulation filed by Evolved Wireless, LLC, (393 in 1:15−cv−00543−JFB−SRF, 360 in 1:15−cv−00546−JFB−SRF, 356 in 1:15−cv−00544−JFB−SRF, 399 in 1:15−cv−00542−JFB−SRF, 392 in |

| | | |
|---|---|---|
| | | 1:15–cv–00545–JFB–SRF) Stipulation filed by Evolved Wireless, LLC. Signed by Judge Sherry R. Fallon on 8/28/2018. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(Polito, Rebecca) (Entered: 08/28/2018) |
| 08/28/2018 | | Minute Entry for proceedings held before Judge Sherry R. Fallon – Telephone Conference held on 8/28/2018. (Court Reporter V. Gunning.) Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 09/04/2018) |
| 09/04/2018 | 370 | Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding September 4, 2018 Status Conference. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Farnan, Brian) (Entered: 09/04/2018) |
| 09/04/2018 | | Minute Entry for proceedings held before Judge Sherry R. Fallon – Status Telephone Conference held on 9/4/2018. (Court Reporter V. Gunning.) Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 09/05/2018) |
| 09/04/2018 | | Oral Order: Pursuant to the transcript of the status teleconference on September 4, 2018, the November 13, 2018 trial date in Evolved Wireless, LLC v. Apple Inc. (C.A. No. 15–542–JFB–SRF) is VACATED. On or before September 18, 2018, the parties are to submit a joint proposed scheduling order setting forth pretrial conference dates, trial dates, and lengths of trial for each defendant in accordance with the discussion on the record during the September 4, 2018 status teleconference. Briefing deadlines on the pending motions in limine are suspended pending further order of the court. Ordered by Judge Sherry R. Fallon on 9/4/2018. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 09/05/2018) |
| 09/18/2018 | 371 | Joint STIPULATION Pretrial Schedule by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 09/18/2018) |
| 09/21/2018 | | Motions No Longer Referred: (409 in 1:15–cv–00545–JFB–SRF, 415 in 1:15–cv–00542–JFB–SRF) MOTION in Limine, (409 in 1:15–cv–00542–JFB–SRF) MOTION in Limine, (402 in 1:15–cv–00545–JFB–SRF) MOTION in Limine, (403 in 1:15–cv–00545–JFB–SRF, 411 in 1:15–cv–00542–JFB–SRF) Joint MOTION in Limine Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 09/21/2018) |
| 09/21/2018 | 372 | ORDER– re (428 in 1:15–cv–00542–JFB–SRF) Stipulation. On or before September 28, 2018, counsel shall submit an amended joint proposed Pretrial and Trial Scheduling Order incorporating the dates listed in this order, as well as the agreed–upon dates for pretrial material exchanges identified in the parties' submission at D.I. 428, pages 9–13. Signed by Judge Sherry R. Fallon on 9/21/2018. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 09/21/2018) |
| 09/25/2018 | 373 | NOTICE of Supplemental Facts Regarding Defendants' Motion to Strike Supplemental Expert Report of Jonathan D. Putnam (D.I. 396) and Motion to Strike Declaration of Younghan Song (D.I. 366) by Evolved Wireless, LLC (Farnan, Brian) (Entered: 09/25/2018) |
| 09/28/2018 | 374 | PROPOSED Amended Pretrial and Trial Scheduling Order by Evolved Wireless, LLC. (Attachments: # 1 Letter to The Honorable Sherry R. Fallon)(Farnan, Brian) Modified on 9/28/2018 (lih). (Entered: 09/28/2018) |
| 10/03/2018 | 375 | SO ORDERED– re 431 PROPOSED Amended Pretrial and Trial Scheduling Order. Set Pretrial and Trial Deadlines: Apple/Samsung Proposed Pretrial Order due by 2/12/2019. HTC/Motorola/ZTE/Microsoft Proposed Pretrial Order due by 12/3/2019. Apple/Samsung Pretrial Conference is set for 3/5/2019 at 10:00 AM in Courtroom 6C before Judge Sherry R. Fallon. Samsung/HTC/Motorola/ZTE/Microsoft Pretrial Conference is set for 12/17/2019 at 10:00 AM in Courtroom 6C before Judge Sherry R. Fallon. (PLEASE REFER TO ORDER FOR FURTHER DEADLINES) Signed by Judge Sherry R. Fallon on 10/3/2018. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) Modified on 10/16/2018 (lih). (Entered: 10/03/2018) |
| 10/16/2018 | | Set Hearings: A Pretrial Conference is set for 12/17/2019 at 10:00 AM in Courtroom 6C before Judge Sherry R. Fallon. Associated Cases: 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF, 1:15–cv–00547–JFB–SRF(lih) (Entered: 10/16/2018) |
| 10/16/2018 | | Set Reset Hearings: A 5–day Jury Trial is set for 2/24/2020 at 09:30 AM before Judge Joseph F. Bataillon. (lih) (Entered: 10/16/2018) |
| 12/31/2018 | 376 | NOTICE requesting Clerk to remove Anthony F. Schlehuber as co–counsel.. (Farnan, Brian) (Entered: 12/31/2018) |

| 01/10/2019 | 377 | NOTICE of Supplemental Authority Regarding Defendants' Motion To Exclude Testimony Of Dr. Putnam by Evolved Wireless, LLC (Farnan, Brian) (Entered: 01/10/2019) |
|---|---|---|
| 01/11/2019 | 378 | MOTION for Pro Hac Vice Appearance of Attorney Austin B. Miller – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Brian) (Entered: 01/11/2019) |
| 01/11/2019 | | SO ORDERED– re (440 in 1:15–cv–00542–JFB–SRF, 411 in 1:15–cv–00543–JFB–SRF, 374 in 1:15–cv–00544–JFB–SRF, 378 in 1:15–cv–00546–JFB–SRF, 432 in 1:15–cv–00545–JFB–SRF) MOTION for Pro Hac Vice Appearance of Attorney Austin B. Miller. Signed by Judge Sherry R. Fallon on 1/11/2019. Associated Cases: 1:15–cv–00542–JFB–SRF, 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF(lih) (Entered: 01/11/2019) |
| 01/16/2019 | | Pro Hac Vice Attorney Austin B. Miller for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:15–cv–00542–JFB–SRF, 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF(ceg) (Entered: 01/16/2019) |
| 02/11/2019 | 379 | NOTICE requesting Clerk to remove Andrew D. Hedden as co–counsel.. (Farnan, Brian) (Entered: 02/11/2019) |
| 02/14/2019 | 380 | ORDER; The Magistrate Judge's order (D.I. 172) is adopted. The plaintiff's objections (D.I. 361) are overruled, re (185 in 1:15–cv–00547–JFB–SRF) Objections, (193 in 1:15–cv–00543–JFB–SRF) Objections, (187 in 1:15–cv–00546–JFB–SRF) Objections, (212 in 1:15–cv–00545–JFB–SRF) Objections, (181 in 1:15–cv–00542–JFB–SRF) Objections, and (172 in 1:15–cv–00544–JFB–SRF) Objections. Signed by Judge Joseph F. Bataillon on 2/13/2019. Associated Cases: 1:15–cv–00542–JFB–SRF et al. (nmg) (Entered: 02/14/2019) |
| 02/14/2019 | 381 | ORDER; The Magistrate Judge's order (D.I. 356) is adopted. The plaintiffs objections (D.I. 361) are overruled, re (361 in 1:15–cv–00542–JFB–SRF, 320 in 1:15–cv–00544–JFB–SRF, 355 in 1:15–cv–00543–JFB–SRF, 322 in 1:15–cv–00546–JFB–SRF, 360 in 1:15–cv–00545–JFB–SRF) Objections, filed by Evolved Wireless, LLC, (341 in 1:15–cv–00547–JFB–SRF) Objections filed by Evolved Wireless, LLC, (342 in 1:15–cv–00547–JFB–SRF) Objections filed by Evolved Wireless, LLC. Signed by Judge Joseph F. Bataillon on 2/13/2019. Associated Cases: 1:15–cv–00542–JFB–SRF et al. (nmg) (Entered: 02/14/2019) |
| 02/21/2019 | 382 | [SEALED] NOTICE of Supplemental Facts in support of its Combined Opening–Answering Brief Regarding Defendants' Affirmative Defenses Alleging License, Covenant Not to Sue, and Exhaustion by Evolved Wireless, LLC (Farnan, Brian) (Entered: 02/21/2019) |
| 02/21/2019 | 383 | [SEALED] DECLARATION of Ryan M. Schultz re (382 in 1:15–cv–00546–JFB–SRF, 466 in 1:15–cv–00542–JFB–SRF, 378 in 1:15–cv–00544–JFB–SRF, 416 in 1:15–cv–00543–JFB–SRF, 445 in 1:15–cv–00545–JFB–SRF) Notice by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Farnan, Brian) Modified on 2/21/2019 (lih). (Entered: 02/21/2019) |
| 02/21/2019 | 384 | MEMORANDUM AND ORDER. Signed by Judge Joseph F. Bataillon on 2/21/2019. Associated Cases: 1:15–cv–00543–JFB–SRF et al.(nmg) (Entered: 02/21/2019) |
| 03/01/2019 | 385 | REDACTED VERSION of (416 in 1:15–cv–00543–JFB–SRF, 382 in 1:15–cv–00546–JFB–SRF, 466 in 1:15–cv–00542–JFB–SRF, 378 in 1:15–cv–00544–JFB–SRF, 445 in 1:15–cv–00545–JFB–SRF) Notice (Other) by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 03/01/2019) |
| 03/01/2019 | 386 | REDACTED VERSION of (383 in 1:15–cv–00546–JFB–SRF, 379 in 1:15–cv–00544–JFB–SRF, 417 in 1:15–cv–00543–JFB–SRF, 467 in 1:15–cv–00542–JFB–SRF, 446 in 1:15–cv–00545–JFB–SRF) Declaration, by Evolved Wireless, LLC. (Attachments: # 1 Exhibits A–C)(Farnan, Brian) (Entered: 03/01/2019) |
| 03/01/2019 | 387 | [SEALED] MOTION for Reconsideration re (447 in 1:15–cv–00545–JFB–SRF, 468 in 1:15–cv–00542–JFB–SRF, 384 in 1:15–cv–00546–JFB–SRF, 380 in 1:15–cv–00544–JFB–SRF, 418 in 1:15–cv–00543–JFB–SRF) Memorandum and Order – filed by Evolved Wireless, LLC. (Attachments: # 1 Text of Proposed Order).(Farnan, Michael) Modified on 3/1/2019 (lih). (Entered: 03/01/2019) |

| | | |
|---|---|---|
| 03/01/2019 | 388 | DECLARATION of Ryan M. Schultz re (383 in 1:15–cv–00544–JFB–SRF, 461 in 1:15–cv–00545–JFB–SRF, 421 in 1:15–cv–00543–JFB–SRF, 387 in 1:15–cv–00546–JFB–SRF, 487 in 1:15–cv–00542–JFB–SRF) MOTION for Reconsideration re (447 in 1:15–cv–00545–JFB–SRF, 468 in 1:15–cv–00542–JFB–SRF, 384 in 1:15–cv–00546–JFB–SRF, 380 in 1:15–cv–00544–JFB–SRF, 418 in 1:15–cv–00543–JFB–SRF) Memorandum and Order by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A)(Farnan, Michael) Modified on 3/1/2019 (lih). (Entered: 03/01/2019) |
| 03/04/2019 | | Motions No Longer Referred: (383 in 1:15–cv–00544–JFB–SRF, 421 in 1:15–cv–00543–JFB–SRF, 387 in 1:15–cv–00546–JFB–SRF, 487 in 1:15–cv–00542–JFB–SRF, 461 in 1:15–cv–00545–JFB–SRF) MOTION for Reconsideration re (447 in 1:15–cv–00545–JFB–SRF, 468 in 1:15–cv–00542–JFB–SRF, 384 in 1:15–cv–00546–JFB–SRF, 380 in 1:15–cv–00544–JFB–SRF, 418 in 1:15–cv–00543–JFB–SRF) Memorandum Order Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 03/04/2019) |
| 03/07/2019 | 389 | ORDER: Defendants' motions for a summary judgment of non–infringement (D.I. 193 in 1:15cv542; D.I. 207 in 1:15cv543; D.I. 182 in 1:15cv544; D.I. 223 in 1:15cv545; D.I. 201 in 1:15cv546; D.I. 197 in 1:15cv547) are denied. Signed by Judge Joseph F. Bataillon on 3/7/2019. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(nmg) (Entered: 03/07/2019) |
| 03/08/2019 | 390 | REDACTED VERSION of (383 in 1:15–cv–00544–JFB–SRF, 461 in 1:15–cv–00545–JFB–SRF, 421 in 1:15–cv–00543–JFB–SRF, 387 in 1:15–cv–00546–JFB–SRF, 487 in 1:15–cv–00542–JFB–SRF) MOTION for Reconsideration re (447 in 1:15–cv–00545–JFB–SRF, 468 in 1:15–cv–00542–JFB–SRF, 384 in 1:15–cv–00546–JFB–SRF, 380 in 1:15–cv–00544–JFB–SRF, 418 in 1:15–cv–00543–JFB–SRF) Memorandum and Order by Evolved Wireless, LLC. (Attachments: # 1 Text of Proposed Order)(Farnan, Michael) (Entered: 03/08/2019) |
| 03/13/2019 | 391 | MEMORANDUM AND ORDER – 1. Defendant Apple Inc.s motion to preclude testimony of Dr. Jonathan D. Putnam is denied; 2. Defendants joint motion to preclude testimony of Dr. Jonathan D. Putnam is denied. 3. Defendant Apple Inc.s motion to preclude the testimony of Dr. Todor Cooklev is denied. 4. Plaintiff Evolved Wireless LLCs motion to preclude the defendants experts is granted in part and denied in part as set forth in this order. (SEE ORDER FOR DETAILS)*********re (264 in 1:15–cv–00547–JFB–SRF, 278 in 1:15–cv–00542–JFB–SRF, 290 in 1:15–cv–00545–JFB–SRF, 254 in 1:15–cv–00544–JFB–SRF, 256 in 1:15–cv–00546–JFB–SRF, 285 in 1:15–cv–00543–JFB–SRF) MOTION to Exclude Testimony of Dr. Putnam Pursuant to Fed. R. Evid. 702 *(Defendants' Joint Motion)* filed by Nokia Inc., Samsung Electronics Co. Ltd., Microsoft Mobile Oy, ZTE (USA) Inc., Apple Inc., HTC America Inc., Microsoft Corporation, HTC Corporation, Samsung Electronics America Inc., Motorola Mobility LLC, (275 in 1:15–cv–00542–JFB–SRF) MOTION to Preclude *Testimony of Dr. Putnam Pursuant to Fed. R. Evid. 702* filed by Apple Inc., (287 in 1:15–cv–00543–JFB–SRF) MOTION to Preclude *Testimony of Dr. Cooklev Pursuant to Fed. R. Evid. 702 and 403* filed by HTC America Inc., HTC Corporation, (280 in 1:15–cv–00544–JFB–SRF, 256 in 1:15–cv–00544–JFB–SRF) MOTION to Preclude *Testimony of Dr. Cooklev Pursuant to Fed. R. Evid. 702 and 403* filed by Apple Inc., Motorola Mobility LLC, (290 in 1:15–cv–00543–JFB–SRF) MOTION to Preclude *Defendants' Experts* filed by Evolved Wireless, LLC, (258 in 1:15–cv–00544–JFB–SRF) MOTION to Preclude *Defendant's Experts* filed by Evolved Wireless, LLC, (295 in 1:15–cv–00545–JFB–SRF) MOTION to Preclude *Defendants' Experts* filed by Evolved Wireless, LLC, (258 in 1:15–cv–00546–JFB–SRF) MOTION to Exclude Testimony of Dr. Cooklev Pursuant to Fed. R. Evid. 702 and 403 filed by ZTE (USA) Inc., (389 in 1:15–cv–00543–JFB–SRF) MOTION to Strike *Supplemental Expert Report of Jonathan D. Putnam* filed by HTC America Inc., HTC Corporation, (352 in 1:15–cv–00544–JFB–SRF) MOTION to Strike *Supplemental Expert Report of Jonathan D. Putnam* filed by Motorola Mobility LLC, (261 in 1:15–cv–00546–JFB–SRF) MOTION to Preclude *Defendant's Experts* filed by Evolved Wireless, LLC, (292 in 1:15–cv–00545–JFB–SRF) MOTION [DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF DR. COOKLEV PURSUANT TO FED. R. EVID. 702 AND 403] filed by Samsung Electronics Co. Ltd., Samsung Electronics America Inc., (283 in 1:15–cv–00542–JFB–SRF) MOTION to Preclude *Defendant's Experts* filed by Evolved Wireless, LLC, (389 in 1:15–cv–00545–JFB–SRF) MOTION to Strike *Supplemental Expert Report of Jonathan D. Putnam* filed by Samsung Electronics Co. Ltd., Samsung Electronics America Inc., (354 in 1:15–cv–00546–JFB–SRF) MOTION to Strike *Supplemental Expert Report of Jonathan D. Putnam* filed by ZTE (USA) Inc.. Signed by Judge Joseph F. Bataillon on 3/12/19. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(rwc) (Entered: 03/13/2019) |

| 03/15/2019 | 392 | NOTICE of of Joinder re: Apple Inc.'s Opposition to Plaintiff's Motion for Clarification and Partial Reconsideration (C.A. No. 15–542–JFB–SRF, D.I. 499)_ by ZTE (USA) Inc. (Farnan, Kelly) (Entered: 03/15/2019) |
| 03/22/2019 | 393 | ORDER: Plaintiffs Motion to Reconsider, D.I. 487 , this Courts Memorandum and Order, is DENIED without prejudice (*Corresponding entries are as follows: 383 in 1:15–cv–00544–JFB–SRF, 461 in 1:15–cv–00545–JFB–SRF, 421 in 1:15–cv–00543–JFB–SRF, 387 in 1:15–cv–00546–JFB–SRF, 405 in 1:15–cv–00547–JFB–SRF). Signed by Judge Joseph F. Bataillon on 3/21/2019. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(ceg) (Entered: 03/22/2019) |
| 03/28/2019 | 394 | MEMORANDUM AND ORDER. Signed by Judge Joseph F. Bataillon on 3/28/2019. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(nmg) (Entered: 03/28/2019) |
| 05/01/2019 | 395 | NOTICE requesting Clerk to remove Marla R. Butler as co–counsel.. (Farnan, Brian) (Entered: 05/01/2019) |
| 06/06/2019 | | ORAL ORDER – Oral Order: On or before June 13, 2019, counsel shall submit a joint status letter of no more than ten (10) pages addressing: (1) whether there are any outstanding discovery issues or other matters to be addressed by this court prior to the December 17, 2019 pretrial conference; (2) whether additional motion practice, if any, is necessary prior to the pretrial conference; (3) whether each case remains prepared to proceed to trial on the existing schedule; (4) whether the remaining parties have proposals for streamlining the remaining cases prior to trial; and (5) following the submission of the joint status letter, a status conference or teleconference may be scheduled at the convenience of the court. Signed by Judge Sherry R. Fallon on 6/6/2019. Associated Cases: 1:15–cv–00545–JFB–SRF, 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00546–JFB–SRF, 1:15–cv–00547–JFB–SRF(Polito, Rebecca) (Entered: 06/06/2019) |
| 06/13/2019 | 396 | Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Response to the Court's June 6, 2019 Oral Order. (Farnan, Brian) Modified on 6/14/2019 (lih). (Entered: 06/13/2019) |
| 08/29/2019 | 397 | STIPULATION to Stay Proceedings Pending Resolution of Appeals of the August 9, 2019 Final Judgment in the Evolved v. Apple Case by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 08/29/2019) |
| 08/30/2019 | 398 | ORDER, A hearing on the licensing/patent exhaustion issues and proposed stay will be held at 9:00 AM, on September 13, 2019 before the undersigned in Courtroom No. 6C, J. Caleb Boggs Federal Building, 844 North King Street, Wilmington, DE. Signed by Judge Joseph F. Bataillon on 8/30/2019. Associated Cases: 1:15–cv–00543–JFB–SRF et al. (lak) (Entered: 08/30/2019) |
| 09/13/2019 | | Minute Entry for proceedings held before Judge Joseph F. Bataillon – Hearing regarding licensing/patent exhaustion issues and proposed stay held on 9/13/2019. (Court Reporter Jennifer Guy.) Associated Cases: 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF, 1:15–cv–00547–JFB–SRF(amf) (Entered: 09/13/2019) |
| 09/16/2019 | | ORAL ORDER– IT IS HEREBY ORDERED that: the pretrial conference set in this matter for 12/17/2019 is CANCELLED. Ordered by Judge Sherry R. Fallon on 9/16/2019. Associated Cases: 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF, 1:15–cv–00547–JFB–SRF(lih) (Entered: 09/16/2019) |
| 09/20/2019 | 399 | Letter to The Honorable Joseph F. Bataillon from Travis S. Hunter regarding response to the Court's inquiry concerning whether the Defendants intend to file supplemental briefing on licensing/patent exhaustion issues – re Discovery Hearing,. (Hunter, Travis) (Entered: 09/20/2019) |
| 10/11/2019 | 400 | NOTICE of Subsequent Authority by Samsung Electronics America Inc., Samsung Electronics Co. Ltd. (Attachments: # 1 Exhibit A)(Shaw, John) (Entered: 10/11/2019) |
| 11/15/2019 | 401 | Official Transcript of Oral Argument held on 09/13/19 before Judge Joseph F. Bataillon. Court Reporter/Transcriber Jennifer Guy,Email: Jennifer_Guy@verizon.net. Transcript may be viewed at the court public terminal or order/purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date, it may be obtained through PACER. Redaction Request due 12/6/2019. Redacted Transcript Deadline set for 12/16/2019. Release of Transcript Restriction set for 2/13/2020. (Triozzi, Heather) (Entered: 11/15/2019) |

| 12/03/2019 | 402 | [SEALED] MEMORANDUM AND ORDER – See attached Order for details. (Associated cases – 1:15–cv–00543–JFB–SRF; 1:15–cv–00544–JFB–SRF; 1:15–cv–00545–JFB–SRF; 1:15–cv–00546–JFB–SRF; 1:15–cv–00547–JFB–SRF) Signed by Judge Joseph F. Bataillon on 12/3/2019.This order has been emailed to local counsel. (amf) (Entered: 12/04/2019) |
|---|---|---|
| 12/03/2019 | 403 | [SEALED] JUDGMENT (Associated cases – 1:15–cv–00543–JFB–SRF; 1:15–cv–00544–JFB–SRF; 1:15–cv–00545–JFB–SRF; 1:15–cv–00546–JFB–SRF; 1:15–cv–00547–JFB–SRF) Signed by Judge Joseph F. Bataillon on 12/3/2019.This Judgment has been emailed to local counsel. (amf) (Entered: 12/04/2019) |
| 12/03/2019 | | CASE CLOSED Associated Cases: 1:15–cv–00543–JFB–SRF, 1:15–cv–00546–JFB–SRF, 1:15–cv–00547–JFB–SRF(amf) (Entered: 12/04/2019) |
| 12/06/2019 | 404 | NOTICE of Intent to Request Redaction by David Ellis Moore re (481 in 1:15–cv–00545–JFB–SRF) Transcript,, (398 in 1:15–cv–00544–JFB–SRF) Transcript,, (436 in 1:15–cv–00543–JFB–SRF) Transcript,, (401 in 1:15–cv–00546–JFB–SRF) Transcript,, (419 in 1:15–cv–00547–JFB–SRF) Transcript,, (549 in 1:15–cv–00542–JFB–SRF) Transcript,, (Moore, David) (Entered: 12/06/2019) |
| 12/11/2019 | | CORRECTING ENTRY: The letter previously filed on 12/10/2019 has been deleted per the request of counsel. The letter will be re–filed shortly. Associated Cases: 1:15–cv–00543–JFB–SRF et al.(lih) (Entered: 12/11/2019) |
| 12/12/2019 | 405 | MOTION for Pro Hac Vice Appearance of Attorney Eric M. Albritton, Andrew J. Wright, and Christopher G. Granaghan – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Farnan, Brian) (Entered: 12/12/2019) |
| 12/13/2019 | | SO ORDERED– re (402 in 1:15–cv–00544–JFB–SRF, 485 in 1:15–cv–00545–JFB–SRF, 405 in 1:15–cv–00546–JFB–SRF, 440 in 1:15–cv–00543–JFB–SRF) MOTION for Pro Hac Vice Appearance of Attorney Eric M. Albritton, Andrew J. Wright, and Christopher G. Granaghan. Signed by Judge Sherry R. Fallon on 12/13/2019. Associated Cases: 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF(lih) (Entered: 12/13/2019) |
| 12/13/2019 | | Pro Hac Vice Attorney Christopher G. Granaghan for Evolved Wireless, LLC. added for electronic noticing. Pursuant to Local Rule 83.5 (d), Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF(sam) (Entered: 12/13/2019) |
| 12/13/2019 | | Pro Hac Vice Attorney Andrew J. Wright,Eric M. Albritton for Evolved Wireless, LLC,added for electronic noticing. Pursuant to Local Rule 83.5 (d), Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF(sam) (Entered: 12/13/2019) |
| 12/17/2019 | 406 | Joint STIPULATION TO EXTEND TIME to File Post–Trial Motions to 30 days after all appeals in the related cases have been exhausted and the case is remanded to this Court – filed by HTC America Inc., HTC Corporation. (Rovner, Philip) (Entered: 12/17/2019) |
| 12/17/2019 | 407 | STIPULATION TO EXTEND TIME for the paties to file a motion to redact portions of the sealed transcript of the September 13, 2019 motions hearing to December 23, 2019 – filed by HTC America Inc., HTC Corporation. (Rovner, Philip) (Entered: 12/17/2019) |
| 12/17/2019 | 408 | Letter to The Honorable Joseph F. Bataillon from Brian E. Farnan regarding Proposed Redacted Version of the Court's December 3, 2019 Memorandum and Order – re (437 in 1:15–cv–00543–JFB–SRF, 482 in 1:15–cv–00545–JFB–SRF, 399 in 1:15–cv–00544–JFB–SRF, 420 in 1:15–cv–00547–JFB–SRF, 402 in 1:15–cv–00546–JFB–SRF) Memorandum and Order,. (Attachments: # 1 Attachment)(Farnan, Brian) (Entered: 12/17/2019) |
| 12/30/2019 | 409 | ORDER re D.I. 406 , the deadline for Defendants to file a motion for exceptional case, attorneys fees, costs, expenses, and interest under Fed. R. Civ. P. 54(d), 35 U.S.C. § 285, and 28 U.S.C. § 1927, shall be STAYED until thirty (30) days after all appeals in the related cases have been exhausted and the case is remanded to this Court.. Signed by Judge Joseph F. Bataillon on 12/30/2019. (lak) (Entered: 12/30/2019) |

| 01/02/2020 | 410 | NOTICE OF APPEAL to the Federal Circuit of 402 Memorandum and Order, 403 Judgment, . Appeal filed by Evolved Wireless, LLC. (Farnan, Michael) (Entered: 01/02/2020) |
|---|---|---|
| 01/02/2020 | | APPEAL – Credit Card Payment of $505.00 received re 410 Notice of Appeal (Federal Circuit) filed by Evolved Wireless, LLC. ( Filing fee $505, receipt number 0311–2814161.) (Farnan, Michael) (Entered: 01/02/2020) |
| 01/02/2020 | | Notification regarding 410 Notice of Appeal (Federal Circuit) sent to Reporter Gunning. (kmd) (Entered: 01/02/2020) |
| 01/02/2020 | | Notice of Appeal and Docket Sheet to US Court of Appeals for the Federal Circuit re 410 Notice of Appeal (Federal Circuit). (kmd) (Entered: 01/02/2020) |
| 01/07/2020 | | ORAL ORDER re 407 STIPULATION TO EXTEND TIME for the parties to file a motion to redact portions of the sealed transcript of the September 13, 2019 motions hearing to December 23, 2019 filed by HTC America Inc., HTC Corporation is denied as moot. Signed by Judge Joseph F. Bataillon on 01/07/2020. (AEV) (Entered: 01/07/2020) |
| 01/08/2020 | 411 | NOTICE of Docketing Record on Appeal from USCA for the Federal Circuit re 410 Notice of Appeal (Federal Circuit) filed by Evolved Wireless, LLC. USCA Case Number 2020–1339. (kmd) (Entered: 01/08/2020) |

CLOSED,APPEAL,CASREF,MEDIATION−CJB,PATENT,VACANTJUDGESHIP−2017

# U.S. District Court
# District of Delaware (Wilmington)
# CIVIL DOCKET FOR CASE #: 1:15−cv−00547−JFB−SRF

Evolved Wireless, LLC v. Microsoft Corporation, et al
Assigned to: Judge Joseph F. Bataillon
Referred to: Judge Sherry R. Fallon
Related Cases:  1:15−cv−00543−JFB−SRF
                1:15−cv−00542−JFB−SRF
                1:15−cv−00544−JFB−SRF
                1:15−cv−00546−JFB−SRF
                1:15−cv−00545−JFB−SRF
 Case in other court:  Federal Circuit, 20−01340
Cause: 35:0145

Date Filed: 06/25/2015
Date Terminated: 12/03/2019
Jury Demand: Plaintiff
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**Evolved Wireless, LLC**

represented by **David A. Bilson**
Phillips, Goldman, McLaughlin & Hall,
P.A.
1200 North Broom Street
Wilmington, DE 19806
302−655−4200
Fax: 302−655−4210
Email: dab@pgmhlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John C. Phillips , Jr.**
Phillips, Goldman, McLaughlin & Hall,
P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655−4200
Email: jcp@pgmhlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrea L. Gothing**
Email: agothing@robinskaplan.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Andrew D. Hedden**
Email: ahedden@robinskaplan.com
*TERMINATED: 02/11/2019*
*PRO HAC VICE*

**Andrew J. Wright**
Email: andrew@nbafirm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Annie Huang**
Email: ahuang@RobinsKaplan.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anthony F. Schlehuber**
Email: aschlehuber@bakerdonelson.com
*TERMINATED: 01/02/2019*
*PRO HAC VICE*

**Austin B. Miller**
Email: abmiller@RobinsKaplan.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Benjamen C. Linden**
Email: Blinden@RobinsKaplan.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher G. Granaghan**
Email: chris@nbafirm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher K. Larus**
Email: clarus@robinskaplan.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eric M. Albritton**
Email: ema@nbafirm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marla R. Butler**
Email: mbutler@robinskaplan.com
*TERMINATED: 05/01/2019*
*PRO HAC VICE*

**Rajin S. Olson**
Email: rolson@robinskaplan.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan E. Dornberger**
Email: rdornberger@robinskaplan.com
*TERMINATED: 07/27/2018*
*PRO HAC VICE*

**Ryan M. Schultz**
Email: rschultz@robinskaplan.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Microsoft Corporation**                     represented by  **Anna M. Weinberg**
Email: aweinberg@sidley.com
*TERMINATED: 10/03/2018*
*PRO HAC VICE*

**Ellen S. Robbins**
Email: erobbins@sidley.com
*TERMINATED: 08/29/2018*
*PRO HAC VICE*

**Joseph A. Micallef**
Sidley Austin LLP
1501 K Street, N.W.
Washington, DC 20005
202–736–8000

Email: jmicallef@sidley.com
*ATTORNEY TO BE NOTICED*

**Nathaniel C. Love**
Email: nlove@sidley.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Richard A. Cederoth**
Email: rcederoth@sidley.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rodger Dallery Smith , II**
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 351–9205
Email: rdsefiling@mnat.com
*ATTORNEY TO BE NOTICED*

**Scott M. Border**
Email: sborder@sidley.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Wonjoo Suh**
Email: wsuh@sidley.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Microsoft Mobile Oy**                    represented by **Joseph A. Micallef**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nathaniel C. Love**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rodger Dallery Smith , II**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott M. Border**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Nokia Inc.**                             represented by **Joseph A. Micallef**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nathaniel C. Love**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rodger Dallery Smith , II**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott M. Border**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Microsoft Mobile Oy**                    represented by    **Joseph A. Micallef**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rodger Dallery Smith , II**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Nokia Inc.**                    represented by    **Joseph A. Micallef**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rodger Dallery Smith , II**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Microsoft Corporation**                    represented by    **Anna M. Weinberg**
(See above for address)
*TERMINATED: 10/03/2018*
*PRO HAC VICE*

**Ellen S. Robbins**
(See above for address)
*TERMINATED: 08/29/2018*

**Joseph A. Micallef**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Richard A. Cederoth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rodger Dallery Smith , II**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Wonjoo Suh**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Evolved Wireless, LLC**                    represented by    **David A. Bilson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John C. Phillips , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrea L. Gothing**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher K. Larus**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ryan M. Schultz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Microsoft Mobile Oy**                  represented by   **Joseph A. Micallef**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rodger Dallery Smith , II**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Nokia Inc.**                           represented by   **Joseph A. Micallef**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rodger Dallery Smith , II**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Microsoft Corporation**                represented by   **Anna M. Weinberg**
(See above for address)
*TERMINATED: 10/03/2018*
*PRO HAC VICE*

**Ellen S. Robbins**
(See above for address)
*TERMINATED: 08/29/2018*

**Joseph A. Micallef**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Richard A. Cederoth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rodger Dallery Smith , II**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Wonjoo Suh**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Evolved Wireless, LLC**                represented by   **David A. Bilson**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John C. Phillips , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrea L. Gothing**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher K. Larus**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ryan M. Schultz**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/25/2015 | 1 | COMPLAINT FOR PATENT INFRINGEMENT – filed with Jury Demand against Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc. – Magistrate Consent Notice to Pltf. ( Filing fee $ 400, receipt number 0311–1745996.) – filed by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Appendix A, # 8 Civil Cover Sheet)(rwc) (Entered: 06/26/2015) |
| 06/25/2015 | 2 | Notice, Consent and Referral forms re: U.S. Magistrate Judge jurisdiction. (rwc) (Entered: 06/26/2015) |
| 06/25/2015 | 3 | Report to the Commissioner of Patents and Trademarks for Patent/Trademark Number(s) US 7,746,916 B2; US 7,768,965 B2; US 7,809,373 B2; US 7,881,236 B2; US 8,218,481 B2. (rwc) (Entered: 06/26/2015) |
| 06/25/2015 | 4 | Disclosure Statement pursuant to Rule 7.1: No Parents or Affiliates Listed filed by Evolved Wireless, LLC. (rwc) (Entered: 06/26/2015) |
| 06/26/2015 | | No Summons Issued. (rwc) (Entered: 06/26/2015) |
| 06/26/2015 | | Summons Issued with Magistrate Consent Notice attached as to Microsoft Corporation on 6/26/2015; Microsoft Mobile Oy on 6/26/2015; Nokia Inc. on 6/26/2015. (rwc) (Entered: 06/26/2015) |
| 06/26/2015 | 5 | SUMMONS Returned Executed by Evolved Wireless, LLC. Microsoft Corporation served on 6/26/2015, answer due 7/17/2015. (Phillips, John) (Entered: 06/26/2015) |
| 06/29/2015 | | Alias Summons Reissued with Magistrate Consent Notice attached as to Nokia Inc. Modified on 6/29/2015 (aah). (Entered: 06/29/2015) |
| 06/29/2015 | 6 | Alias SUMMONS Returned Executed by Evolved Wireless, LLC. Nokia Inc. served on 6/29/2015, answer due 7/20/2015. (Phillips, John) (Entered: 06/29/2015) |
| 07/01/2015 | | Case Assigned to Judge Sue L. Robinson. Please include the initials of the Judge (SLR) after the case number on all documents filed. Associated Cases: CA 15–542 through CA 15–547 (inclusive)(bkb) (Entered: 07/01/2015) |
| 07/14/2015 | 7 | MOTION for Pro Hac Vice Appearance of Attorney Christopher K. Larus, Andrea L. Gothing, and Ryan M. Schultz – filed by Evolved Wireless, LLC. (Attachments: # 1 Larus Pro Hac Certification, # 2 Gothing Pro Hac Certification, # 3 Schultz Pro Hac Certification)(Bilson, David) (Entered: 07/14/2015) |
| 07/14/2015 | | SO ORDERED, re 7 MOTION for Pro Hac Vice Appearance of Attorney Christopher K. Larus, Andrea L. Gothing, and Ryan M. Schultz filed by Evolved Wireless, LLC. Signed by Judge Sue L. Robinson on 7/14/2015. (fms) (Entered: 07/14/2015) |

| 07/14/2015 | 8 | STIPULATION TO EXTEND TIME for Defendants to Respond to Complaint to September 17, 2015 – filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Smith, Rodger) (Entered: 07/14/2015) |
|---|---|---|
| 07/15/2015 | | Pro Hac Vice Attorney Ryan M. Schultz, Andrea L. Gothing, Christopher K. Larus for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (klc) (Entered: 07/15/2015) |
| 07/15/2015 | 9 | MOTION for Pro Hac Vice Appearance of Attorney Richard A. Cederoth, Ellen S. Robbins, Anna M. Weinberg and Wonjoo Suh of SIDLEY AUSTIN LLP – filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Smith, Rodger) (Entered: 07/15/2015) |
| 07/16/2015 | | SO ORDERED, re 9 MOTION for Pro Hac Vice Appearance of Attorney Richard A. Cederoth, Ellen S. Robbins, Anna M. Weinberg and Wonjoo Suh of SIDLEY AUSTIN LLP filed by Nokia Inc., Microsoft Mobile Oy, Microsoft Corporation. Signed by Judge Sue L. Robinson on 7/16/2015. (fms) (Entered: 07/16/2015) |
| 07/16/2015 | | SO ORDERED, re 8 STIPULATION TO EXTEND TIME for Defendants to Respond to Complaint to September 17, 2015 filed by Nokia Inc., Microsoft Mobile Oy, Microsoft Corporation, Set/Reset Answer Deadlines: Microsoft Corporation answer due 9/17/2015; Microsoft Mobile Oy answer due 9/17/2015; Nokia Inc. answer due 9/17/2015. Signed by Judge Sue L. Robinson on 7/16/2015. (fms) (Entered: 07/16/2015) |
| 07/16/2015 | | Pro Hac Vice Attorney Ellen S. Robbins, Anna M. Weinberg, Richard A. Cederoth, Wonjoo Suh for Microsoft Corporation added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (cna) (Entered: 07/16/2015) |
| 09/17/2015 | 10 | ORDER, on or before October 1, 2015, counsel for plaintiff shall inform the court as to whether the need for coordinated discovery and/or Markman proceedings is anticipated as to the above cases and, if so, when a joint scheduling conference might most efficiently be conducted. ORDER Setting Deadlines: ( Notice of Compliance deadline set for 10/1/2015.). Signed by Judge Sue L. Robinson on 9/17/2015. Associated Cases: 1:15–cv–00542–SLR et al.(nmfn) (Entered: 09/17/2015) |
| 09/17/2015 | 11 | NOTICE of Appearance by Joseph A. Micallef on behalf of Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc. (Micallef, Joseph) (Entered: 09/17/2015) |
| 09/17/2015 | 12 | ANSWER to 1 Complaint, with Jury Demand , COUNTERCLAIM against Evolved Wireless, LLC by Microsoft Mobile Oy, Nokia Inc., Microsoft Corporation.(Smith, Rodger) (Entered: 09/17/2015) |
| 09/18/2015 | 13 | Disclosure Statement pursuant to Rule 7.1: identifying Corporate Parent no parent corporation for Microsoft Corporation; Corporate Parent Microsoft Corporation for Microsoft Mobile Oy, Nokia Inc. filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Smith, Rodger) (Entered: 09/18/2015) |
| 09/21/2015 | 14 | Letter to The Honorable Sue L. Robinson from John C. Phillips, Jr. regarding Case Coordination and Scheduling. (Phillips, John) (Entered: 09/21/2015) |
| 09/22/2015 | 15 | Order Setting In–Person Scheduling Conference: A Scheduling Conference is set for 10/14/2015 at 04:00 PM in Courtroom 4B before Judge Sue L. Robinson. Signed by Judge Sue L. Robinson on 9/22/2015. Associated Cases: 1:15–cv–00542–SLR et al.(nmfn) (Main Document 15 replaced on 10/13/2015) (nmfn, ). (Entered: 09/22/2015) |
| 10/08/2015 | 16 | ANSWER to 12 Answer to Complaint, Counterclaim *[MICROSOFT'S COUNTERCLAIMS]* by Evolved Wireless, LLC.(Phillips, John) (Entered: 10/08/2015) |
| 10/08/2015 | 17 | Amended ANSWER to 1 Complaint, with Jury Demand , COUNTERCLAIM against Evolved Wireless, LLC by Microsoft Mobile Oy, Nokia Inc., Microsoft Corporation.(Smith, Rodger) (Entered: 10/08/2015) |
| 10/13/2015 | | CORRECTING ENTRY: The pdf of the 9/22/2015 Order setting an In–Person Scheduling Conference has been replaced with a corrected version to reflect that 10/14/2015 is a Wednesday. Associated Cases: 1:15–cv–00542–SLR et al.(nmfn) (Entered: 10/13/2015) |
| 10/13/2015 | 18 | Joint PROPOSED ORDER Rule 16 Scheduling Order by Evolved Wireless, LLC. (Attachments: # 1 Comparison Chart)(Phillips, John) (Entered: 10/13/2015) |

| 10/14/2015 | 19 | Letter to The Honorable Sue L. Robinson from John C. Phillips, Jr. regarding the parties proposed scheduling order. (Attachments: # 1 Joint [Proposed] Rule 16 Scheduling Order, # 2 Comparison Chart)(Phillips, John) (Entered: 10/14/2015) |
|---|---|---|
| 10/14/2015 | | Minute Entry for proceedings held before Judge Sue L. Robinson – Scheduling Conference held on 10/14/2015. (Court Reporter V. Gunning.) Counsel to submit the final proposed scheduling order to the court. Associated Cases: 1:15–cv–00542–SLR et al.(nmfn) (Entered: 10/15/2015) |
| 10/16/2015 | 20 | ANSWER to 17 Answer to Complaint, Counterclaim *[Answer to Counterclaims Contained in Microsoft's Amended Answer]* by Evolved Wireless, LLC.(Phillips, John) (Entered: 10/16/2015) |
| 11/09/2015 | 21 | Joint PROPOSED ORDER Joint [Proposed] Rule 16 Scheduling Order by Evolved Wireless, LLC. (Attachments: # 1 Exhibit Cover Letter)(Phillips, John) (Entered: 11/09/2015) |
| 11/10/2015 | | SO ORDERED, re (16 in 1:15–cv–00543–SLR, 20 in 1:15–cv–00545–SLR, 17 in 1:15–cv–00544–SLR, 19 in 1:15–cv–00546–SLR, 16 in 1:15–cv–00542–SLR, 21 in 1:15–cv–00547–SLR) SCHEDULING ORDER: Case referred to the Magistrate Judge for the purpose of exploring ADR. Case referred to the Magistrate Judge for discovery and all motions to dismiss, amend, transfer and any discovery motions permitted the Magistrate Judge.( Joinder of Parties due by 4/13/2016., Amended Pleadings due by 4/13/2016., Fact Discovery completed by 12/21/2016., Expert Discovery due by 4/28/2017., A Status Conference is set for 11/3/2016 at 04:30 PM in Courtroom 4B before Judge Sue L. Robinson, Dispositive Motions due by 5/18/2017., An Oral Argument is set for 9/1/2017 at 09:30 AM in Courtroom 4B before Judge Sue L. Robinson., A Telephone Conference is set for 1/6/2016 at 02:00 PM before Judge Sue L. Robinson., Claim Construction Opening Brief due by 6/16/2016., Claim Construction Answering Brief due by 7/22/2016., Claim Construction Reply Brief due by 8/19/2016., Claim Construction Surreply Brief due by 9/9/2016., A Markman Hearing is set for 9/23/2016 at 09:30 AM in Courtroom 4B before Judge Sue L. Robinson., A Status Conference re: Expert Discovery is set for 5/3/2017 at 04:30 PM in Courtroom 4B before Judge Sue L. Robinson., A Final Pretrial Conference is set for 1/17/2018 at 04:30 PM in Courtroom 4B before Judge Sue L. Robinson., A Jury Trial is set for 2/5/2018 at 09:00 AM in Courtroom 4B before Judge Sue L. Robinson.). Signed by Judge Sue L. Robinson on 11/10/2015. Motions referred to Magistrate Judge Sherry R. Fallon.Associated Cases: 1:15–cv–00542–SLR et al.(nmfn) (Entered: 11/10/2015) |
| 11/11/2015 | 22 | NOTICE OF SERVICE of Evolved Wireless's Initial Disclosures Pursuant to Fed. R. Civ. P. 26(A)(1) and Paragraph 3 of the District of Delaware's Default Standard for Discovery, Including Discovery of Electronically Stored Information filed by Evolved Wireless, LLC.(Phillips, John) (Entered: 11/11/2015) |
| 11/11/2015 | 23 | NOTICE OF SERVICE of Defendants' Rule 26(a) Initial Disclosures filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc..(Smith, Rodger) (Entered: 11/11/2015) |
| 11/13/2015 | 24 | NOTICE OF SERVICE of Evolved Wireless's Disclosure of Asserted Patents, Accused Products, and Initial Damages Model filed by Evolved Wireless, LLC.(Bilson, David) (Entered: 11/13/2015) |
| 12/14/2015 | 25 | NOTICE OF SERVICE of Evolved Wireless's Initial Disclosure of the Asserted Patent Claims the Accused Products Infringe filed by Evolved Wireless, LLC.(Phillips, John) (Entered: 12/14/2015) |
| 12/31/2015 | 26 | Letter to the Hon. Sue L. Robinson from John C. Phillips, Jr. regarding Parties' Competing IPR Proposals. (Phillips, John) (Entered: 12/31/2015) |
| 01/06/2016 | | Minute Entry for proceedings held before Judge Sue L. Robinson – Telephone Conference held on 1/6/2016. (Court Reporter V. Gunning.) Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 01/06/2016) |
| 01/18/2016 | 27 | MOTION for Pro Hac Vice Appearance of Attorney Benjamin C. Linden, Andrew D. Hedden, Ryan E. Dornberger and Anthony F. Schlehuber – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Phillips, John) (Entered: 01/18/2016) |
| 01/19/2016 | | SO ORDERED– re 27 MOTION for Pro Hac Vice Appearance of Attorney Benjamin C. Linden, Andrew D. Hedden, Ryan E. Dornberger and Anthony F. Schlehuber. Signed by Judge Sherry R. Fallon on 1/19/2016. (lih) (Entered: 01/19/2016) |
| 01/19/2016 | | Pro Hac Vice Attorney Benjamin C. Linden for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (cna) (Entered: 01/19/2016) |

| 01/19/2016 | | Pro Hac Vice Attorney Anthony F. Schlehuber, Andrew D. Hedden for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (cna) (Entered: 01/19/2016) |
|---|---|---|
| 01/25/2016 | | Pro Hac Vice Attorney Ryan E. Dornberger for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (klc) (Entered: 01/25/2016) |
| 02/05/2016 | 28 | Letter to The Honorable Sue L. Robinson from Kelly E. Farnan, Esquire regarding Follow–up re: January 6, 2016 teleconference with Your Honor. (Farnan, Kelly) (Entered: 02/05/2016) |
| 02/12/2016 | 29 | NOTICE OF SERVICE of Evolved Wireless's Disclosure of Initial Infringement Contentions filed by Evolved Wireless, LLC.(Bilson, David) (Entered: 02/12/2016) |
| 02/15/2016 | 30 | NOTICE OF SERVICE of (1) Plaintiff Evolved Wireless's First Set of Common Interrogatories (Nos. 1–7); and (2) Plaintiff Evolved Wireless's First Set of Requests for Production (Nos. 1–14) filed by Evolved Wireless, LLC.(Bilson, David) (Entered: 02/15/2016) |
| 02/22/2016 | 31 | NOTICE OF SERVICE of Defendants' First Set of Common Interrogatories to Plaintiff Evolved Wireless, LLC filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc..(Smith, Rodger) (Entered: 02/22/2016) |
| 03/02/2016 | | Joint Oral Motion for Teleconference to Resolve Discovery Dispute. Motions referred to Sherry R. Fallon.(lih) (Entered: 03/04/2016) |
| 03/03/2016 | 32 | Letter to The Honorable Sherry R. Fallon from Bindu A. Palapura, Esquire regarding Defendants' opening discovery dispute letter regarding proposed protective order. (Attachments: # 1 Exhibit 1–4)(Palapura, Bindu) (Entered: 03/03/2016) |
| 03/03/2016 | 34 | MOTION for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) – filed by Evolved Wireless, LLC. (Phillips, John) Modified on 3/4/2016 (lih). (Entered: 03/03/2016) |
| 03/03/2016 | 35 | OPENING BRIEF in Support re 34 MOTION for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) filed by Evolved Wireless, LLC.Answering Brief/Response due date per Local Rules is 3/21/2016. (Phillips, John) Modified on 3/4/2016 (lih). (Entered: 03/03/2016) |
| 03/04/2016 | | CORRECTING ENTRY: Per request of filer, D.I. 33 has been removed from the docket. The correct motion was re–filed at D.I. 34 . (fms) (Entered: 03/04/2016) |
| 03/04/2016 | | SO ORDERED– Joint Oral MOTION for Teleconference to Resolve Protective Order Disputes. The discovery dispute in this case shall be heard on the same date as the discovery dispute previously set in related cases, 1:15–cv–00543–SLR–SRF, 1:15–cv–00542–SLR–SRF, 1:15–cv–00545–SLR–SRF,1:15–cv–00544–SLR–SRF, 1:15–cv–00546–SLR–SRF, for 3/8/2016 at 03:00 PM before Judge Sherry R. Fallon. Counsel for the plaintiff in this matter shall coordinate with counsel for the plaintiff in the aforementioned related cases to initiate the call to 302–573–4557. In preparation for this hearing the parties shall follow the Discovery Matters and Disputes procedure as set forth in the Order regarding discovery matters available at www.ded.uscourts.gov/judge/magistrate–judge–sherry–r–fallon. Set Deadlines: (Moving Submission due by no later than 3:00 pm on 3/3/2016., Responsive submission due by no later than 3:00 pm on 3/4/2016.) Signed by Judge Sherry R. Fallon on 3/4/2016. (lih) (Entered: 03/04/2016) |
| 03/04/2016 | 36 | Letter to The Honorable Sherry R. Fallon from John C. Phillips, Jr. regarding Response to Defendants' March 3, 2016 Letter – re 32 Letter. (Attachments: # 1 Exhibit 1 through 3, # 2 Exhibit 4 through 6)(Phillips, John) (Entered: 03/04/2016) |
| 03/08/2016 | | Minute Entry for proceedings held before Judge Sherry R. Fallon – Telephone Conference held on 3/8/2016. (Court Reporter T. Carroll (Hawkins Reporting).) Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 03/09/2016) |
| 03/08/2016 | | ORAL ORDER– re (29 in 1:15–cv–00543–SLR–SRF, 28 in 1:15–cv–00542–SLR–SRF, 32 in 1:15–cv–00545–SLR–SRF, 29 in 1:15–cv–00544–SLR–SRF, 30 in 1:15–cv–00546–SLR–SRF, 1:15–cv–00547–SLR–SRF) MOTION for Teleconference to Resolve Protective Order Disputes. IT IS HEREBY ORDERED that: the transcript of the teleconference held on 3/8/2016 shall serve as the order of the court. Ordered by Judge Sherry R. Fallon on 3/8/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 03/09/2016) |

| 03/09/2016 | 37 | STIPULATION TO EXTEND TIME for Defendants' to respond to Plaintiff's Motions for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and Motions to Strike Pursuant to Fed. R. Civ. P. 12(f) to April 4, 2016 – filed by Apple Inc.. (Palapura, Bindu) (Entered: 03/09/2016) |
|---|---|---|
| 03/10/2016 | | SO ORDERED, re (35 in 1:15–cv–00546–SLR–SRF, 37 in 1:15–cv–00547–SLR–SRF, 34 in 1:15–cv–00543–SLR–SRF, 33 in 1:15–cv–00542–SLR–SRF) STIPULATION TO EXTEND TIME for Defendants' to respond to Plaintiff's Motions for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and Motions to Strike Pursuant to Fed. R. Civ. P. 12(f) to April 4, 2016 filed by Apple Inc., Set Briefing Schedule: re MOTION for Judgment on the Pleadings MOTION to Strike (Answering Brief due 4/4/2016.) Signed by Judge Sue L. Robinson on 3/10/2016. Associated Cases: 1:15–cv–00542–SLR–SRF, 1:15–cv–00543–SLR–SRF, 1:15–cv–00546–SLR–SRF, 1:15–cv–00547–SLR–SRF(nmfn) (Entered: 03/10/2016) |
| 03/14/2016 | 38 | NOTICE OF SERVICE of Defendants' Initial Invalidity Contentions filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., ZTE Corporation, ZTE Solutions Inc., Lenovo (United States) Inc., Lenovo Group Ltd., Motorola Mobility LLC.(Choa, Jonathan) (Entered: 03/14/2016) |
| 03/15/2016 | 39 | PROPOSED Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials by Evolved Wireless, LLC. (Phillips, John) Modified on 3/15/2016 (lih). (Entered: 03/15/2016) |
| 03/17/2016 | 40 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's Second Set of Common Interrogatories (Nos. 8–9) filed by Evolved Wireless, LLC.(Bilson, David) (Entered: 03/17/2016) |
| 03/21/2016 | | SO ORDERED– re 39 Stipulated Protective Order. Signed by Judge Sherry R. Fallon on 3/21/2016. (lih) (Entered: 03/21/2016) |
| 03/23/2016 | 41 | NOTICE OF SERVICE of (1) Defendant Microsoft Corporation, Microsoft Mobile Oy and Microsoft Mobile Inc.'s Responses to Plaintiff Evolved Wireless, LLC's First Set of Requests for Production (Nos. 1–14); and (2) Defendants Microsoft Corporation, Microsoft Mobile Oy, And Microsoft Mobile Inc.'s Objections And Responses To Plaintiff Evolved Wireless, LLC's First Set Of Common Interrogatories (Nos. 1–7) filed by Microsoft Corporation, Microsoft Mobile Oy.(Smith, Rodger) (Entered: 03/23/2016) |
| 03/25/2016 | 42 | NOTICE OF SERVICE of Defendants' Common Requests for Production (Request Nos. 1–14) to Plaintiff Evolved Wireless, LLC filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc..(Smith, Rodger) (Entered: 03/25/2016) |
| 03/28/2016 | 43 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's CONFIDENTIAL Answers and Objections to Defendants' First Set of Common Interrogatories (Nos. 1–12) filed by Evolved Wireless, LLC.(Bilson, David) Modified on 3/29/2016 (lih). (Entered: 03/28/2016) |
| 04/04/2016 | 44 | ANSWERING BRIEF in Opposition re 34 MOTION for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc..Reply Brief due date per Local Rules is 4/14/2016. (Smith, Rodger) Modified on 4/5/2016 (lih). (Entered: 04/04/2016) |
| 04/13/2016 | 45 | STIPULATION TO EXTEND TIME for Plaintiff's to file its reply brief in support of its Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and Motions to Strike Pursuant to Fed. R. Civ. P. 12(f) to April 21, 2016 – filed by Evolved Wireless, LLC. (Bilson, David) (Entered: 04/13/2016) |
| 04/13/2016 | 46 | STIPULATION TO EXTEND TIME to Exchange Proposed Claim Constructions to April 26, 2016 – filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Russell, Andrew) (Entered: 04/13/2016) |
| 04/13/2016 | | SO ORDERED, re (43 in 1:15–cv–00546–SLR–SRF, 46 in 1:15–cv–00545–SLR–SRF, 41 in 1:15–cv–00542–SLR–SRF, 46 in 1:15–cv–00547–SLR–SRF, 38 in 1:15–cv–00544–SLR–SRF, 43 in 1:15–cv–00543–SLR–SRF) STIPULATION TO EXTEND TIME to Exchange Proposed Claim Constructions to April 26, 2016 filed by Samsung Electronics Co. Ltd., Samsung Electronics America Inc. Signed by Judge Sue L. Robinson on 4/13/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(fms) (Entered: 04/13/2016) |
| 04/13/2016 | | SO ORDERED, re 45 STIPULATION TO EXTEND TIME for Plaintiff's to file its reply brief in support of its Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and Motions to Strike Pursuant to Fed. R. Civ. P. 12(f) to April 21, 2016 filed by Evolved Wireless, |

| | | LLC, Set Briefing Schedule: re 34 MOTION for Judgment on the Pleadings *Pursuant to Fed. R. Civ. P. 12(c) and Motion to Strike Pursuant to Fed. R. Civ. P. 12(f)*. (Reply Brief due 4/21/2016.). Signed by Judge Sue L. Robinson on 4/13/2016. (fms) (Entered: 04/13/2016) |
|---|---|---|
| 04/18/2016 | 47 | NOTICE OF SERVICE of Defendants Microsoft Corporation, Microsoft Mobile Oy, and Microsoft Mobile Inc.'s Objections and Responses to Plaintiff Evolved Wireless, LLC's Second Set of Common Interrogatories (Nos. 8–9) filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc..(Smith, Rodger) (Entered: 04/18/2016) |
| 04/21/2016 | 48 | REPLY BRIEF re 34 MOTION for Judgment on the Pleadings filed by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A & B)(Phillips, John) Modified on 4/22/2016 (lih). (Entered: 04/21/2016) |
| 04/27/2016 | 49 | NOTICE OF SERVICE of Evolved Wireless's Identification of Claim Terms and Proposed Constructions filed by Evolved Wireless, LLC.(Bilson, David) (Entered: 04/27/2016) |
| 04/27/2016 | 50 | NOTICE OF SERVICE of Defendants' Preliminary Identification of Terms Needing Construction and Proposed Constructions filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc..(Palapura, Bindu) (Entered: 04/27/2016) |
| 04/27/2016 | 51 | NOTICE of Subpoenas to Qualcomm Inc. by Evolved Wireless, LLC (Attachments: # 1 Exhibit A–B)(Bilson, David) (Entered: 04/27/2016) |
| 04/28/2016 | 52 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's Objections and Responses to Defendants' Common Requests for Production (Requests Nos. 1–14) filed by Evolved Wireless, LLC.(Bilson, David) (Entered: 04/28/2016) |
| 05/02/2016 | 53 | ORDER– A Discovery Hearing is set for 5/18/2016 at 10:00 AM in Courtroom 6C before Judge Sherry R. Fallon. Signed by Judge Sherry R. Fallon on 5/2/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 05/02/2016) |
| 05/09/2016 | 54 | Joint MOTION for Hearing to Resolve Discovery Disputes – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Bilson, David) Modified on 5/9/2016 (lih). (Entered: 05/09/2016) |
| 05/09/2016 | | SO ORDERED– re (51 in 1:15–cv–00542–SLR–SRF, 53 in 1:15–cv–00546–SLR–SRF, 46 in 1:15–cv–00544–SLR–SRF, 52 in 1:15–cv–00543–SLR–SRF, 53 in 1:15–cv–00545–SLR–SRF) MOTION for Hearing to Resolve Discovery Disputes, (54 in 1:15–cv–00547–SLR–SRF) Joint MOTION for Hearing to Resolve Discovery Disputes. The discovery dispute shall be heard during the discovery review hearing set in this matter for 5/18/2016 at 10:00 AM in courtroom 6C before Judge Sherry R. Fallon. In preparation for this hearing the parties shall follow the Discovery Matters and Disputes procedure as set forth in the Order regarding discovery matters available at www.ded.uscourts.gov/judge/magistrate–judge–sherry–r–fallon. Set Deadlines: (Moving Submission(s) due by no later than 3:00 PM on 5/11/2016., Responsive submission(s) due by no later than 3:00 PM on 5/13/2016.) Ordered by Judge Sherry R. Fallon on 5/9/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 05/09/2016) |
| 05/11/2016 | 55 | Letter to The Honorable Sherry R. Fallon from John C. Phillips, Jr. regarding discovery dispute. (Attachments: # 1 Exhibit 1–2)(Phillips, John) (Entered: 05/11/2016) |
| 05/13/2016 | 56 | Letter to The Honorable Sherry R. Fallon from David E. Moore, Esquire regarding responsive discovery dispute letter – re (53 in 1:15–cv–00543–SLR–SRF, 52 in 1:15–cv–00542–SLR–SRF, 54 in 1:15–cv–00545–SLR–SRF, 47 in 1:15–cv–00544–SLR–SRF, 54 in 1:15–cv–00546–SLR–SRF) Letter, (55 in 1:15–cv–00547–SLR–SRF) Letter. (Attachments: # 1 Exhibit A)(Moore, David) (Entered: 05/13/2016) |
| 05/17/2016 | 57 | Joint CLAIM CONSTRUCTION STATEMENT by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A)(Phillips, John) Modified on 5/18/2016 (lih). (Entered: 05/17/2016) |
| 05/18/2016 | 58 | NOTICE OF SERVICE of Defendants Microsoft Corporation, Microsoft Mobile Oy, and Microsoft Mobile Inc.'s First Supplemental Objections and Responses to Plaintiff Evolved Wireless, LLC's First Set of Common Interrogatories (No. 7) filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc..(Smith, Rodger) (Entered: 05/18/2016) |
| 05/18/2016 | | Minute Entry for proceedings held before Judge Sherry R. Fallon – Discovery Review and Dispute Hearing held on 5/18/2016. (Court Reporter T. Carroll (Hawkins Reporting).) |

| | | |
|---|---|---|
| | | Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 05/19/2016) |
| 05/19/2016 | | ORAL ORDER– re (51 in 1:15–cv–00542–SLR–SRF, 53 in 1:15–cv–00546–SLR–SRF, 46 in 1:15–cv–00544–SLR–SRF, 52 in 1:15–cv–00543–SLR–SRF, 53 in 1:15–cv–00545–SLR–SRF) MOTION for Hearing to Resolve Discovery Disputes, (54 in 1:15–cv–00547–SLR–SRF) Joint MOTION for Hearing to Resolve Discovery Disputes. IT IS HEREBY ORDERED that: the transcript of the hearing held on 5/18/2016 shall serve as the order of the court. Ordered by Judge Sherry R. Fallon on 5/19/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 05/19/2016) |
| 05/26/2016 | | Re–Set Deadlines/Hearings: Claim Construction Answering Brief due by 8/25/2016. The In–Person Status Conference is rescheduled for 12/12/2016 at 04:30 PM in Courtroom 4B before Judge Sue L. Robinson. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 05/26/2016) |
| 06/01/2016 | 59 | OBJECTIONS by Evolved Wireless, LLC to Oral Order regarding Joint Motion for Hearing to Resolve Discovery Disputes. (Attachments: # 1 Exhibit A, # 2 Certification)(Phillips, John) Modified on 6/2/2016 (lih). (Entered: 06/01/2016) |
| 06/15/2016 | 60 | NOTICE OF SERVICE of (1) Plaintiff Evolved Wireless's Third Set of Common Interrogatories (Nos. 10–16); and (2) Plaintiff Evolved Wireless's Second Set of Requests for Production (Nos. 15–28) filed by Evolved Wireless, LLC.(Bilson, David) (Entered: 06/15/2016) |
| 06/15/2016 | 61 | RESPONSE TO OBJECTIONS by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc. re 59 Objections . (Attachments: # 1 Exhibit A)(Moore, David) (Entered: 06/15/2016) |
| 06/16/2016 | 62 | CLAIM CONSTRUCTION OPENING BRIEF filed by Evolved Wireless, LLC. (Phillips, John) (Entered: 06/16/2016) |
| 06/16/2016 | 63 | DECLARATION re 62 Claim Construction Opening Brief by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1–4)(Phillips, John) (Entered: 06/16/2016) |
| 06/16/2016 | 64 | Joint APPENDIX at Patents at Issue & File Wrappers by Evolved Wireless, LLC. (Attachments: # 1 Tab 1, # 2 Tab 2 Part 1, # 3 Tab 2 Part 2, # 4 Tab 2 Part 3, # 5 Tab 2 Part 4, # 6 Tab 2 Part 5, # 7 Tab 3, # 8 Tab 4 Part 1, # 9 Tab 4 Part 2, # 10 Tab 4 Part 3, # 11 Tab 4 Part 4, # 12 Tab 4 Part 5, # 13 Tab 5, # 14 Tab 6 Part 1, # 15 Tab 6 Part 2, # 16 Tab 6 Part 3, # 17 Tab 6 Part 4, # 18 Tab 6 Part 5, # 19 Tab 6 Part 6, # 20 Tab 6 Part 7, # 21 Tab 6 Part 8, # 22 Tab 6 Part 9, # 23 Tab 6 Part 10, # 24 Tab 7, # 25 Tab 8 Part 1, # 26 Tab 8 Part 2, # 27 Tab 8 Part 3, # 28 Tab 8 Part 4, # 29 Tab 9, # 30 Tab 10 Part 1, # 31 Tab 10 Part 2, # 32 Tab 10 Part 3, # 33 Tab 10 Part 4, # 34 Tab 10 Part 5, # 35 Tab 10 Part 6, # 36 Tab 10 Part 7, # 37 Tab 10 Part 8, # 38 Tab 10 Part 9)(Bilson, David) Modified on 6/21/2016 (lih). (Entered: 06/16/2016) |
| 06/22/2016 | | Set Hearings: A Telephone Conference is set for 6/23/2016 at 04:30 PM before Judge Sue L. Robinson Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 06/22/2016) |
| 06/23/2016 | | Minute Entry for proceedings held before Judge Sue L. Robinson – Telephone Conference held on 6/23/2016. (Court Reporter V. Gunning.) Associated Cases: 1:15–cv–00542–SLR–SRF et al.(fms) (Entered: 06/23/2016) |
| 07/05/2016 | 65 | STIPULATION TO EXTEND TIME Various Deadlines to Various Dates Listed – filed by Evolved Wireless, LLC. (Phillips, John) (Entered: 07/05/2016) |
| 07/08/2016 | 66 | NOTICE OF SERVICE of (1) First Supplemental Objections and Responses to Plaintiff Evolved Wireless, LLC's First Set of Common Interrogatories (No. 7); and (2) Supplemental Objections and Responses to Plaintiff Evolved Wireless, LLC's Second Set of Common Interrogatories (Nos. 8–9) filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc..(Smith, Rodger) (Entered: 07/08/2016) |
| 07/08/2016 | 67 | Supplemental CLAIM CONSTRUCTION OPENING BRIEF filed by Evolved Wireless, LLC. (Phillips, John) (Entered: 07/08/2016) |
| 07/08/2016 | 68 | DECLARATION Dr. Todor Cookley re 67 Claim Construction Opening Brief by Evolved Wireless, LLC. (Attachments: # 1 Appendix 1–4)(Phillips, John) Modified on 7/11/2016 (lih). (Entered: 07/08/2016) |
| 07/11/2016 | 69 | ORDER re (70 in 1:15–cv–00545–SLR–SRF, 67 in 1:15–cv–00546–SLR–SRF, 65 in 1:15–cv–00543–SLR–SRF, 58 in 1:15–cv–00544–SLR–SRF, 63 in 1:15–cv–00542–SLR–SRF) STIPULATION TO EXTEND TIME (i) Plaintiff's Supplemental Opening Claim Construction Brief; (ii) Defendants' Answering Claim Construction Brief; (iii) |

| | | Plaintiff's Reply Claim Construction Brief; and (iv) Defendants' Surreply Claim Co filed by Evolved Wireless, LLC, (65 in 1:15–cv–00547–SLR–SRF) STIPULATION TO EXTEND TIME Various Deadlines to Various Dates Listed filed by Evolved Wireless, LLC. ( Claim Construction Answering Brief due by 8/12/2016., Claim Construction Reply Brief due by 9/15/2016., Claim Construction Surreply Brief due by 9/30/2016., A Claim Construction Hearing is set for 10/6/2016 at 01:00 PM in Courtroom 4B before Judge Sue L. Robinson.). Signed by Judge Sue L. Robinson on 7/11/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(fms) (Entered: 07/11/2016) |
|---|---|---|
| 07/15/2016 | 70 | NOTICE OF SERVICE of (1) Defendants Microsoft Corporation, Microsoft Mobile Oy, and Microsoft Mobile Inc.'s Objections and Responses to Plaintiff Evolved Wireless, LLC's Third Set of Common Interrogatories (Nos. 10–16); and (2) Defendant Microsoft Corporation, Microsoft Mobile Oy and Microsoft Mobile Inc.'s Responses to Plaintiff Evolved Wireless, LLC's Second Set of Requests for Production (Nos. 15–28) filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc..(Smith, Rodger) (Entered: 07/15/2016) |
| 07/18/2016 | 71 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's First Supplemental Objections and Responses to Defendants' Common Requests for Production (Request Nos. 1–14) filed by Evolved Wireless, LLC.(Bilson, David) (Entered: 07/18/2016) |
| 08/10/2016 | 72 | MOTION for Judgment on the Pleadings – filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Smith, Rodger) (Entered: 08/10/2016) |
| 08/10/2016 | 73 | OPENING BRIEF in Support re 72 MOTION for Judgment on the Pleadings filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc..Answering Brief/Response due date per Local Rules is 8/29/2016. (Smith, Rodger) (Entered: 08/10/2016) |
| 08/10/2016 | 74 | NOTICE OF SERVICE of Evolved Wireless's First Supplemental Identification of Accused Products filed by Evolved Wireless, LLC.(Phillips, John) (Entered: 08/10/2016) |
| 08/12/2016 | 75 | CLAIM CONSTRUCTION ANSWERING BRIEF re 62 Claim Construction Opening Brief, 67 Claim Construction Opening Brief filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Smith, Rodger) (Entered: 08/12/2016) |
| 08/12/2016 | 76 | DECLARATION of Charles M. Stiernberg re 75 Claim Construction Answering Brief by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Attachments: # 1 Exhibits 1 – 5)(Smith, Rodger) Modified on 8/15/2016 (lih). (Entered: 08/12/2016) |
| 08/12/2016 | 77 | DECLARATION re 75 Claim Construction Answering Brief –– *Declaration of Matthew C. Valenti* –– by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Smith, Rodger) (Additional attachment(s) added on 8/15/2016: # 1 Exhibits A–B) (nmfn, ). (Entered: 08/12/2016) |
| 08/15/2016 | | CORRECTING ENTRY: Exhibits A–B have been added to the Declaration of Dr. Matthew C. Valenti per request of filer. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 08/15/2016) |
| 08/19/2016 | 78 | Joint MOTION for Teleconference to Resolve Discovery Dispute – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Bilson, David) (Entered: 08/19/2016) |
| 08/19/2016 | | SO ORDERED– re (71 in 1:15–cv–00544–SLR–SRF, 81 in 1:15–cv–00543–SLR–SRF, 79 in 1:15–cv–00546–SLR–SRF, 91 in 1:15–cv–00545–SLR–SRF) MOTION for Teleconference to Resolve Discovery Dispute, (78 in 1:15–cv–00547–SLR–SRF) Joint MOTION for Teleconference to Resolve Discovery Dispute. A Telephone Conference is set for 9/27/2016 at 11:00 AM before Judge Sherry R. Fallon. Counsel for the plaintiff shall initiate the call to 302–573–4557. In preparation for this hearing the parties shall follow the Discovery Matters and Disputes procedure as set forth in the Order regarding discovery matters available at www.ded.uscourts.gov/judge/magistrate–judge–sherry–r–fallon. Set Deadlines: (Moving Submission(s) due by no later than noon on 9/12/2016., Responsive submission(s) due by no later than noon on 9/13/2016.) Ordered by Judge Sherry R. Fallon on 8/19/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 08/19/2016) |
| 08/24/2016 | 79 | NOTICE of Subpoenas (Techquity Capital Management, LLC and TQ Lambda LLC) by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc. (Smith, Rodger) (Entered: 08/24/2016) |
| 08/26/2016 | 80 | STIPULATION TO EXTEND TIME for Plaintiff to file an answering brief in opposition to Defendants' Motion for Judgment on the Pleadings to September 12, 2016 – filed by Evolved Wireless, LLC. (Bilson, David) (Entered: 08/26/2016) |

| 08/29/2016 | | SO ORDERED, re 80 STIPULATION TO EXTEND TIME for Plaintiff to file an answering brief in opposition to Defendants' Motion for Judgment on the Pleadings to September 12, 2016 filed by Evolved Wireless, LLC, Set Briefing Schedule: re 72 MOTION for Judgment on the Pleadings . (Answering Brief due 9/12/2016.). Signed by Judge Sue L. Robinson on 8/29/2016. (fms) (Entered: 08/29/2016) |
|---|---|---|
| 09/02/2016 | 81 | ORDER, Rescheduling Hearings(The Markman Hearing is rescheduled for 10/6/2016 at 02:00 PM in Courtroom 4B before Judge Sue L. Robinson.). Signed by Judge Sue L. Robinson on 9/1/2016. Associated Cases: 1:15−cv−00542−SLR−SRF et al.(nmfn) (Entered: 09/02/2016) |
| 09/07/2016 | 82 | MOTION for Pro Hac Vice Appearance of Attorney Marla R. Butler − filed by Evolved Wireless, LLC. (Attachments: # 1 Certification of Marla R. Butler)Motions referred to Sherry R. Fallon.(Bilson, David) (Main Document 82 replaced on 9/7/2016) (nmfn). Modified on 9/7/2016 (nmfn). (Entered: 09/07/2016) |
| 09/07/2016 | | SO ORDERED− re 82 MOTION for Pro Hac Vice Appearance of Attorney Marla R. Butler. Signed by Judge Sherry R. Fallon on 9/7/2016. (lih) (Entered: 09/07/2016) |
| 09/07/2016 | | CORRECTING ENTRY: The pdf and docket text of D.I. 82 have been modified to reflect the correct name of the attorney, Marla R. Butler. (nmfn) (Entered: 09/07/2016) |
| 09/08/2016 | | Pro Hac Vice Attorney Marla R. Butler for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (cna) (Entered: 09/08/2016) |
| 09/09/2016 | 83 | NOTICE OF SERVICE of Defendants' Supplemental Disclosure of Invalidity References filed by ZTE (USA) Inc..(Hunter, Travis) (Entered: 09/09/2016) |
| 09/12/2016 | 84 | Letter to The Honorable Sherry R. Fallon from John C. Phillips, Jr. regarding discovery dispute. (Attachments: # 1 Exhibit A−B)(Phillips, John) (Entered: 09/12/2016) |
| 09/12/2016 | 85 | ANSWERING BRIEF in Opposition re 72 MOTION for Judgment on the Pleadings filed by Evolved Wireless, LLC.Reply Brief due date per Local Rules is 9/22/2016. (Phillips, John) (Entered: 09/12/2016) |
| 09/13/2016 | 86 | [SEALED] Letter to The Honorable Sherry R. Fallon from Rodger D. Smith II regarding Confidential License Agreements. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Smith, Rodger) (Entered: 09/13/2016) |
| 09/13/2016 | 87 | [SEALED] Letter to The Honorable Sherry R. Fallon from Steven J. Balick regarding Non−party Orange, S.A.'s opposition to Plaintiff's September 12, 2016 discovery dispute letter brief − re 84 Letter. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Balick, Steven) (Entered: 09/13/2016) |
| 09/13/2016 | 88 | NOTICE of Appearance by Steven J. Balick on behalf of Orange, S.A. (Balick, Steven) (Entered: 09/13/2016) |
| 09/15/2016 | 89 | CLAIM CONSTRUCTION REPLY BRIEF filed by Evolved Wireless, LLC. (Phillips, John) (Entered: 09/15/2016) |
| 09/15/2016 | 90 | DECLARATION of Ryan M. Schultz re 89 Claim Construction Reply Brief by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1 − 6)(Phillips, John) Modified on 9/16/2016 (lih). (Entered: 09/15/2016) |
| 09/15/2016 | 91 | DECLARATION of Dr. Todor Cooklev re 89 Claim Construction Reply Brief by Evolved Wireless, LLC. (Attachments: # 1 Appendix 1)(Phillips, John) Modified on 9/16/2016 (lih). (Entered: 09/15/2016) |
| 09/15/2016 | 92 | NOTICE of Plaintiffs' Notice of Supplemental Authority by Evolved Wireless, LLC re 89 Claim Construction Reply Brief (Attachments: # 1 Exhibit A)(Phillips, John) (Entered: 09/15/2016) |
| 09/16/2016 | 93 | MOTION for Pro Hac Vice Appearance of Attorney Frank A. DeCosta, III and Lauren J. Dreyer − filed by Orange, S.A.. Motions referred to Sherry R. Fallon.(Lydon, Tiffany) (Entered: 09/16/2016) |
| 09/16/2016 | | SO ORDERED, re 93 MOTION for Pro Hac Vice Appearance of Attorney Frank A. DeCosta, III and Lauren J. Dreyer filed by Orange, S.A. Signed by Judge Sue L. Robinson on 9/16/2016. (fms) (Entered: 09/16/2016) |

| 09/16/2016 | 94 | Letter to The Honorable Sherry R. Fallon from John C. Phillips, Jr. regarding discovery dispute. (Attachments: # 1 Exhibit A–C)(Phillips, John) (Entered: 09/16/2016) |
|---|---|---|
| 09/16/2016 | 95 | STIPULATION TO EXTEND TIME for Defendants to file a Reply Brief in further support of their Motion for Judgment on the Pleadings to September 29, 2016 – filed by ZTE (USA) Inc.. (Hunter, Travis) (Entered: 09/16/2016) |
| 09/19/2016 | | SO ORDERED, re (95 in 1:15–cv–00547–SLR–SRF, 94 in 1:15–cv–00546–SLR–SRF, 85 in 1:15–cv–00544–SLR–SRF, 90 in 1:15–cv–00542–SLR–SRF, 108 in 1:15–cv–00545–SLR–SRF, 97 in 1:15–cv–00543–SLR–SRF) STIPULATION TO EXTEND TIME for Defendants to file a Reply Brief in further support of their Motion for Judgment on the Pleadings to September 29, 2016 filed by ZTE (USA) Inc., Set Briefing Schedule: re (71 in 1:15–cv–00542–SLR–SRF) MOTION for Judgment on the Pleadings , (74 in 1:15–cv–00543–SLR–SRF) MOTION for Judgment on the Pleadings , (66 in 1:15–cv–00544–SLR–SRF) MOTION for Judgment on the Pleadings , (85 in 1:15–cv–00545–SLR–SRF) MOTION for Judgment on the Pleadings , (73 in 1:15–cv–00546–SLR–SRF) MOTION for Judgment on the Pleadings , (72 in 1:15–cv–00547–SLR–SRF) MOTION for Judgment on the Pleadings . (Reply Brief due 9/29/2016.). Signed by Judge Sue L. Robinson on 9/19/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 09/19/2016) |
| 09/19/2016 | 96 | PROPOSED ORDER Stipulated Supplemental Protective Order between Non Party Qualcomm Incorporated, Plaintiff, and All Defendants by Evolved Wireless, LLC. (Farnan, Brian) (Entered: 09/19/2016) |
| 09/20/2016 | 97 | REDACTED VERSION of 86 Letter by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Smith, Rodger) (Entered: 09/20/2016) |
| 09/20/2016 | 98 | Letter to The Honorable Sherry R. Fallon from David E. Moore, Esquire regarding response to Plaintiff's September 16, 2016 letter regarding deposition limits – re (107 in 1:15–cv–00545–SLR–SRF, 84 in 1:15–cv–00544–SLR–SRF, 93 in 1:15–cv–00546–SLR–SRF, 89 in 1:15–cv–00542–SLR–SRF, 96 in 1:15–cv–00543–SLR–SRF) Letter, (94 in 1:15–cv–00547–SLR–SRF) Letter. (Attachments: # 1 Exhibit 1)(Moore, David) (Entered: 09/20/2016) |
| 09/20/2016 | 99 | REDACTED VERSION of 87 Letter, by Orange, S.A.. (Attachments: # 1 Exhibit A–D)(Lydon, Tiffany) (Entered: 09/20/2016) |
| 09/27/2016 | | Minute Entry for proceedings held before Judge Sherry R. Fallon – Discovery Dispute Telephone Conference held on 9/27/2016. (Court Reporter T. Carroll (Hawkins Reporting).) Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 09/27/2016) |
| 09/27/2016 | | ORAL ORDER– re (71 in 1:15–cv–00544–SLR–SRF, 81 in 1:15–cv–00543–SLR–SRF, 79 in 1:15–cv–00546–SLR–SRF, 76 in 1:15–cv–00542–SLR–SRF, 91 in 1:15–cv–00545–SLR–SRF) MOTION for Teleconference to Resolve Discovery Dispute. IT IS HEREBY ORDERED that: the transcript of the 9/27/2016 teleconference shall serve as the order of the court. Ordered by Judge Sherry R. Fallon on 9/27/2016. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 09/27/2016) |
| 09/29/2016 | 100 | Stipulated Amended Supplemental Protective Order Between Non Party Qualcomm Incorporated, Plaintiff, and All Defendants by Evolved Wireless, LLC. (Farnan, Brian) Modified on 10/4/2016 (lih). (Entered: 09/29/2016) |
| 09/29/2016 | 101 | REPLY BRIEF re 72 MOTION for Judgment on the Pleadings filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Smith, Rodger) (Entered: 09/29/2016) |
| 09/30/2016 | 102 | NOTICE OF SERVICE of Plaintiff Evolved Wireless's First Set of Interrogatories to Microsoft (No. 1) filed by Evolved Wireless, LLC.(Bilson, David) (Entered: 09/30/2016) |
| 09/30/2016 | 103 | STIPULATION to Briefing Schedule on Licenses by Evolved Wireless, LLC. (Phillips, John) (Entered: 09/30/2016) |
| 09/30/2016 | 104 | CLAIM CONSTRUCTION SURREPLY BRIEF filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Smith, Rodger) (Entered: 09/30/2016) |
| 09/30/2016 | 105 | DECLARATION of Charles M. Stiernberg re 104 Claim Construction Surreply Brief by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Attachments: # 1 Exhibits 6–7)(Smith, Rodger) Modified on 10/4/2016 (lih). (Entered: 09/30/2016) |

| 10/04/2016 | 106 | NOTICE to Take Deposition of Microsoft Corporation, Microsoft Mobile Oy and Nokia Inc. Pursuant to Fed. Rule of Civil Procedure 30(b)(6) on October 27, 2016 filed by Evolved Wireless, LLC.(Phillips, John) (Entered: 10/04/2016) |
|---|---|---|
| 10/05/2016 | | SO ORDERED− re 103 STIPULATION regarding Briefing Schedule on Licenses. Signed by Judge Sherry R. Fallon on 10/5/2016. (lih) (Entered: 10/05/2016) |
| 10/06/2016 | | Minute Entry for proceedings held before Judge Sue L. Robinson − Markman Hearing held on 10/6/2016. (Court Reporter V. Gunning.) Associated Cases: 1:15−cv−00542−SLR−SRF et al.(nmfn) (Entered: 10/12/2016) |
| 10/21/2016 | 107 | [SEALED] OPENING BRIEF in Support of Cross−Producing Licenses Across the Related Cases filed by Evolved Wireless, LLC.Answering Brief/Response due date per Local Rules is 11/7/2016. (Attachments: # 1 Exhibit A – C)(Phillips, John) Modified on 10/24/2016 (lih). (Entered: 10/21/2016) |
| 10/28/2016 | 108 | REDACTED VERSION of 107 Opening Brief in Support, by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A−C)(Phillips, John) (Entered: 10/28/2016) |
| 10/31/2016 | 109 | NOTICE OF SERVICE of Defendants Microsoft Corporation, Microsoft Mobile Oy, and Microsoft Mobile Inc.'s Responses to Evolved Wireless's First Set of Interrogatories to Microsoft (No. 1) filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc..(Smith, Rodger) (Entered: 10/31/2016) |
| 10/31/2016 | 110 | MEMORANDUM OPINION. Signed by Judge Sue L. Robinson on 10/31/2016. Associated Cases: 1:15−cv−00542−SLR−SRF et al.(nmfn) (Entered: 10/31/2016) |
| 10/31/2016 | 111 | ORDER denying (66 in 1:15−cv−00544−SLR−SRF) MOTION for Judgment on the Pleadings (85 in 1:15−cv−00545−SLR−SRF), (72 in 1:15−cv−00547−SLR−SRF), (74 in 1:15−cv−00543−SLR−SRF), (73 in 1:15−cv−00546−SLR−SRF) (71 in 15−cv−00542−SLR−SRF). Signed by Judge Sue L. Robinson on 10/31/2016. Associated Cases: 1:15−cv−00542−SLR−SRF et al.(nmfn) (Entered: 10/31/2016) |
| 11/07/2016 | 112 | NOTICE to Take Deposition of Plaintiff Evolved Wireless, LLC Pursuant to Rule 30(b)(6) on [Mutually Agreed Upon Date] filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Russell, Andrew) (Entered: 11/07/2016) |
| 11/08/2016 | 113 | STIPULATION Amending Scheduling Order by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A)(Phillips, John) (Main Document 113 replaced on 11/8/2016) (nmfn). (Attachment 1 replaced on 11/8/2016) (nmfn) (Entered: 11/08/2016) |
| 11/08/2016 | | CORRECTING ENTRY: The pdfs of D.I. 113 have been replaced with corrected versions per request of filer. The case captions have been corrected. (nmfn) (Entered: 11/08/2016) |
| 11/09/2016 | 114 | AMENDED SCHEDULING ORDER: Case referred to the Magistrate Judge for the purpose of exploring ADR. Case referred to the Magistrate Judge for discovery and all motions to dismiss, amend, transfer and any discovery motions permitted by the Magistrate Judge. Fact Discovery completed by 3/22/2017. Expert Discovery due by 7/28/2017. A Status Conference is set for 3/2/2017 at 04:30 PM in Courtroom 4B before Judge Sue L. Robinson Dispositive Motions due by 8/15/2017. An Oral Argument is set for 11/21/2017 at 09:30 AM in Courtroom 4B before Judge Sue L. Robinson. A Status Conference re: Expert Discovery is set for 8/22/2017 at 04:30 PM in Courtroom 4B before Judge Sue L. Robinson. A Final Pretrial Conference is set for 3/27/2018 at 04:30 PM in Courtroom 4B before Judge Sue L. Robinson. A Jury Trial is set for 4/23/2018 at 09:00 AM in Courtroom 4B before Judge Sue L. Robinson. Signed by Judge Sue L. Robinson on 11/9/2016. Associated Cases: 1:15−cv−00542−SLR−SRF et al.(nmfn) (Entered: 11/09/2016) |
| 11/14/2016 | 115 | MEMORANDUM ORDER regarding claim construction. Signed by Judge Sue L. Robinson on 11/14/2016. Associated Cases: 1:15−cv−00542−SLR−SRF et al.(fms) (Entered: 11/14/2016) |
| 11/15/2016 | 116 | [SEALED] ANSWERING BRIEF in Opposition re 107 [SEALED] OPENING BRIEF in Support Cross−Producing Licenses Across the Related Cases filed by THIRD PARTY NOKIA CORPORATIONS AND ALCATEL LUCENT S.A.. (lih) (Entered: 11/15/2016) |
| 11/15/2016 | 117 | [SEALED] ANSWERING BRIEF in Opposition re 107 [SEALED] OPENING BRIEF in Support Cross−Producing Licenses Across the Related Cases filed by Orange, S.A.. (Balick, Steven) Modified on 11/16/2016 (lih). Modified on 12/8/2016 (lih). Modified on 12/8/2016 (lih). (Entered: 11/15/2016) |

| 11/15/2016 | 118 | [SEALED] ANSWERING BRIEF in Opposition to 107 [SEALED] OPENING BRIEF in Support of Cross–Producing Licenses Across the Related Cases filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc..Reply Brief due date per Local Rules is 11/25/2016. (Smith, Rodger) Modified on 11/16/2016 (lih). (Entered: 11/15/2016) |
| 11/15/2016 | 119 | [SEALED] DECLARATION of Ellen S. Robbins re 118 Answering Brief in Opposition by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Smith, Rodger) Modified on 11/16/2016 (lih). (Entered: 11/15/2016) |
| 11/15/2016 | 120 | ANSWERING BRIEF in Opposition to 107 [SEALED] OPENING BRIEF in Support of Cross–Producing Licenses Across the Related Cases filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc. (Smith, Rodger) Modified on 11/16/2016 (lih). (Entered: 11/15/2016) |
| 11/21/2016 | 121 | REDACTED VERSION of 117 Answering Brief in Opposition by Orange, S.A.. (Lydon, Tiffany) (Entered: 11/21/2016) |
| 11/29/2016 | 122 | REDACTED VERSION of 118 Answering Brief in Opposition, by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Smith, Rodger) (Entered: 11/29/2016) |
| 11/29/2016 | 123 | REDACTED VERSION of 119 Declaration by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Smith, Rodger) (Entered: 11/29/2016) |
| 11/30/2016 | 124 | REDACTED VERSION of (107 in 1:15–cv–00544–SLR–SRF) Answering Brief in Opposition, (130 in 1:15–cv–00545–SLR–SRF) Answering Brief in Opposition, (116 in 1:15–cv–00547–SLR–SRF) Answering Brief in Opposition, (118 in 1:15–cv–00546–SLR–SRF) Answering Brief in Opposition, (118 in 1:15–cv–00543–SLR–SRF) Answering Brief in Opposition, (112 in 1:15–cv–00542–SLR–SRF) Answering Brief in Opposition. (lih) (Entered: 11/30/2016) |
| 11/30/2016 | 125 | STIPULATION TO EXTEND TIME for Plaintiff to File its Reply Brief in Support of Cross–Producing Licenses Across the Related Cases to December 7, 2016 – filed by Evolved Wireless, LLC. (Phillips, John) (Entered: 11/30/2016) |
| 12/02/2016 | | SO ORDERED– re 125 STIPULATION TO EXTEND TIME for Plaintiff to File its Reply Brief in Support of Cross–Producing Licenses Across the Related Cases to December 7, 2016. Signed by Judge Sherry R. Fallon on 12/2/2016. (lih) (Entered: 12/02/2016) |
| 12/07/2016 | 126 | REPLY BRIEF re 107 [SEALED] OPENING BRIEF in Support of Cross–Producing Licenses Across the Related Cases filed by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A–B)(Phillips, John) Modified on 12/8/2016 (lih). (Entered: 12/07/2016) |
| 12/07/2016 | 127 | REPLY BRIEF re 107 [SEALED] OPENING BRIEF in Support of Cross–Producing Licenses Across the Related Cases filed by Evolved Wireless, LLC. (Phillips, John) Modified on 12/8/2016 (lih). (Entered: 12/07/2016) |
| 12/07/2016 | 128 | REPLY BRIEF re 107 [SEALED] OPENING BRIEF in Support of Cross–Producing Licenses Across the Related Cases filed by Evolved Wireless, LLC. (Phillips, John) Modified on 12/8/2016 (lih). (Entered: 12/07/2016) |
| 12/14/2016 | 129 | REDACTED VERSION of 128 Reply Brief by Evolved Wireless, LLC. (Phillips, John) (Entered: 12/14/2016) |
| 12/19/2016 | 130 | NOTICE OF SERVICE of Microsoft's Objections to Plaintiff Evolved Wireless, LLC's Notice of Deposition of Microsoft Corporation, Microsoft Mobile Oy and Microsoft Mobile Inc. (f/k/a Nokia Inc.) Pursuant to Federal Rule of Civil Procedure 30(b)(6) (Topic Nos. 1–41) filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc..(Smith, Rodger) (Entered: 12/19/2016) |
| 12/27/2016 | 131 | NOTICE OF SERVICE of Plaintiff Evolved Wireless, LLC's Responses and Objections to Defendants' First Notice of Rule 30(B)(6) Deposition filed by Evolved Wireless, LLC.(Bilson, David) (Entered: 12/27/2016) |
| 01/17/2017 | 132 | NOTICE OF SERVICE of Defendants Microsoft Corporation, Microsoft Mobile Oy, and Microsoft Mobile Inc.'s First Set of Individual Interrogatories to Plaintiff Evolved Wireless, LLC filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc..(Smith, Rodger) (Entered: 01/17/2017) |
| 01/17/2017 | 133 | NOTICE OF SERVICE of Defendants' Second Set of Common Interrogatories to Plaintiff Evolved Wireless, LLC filed by HTC America Inc., HTC Corporation.(Rovner, Philip) (Entered: 01/17/2017) |

| 01/25/2017 | 134 | MOTION for Pro Hac Vice Appearance of Attorney Annie Huang – filed by Evolved Wireless, LLC. Motions referred to Sherry R. Fallon.(Phillips, John) (Entered: 01/25/2017) |
|---|---|---|
| 01/25/2017 | | SO ORDERED, re 134 MOTION for Pro Hac Vice Appearance of Attorney Annie Huang filed by Evolved Wireless, LLC. Signed by Judge Sue L. Robinson on 1/25/2017. (fms) (Entered: 01/25/2017) |
| 01/25/2017 | | Pro Hac Vice Attorney Annie Huang for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (lmm) (Entered: 01/25/2017) |
| 01/27/2017 | 135 | NOTICE OF SERVICE of (1) Evolved Wireless's Disclosure of Final Infringement Contentions for U.S. Patent No. 7,881,236; (2) Evolved Wireless's Disclosure of Final Infringement Contentions for U.S. Patent No. 7,809,373; (3) Evolved Wireless's Disclosure of Final Infringement Contentions for U.S. Patent No. 8,218,481; (4) Evolved Wireless's Disclosure of Final Infringement Contentions for U.S. Patent No. 7,746,916; and (5) Evolved Wireless's Disclosure of Final Infringement Contentions for U.S. Patent No. 7,768,965 filed by Evolved Wireless, LLC.(Bilson, David) (Entered: 01/27/2017) |
| 02/08/2017 | 136 | MOTION for Pro Hac Vice Appearance of Attorney Scott M. Border – filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. Motions referred to Sherry R. Fallon.(Smith, Rodger) (Entered: 02/08/2017) |
| 02/08/2017 | | SO ORDERED, re 136 MOTION for Pro Hac Vice Appearance of Attorney Scott M. Border filed by Nokia Inc., Microsoft Mobile Oy, Microsoft Corporation. Signed by Judge Sue L. Robinson on 2/8/2017. (fms) (Entered: 02/08/2017) |
| 02/09/2017 | | Pro Hac Vice Attorney Frank A. DeCosta, III for Orange, S.A. added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (ceg) (Entered: 02/09/2017) |
| 02/13/2017 | | Pro Hac Vice Attorney Scott M. Border for Microsoft Corporation, Microsoft Mobile Oy, and Nokia Inc. added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (ceg) (Entered: 02/13/2017) |
| 02/16/2017 | 137 | NOTICE of Subpoenas (TechPats) by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc. (Smith, Rodger) (Entered: 02/16/2017) |
| 02/17/2017 | 138 | NOTICE OF SERVICE of (1) Plaintiff Evolved Wireless's Objections and Responses to Microsoft's First Set of Individual Interrogatories; and (2) Plaintiff Evolved Wireless's Objections and Responses to Defendants' Second Set of Common Interrogatories (Nos. 13–15) filed by Evolved Wireless, LLC.(Bilson, David) (Entered: 02/17/2017) |
| 02/20/2017 | 139 | NOTICE to Take Deposition of Sean Mercer on February 22, 2017 at 9:00 a.m. filed by Evolved Wireless, LLC.(Bilson, David) (Entered: 02/20/2017) |
| 02/20/2017 | 140 | NOTICE to Take Deposition of Jim Ross on February 23, 2017 at 9:00 a.m. filed by Evolved Wireless, LLC.(Bilson, David) (Entered: 02/20/2017) |
| 02/24/2017 | 141 | NOTICE to Take Deposition of Jean Khawand on March 2, 2017 at 9:00 a.m. filed by Evolved Wireless, LLC.(Bilson, David) (Entered: 02/24/2017) |
| 02/28/2017 | 142 | NOTICE OF SERVICE of Defendants' Invalidity Contentions filed by HTC America Inc., HTC Corporation.(Rovner, Philip) (Entered: 02/28/2017) |
| 03/01/2017 | 143 | NOTICE to Take Deposition of Darin Yeoman on March 16, 2017 at 9:00 a.m. filed by Evolved Wireless, LLC.(Bilson, David) (Entered: 03/01/2017) |
| 03/01/2017 | 144 | NOTICE to Take Deposition of Grace Belmonte on March 9, 2017 at 9:00 a.m. filed by Evolved Wireless, LLC.(Bilson, David) (Entered: 03/01/2017) |
| 03/02/2017 | | Reset Hearings: The In–Person Status Conference is rescheduled for 3/2/2017 at 04:00 PM in Courtroom 4B before Judge Sue L. Robinson. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 03/02/2017) |
| 03/02/2017 | | Minute Entry for proceedings held before Judge Sue L. Robinson – Status Conference held on 3/2/2017. (Court Reporter V. Gunning.) Associated Cases: 1:15–cv–00542–SLR–SRF et al.(nmfn) (Entered: 03/02/2017) |

| 03/03/2017 | 145 | NOTICE of Subpoenas (DelGiorno IP Law, PLLC) by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc. (Smith, Rodger) (Entered: 03/03/2017) |
|---|---|---|
| 03/03/2017 | 146 | NOTICE OF SERVICE of (1) Defendants' Notice of 30(b)(6) Subpoena to Techquity Capital Management, LLC (2) Defendants' Notice of 30(b)(6) Subpoena to Lamdba LLC (3) Defendants' Notice of 30(b)(6) Subpoena to Techquity, L.P. (4) Defendants' Notice of 30(b)(6) Subpoena to Techquity, LLC (5) Defendants' Notice of 30(b)(6) Subpoena to Techquity, L.P. (6) Defendants' Notice of Subpoena to Techquity, LLC filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Russell, Andrew) (Entered: 03/03/2017) |
| 03/06/2017 | 147 | MOTION for Pro Hac Vice Appearance of Attorney Nathaniel C. Love – filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. Motions referred to Sherry R. Fallon.(Smith, Rodger) (Entered: 03/06/2017) |
| 03/06/2017 | | SO ORDERED, re 147 MOTION for Pro Hac Vice Appearance of Attorney Nathaniel C. Love filed by Nokia Inc., Microsoft Mobile Oy, Microsoft Corporation. Signed by Judge Sue L. Robinson on 3/6/2017. (fms) (Entered: 03/06/2017) |
| 03/07/2017 | | Pro Hac Vice Attorney Nathaniel C. Love for Microsoft Corporation for Microsoft Mobile Oy, and for Nokia Inc. added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (lmm) (Entered: 03/07/2017) |
| 03/13/2017 | 148 | NOTICE to Take Deposition of Abha Divine on March 21, 2017 filed by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC.(Palapura, Bindu) (Entered: 03/13/2017) |
| 03/15/2017 | 149 | STIPULATION to Amend Scheduling Order re (114 in 1:15−cv−00546−SLR−SRF, 127 in 1:15−cv−00545−SLR−SRF, 114 in 1:15−cv−00547−SLR−SRF, 115 in 1:15−cv−00543−SLR−SRF, 109 in 1:15−cv−00542−SLR−SRF, 103 in 1:15−cv−00544−SLR−SRF) Scheduling Order,,, (16 in 1:15−cv−00543−SLR−SRF, 20 in 1:15−cv−00545−SLR−SRF, 17 in 1:15−cv−00544−SLR−SRF, 19 in 1:15−cv−00546−SLR−SRF, 16 in 1:15−cv−00542−SLR−SRF) Proposed Order, (21 in 1:15−cv−00547−SLR−SRF) Proposed Order by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Palapura, Bindu) (Entered: 03/15/2017) |
| 03/17/2017 | 150 | NOTICE of Issuance of Subpoena upon Mark Roche c/o Ryan M. Schultz, Robins Kaplan LLP by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC (Attachments: # 1 Exhibit 1)(Palapura, Bindu) (Entered: 03/17/2017) |
| 03/17/2017 | 151 | ORDER granting (149 in 1:15−cv−00546−SLR−SRF, 148 in 1:15−cv−00543−SLR−SRF, 149 in 1:15−cv−00547−SLR−SRF, 165 in 1:15−cv−00545−SLR−SRF, 132 in 1:15−cv−00544−SLR−SRF)STIPULATION TO AMEND THE SCHEDULING ORDER. SCHEDULING ORDER: ( Fact Discovery completed by 4/10/2017., Expert Discovery due by 8/18/2017., Dispositive Motions due by 8/31/2017., An Oral Argument is set for 1/5/2018 at 09:30 AM in Courtroom 4B before Judge Sue L. Robinson.). Signed by Judge Sue L. Robinson on 3/17/2017. Associated Cases: 1:15−cv−00542−SLR−SRF et al.(nmfn) (Entered: 03/17/2017) |
| 03/21/2017 | 152 | NOTICE to Take Deposition of Andrew Sanders on March 28, 2017 at 9:00 a.m. filed by Evolved Wireless, LLC.(Bilson, David) (Entered: 03/21/2017) |
| 03/22/2017 | | ORAL ORDER – A Discovery Dispute Telephone Conference is set for 3/23/2017 at 03:00 PM before Judge Sherry R. Fallon. Plaintiff's counsel is to initiate the call to 302−573−4557. Plaintiff's opening submission is due on or before 3/22/17 at 9:00 p.m. Defendants' responsive submission is due on or before 3/23/17 at 11:00 a.m. Signed by Judge Sherry R. Fallon on 3/22/2017. Associated Cases: 1:15−cv−00542−SLR−SRF et al.(Polito, Rebecca) (Entered: 03/22/2017) |
| 03/22/2017 | 153 | [SEALED] Letter to the Hon. Sherry R. Fallon from John C. Phillips, Jr. regarding Discovery Dispute – re Oral Order,, Set Hearings,. (Attachments: # 1 Exhibit 1−3)(Phillips, John) (Entered: 03/22/2017) |
| 03/23/2017 | 154 | [SEALED] Letter to The Honorable Sherry R. Fallon from Andrew E. Russell regarding Discovery Dispute – re Oral Order,, Set Hearings,. (Attachments: # 1 Exhibit a, # 2 Exhibit b, # 3 Exhibit c, # 4 Exhibit d)(Russell, Andrew) (Entered: 03/23/2017) |
| 03/23/2017 | | Minute Entry for proceedings held before Judge Sherry R. Fallon – Discovery Dispute Telephone Conference held on 3/23/2017. (Court Reporter Valerie Gunning.) Associated Cases: |

| | | |
|---|---|---|
| | | 1:15−cv−00542−SLR−SRF et al.(Polito, Rebecca) (Entered: 03/23/2017) |
| 03/23/2017 | | ORAL ORDER – IT IS HEREBY ORDERED that: the transcript of the teleconference held on 3/23/2017 shall serve as the order of the court. Signed by Judge Sherry R. Fallon on 3/23/2017. Associated Cases: 1:15−cv−00542−SLR−SRF et al.(Polito, Rebecca) (Entered: 03/23/2017) |
| 03/28/2017 | 155 | MOTION for Pro Hac Vice Appearance of Attorney Rajin S. Olson – filed by Evolved Wireless, LLC. (Attachments: # 1 Certification of Rajin S. Olson)Motions referred to Sherry R. Fallon.(Bilson, David) (Entered: 03/28/2017) |
| 03/29/2017 | | SO ORDERED, re 155 MOTION for Pro Hac Vice Appearance of Attorney Rajin S. Olson filed by Evolved Wireless, LLC. Signed by Judge Sherry R. Fallon on 3/29/2017. (Polito, Rebecca) (Entered: 03/29/2017) |
| 03/29/2017 | | Pro Hac Vice Attorney Rajin S. Olson for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (ceg) (Entered: 03/29/2017) |
| 03/29/2017 | 156 | REDACTED VERSION of 153 Letter *regarding Discovery Dispute* by Evolved Wireless, LLC. (Attachments: # 1 Exhibit)(Phillips, John) (Entered: 03/29/2017) |
| 03/30/2017 | 157 | REDACTED VERSION of (153 in 1:15−cv−00543−SLR−SRF, 148 in 1:15−cv−00542−SLR−SRF, 172 in 1:15−cv−00545−SLR−SRF, 139 in 1:15−cv−00544−SLR−SRF, 154 in 1:15−cv−00547−SLR−SRF, 157 in 1:15−cv−00546−SLR−SRF) Letter by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Russell, Andrew) (Entered: 03/30/2017) |
| 04/05/2017 | 158 | NOTICE to Take Deposition of Mario Viamin on April 13, 2017 at 1:00 p.m. filed by Evolved Wireless, LLC.(Bilson, David) (Entered: 04/05/2017) |
| 04/10/2017 | 159 | NOTICE OF SERVICE of (1) Defendants' Supplemental Rule 26(a) Initial Disclosures; (2) Defendants Microsoft Corporation, Microsoft Mobile Oy, and Microsoft Mobile Inc.'s Objections and Responses to Plaintiff Evolved Wireless, LLC's First Set of Common Interrogatories (Nos. 1−7); and (3) Defendants Microsoft Corporation, Microsoft Mobile Oy, and Microsoft Mobile Inc.'s Objections and Responses to Plaintiff Evolved Wireless, LLC's Third Set of Common Interrogatories (Nos. 10−16) filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc..(Smith, Rodger) (Entered: 04/10/2017) |
| 04/12/2017 | 160 | NOTICE of Withdrawal of Counsel( Lauren J. Dreyer ) by Orange, S.A. (Lydon, Tiffany) Modified on 4/12/2017 (fms). (Entered: 04/12/2017) |
| 05/12/2017 | 161 | STIPULATION to extend expert discovery deadlines by HTC America Inc., HTC Corporation. (Rovner, Philip) (Entered: 05/12/2017) |
| 05/16/2017 | | SO ORDERED, re (161 in 1:15−cv−00547−SLR−SRF, 144 in 1:15−cv−00544−SLR−SRF, 159 in 1:15−cv−00543−SLR−SRF, 154 in 1:15−cv−00542−SLR−SRF, 162 in 1:15−cv−00546−SLR−SRF, 178 in 1:15−cv−00545−SLR−SRF) Stipulation to extend expert discovery deadlines filed by HTC America Inc., HTC Corporation. Set/Reset Scheduling Order Deadlines: ( Expert Discovery due by 8/23/2017.) See stipulation for further details and deadlines. Signed by Judge Sue L. Robinson on 5/16/2017. Associated Cases: 1:15−cv−00542−SLR−SRF et al.(fms) (Entered: 05/16/2017) |
| 05/23/2017 | 162 | NOTICE OF SERVICE of the (1) [CONFIDENTIAL] Infringement Report of Dr. Todar Cooklev; and (2) [HIGHLY CONFIDENTIAL] Expert Report of Jonathan D. Putnam filed by Evolved Wireless, LLC.(Bilson, David) (Entered: 05/23/2017) |
| 05/23/2017 | 163 | NOTICE OF SERVICE of Expert Report of Fiona M. Scott Morton filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc..(Smith, Rodger) (Entered: 05/23/2017) |
| 05/24/2017 | 164 | NOTICE OF SERVICE of Opening Expert Report of Dr. Anthony S. Acampora filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Russell, Andrew) (Entered: 05/24/2017) |
| 05/30/2017 | 165 | Joint MOTION for Discovery Dispute Teleconference – filed by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. Motions referred to Sherry R. Fallon.(Palapura, Bindu) Modified on 5/30/2017 (lih). (Entered: 05/30/2017) |
| 05/30/2017 | | SO ORDERED– re (165 in 1:15−cv−00546−SLR−SRF, 157 in 1:15−cv−00542−SLR−SRF, 165 in 1:15−cv−00547−SLR−SRF, 163 in 1:15−cv−00543−SLR−SRF, 147 in |

| | | 1:15–cv–00544–SLR–SRF, 183 in 1:15–cv–00545–SLR–SRF) Joint MOTION for Discovery Dispute Teleconference. A Telephone Conference is set for 7/10/2017 at 03:00 PM before Judge Sherry R. Fallon. Counsel for the Apple Inc. shall initiate the call to 302–573–4557. In preparation for this hearing the parties shall follow the Discovery Matters and Disputes procedure as set forth in the Order regarding discovery matters available at www.ded.uscourts.gov/judge/magistrate–judge–sherry–r–fallon. Set Deadlines: (Moving Submission due by no later than 11:00 AM on 7/5/2017, Responsive submission due by no later than 11:00 AM on 7/6/2017.).. Signed by Judge Sherry R. Fallon on 5/30/2017. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 05/30/2017) |
|---|---|---|
| 06/05/2017 | 166 | NOTICE to Take Deposition of Ifi Majid on June 7, 2017 at 1:00 pm filed by Evolved Wireless, LLC.(Bilson, David) (Entered: 06/05/2017) |
| 06/05/2017 | 167 | NOTICE to Take Deposition of Darin Yeoman on June 7, 2017 at 9:00 am filed by Evolved Wireless, LLC.(Bilson, David) (Entered: 06/05/2017) |
| 06/14/2017 | 168 | Joint STIPULATION TO EXTEND TIME of the deadline for Defendants to serve their rebuttal expert report related to damages to July 10, 2017 – filed by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Palapura, Bindu) (Entered: 06/14/2017) |
| 06/15/2017 | | SO ORDERED, re (148 in 1:15–cv–00544–SLR–SRF, 166 in 1:15–cv–00546–SLR–SRF, 184 in 1:15–cv–00545–SLR–SRF, 158 in 1:15–cv–00542–SLR–SRF, 168 in 1:15–cv–00547–SLR–SRF, 165 in 1:15–cv–00543–SLR–SRF) Joint STIPULATION TO EXTEND TIME of the deadline for Defendants to serve their rebuttal expert report related to damages to July 10, 2017 filed by Apple Inc., Motorola Mobility LLC, Lenovo (United States) Inc. Signed by Judge Sue L. Robinson on 6/15/2017. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(fms) (Entered: 06/15/2017) |
| 06/27/2017 | 169 | NOTICE OF SERVICE of (1) Rebuttal Expert Report of Dr. Todor Cooklev Regarding ETSI, 3GPP, Standards–Setting and FRAND; (2) Rebuttal Expert Report of Todor Cooklev; (3) Rebuttal Expert Report of Bertrand Fages; (4) Rebuttal Expert Report of Dr. Bertram Huber; and (5) [HIGHLY CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY] Expert Rebuttal Report of Jonathan D. Putnam filed by Evolved Wireless, LLC.(Bilson, David) (Entered: 06/27/2017) |
| 06/28/2017 | 170 | NOTICE OF SERVICE of Rebuttal Expert Report of Dr. Anthony S. Acampora filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Russell, Andrew) (Entered: 06/28/2017) |
| 06/28/2017 | 171 | NOTICE OF SERVICE of the Rebuttal Expert Report of Richard M. Goodin filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., ZTE (USA) Inc..(Smith, Rodger) (Entered: 06/28/2017) |
| 06/29/2017 | 172 | NOTICE OF SERVICE of Rebuttal Expert Report of Dr. Apostolos K. Kakaes filed by ZTE (USA) Inc..(Hunter, Travis) (Entered: 06/29/2017) |
| 07/06/2017 | 173 | STIPULATION TO EXTEND TIME to Serve Rebuttal Expert Reports re: Damages to July 17, 2017 – filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Hoeschen, Nathan) (Entered: 07/06/2017) |
| 07/10/2017 | | Minute Entry for proceedings held before Judge Sherry R. Fallon – Discovery Dispute Telephone Conference held on 7/10/2017. (Court Reporter T. Carroll ( Hawkins Reporting).) Associated Cases: 1:15–cv–00542–SLR–SRF et al.(lih) (Entered: 07/19/2017) |
| 07/11/2017 | | SO ORDERED, re (173 in 1:15–cv–00547–SLR–SRF) STIPULATION TO EXTEND TIME to Serve Rebuttal Expert Reports re: Damages to July 17, 2017 filed by Samsung Electronics Co. Ltd., Samsung Electronics America Inc. Signed by Judge Sue L. Robinson on 7/11/2017. Associated Cases: 1:15–cv–00542–SLR–SRF et al.(fms) (Entered: 07/11/2017) |
| 07/19/2017 | 174 | STIPULATION of Dismissal with Prejudice Claims Relating to U.S. Patent Nos. 7,746,916; 7,768,965 and 8,218,481, and Dismiss Without Prejudice Related Counterclaims Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) by Evolved Wireless, LLC. (Bilson, David) Modified on 7/20/2017 (lih). (Entered: 07/19/2017) |
| 07/21/2017 | | SO ORDERED, re 174 Stipulation of Dismissal with Prejudice Claims Relating to U.S. Patent Nos. 7,746,916; 7,768,965 and 8,218,481, and Dismiss Without Prejudice Related Counterclaims Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) filed by Evolved Wireless, LLC. Signed by Judge Sherry R. Fallon on 7/21/2017. (fms) (Entered: 07/21/2017) |

| 07/27/2017 | 175 | [SEALED] MEMORANDUM ORDER re 78 Joint MOTION for Teleconference to Resolve Discovery Dispute. Signed by Judge Sherry R. Fallon on 7/26/2017.This order has been emailed to local counsel. (lih) (Entered: 07/27/2017) |
|---|---|---|
| 07/31/2017 | 177 | NOTICE to Take Deposition of Bertrand Fages on August 7, 2017 (also filed on behalf of HTC Corporation, HTC America, Inc., Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Microsoft Corporation, Microsoft Mobile Oy, and Microsoft Mobile Inc. (f/k/a Nokia Inc.)) filed by Apple Inc..(Palapura, Bindu) (Entered: 07/31/2017) |
| 07/31/2017 | 178 | NOTICE to Take Deposition of Bertram Huber on August 9, 2017 (also filed on behalf of HTC Corporation, HTC America, Inc., Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Microsoft Corporation, Microsoft Mobile Oy, and Microsoft Mobile Inc. (f/k/a Nokia Inc.)) filed by Apple Inc..(Palapura, Bindu) (Entered: 07/31/2017) |
| 08/01/2017 | | Case Reassigned to Judge Joseph F. Bataillon of the District of Nebraska (in lieu of Vacant Judgeship). Please include the initials of the Judge (JFB) after the case number on all documents filed. Associated Cases: 1:15−cv−00542−JFB−SRF through 1:15−cv−00547−JFB−SRF (rjb) (Entered: 08/01/2017) |
| 08/07/2017 | 179 | Letter to The Honorable Sherry R. Fallon from Bindu A. Palapura regarding redactions to Sealed Memorandum Orders − re (172 in 1:15−cv−00542−JFB−SRF, 179 in 1:15−cv−00546−JFB−SRF, 201 in 1:15−cv−00545−JFB−SRF, 182 in 1:15−cv−00543−JFB−SRF, 163 in 1:15−cv−00544−JFB−SRF) Memorandum and Order, (202 in 1:15−cv−00545−JFB−SRF, 183 in 1:15−cv−00543−JFB−SRF, 164 in 1:15−cv−00544−JFB−SRF, 180 in 1:15−cv−00546−JFB−SRF, 173 in 1:15−cv−00542−JFB−SRF) Memorandum and Order,. (Attachments: # 1 (Redactions))(Palapura, Bindu) Modified on 8/15/2017 (lih). (Entered: 08/07/2017) |
| 08/07/2017 | 180 | [SEALED] Letter to The Honorable Sherry R. Fallon from John C. Phillips, Jr. regarding the Parties' Proposed Redactions to the Court's July 27, 2017 Memorandum Opinion − re 175 Memorandum and Order,. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Phillips, John) Modified on 8/15/2017 (lih). (Entered: 08/07/2017) |
| 08/08/2017 | | CORRECTING ENTRY: Docket clerk has deleted the notice to take deposition previously filed as D.I. 181. A revised version will be refiled by counsel at a later time. (lih) (Entered: 08/08/2017) |
| 08/08/2017 | 181 | NOTICE to Take Deposition of Apostolos Kakaes on August 18, 2017 to August 20, 2017 filed by Evolved Wireless, LLC.(Phillips, John) (Entered: 08/08/2017) |
| 08/08/2017 | 182 | NOTICE OF SERVICE of Supplemental Report of Dr. Todor Cooklev filed by Evolved Wireless, LLC.(Phillips, John) (Entered: 08/08/2017) |
| 08/10/2017 | 183 | ORAL ORDER − Pursuant to the filing of this case, the Court issues the following order: This case shall be immediately referred to Magistrate Judge Sherry R. Fallon. Magistrate Judge Fallon shall issue a scheduling order when appropriate. Magistrate Judge Fallon shall handle all dispositive and nondispositive matters on all issues, including claim construction, except for summary judgments, Daubert motions and pretrial motions in limine. On all dispositive matters, the magistrate judge shall issue a report and recommendation. The parties have the right to file objections to the report and recommendation, or in the case of nondispositive matters, file an appeal of the magistrate judge's order, and the same shall be decided by the undersigned. The magistrate judge shall likewise handle all discovery matters, scheduling, and pretrial conferences. If the parties believe the magistrate judge has a conflict of interest with this case, the parties shall so notify the Court. IT IS SO ORDERED. Signed by Judge Joseph F. Bataillon on 8/10/2017. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(Lawrence, Tiwauna) (Entered: 08/10/2017) |
| 08/10/2017 | 184 | Joint MOTION For Teleconference To Resolve Discovery Dispute − filed by ZTE (USA) Inc.. Motions referred to Sherry R. Fallon.(Hunter, Travis) (Entered: 08/10/2017) |
| 08/10/2017 | 185 | [SEALED] OBJECTIONS by Evolved Wireless, LLC to 175 Memorandum and Order. (Attachments: # 1 Certification Regarding New Legal and Factual Arguments, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E)(Phillips, John) Modified on 8/15/2017 (lih). (Entered: 08/10/2017) |
| 08/10/2017 | 186 | NOTICE to Take Deposition of Dr. Todor Cooklev on August 21−23, 2017 filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd..(Hoeschen, Nathan) (Entered: 08/10/2017) |

| 08/14/2017 | | SO ORDERED– re (171 in 1:15–cv–00544–JFB–SRF, 211 in 1:15–cv–00545–JFB–SRF, 192 in 1:15–cv–00543–JFB–SRF, 184 in 1:15–cv–00547–JFB–SRF, 186 in 1:15–cv–00546–JFB–SRF, 180 in 1:15–cv–00542–JFB–SRF) Joint MOTION For Teleconference To Resolve Discovery Dispute. A Telephone Conference is set for 9/7/2017 at 03:30 PM before Judge Sherry R. Fallon. Counsel for ZTE Inc. shall initiate the call to 302–573–4557. In preparation for this hearing the parties shall follow the Discovery Matters and Disputes procedure as set forth in the Order regarding discovery matters available at www.ded.uscourts.gov/judge/magistrate–judge–sherry–r–fallon. Set Deadlines: (Moving Submission due by no later than 3:00 PM on 8/31/2017, Responsive submission due by no later than 3:00 PM on 9/1/2017.) Signed by Judge Sherry R. Fallon on 8/14/2017. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 08/14/2017) |
| 08/15/2017 | 187 | REDACTED VERSION of 180 Letter by Evolved Wireless, LLC. (Attachments: # 1 Exhibits A–B)(Phillips, John) Modified on 8/15/2017 (lih). (Entered: 08/15/2017) |
| 08/15/2017 | 188 | REDACTED VERSION of 175 Memorandum Order. (lih) (Entered: 08/15/2017) |
| 08/15/2017 | | CORRECTING ENTRY: Documents previously filed as D.I. numbers 176 and 188 have been deleted due to documents being filed in error. All documents filed by counsel that previously referenced D.I. 176 have been corrected to reflect the correct D.I. number 175 . (lih) (lih) (Entered: 08/15/2017) |
| 08/17/2017 | | ORAL ORDER– IT IS HEREBY ORDERED that: the expert discovery status conference set in this matter for 8/22/2017 is RESCHEDULED and COMBINED with the discovery dispute teleconference set in this matter for 9/7/2017 at 03:30 PM before Judge Sherry R. Fallon. Ordered by Judge Sherry R. Fallon on 8/17/2017. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 08/17/2017) |
| 08/17/2017 | 189 | NOTICE to Take Deposition of Jonathan Putnam on August 31, 2017 filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc..(Smith, Rodger) (Entered: 08/17/2017) |
| 08/17/2017 | 190 | NOTICE to Take Deposition of Fiona Scott Morton on August 29, 2017 filed by Evolved Wireless, LLC.(Bilson, David) (Entered: 08/17/2017) |
| 08/18/2017 | 191 | REDACTED VERSION of 185 Objections, by Evolved Wireless, LLC. (Attachments: # 1 Exhibits A–E)(Phillips, John) (Entered: 08/18/2017) |
| 08/22/2017 | | CORRECTING ENTRY: Docket clerk has deleted the minute entry and oral order regarding the transcript filed on 3/22/2017 due to entries being filed in error. The correct entries were made on 3/23/2017. Associated Cases: 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF, 1:15–cv–00547–JFB–SRF(lih) (Entered: 08/22/2017) |
| 08/24/2017 | 192 | [SEALED] RESPONSE TO OBJECTIONS by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Lenovo (United States) Inc., Lenovo Group Ltd., Motorola Mobility LLC re (185 in 1:15–cv–00547–JFB–SRF) Objections, (193 in 1:15–cv–00543–JFB–SRF) Objections, (187 in 1:15–cv–00546–JFB–SRF) Objections, (212 in 1:15–cv–00545–JFB–SRF) Objections, (181 in 1:15–cv–00542–JFB–SRF) Objections, (172 in 1:15–cv–00544–JFB–SRF) Objections. (Attachments: # 1 Exhibit 1)(Palapura, Bindu) Modified on 8/25/2017 (lih). (Entered: 08/24/2017) |
| 08/31/2017 | 193 | [SEALED] Letter to The Honorable Sherry R. Fallon from Kelly E. Farnan regarding Discovery Dispute. (Attachments: # 1 Exhibit A through C)(Farnan, Kelly) Modified on 9/1/2017 (lih). (Entered: 08/31/2017) |
| 08/31/2017 | 194 | NOTICE OF SERVICE of Defendants Microsoft Corporation, Microsoft Mobile Oy, and Microsoft Mobile Inc.'s Supplemental Objections and Responses to Plaintiff Evolved Wireless, LLC's First Set of Common Interrogatories (Nos. 1–7), filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc..(Smith, Rodger) (Entered: 08/31/2017) |
| 08/31/2017 | 195 | [SEALED] MOTION for Summary Judgment of Covenant Not to Sue with Respect to U.S. Patent No. 7,809,373 – filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Attachments: # 1 [Proposed] Order)(Smith, Rodger) Modified on 9/1/2017 (lih). (Entered: 08/31/2017) |
| 08/31/2017 | 196 | [SEALED] OPENING BRIEF in Support re 195 MOTION for Summary Judgment filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc..Answering Brief/Response due date |

| | | |
|---|---|---|
| | | per Local Rules is 9/14/2017. (Smith, Rodger) Modified on 9/1/2017 (lih). (Entered: 08/31/2017) |
| 08/31/2017 | 197 | MOTION for Summary Judgment of Non−Infringement – filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Attachments: # 1 [Proposed] Order)(Smith, Rodger) Modified on 9/1/2017 (lih). (Entered: 08/31/2017) |
| 08/31/2017 | 198 | MOTION for Summary Judgment – filed by Evolved Wireless, LLC. (Phillips, John) (Entered: 08/31/2017) |
| 08/31/2017 | 199 | [SEALED] DECLARATION of Michael D. Jay re (206 in 1:15−cv−00543−JFB−SRF) Opening Brief in Support, (199 in 1:15−cv−00546−JFB−SRF) Opening Brief in Support, (185 in 1:15−cv−00544−JFB−SRF) Opening Brief in Support, (196 in 1:15−cv−00547−JFB−SRF) Opening Brief in Support, (225 in 1:15−cv−00545−JFB−SRF) Opening Brief in Support, (196 in 1:15−cv−00542−JFB−SRF) Opening Brief in Support by Microsoft Corporation, Microsoft Mobile Oy, HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., ZTE Corporation, ZTE Solutions Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A−O)(Moore, David) Modified on 9/1/2017 (lih). (Entered: 08/31/2017) |
| 08/31/2017 | 200 | [SEALED] APPENDIX re (206 in 1:15−cv−00543−JFB−SRF) Opening Brief in Support, (199 in 1:15−cv−00546−JFB−SRF) Opening Brief in Support, (196 in 1:15−cv−00547−JFB−SRF) Opening Brief in Support, (225 in 1:15−cv−00545−JFB−SRF) Opening Brief in Support, (184 in 1:15−cv−00544−JFB−SRF) MOTION for Summary Judgment , (196 in 1:15−cv−00542−JFB−SRF) Opening Brief in Support by Microsoft Corporation, Microsoft Mobile Oy, HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., ZTE Corporation, ZTE Solutions Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Moore, David) Modified on 9/1/2017 (lih). (Entered: 08/31/2017) |
| 08/31/2017 | 201 | [SEALED] APPENDIX re (206 in 1:15−cv−00543−JFB−SRF) Opening Brief in Support, (199 in 1:15−cv−00546−JFB−SRF) Opening Brief in Support, (185 in 1:15−cv−00544−JFB−SRF) Opening Brief in Support, (196 in 1:15−cv−00547−JFB−SRF) Opening Brief in Support, (225 in 1:15−cv−00545−JFB−SRF) Opening Brief in Support, (196 in 1:15−cv−00542−JFB−SRF) Opening Brief in Support by Microsoft Corporation, Microsoft Mobile Oy, HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Attachments: # 1 Tabs 1−11)(Moore, David) Modified on 9/1/2017 (lih). (Entered: 08/31/2017) |
| 09/01/2017 | 202 | [SEALED] Letter to the Honorable Sherry R. Fallon from John C. Phillips, Jr. regarding Discovery Dispute. (Attachments: # 1 Exhibit 1−2)(Phillips, John) (Entered: 09/01/2017) |
| 09/07/2017 | 203 | REDACTED VERSION of (197 in 1:15−cv−00546−JFB−SRF) MOTION for Summary Judgment, (205 in 1:15−cv−00543−JFB−SRF) MOTION for Summary Judgment,(194 in 1:15−cv−00542−JFB−SRF) MOTION for Summary Judgment,(184 in 1:15−cv−00544−JFB−SRF) MOTION for Summary Judgment, (224 in 1:15−cv−00545−JFB−SRF) MOTION for Summary Judgment, (195 in 1:15−cv−00547−JFB−SRF) MOTION for Summary Judgment by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Attachments: # 1 Text of Proposed Order)(Moore, David) Modified on 9/8/2017 (lih). (Entered: 09/07/2017) |
| 09/07/2017 | 204 | REDACTED VERSION of (206 in 1:15−cv−00543−JFB−SRF) Opening Brief in Support, (199 in 1:15−cv−00546−JFB−SRF) Opening Brief in Support, (185 in 1:15−cv−00544−JFB−SRF) Opening Brief in Support, (196 in 1:15−cv−00547−JFB−SRF) Opening Brief in Support, (225 in 1:15−cv−00545−JFB−SRF) Opening Brief in Support, (196 in 1:15−cv−00542−JFB−SRF) Opening Brief in Support by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Moore, David) (Entered: 09/07/2017) |
| 09/07/2017 | 205 | REDACTED VERSION of (208 in 1:15−cv−00543−JFB−SRF, 186 in 1:15−cv−00544−JFB−SRF, 199 in 1:15−cv−00547−JFB−SRF, 227 in 1:15−cv−00545−JFB−SRF, 197 in 1:15−cv−00542−JFB−SRF, 200 in 1:15−cv−00546−JFB−SRF) Declaration,, by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A−O)(Moore, David) (Entered: 09/07/2017) |
| 09/07/2017 | 206 | REDACTED VERSION of (198 in 1:15−cv−00542−JFB−SRF, 228 in 1:15−cv−00545−JFB−SRF, 201 in 1:15−cv−00546−JFB−SRF, 187 in 1:15−cv−00544−JFB−SRF, 200 in 1:15−cv−00547−JFB−SRF, 210 in |

| | | 1:15−cv−00543−JFB−SRF) Appendix,, *(A)* by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Moore, David) (Entered: 09/07/2017) |
|---|---|---|
| 09/07/2017 | 207 | REDACTED VERSION of (188 in 1:15−cv−00544−JFB−SRF, 202 in 1:15−cv−00546−JFB−SRF, 211 in 1:15−cv−00543−JFB−SRF, 199 in 1:15−cv−00542−JFB−SRF, 201 in 1:15−cv−00547−JFB−SRF, 229 in 1:15−cv−00545−JFB−SRF) Appendix,, *(B)* by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Moore, David) (Entered: 09/07/2017) |
| 09/07/2017 | | Minute Entry for proceedings held before Judge Sherry R. Fallon − Discovery Dispute Telephone Conference held on 9/7/2017. (Court Reporter T. Carroll ( Hawkins Reporting).) Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 09/12/2017) |
| 09/07/2017 | | ORAL ORDER− re (171 in 1:15−cv−00544−JFB−SRF, 211 in 1:15−cv−00545−JFB−SRF, 192 in 1:15−cv−00543−JFB−SRF, 184 in 1:15−cv−00547−JFB−SRF, 186 in 1:15−cv−00546−JFB−SRF, 180 in 1:15−cv−00542−JFB−SRF) Joint MOTION For Teleconference To Resolve Discovery Dispute. The transcript of the 9/7/2017 teleconference shall serve as the order of the court. Ordered by Judge Sherry R. Fallon on 9/7/2017. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 09/12/2017) |
| 09/08/2017 | 208 | REDACTED VERSION of 202 Letter by Evolved Wireless, LLC. (Phillips, John) (Entered: 09/08/2017) |
| 09/12/2017 | | ORAL ORDER SETTING SUPPLEMENTAL BRIEFING SCHDEDULE re (171 in 1:15−cv−00544−JFB−SRF, 211 in 1:15−cv−00545−JFB−SRF, 192 in 1:15−cv−00543−JFB−SRF, 184 in 1:15−cv−00547−JFB−SRF, 186 in 1:15−cv−00546−JFB−SRF, 180 in 1:15−cv−00542−JFB−SRF) Joint MOTION For Teleconference To Resolve Discovery Dispute. Supplemental Opening Brief due 9/14/2017., Supplemental Answering Brief due 9/21/2017, Supplemental Reply Brief due 9/26/2017. Ordered by Judge Sherry R. Fallon on 9/12/2017. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 09/12/2017) |
| 09/14/2017 | 209 | [SEALED] Letter to The Honorable Sherry R. Fallon from Kelly E. Farnan regarding Discovery Dispute. (Smith, Rodger) (Entered: 09/14/2017) |
| 09/18/2017 | 210 | Joint STIPULATION Regarding Summary Judgment Briefing by Evolved Wireless, LLC. (Bilson, David) (Entered: 09/18/2017) |
| 09/18/2017 | 211 | REDACTED VERSION of (221 in 1:15−cv−00545−JFB−SRF, 193 in 1:15−cv−00546−JFB−SRF, 192 in 1:15−cv−00547−JFB−SRF, 189 in 1:15−cv−00542−JFB−SRF, 201 in 1:15−cv−00543−JFB−SRF, 199 in 1:15−cv−00544−JFB−SRF) Response to Objections by Apple Inc., Lenovo (United States) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit 1)(Palapura, Bindu) Modified on 9/22/2017 (lih). (Entered: 09/18/2017) |
| 09/20/2017 | | ORAL ORDER− re (114 in 1:15−cv−00546−JFB−SRF, 127 in 1:15−cv−00545−JFB−SRF, 114 in 1:15−cv−00547−JFB−SRF, 115 in 1:15−cv−00543−JFB−SRF, 109 in 1:15−cv−00542−JFB−SRF, 103 in 1:15−cv−00544−JFB−SRF) Scheduling Order. The Pretrial Conference set in this matter for 3/27/2018 at 04:30 PM shall now proceed before Judge Sherry R. Fallon in Courtroom 6C. Ordered by Judge Sherry R. Fallon on 9/20/2017. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 09/20/2017) |
| 09/21/2017 | 212 | [SEALED] Letter to The Honorable Sherry R. Fallon from John C. Phillips, Jr. regarding Discovery Dispute. (Attachments: # 1 Exhibit 3 − 7)(Phillips, John) (Entered: 09/21/2017) |
| 09/22/2017 | 213 | JOINDER by Orange, S.A., joining in 192 [SEALED] RESPONSE TO OBJECTIONS. (Lydon, Tiffany) Modified on 9/22/2017 (lih). (Entered: 09/22/2017) |
| 09/22/2017 | 214 | NOTICE OF SERVICE of Defendants' Disclosure of Fact Trial Witnesses, filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc..(Smith, Rodger) (Entered: 09/22/2017) |
| 09/25/2017 | 215 | REDACTED VERSION of 209 Letter by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Smith, Rodger) Modified on 9/25/2017 (lih). (Entered: 09/25/2017) |
| 09/25/2017 | 216 | NOTICE OF SERVICE of Plaintiff's Fact Witness Disclosure filed by Evolved Wireless, LLC.(Bilson, David) (Entered: 09/25/2017) |

| 09/26/2017 | 217 | [SEALED] Letter to The Honorable Sherry R. Fallon from Kelly E. Farnan regarding Reply Letter on Discovery Dispute. (Farnan, Kelly) (Entered: 09/26/2017) |
|---|---|---|
| 09/28/2017 | 218 | REDACTED VERSION of 212 Letter by Evolved Wireless, LLC. (Phillips, John) (Entered: 09/28/2017) |
| 10/06/2017 | 219 | Joint STIPULATION Regarding Summary Judgment Briefing as to Defendants' Affirmative Defense of a Covenant Not to Sue by Evolved Wireless, LLC. (Bilson, David) (Entered: 10/06/2017) |
| 10/06/2017 | 220 | [SEALED] OPENING BRIEF in Support re 198 MOTION for Summary Judgment filed by Evolved Wireless, LLC.Answering Brief/Response due date per Local Rules is 10/20/2017. (Bilson, David) Modified on 10/10/2017 (lih). (Entered: 10/06/2017) |
| 10/06/2017 | 221 | [SEALED] DECLARATION of Ryan M. Schultz re 220 Opening Brief in Support by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–12)(Bilson, David) Modified on 10/10/2017 (lih). (Entered: 10/06/2017) |
| 10/06/2017 | 222 | [SEALED] OPENING BRIEF in Support re 197 MOTION for Summary Judgment of Non–Infringement filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc..Answering Brief/Response due date per Local Rules is 10/20/2017. (Smith, Rodger) Modified on 10/10/2017 (lih). (Entered: 10/06/2017) |
| 10/06/2017 | 223 | OPENING BRIEF in Support re 198 MOTION for Summary Judgment on Validity filed by Evolved Wireless, LLC.Answering Brief/Response due date per Local Rules is 10/20/2017. (Bilson, David) Modified on 10/10/2017 (lih). (Entered: 10/06/2017) |
| 10/06/2017 | 224 | [SEALED] DECLARATION re 223 Opening Brief in Support on Validity by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–9)(Bilson, David) Modified on 10/10/2017 (lih). (Entered: 10/06/2017) |
| 10/06/2017 | 225 | DECLARATION re 223 Opening Brief in Support on Validity by Evolved Wireless, LLC. (Attachments: # 1 Exhibits A–B)(Bilson, David) Modified on 10/10/2017 (lih). (Entered: 10/06/2017) |
| 10/06/2017 | 226 | [SEALED] APPENDIX re (221 in 1:15–cv–00546–JFB–SRF) Opening Brief in Support, (248 in 1:15–cv–00545–JFB–SRF) Opening Brief in Support, (223 in 1:15–cv–00542–JFB–SRF) Opening Brief in Support, (212 in 1:15–cv–00544–JFB–SRF) Opening Brief in Support, (236 in 1:15–cv–00543–JFB–SRF) Opening Brief in Support, (222 in 1:15–cv–00547–JFB–SRF) Opening Brief in Support, by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Attachments: # 1 Appendix A–0001 to A–0060, # 2 Appendix A–0061 to A–0139, # 3 Appendix A–0140 to A–0212, # 4 Appendix A–0213 to A–0283, # 5 Appendix A–0284 to A–0353, # 6 Appendix A–0354 to A–0926, # 7 Appendix A–0927 to A–0978, # 8 Appendix A–0979 to A–1159, # 9 Appendix A–1160 to A–1239)(Russell, Andrew) (Entered: 10/06/2017) |
| 10/13/2017 | 227 | REDACTED VERSION of 220 Opening Brief in Support by Evolved Wireless, LLC. (Phillips, John) (Entered: 10/13/2017) |
| 10/13/2017 | 228 | REDACTED VERSION of 221 Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–12)(Phillips, John) (Entered: 10/13/2017) |
| 10/13/2017 | 229 | REDACTED VERSION of (236 in 1:15–cv–00543–JFB–SRF) Opening Brief in Support, (221 in 1:15–cv–00546–JFB–SRF) Opening Brief in Support, (248 in 1:15–cv–00545–JFB–SRF) Opening Brief in Support, (223 in 1:15–cv–00542–JFB–SRF) Opening Brief in Support, (222 in 1:15–cv–00547–JFB–SRF) Opening Brief in Support, (212 in 1:15–cv–00544–JFB–SRF) Opening Brief in Support, by Samsung Electronics Co. Ltd.. (Russell, Andrew) (Entered: 10/13/2017) |
| 10/13/2017 | 230 | REDACTED VERSION of (225 in 1:15–cv–00546–JFB–SRF, 216 in 1:15–cv–00544–JFB–SRF, 227 in 1:15–cv–00542–JFB–SRF, 226 in 1:15–cv–00547–JFB–SRF, 240 in 1:15–cv–00543–JFB–SRF, 252 in 1:15–cv–00545–JFB–SRF) Appendix,,, by Samsung Electronics Co. Ltd.. (Attachments: # 1 Part 2 of 9, # 2 Part 3 of 9, # 3 Part 4 of 9, # 4 Part 5 of 9, # 5 Part 6 of 9, # 6 Part 7 of 9, # 7 Part 8 of 9, # 8 Part 9 of 9)(Russell, Andrew) (Entered: 10/13/2017) |
| 10/17/2017 | 231 | REDACTED VERSION of 224 Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–9)(Phillips, John) (Entered: 10/17/2017) |

| 10/19/2017 | 232 | Joint Letter to The Honorable Sherry R. Fallon from John C. Phillips, Jr. regarding page limits for Daubert motions. (Phillips, John) (Entered: 10/19/2017) |
|---|---|---|
| 10/24/2017 | 233 | NOTICE OF SERVICE of Plaintiff's Rebuttal Fact Witness Disclosure filed by Evolved Wireless, LLC.(Bilson, David) (Entered: 10/24/2017) |
| 10/25/2017 | 234 | NOTICE OF SERVICE of Defendants' Disclosure of Rebuttal Fact Trial Witnesses, filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc..(Smith, Rodger) (Entered: 10/25/2017) |
| 10/27/2017 | 235 | ORDER regarding Daubert motions. Signed by Judge Sherry R. Fallon on 10/27/2017. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 10/27/2017) |
| 11/07/2017 | 236 | [SEALED] ANSWERING BRIEF in Opposition re 198 MOTION for Summary Judgment filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc..Reply Brief due date per Local Rules is 11/14/2017. (Smith, Rodger) Modified on 11/8/2017 (lih). (Entered: 11/07/2017) |
| 11/07/2017 | 237 | [SEALED] DECLARATION of Nathaniel C. Love re 236 Answering Brief in Opposition by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Attachments: # 1 Exhibits A–K)(Smith, Rodger) Modified on 11/8/2017 (lih). (Entered: 11/07/2017) |
| 11/07/2017 | 238 | ANSWERING BRIEF in Opposition re 198 MOTION for Summary Judgment filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc..Reply Brief due date per Local Rules is 11/14/2017. (Smith, Rodger) Modified on 11/8/2017 (lih). (Entered: 11/07/2017) |
| 11/07/2017 | 239 | DECLARATION OF TODD M. BRIGGS re (238 in 1:15–cv–00547–JFB–SRF) Answering Brief in Opposition, (261 in 1:15–cv–00545–JFB–SRF) Answering Brief in Opposition, (228 in 1:15–cv–00544–JFB–SRF) Answering Brief in Opposition, (252 in 1:15–cv–00543–JFB–SRF) Answering Brief in Opposition, (233 in 1:15–cv–00546–JFB–SRF) Answering Brief in Opposition by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Russell, Andrew) Modified on 11/8/2017 (lih). (Entered: 11/07/2017) |
| 11/07/2017 | 240 | DECLARATION OF DR. APOSTOLOS K. KAKAES, PH.D. re (238 in 1:15–cv–00547–JFB–SRF) Answering Brief in Opposition, (261 in 1:15–cv–00545–JFB–SRF) Answering Brief in Opposition, (228 in 1:15–cv–00544–JFB–SRF) Answering Brief in Opposition, (252 in 1:15–cv–00543–JFB–SRF) Answering Brief in Opposition, (233 in 1:15–cv–00546–JFB–SRF) Answering Brief in Opposition by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Russell, Andrew) Modified on 11/8/2017 (lih). (Entered: 11/07/2017) |
| 11/07/2017 | 241 | [SEALED] ANSWERING BRIEF in Opposition re 197 MOTION for Summary Judgment filed by Evolved Wireless, LLC.Reply Brief due date per Local Rules is 11/14/2017. (Attachments: # 1 Appendix A)(Phillips, John) Modified on 11/8/2017 (lih). (Entered: 11/07/2017) |
| 11/07/2017 | 242 | [SEALED] DECLARATION of Ryan M. Schultz re 241 Answering Brief in Opposition by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1–27)(Phillips, John) Modified on 11/8/2017 (lih). (Entered: 11/07/2017) |
| 11/08/2017 | | NOTE TO COUNSEL: Judge Fallon's chambers does not need courtesy copies of the summary judgment briefing. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 11/08/2017) |
| 11/14/2017 | | REDACTION NOTICE: In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, redacted versions of sealed documents shall be filed electronically within 7 days of the filing of the sealed document. The records of this case do not reflect the filing of a redacted version of DI # 200 in CA 15–542. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 11/14/2017) |
| 11/14/2017 | 243 | STIPULATION to Extend Time for Daubert Briefing by Evolved Wireless, LLC. (Bilson, David) (Entered: 11/14/2017) |
| 11/14/2017 | 244 | REDACTED VERSION of 236 Answering Brief in Opposition by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Smith, Rodger) (Entered: 11/14/2017) |
| 11/14/2017 | 245 | REDACTED VERSION of 237 Declaration by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Smith, Rodger) (Entered: 11/14/2017) |
| 11/15/2017 | 246 | REDACTED VERSION of 241 Answering Brief in Opposition by Evolved Wireless, LLC. (Phillips, John) (Entered: 11/15/2017) |

| 11/15/2017 | 247 | REDACTED VERSION of 242 Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–27)(Phillips, John) (Entered: 11/15/2017) |
| 11/16/2017 | 248 | REDACTED VERSION of (194 in 1:15–cv–00546–JFB–SRF, 203 in 1:15–cv–00543–JFB–SRF, 222 in 1:15–cv–00545–JFB–SRF, 193 in 1:15–cv–00547–JFB–SRF, 180 in 1:15–cv–00544–JFB–SRF) Letter, (200 in 1:15–cv–00542–JFB–SRF) Letter by ZTE (USA) Inc.. (Attachments: # 1 Exhibit A–C)(Hunter, Travis) (Entered: 11/16/2017) |
| 11/16/2017 | 249 | Joint STIPULATION Regarding Summary Judgment Briefing by Evolved Wireless, LLC. (Bilson, David) Modified on 11/17/2017 (lih). (Entered: 11/16/2017) |
| 11/17/2017 | 250 | ORDER re 243 Stipulation to Set Daubert Briefing filed by Evolved Wireless, LLC. 1. The deadline to file opening Daubert briefs is December 8, 2017; 2. The deadline to file answering Daubert briefs is January 12, 2018; and 3. The deadline to file reply Daubert briefs is February 2, 2018. Signed by Judge Joseph F. Bataillon on 11/16/2017. (fms) (Entered: 11/17/2017) |
| 11/17/2017 | 251 | ORDER re 249 Stipulation filed by Evolved Wireless, LLC. In the event a ruling has not issued on Defendants' Discovery Motion by December 8, 2017, the parties stipulate and agree to the following schedule for briefing as to summary judgment regarding Defendants Affirmative Defense of a Covenant Not to Sue: December 15, 2017: Evolved's Opening–Answering Brief Regarding Covenant Not to Sue, January 15, 2018: Defendants' Answering–Reply Brief Regarding Covenant Not to Sue, February 15, 2018: Evolved's Reply Brief Regarding Covenant Not to Sue. (See Stipulation for further details). Signed by Judge Joseph F. Bataillon on 11/17/2017. (fms) (Entered: 11/17/2017) |
| 11/27/2017 | 252 | [SEALED] MEMORANDUM ORDER re (200 in 1:15–cv–00542–JFB–SRF) Letter. Signed by Judge Sherry R. Fallon on 11/27/2017.This order has been emailed to lead local counsel. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 11/27/2017) |
| 12/04/2017 | 253 | NOTICE to Take Deposition of Qualcomm Technologies, Inc. on December 5, 2017 filed by ZTE (USA) Inc..(Farnan, Kelly) (Entered: 12/04/2017) |
| 12/04/2017 | 254 | NOTICE of Plaintiffs Objection to Defendants Notice of Deposition of Qualcomm Technologies, Inc. by Evolved Wireless, LLC (Bilson, David) (Entered: 12/04/2017) |
| 12/04/2017 | 255 | NOTICE to Take Deposition of Qualcomm Technologies, Inc. on December 5, 2017 filed by ZTE (USA) Inc..(Hunter, Travis) (Entered: 12/04/2017) |
| 12/05/2017 | | ORAL ORDER REFERRING CASE to Magistrate Judge Burke for Mediation. Ordered by Judge Sherry R. Fallon on 12/5/2017. (lih) (Entered: 12/05/2017) |
| 12/05/2017 | | CASE REFERRED to Magistrate Judge Burke for Mediation. Please see Standing Order dated January 20, 2016, regarding disclosure of confidential ADR communications. A link to the standing order is provided here for your convenience at http://www.ded.uscourts.gov/general–orders/magistrate–judges–standing–order–adr–mediation (dlb) (Entered: 12/05/2017) |
| 12/06/2017 | 256 | [SEALED] REPLY BRIEF re 198 MOTION for Summary Judgment filed by Evolved Wireless, LLC. (Phillips, John) Modified on 12/7/2017 (lih). (Entered: 12/06/2017) |
| 12/06/2017 | 257 | [SEALED] DECLARATION of Ryan M. Schultz re 198 MOTION for Summary Judgment by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–3)(Phillips, John) Modified on 12/7/2017 (lih). (Entered: 12/06/2017) |
| 12/06/2017 | 258 | [SEALED] REPLY BRIEF re 197 MOTION for Summary Judgment filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Smith, Rodger) Modified on 12/7/2017 (lih). (Entered: 12/06/2017) |
| 12/06/2017 | 259 | [SEALED] APPENDIX re 258 Reply Brief by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Smith, Rodger) (Entered: 12/06/2017) |
| 12/06/2017 | 260 | REPLY BRIEF re 198 MOTION for Summary Judgment filed by Evolved Wireless, LLC. (Attachments: # 1 Appendix)(Phillips, John) (Entered: 12/06/2017) |
| 12/06/2017 | 261 | DECLARATION re 260 Reply Brief by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 10)(Phillips, John) (Entered: 12/06/2017) |

| 12/08/2017 | 262 | [SEALED] MOTION to Exclude Testimony of Dr. Putnam – filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. Motions referred to Sherry R. Fallon.(Smith, Rodger) Modified on 12/8/2017 (lih). (Entered: 12/08/2017) |
|---|---|---|
| 12/08/2017 | 263 | [SEALED] DECLARATION of Nathaniel C. Love re 262 MOTION to Exclude by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Attachments: # 1 Exhibits A–E)(Smith, Rodger) Modified on 12/8/2017 (lih). (Entered: 12/08/2017) |
| 12/08/2017 | 264 | [SEALED] MOTION to Exclude Testimony of Dr. Putnam – filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. Motions referred to Sherry R. Fallon.(Smith, Rodger) Modified on 12/11/2017 (lih). (Entered: 12/08/2017) |
| 12/08/2017 | 265 | [SEALED] DECLARATION of Nathaniel C. Love re (264 in 1:15–cv–00547–JFB–SRF, 278 in 1:15–cv–00542–JFB–SRF, 290 in 1:15–cv–00545–JFB–SRF, 254 in 1:15–cv–00544–JFB–SRF, 256 in 1:15–cv–00546–JFB–SRF, 285 in 1:15–cv–00543–JFB–SRF) MOTION to Exclude by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibits A–T)(Smith, Rodger) Modified on 12/11/2017 (lih). (Entered: 12/08/2017) |
| 12/08/2017 | 266 | MOTION to Exclude Testimony of Dr. Cooklev Pursuant to Fed. R. Evid. 702 and 403 – filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. Motions referred to Sherry R. Fallon.(Smith, Rodger) (Entered: 12/08/2017) |
| 12/08/2017 | 267 | PROPOSED ORDER re 266 MOTION to Exclude Testimony re Dr. Cooklev Pursuant to Fed. R. Evid. 702 and 403 by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Smith, Rodger) (Entered: 12/08/2017) |
| 12/08/2017 | 268 | [SEALED] OPENING BRIEF in Support re 266 MOTION to Exclude Testimony of Dr. Cooklev Pursuant to Fed. R. Evid. 702 and 403 filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc..Answering Brief/Response due date per Local Rules is 12/22/2017. (Smith, Rodger) (Entered: 12/08/2017) |
| 12/08/2017 | 269 | [SEALED] DECLARATION of Michael D. Jay re (287 in 1:15–cv–00543–JFB–SRF) MOTION to Preclude, (280 in 1:15–cv–00542–JFB–SRF, 256 in 1:15–cv–00544–JFB–SRF) MOTION to Preclude, (258 in 1:15–cv–00546–JFB–SRF) MOTION to Exclude Testimony, (266 in 1:15–cv–00547–JFB–SRF) MOTION to Exclude Testimony,(292 in 1:15–cv–00545–JFB–SRF) MOTION TO EXCLUDE by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A–H)(Palapura, Bindu) Modified on 12/11/2017 (lih). (Entered: 12/08/2017) |
| 12/08/2017 | 270 | MOTION To Exclude Opinions Of Defendants Experts – filed by Evolved Wireless, LLC. (Attachments: # 1 Text of Proposed Order)Motions referred to Sherry R. Fallon.(Phillips, John) Modified on 12/11/2017 (lih). (Entered: 12/08/2017) |
| 12/08/2017 | 271 | [SEALED] OPENING BRIEF in Support re 270 MOTION To Exclude Opinions Of Defendants Experts filed by Evolved Wireless, LLC.Answering Brief/Response due date per Local Rules is 12/22/2017. (Phillips, John) Modified on 12/11/2017 (lih). (Entered: 12/08/2017) |
| 12/08/2017 | 272 | [SEALED] DECLARATION Of Ryan M. Schultz re 271 Opening Brief in Support by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–7)(Phillips, John) Modified on 12/11/2017 (lih). (Entered: 12/08/2017) |
| 12/11/2017 | 273 | [SEALED] Letter to the Honorable Sherry R. Fallon from David A Bilson regarding Redactions to the Court's November 27, 2017 Memorandum Order. (Attachments: # 1 Exhibit A)(Bilson, David) (Entered: 12/11/2017) |
| 12/13/2017 | 274 | REQUEST for Oral Argument by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Palapura, Bindu) (Entered: 12/13/2017) |
| 12/13/2017 | 275 | ORAL ORDER: The Oral Argument set for 1/5/2018 at 09:30 AM regarding motion(s) for summary judgment is cancelled and will be rescheduled, if deemed necessary, by further order |

| | | |
|---|---|---|
| | | of the court. Signed by Judge Joseph F. Bataillon on 12/13/17. Associated Cases: 1:15–cv–00542–JFB–SRF et al. (Brunswick, Amy) (Entered: 12/13/2017) |
| 12/13/2017 | 276 | REDACTED VERSION of (252 in 1:15–cv–00546–JFB–SRF) Reply Brief, (270 in 1:15–cv–00542–JFB–SRF) Reply Brief, (279 in 1:15–cv–00543–JFB–SRF) Reply Brief, (258 in 1:15–cv–00547–JFB–SRF) Reply Brief, (286 in 1:15–cv–00545–JFB–SRF) Reply Brief, (250 in 1:15–cv–00544–JFB–SRF) Reply Brief by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Hoeschen, Nathan) (Entered: 12/13/2017) |
| 12/13/2017 | 277 | REDACTED VERSION of (253 in 1:15–cv–00546–JFB–SRF) Appendix, (282 in 1:15–cv–00543–JFB–SRF) Appendix, (273 in 1:15–cv–00542–JFB–SRF, 251 in 1:15–cv–00544–JFB–SRF) Appendix, (259 in 1:15–cv–00547–JFB–SRF) Appendix, (287 in 1:15–cv–00545–JFB–SRF) Appendix by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Attachments: # 1 Tab 7)(Hoeschen, Nathan) Modified on 12/14/2017 (lih). (Entered: 12/13/2017) |
| 12/14/2017 | 278 | REDACTED VERSION of 256 Reply Brief by Evolved Wireless, LLC. (Phillips, John) (Entered: 12/14/2017) |
| 12/14/2017 | 279 | REDACTED VERSION of 257 Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–3)(Phillips, John) (Entered: 12/14/2017) |
| 12/14/2017 | 280 | REDACTED VERSION of 252 Memorandum Order. (lih) (Entered: 12/14/2017) |
| 12/15/2017 | 281 | REDACTED VERSION of 262 MOTION to Exclude Testimony of Dr. Putnam Pursuant to Fed. R. Evid. 702 by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Smith, Rodger) Modified on 12/18/2017 (lih). (Entered: 12/15/2017) |
| 12/15/2017 | 282 | REDACTED VERSION of 263 Declaration by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Attachments: # 1 Exhibits A–E)(Smith, Rodger) Modified on 12/18/2017 (lih). (Entered: 12/15/2017) |
| 12/15/2017 | 284 | REDACTED VERSION of (291 in 1:15–cv–00545–JFB–SRF, 255 in 1:15–cv–00544–JFB–SRF, 286 in 1:15–cv–00543–JFB–SRF, 257 in 1:15–cv–00546–JFB–SRF, 265 in 1:15–cv–00547–JFB–SRF, 279 in 1:15–cv–00542–JFB–SRF) Declaration by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Smith, Rodger) Modified on 12/18/2017 (lih). (Entered: 12/15/2017) |
| 12/18/2017 | 285 | REDACTED VERSION of (281 in 1:15–cv–00542–JFB–SRF) Opening Brief in Support, (257 in 1:15–cv–00544–JFB–SRF) Opening Brief in Support, (268 in 1:15–cv–00547–JFB–SRF) Opening Brief in Support, (293 in 1:15–cv–00545–JFB–SRF) Opening Brief in Support, (259 in 1:15–cv–00546–JFB–SRF) Opening Brief in Support, (288 in 1:15–cv–00543–JFB–SRF) Opening Brief in Support by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Palapura, Bindu) Modified on 12/19/2017 (lih). (Entered: 12/18/2017) |
| 12/18/2017 | 286 | REDACTED VERSION of (260 in 1:15–cv–00546–JFB–SRF, 261 in 1:15–cv–00544–JFB–SRF, 269 in 1:15–cv–00547–JFB–SRF, 294 in 1:15–cv–00545–JFB–SRF, 289 in 1:15–cv–00543–JFB–SRF, 282 in 1:15–cv–00542–JFB–SRF) Declaration by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A–H)(Palapura, Bindu) Modified on 12/19/2017 (lih). (Entered: 12/18/2017) |
| 12/28/2017 | 287 | NOTICE of Supplemental Authority Relevant to Evolved Wireless's Motions for Summary Judgment of Defendants' Breach of FRAND Claims by Evolved Wireless, LLC (Attachments: # 1 Exhibit A)(Phillips, John) (Entered: 12/28/2017) |
| 01/02/2018 | | ORAL ORDER regarding pending discovery dispute briefing schedule. Plaintiff shall file their opening letter submission, limited to no more than four pages, by no later than 6:00 PM today. Defendants' shall file their responsive letter submission, limited to no more than four pages, by no later than noon on 1/5/2018. Ordered by Judge Sherry R. Fallon on 1/2/2018. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 01/02/2018) |
| 01/02/2018 | 288 | [SEALED] Letter to the Hon. Sherry R. Fallon from John C. Phillips, Jr. regarding Discovery Dispute. (Attachments: # 1 Exhibits 1–6)(Phillips, John) (Entered: 01/02/2018) |

| | | |
|---|---|---|
| 01/03/2018 | | Motions No Longer Referred: (264 in 1:15–cv–00547–JFB–SRF, 278 in 1:15–cv–00542–JFB–SRF, 290 in 1:15–cv–00545–JFB–SRF, 254 in 1:15–cv–00544–JFB–SRF, 256 in 1:15–cv–00546–JFB–SRF, 285 in 1:15–cv–00543–JFB–SRF) MOTION to Exclude (275 in 1:15–cv–00542–JFB–SRF) MOTION to Preclude, (270 in 1:15–cv–00547–JFB–SRF) MOTION Daubert Motion To Exclude, (287 in 1:15–cv–00543–JFB–SRF) MOTION to Preclude, (262 in 1:15–cv–00547–JFB–SRF) MOTION to Exclude, (257 in 1:15–cv–00542–JFB–SRF) MOTION to Exclude, (280 in 1:15–cv–00542–JFB–SRF, 256 in 1:15–cv–00544–JFB–SRF) MOTION to Preclude, (290 in 1:15–cv–00543–JFB–SRF) MOTION to Preclude, (258 in 1:15–cv–00544–JFB–SRF) MOTION to Preclude, (295 in 1:15–cv–00545–JFB–SRF) MOTION to Preclude,(258 in 1:15–cv–00546–JFB–SRF) MOTION to Exclude, (266 in 1:15–cv–00547–JFB–SRF) MOTION to Exclude, (261 in 1:15–cv–00546–JFB–SRF) MOTION to Preclude, (292 in 1:15–cv–00545–JFB–SRF) MOTION TO EXCLUDE, (283 in 1:15–cv–00542–JFB–SRF) MOTION to Preclude Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 01/03/2018) |
| 01/03/2018 | 289 | Letter to The Honorable Joseph F. Bataillon from Bindu A. Palapura regarding Defendants' request for status conference. (Palapura, Bindu) (Entered: 01/03/2018) |
| 01/05/2018 | 290 | NOTICE OF SERVICE of Evolved Wireless's First Supplemental and Amended Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) filed by Evolved Wireless, LLC.(Bilson, David) (Entered: 01/05/2018) |
| 01/05/2018 | 291 | [SEALED] SEALED Letter to The Honorable Sherry R. Fallon from Kelly E. Farnan regarding Qualcomm Deposition. (Attachments: # 1 Exhibit A)(Farnan, Kelly) (Entered: 01/05/2018) |
| 01/05/2018 | | CORRECTING ENTRY: The document previously filed as D.I. 283 has been deleted per the request of counsel. (lih) (Entered: 01/05/2018) |
| 01/05/2018 | | ORAL ORDER– re (312 in 1:15–cv–00545–JFB–SRF, 289 in 1:15–cv–00547–JFB–SRF, 308 in 1:15–cv–00543–JFB–SRF, 273 in 1:15–cv–00544–JFB–SRF, 276 in 1:15–cv–00546–JFB–SRF, 308 in 1:15–cv–00542–JFB–SRF) Letter. A Telephone Conference is set for 1/12/2018 at 02:00 PM before Judge Sherry R. Fallon to discuss modifications to the scheduling order. Counsel for the plaintiff to initiate the call to 302–573–4557. The parties are to submit their respective proposals regarding modifications to the scheduling order re (114 in 1:15–cv–00546–JFB–SRF, 127 in 1:15–cv–00545–JFB–SRF, 114 in 1:15–cv–00547–JFB–SRF, 115 in 1:15–cv–00543–JFB–SRF, 109 in 1:15–cv–00542–JFB–SRF, 103 in 1:15–cv–00544–JFB–SRF) in a joint submission of no more than 5 pages on or before 1/9/2018. Ordered by Judge Sherry R. Fallon on 1/5/2018. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 01/05/2018) |
| 01/09/2018 | 292 | Letter to The Honorable Sherry R. Fallon from David E. Moore regarding case status (filed on behalf of all parties). (Moore, David) (Entered: 01/09/2018) |
| 01/10/2018 | 293 | REDACTED VERSION of 288 Letter by Evolved Wireless, LLC. (Phillips, John) (Entered: 01/10/2018) |
| 01/10/2018 | 294 | NOTICE of FINAL WRITTEN DECISIONS IN INTER PARTES REVIEWS OF U.S. PATENT NO. 7,881,236 FINDING ASSERTED CLAIMS INVALID by Samsung Electronics America Inc., Samsung Electronics Co. Ltd. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Russell, Andrew) (Entered: 01/10/2018) |
| 01/10/2018 | 295 | REDACTED VERSION of 264 MOTION to Exclude Testimony of Dr. Putnam Pursuant to Fed. R. Evid. 702 by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Smith, Rodger) Modified on 1/10/2018 (lih). (Entered: 01/10/2018) |
| 01/12/2018 | 296 | Letter to The Honorable Sherry R. Fallon from David A. Bilson regarding Discovery from LG. (Bilson, David) (Entered: 01/12/2018) |
| 01/12/2018 | | REDACTION NOTICE: In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, redacted versions of sealed documents shall be filed electronically within 7 days of the filing of the sealed document. The records of this case do not reflect the filing of a redacted version of DI # 288 . Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 01/12/2018) |
| 01/12/2018 | | REDACTION NOTICE: In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, redacted versions of sealed documents shall be filed electronically within 7 days of the filing of the sealed document. The records of this case |

| | | |
|---|---|---|
| | | do not reflect the filing of a redacted version of DI # <u>273</u> . (lih) (Entered: 01/12/2018) |
| 01/12/2018 | <u>297</u> | REDACTED VERSION of <u>273</u> Letter by Evolved Wireless, LLC. (Attachments: # <u>1</u> Exhibit A)(Bilson, David) (Entered: 01/12/2018) |
| 01/12/2018 | | ORAL ORDER– Due to the unavailability of defendants Apple and Samsung for trial on the July 23, 2018 date offered by the court during the January 12, 2018 teleconference, the court offers the following alternate trial dates before Judge Bataillon: July 16, 2018 or July 30, 2018. Evolved, Apple, and Samsung are to confer and submit a joint letter to the court on or before January 18, 2018 regarding their preferred trial date in July 2018. The joint letter should also confirm the parties' availability for trial on the November 13, 2018 offered during the teleconference. The court appreciates the parties' cooperation in the selection of a new trial date. Ordered by Judge Sherry R. Fallon on 1/12/2018. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 01/12/2018) |
| 01/12/2018 | <u>298</u> | [SEALED] ANSWERING BRIEF in Opposition re <u>266</u> MOTION to Exclude Testimony of Dr. Cooklev Pursuant to Fed. R. Evid. 702 and 403 filed by Evolved Wireless, LLC.Reply Brief due date per Local Rules is 1/19/2018. (Bilson, David) (Entered: 01/12/2018) |
| 01/12/2018 | <u>299</u> | [SEALED] DECLARATION of Ryan M. Schultz re <u>298</u> Answering Brief in Opposition by Evolved Wireless, LLC. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3)(Bilson, David) Modified on 1/16/2018 (lih). (Entered: 01/12/2018) |
| 01/12/2018 | <u>300</u> | [SEALED] ANSWERING BRIEF in Opposition re <u>270</u> MOTION Daubert Motion To Exclude Opinions Of Defendants Experts filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc..Reply Brief due date per Local Rules is 1/19/2018. (Attachments: # <u>1</u> Exhibit A)(Smith, Rodger) (Entered: 01/12/2018) |
| 01/12/2018 | <u>301</u> | [SEALED] ANSWERING BRIEF in Opposition re <u>262</u> MOTION to Exclude Testimony of Dr. Putnam Pursuant to Fed. R. Evid. 702 filed by Evolved Wireless, LLC.Reply Brief due date per Local Rules is 1/19/2018. (Bilson, David) Modified on 1/16/2018 (lih). (Entered: 01/12/2018) |
| 01/12/2018 | <u>302</u> | [SEALED] DECLARATION of Ryan M. Schultz re <u>301</u> Answering Brief in Opposition by Evolved Wireless, LLC. (Attachments: # <u>1</u> Exhibits 1–2)(Bilson, David) Modified on 1/16/2018 (lih). (Entered: 01/12/2018) |
| 01/12/2018 | <u>303</u> | [SEALED] ANSWERING BRIEF in Opposition re <u>264</u> MOTION to Exclude Testimony of Dr. Putnam Pursuant to Fed. R. Evid. 702 filed by Evolved Wireless, LLC.Reply Brief due date per Local Rules is 1/19/2018. (Bilson, David) Modified on 1/16/2018 (lih). (Entered: 01/12/2018) |
| 01/12/2018 | <u>304</u> | [SEALED] DECLARATION of Ryan M. Schultz re <u>303</u> Answering Brief in Opposition by Evolved Wireless, LLC. (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5, # <u>6</u> Exhibit 6, # <u>7</u> Exhibit 7, # <u>8</u> Exhibit 8, # <u>9</u> Exhibit 9)(Bilson, David) Modified on 1/16/2018 (lih). (Entered: 01/12/2018) |
| 01/12/2018 | <u>305</u> | [SEALED] DECLARATION of Jonathan D. Putnam re <u>303</u> Answering Brief in Opposition by Evolved Wireless, LLC. (Bilson, David) Modified on 1/16/2018 (lih). (Entered: 01/12/2018) |
| 01/12/2018 | | Minute Entry for proceedings held before Judge Sherry R. Fallon – Telephone Conference held on 1/12/2018. (Court Reporter V. Gunning.) Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 01/16/2018) |
| 01/16/2018 | | REMINDER TO ALL COUNSEL: Judge Fallon's chambers does not need courtesy copies of the daubert and summary judgment briefing. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 01/16/2018) |
| 01/16/2018 | <u>306</u> | [SEALED] Letter to The Honorable Sherry R. Fallon from Kelly E. Farnan regarding pending discovery dispute. (Hunter, Travis) (Entered: 01/16/2018) |
| 01/17/2018 | | REDACTION NOTICE: In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, redacted versions of sealed documents shall be filed electronically within 7 days of the filing of the sealed document. The records of this case do not reflect the filing of a redacted version of DI # <u>310</u> . Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 01/17/2018) |
| 01/17/2018 | | THIRD REDACTION NOTICE: In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, redacted versions of sealed documents shall be filed electronically within 7 days of the filing of the sealed document. The records of this case do not reflect the filing of a redacted version of DI # <u>217</u> . Associated Cases: |

| | | |
|---|---|---|
| | | 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 01/17/2018) |
| 01/18/2018 | 307 | REDACTED VERSION of (204 in 1:15−cv−00544−JFB−SRF, 243 in 1:15−cv−00545−JFB−SRF, 217 in 1:15−cv−00547−JFB−SRF, 217 in 1:15−cv−00542−JFB−SRF, 216 in 1:15−cv−00546−JFB−SRF, 230 in 1:15−cv−00543−JFB−SRF) Letter by ZTE (USA) Inc.. (Hunter, Travis) (Entered: 01/18/2018) |
| 01/18/2018 | 308 | REDACTED VERSION of (310 in 1:15−cv−00542−JFB−SRF, 314 in 1:15−cv−00545−JFB−SRF, 280 in 1:15−cv−00546−JFB−SRF, 277 in 1:15−cv−00544−JFB−SRF, 291 in 1:15−cv−00547−JFB−SRF, 312 in 1:15−cv−00543−JFB−SRF) Letter by ZTE (USA) Inc.. (Hunter, Travis) (Entered: 01/18/2018) |
| 01/18/2018 | 309 | Joint Letter to The Honorable Sherry R. Fallon from Bindu A. Palapura regarding trial date. (Attachments: # 1 Exhibit A−D)(Moore, David) (Entered: 01/18/2018) |
| 01/19/2018 | 310 | [SEALED] Letter to The Honorable Sherry R. Fallon from David A. Bilson regarding Response to Defendants' January 16, 2018 Letter. (Bilson, David) (Entered: 01/19/2018) |
| 01/19/2018 | 311 | REDACTED VERSION of 300 Answering Brief in Opposition, by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Smith, Rodger) (Entered: 01/19/2018) |
| 01/19/2018 | 312 | REDACTED VERSION of 298 Answering Brief in Opposition, by Evolved Wireless, LLC. (Bilson, David) (Entered: 01/19/2018) |
| 01/19/2018 | 313 | REDACTED VERSION of 299 Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Bilson, David) (Entered: 01/19/2018) |
| 01/19/2018 | 314 | REDACTED VERSION of 303 Answering Brief in Opposition, by Evolved Wireless, LLC. (Bilson, David) (Entered: 01/19/2018) |
| 01/19/2018 | 315 | REDACTED VERSION of 304 Declaration, by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Bilson, David) (Entered: 01/19/2018) |
| 01/19/2018 | 316 | REDACTED VERSION of 305 Declaration by Evolved Wireless, LLC. (Bilson, David) (Entered: 01/19/2018) |
| 01/19/2018 | 317 | REDACTED VERSION of 301 Answering Brief in Opposition, by Evolved Wireless, LLC. (Bilson, David) (Entered: 01/19/2018) |
| 01/19/2018 | 318 | REDACTED VERSION of 302 Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1−2)(Bilson, David) (Entered: 01/19/2018) |
| 01/19/2018 | 319 | REDACTED VERSION of 271 Opening Brief in Support by Evolved Wireless, LLC. (Phillips, John) (Entered: 01/19/2018) |
| 01/19/2018 | 320 | REDACTED VERSION of 272 Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Phillips, John) (Entered: 01/19/2018) |
| 01/23/2018 | 321 | ORDER Setting Mediation Conference: A Telephone Conference is set for 2/26/2018 at 11:30 AM before Judge Christopher J. Burke to discuss ADR. Signed by Judge Christopher J. Burke on 1/23/2018. (dlb) (Entered: 01/23/2018) |
| 01/29/2018 | 322 | REDACTED VERSION of 310 Letter by Evolved Wireless, LLC. (Bilson, David) (Entered: 01/29/2018) |
| 02/02/2018 | 323 | REPLY BRIEF re 262 MOTION to Exclude Testimony of Dr. Putnam Pursuant to Fed. R. Evid. 702 filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Smith, Rodger) Modified on 2/5/2018 (lih). (Entered: 02/02/2018) |
| 02/02/2018 | 324 | [SEALED] REPLY BRIEF re 266 MOTION to Exclude Testimony of Dr. Cooklev Pursuant to Fed. R. Evid. 702 and 403 filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Moore, David) (Entered: 02/02/2018) |
| 02/02/2018 | 325 | REPLY BRIEF re 264 MOTION to Exclude Testimony of Dr. Putnam Pursuant to Fed. R. Evid. 702 filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Smith, Rodger) Modified on 2/5/2018 (lih). (Entered: 02/02/2018) |

| 02/02/2018 | 326 | DECLARATION of Nathaniel C. Love re (305 in 1:15−cv−00544−JFB−SRF) Declaration, (325 in 1:15−cv−00547−JFB−SRF) Reply Brief, (306 in 1:15−cv−00546−JFB−SRF) Reply Brief, (341 in 1:15−cv−00543−JFB−SRF) Reply Brief, (344 in 1:15−cv−00542−JFB−SRF) Reply Brief, (345 in 1:15−cv−00545−JFB−SRF) Reply Brief by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibits U−HH)(Smith, Rodger) Modified on 2/5/2018 (lih). (Entered: 02/02/2018) |
|---|---|---|
| 02/02/2018 | 327 | [SEALED] REPLY BRIEF re 270 MOTION Daubert Motion To Exclude Opinions Of Defendants Experts filed by Evolved Wireless, LLC. (Bilson, David) (Entered: 02/02/2018) |
| 02/02/2018 | 328 | [SEALED] BRIEF (Combined Opening and Answering) re 198 MOTION for Summary Judgment, 195 MOTION for Summary Judgment filed by Evolved Wireless, LLC.Answering Brief/Response due date per Local Rules is 2/16/2018. Reply Brief due date per Local Rules is 2/9/2018. (Phillips, John) Modified on 2/5/2018 (lih). (Entered: 02/02/2018) |
| 02/02/2018 | 329 | [SEALED] DECLARATION of Younghan Song re 328 Brief (Combined Opening and Answering) by Evolved Wireless, LLC. (Phillips, John) Modified on 2/5/2018 (lih). (Entered: 02/02/2018) |
| 02/02/2018 | 330 | [SEALED] DECLARATION Of Ryan M. Schultz re 328 Brief (Combined Opening and Answering by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1−9)(Phillips, John) Modified on 2/5/2018 (lih). (Entered: 02/02/2018) |
| 02/05/2018 |  | REMINDER TO ALL COUNSEL: Judge Fallon's chambers does not need courtesy copies of the daubert and summary judgment briefing. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 02/05/2018) |
| 02/09/2018 | 331 | REDACTED VERSION of 327 Reply Brief by Evolved Wireless, LLC. (Bilson, David) (Entered: 02/09/2018) |
| 02/09/2018 | 332 | REDACTED VERSION of 328 Brief (Combined Opening and Answering), by Evolved Wireless, LLC. (Phillips, John) (Entered: 02/09/2018) |
| 02/09/2018 | 333 | REDACTED VERSION of 330 Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1−9)(Phillips, John) (Entered: 02/09/2018) |
| 02/09/2018 | 334 | REDACTED VERSION of 329 Declaration by Evolved Wireless, LLC. (Phillips, John) (Entered: 02/09/2018) |
| 02/09/2018 | 335 | REDACTED VERSION of (341 in 1:15−cv−00542−JFB−SRF) Reply Brief, (305 in 1:15−cv−00546−JFB−SRF) Reply Brief, (324 in 1:15−cv−00547−JFB−SRF) Reply Brief, (302 in 1:15−cv−00544−JFB−SRF) Reply Brief, (342 in 1:15−cv−00545−JFB−SRF) Reply Brief, (339 in 1:15−cv−00543−JFB−SRF) Reply Brief by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Moore, David) (Entered: 02/09/2018) |
| 02/16/2018 | 336 | [SEALED] MEMORANDUM ORDER re (307 in 1:15−cv−00542−JFB−SRF) Letter. Signed by Judge Sherry R. Fallon on 2/16/2018.This order has been emailed to local counsel. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 02/16/2018) |
| 02/20/2018 | 337 | [SEALED] ORDER regarding case schedule. Signed by Judge Sherry R. Fallon on 2/20/2018.This order has been emailed to local counsel. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(lih) (Entered: 02/20/2018) |
| 02/27/2018 | 338 | STIPULATION TO EXTEND TIME to File Opening Motions in Limine Briefs and Answering Motions in Limine Briefs to August 30, 2018 and September 27, 2018 – filed by Samsung Electronics America Inc., Samsung Electronics Co. Ltd.. (Hoeschen, Nathan) (Entered: 02/27/2018) |
| 02/27/2018 | 339 | ORDER Setting Mediation Conference: A Mediation Conference is set for 4/12/2018 at 10:00 AM in Courtroom 2A before Judge Christopher J. Burke. Signed by Judge Christopher J. Burke on 2/27/2018. (dlb) (Entered: 02/27/2018) |
| 03/02/2018 | 340 | [SEALED] Letter to The Honorable Sherry R. Fallon from David A. Bilson regarding Proposed Redactions to the Court's February 16, 2018 Memorandum Order. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Bilson, David) (Entered: 03/02/2018) |

| 03/02/2018 | 341 | [SEALED] OBJECTIONS by Evolved Wireless, LLC to (356 in 1:15–cv–00542–JFB–SRF, 356 in 1:15–cv–00545–JFB–SRF) Memorandum and Order . (Attachments: # 1 Certificate of Compliance)(Farnan, Michael) (Entered: 03/02/2018) |
| 03/02/2018 | 342 | [SEALED] OBJECTIONS by Evolved Wireless, LLC to 336 Memorandum and Order . (Attachments: # 1 Certificate of Compliance)(Phillips, John) (Entered: 03/02/2018) |
| 03/06/2018 |  | REDACTED VERSION of 336 Memorandum Order. (lih) (Entered: 03/06/2018) |
| 03/09/2018 | 343 | REDACTED VERSION of 342 Objections by Evolved Wireless, LLC. (Phillips, John) Modified on 3/12/2018 (lih). (Entered: 03/09/2018) |
| 03/13/2018 |  | Set Deadlines: Proposed Pretrial Order due by 10/11/2018. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 03/13/2018) |
| 03/16/2018 | 344 | [SEALED] RESPONSE TO OBJECTIONS by ZTE (USA) Inc. re (361 in 1:15–cv–00542–JFB–SRF, 320 in 1:15–cv–00544–JFB–SRF, 355 in 1:15–cv–00545–JFB–SRF, 322 in 1:15–cv–00546–JFB–SRF, 360 in 1:15–cv–00545–JFB–SRF) Objections, (356 in 1:15–cv–00542–JFB–SRF, 356 in 1:15–cv–00545–JFB–SRF, 316 in 1:15–cv–00544–JFB–SRF, 351 in 1:15–cv–00543–JFB–SRF, 317 in 1:15–cv–00546–JFB–SRF, 336 in 1:15–cv–00547–JFB–SRF) Memorandum and Order, (341 in 1:15–cv–00547–JFB–SRF) Objections filed on behalf of all Defendants. (Hunter, Travis) Modified on 3/19/2018 (lih). (Entered: 03/16/2018) |
| 03/16/2018 | 345 | MOTION to Strike 329 Declaration – filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Attachments: # 1 Text of Proposed Order)Motions referred to Sherry R. Fallon.(Moore, David) Modified on 3/19/2018 (lih). (Entered: 03/16/2018) |
| 03/16/2018 | 346 | [SEALED] OPENING BRIEF in Support re 345 MOTION to Strike 329 Declaration filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc..Answering Brief/Response due date per Local Rules is 4/2/2018. (Moore, David) Modified on 3/19/2018 (lih). (Entered: 03/16/2018) |
| 03/16/2018 | 347 | [SEALED] DECLARATION re (365 in 1:15–cv–00545–JFB–SRF) MOTION to Strike (348) Declaration, (360 in 1:15–cv–00543–JFB–SRF) MOTION to Strike (344) Declaration, (345 in 1:15–cv–00547–JFB–SRF) MOTION to Strike (329) Declaration , (327 in 1:15–cv–00546–JFB–SRF) MOTION to Strike (310) Declaration, (325 in 1:15–cv–00544–JFB–SRF) MOTION to Strike (308) Declaration, (366 in 1:15–cv–00542–JFB–SRF) MOTION to Strike (347) Declaration by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A–P)(Palapura, Bindu) Modified on 3/19/2018 (lih). (Entered: 03/16/2018) |
| 03/26/2018 | 348 | REDACTED VERSION of (328 in 1:15–cv–00546–JFB–SRF) Opening Brief in Support, (361 in 1:15–cv–00543–JFB–SRF) Opening Brief in Support, (326 in 1:15–cv–00544–JFB–SRF) Opening Brief in Support, (367 in 1:15–cv–00542–JFB–SRF) Opening Brief in Support, (346 in 1:15–cv–00547–JFB–SRF) Opening Brief in Support, (366 in 1:15–cv–00545–JFB–SRF) Opening Brief in Support by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Palapura, Bindu) Modified on 3/26/2018 (lih). (Entered: 03/26/2018) |
| 03/26/2018 | 349 | REDACTED VERSION of (327 in 1:15–cv–00544–JFB–SRF, 347 in 1:15–cv–00547–JFB–SRF, 329 in 1:15–cv–00546–JFB–SRF, 368 in 1:15–cv–00542–JFB–SRF, 367 in 1:15–cv–00545–JFB–SRF, 362 in 1:15–cv–00543–JFB–SRF) Declaration by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A–P)(Palapura, Bindu) Modified on 3/26/2018 (lih). (Entered: 03/26/2018) |
| 04/02/2018 | 350 | [SEALED] ANSWERING BRIEF in Opposition re 345 MOTION to Strike 329 Declaration filed by Evolved Wireless, LLC.Reply Brief due date per Local Rules is 4/9/2018. (Phillips, John) Modified on 4/3/2018 (lih). (Main Document 350 replaced on 4/6/2018) (lih). (Entered: 04/02/2018) |
| 04/02/2018 | 351 | [SEALED] DECLARATION of Ryan M. Schultz re 350 Answering Brief in Opposition by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1–7)(Phillips, John) Modified on 4/3/2018 |

| | | |
|---|---|---|
| | | (lih). (Entered: 04/02/2018) |
| 04/03/2018 | | Remark: Counsel is reminded that the court does not need courtesy copies of the daubert/ motion in limine briefing. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 04/03/2018) |
| 04/06/2018 | | CORRECTING ENTRY: The answering brief filed on 4/2/18 has been replaced with a revised version of the document per the request of counsel. Associated Cases: 1:15–cv–00547–JFB–SRF et al.(lih) (Entered: 04/06/2018) |
| 04/09/2018 | 352 | [SEALED] REPLY BRIEF re 345 MOTION to Strike 329 Declaration filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Palapura, Bindu) Modified on 4/10/2018 (lih). (Entered: 04/09/2018) |
| 04/10/2018 | 353 | REDACTED VERSION of 350 Answering Brief in Opposition, by Evolved Wireless, LLC. (Phillips, John) (Entered: 04/10/2018) |
| 04/10/2018 | 354 | REDACTED VERSION of 351 Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibits 1–7)(Phillips, John) (Entered: 04/10/2018) |
| 04/10/2018 | | REDACTION NOTICE: In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, redacted versions of sealed documents shall be filed electronically within 7 days of the filing of the sealed document. The records of this case do not reflect the filing of a redacted version of DI # 340 . (lih) (Entered: 04/10/2018) |
| 04/10/2018 | 355 | REDACTED VERSION of 340 Letter by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Bilson, David) (Entered: 04/10/2018) |
| 04/16/2018 | | REMINDER TO ALL COUNSEL: Judge Fallon's chambers does not need courtesy copies of the summary judgment briefing. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 04/16/2018) |
| 04/16/2018 | 356 | [SEALED] BRIEF (Combined Answering and Reply) re 198 MOTION for Summary Judgment, 195 MOTION for Summary Judgment filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc..Reply Brief due date per Local Rules is 4/23/2018. (Attachments: # 1 Appendix A–B)(Smith, Rodger) Modified on 4/16/2018 (lih). (Entered: 04/16/2018) |
| 04/16/2018 | 357 | [SEALED] DECLARATION of Michael D. Jay re 356 Brief (Combined Answering and Reply) by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Attachments: # 1 Exhibits A–C)(Smith, Rodger) Modified on 4/16/2018 (lih). (Entered: 04/16/2018) |
| 04/16/2018 | 358 | REDACTED VERSION of (367 in 1:15–cv–00543–JFB–SRF) Reply Brief, (352 in 1:15–cv–00547–JFB–SRF) Reply Brief, (372 in 1:15–cv–00545–JFB–SRF) Reply Brief, (334 in 1:15–cv–00546–JFB–SRF) Reply Brief, (374 in 1:15–cv–00542–JFB–SRF) Reply Brief, (332 in 1:15–cv–00544–JFB–SRF) Reply Brief by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Palapura, Bindu) Modified on 4/17/2018 (lih). (Entered: 04/16/2018) |
| 04/23/2018 | 359 | REDACTED VERSION of (356 in 1:15–cv–00547–JFB–SRF) Brief (Combined Answering and Reply), (335 in 1:15–cv–00544–JFB–SRF) Brief (Combined Answering and Reply), (370 in 1:15–cv–00543–JFB–SRF) Brief (Combined Answering and Reply), (375 in 1:15–cv–00545–JFB–SRF) Brief (Combined Answering and Reply), (337 in 1:15–cv–00546–JFB–SRF) Brief (Combined Answering and Reply), (377 in 1:15–cv–00542–JFB–SRF) Brief (Combined Answering and Reply), by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Attachments: # 1 Appendix A–B)(Palapura, Bindu) (Entered: 04/23/2018) |
| 04/23/2018 | 360 | REDACTED VERSION of (336 in 1:15–cv–00544–JFB–SRF) Declaration, (371 in 1:15–cv–00543–JFB–SRF) Declaration, (378 in 1:15–cv–00542–JFB–SRF) Declaration, (338 in 1:15–cv–00546–JFB–SRF) Declaration, (357 in 1:15–cv–00547–JFB–SRF) Declaration, (376 in 1:15–cv–00545–JFB–SRF) Declaration by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc., HTC America Inc., HTC Corporation, Apple Inc., Samsung Electronics America Inc., Samsung Electronics Co. Ltd., ZTE (USA) Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A–C)(Palapura, Bindu) Modified on 4/23/2018 (lih). (Entered: 04/23/2018) |

| 04/27/2018 | 361 | [SEALED] REPLY BRIEF re 198 MOTION for Summary Judgment filed by Evolved Wireless, LLC. (Phillips, John) Modified on 4/30/2018 (lih). (Entered: 04/27/2018) |
| 04/27/2018 | 362 | [SEALED] DECLARATION of Ryan M. Schultz re 361 Reply Brief by Evolved Wireless, LLC. (Attachments: # 1 Exhibit 1 − 5)(Phillips, John) Modified on 4/30/2018 (lih). (Entered: 04/27/2018) |
| 04/30/2018 | | Motions No Longer Referred: (360 in 1:15−cv−00543−JFB−SRF) MOTION to Strike, (345 in 1:15−cv−00547−JFB−SRF) MOTION to Strike, (327 in 1:15−cv−00546−JFB−SRF) MOTION to Strike (325 in 1:15−cv−00544−JFB−SRF) MOTION to Strike, (365 in 1:15−cv−00545−JFB−SRF) MOTION to Strike (348) Declaration Associated Cases: 1:15−cv−00543−JFB−SRF et al.(lih) (Entered: 04/30/2018) |
| 06/26/2018 | 363 | NOTICE OF SERVICE of the [HIGHLY CONFIDENTIAL − OUTSIDE COUNSEL'S EYES ONLY] Supplemental Expert Report of Jonathan D. Putnam filed by Evolved Wireless, LLC.(Bilson, David) (Entered: 06/26/2018) |
| 06/27/2018 | 364 | [SEALED] NOTICE of NOTICE OF SUPPLEMENTAL FACTS REGARDING DEFENDANTS MOTION TO EXCLUDE TESTIMONY OF DR. PUTNAM by Evolved Wireless, LLC (Attachments: # 1 Exhibit A)(Phillips, John) (Entered: 06/27/2018) |
| 07/05/2018 | 365 | REDACTED VERSION of 364 Notice (Other) by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A)(Bilson, David) (Entered: 07/05/2018) |
| 07/24/2018 | 366 | ORDER Setting Mediation Conference: A Telephone Conference is set for 8/13/2018 at 09:45 AM before Judge Christopher J. Burke to discuss ADR. Signed by Judge Christopher J. Burke on 7/23/2018. (dlb) (Entered: 07/24/2018) |
| 07/27/2018 | 367 | NOTICE requesting Clerk to remove Ryan E. Dornberger as co−counsel. Reason for request: No Longer Affiliated with Robins Kaplan LLP. (Bilson, David) (Entered: 07/27/2018) |
| 08/01/2018 | 368 | STIPULATION Expediting Briefing re 369 Non−Lead Defendants' Expedited Motion to Postpone Pre−Trial Conference and Exchange of Trial Material by HTC America Inc., HTC Corporation. (Rovner, Philip) Modified on 8/2/2018 (lih). (Entered: 08/01/2018) |
| 08/01/2018 | 369 | MOTION Non−Lead Defendants' Expedited Motion to Postpone Pre−Trial Conference and Exchange of Trial Material − filed by HTC America Inc., HTC Corporation. Motions referred to Sherry R. Fallon.(Rovner, Philip) (Entered: 08/01/2018) |
| 08/02/2018 | 370 | EXHIBIT re (369 in 1:15−cv−00547−JFB−SRF, 387 in 1:15−cv−00543−JFB−SRF, 350 in 1:15−cv−00544−JFB−SRF, 352 in 1:15−cv−00546−JFB−SRF) MOTION Non−Lead Defendants' Expedited Motion to Postpone Pre−Trial Conference and Exchange of Trial Material by HTC America Inc., HTC Corporation. (Rovner, Philip) Modified on 8/2/2018 (lih). (Entered: 08/02/2018) |
| 08/02/2018 | | SO ORDERED− re (349 in 1:15−cv−00544−JFB−SRF, 386 in 1:15−cv−00543−JFB−SRF, 368 in 1:15−cv−00547−JFB−SRF, 351 in 1:15−cv−00546−JFB−SRF) STIPULATION Expediting Briefing. Set Briefing Schedule: re (387 in 1:15−cv−00543−JFB−SRF, 350 in 1:15−cv−00544−JFB−SRF, 352 in 1:15−cv−00546−JFB−SRF, 369 in 1:15−cv−00547−JFB−SRF) Non−Lead Defendants' Expedited Motion to Postpone Pre−Trial Conference and Exchange of Trial Material. (Answering Brief due 8/8/2018.) Signed by Judge Sherry R. Fallon on 8/2/2018. Associated Cases: 1:15−cv−00543−JFB−SRF, 1:15−cv−00544−JFB−SRF, 1:15−cv−00546−JFB−SRF, 1:15−cv−00547−JFB−SRF(lih) (Entered: 08/02/2018) |
| 08/03/2018 | 371 | MOTION to Strike Supplemental Expert Report of Jonathan D. Putnam − filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Attachments: # 1 Text of Proposed Order)Motions referred to Sherry R. Fallon.(Palapura, Bindu) Modified on 8/6/2018 (lih). (Entered: 08/03/2018) |
| 08/03/2018 | 372 | [SEALED] OPENING BRIEF in Support re 371 MOTION to Strike Supplemental Expert Report of Jonathan D. Putnam filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc..Answering Brief/Response due date per Local Rules is 8/17/2018. (Palapura, Bindu) Modified on 8/6/2018 (lih). (Entered: 08/03/2018) |
| 08/03/2018 | 373 | [SEALED] DECLARATION of Michael D. Jay re 371 MOTION to Strike by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Attachments: # 1 Exhibit A−B)(Palapura, Bindu) Modified on 8/6/2018 (lih). (Entered: 08/03/2018) |

| 08/06/2018 | | Motions No Longer Referred: (389 in 1:15–cv–00545–JFB–SRF) MOTION to Strike,(371 in 1:15–cv–00547–JFB–SRF) MOTION to Strike, (354 in 1:15–cv–00546–JFB–SRF) MOTION to Strike, (396 in 1:15–cv–00542–JFB–SRF) MOTION to Strike, (389 in 1:15–cv–00544–JFB–SRF) MOTION to Strike, (352 in 1:15–cv–00543–JFB–SRF) MOTION to Strike Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 08/06/2018) |
|---|---|---|
| 08/08/2018 | 374 | RESPONSE to Motion re 369 MOTION Non–Lead Defendants' Expedited Motion to Postpone Pre–Trial Conference and Exchange of Trial Material filed by Evolved Wireless, LLC. (Phillips, John) (Main Document 374 replaced on 8/9/2018) (jcs). (Additional attachment(s) added on 8/9/2018: # 1 Exhibit 1, # 2 Exhibit 2) (jcs). (Entered: 08/08/2018) |
| 08/09/2018 | | CORRECTING ENTRY: D.I. 374 Main Document has been replaced with the corrected signature page per request of filer. (jcs) (Entered: 08/09/2018) |
| 08/09/2018 | | CORRECTING ENTRY: D.I. 375 Exhibits to 374 have been removed from the docket. The color version of the exhibits will be attached to D.I. 374 and a Notice of Electronic Filing will be resent. (jcs) (Entered: 08/09/2018) |
| 08/14/2018 | 375 | ORDER Setting Mediation Conference: A Telephone Conference is set for 9/10/2018 at 11:45 AM before Judge Christopher J. Burke.. Signed by Judge Christopher J. Burke on 8/14/2018. (dlb) (Entered: 08/14/2018) |
| 08/15/2018 | | ORAL ORDER– IT IS HEREBY ORDERED that: the court shall conduct a status teleconference on 8/28/2018 at 11:00 AM before Judge Sherry R. Fallon to address the issues raised in (387 in 1:15–cv–00543–JFB–SRF) MOTION Non–Lead Defendants' Expedited Motion to Postpone Pre–Trial Conference and Exchange of Trial Material. The court expects counsel for the Apple and Samsung defendants to participate in the call. Ordered by Judge Sherry R. Fallon on 8/15/2018. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 08/15/2018) |
| 08/17/2018 | 376 | Joint STIPULATION Regarding Final Pretrial Order Briefing and Exchange of Materials by Evolved Wireless, LLC. (Bilson, David) Modified on 8/17/2018 (lih). (Entered: 08/17/2018) |
| 08/17/2018 | 377 | STIPULATION TO EXTEND TIME to File Opening Motions in Limine Briefs and Answering Motions in Limine Briefs to August 30, 2018 and September 27, 2018 respectively – filed by Evolved Wireless, LLC. (Bilson, David) (Entered: 08/17/2018) |
| 08/17/2018 | | SO ORDERED: Counsel should only file appropriate motions in limine, not issues or claims more appropriate for Summary Judgment or Daubert motions, or for issues generally better decided at trial – re (338 in 1:15–cv–00547–JFB–SRF, 318 in 1:15–cv–00544–JFB–SRF, 358 in 1:15–cv–00545–JFB–SRF, 358 in 1:15–cv–00542–JFB–SRF, 353 in 1:15–cv–00543–JFB–SRF, 320 in 1:15–cv–00546–JFB–SRF) STIPULATION TO EXTEND TIME to File Opening Motions in Limine Briefs and Answering Motions in Limine Briefs to August 30, 2018 and September 27, 2018 filed by Samsung Electronics Co. Ltd., Samsung Electronics America Inc.. Signed by Judge Joseph F. Bataillon on 8/17/18. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(Brunswick, Amy) (Entered: 08/17/2018) |
| 08/17/2018 | 378 | [SEALED] ANSWERING BRIEF in Opposition re 371 MOTION to Strike Supplemental Expert Report of Jonathan D. Putnam filed by Evolved Wireless, LLC.Reply Brief due date per Local Rules is 8/24/2018. (Bilson, David) Modified on 8/20/2018 (lih). (Entered: 08/17/2018) |
| 08/17/2018 | 379 | [SEALED] DECLARATION of Jonathan D. Putnam re 378 Answering Brief in Opposition by Evolved Wireless, LLC. (Bilson, David) Modified on 8/20/2018 (lih). (Entered: 08/17/2018) |
| 08/17/2018 | 380 | [SEALED] DECLARATION of Ryan M. Schultz re 378 Answering Brief in Opposition by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Bilson, David) Modified on 8/20/2018 (lih). (Entered: 08/17/2018) |
| 08/20/2018 | | ORAL ORDER– re (376 in 1:15–cv–00547–JFB–SRF, 393 in 1:15–cv–00543–JFB–SRF, 360 in 1:15–cv–00546–JFB–SRF, 356 in 1:15–cv–00544–JFB–SRF, 399 in 1:15–cv–00542–JFB–SRF, 392 in 1:15–cv–00545–JFB–SRF) STIPULATION Regarding Final Pretrial Order Briefing and Exchange of Materials. IT IS HEREBY ORDERED that: counsel shall be prepared to discuss the subject matter of the proposed stipulation and compliance with the August 17, 2018, Oral Order of Judge Bataillon during the status teleconference set in this matter for 8/28/2018 at 11:00 AM. Ordered by Judge Sherry R. Fallon on 8/20/2018. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 08/20/2018) |

| 08/24/2018 | 381 | [SEALED] REPLY BRIEF re 371 MOTION to Strike Supplemental Expert Report of Jonathan D. Putnam filed by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc.. (Moore, David) Modified on 9/6/2018 (lih). (Entered: 08/24/2018) |
|---|---|---|
| 08/24/2018 | 382 | DECLARATION of Charles M. Stiernberg re (404 in 1:15–cv–00542–JFB–SRF) Reply Brief, (361 in 1:15–cv–00544–JFB–SRF) Reply Brief, (397 in 1:15–cv–00545–JFB–SRF) Reply Brief, (365 in 1:15–cv–00546–JFB–SRF) Reply Brief, (381 in 1:15–cv–00547–JFB–SRF) Reply Brief, (398 in 1:15–cv–00543–JFB–SRF) Reply Brief by Apple Inc., Motorola Mobility LLC. (Attachments: # 1 Exhibit A)(Moore, David) Modified on 9/6/2018 (lih). (Entered: 08/24/2018) |
| 08/24/2018 | 383 | REDACTED VERSION of 378 Answering Brief in Opposition by Evolved Wireless, LLC. (Bilson, David) (Entered: 08/24/2018) |
| 08/24/2018 | 384 | REDACTED VERSION of 379 Declaration by Evolved Wireless, LLC. (Bilson, David) (Entered: 08/24/2018) |
| 08/24/2018 | 385 | REDACTED VERSION of 380 Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A–C)(Bilson, David) (Entered: 08/24/2018) |
| 08/28/2018 | | ORDER Setting Teleconference: Plaintiff's counsel to initiate the call to (302) 573–4557. A Telephone Conference is set for 9/4/2018 at 03:00 PM before Judge Sherry R. Fallon to discuss the trial schedule. Signed by Judge Sherry R. Fallon on 8/28/2018. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(Polito, Rebecca) (Entered: 08/28/2018) |
| 08/28/2018 | | ORAL ORDER re (387 in 1:15–cv–00543–JFB–SRF): Pursuant to the ruling on the record during the August 28, 2018 teleconference, the Non–Lead Defendants' Expedited Motion to Postpone Pre–Trial Conference and Exchange of Trial Material (D.I. 387 in C.A. No. 15–543–JFB–SRF; D.I. 350 in C.A. No. 15–544–JFB–SRF; D.I. 352 in C.A. No. 15–546–JFB–SRF; and D.I. 369 in C.A. No. 15–547–JFB–SRF) is GRANTED. IT IS FURTHER ORDERED, that the parties in each case involving Non–Lead Defendants shall include in their respective proposed pretrial orders, a certification that no duplicative issues already decided in a preceding case are being raised that could potentially result in inconsistent rulings. Prior pretrial rulings will govern subsequent pretrial proceedings in related cases, absent a showing of good cause. Signed by Judge Sherry R. Fallon on 8/28/2018. Associated Cases: 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00546–JFB–SRF, 1:15–cv–00547–JFB–SRF(Polito, Rebecca) (Entered: 08/28/2018) |
| 08/28/2018 | | SO ORDERED, re (357 in 1:15–cv–00544–JFB–SRF, 400 in 1:15–cv–00542–JFB–SRF, 393 in 1:15–cv–00545–JFB–SRF, 394 in 1:15–cv–00543–JFB–SRF, 361 in 1:15–cv–00546–JFB–SRF) Stipulation filed by Evolved Wireless, LLC, (393 in 1:15–cv–00543–JFB–SRF, 360 in 1:15–cv–00546–JFB–SRF, 356 in 1:15–cv–00544–JFB–SRF, 399 in 1:15–cv–00542–JFB–SRF, 392 in 1:15–cv–00545–JFB–SRF) Stipulation filed by Evolved Wireless, LLC. Signed by Judge Sherry R. Fallon on 8/28/2018. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(Polito, Rebecca) (Entered: 08/28/2018) |
| 08/28/2018 | 386 | NOTICE requesting Clerk to remove Ellen S. Robbins as co–counsel. Reason for request: No longer with the firm. (Smith, Rodger) (Entered: 08/28/2018) |
| 08/28/2018 | | Minute Entry for proceedings held before Judge Sherry R. Fallon – Telephone Conference held on 8/28/2018. (Court Reporter V. Gunning.) Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 09/04/2018) |
| 09/04/2018 | 387 | Letter to The Honorable Sherry R. Fallon from David A. Bilson regarding trial scheduling. (Attachments: # 1 Exhibits 1–2)(Bilson, David) (Entered: 09/04/2018) |
| 09/04/2018 | | Minute Entry for proceedings held before Judge Sherry R. Fallon – Status Telephone Conference held on 9/4/2018. (Court Reporter V. Gunning.) Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 09/05/2018) |
| 09/04/2018 | | Oral Order: Pursuant to the transcript of the status teleconference on September 4, 2018, the November 13, 2018 trial date in Evolved Wireless, LLC v. Apple Inc. (C.A. No. 15–542–JFB–SRF) is VACATED. On or before September 18, 2018, the parties are to submit a joint proposed scheduling order setting forth pretrial conference dates, trial dates, and lengths of trial for each defendant in accordance with the discussion on the record during the September 4, 2018 status teleconference. Briefing deadlines on the pending motions in limine are suspended pending further order of the court. Ordered by Judge Sherry R. Fallon on 9/4/2018. Associated |

| | | |
|---|---|---|
| | | Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 09/05/2018) |
| 09/18/2018 | 388 | STIPULATION Regarding Final Pretrial Order Briefing And Exchange Of Materials by Evolved Wireless, LLC. (Phillips, John) Modified on 9/19/2018 (lih). (Entered: 09/18/2018) |
| 09/21/2018 | | Motions No Longer Referred: (409 in 1:15–cv–00545–JFB–SRF, 415 in 1:15–cv–00542–JFB–SRF) MOTION in Limine, (409 in 1:15–cv–00542–JFB–SRF) MOTION in Limine, (402 in 1:15–cv–00545–JFB–SRF) MOTION in Limine, (403 in 1:15–cv–00545–JFB–SRF, 411 in 1:15–cv–00542–JFB–SRF) Joint MOTION in Limine Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 09/21/2018) |
| 09/21/2018 | 389 | ORDER– re (428 in 1:15–cv–00542–JFB–SRF) Stipulation. On or before September 28, 2018, counsel shall submit an amended joint proposed Pretrial and Trial Scheduling Order incorporating the dates listed in this order, as well as the agreed–upon dates for pretrial material exchanges identified in the parties' submission at D.I. 428, pages 9–13. Signed by Judge Sherry R. Fallon on 9/21/2018. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 09/21/2018) |
| 09/25/2018 | 390 | NOTICE of Supplemental Facts Regarding Defendants' Motions to Strike Supplemental Expert Report of Jonathan D. Putnam (D.I. 371) and Declaration of Younghan Song (D.I. 345) by Evolved Wireless, LLC (Phillips, John) (Entered: 09/25/2018) |
| 09/28/2018 | 391 | PROPOSED Amended Pretrial and Trial Scheduling Order by Evolved Wireless, LLC. (Attachments: # 1 Letter to Magistrate Judge Fallon re: Proposed Order)(Phillips, John) Modified on 9/28/2018 (lih). (Entered: 09/28/2018) |
| 10/03/2018 | 392 | SO ORDERED– re 431 PROPOSED Amended Pretrial and Trial Scheduling Order. Set Pretrial and Trial Deadlines: Apple/Samsung Proposed Pretrial Order due by 2/12/2019. HTC/Motorola/ZTE/Microsoft Proposed Pretrial Order due by 12/3/2019. Apple/Samsung Pretrial Conference is set for 3/5/2019 at 10:00 AM in Courtroom 6C before Judge Sherry R. Fallon. Samsung/HTC/Motorola/ZTE/Microsoft Pretrial Conference is set for 12/17/2019 at 10:00 AM in Courtroom 6C before Judge Sherry R. Fallon. (PLEASE REFER TO ORDER FOR FURTHER DEADLINES) Signed by Judge Sherry R. Fallon on 10/3/2018. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) Modified on 10/16/2018 (lih). (Entered: 10/03/2018) |
| 10/03/2018 | 393 | NOTICE requesting Clerk to remove Anna M. Weinberg as co–counsel. Reason for request: no longer associated with the action. (Smith, Rodger) (Entered: 10/03/2018) |
| 10/16/2018 | | Set Hearings: A Pretrial Conference is set for 12/17/2019 at 10:00 AM in Courtroom 6C before Judge Sherry R. Fallon. Associated Cases: 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF, 1:15–cv–00547–JFB–SRF(lih) (Entered: 10/16/2018) |
| 10/16/2018 | | Set Hearings: A 10–day Jury Trial is set for 3/23/2020 at 09:30 AM before Judge Joseph F. Bataillon. (lih) (Entered: 10/16/2018) |
| 12/31/2018 | 394 | NOTICE requesting Clerk to remove Anthony F. Schlehuber as co–counsel. Reason for request: No Longer Affiliated with Case. (Bilson, David) (Entered: 12/31/2018) |
| 01/10/2019 | 395 | NOTICE of [Plaintiff Evolved Wireless, LLC's Notice of Authority Regarding Defendants' Motion to Exclude Testimony of Dr. Putnam] by Evolved Wireless, LLC re 390 Notice (Other) (Attachments: # 1 Attachment)(Phillips, John) (Entered: 01/10/2019) |
| 01/11/2019 | 396 | MOTION for Pro Hac Vice Appearance of Attorney Austin B. Miller – filed by Evolved Wireless, LLC. (Attachments: # 1 Miller Pro Hac Certification)Motions referred to Sherry R. Fallon.(Bilson, David) (Entered: 01/11/2019) |
| 01/14/2019 | | SO ORDERED– re 396 MOTION for Pro Hac Vice Appearance of Attorney Austin B. Miller. Signed by Judge Sherry R. Fallon on 1/14/2019. (lih) (Entered: 01/14/2019) |
| 01/16/2019 | | Pro Hac Vice Attorney Austin B. Miller for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (ceg) (Entered: 01/16/2019) |
| 02/11/2019 | 397 | NOTICE requesting Clerk to remove Andrew D. Hedden as co–counsel. Reason for request: No longer working on the case. (Bilson, David) (Entered: 02/11/2019) |
| 02/14/2019 | 398 | ORDER; The Magistrate Judge's order (D.I. 172) is adopted. The plaintiff's objections (D.I. 361) are overruled, re (185 in 1:15–cv–00547–JFB–SRF) Objections, (193 in |

| | | |
|---|---|---|
| | | 1:15–cv–00543–JFB–SRF) Objections, (187 in 1:15–cv–00546–JFB–SRF) Objections, (212 in 1:15–cv–00545–JFB–SRF) Objections, (181 in 1:15–cv–00542–JFB–SRF) Objections, and (172 in 1:15–cv–00544–JFB–SRF) Objections. Signed by Judge Joseph F. Bataillon on 2/13/2019. Associated Cases: 1:15–cv–00542–JFB–SRF et al. (nmg) (Entered: 02/14/2019) |
| 02/14/2019 | 399 | ORDER; The Magistrate Judge's order (D.I. 356) is adopted. The plaintiffs objections (D.I. 361) are overruled, re (361 in 1:15–cv–00542–JFB–SRF, 320 in 1:15–cv–00544–JFB–SRF, 355 in 1:15–cv–00543–JFB–SRF, 322 in 1:15–cv–00546–JFB–SRF, 360 in 1:15–cv–00545–JFB–SRF) Objections, filed by Evolved Wireless, LLC, (341 in 1:15–cv–00547–JFB–SRF) Objections filed by Evolved Wireless, LLC, (342 in 1:15–cv–00547–JFB–SRF) Objections filed by Evolved Wireless, LLC. Signed by Judge Joseph F. Bataillon on 2/13/2019. Associated Cases: 1:15–cv–00542–JFB–SRF et al. (nmg) (Entered: 02/14/2019) |
| 02/21/2019 | 400 | [SEALED] NOTICE of Supplemental Facts in Support of Its Combined Opening–Answering Brief Regarding Defendants' Affirmative Defenses by Evolved Wireless, LLC (Phillips, John) Modified on 2/25/2019 (Polito, Rebecca). (Entered: 02/21/2019) |
| 02/21/2019 | 401 | [SEALED] DECLARATION of Ryan M. Schultz re 400 Notice by Evolved Wireless, LLC. (Attachments: # 1 Exhibits A–C)(Phillips, John) Modified on 2/21/2019 (lih). (Entered: 02/21/2019) |
| 02/21/2019 | 402 | MEMORANDUM AND ORDER. Signed by Judge Joseph F. Bataillon on 2/21/2019. Associated Cases: 1:15–cv–00543–JFB–SRF et al.(nmg) (Entered: 02/21/2019) |
| 02/25/2019 | | Remark – Docket text of D.I. 400 was modified per the request of the filer. (Polito, Rebecca) (Entered: 02/25/2019) |
| 02/28/2019 | 403 | REDACTED VERSION of 400 Notice (Other) by Evolved Wireless, LLC. (Entered: 02/28/2019) |
| 02/28/2019 | 404 | REDACTED VERSION of 401 Declaration by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A–C)(Bilson, David) (Entered: 02/28/2019) |
| 03/01/2019 | 405 | [SEALED] MOTION for Clarification and Partial Reconsideration re 402 MEMORANDUM ORDER – filed by Evolved Wireless, LLC. (Attachments: # 1 Proposed Order)Motions referred to Sherry R. Fallon.(Bilson, David) Modified on 3/1/2019 (lih). (Entered: 03/01/2019) |
| 03/01/2019 | 406 | DECLARATION of Ryan M. Schultz re 405 MOTION for Clarification and Partial Reconsideration by Evolved Wireless, LLC. (Attachments: # 1 Exhibit A)(Bilson, David) Modified on 3/1/2019 (lih). (Entered: 03/01/2019) |
| 03/01/2019 | | Motions No Longer Referred: 405 MOTION for Clarification and Partial Reconsideration (lih) (Entered: 03/01/2019) |
| 03/04/2019 | | Motions No Longer Referred: (383 in 1:15–cv–00544–JFB–SRF, 421 in 1:15–cv–00543–JFB–SRF, 387 in 1:15–cv–00546–JFB–SRF, 487 in 1:15–cv–00542–JFB–SRF, 461 in 1:15–cv–00545–JFB–SRF) MOTION for Reconsideration re (447 in 1:15–cv–00545–JFB–SRF, 468 in 1:15–cv–00542–JFB–SRF, 384 in 1:15–cv–00546–JFB–SRF, 380 in 1:15–cv–00544–JFB–SRF, 418 in 1:15–cv–00543–JFB–SRF) Memorandum Order Associated Cases: 1:15–cv–00542–JFB–SRF et al.(lih) (Entered: 03/04/2019) |
| 03/07/2019 | 407 | ORDER: Defendants' motions for a summary judgment of non–infringement (D.I. 193 in 1:15cv542; D.I. 207 in 1:15cv543; D.I. 182 in 1:15cv544; D.I. 223 in 1:15cv545; D.I. in 1:15cv546; D.I. 197 in 1:15cv547) are denied. Signed by Judge Joseph F. Bataillon on 3/7/2019. Associated Cases: 1:15–cv–00542–JFB–SRF et al.(nmg) (Entered: 03/07/2019) |
| 03/08/2019 | 408 | REDACTED VERSION of 405 MOTION for Clarification and Partial Reconsideration by Evolved Wireless, LLC. (Bilson, David) (Entered: 03/08/2019) |
| 03/13/2019 | 409 | MEMORANDUM AND ORDER – 1. Defendant Apple Inc.s motion to preclude testimony of Dr. Jonathan D. Putnam is denied; 2. Defendants joint motion to preclude testimony of Dr. Jonathan D. Putnam is denied. 3. Defendant Apple Inc.s motion to preclude the testimony of Dr. Todor Cooklev is denied. 4. Plaintiff Evolved Wireless LLCs motion to preclude the defendants experts is granted in part and denied in part as set forth in this order. (SEE ORDER FOR DETAILS)*********re (264 in 1:15–cv–00547–JFB–SRF, 278 in 1:15–cv–00542–JFB–SRF, 290 in 1:15–cv–00545–JFB–SRF, 254 in 1:15–cv–00544–JFB–SRF, 256 in |

| | | 1:15−cv−00546−JFB−SRF, 285 in 1:15−cv−00543−JFB−SRF) MOTION to Exclude Testimony of Dr. Putnam Pursuant to Fed. R. Evid. 702 *(Defendants' Joint Motion)* filed by Nokia Inc., Samsung Electronics Co. Ltd., Microsoft Mobile Oy, ZTE (USA) Inc., Apple Inc., HTC America Inc., Microsoft Corporation, HTC Corporation, Samsung Electronics America Inc., Motorola Mobility LLC, (275 in 1:15−cv−00542−JFB−SRF) MOTION to Preclude *Testimony of Dr. Putnam Pursuant to Fed. R. Evid. 702* filed by Apple Inc., (287 in 1:15−cv−00543−JFB−SRF) MOTION to Preclude *Testimony of Dr. Cooklev Pursuant to Fed. R. Evid. 702 and 403* filed by HTC America Inc., HTC Corporation, (280 in 1:15−cv−00542−JFB−SRF, 256 in 1:15−cv−00544−JFB−SRF) MOTION to Preclude *Testimony of Dr. Cooklev Pursuant to Fed. R. Evid. 702 and 403* filed by Apple Inc., (Samsung Mobility LLC, (290 in 1:15−cv−00543−JFB−SRF) MOTION to Preclude *Defendants' Experts* filed by Evolved Wireless, LLC, (258 in 1:15−cv−00544−JFB−SRF) MOTION to Preclude *Defendant's Experts* filed by Evolved Wireless, LLC, (295 in 1:15−cv−00545−JFB−SRF) MOTION to Preclude *Defendants' Experts* filed by Evolved Wireless, LLC, (258 in 1:15−cv−00546−JFB−SRF) MOTION to Exclude Testimony of Dr. Cooklev Pursuant to Fed. R. Evid. 702 and 403 filed by ZTE (USA) Inc., (389 in 1:15−cv−00543−JFB−SRF) MOTION to Strike *Supplemental Expert Report of Jonathan D. Putnam* filed by HTC America Inc., HTC Corporation, (352 in 1:15−cv−00544−JFB−SRF) MOTION to Strike *Supplemental Expert Report of Jonathan D. Putnam* filed by Motorola Mobility LLC, (261 in 1:15−cv−00546−JFB−SRF) MOTION to Preclude *Defendant's Experts* filed by Evolved Wireless, LLC, (292 in 1:15−cv−00545−JFB−SRF) MOTION [DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF DR. COOKLEV PURSUANT TO FED. R. EVID. 702 AND 403] filed by Samsung Electronics Co. Ltd., Samsung Electronics America Inc., (283 in 1:15−cv−00542−JFB−SRF) MOTION to Preclude *Defendant's Experts* filed by Evolved Wireless, LLC, (389 in 1:15−cv−00545−JFB−SRF) MOTION to Strike *Supplemental Expert Report of Jonathan D. Putnam* filed by Samsung Electronics Co. Ltd., Samsung Electronics America Inc., (354 in 1:15−cv−00546−JFB−SRF) MOTION to Strike *Supplemental Expert Report of Jonathan D. Putnam* filed by ZTE (USA) Inc.. Signed by Judge Joseph F. Bataillon on 3/12/19. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(rwc) (Entered: 03/13/2019) |
| 03/15/2019 | 410 | NOTICE of Joinder of Defendants Microsoft Corporation, Microsoft Mobile Oy and Microsoft Mobile Inc. in Opposition to Plaintiffs Motion for Clarification and Partial Reconsideration (C.A. No. 15−542, D.I. 499 and C.A. No. 15−543, D.I. 426) by Microsoft Corporation, Microsoft Mobile Oy, Nokia Inc. (Smith, Rodger) (Entered: 03/15/2019) |
| 03/22/2019 | 411 | ORDER: Plaintiffs Motion to Reconsider, D.I. 487 , this Courts Memorandum and Order, is DENIED without prejudice (*Corresponding motions are as follows: 383 in 1:15−cv−00544−JFB−SRF, 461 in 1:15−cv−00545−JFB−SRF, 421 in 1:15−cv−00543−JFB−SRF, 387 in 1:15−cv−00546−JFB−SRF, 405 in 1:15−cv−00547−JFB−SRF). Signed by Judge Joseph F. Bataillon on 3/21/2019. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(ceg) (Entered: 03/22/2019) |
| 03/27/2019 | | CORRECTING ENTRY: Minute Entry for Jury Trial, Day 1, filed 3/26/2019 removed due to clerical error. (ceg) (Entered: 03/27/2019) |
| 03/28/2019 | 412 | MEMORANDUM AND ORDER. Signed by Judge Joseph F. Bataillon on 3/28/2019. Associated Cases: 1:15−cv−00542−JFB−SRF et al.(nmg) (Entered: 03/28/2019) |
| 05/01/2019 | 413 | NOTICE requesting Clerk to remove Marla R. Butler as co−counsel. Reason for request: No Longer Affiliated with the case. (Bilson, David) (Entered: 05/01/2019) |
| 06/06/2019 | | ORAL ORDER – Oral Order: On or before June 13, 2019, counsel shall submit a joint status letter of no more than ten (10) pages addressing: (1) whether there are any outstanding discovery issues or other matters to be addressed by this court prior to the December 17, 2019 pretrial conference; (2) whether additional motion practice, if any, is necessary prior to the pretrial conference; (3) whether each case remains prepared to proceed to trial on the existing schedule; (4) whether the remaining parties have proposals for streamlining the remaining cases prior to trial; and (5) following the submission of the joint status letter, a status conference or teleconference may be scheduled at the convenience of the court. Signed by Judge Sherry R. Fallon on 6/6/2019. Associated Cases: 1:15−cv−00545−JFB−SRF, 1:15−cv−00543−JFB−SRF, 1:15−cv−00544−JFB−SRF, 1:15−cv−00546−JFB−SRF, 1:15−cv−00547−JFB−SRF(Polito, Rebecca) (Entered: 06/06/2019) |
| 06/13/2019 | 414 | Letter to The Honorable Sherry R. Fallon from Brian E. Farnan regarding Response to the Court's June 6, 2019 Oral Order. (Farnan, Brian) Modified on 6/14/2019 (lih). (Entered: 06/13/2019) |

| 08/29/2019 | 415 | STIPULATION Joint [Proposed] Stipulation to Stay Proceedings Pending Resolution of Appeals of the August 9, 2019 Final Judgment in the Evolved v. Apple case by Evolved Wireless, LLC. (Bilson, David) (Entered: 08/29/2019) |
| --- | --- | --- |
| 08/30/2019 | 416 | ORDER, A hearing on the licensing/patent exhaustion issues and proposed stay will be held at 9:00 AM, on September 13, 2019 before the undersigned in Courtroom No. 6C, J. Caleb Boggs Federal Building, 844 North King Street, Wilmington, DE. Signed by Judge Joseph F. Bataillon on 8/30/2019. Associated Cases: 1:15–cv–00543–JFB–SRF et al. (lak) (Entered: 08/30/2019) |
| 09/13/2019 | | Minute Entry for proceedings held before Judge Joseph F. Bataillon – Hearing regarding licensing/patent exhaustion issues and proposed stay held on 9/13/2019. (Court Reporter Jennifer Guy.) Associated Cases: 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF, 1:15–cv–00547–JFB–SRF(amf) (Entered: 09/13/2019) |
| 09/16/2019 | | ORAL ORDER– IT IS HEREBY ORDERED that: the pretrial conference set in this matter for 12/17/2019 is CANCELLED. Ordered by Judge Sherry R. Fallon on 9/16/2019. Associated Cases: 1:15–cv–00543–JFB–SRF, 1:15–cv–00544–JFB–SRF, 1:15–cv–00545–JFB–SRF, 1:15–cv–00546–JFB–SRF, 1:15–cv–00547–JFB–SRF(lih) (Entered: 09/16/2019) |
| 09/20/2019 | 417 | Letter to The Honorable Joseph F. Bataillon from Travis S. Hunter regarding response to the Court's inquiry concerning whether the Defendants intend to file supplemental briefing on licensing/patent exhaustion issues – re Discovery Hearing,. (Hunter, Travis) (Entered: 09/20/2019) |
| 10/11/2019 | 418 | NOTICE of Subsequent Authority by Samsung Electronics America Inc., Samsung Electronics Co. Ltd. (Attachments: # 1 Exhibit A)(Shaw, John) (Entered: 10/11/2019) |
| 11/15/2019 | 419 | Official Transcript of Oral Argument held on 09/13/19 before Judge Joseph F. Bataillon. Court Reporter/Transcriber Jennifer Guy,Email: Jennifer_Guy@verizon.net. Transcript may be viewed at the court public terminal or order/purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date, it may be obtained through PACER. Redaction Request due 12/6/2019. Redacted Transcript Deadline set for 12/16/2019. Release of Transcript Restriction set for 2/13/2020. (Triozzi, Robert) (Entered: 11/15/2019) |
| 12/03/2019 | 420 | [SEALED] MEMORANDUM AND ORDER – See attached Order for details. (Associated cases – 1:15–cv–00543–JFB–SRF; 1:15–cv–00544–JFB–SRF; 1:15–cv–00545–JFB–SRF; 1:15–cv–00546–JFB–SRF; 1:15–cv–00547–JFB–SRF) Signed by Judge Joseph F. Bataillon on 12/3/2019.This order has been emailed to local counsel. (amf) (Entered: 12/04/2019) |
| 12/03/2019 | 421 | [SEALED] JUDGMENT (Associated cases – 1:15–cv–00543–JFB–SRF; 1:15–cv–00544–JFB–SRF; 1:15–cv–00545–JFB–SRF; 1:15–cv–00546–JFB–SRF; 1:15–cv–00547–JFB–SRF) Signed by Judge Joseph F. Bataillon on 12/3/2019.This Judgment has been emailed to local counsel. (amf) (Entered: 12/04/2019) |
| 12/03/2019 | | CASE CLOSED Associated Cases: 1:15–cv–00543–JFB–SRF, 1:15–cv–00546–JFB–SRF, 1:15–cv–00547–JFB–SRF(amf) (Entered: 12/04/2019) |
| 12/06/2019 | 422 | NOTICE of Intent to Request Redaction by David Ellis Moore re (481 in 1:15–cv–00545–JFB–SRF) Transcript,, (398 in 1:15–cv–00544–JFB–SRF) Transcript,, (436 in 1:15–cv–00543–JFB–SRF) Transcript,, (401 in 1:15–cv–00546–JFB–SRF) Transcript,, (419 in 1:15–cv–00547–JFB–SRF) Transcript,, (549 in 1:15–cv–00542–JFB–SRF) Transcript,, (Moore, David) (Entered: 12/06/2019) |
| 12/11/2019 | | CORRECTING ENTRY: The letter previously filed on 12/10/2019 has been deleted per the request of counsel. The letter will be re–filed shortly. Associated Cases: 1:15–cv–00543–JFB–SRF et al.(lih) (Entered: 12/11/2019) |
| 12/13/2019 | 423 | MOTION for Pro Hac Vice Appearance of Attorney Eric M. Albritton – filed by Evolved Wireless, LLC. (Attachments: # 1 Certification of Eric M. Albritton)Motions referred to Sherry R. Fallon.(Phillips, John) (Entered: 12/13/2019) |
| 12/13/2019 | 424 | MOTION for Pro Hac Vice Appearance of Attorney Christopher G. Granaghan – filed by Evolved Wireless, LLC. (Attachments: # 1 Certification of Christopher G. Granaghan)Motions referred to Sherry R. Fallon.(Phillips, John) (Entered: 12/13/2019) |
| 12/13/2019 | 425 | MOTION for Pro Hac Vice Appearance of Attorney Andrew J. Wright – filed by Evolved Wireless, LLC. (Attachments: # 1 Certification of Andrew J. Wright)Motions referred to Sherry R. Fallon.(Phillips, John) (Entered: 12/13/2019) |

| 12/13/2019 | | SO ORDERED– re 423 MOTION for Pro Hac Vice Appearance of Attorney Eric M. Albritton, LLC, 425 MOTION for Pro Hac Vice Appearance of Attorney Andrew J. Wright, LLC, 424 MOTION for Pro Hac Vice Appearance of Attorney Christopher G. Granaghan. Signed by Judge Sherry R. Fallon on 12/13/2019. (lih) (Entered: 12/13/2019) |
| --- | --- | --- |
| 12/13/2019 | | Pro Hac Vice Attorney Andrew J. Wright,Christopher G. Granaghan,Eric M. Albritton for Evolved Wireless, LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (lak) (Entered: 12/13/2019) |
| 12/17/2019 | 426 | Joint STIPULATION TO EXTEND TIME to File Post–Trial Motions to 30 days after all appeals in the related cases have been exhausted and the case is remanded to this Court – filed by HTC America Inc., HTC Corporation. (Rovner, Philip) (Entered: 12/17/2019) |
| 12/17/2019 | 427 | STIPULATION TO EXTEND TIME for the paties to file a motion to redact portions of the sealed transcript of the September 13, 2019 motions hearing to December 23, 2019 – filed by HTC America Inc., HTC Corporation. (Rovner, Philip) (Entered: 12/17/2019) |
| 12/17/2019 | 428 | Letter to The Honorable Joseph F. Bataillon from Brian E. Farnan regarding Proposed Redacted Version of the Court's December 3, 2019 Memorandum and Order – re (437 in 1:15–cv–00543–JFB–SRF, 482 in 1:15–cv–00545–JFB–SRF, 399 in 1:15–cv–00544–JFB–SRF, 420 in 1:15–cv–00547–JFB–SRF, 402 in 1:15–cv–00546–JFB–SRF) Memorandum and Order,. (Attachments: # 1 Attachment)(Farnan, Brian) (Entered: 12/17/2019) |
| 12/30/2019 | 429 | ORDER re D.I. 426 , the deadline for Defendant Microsoft to file a motion for exceptional case, attorneys fees, costs, expenses, and interest under Fed. R. Civ. P. 54(d), 35 U.S.C. § 285, and 28 U.S.C. § 1927, shall be STAYED until thirty (30) days after all appeals in the related cases have been exhausted and the case is remanded to this Court. Signed by Judge Joseph F. Bataillon on 12/30/2019. (lak) (Entered: 12/30/2019) |
| 01/02/2020 | 430 | NOTICE OF APPEAL to the Federal Circuit of 420 Memorandum and Order, 421 Judgment, . Appeal filed by Evolved Wireless, LLC. (Phillips, John) (Entered: 01/02/2020) |
| 01/02/2020 | | APPEAL – Credit Card Payment of $505.00 received re 430 Notice of Appeal (Federal Circuit) filed by Evolved Wireless, LLC. ( Filing fee $505, receipt number 0311–2814120.) (Phillips, John) (Entered: 01/02/2020) |
| 01/02/2020 | | Notification regarding 430 Notice of Appeal (Federal Circuit) sent to Reporter Gunning. (kmd) (Entered: 01/02/2020) |
| 01/02/2020 | | Notice of Appeal and Docket Sheet to US Court of Appeals for the Federal Circuit re 430 Notice of Appeal (Federal Circuit). (kmd) (Entered: 01/02/2020) |
| 01/07/2020 | | ORAL ORDER re 427 STIPULATION TO EXTEND TIME for the parties to file a motion to redact portions of the sealed transcript of the September 13, 2019 motions hearing to December 23, 2019 filed by HTC America Inc., HTC Corporation is denied as moot. Signed by Judge Joseph F. Bataillon on 01/07/2020. (AEV) (Entered: 01/07/2020) |
| 01/08/2020 | 431 | NOTICE of Docketing Record on Appeal from USCA for the Federal Circuit re 430 Notice of Appeal (Federal Circuit) filed by Evolved Wireless, LLC. USCA Case Number 20–1340. (kmd) (Entered: 01/08/2020) |

16.     Evolved Wireless owns, through assignments originating with LG Electronics, Inc. ("LG"), a standard-essential patent portfolio relating to LTE wireless communication systems. The portfolio, which includes United States Patent Nos. 7,746,916, 7,768,965, 7,809,373, 7,881,236, and 8,218,481 (collectively referred to herein as "LTE Patent Portfolio"), is essential to the 3GPP 36 Series technical specifications, including at least TS 36.211, .300, .321, .331, and .423.

17.     As an ETSI member, LG extensively participated in 3GPP Working Group meetings to develop the LTE standards. LG submitted numerous proposals for incorporation into the standards, and LG's research and development efforts solved significant technical challenges facing the standards. The LTE Patent Portfolio claims several of LG's technical solutions that solve technical challenges in wireless telecommunications technology.

18.     Evolved Wireless continues to innovate and contribute additional inventions to the LTE wireless communication system.

## OVERVIEW OF MOBILE TELECOMMUNICATIONS

19.     Mobile (cellular) phones and devices allow users to make or receive telephone calls and transmit and receive data wirelessly over a wide geographical area.

20.     Around 1980, first generation ("1G") mobile phones were introduced to the public. These phones used analog modulation techniques, specifically frequency division multiple access, to transmit voice calls.

21.     In the 1990s, second generation ("2G") phones emerged. These phones used digital technology, which permitted more efficient use of the radio spectrum than their 1G predecessor. While second generation systems were originally designed only for voice, they were later enhanced to include data transmission, but could only achieve low data rates.

22.     During the same time period of growth for 2G communications systems, overall use of the Internet also increased. In response to user demand for higher data rates, third generation ("3G") phones emerged.

23.     While voice calls traditionally dominated the traffic in mobile communications, the increasing number of mobile devices and the advancement of mobile device technology with increased features and data-hungry applications drove demand for faster and more reliable data transmissions. Data traffic over cellular networks has therefore increased dramatically since the mid to late 2000s.

24.     Given the increased demand for data, coupled with limited available radio spectrum, mobile communication developers were required to create a standard that, compared with 3G, offered much higher data rates, lower latency, and improved overall user experience. LTE is the result of this development.

## EVOLVED WIRELESS'S STANDARD-ESSENTIAL LTE PATENT PORTFOLIO

25.     Evolved Wireless's LTE Patent Portfolio is rooted in mobile telecommunications technology and solves particular problems arising in wireless cellular communications between mobile devices and cellular networks.

26.     The above-mentioned benefits of LTE, such as higher throughput and lower latency, could be achieved only after significant challenges were overcome. These challenges included at least interference management and signal processing. The LTE Patent Portfolio addresses some of these challenges and offers specific solutions to improve mobile device functionality over the prior art with faster, more reliable, and more efficient voice and data transmissions.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 7,809,373

94.     Evolved Wireless restates and realleges each of the allegations set forth above and incorporates them herein.

95.     HTC has infringed, induced infringement, and/or contributed to infringement of the '373 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '373 Patent, including but not limited to cellular telephones, tablet computers, and/or other devices with LTE capabilities and that comply with the LTE standards, including at least TS 36.211, .300, .321, .331, and .423.

96.     On information and belief, HTC has actively induced and is actively inducing third parties, such as HTC's customers, to directly infringe the '373 Patent in this District and elsewhere in the United States in violation of 35 U.S.C. § 271(b). On information and belief, HTC and/or its distributors or representatives have sold or otherwise provided cellular telephones, tablet computers, and/or other devices with LTE capabilities and that comply with the LTE standards to third parties, such as HTC's customers. HTC's customers, on information and belief, have directly infringed and are directly infringing the '373 Patent. Moreover, HTC specifically intends for and encourages its customers to use their products in violation of the '373 Patent. For example, by marketing and selling its cellular telephones, tablet computers, and/or other devices with LTE capabilities and that comply with the LTE standards, HTC has encouraged and is encouraging its customers to use the products to directly infringe the '373 Patent.

Case 20-1335    Document 69    Page 373    Filed 09/03/2020

97.    Further, on information and belief, HTC has also contributed to and is contributing to direct infringement of the '373 Patent by third parties, such as HTC's customers, in this District and elsewhere in the United States in violation of 35 U.S.C. § 271(c). On information and belief, HTC and/or its distributors or representatives have sold or otherwise provided cellular telephones, tablet computers, and/or other devices with LTE capabilities and that comply with the LTE standards to third parties, such as HTC's customers. HTC's customers, on information and belief, have directly infringed and are directly infringing the '373 Patent. Moreover, because the '373 Patent is essential to the LTE standards, HTC's cellular telephones, tablet computers, and/or other devices with LTE capabilities and that comply with the LTE standards are material in practicing the '373 Patent, are especially made to infringe the '373 Patent, and have no substantial non-infringing uses.

98.    HTC's LTE devices that infringe the '373 Patent include, but are not limited to, at least the devices listed in Appendix A.

99.    At least as early as the service of this Complaint, HTC has notice of the '373 Patent and the infringement alleged herein.

100.    At least as early as the service of this Complaint, HTC has knowingly induced others to directly infringe the '373 Patent.

101.    At least as early as the service of this Complaint, HTC has knowingly contributed to the infringement of the '373 Patent.

102.    At least as early as the service of this Complaint, HTC has willfully infringed the '373 Patent.

103.    HTC does not have a license or permission to use the claimed subject matter in the '373 Patent.

104.     HTC will continue to infringe the '373 Patent without a license unless otherwise ordered by this Court. As a result of HTC's infringement of the '373 Patent, Evolved Wireless has suffered damages and is entitled to monetary relief to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by HTC, together with interest and costs as fixed by the Court.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 7,881,236

105.     Evolved Wireless restates and realleges each of the allegations set forth above and incorporates them herein.

106.     HTC has infringed, induced infringement, and/or contributed to infringement of the '236 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '236 Patent, including but not limited to cellular telephones, tablet computers, and/or other devices with LTE capabilities and that comply with the LTE standards, including at least TS 36.211, .300, .321, .331, and .423.

107.     On information and belief, HTC has actively induced and is actively inducing third parties, such as HTC's customers, to directly infringe the '236 Patent in this District and elsewhere in the United States in violation of 35 U.S.C. § 271(b). On information and belief, HTC and/or its distributors or representatives have sold or otherwise provided cellular telephones, tablet computers, and/or other devices with LTE capabilities and that comply with the LTE standards to third parties, such as HTC's customers. HTC's customers, on information and belief, have directly infringed and are directly infringing the '236 Patent. Moreover, HTC specifically intends for and encourages its customers to use their products in violation of the '236

122.    At least as early as the service of this Complaint, HTC has knowingly induced others to directly infringe the '481 Patent.

123.    At least as early as the service of this Complaint, HTC has knowingly contributed to the infringement of the '481 Patent.

124.    At least as early as the service of this Complaint, HTC has willfully infringed the '481 Patent.

125.    HTC does not have a license or permission to use the claimed subject matter in the '481 Patent.

126.    HTC will continue to infringe the '481 Patent without a license unless otherwise ordered by this Court. As a result of HTC's infringement of the '481 Patent, Evolved Wireless has suffered damages and is entitled to monetary relief to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by HTC, together with interest and costs as fixed by the Court.

## DEMAND FOR TRIAL BY JURY

Evolved Wireless demands a jury trial on all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Evolved Wireless prays for the following relief:

1.    A declaration that HTC has infringed and is infringing at least one claim in Evolved Wireless's LTE Patent Portfolio;

2.    An order further entering a permanent injunction under 35 U.S.C. § 283 enjoining HTC and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with it, from

infringement of all claims in Evolved Wireless's LTE Patent Portfolio for which it is determined that HTC has and/or does infringe;

3.      If a permanent injunction is not granted, a judicial determination of the conditions for future infringement such as an ongoing royalty;

4.      An award of damages, including costs, expenses, pre-judgment and post-judgment interest, in an amount adequate to compensate Evolved Wireless for HTC's infringement of all claims in Evolved Wireless's LTE Patent Portfolio for which it is determined that HTC has and/or does infringe;

5.      An equitable accounting of damages owed by HTC for the period of infringement of Evolved Wireless's LTE Patent Portfolio, following the period of damages established by Evolved Wireless at trial;

6.      An award of enhanced damages, including that the damages be trebled pursuant to 35 U.S.C. § 284, for HTC's willful infringement of all claims in Evolved Wireless's LTE Patent Portfolio for which it is determined that HTC has and/or does infringe;

7.      A finding that this case is exceptional and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

8.      An award of costs, expenses, and disbursements; and

9.      Such other and further relief that Evolved Wireless may be entitled to in law and equity.

Dated: June 25, 2015

*Of Counsel:*

Christopher K. Larus
Andrea L. Gothing
Ryan M. Schultz
**Robins Kaplan LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
clarus@robinskaplan.com
agothing@robinskaplan.com
rschultz@robinskaplan.com

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com

**Counsel for Plaintiff Evolved Wireless, LLC**

that comply with the LTE standards are material in practicing the '965 Patent, are especially made to infringe the '965 Patent, and have no substantial non-infringing uses.

86.   Lenovo's LTE devices that infringe the '965 Patent include, but are not limited to, at least the devices listed in Appendix A.

87.   At least as early as the service of this Complaint, Lenovo has notice of the '965 Patent and the infringement alleged herein.

88.   At least as early as the service of this Complaint, Lenovo has knowingly induced others to directly infringe the '965 Patent.

89.   At least as early as the service of this Complaint, Lenovo has knowingly contributed to the infringement of the '965 Patent.

90.   At least as early as the service of this Complaint, Lenovo has willfully infringed the '965 Patent.

91.   Lenovo does not have a license or permission to use the claimed subject matter in the '965 Patent.

92.   Lenovo will continue to infringe the '965 Patent without a license unless otherwise ordered by this Court. As a result of Lenovo's infringement of the '965 Patent, Evolved Wireless has suffered damages and is entitled to monetary relief to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by Lenovo, together with interest and costs as fixed by the Court.

**COUNT III**

**INFRINGEMENT OF U.S. PATENT NO. 7,809,373**

93.   Evolved Wireless restates and realleges each of the allegations set forth above and incorporates them herein.

94.     Lenovo has infringed, induced infringement, and/or contributed to infringement of the '373 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '373 Patent, including but not limited to cellular telephones, tablet computers, and/or other devices with LTE capabilities and that comply with the LTE standards, including at least TS 36.211, .300, .321, .331, and .423.

95.     On information and belief, Lenovo has actively induced and is actively inducing third parties, such as Lenovo's customers, to directly infringe the '373 Patent in this District and elsewhere in the United States in violation of 35 U.S.C. § 271(b). On information and belief, Lenovo and/or its distributors or representatives have sold or otherwise provided cellular telephones, tablet computers, and/or other devices with LTE capabilities and that comply with the LTE standards to third parties, such as Lenovo's customers. Lenovo's customers, on information and belief, have directly infringed and are directly infringing the '373 Patent. Moreover, Lenovo specifically intends for and encourages its customers to use their products in violation of the '373 Patent. For example, by marketing and selling its cellular telephones, tablet computers, and/or other devices with LTE capabilities and that comply with the LTE standards, Lenovo has encouraged and is encouraging its customers to use the products to directly infringe the '373 Patent.

96.     Further, on information and belief, Lenovo has also contributed to and is contributing to direct infringement of the '373 Patent by third parties, such as Lenovo's customers, in this District and elsewhere in the United States in violation of 35 U.S.C. § 271(c). On information and belief, Lenovo and/or its distributors or representatives have sold or otherwise provided cellular telephones, tablet computers, and/or other devices with LTE

Appx789

capabilities and that comply with the LTE standards to third parties, such as Lenovo's customers.
Lenovo's customers, on information and belief, have directly infringed and are directly
infringing the '373 Patent. Moreover, because the '373 Patent is essential to the LTE standards,
Lenovo's cellular telephones, tablet computers, and/or other devices with LTE capabilities and
that comply with the LTE standards are material in practicing the '373 Patent, are especially
made to infringe the '373 Patent, and have no substantial non-infringing uses.

97.     Lenovo's LTE devices that infringe the '373 Patent include, but are not limited
to, at least the devices listed in Appendix A.

98.     At least as early as the service of this Complaint, Lenovo has notice of the '373
Patent and the infringement alleged herein.

99.     At least as early as the service of this Complaint, Lenovo has knowingly induced
others to directly infringe the '373 Patent.

100.    At least as early as the service of this Complaint, Lenovo has knowingly
contributed to the infringement of the '373 Patent.

101.    At least as early as the service of this Complaint, Lenovo has willfully infringed
the '373 Patent.

102.    Lenovo does not have a license or permission to use the claimed subject matter
in the '373 Patent.

103.    Lenovo will continue to infringe the '373 Patent without a license unless
otherwise ordered by this Court. As a result of Lenovo's infringement of the '373 Patent,
Evolved Wireless has suffered damages and is entitled to monetary relief to compensate for the
infringement, but in no event less than a reasonable royalty for the use made of the invention by
Lenovo, together with interest and costs as fixed by the Court.

123.     At least as early as the service of this Complaint, Lenovo has willfully infringed the '481 Patent.

124.     Lenovo does not have a license or permission to use the claimed subject matter in the '481 Patent.

125.     Lenovo will continue to infringe the '481 Patent without a license unless otherwise ordered by this Court. As a result of Lenovo's infringement of the '481 Patent, Evolved Wireless has suffered damages and is entitled to monetary relief to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by Lenovo, together with interest and costs as fixed by the Court.

## DEMAND FOR TRIAL BY JURY

Evolved Wireless demands a jury trial on all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Evolved Wireless prays for the following relief:

1.     A declaration that Lenovo has infringed and is infringing at least one claim in Evolved Wireless's LTE Patent Portfolio;

2.     An order further entering a permanent injunction under 35 U.S.C. § 283 enjoining Lenovo and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with it, from infringement of all claims in Evolved Wireless's LTE Patent Portfolio for which it is determined that Lenovo has and/or does infringe;

3.     If a permanent injunction is not granted, a judicial determination of the conditions for future infringement such as an ongoing royalty;

4.      An award of damages, including costs, expenses, pre-judgment and post-judgment interest, in an amount adequate to compensate Evolved Wireless for Lenovo's infringement of all claims in Evolved Wireless's LTE Patent Portfolio for which it is determined that Lenovo has and/or does infringe;

5.      An equitable accounting of damages owed by Lenovo for the period of infringement of Evolved Wireless's LTE Patent Portfolio, following the period of damages established by Evolved Wireless at trial;

6.      An award of enhanced damages, including that the damages be trebled pursuant to 35 U.S.C. § 284, for Lenovo's willful infringement of all claims in Evolved Wireless's LTE Patent Portfolio for which it is determined that Lenovo has and/or does infringe;

7.      A finding that this case is exceptional and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

8.      An award of costs, expenses, and disbursements; and

9.      Such other and further relief that Evolved Wireless may be entitled to in law and equity.

the field of telecommunications and the rights of the owners of IPRs."[1] "IPR holders whether members of ETSI and their AFFILIATES or third parties, should be adequately and fairly rewarded for the use of their IPRs in the implementation of STANDARDS and TECHNICAL SPECIFICATIONS."[2]

16.    3GPP participants are required to disclose intellectual property (including patents and patent applications) owned by them which they believe are or are likely to become essential, or might be essential, to any 3GPP standard, including LTE. Companies are also required by IPR policies to license their intellectual property on terms that are fair, reasonable, and non-discriminatory ("FRAND").[3] These policies bind all successors-in-interest to license essential intellectual property on FRAND terms.[4]

## EVOLVED WIRELESS

17.    Evolved Wireless restates and realleges each of the allegations set forth above and incorporates them herein.

18.    Evolved Wireless owns, through assignments originating with LG Electronics, Inc. ("LG"), a standard-essential patent portfolio relating to LTE wireless communication systems. The portfolio, which includes United States Patent Nos. 7,746,916, 7,768,965, 7,809,373, 7,881,236, and 8,218,481 (collectively referred to herein as "LTE Patent Portfolio"), is essential to the 3GPP 36 Series technical specifications, including at least TS 36.211, .300, .321, .331, and .423.

---

[1] ETSI Rules of Procedure, Annex 6: ETSI Intellectual Property Rights Policy § 3.1 (2014), *available at* http://www.etsi.org/images/files/IPR/etsi-ipr-policy.pdf.
[2] *Id.* § 3.2.
[3] *Id.* § 6.1.
[4] *Id.* § 6.1bis.

19.     As an ETSI member, LG extensively participated in 3GPP Working Group meetings to develop the LTE standards. LG submitted numerous proposals for incorporation into the standards, and LG's research and development efforts solved significant technical challenges facing the standards. The LTE Patent Portfolio claims several of LG's technical solutions that solve technical challenges in wireless telecommunications technology.

20.     Evolved Wireless continues to innovate and contribute additional inventions to the LTE wireless communication system.

## OVERVIEW OF MOBILE TELECOMMUNICATIONS

21.     Mobile (cellular) phones and devices allow users to make or receive telephone calls and transmit and receive data wirelessly over a wide geographical area.

22.     Around 1980, first generation ("1G") mobile phones were introduced to the public. These phones used analog modulation techniques, specifically frequency division multiple access, to transmit voice calls.

23.     In the 1990s, second generation ("2G") phones emerged. These phones used digital technology, which permitted more efficient use of the radio spectrum than their 1G predecessor. While second generation systems were originally designed only for voice, they were later enhanced to include data transmission, but could only achieve low data rates.

24.     During the same time period of growth for 2G communications systems, overall use of the Internet also increased. In response to user demand for higher data rates, third generation ("3G") phones emerged.

25.     While voice calls traditionally dominated the traffic in mobile communications, the increasing number of mobile devices and the advancement of mobile device technology with increased features and data-hungry applications drove demand for faster and more reliable data

transmissions. Data traffic over cellular networks has therefore increased dramatically since the mid to late 2000s.

26.      Given the increased demand for data, coupled with limited available radio spectrum, mobile communication developers were required to create a standard that, compared with 3G, offered much higher data rates, lower latency, and improved overall user experience. LTE is the result of this development.

## EVOLVED WIRELESS'S STANDARD-ESSENTIAL LTE PATENT PORTFOLIO

27.      Evolved Wireless's LTE Patent Portfolio is rooted in mobile telecommunications technology and solves particular problems arising in wireless cellular communications between mobile devices and cellular networks.

28.      The above-mentioned benefits of LTE, such as higher throughput and lower latency, could be achieved only after significant challenges were overcome. These challenges included at least interference management and signal processing. The LTE Patent Portfolio addresses some of these challenges and offers specific solutions to improve mobile device functionality over the prior art with faster, more reliable, and more efficient voice and data transmissions.

## UNITED STATES PATENT NO. 7,746,916 ("THE '916 PATENT")

29.      United States Patent No. 7,746,916 ("the '916 Patent"), entitled "Method and Apparatus for Generating and Transmitting Code Sequence in a Wireless Communication System," was issued on June 29, 2010. Evolved Wireless is the owner and assignee of the '916 Patent.

30.      On November 29, 2006, the '916 Patent inventors assigned the entire right, title, and interest of the '916 Patent to LG, which was duly recorded in the U.S. Patent and Trademark

91.     Samsung does not have a license or permission to use the claimed subject matter in the '965 Patent.

92.     Samsung will continue to infringe the '965 Patent without a license unless otherwise ordered by this Court. As a result of Samsung's infringement of the '965 Patent, Evolved Wireless has suffered damages and is entitled to monetary relief to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

<div align="center">

**COUNT III**

**INFRINGEMENT OF U.S. PATENT NO. 7,809,373**

</div>

93.     Evolved Wireless restates and realleges each of the allegations set forth above and incorporates them herein.

94.     Samsung has infringed, induced infringement, and/or contributed to infringement of the '373 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '373 Patent, including but not limited to cellular telephones, tablet computers, and/or other devices with LTE capabilities and that comply with the LTE standards, including at least TS 36.211, .300, .321, .331, and .423.

95.     On information and belief, Samsung has actively induced and is actively inducing third parties, such as Samsung's customers, to directly infringe the '373 patent in this District and elsewhere in the United States in violation of 35 U.S.C. § 271(b). On information and belief, Samsung and/or its distributors or representatives have sold or otherwise provided cellular telephones, tablet computers, and/or other devices with LTE capabilities and that comply

with the LTE standards to third parties, such as Samsung's customers. Samsung's customers, on information and belief, have directly infringed and are directly infringing the '373 patent. Moreover, Samsung specifically intends for and encourages its customers to use their products in violation of the '373 patent. For example, by marketing and selling its cellular telephones, tablet computers, and/or other devices with LTE capabilities and that comply with the LTE standards, Samsung has encouraged and is encouraging its customers to use the products to directly infringe the '373 patent.

96.     Further, on information and belief, Samsung has also contributed to and is contributing to direct infringement of the '373 Patent by third parties, such as Samsung's customers, in this District and elsewhere in the United States in violation of 35 U.S.C. § 271(c). On information and belief, Samsung and/or its distributors or representatives have sold or otherwise provided cellular telephones, tablet computers, and/or other devices with LTE capabilities and that comply with the LTE standards to third parties, such as Samsung's customers. Samsung's customers, on information and belief, have directly infringed and are directly infringing the '373 patent. Moreover, because the '373 Patent is essential to the LTE standards, Samsung's cellular telephones, tablet computers, and/or other devices with LTE capabilities and that comply with the LTE standards are material in practicing the '373 Patent, are especially made to infringe the '373 Patent, and have no substantial non-infringing uses.

97.     Samsung's LTE devices that infringe the '373 Patent include, but are not limited to, at least the devices listed in Appendix A.

98.     As of the service of the original Complaint in this lawsuit on July 2, 2015, Samsung has notice of the '373 Patent and the infringement alleged herein.

99.     As of the service of the original Complaint in this lawsuit on July 2, 2015, Samsung has knowingly induced others to directly infringe the '373 Patent.

100.    As of the service of the original Complaint in this lawsuit on July 2, 2015, Samsung has knowingly contributed to the infringement of the '373 Patent.

101.    Samsung does not have a license or permission to use the claimed subject matter in the '373 Patent.

102.    Samsung will continue to infringe the '373 Patent without a license unless otherwise ordered by this Court. As a result of Samsung's infringement of the '373 Patent, Evolved Wireless has suffered damages and is entitled to monetary relief to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 7,881,236

103.    Evolved Wireless restates and realleges each of the allegations set forth above and incorporates them herein.

104.    Samsung has infringed, induced infringement, and/or contributed to infringement of the '236 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '236 Patent, including but not limited to cellular telephones, tablet computers, and/or other devices with LTE capabilities and that comply with the LTE standards, including at least TS 36.211, .300, .321, .331, and .423.

standards, Samsung's cellular telephones, tablet computers, and/or other devices with LTE capabilities and that comply with the LTE standards are material in practicing the '481 Patent, are especially made to infringe the '481 Patent, and have no substantial non-infringing uses.

117.    Samsung's LTE devices that infringe the '481 Patent include, but are not limited to, at least the devices listed in Appendix A.

118.    As of the service of the original Complaint in this lawsuit on July 2, 2015, Samsung has notice of the '481 Patent and the infringement alleged herein.

119.    As of the service of the original Complaint in this lawsuit on July 2, 2015, Samsung has knowingly induced others to directly infringe the '481 Patent.

120.    As of the service of the original Complaint in this lawsuit on July 2, 2015, Samsung has knowingly contributed to the infringement of the '481 Patent.

121.    Samsung does not have a license or permission to use the claimed subject matter in the '481 Patent.

122.    Samsung will continue to infringe the '481 Patent without a license unless otherwise ordered by this Court. As a result of Samsung's infringement of the '481 Patent, Evolved Wireless has suffered damages and is entitled to monetary relief to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

## DEMAND FOR TRIAL BY JURY

Evolved Wireless demands a jury trial on all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Evolved Wireless prays for the following relief:

Case 20-1335   Document 69   Page 390   Filed 09/03/2020

1.     A declaration that Samsung has infringed and is infringing at least one claim in Evolved Wireless's LTE Patent Portfolio;

2.     An order further entering a permanent injunction under 35 U.S.C. § 283 enjoining Samsung and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with it, from infringement of all claims in Evolved Wireless's LTE Patent Portfolio for which it is determined that Samsung has and/or does infringe;

3.     If a permanent injunction is not granted, a judicial determination of the conditions for future infringement such as an ongoing royalty;

4.     An award of damages, including costs, expenses, pre-judgment and post-judgment interest, in an amount adequate to compensate Evolved Wireless for Samsung's infringement of all claims in Evolved Wireless's LTE Patent Portfolio for which it is determined that Samsung has and/or does infringe;

5.     An equitable accounting of damages owed by Samsung for the period of infringement of Evolved Wireless's LTE Patent Portfolio, following the period of damages established by Evolved Wireless at trial;

6.     A finding that this case is exceptional and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

7.     An award of costs, expenses, and disbursements; and

8.     Such other and further relief that Evolved Wireless may be entitled to in law and equity.

87.     ZTE's LTE devices that infringe the '965 Patent include, but are not limited to, at least the devices listed in Appendix A.

88.     At least as early as the service of this Complaint, ZTE has notice of the '965 Patent and the infringement alleged herein.

89.     At least as early as the service of this Complaint, ZTE has knowingly induced others to directly infringe the '965 Patent.

90.     At least as early as the service of this Complaint, ZTE has knowingly contributed to the infringement of the '965 Patent.

91.     At least as early as the service of this Complaint, ZTE has willfully infringed the '965 Patent.

92.     ZTE does not have a license or permission to use the claimed subject matter in the '965 Patent.

93.     ZTE will continue to infringe the '965 Patent without a license unless otherwise ordered by this Court. As a result of ZTE's infringement of the '965 Patent, Evolved Wireless has suffered damages and is entitled to monetary relief to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by ZTE, together with interest and costs as fixed by the Court.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 7,809,373

94.     Evolved Wireless restates and realleges each of the allegations set forth above and incorporates them herein.

95.     ZTE has infringed, induced infringement, and/or contributed to infringement of the '373 Patent by making, using, selling, offering for sale, or importing into the United States,

or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '373 Patent, including but not limited to cellular telephones and/or other devices with LTE capabilities and that comply with the LTE standards, including at least TS 36.211, .300, .321, .331, and .423.

96.     On information and belief, ZTE has actively induced and is actively inducing third parties, such as ZTE's customers, to directly infringe the '373 Patent in this District and elsewhere in the United States in violation of 35 U.S.C. § 271(b). On information and belief, ZTE and/or its distributors or representatives have sold or otherwise provided cellular telephones and/or other devices with LTE capabilities and that comply with the LTE standards to third parties, such as ZTE's customers. ZTE's customers, on information and belief, have directly infringed and are directly infringing the '373 Patent. Moreover, ZTE specifically intends for and encourages its customers to use their products in violation of the '373 Patent. For example, by marketing and selling its cellular telephones and/or other devices with LTE capabilities and that comply with the LTE standards, ZTE has encouraged and is encouraging its customers to use the products to directly infringe the '373 Patent.

97.     Further, on information and belief, ZTE has also contributed to and is contributing to direct infringement of the '373 Patent by third parties, such as ZTE's customers, in this District and elsewhere in the United States in violation of 35 U.S.C. § 271(c). On information and belief, ZTE and/or its distributors or representatives have sold or otherwise provided cellular telephones and/or other devices with LTE capabilities and that comply with the LTE standards to third parties, such as ZTE's customers. ZTE's customers, on information and belief, have directly infringed and are directly infringing the '373 Patent. Moreover, because the '373 Patent is essential to the LTE standards, ZTE's cellular telephones and/or other devices

with LTE capabilities and that comply with the LTE standards are material in practicing the '373 Patent, are especially made to infringe the '373 Patent, and have no substantial non-infringing uses.

98.     ZTE's LTE devices that infringe the '373 Patent include, but are not limited to, at least the devices listed in Appendix A.

99.     At least as early as the service of this Complaint, ZTE has notice of the '373 Patent and the infringement alleged herein.

100.    At least as early as the service of this Complaint, ZTE has knowingly induced others to directly infringe the '373 Patent.

101.    At least as early as the service of this Complaint, ZTE has knowingly contributed to the infringement of the '373 Patent.

102.    At least as early as the service of this Complaint, ZTE has willfully infringed the '373 Patent.

103.    ZTE does not have a license or permission to use the claimed subject matter in the '373 Patent.

104.    ZTE will continue to infringe the '373 Patent without a license unless otherwise ordered by this Court. As a result of ZTE's infringement of the '373 Patent, Evolved Wireless has suffered damages and is entitled to monetary relief to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by ZTE, together with interest and costs as fixed by the Court.

125.     ZTE does not have a license or permission to use the claimed subject matter in the '481 Patent.

126.     ZTE will continue to infringe the '481 Patent without a license unless otherwise ordered by this Court. As a result of ZTE's infringement of the '481 Patent, Evolved Wireless has suffered damages and is entitled to monetary relief to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by ZTE, together with interest and costs as fixed by the Court.

## DEMAND FOR TRIAL BY JURY

Evolved Wireless demands a jury trial on all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Evolved Wireless prays for the following relief:

1.     A declaration that ZTE has infringed and is infringing at least one claim in Evolved Wireless's LTE Patent Portfolio;

2.     An order further entering a permanent injunction under 35 U.S.C. § 283 enjoining ZTE and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with it, from infringement of all claims in Evolved Wireless's LTE Patent Portfolio for which it is determined that ZTE has and/or does infringe;

3.     If a permanent injunction is not granted, a judicial determination of the conditions for future infringement such as an ongoing royalty;

4.     An award of damages, including costs, expenses, pre-judgment and post-judgment interest, in an amount adequate to compensate Evolved Wireless for ZTE's infringement of all

claims in Evolved Wireless's LTE Patent Portfolio for which it is determined that ZTE has and/or does infringe;

5.      An equitable accounting of damages owed by ZTE for the period of infringement of Evolved Wireless's LTE Patent Portfolio, following the period of damages established by Evolved Wireless at trial;

6.      An award of enhanced damages, including that the damages be trebled pursuant to 35 U.S.C. § 284, for ZTE's willful infringement of all claims in Evolved Wireless's LTE Patent Portfolio for which it is determined that ZTE has and/or does infringe;

7.      A finding that this case is exceptional and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

8.      An award of costs, expenses, and disbursements; and

9.      Such other and further relief that Evolved Wireless may be entitled to in law and equity.

Case 20-1335   Document 69   Page: 396   Filed: 09/03/2020

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 7,809,373

96.     Evolved Wireless restates and realleges each of the allegations set forth above and incorporates them herein.

97.     Microsoft has infringed, induced infringement, and/or contributed to infringement of the '373 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '373 Patent, including but not limited to cellular telephones, tablet computers, and/or other devices with LTE capabilities and that comply with the LTE standards, including at least TS 36.211, .300, .321, .331, and .423.

98.     On information and belief, Microsoft has actively induced and is actively inducing third parties, such as Microsoft's customers, to directly infringe the '373 Patent in this District and elsewhere in the United States in violation of 35 U.S.C. § 271(b). On information and belief, Microsoft and/or its distributors or representatives have sold or otherwise provided cellular telephones, tablet computers, and/or other devices with LTE capabilities and that comply with the LTE standards to third parties, such as Microsoft's customers. Microsoft's customers, on information and belief, have directly infringed and are directly infringing the '373 Patent. Moreover, Microsoft specifically intends for and encourages its customers to use their products in violation of the '373 Patent. For example, by marketing and selling its cellular telephones, tablet computers, and/or other devices with LTE capabilities and that comply with the LTE standards, Microsoft has encouraged and is encouraging its customers to use the products to directly infringe the '373 Patent.

99.     Further, on information and belief, Microsoft has also contributed to and is contributing to direct infringement of the '373 Patent by third parties, such as Microsoft's customers, in this District and elsewhere in the United States in violation of 35 U.S.C. § 271(c). On information and belief, Microsoft and/or its distributors or representatives have sold or otherwise provided cellular telephones, tablet computers, and/or other devices with LTE capabilities and that comply with the LTE standards to third parties, such as Microsoft's customers. Microsoft's customers, on information and belief, have directly infringed and are directly infringing the '373 Patent. Moreover, because the '373 Patent is essential to the LTE standards, Microsoft's cellular telephones, tablet computers, and/or other devices with LTE capabilities and that comply with the LTE standards are material in practicing the '373 Patent, are especially made to infringe the '373 Patent, and have no substantial non-infringing uses.

100.     Microsoft's LTE devices that infringe the '373 Patent include, but are not limited to, at least the devices listed in Appendix A.

101.     At least as early as the service of this Complaint, Microsoft has notice of the '373 Patent and the infringement alleged herein.

102.     At least as early as the service of this Complaint, Microsoft has knowingly induced others to directly infringe the '373 Patent.

103.     At least as early as the service of this Complaint, Microsoft has knowingly contributed to the infringement of the '373 Patent.

104.     At least as early as the service of this Complaint, Microsoft has willfully infringed the '373 Patent.

105.     Microsoft does not have a license or permission to use the claimed subject matter in the '373 Patent.

106.     Microsoft will continue to infringe the '373 Patent without a license unless otherwise ordered by this Court. As a result of Microsoft's infringement of the '373 Patent, Evolved Wireless has suffered damages and is entitled to monetary relief to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by Microsoft, together with interest and costs as fixed by the Court.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 7,881,236

107.     Evolved Wireless restates and realleges each of the allegations set forth above and incorporates them herein.

108.     Microsoft has infringed, induced infringement, and/or contributed to infringement of the '236 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '236 Patent, including but not limited to cellular telephones, tablet computers, and/or other devices with LTE capabilities and that comply with the LTE standards, including at least TS 36.211, .300, .321, .331, and .423.

109.     On information and belief, Microsoft has actively induced and is actively inducing third parties, such as Microsoft's customers, to directly infringe the '236 Patent in this District and elsewhere in the United States in violation of 35 U.S.C. § 271(b). On information and belief, Microsoft and/or its distributors or representatives have sold or otherwise provided cellular telephones, tablet computers, and/or other devices with LTE capabilities and that comply with the LTE standards to third parties, such as Microsoft's customers. Microsoft's customers, on information and belief, have directly infringed and are directly infringing the '236 Patent. Moreover, Microsoft specifically intends for and encourages its customers to use their products in

124.    At least as early as the service of this Complaint, Microsoft has knowingly induced others to directly infringe the '481 Patent.

125.    At least as early as the service of this Complaint, Microsoft has knowingly contributed to the infringement of the '481 Patent.

126.    At least as early as the service of this Complaint, Microsoft has willfully infringed the '481 Patent.

127.    Microsoft does not have a license or permission to use the claimed subject matter in the '481 Patent.

128.    Microsoft will continue to infringe the '481 Patent without a license unless otherwise ordered by this Court. As a result of Microsoft's infringement of the '481 Patent, Evolved Wireless has suffered damages and is entitled to monetary relief to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by Microsoft, together with interest and costs as fixed by the Court.

## DEMAND FOR TRIAL BY JURY

Evolved Wireless demands a jury trial on all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Evolved Wireless prays for the following relief:

1.    A declaration that Microsoft has infringed and is infringing at least one claim in Evolved Wireless's LTE Patent Portfolio;

2.    An order further entering a permanent injunction under 35 U.S.C. § 283 enjoining Microsoft and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with it, from

infringement of all claims in Evolved Wireless's LTE Patent Portfolio for which it is determined that Microsoft has and/or does infringe;

3. If a permanent injunction is not granted, a judicial determination of the conditions for future infringement such as an ongoing royalty;

4. An award of damages, including costs, expenses, pre-judgment and post-judgment interest, in an amount adequate to compensate Evolved Wireless for Microsoft's infringement of all claims in Evolved Wireless's LTE Patent Portfolio for which it is determined that Microsoft has and/or does infringe;

5. An equitable accounting of damages owed by Microsoft for the period of infringement of Evolved Wireless's LTE Patent Portfolio, following the period of damages established by Evolved Wireless at trial;

6. An award of enhanced damages, including that the damages be trebled pursuant to 35 U.S.C. § 284, for Microsoft's willful infringement of all claims in Evolved Wireless's LTE Patent Portfolio for which it is determined that Microsoft has and/or does infringe;

7. A finding that this case is exceptional and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

8. An award of costs, expenses, and disbursements; and

9. Such other and further relief that Evolved Wireless may be entitled to in law and equity.

### DEFENSE NO. 5:   WAIVER THROUGH UNTIMELY DISCLOSURE TO ETSI

133.    Upon information and belief, LGE failed to timely disclose the Patents-in-Suit

(or patents or patent applications within the same families) in accordance with the requirements

of the ETSI IPR Policy.  Clause 4.1 of the ETSI IPR Policy required, at all relevant times, that

"each MEMBER shall use its reasonable endeavours, in particular during the development of a

STANDARD or TECHNICAL SPECIFICATION where it participates, to inform ETSI of

ESSENTIAL IPRs in a timely fashion. In particular, a MEMBER submitting a technical proposal

for a STANDARD or TECHNICAL SPECIFICATION shall, on a bona fide basis, draw the

attention of ETSI to any of that MEMBER's IPR which might be ESSENTIAL if that proposal is

adopted."

134.    Upon information and belief, LGE violated ETSI's disclosure requirement and

breached its obligations to ETSI and its members by failing timely to disclose the existence of its

claimed IPR during the development of the LTE standard, while advocating for the adoption of

technologies into the LTE standard that it apparently believed were covered by the Patents-in-

Suit.  LGE's standards-setting misconduct constitutes at a waiver of LGE's rights—as well as the

rights of LGE's successors-in-interest to the Patents-in-Suit—to enforce any declared-essential

patents against any entity practicing the standard.  Thus, this waiver renders the Patents-in-Suit

unenforceable against Defendants.

### DEFENSE NO. 6:   UNENFORCEABILITY

135.    One or more of the Patents-in-Suit are unenforceable against Defendants because

of the doctrines of estoppel, laches, unclean hands, patent exhaustion, implied license, and/or

other equitable doctrines. Evolved has engaged in standards-setting misconduct, including

without limitation Evolved's breach of its commitments to license declared-essential patents on FRAND terms.

### DEFENSE NO. 7:   LICENSE

136.    To the extent that the Patents-in-Suit are essential to any ETSI or 3GPP standard, and to the extent that any of the alleged inventions described in and allegedly covered by the Patents-in-Suit are used, manufactured, or sold by or for Defendants, their suppliers, and/or their customers, Defendants have a license to the Patents-in-Suit pursuant to Evolved's contractual obligation to license it the Patents-in-Suit on FRAND terms; or, in the alternative, Defendants have the irrevocable right to a license on FRAND terms to the Patents-in-Suit.

137.    On information and belief, one or more of the manufacturers or suppliers of any such component or subsystem allegedly embodying the claimed inventions of the Patents-in-Suit are licensed to practice the claimed inventions, and therefore Evolved's claims are barred under the doctrine of patent exhaustion.

### DEFENSE NO. 8:   PROSECUTION HISTORY ESTOPPEL

138.    Defendants have not, and are not, infringing the claims of the Patents-in-Suit at least due to statements, representations, admissions, elections, positions, concessions and filings made to the United States Patent and Trademark Office during the prosecution of the applications that matured into the Patents-in-Suit that, in part or collectively, constitute prosecution history estoppel barring Evolved from asserting that the claims of the patents encompass or are infringed by any product or activity of Defendants.

### DEFENSE NO. 9:   LIMITATIONS OF RECOVERY

139.    Evolved's claim for damages is barred, in whole or in part, by a failure to satisfy the requirements of 35 U.S.C. § 287.  Evolved therefore is not entitled to damages arising before

## ELEVENTH DEFENSE

To the extent Plaintiff, its alleged predecessors in interest to the '916 Patent, '965 Patent, '373 Patent, '236 Patent, and/or the '481 Patent and each of its respective licensees, failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Defendant's actions allegedly infringed the '916 Patent, '965 Patent, '373 Patent, '236 Patent, and/or the '481 Patent, Defendant is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '916 Patent, '965 Patent, '373 Patent, '236 Patent, and/or the '481 Patent.

## TWELFTH DEFENSE

Plaintiff's requested relief is barred, at least in part, by 28 U.S.C. § 1498 to the extent it claims infringement of devices used by, sold to and/or designed for the United States.

## THIRTEENTH DEFENSE

Plaintiff's requested relief is barred or otherwise limited based on exhaustion, express or implied license, the "first sale" doctrine, restrictions on double recovery, and/or waiver of the asserted patents as well as the claimed technology.

## FOURTEENTH DEFENSE

To the extent that Plaintiff is not the sole and total owner of each of the '916 Patent, '965 Patent, '373 Patent, '236 Patent, and/or the '481 Patent as of the filing date of the Complaint, Plaintiff lacks standing to bring one or more claims in this lawsuit.

## FIFTEENTH DEFENSE

Plaintiff's claim for damages may also be limited by FRAND principles if Plaintiff contends one or more of the patents are essential and Plaintiff or its alleged predecessors in interest to the '916 Patent, '965 Patent, '373 Patent, '236 Patent, and/or the '481 Patent

estops Evolved from enforcing the Patents-in-Suit against Samsung. Those commitments

benefit, and were necessarily relied upon by, ETSI, ETSI's members (including Samsung

entities), and suppliers (including Samsung entities) of sub-systems, components, and products

(sold to end users or otherwise) that support the standard.

134.    Additionally, Evolved's and/or LG's failure to comply with its FRAND

obligations constitutes patent misuse and unclean hands, which preclude Evolved from obtaining

relief in this action.

## SEVENTH DEFENSE

### (License and/or Patent Exhaustion)

135.    To the extent the Patents-in-Suit are found to be essential to any 3GPP or ETSI

standard and to the extent any of the alleged inventions described in, and allegedly covered by,

any of the Patents-in-Suit are used, manufactured, and/or sold by or for Samsung, its suppliers,

and/or its customers, Samsung has a license and/or the irrevocable right to be licensed on

FRAND terms under those patents.

136.    On information and belief, one or more of the manufacturers or suppliers of any

component or sub-system allegedly embodying the claimed inventions of the Patents-in-Suit are

licensed to practice the claimed inventions, and therefore Samsung is licensed. Alternatively,

Evolved's claims are barred under the doctrine of patent exhaustion.

## EIGHTH DEFENSE

### (Prosecution History Estoppel and Disclaimer)

137.    Evolved's claims are barred in whole or in part by the doctrines of prosecution

history estoppel and/or prosecution disclaimer. Samsung has not, and is not, infringing the

claims of the Patents-in-Suit at least due to statements, representations, admissions, elections,

20

## FIRST DEFENSE

129.    ZTE does not and has not infringed any valid and enforceable claim of U.S. Patent Nos. 7,746,916; 7,768,965; 7,809,373; 7,881,236; or 8,218,481 (collectively, the "patents-in-suit") literally, under the doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, and/or via any other mechanism of liability.

## SECOND DEFENSE

130.    Each of the claims of the patents-in-suit is invalid and/or unenforceable for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, including without limitation, for example, Sections 101, 102, 103, and 112.

## THIRD DEFENSE

131.    Plaintiff's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to ZTE by (or by ZTE to) any entity or entities having express or implied licenses to the patents-in-suit and/or (ii) under the doctrine of patent exhaustion.

## FOURTH DEFENSE

132.    Plaintiff is barred in whole or in part under principles of equity, including without limitation, laches, prosecution laches, prosecution history estoppel and disclaimer, waiver, estoppel, and/or unclean hands.

## FIFTH DEFENSE

133.    Any claim by Plaintiff for damages is limited under 35 U.S.C. §§ 286 or 287.  Plaintiff is barred under 35 U.S.C. § 287 from recovering damages prior to the date of the filing of the Complaint.  Plaintiff is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

## SIXTH DEFENSE

134.    Plaintiff has failed to provide adequate evidence of ownership of the patents-in-suit.

ACTIVE/ 82159438.1

Evolved Wireless's failure to provide FRAND licensing terms breaches its FRAND duties, which Microsoft has standing to assert as an intended third-party beneficiary of those duties. Further, Evolved Wireless's failure to comply with its FRAND obligations estops Evolved Wireless from enforcing the Patents-in-Suit against Microsoft. Additionally, Evolved Wireless's failure to comply with its FRAND obligations constitutes patent misuse and unclean hands, which preclude Evolved Wireless from obtaining relief in this action.

## TENTH DEFENSE

One or more of the Patents-in-Suit are unenforceable against Microsoft because of the doctrines of estoppel, promissory estoppel, laches, unclean hands, patent exhaustion, license, implied license, and/or other equitable doctrines. For example, Evolved Wireless has engaged in standards-setting misconduct, including without limitation Evolved Wireless's breach of its duty to license declared-essential patents on FRAND terms.

## RESERVATION OF RIGHTS

In pleading these defenses, Defendants have not knowingly or intentionally waived any applicable defenses. Defendants reserve the right to assert and rely upon any other applicable defenses that may become available or apparent during the course of this action. Defendants reserve the right to amend or to seek to amend their answer or affirmative defenses.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendants assert the following counterclaims against Evolved Wireless LLC.

## NATURE OF ACTION

1.      These Counterclaims arise from Evolved Wireless's allegations of infringement of United States Patent Nos. 7,746,916 ("the '916 patent"), 7,768,965 ("the '965

| | | |
|---|---|---|
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 15-546-JFB-SRF |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| ZTE (USA) INC., | ) | **CONFIDENTIAL-** |
| | ) | **ATTORNEYS' EYES ONLY-** |
| Defendant. | ) | **FILED UNDER SEAL** |
| | ) | |
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 15-547-JFB-SRF |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| MICROSOFT CORPORATION, MICROSOFT | ) | **CONFIDENTIAL-** |
| MOBILE OY and NOKIA INC., | ) | **ATTORNEYS' EYES ONLY-** |
| | ) | **FILED UNDER SEAL** |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
OF COVENANT NOT TO SUE
WITH RESPECT TO U.S. PATENT NO. 7,809,373**

Defendants Apple Inc., HTC Corporation, HTC America, Inc., Lenovo (United States) Inc., Motorola Mobility LLC, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., ZTE (USA) Inc., Microsoft Corporation, Microsoft Mobile Oy, and Microsoft Mobile Inc. (f/k/a Nokia Inc.) (collectively, "Defendants") hereby respectfully move pursuant to Federal Rule of Civil Procedure 56 for summary judgment that Evolved Wireless LLC's ("Evolved") infringement claims as to the U.S. Patent No. 7,809,373 are barred with respect to Defendants' accused products that incorporate Qualcomm baseband chipsets, based on: (i) a covenant not to assert against Qualcomm's customers that Evolved inherited from LG Electronics through Evolved's purchase of the '373 patent from LG Electronics; and (ii) that Evolved's patent rights in the '373 patent for Defendants' accused products have been exhausted through LG Electronics' covenant not to assert against Qualcomm and Qualcomm's sale of its baseband chipsets to Defendants for use in Defendants' accused devices. The grounds for Defendants' motion are fully set forth in an opening brief filed concurrently with this motion.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By:  */s/ David E. Moore*
     David E. Moore (#3983)

Michael D. Jay
Bill Ward, Ph.D.
Nandan R. Padmanabhan
Micol Small
Martin Ellison
BOIES, SCHILLER & FLEXNER LLP
401 Wilshire Blvd., Suite 850
Santa Monica, CA 90401
Tel:  (310) 752-2400

Steven Holtzman
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Tel:  (510) 874 1000

     Bindu A. Palapura (#5370)
     Stephanie E. O'Byrne (#4446)
     Hercules Plaza, 6th Floor
     1313 N. Market Street
     Wilmington, DE  19801
     Tel:  (302) 984-6000
     dmoore@potteranderson.com
     bpalapura@potteranderson.com
     sobyrne@potteranderson.com

     *Counsel for Defendant Apple Inc.*

OF COUNSEL:

Stephen S. Korniczky
Martin R. Bader
SHEPPARD, MULLIN, RICHTER &
    HAMPTON, LLP
12275 El Camino Real, Suite 200
San Diego, CA 92130
Tel:  (858) 720-8900

POTTER ANDERSON & CORROON LLP

By:  */s/ Philip A. Rovner*
    Philip A. Rovner (#3215)
    Jonathan A. Choa (#5319)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE  19801
    Tel:  (302) 984-6000
    provner@potteranderson.com
    jchoa@potteranderson.com

*Counsel for Defendants HTC Corporation and
HTC America, Inc.*

OF COUNSEL:

Mitchell G. Stockwell
Richard W. Goldstucker
Shayne E. O'Reilly
KILPATRICK TOWNSEND AND STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309
Tel:  (404) 815-6500

Taylor H. Ludlam
KILPATRICK TOWNSEND AND STOCKTON LLP
4208 Six Forks Road, Suite 1400
Raleigh, NC  27609
Tel:  (919) 420-1700

POTTER ANDERSON & CORROON LLP

By:  */s/ David E. Moore*
    David E. Moore (#3983)
    Bindu A. Palapura (#5370)
    Stephanie E. O'Byrne (#4446)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE  19801
    Tel:  (302) 984-6000
    dmoore@potteranderson.com
    bpalapura@potteranderson.com
    sobyrne@potteranderson.com

*Counsel for Defendants Lenovo Group Ltd., Lenovo
(United States) Inc. and Motorola Mobility LLC*

OF COUNSEL:

Kevin P.B. Johnson
Victoria F. Maroulis
Todd M. Briggs
Charles M. Stiernberg
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Tel:  (650) 801-5100

SHAW KELLER LLP

By:  */s/ Andrew E. Russell*
    John W. Shaw (#3362)
    Karen E. Keller (#4489)
    Andrew E. Russell (#5382)
    David M. Fry (#5486)
    I.M. Pei Building
    1105 N. Market Street, 12th Floor
    Wilmington, DE 19801
    Tel:  (302) 298-0700
    jshaw@shawkeller.com
    kkeller@shawkeller.com
    arussell@shawkeller.com
    dfry@shawkeller.com

*Counsel for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

OF COUNSEL:

Jay H. Reiziss
Natalie A. Bennett
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street, N.W.
Washington, DC 20001
Tel:  (202) 756-8000

Charles M. McMahon
Hersh H. Mehta
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago, IL 60606
Tel:  (312) 372-2000

RICHARDS, LAYTON & FINGER, P.A.

By:  */s/ Travis S. Hunter*
    Kelly E. Farnan (#4395)
    Travis S. Hunter (#5350)
    920 N. King Street
    Wilmington, Delaware 19801
    Tel:  (302) 651-7700
    farnan@rlf.com
    hunter@rlf.com

*Counsel for Defendant ZTE (USA) Inc.*

OF COUNSEL:

Richard A. Cederoth
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Tel:  (312) 853-7000

Ellen S. Robbins
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Tel:  (213) 896-6000

Joseph A. Micallef
Wonjoo Suh
Anna M. Weinberg
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Tel:  (202) 736-8000

Dated:  August 31, 2017
5379911 / (42622/42637)

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

By:  */s/ Rodger D. Smith II*
    Rodger D. Smith II (#3778)
    Jeremy A. Tigan (#5239)
    1201 North Market Street
    P.O. Box 1347
    Wilmington, DE 19801
    Tel:  (302) 658-9200
    rsmith@mnat.com
    jtigan@mnat.com

*Counsel for Defendants Microsoft Corporation,*
*Microsoft Mobile Oy, and Microsoft Mobile Inc.*
*(f/k/a Nokia Inc.)*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE
### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on August 31, 2017, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on August 31, 2017, the attached document was electronically mailed to the following person(s)

Brian E. Farnan
Farnan LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
bfarnan@farnanlaw.com

John C. Phillips, Jr.
David A. Bilson
Phillips Goldman McLaughlin & Hall, P.A.
1200 North Broom Street
Wilmington, DE 19806
jcp@pgmhlaw.com
dab@pgmhlaw.com

Annie Huang
Robins Kaplan LLP
601 Lexington Avenue, Suite 3400
New York, NY 10022-4611
Evolved_RK_Team@robinskaplan.com

Christopher K. Larus
Andrea L. Gothing
Ryan M. Schultz
Benjamen C. Linden
Andrew D. Hedden
Ryan E. Dornberger
Anthony F. Schlehuber
Marla R. Butler
Rajin S. Olson
Robins Kaplan LLP
800 La Salle Avenue, Suite 2800
Minneapolis, MN 55402
Evolved_RK_Team@robinskaplan.com

By:  /s/ David E. Moore
David E. Moore
Bindu A. Palapura
Stephanie E. O'Byrne
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899-0951
(302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

5374587 / 42622

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| EVOLVED WIRELESS, LLC,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>APPLE, INC.,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

C.A. No. 15-542-JFB-SRF

**JURY TRIAL DEMANDED**

**CONFIDENTIAL-**
**ATTORNEYS' EYES ONLY-**
**FILED UNDER SEAL**

| | |
|---|---|
| EVOLVED WIRELESS, LLC,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>HTC CORPORATION, and<br>HTC AMERICA, INC.,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

C.A. No. 15-543-JFB-SRF

**JURY TRIAL DEMANDED**

**CONFIDENTIAL-**
**ATTORNEYS' EYES ONLY-**
**FILED UNDER SEAL**

| | |
|---|---|
| EVOLVED WIRELESS, LLC,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>LENOVO GROUP LTD., LENOVO (UNITED<br>STATES) INC., and MOTOROLA MOBILITY<br>LLC,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

C.A. No. 15-544-JFB-SRF

**JURY TRIAL DEMANDED**

**CONFIDENTIAL-**
**ATTORNEYS' EYES ONLY-**
**FILED UNDER SEAL**

| | |
|---|---|
| EVOLVED WIRELESS, LLC,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

C.A. No. 15-545-JFB-SRF

**JURY TRIAL DEMANDED**

**CONFIDENTIAL-**
**ATTORNEYS' EYES ONLY-**
**FILED UNDER SEAL**

| | | |
|---|---|---|
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 15-546-JFB-SRF |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| ZTE (USA) INC., | ) | **CONFIDENTIAL-** |
| | ) | **ATTORNEYS' EYES ONLY-** |
| Defendant. | ) | **FILED UNDER SEAL** |
| | ) | |
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 15-547-JFB-SRF |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| MICROSOFT CORPORATION, MICROSOFT | ) | **CONFIDENTIAL-** |
| MOBILE OY and NOKIA INC., | ) | **ATTORNEYS' EYES ONLY-** |
| | ) | **FILED UNDER SEAL** |
| Defendants. | ) | |
| | ) | |

**[PROPOSED] ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT OF COVENANT NOT TO SUE
<u>WITH RESPECT TO U.S. PATENT NO. 7,809,373</u>**

**[PROPOSED] ORDER GRANTING DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT OF COVENANT NOT TO SUE**
**WITH RESPECT TO U.S. PATENT NO. 7,809,373**

AND NOW, this _____ day of _____, 2017, upon consideration of

Defendants' Motion For Summary Judgment Of Covenant Not To Sue With Respect To U.S.

Patent No. 7,809,373;

IT IS HEREBY ORDERED that the Motion is GRANTED.

_____
UNITED STATES DISTRICT JUDGE

5379914 / 42622

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| EVOLVED WIRELESS, LLC, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 15-542-JFB-SRF |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| APPLE, INC., | ) **CONFIDENTIAL-** |
| | ) **ATTORNEYS' EYES ONLY-** |
| Defendant. | ) **FILED UNDER SEAL** |
| | ) |
| EVOLVED WIRELESS, LLC, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 15-543-JFB-SRF |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| HTC CORPORATION, and | ) **CONFIDENTIAL-** |
| HTC AMERICA, INC., | ) **ATTORNEYS' EYES ONLY-** |
| | ) **FILED UNDER SEAL** |
| Defendants. | ) |
| | ) |
| EVOLVED WIRELESS, LLC, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 15-544-JFB-SRF |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| LENOVO GROUP LTD., LENOVO (UNITED | ) **CONFIDENTIAL-** |
| STATES) INC., and MOTOROLA MOBILITY | ) **ATTORNEYS' EYES ONLY-** |
| LLC, | ) **FILED UNDER SEAL** |
| | ) |
| Defendants. | ) |
| | ) |
| EVOLVED WIRELESS, LLC, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 15-545-JFB-SRF |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| SAMSUNG ELECTRONICS CO., LTD. and | ) **CONFIDENTIAL-** |
| SAMSUNG ELECTRONICS AMERICA, INC., | ) **ATTORNEYS' EYES ONLY-** |
| | ) **FILED UNDER SEAL** |
| Defendants. | ) |

| | | |
|---|---|---|
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 15-546-JFB-SRF |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| ZTE (USA) INC., | ) | **CONFIDENTIAL-** |
| | ) | **ATTORNEYS' EYES ONLY-** |
| Defendant. | ) | **FILED UNDER SEAL** |
| | ) | |
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 15-547-JFB-SRF |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| MICROSOFT CORPORATION, MICROSOFT | ) | **CONFIDENTIAL-** |
| MOBILE OY and NOKIA INC., | ) | **ATTORNEYS' EYES ONLY-** |
| | ) | **FILED UNDER SEAL** |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT OF COVENANT NOT TO SUE
<u>WITH RESPECT TO U.S. PATENT NO. 7,809,373</u>**

2

# TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................... 1

II.   NATURE AND STAGE OF THE PROCEEDINGS ......................................... 2

III.  SUMMARY OF THE ARGUMENT ............................................................... 3

IV.   STATEMENT OF FACTS .............................................................................. 3

    A.    The 1993 Qualcomm-LGE License Agreement .................................... 3

        1.    The 2004 Amendment ................................................................ 5

        2.    The 2007 Amendment ................................................................ 6

        3.    The 2010 Amendment ................................................................ 7

    B.    The '373 Patent Is Part Of A Portfolio Of LGE Patents That Were Purchased From LGE in January 2014 .................................................. 8

V.    ARGUMENT .................................................................................................. 9

    A.    Legal Standard ..................................................................................... 9

    B.    LGE Granted To Qualcomm's Customers A Covenant Not To Sue On A Wide Range Of Cellular Patents, Including The '373 Patent ........................................... 9

        1.    Defendants' Accused Products are "Covenant Products" Under Section 5.2 LGE's Covenant to Qualcomm Customers ........................................ 11

            a)    Defendants' Accused Products are "Subscriber Units."............... 11

            b)    Defendants' Accused Products incorporate Components that Defendants purchased from Qualcomm.............................. 13

        2.    Evolved's alleged basis for infringement arises from the use or incorporation of QUALCOMM Components in the Covenant Products. 14

        3.    Each Defendant is a QUALCOMM Customer under the Covenant. ........ 14

        4.    The '373 patent is "LICENSEE's Limited Intellectual Property." ........... 14

            a)    The '373 patent is within the definition of "LICENSEE's Intellectual Property."............................................ 15

b) The '373 patent falls within the scope of the license in the 1993 License Agreement…………………………………………….  17

c) The '373 patent was developed prior to January 1, 2007.  …………18

C. The Rights To Sue Defendants On The '373 Patent Have Been Exhausted ........ 18

D. Evolved Is Bound By LGE's Covenant Not To Assert The '373 Patent Against Qualcomm and Qualcomm's Customers ............................................................. 19

VI. CONCLUSION ............................................................................................ 20

ii

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) ......................................................................... 9

*Celotex Corp. v. Cattrett*,
477 U.S. 317 (1986) ......................................................................... 9

*Datatreasury Corp. v. Wells Fargo & Co.*,
522 F.3d 1368 (Fed. Cir. 2008) ..................................................... 20

*De Forest Radio Telephone & Telegraph Co. v. United States*,
273 U.S. 236 (1927) ................................................................. 10, 19

*Epistar Corp. v. Int'l Trade Comm'n*,
566 F.3d 1321 (Fed. Cir. 2009) ..................................................... 20

*Impression Prod., Inc. v. Lexmark Int'l, Inc.*,
137 S. Ct. 1523 (2017) ................................................................... 19

*Innovus Prime, LLC v. Panasonic Corp.*,
No. C-12-00660-RMW, 2013 WL 3354390 (N.D. Cal. July 2, 2013) .................................... 20

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
475 U.S. 574 (1986) ......................................................................... 9

*Medtronic AVE, Inc. v. Advanced Cardiovascular Sys., Inc.*,
247 F.3d 44 (3d Cir. 2001) ............................................................. 20

*Podobnik v. U.S. Postal Serv.*,
409 F.3d 584 (3d Cir. 2005) ............................................................. 9

*Quanta Computer, Inc. v. LG Electronics, Inc.*,
128 S. Ct. 2109 (2008) ................................................................... 19

*Semitool, Inc. v. Dynamic Micro Sys.*,
444 F.3d 1337 (Fed. Cir. 2006) ....................................................... 9

*TransCore, LP v. Elec. Transaction Consultants Corp.*,
563 F.3d 1271 (Fed. Cir. 2009) ................................................ 10, 20

## Statutes

Fed. R. Civ. P. 56 ............................................................................. 9

iii

## NOTES OF CITATIONS

The Declaration of Michael D. Jay in support of Defendants' Opening Brief ("Jay Decl.") references the majority of the documents relevant to the present motion and opening brief. For those portions of the brief where defendant-specific citations are required, the brief cites to sections of Appendix B, which is filed concurrently herewith. Each section of Appendix B maps the specific cites to each listed Defendant. The following declarations are cited in Appendix B, in support of defendant-specific portions of the brief:

- Declaration of Martin Bader in support of HTC's Motion ("Bader Decl.")

- Declaration of Todd M. Briggs in support of Samsung's Motion ("Briggs Decl.")

- Declaration of Kenneth Crisler in support of Motorola's Motion ("Crisler Decl.")

- Declaration of Heikki Heinaro in support of Microsoft's Motion ("Heinaro Decl.")

- Declaration of Waiman Lam, in support of ZTE's Motion ("Lam Decl.")

- Declaration of Taylor H. Ludlam in support of Motorola's Motion ("Ludlam Decl.")

- Declaration of Hersh H. Mehta in support of ZTE's Motion ("Mehta Decl.")

- Declaration of Seungkyun Oh in support of Samsung's Motion ("Oh Decl.")

- Declaration of Ellen S. Robbins in support of Microsoft's Motion ("Robbins Decl.")

- Declaration of Frank Wu in support of HTC's Motion ("Wu Decl.")

iv

## I.    INTRODUCTION

When Evolved Wireless, LLC ("Evolved") purchased the asserted patents, it took them subject to certain existing agreements executed between the original patent owner, LG Electronics ("LGE"), and the supplier of baseband chipsets used in many of Defendants'[1] accused products, Qualcomm, Inc. ("Qualcomm").  One of those agreements includes two covenants not to assert certain intellectual property, which preclude Evolved's claims for infringement of U.S. Patent No. 7,809,373 (the "'373 patent") by Defendants' Qualcomm-based products.  As a matter of law, these covenants necessitate judgment that Evolved is precluded from asserting claims that Defendants' Qualcomm-based products infringe the '373 patent.

The covenants bear on this case in two ways.  First, LGE covenanted not to sue Qualcomm for making certain components, and that covenant legally exhausts Evolved's patent rights as to Qualcomm's customers, including Defendants, who incorporate the covered Qualcomm components into their products.  Second, LGE expressly covenanted not to sue Qualcomm's customers based on products that contain those Qualcomm components.  Each of these covenants provides an independent defense in this case.  Defendants' Qualcomm-based products fall within the scope of both covenants because they are multimode devices (*i.e.*, devices supporting multiple cellular standards or generations thereof) capable of wireless communications using at least one CDMA-based wireless standard.  In particular, the accused products all support at least two modes of wireless communication: LTE- and CDMA-based.

The asserted '373 patent also falls within the scope of both covenants.  The agreement

---

[1] "Defendants" refers collectively to Apple Inc., HTC Corporation, HTC America, Inc., Lenovo (United States) Inc., Motorola Mobility LLC, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., ZTE (USA) Inc., Microsoft Corporation, Microsoft Mobile Oy, and Microsoft Mobile Inc. (f/k/a Nokia Inc.).

between Qualcomm and LGE, as amended, defines the intellectual property that LGE covenanted not to assert as including patents that (1) are technically or commercially necessary to make and/or sell the covered products; and (2) were acquired or developed by LGE on or before December 31, 2006. The '373 patent, which was developed before that date, falls squarely within the scope of the intellectual property that LGE (and Evolved, by extension) covenanted not to assert. Indeed, Evolved's entire theory with respect to the '373 patent is premised on its assertion that the '373 patent is commercially and technically "necessary to make and/or sell" Defendants' accused products.

As a matter of law, each of the two covenants Evolved inherited from LGE independently precludes any claim for infringement of the '373 patent by Defendants' Qualcomm-based products. Accordingly, Defendants request summary judgment that Evolved is precluded from asserting claims that Defendants' Qualcomm-based products infringe the '373 patent.

## II.     NATURE AND STAGE OF THE PROCEEDINGS

On June 25, 2015, Evolved filed six related actions against Defendants, asserting patent infringement claims on five patents declared "essential" to the Long-Term Evolution ("LTE") wireless communications standard. (D.I. 1.) Evolved accuses various mobile devices that are compatible with LTE networks. Defendants answered Evolved's Complaints, denying that they infringed the patents-in-suit and asserting numerous affirmative defenses and counterclaims. The parties have engaged in extensive fact and expert discovery. Fact discovery closed on April 10, 2017, and expert discovery closed on August 23, 2017.

In July 2017, after having litigated the patents-in-suit for over two years, and after defendants had served two rounds of expert reports (on invalidity and non-infringement), Evolved approached Defendants about dismissing three of the patents-in-suit. Ultimately the parties stipulated to dismissal of these three patents, leaving only two patents-in-suit: the '373

2

patent and U.S. Patent No. 7,881,236.

## III.    SUMMARY OF THE ARGUMENT

On the following bases, Evolved's infringement claims as to the '373 patent are barred with respect to the accused products that incorporate Qualcomm baseband chipsets:

1.    Qualcomm and LGE entered into a license agreement in 1993 that was subsequently amended to include a provision in which LGE covenanted not to assert certain intellectual property against Qualcomm for making and selling components or against Qualcomm's customers for incorporating the Qualcomm components into their products where the Qualcomm component provides the basis of the infringement claim.  The '373 patent is within the scope of the intellectual property LGE covenanted not to assert.  Similarly, Qualcomm's baseband chipsets are within the scope of the Qualcomm components set forth in the covenant, and Defendants' accused products incorporating those Qualcomm baseband chipsets are likewise within the scope of the devices covered by the covenant.  Given that a covenant not to sue for patent infringement is equivalent to a patent license, and Evolved took ownership of the '373 patent subject to these covenants, Evolved may not assert claims that Defendants infringe the '373 patent for accused products incorporating the Qualcomm chipsets.

2.    Evolved's rights to assert the '373 patent have been exhausted as a result of LGE's covenant not to assert against Qualcomm directly.  The covenant not to assert against Qualcomm is equivalent to licensing Qualcomm to practice the '373 patent.  And by licensing Qualcomm to practice the '373 patent, Evolved's rights to sue purchasers of Qualcomm components for infringement of the '373 patent have been exhausted.

## IV.    STATEMENT OF FACTS

### A.    The 1993 Qualcomm-LGE License Agreement

Qualcomm is a corporation involved in the development of various wireless technologies,

and supplies wireless components to device manufacturers.  (Jay Decl., Ex. A at 1.)  LGE,

formerly Goldstar Information & Communications, Ltd., manufactures and sells wireless

devices.  *Id.*  Both Qualcomm and LGE have developed and owned intellectual property rights

relating to wireless communications, including CDMA- and LTE-based cellular technologies.

In the early 1990s, Qualcomm began to incorporate its CDMA-based cellular technology

into cellular baseband chipsets and other components, which Qualcomm supplied to its

customers for use in cellular telephones.  LGE began purchasing these components from

Qualcomm in 1993.  In conjunction with LGE's purchase of Qualcomm components for use in

LGE's wireless devices, in August of 1993 Qualcomm and LGE executed the "Infrastructure and

Subscriber Unit License and Technical Assistance Agreement" ("1993 License Agreement").

(Jay Decl., Ex. A.)  The 1993 License Agreement was subsequently amended multiple times,

including in 1996, 1998, 2004, 2007, and 2010.  (Jay Decl., Exs. B-I.)

The 1993 License Agreement provided both Qualcomm and LGE with rights to the

other's Intellectual Property.  (Jay Decl., Ex. A at §§ 5-6.)  ████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████  (*Id.* at § 5.1.1.)  Section 6 of the 1993

License Agreement, entitled "LICENSEE LICENSE," provided Qualcomm a non-exclusive

license to "LICENSEE's [LGE's] Intellectual Property," for use in making "Components" and

"Subscriber Units."  (*Id.* at § 6.1.1.)  "Subscriber Units" were defined in the 1993 License

Agreement to include "a complete CDMA and/or Dual Mode CDMA telephone" that can be

used to initiate and receive "Wireless" (CDMA) telecommunications transmissions.   (*Id.* at 7.)

As long as the devices were capable of operating with one of these technologies (i.e.,

**CONFIDENTIAL MATERIAL HAS BEEN REDACTED**

transmitting and receiving CDMA telecommunications transmissions), they were "Subscriber Units," even if the devices were *also* compatible with other cellular technologies.  (*Id.* at 3, 7-8.)

Qualcomm's license extended to, among other things, the use of LGE's intellectual property, constituting "LICENSEE'S Commercially Necessary IPR" and "LICENSEE's Technically Necessary IPR."  (*Id.* at 4-5, 16.)  The Agreement defined "LICENSEE's Commercially Necessary IPR" as all patents and patent applications, copyrights and other intellectual property rights which Licensee "has acquired or developed and is in possession of as of the Effective Date, … which are commercially necessary to use, make and/or sell Subscriber Units…."  (*Id.* at 4-5.)  The Agreement defined "LICENSEE's Technically Necessary IPR" as all patents and patent applications, copyrights and other intellectual property rights, "including but not limited to that intellectual property that is incorporated into the CAI,[2] which Licensee has acquired or developed and is in possession of as of the Effective Date, . . . which are technically necessary to make and/or sell Subscriber Units, Cordless Base Stations and/or Infrastructure Equipment. . . ."  (*Id.*)  Under the definitions in the 1993 License Agreement (even prior to amendment, as discussed below), the '373 patent is within the scope of LGE's Intellectual Property with regard to the accused products in this case, which are all Subscriber Units because they all incorporate some form of CDMA-based technology, and because Evolved asserts that the '373 patent is both commercially and technically necessary to those Subscriber Units.

       **1.**     **The 2004 Amendment**

On July 11, 2004, Qualcomm and LGE amended the 1993 License Agreement ("the 2004

---

[2] ████████████████████████████████████████████████████ ████ (Jay Decl., Ex. A at 3.)  The "including but not limited to" language of the definition of "LICENSEE's Technically Necessary IPR," however, makes clear that "LICENSEE's Technically Necessary IPR" is not restricted to intellectual property incorporated into CDMA.

Amendment"). (Jay Decl., Ex. E.) The 2004 Amendment split the license of LGE's Intellectual Property into two separate covenants not to assert. (*Id.* at § 5.) In the first covenant, Section 5.1, LGE covenanted not to assert LGE's Intellectual Property against Qualcomm, in relevant part, "for making, having made, using, importing, leasing, selling, or otherwise disposing of Components (including but not limited to associated software)." (*Id.* at § 5.1.) In the second covenant, Section 5.2, LGE covenanted not to assert LGE's Limited Intellectual Property against Qualcomm's customers, in relevant part, "for making, having made, using, importing, selling, leasing or otherwise disposing of Covenant Products where the alleged basis for infringement arises from the use or incorporation of QUALCOMM Components (including but not limited to associated software) in such Covenant Products." (*Id.* at § 5.2.) The 2004 Amendment also replaced the definition of "Subscriber Unit" to mean "a Complete CDMA Telephone or a CDMA Modem Card; and any subsequent generation products." (*Id.* at 3.) As with the 1993 definition, Defendants' Qualcomm chipset-based accused products are Subscriber Units under this 2004 Amendment because they *both* support CDMA and are "subsequent generation products." (*Id.*)

## 2. The 2007 Amendment

On January 1, 2007, Qualcomm and LGE again amended the 1993 License Agreement ("the 2007 Amendment"). (Jay Decl., Ex. F.) The 2007 Amendment replaced certain definitions relating to LGE's covenants to Qualcomm and Qualcomm's customers. In addition, the covenants in sections 5.1 and 5.2, originally added in the 2004 Amendment, were replaced. (*Id.* at 14-17.) In section 5.1, as amended, LGE covenanted to Qualcomm, in relevant part:

> [N]ot to Assert any of LICENSEE's Intellectual Property against (i) QUALCOMM or its Affiliates for making, having made, using, importing, leasing, selling, or otherwise disposing of Components (including but not limited to associated software) … LICENSEE's Intellectual Property…shall not include any intellectual property rights acquired or developed after December 31, 2006 by LICENSEE or its Affiliates.

(*Id.*)  Like the 2004 Amendment, in Section 5.2 of the 2007 Amendment, LGE covenanted to

Qualcomm's customers, in relevant part:

> [N]ot to Assert any of LICENSEE's Limited Intellectual Property against (i) a
> QUALCOMM Customer or its Affiliates … for making, having made, using,
> importing, selling, leasing or otherwise disposing of Covenant Products where
> the alleged basis for infringement arises from the use or incorporation of
> QUALCOMM Components (including but not limited to associated software) in
> such Covenant Products …

(*Id.*)  The 2007 Amendment elaborated on the meaning of "LICENSEE'S Limited Intellectual

Property" and "Covenant Products":

> For purposes of this Section 5.2, "LICENSEE's Limited Intellectual Property"
> means LICENSEE's Intellectual Property and its Affiliates' Intellectual
> Property which LICENSEE and/or its Affiliates would not have been entitled to
> Assert against a QUALCOMM Customer, its Affiliates or Covered Third
> Parties had (a) the licenses granted to QUALCOMM in Sections 6.1.1 and 6.1.2
> of the License Agreement with respect to Components remained in effect and
> (b) such licenses covered all of the intellectual property rights included within
> the definition of LICENSEE's Intellectual Property (as amended by this
> Amendment) and Affiliates' Intellectual Property (as amended by this
> Amendment) prior to such licenses being replaced by the covenants set forth in
> Sections 5.1 and 5.2 of the 2004 Amendment …
>
> For the avoidance of doubt, "LICENSEE's Limited Intellectual Property" and
> its Affiliates' Intellectual Property shall not include any intellectual property
> rights acquired or developed after December 31, 2006 by LICENSEE or its
> Affiliates; and (ii) "Covenant Products" means an entity's Subscriber Units and
> Infrastructure Equipment that incorporate Components purchased by such entity
> from QUALCOMM or its Affiliates. …

(*Id*. at 16-17.)  The 2007 Amendment also specified that LGE's Intellectual Property would not

include any intellectual property rights acquired or developed after December 31, 2006.  (*Id.*)  As

discussed above, both under the license in Section 6.1.1 of the 1993 License Agreement and the

covenants in the 2004 Amendment (as amended in 2007), the '373 patent is within the definition

of LGE Intellectual Property and would be licensed for use in the accused products.

### 3.  The 2010 Amendment

Qualcomm and LGE further amended the 1993 License Agreement on September 16,

CONFIDENTIAL MATERIAL HAS BEEN REDACTED

2010 ("the 2010 Amendment").  (Jay Decl., Ex. I.)  As pertinent here, the 2010 Amendment

replaced the definition of "Complete CDMA Telephone," and further expanded the definition of

"Wireless" and "Wireless Applications," clarifying that "Wireless" means "any CDMA-based

wireless wide area standard, including the CDMA2000 family of standards" and "the WCDMA

family of standards."  (*Id*. at 2, 5.)

### B.    The '373 Patent Is Part Of A Portfolio Of LGE Patents That Were Purchased From LGE in January 2014

Evolved originally asserted against Defendants five patents that are part of a portfolio

that it acquired from a related entity, TQ Lambda, in September 2014.  (D.I. 1.)  Just a few

months before that, in January 2014, TQ Lambda purchased that portfolio from LGE for

approximately ▮▮▮▮▮▮.  (Jay Decl., Ex. J at § 3.4.)  Of the five patents it originally asserted,

only two remain—Evolved voluntarily dismissed (in the middle of expert discovery) the other

three.[3]  One of the patents remaining is the '373 patent, which issued on October 5, 2010.  (D.I. 1

at 10.)  The '373 patent purportedly relates to the handover of a mobile device from one cell

tower base station to another cell tower base station in a cellular network.  (*Id*.)  The application

for the '373 patent was filed on October 27, 2006, and the inventors of the '373 Patent assigned

the entire right, title and interest in the '373 patent to LGE on November 2, 2006.  (*Id.*)  LGE

declared the '373 patent essential to the LTE standard.  (*Id.* at 16.)

Evolved has accused Defendants of infringing the '373 patent based on numerous of

Defendants' mobile devices that are compatible with LTE networks.  With limited exceptions,

each of the accused products contains Qualcomm baseband chipsets in which Evolved claims the

accused functionality is implemented (the accused products containing Qualcomm baseband

---

[3] The three dismissed patents are also subject to the covenants in the License Agreement.

chipsets are hereinafter referred to as "Defendants' Accused Products").[4]

## V.    ARGUMENT

### A.    Legal Standard

Summary judgment is appropriate if there is no genuine issue of material fact, and no reasonable factfinder could return a verdict for the non-moving party. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); Fed. R. Civ. P. 56(a). To avoid summary judgment, the non-moving party must present significantly probative evidence that there is a genuine issue for trial. *Anderson*, 477 U.S. at 249-250. Although evidentiary inferences must be drawn in favor of the non-moving party, Evolved must do more than "show that there is some metaphysical doubt as to the material facts," or offer unsupported speculation. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005).

The 1993 License Agreement provides that it "shall be governed by and construed and enforced in accordance with the laws of the State of California." (Jay Decl., Ex. A at § 25.) Thus, California law governs the interpretation of the 1993 License Agreement and amendments thereto. "Under California law, the interpretation of a contract is a question of law" that "is governed by the objective intent of the parties as embodied in the words of the contract." *Semitool, Inc. v. Dynamic Micro Sys.*, 444 F.3d 1337, 1341 (Fed. Cir. 2006) (citation omitted).

### B.    LGE Granted To Qualcomm's Customers A Covenant Not To Sue On A Wide Range Of Cellular Patents, Including The '373 Patent

This motion raises a pure question of law—contract interpretation—that is amenable to

---

[4] Certain of Defendants Samsung's and Motorola's accused products do not contain Qualcomm baseband chipsets. The subject of this motion is only Defendants' accused products that contain Qualcomm baseband chips.

resolution by summary judgment.  Under the 1993 License Agreement as amended, Evolved is

barred from asserting the '373 patent against any of Defendants based on LGE's covenant not to

assert certain intellectual property against Qualcomm's customers.  As numerous courts have

made clear, a covenant not to sue for patent infringement is equivalent to a patent license.  *See*

*De Forest Radio Telephone & Telegraph Co. v. United States*, 273 U.S. 236, 242 (1927) ("As a

license passes no interest in the monopoly, it has been described as a mere waiver of the right to

sue by the patentee"); *TransCore, LP v. Elec. Transaction Consultants Corp.*, 563 F.3d 1271,

1275, 1276 (Fed. Cir. 2009) ("[P]atent license agreements can be written to convey different

scopes of promises not to sue, e.g., a promise not to sue under a specific patent or, more broadly,

a promise not to sue under any patent the licensor now has or may acquire in the future.").

As described above, Qualcomm and LGE entered into to the original agreement in 1993

(the 1993 License Agreement), and subsequently entered into a number of amendments through

2010.  LGE's covenant not to assert certain intellectual property against Qualcomm's customers

appeared for the first time in the 2004 Amendment, and was last amended in the 2007

Amendment.  (Jay Decl., Exs. E, F.)  The version of the provision in the 2007 Amendment is the

operative covenant not to assert governing Evolved and Defendants.  The operative covenant not

to assert provides that LGE will not assert any of its "Limited Intellectual Property" against any

"Qualcomm Customer" for infringement where the basis for this infringement is the

incorporation of "Qualcomm Components" in the customer's devices:

> 5.2  Covenant to QUALCOMM Customers.  LICENSEE, on behalf of itself and
> its Affiliates, covenants not to Assert any of **LICENSEE's Limited**
> **Intellectual Property** against (i) a **QUALCOMM Customer** or its Affiliates
> (as such term would be applied if such customer were a Party) for making,
> having made, using, importing, selling, leasing or otherwise disposing of
> **Covenant Products** where the alleged basis for infringement arises from the
> use or incorporation of **QUALCOMM Components** (including but not limited
> to associated software) in such Covenant Products…

(Jay Decl., Ex. F at 14-17 (emphasis added).) This Covenant in the 2007 Amendment incorporates a number of terms defined in either the original 1993 License Agreement or the 2004, 2007, or 2010 Amendments. These defined terms often reference other defined terms or sections that are part of the original agreement or amendments. (*See* App'x A.)

As set forth in detail below, LGE's covenant not to assert bars Evolved's '373 patent infringement claim against Defendants with respect to Defendants' Accused Products because: (i) Defendants' Accused Products are "Covenant Products" under Section 5.2, LGE's Covenant to Qualcomm Customers; (ii) Defendants are each a "QUALCOMM Customer" under the Covenant; (iii) Evolved's alleged basis for infringement arises from the use or incorporation of "QUALCOMM Components" in the "Covenant Products"; and (iv) the '373 patent is among "LICENSEE's Limited Intellectual Property."

### 1. Defendants' Accused Products are "Covenant Products" Under Section 5.2, LGE's Covenant to Qualcomm Customers.

The covenant not to assert in Section 5.2 of the 2007 Amendment extends to "Covenant Products," defined as:

> "**Covenant Products**" means an entity's **Subscriber Units** and Infrastructure Equipment that incorporate **Components** purchased by such entity from QUALCOMM or its Affiliates.

(Jay Decl., Ex. F at 17 (emphasis added).)

### a) Defendants' Accused Products are "Subscriber Units."

To determine whether the accused devices are "Covenant Products" under the 2007 Amendment, one must first look to the operative definition of "Subscriber Unit," which is found in the 2004 Amendment:

> "**Subscriber Unit**" shall mean a **Complete CDMA Telephone** or a CDMA Modem Card; and any subsequent generation products. "Subscriber Units" shall mean Complete CDMA Telephones and CDMA Modem Cards, and any subsequent generation products.

(Jay Decl., Ex. E at 3 (emphasis added).)

Defendants' Accused Devices are "Subscriber Units" because they are each a "Complete CDMA Telephone." The 2010 Amendment defines "Complete CDMA Telephone" as:

> any complete CDMA (including multimode) terminal, including but not limited to a fixed, mobile, transportable telephone or data terminal, which (i) incorporates all or any part of the **QUALCOMM Intellectual Property** and (ii) can be used, without any additional equipment or components being attached thereto, to initiate and/or receive **Wireless** communications.

(Jay Decl., Ex. I at 2 (emphasis added).) The term "Wireless" within this definition is defined in the 2010 Amendment to "include[], without limitation, (i) any CDMA-based wireless wide area standard, including the CDMA2000 family of standards (e.g., 1xRTT, lx-EVDO, lx-EVDO Rev. A, lx-EVDO Rev. B, BCMCS), the WCDMA family of standards (e.g., UMTS, HSPA, HSPA+, HSDPA, HSUPA, MBMS, TD-CDMA) and TD-SCDMA; and (ii) any updates or revisions to any of the foregoing." (*Id.* at 5.)

It is undisputed that each of Defendants' Accused Products are each a "Complete CDMA Telephone" and thus a "Subscriber Unit" under the 2004 Amendment. In particular, it is undisputed that each of Defendants' Accused Products is a mobile telephone or data terminal. (App'x B at § 3.) It is also undisputed that each of Defendants' Accused Products contains a baseband chipset purchased from Qualcomm, and incorporates "QUALCOMM Intellectual Property." (App'x B at §§ 1, 5.) In addition, it is undisputed that each of Defendants' Accused Products can initiate and receive "Wireless" communications without any additional equipment or components being attached, because each of Defendants' Accused Products initiates and receives communications under at least one CDMA-based wireless standard—*i.e.*, the CDMA2000 family of standards and/or the WCDMA family of standards that are set forth in the definition of "Wireless." (App'x B at § 4.) And these mobile devices do so without any additional equipment or component being attached to the mobile device. (App'x B at § 4.)

Of particular importance, the definitions of Subscriber Unit and Wireless do not limit the "Covenant Products" to devices that are *only* CDMA or WCDMA-based devices;[5] rather, "Covenant Products" include multimode terminals *without limitation* as long as they are at least capable of CDMA or WCDMA-based communications (in addition to being capable of LTE-based communications on which Evolved's allegation of infringement is based).[6]  (Jay Decl., Ex. F at 17; Ex. E at 3; Ex. I at 2, 5.)

   **b)**  **Defendants' Accused Products incorporate Components that Defendants purchased from Qualcomm.**

In addition to being "Subscriber Units," Defendants' Accused Devices "incorporate Components purchased by such entity from QUALCOMM or its Affiliates."  Under the 2007 Amendment, the term "Component" is specifically defined:



---

[5] In 2007, Qualcomm and LGE executed a separate agreement related to OFDM technology, which is the technology behind LTE.  (Jay Decl., Ex. G (herein "2007 Agreement").)  The 2007 Agreement complements, but does not overlap with the 1993 Agreement.  Whereas the 1993 Agreement broadly covers "Subscriber Units" that *include* CDMA technology (*e.g.*, the multimode CDMA/LTE products accused in this case), the 2007 Agreement covers "OFDM Subscriber Units" that include LTE technology but ***do not include*** CDMA technology. (*See e.g., Id.* at 2, 6-7: "**OFDM Subscriber Unit**" means "a Complete OFDM Terminal or OFDM Modem Card, and any subsequent generation products." "**Complete OFDM Terminal**" means "a complete OFDM or OFDMA subscriber terminal, including but not limited to a fixed, mobile, transportable or portable telephone or data terminal, which . . . (iii) <u>is not capable of initiating and/or receiving Wireless (i.e., CDMA-based, including but not limited to cdma2000, WCDMA and UMTS) communications.</u>" (emphasis added).)

[6] It is also undisputed that Defendants' Accused Devices incorporate "all or any part of the QUALCOMM Intellectual Property"—defined to include both QUALCOMM's Technically Necessary IPR and QUALCOMM's Commercially Necessary IPR—as the definition of "Complete CDMA Telephone" requires.

13

(Jay Decl., Ex. F at 2.)  It is undisputed that: (i) Defendants' Accused Products ("Subscriber Units") all include baseband chipsets purchased from Qualcomm, App'x B at § 5; and (ii) these baseband chipsets in each of Defendants' Accused Devices incorporate application specific integrated circuits (ASICs) and associated firmware and software, *id.* at § 6.

### 2. Evolved's alleged basis for infringement arises from the use or incorporation of QUALCOMM Components in the Covenant Products.

It is undisputed that Evolved's infringement allegations with respect to the '373 patent arise from Defendants' incorporation of Qualcomm's baseband chipsets (which, as discussed above, are "QUALCOMM Components") in Defendants' Accused Products (which, as discussed above, are "Covenant Products").  In particular, Evolved's allegations relating to the '373 patent accuse LTE functionality that takes place in the Defendants' Accused Products solely within the Qualcomm baseband chipsets.  (App'x B at § 1.)

### 3. Each Defendant is a QUALCOMM Customer under the Covenant.

The covenant in Section 5.2 of the 2007 Amendment includes a covenant not to assert against any "QUALCOMM Customer."  (Jay Decl., Ex. F at 14-17.)  The 2004 Amendment defines "QUALCOMM Customer" as ██████████████████████████ ████████████████████████████████████████████████████████ ██████████████████████████████████████████████████ (Jay Decl., Ex. E at 3(emphasis added).)

As discussed in the previous section above, it is undisputed that Defendants each purchase baseband chipsets ("Components") from Qualcomm and incorporate these baseband chipsets into Defendants' Accused Products ("Subscriber Units").  Accordingly, Defendants are each a "QUALCOMM Customer."

### 4. The '373 patent is "LICENSEE's Limited Intellectual Property."

In Section 5.2 of the 2007 Amendment, LGE covenanted not to assert against any

"QUALCOMM Customer" any of "LICENSEE's Limited Intellectual Property," defined as:

> For purposes of this Section 5.2, "LICENSEE's Limited Intellectual Property"
> means LICENSEE's Intellectual Property and its Affiliates' Intellectual
> Property which LICENSEE and/or its Affiliates would not have been entitled to
> Assert against a QUALCOMM Customer, its Affiliates or Covered Third
> Parties had (a) the licenses granted to QUALCOMM in Sections 6.1.1 and 6.1.2
> of the License Agreement with respect to Components remained in effect and
> (b) such licenses covered all of the intellectual property rights included within
> the definition of LICENSEE's Intellectual Property (as amended by this
> Amendment) and Affiliates' Intellectual Property (as amended by this
> Amendment) prior to such licenses being replaced by the covenants set forth in
> Sections 5.1 and 5.2 of the 2004 Amendment …

(Jay Decl., Ex. F at 14-17.)  The amendment elaborates that "[f]or the avoidance of doubt,

"LICENSEE's Limited Intellectual Property" and its Affiliates' Intellectual Property shall not

include any intellectual property rights acquired or developed after December 31, 2006 by

LICENSEE or its Affiliates."  (*Id*. at 17.)

According to this language, the scope of "LICENSEE's Limited Intellectual Property"

depends on: (a) the definition of "Licensee's Intellectual Property"; (b) the scope of the license

provided in Sections 6.1.1 and 6.1.2 of the original 1993 License Agreement; and (c) the date on

which LGE patents were "acquired or developed."

### a)      The '373 patent is within the definition of "LICENSEE's Intellectual Property."

The scope of "LICENSEE's Limited Intellectual Property" makes reference to the

definition of "LICENSEE's Intellectual Property" prior to the introduction of LGE's covenant in

the 2004 Amendment.[7]  That prior definition was in the original 1993 License Agreement, and

defined "LICENSEE's Intellectual Property" as "both LICENSEE's Technically Necessary IPR

---

[7] "LICENSEE's Intellectual Property" was not amended by the 2007 Amendment.

and LICENSEE's Commercially Necessary IPR." (Jay Decl., Ex. A at 4-5.) "LICENSEE's

Technically Necessary IPR" was in turn defined in the 1993 License Agreement as all patents

and patent applications, copyrights and other intellectual property rights "*including but not

limited to* that intellectual property that is incorporated into the CAI ██████████████

which Licensee has acquired or developed and is in possession of as of the Effective Date, . . .

which are technically necessary to make and/or sell Subscriber Units, Cordless Base Stations

and/or Infrastructure Equipment. . . ." (*Id.* (emphasis added).)  Similarly, "LICENSEE's

Commercially Necessary IPR" includes intellectual property that is "commercially necessary to

use, make and/or sell Subscriber Units…." (*Id.*)  Under Evolved's position that the '373 patent

is essential to the LTE standard, the '373 patent must be both "commercially" and "technically"

"necessary to make and/or sell Subscriber Units." (App'x B at § 2.)

As discussed in detail above in section V.B.1.a, Defendants' Accused Products are

Subscriber Units under the definition of "Subcriber Unit" in the 2004 Amendment.  The same

holds true even if the definition of "Subcriber Unit" in the 1993 License Agreement applies.  In

the 1993 License Agreement, "Subscriber Unit" was defined as "a complete CDMA and/or Dual

Mode CDMA telephone. . . which incorporates all or any part of QUALCOMM Intellectual

Property and can be used, without any additional equipment or components being attached

thereto, to initiate and receive Wireless telecommunications transmissions."

It cannot be disputed that Defendants' Accused Products are each a "complete CDMA

and/or Dual Mode CDMA telephone" in that they are at least capable of initiating and receiving

telecommunications transmissions on CDMA-based networks.  (App'x B at § 7.)  Notably,

"Subscriber Unit" does not exclude a device that operates with other wireless technology, such

as the later-developed LTE, in addition to CDMA-based standards, nor does it limit the

16

LICENSEE Intellectual Property to patents or other intellectual property that are alleged to be

commercially or technically necessary to the CDMA portion of a Subscriber Unit.  To the

contrary, a patent is included with Licensee Intellectual Property under the 1993 Agreement if it

is commercially or technically necessary to the Subscriber Unit as a whole.  As discussed above,

that is the case with regard to Defendants' Accused Products here.[8]

Evolved's entire theory with respect to the '373 patent is premised on its assertion that

the '373 patent is commercially or technically "necessary to make and/or sell" Defendants'

Accused Devices.  Indeed, Evolved contends that the '373 patent is essential to the LTE

standard.  (D.I. 1 at 22.)  Evolved also asserts that "the asserted claims of the '373 patent are

*necessary* and essential to implementing the LTE standard on the accused products because the

asserted claims read on portions of the LTE standard that are required to be performed by any

LTE compliant device."  (App'x B at § 2 (emphasis added).)

> **b)** **The '373 patent falls within the scope of the license in the 1993 License Agreement.**

As described above, Section 5.2 of the 2007 Amendment refers back to the scope of the

license provided in Sections 6.1.1 and 6.1.2 of the 1993 License Agreement.  (Jay Decl., Ex. F at

---

[8] It is also undisputed that Defendants' Accused Products meet the other requirements for "Subscriber Unit" under the 1993 Agreement.  As discussed above, Defendants' Accused Products incorporate "QUALCOMM Intellectual Property" through their use of Qualcomm baseband chipsets.  (App'x B at § 5.)  In addition, Defendants' Accused Devices can be used to initiate and receive Wireless telecommunications transmissions without any additional equipment or components being attached thereto.  "Wireless" was defined in the 1993 License Agreement as "only CDMA-based Digital Cellular Systems. . . ."  (Jay Decl., Ex. A at 8.)  As with the definition of "Dual-Mode CDMA," however, the definition of "Wireless" does not *exclude* devices that in addition to initiating and receiving CDMA communications, are also compatible with LTE networks.  It simply qualifies CDMA-compatible devices as Subscriber Units, even if they also support another standard such as LTE.  (*Id.* at 7 (definition of "Subscriber Unit" as devices that "can be used, without any additional equipment or components being attached thereto, to initiate and receive Wireless telecommunications transmissions").)

14-15.)  The scope of the license provided in those sections was: "to use LICENSEE's

Intellectual Property solely for Wireless Applications to (a) make (and have made) and use, sell,

lease or otherwise dispose of Subscriber Units and/or Cordless Base Stations and (b) to make

(and have made) Components and use, sell, lease or otherwise dispose of Components."  (Jay

Decl., Ex. A at § 6.1.)  "Wireless Applications" is defined by the 1993 agreement coextensively

with "Wireless."  (*Id*. at 8.)  As discussed above, the '373 patent is "Licensee's Intellectual

Property" under the definition set forth in the 1993 License Agreement (as well as the definitions

in the 2004 and 2010 amendments).  Therefore, the '373 patent is within the scope of the license

provided in Sections 6.1.1 and 6.1.2 of the 1993 License Agreement.

### c)    The '373 patent was developed prior to January 1, 2007.

The '373 patent falls squarely within the intellectual property that LGE covenanted not to

assert against Qualcomm's customers.  The '373 patent was filed on October 27, 2006, and the

inventors of the '373 Patent assigned the entire right, title and interest in the '373 patent to LGE

on November 2, 2006.  (D.I. 1 at 10).  Both of these dates precede the December 31, 2006

limitation set forth in the definition of "LICENSEE's Limited Intellectual Property" in the 2007

Amendment, and thus LGE had acquired the '373 patent prior to the relevant date to qualify as

"LICENSEE's Limited Intellectual Property."

### C.    The Rights To Sue Defendants On The '373 Patent Have Been Exhausted

In addition to the covenant as to Qualcomm Customer, LGE also entered into a similar

covenant as to Qualcomm.  (Jay Decl., Ex. F at 14.)  The covenant as to Qualcomm provides an

independent basis for summary judgment.  In particular, Section 5.1 in the 2007 Amendment

provides that LGE will not assert any of "LICENSEE's [LGE's] Intellectual Property" against

Qualcomm for making, having made, using, importing, leasing, selling, or otherwise disposing of

"Components (including but not limited to associated software)…"  (*Id*.)  As described above,

18

Defendants purchase Qualcomm baseband chipsets (for incorporation into Defendants' Accused Products), which are "Components" under the 2007 Amendment.  (*See* V.B.1.b, *supra*.)  Likewise, as discussed above with respect to the covenant to Qualcomm Customers, the '373 patent is "LICENSEE's Intellectual Property."  (*See* V.B.4, *supra*.)  Thus, the covenant not to assert extends to the '373 patent as to the Qualcomm baseband chipsets that are incorporated into Defendants' Accused Products.

The covenant not to assert against Qualcomm is equivalent to licensing Qualcomm to practice the '373 patent.  *See De Forest Radio*, 273 U.S. at 242.  And by licensing Qualcomm to practice the '373 patent, Evolved's rights to sue purchasers of Qualcomm components for infringement of the '373 patent have been exhausted.  As the Supreme Court recently explained, "[o]nce a patentee decides to sell—whether on its own or through a licensee—that sale exhausts its patent rights."  *Impression Prod., Inc. v. Lexmark Int'l, Inc.*, 137 S. Ct. 1523, 1535 (2017).  Evolved's entire infringement theory for the '373 patent is directed towards functionality that Qualcomm's baseband chipsets provide.  (*See* App'x B at § 1; *see also* V.B.4.a, *supra*.)  Thus Evolved cannot dispute those chipsets "embod[y] essential features of the patented invention."  *See Quanta Computer, Inc. v. LG Electronics, Inc.*, 128 S. Ct. 2109, 2119 (2008).[9]  Because the sale of Qualcomm baseband chipsets is "treated, for purposes of patent exhaustion, as if [LGE/Evolved] made the sale itself," (*Impression Prod.*, 137 S. Ct. at 1535) LGE's, and by extension Evolved's, rights to assert the '373 patent against Defendants' Accused Products (those products incorporating the Qualcomm baseband chipsets) are exhausted.

### D.    Evolved Is Bound By LGE's Covenant Not To Assert The '373 Patent Against Qualcomm and Qualcomm's Customers

---

[9] Exhaustion applies to both the apparatus claims and the method claims.  *See Quanta Computer*, 128 S. Ct. at 2113.

An assignee of a patent takes the patent subject to prior licenses and covenants not to sue. *Innovus Prime, LLC v. Panasonic Corp.*, No. C-12-00660-RMW, 2013 WL 3354390, at *5 (N.D. Cal. July 2, 2013) ("Patent owners cannot transfer an interest greater than what they possess, so assignees 'take[ ] a patent subject to the legal encumbrances thereon.'") (citing *Datatreasury Corp. v. Wells Fargo & Co.*, 522 F.3d 1368, 1372 (Fed. Cir. 2008)).  This stems from the concept that patent assignment results in the assignee "stepping into the shoes with regard to the rights that the assignor held and not in an expansion of those rights."  *Medtronic AVE, Inc. v. Advanced Cardiovascular Sys., Inc.*, 247 F.3d 44, 60 (3d Cir. 2001) (Assignment transfers assignor's contract rights, "leaving them in full force and effect."); *TransCore*, 563 F.3d at 1275 ("[O]ne cannot convey what one does not own."); *see also Epistar Corp. v. Int'l Trade Comm'n*, 566 F.3d 1321, 1333 (Fed. Cir. 2009).

Evolved, as successor-in-interest to the '373 patent, is bound by LGE's Covenant to Qualcomm and Qualcomm Customers.  When LGE transferred its interests in the '373 patent to TQ Lambda, and TQ Lambda subsequently transferred its interest in the '373 patent to Evolved, Evolved stepped into LGE's shoes with regards to the rights that LGE held under the 1993 License Agreement and Amendments.  *Medtronic AVE*, 247 F.3d at 60; *see also Datatreasury*, 522 F.3d at 1372; *Innovus Prime*, 2013 WL 3354390, at *5.  Moreover, LGE and Qualcomm contemplated that any transfer of LGE's intellectual property would be "subject to LICENSEE's Covenant and QUALCOMM and other beneficiaries of LICENSEE's Covenant shall continue to have such rights to LICENSEE's Intellectual Property."  (Jay Decl., Ex. I at § 17.2.)

## VI.    CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court to enter summary judgment finding that Evolved is barred from asserting its claims that Defendants infringe the '373 patent based on Defendants' Accused Products.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By:  */s/ David E. Moore*

  David E. Moore (#3983)
Michael D. Jay
Bill Ward, Ph.D.
Nandan R. Padmanabhan
Micol Small
Martin Ellison
BOIES, SCHILLER & FLEXNER LLP
401 Wilshire Blvd., Suite 850
Santa Monica, CA 90401
Tel:  (310) 752-2400

  David E. Moore (#3983)
  Bindu A. Palapura (#5370)
  Stephanie E. O'Byrne (#4446)
  Hercules Plaza, 6th Floor
  1313 N. Market Street
  Wilmington, DE  19801
  Tel:  (302) 984-6000
  dmoore@potteranderson.com
  bpalapura@potteranderson.com
  sobyrne@potteranderson.com

Steven Holtzman
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Tel:  (510) 874 1000

*Counsel for Defendant Apple Inc.*

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By:  */s/ Philip A. Rovner*

  Philip A. Rovner (#3215)
Stephen S. Korniczky
Martin R. Bader
SHEPPARD, MULLIN, RICHTER &
 HAMPTON, LLP
12275 El Camino Real, Suite 200
San Diego, CA 92130
Tel:  (858) 720-8900

  Philip A. Rovner (#3215)
  Jonathan A. Choa (#5319)
  Hercules Plaza, 6th Floor
  1313 N. Market Street
  Wilmington, DE  19801
  Tel:  (302) 984-6000
  provner@potteranderson.com
  jchoa@potteranderson.com

*Counsel for Defendants HTC Corporation and HTC America, Inc.*

21

OF COUNSEL:

Mitchell G. Stockwell
Richard W. Goldstucker
Shayne E. O'Reilly
KILPATRICK TOWNSEND AND STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Tel: (404) 815-6500

Taylor H. Ludlam
KILPATRICK TOWNSEND AND STOCKTON LLP
4208 Six Forks Road, Suite 1400
Raleigh, NC 27609
Tel: (919) 420-1700

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*
    David E. Moore (#3983)
    Bindu A. Palapura (#5370)
    Stephanie E. O'Byrne (#4446)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    Tel: (302) 984-6000
    dmoore@potteranderson.com
    bpalapura@potteranderson.com
    sobyrne@potteranderson.com

*Counsel for Defendants Lenovo Group Ltd., Lenovo (United States) Inc. and Motorola Mobility LLC*

OF COUNSEL:

Kevin P.B. Johnson
Victoria F. Maroulis
Todd M. Briggs
Charles M. Stiernberg
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Tel: (650) 801-5100

SHAW KELLER LLP

By: */s/ Andrew E. Russell*
    John W. Shaw (#3362)
    Karen E. Keller (#4489)
    Andrew E. Russell (#5382)
    David M. Fry (#5486)
    I.M. Pei Building
    1105 N. Market Street, 12th Floor
    Wilmington, DE 19801
    Tel: (302) 298-0700
    jshaw@shawkeller.com
    kkeller@shawkeller.com
    arussell@shawkeller.com
    dfry@shawkeller.com

*Counsel for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

22

OF COUNSEL:

Jay H. Reiziss
Natalie A. Bennett
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street, N.W.
Washington, DC 20001
Tel:  (202) 756-8000

Charles M. McMahon
Hersh H. Mehta
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago, IL 60606
Tel:  (312) 372-2000

RICHARDS, LAYTON & FINGER, P.A.

By:  */s/ Travis S. Hunter*
     Kelly E. Farnan (#4395)
     Travis S. Hunter (#5350)
     920 N. King Street
     Wilmington, Delaware 19801
     Tel:  (302) 651-7700
     farnan@rlf.com
     hunter@rlf.com

*Counsel for Defendant ZTE (USA) Inc.*

OF COUNSEL:

Richard A. Cederoth
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Tel:  (312) 853-7000

Ellen S. Robbins
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Tel:  (213) 896-6000

Joseph A. Micallef
Wonjoo Suh
Anna M. Weinberg
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Tel:  (202) 736-8000

Dated:  August 31, 2017
5379913 / (42622/42637)

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

By:  */s/ Rodger D. Smith II*
     Rodger D. Smith II (#3778)
     Jeremy A. Tigan (#5239)
     1201 North Market Street
     P.O. Box 1347
     Wilmington, DE 19801
     Tel:  (302) 658-9200
     rsmith@mnat.com
     jtigan@mnat.com

*Counsel for Defendants Microsoft Corporation,*
*Microsoft Mobile Oy, and Microsoft Mobile Inc.*
*(f/k/a Nokia Inc.)*

23

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE
### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on August 31, 2017, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on August 31, 2017, the attached document was electronically mailed to the following person(s)

Brian E. Farnan
Farnan LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
bfarnan@farnanlaw.com

John C. Phillips, Jr.
David A. Bilson
Phillips Goldman McLaughlin & Hall, P.A.
1200 North Broom Street
Wilmington, DE 19806
jcp@pgmhlaw.com
dab@pgmhlaw.com

Annie Huang
Robins Kaplan LLP
601 Lexington Avenue, Suite 3400
New York, NY 10022-4611
Evolved_RK_Team@robinskaplan.com

Christopher K. Larus
Andrea L. Gothing
Ryan M. Schultz
Benjamen C. Linden
Andrew D. Hedden
Ryan E. Dornberger
Anthony F. Schlehuber
Marla R. Butler
Rajin S. Olson
Robins Kaplan LLP
800 La Salle Avenue, Suite 2800
Minneapolis, MN 55402
Evolved_RK_Team@robinskaplan.com

By:  /s/ David E. Moore
    David E. Moore
    Bindu A. Palapura
    Stephanie E. O'Byrne
    POTTER ANDERSON & CORROON LLP
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19899-0951
    (302) 984-6000
    dmoore@potteranderson.com
    bpalapura@potteranderson.com
    sobyrne@potteranderson.com

5374587 / 42622

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 15–cv–542–JFB–SRF |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Defendant. | ) | |
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 15–cv–543–JFB–SRF |
| | ) | |
| HTC CORPORATION and | ) | |
| HTC AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 15–cv–544–JFB–SRF |
| LENOVO GROUP LTD., | ) | |
| LENOVO (UNITED STATES) INC., and | ) | |
| MOTOROLA MOBILITY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 15–cv–545–JFB–SRF |
| SAMSUNG ELECTRONICS CO., LTD. | ) | |
| and SAMSUNG ELECTRONICS | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

| | |
|---|---|
| EVOLVED WIRELESS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ZTE (USA) INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

C.A. No. 15–cv–546–JFB–SRF

## **PLAINTIFF EVOLVED WIRELESS, LLC'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Evolved Wireless, LLC hereby moves for summary judgment of Defendants' affirmative defenses and/or counterclaims, including:

(1) counterclaims and affirmative defenses asserting U.S. Patent No. 7,809,373 is invalid (Apple's Eighth Counterclaim, Apple's Third Affirmative Defense, HTC's Sixth Counterclaim, HTC's Third Affirmative Defense, Lenovo's Third, Fourth, Fifth, and Sixth Affirmative Defenses, Samsung's First Counterclaim, Samsung's Second Affirmative Defense, ZTE's Sixth Counterclaim, and ZTE's Second Affirmative Defense);

(2) counterclaims and affirmative defenses asserting breach of FRAND obligations (Apple's Eleventh Counterclaim, Apple's Fourth Affirmative Defense, Apple's Fifth Affirmative Defense, Apple's Sixth Affirmative Defense, HTC's Eleventh Counterclaim, HTC's Fourth Affirmative Defense, HTC's Fifth Affirmative Defense, HTC's Sixth Affirmative Defense, Samsung's Second Counterclaim, Samsung's Fifth Affirmative Defense, Samsung's Sixth Affirmative Defense, and ZTE's Eleventh Affirmative Defense);

(3) counterclaims and affirmative defenses related to ownership of the Asserted Patents

2

or standing (HTC's Twelfth Affirmative Defense, Lenovo's Fourteenth Affirmative Defense and ZTE's Sixth Affirmative Defense, ZTE's Seventh Affirmative Defenses); and

(4)    counterclaims and affirmative defenses asserting patent exhaustion and/or license to the Asserted Patents (Apple's Sixth Affirmative Defense, Apple's Seventh Affirmative Defense, HTC's Sixth Affirmative Defense, HTC's Seventh Affirmative Defense, Lenovo's Thirteenth Affirmative Defense, Microsoft's Tenth Affirmative Defense, Samsung's Seventh Affirmative Defense, and ZTE's Third Affirmative Defense).

Pursuant to the Stipulation to Amend Scheduling Order entered by the Court on March 17, 2017, the grounds for this Motion will be set forth in Plaintiff's forthcoming combined opening-answering brief and supporting papers.

Dated: August 31, 2017              Respectfully submitted,

                                    FARNAN LLP

                                    */s/ Brian E. Farnan*
                                    Brian E. Farnan (Bar No. 4089)
                                    Michael J. Farnan (Bar No. 5165)
                                    919 N. Market Street, 12th Floor
                                    Wilmington, Delaware 19801
                                    (302) 777-0300
                                    (302) 777-0301
                                    bfarnan@farnanlaw.com

                                    Christopher K. Larus (admitted *pro hac vice*)
                                    Marla R. Butler (admitted *pro hac vice*)
                                    Ryan M. Schultz (admitted *pro hac vice*)
                                    Andrew D. Hedden (admitted *pro hac vice*)
                                    Benjamen C. Linden (admitted *pro hac vice*)
                                    Ryan E. Dornberger (admitted *pro hac vice*)
                                    Anthony F. Schlehuber (admitted *pro hac vice*)
                                    Rajin S. Olson (admitted *pro hac vice*)
                                    ROBINS KAPLAN LLP

3

**CONFIDENTIAL MATERIAL HAS BEEN REDACTED**

<u>INFRASTRUCTURE AND SUBSCRIBER UNIT LICENSE
AND TECHNICAL ASSISTANCE AGREEMENT</u>

This Infrastructure and Subscriber Unit License and Technical Assistance Agreement (the "Agreement") is entered into on August 31, 1993 by and between QUALCOMM Incorporated, a Delaware Corporation, and Goldstar Information & Communications, Ltd., a Korean Corporation, with respect to the following facts:

## RECITALS

WHEREAS, QUALCOMM has developed certain proprietary Code Division Multiple Access ("CDMA") technology which may be useful in providing greater capacity and improved quality and reliability compared to other cellular telephone technologies;

WHEREAS, LICENSEE has been selected by the Electronics and Telecommunications Research Institute ("ETRI") of Korea to obtain a license from QUALCOMM to make and sell Subscriber Units and Infrastructure Equipment;

WHEREAS, LICENSEE desires to obtain from QUALCOMM a license to use QUALCOMM's Intellectual Property (as defined below) and technical assistance necessary for the manufacture and sell Subscriber Units and Infrastructure Equipment (as defined below) and QUALCOMM desires to provide LICENSEE with such license and technical assistance in exchange for the license fees, royalties and other provisions hereof, each in accordance with the terms and conditions set forth in this Agreement; and

WHEREAS, QUALCOMM desires to obtain a license of LICENSEE's Intellectual Property (as defined below) to manufacture and sell Subscriber Units and Infrastructure Equipment and LICENSEE desires to grant such license in accordance with the terms and conditions set forth in this Agreement.



1

Company Proprietary

QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY

QCEVOLVED5420036975

**CONFIDENTIAL MATERIAL HAS BEEN REDACTED**



"Components" means application specific integrated circuits (ASICs), electronic devices, integrated circuits, including firmware thereon, and/or families of devices intended for use in Subscriber Units and/or Infrastructure Equipment for Wireless Applications.

"Cordless Base Station" means a residential device that provides wireless receive and/or transmit functionality to and/or from Subscriber Units, which incorporates all or any part of QUALCOMM Intellectual Property, and which is connected to a public or private switched telecommunications network.

"Costs" means[ Redacted ]

# Redacted

"Dual Mode CDMA" means, as applied to Subscriber Units, having a capability to operate with CDMA technology and existing analog FM cellular technology for such backward compatibility with currently existing cellular infrastructure and terminals as may be required by the marketplace.



QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY        Appx2212        QCEVOLVED5420036977

**CONFIDENTIAL MATERIAL HAS BEEN REDACTED**



"Improvements" means (i) any QUALCOMM Intellectual Property (as to QUALCOMM) and any LICENSEE Intellectual Property (as to LICENSEE), not existing on the Effective Date of this Agreement, which is acquired or developed by a Party during the Improvement Period and (ii) any improvements, modifications or changes to QUALCOMM's Intellectual Property (as to QUALCOMM) or LICENSEE's Intellectual Property (as to LICENSEE) which are acquired or developed by either Party during the Improvement Period; all of which the acquiring or developing Party has the right to license to the other Party hereunder.

"LICENSEE's Intellectual Property" means both LICENSEE's Technically Necessary IPR and LICENSEE's Commercially Necessary IPR.

"LICENSEE's Commercially Necessary IPR" means the following intellectual property of LICENSEE: LICENSEE's (and its Affiliate's) patents and patent applications (including divisions, reissues, renewals, continuations and continuations-in-part), copyrights, other intellectual property rights, trade secrets, know-how and technical information which LICENSEE (or its Affiliate) has acquired or developed and is in possession of as of the Effective Date, which LICENSEE (or its Affiliate) has the right to license to QUALCOMM in accordance with this Agreement, and which are commercially necessary to use, make and/or sell Subscriber Units, Cordless Base Stations, Channel Units and/or CDMA Enabling Infrastructure Equipment, and any Improvements to any of such Commercially Necessary IPR which is developed or acquired during the Improvement Period; but the

**CONFIDENTIAL MATERIAL HAS BEEN REDACTED**

term LICENSEE's Commercially Necessary IPR does not include any trade name, trademark, service mark or similar symbols, abbreviations, contractions or simulations identifying LICENSEE.

"LICENSEE's Technically Necessary IPR" means the following intellectual property of LICENSEE:  LICENSEE's (and its Affiliate's) patents and patent applications (including divisions, reissues, renewals, continuations and continuations-in-part), copyrights, other intellectual property rights, trade secrets, know-how and technical information, including but not limited to that intellectual property that is incorporated into the CAI, which LICENSEE (or its Affiliate) has acquired or developed and is in possession of as of the Effective Date, which LICENSEE (or its Affiliate) the right to license to QUALCOMM in accordance with this Agreement, which are technically necessary to use, make and/or sell Subscriber Units, Cordless Base Stations and/or Infrastructure Equipment (excluding equipment in the mobile telephone switching office), and any Improvements to any of such Technically Necessary IPR developed or acquired during the Improvement Period; but the term LICENSEE's Technically Necessary IPR does not include any trade name, trademark, service mark or similar symbols, abbreviations, contractions or simulations identifying LICENSEE.



Redacted

Company Proprietary

QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY

QCEVOLVED5420036979

**Redacted**

# Redacted

"Subscriber Unit" means a complete CDMA and/or Dual Mode CDMA telephone, including but not limited to mobile, transportable and portable telephones, which incorporates all or any part of QUALCOMM Intellectual Property and can be used, without any additional equipment or components being attached thereto, to initiate and receive Wireless telecommunications transmissions.

7                                      Company Proprietary

QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY                Appx2216                          QCEVOLVED5420036981

**CONFIDENTIAL MATERIAL HAS BEEN REDACTED**

"Wireless" and "Wireless Applications" means only CDMA-based Digital Cellular Systems, Personal Communications Systems, Wireless PABX Systems, commercial telemetry for information gathering, commercial security systems for alarming applications, RF LAN applications, Cordless Telephone applications and any other CDMA wireless applications currently licensed by QUALCOMM to its existing CDMA Subscriber Unit and Infrastructure Equipment licensees as of the Effective Date of this Agreement. For purposes of this Agreement, the following definitions clarify the terms used in this paragraph:

(a)    "Digital Cellular Systems", which shall mean a terrestrial cellular land mobile radio-telephone system, interfaced to the Public Switched Telephone Network, that includes mobile telephone switching office equipment, base station equipment and subscriber Units at any frequencies that may be designated by various governmental agencies throughout the world.

(b)    "Personal Communications Systems", which shall mean a public wireless telephone system, interfaced to the Public Switched Telephone Network, that includes the same elements as a Digital Cellular System providing for a wide range of voice, data and other services at any frequencies that may be designated by various governmental agencies throughout the world.    Personal Communications Systems include wireless local loop applications providing for basic exchange telephone service to fixed or stationary users.

(c)    "Wireless PABX", which shall mean an in-building or campus-wide private network system providing for a wide range of voice, data and other services in conjunction with a private branch exchange interfaced to the Public Switched Telephone Network at any frequencies that may be designated by various governmental agencies throughout the world.

(d)    "Cordless Telephone", which shall mean wireless residential applications not dependent on use of a switch, including but not limited to a PABX switch, for interface to the public network.

The terms "Wireless" and/or "Wireless Applications" shall not include, without limitation, satellite applications (defined as any application which utilizes a direct connection between the Subscriber Unit and any satellite), which application QUALCOMM represents has not been licensed to any of its Subscriber Unit and Infrastructure Equipment Licensees as of the Effective Date of this Agreement.

8                              Company Proprietary

QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY                              QCEVOLVED5420036982



## 6.    LICENSEE LICENSE

### 6.1    Grant of License by LICENSEE.

6.1.1    Subscriber Unit and Cordless Base Station License. Subject to the terms and conditions of this Agreement, LICENSEE, on behalf of itself and its Affiliates, hereby grants to QUALCOMM a personal, nontransferable, worldwide, non-exclusive (without the right to sublicense, except to Affiliates of QUALCOMM as permitted in Section 6.3) to use LICENSEE's Intellectual Property solely for Wireless Applications to (a) make (and have made) and use, sell, lease or otherwise dispose of Subscriber Units and/or Cordless Base Stations and (b) to make (and have made) Components and use, sell, lease or otherwise dispose of Components. No other, further or different license is hereby granted or implied.

6.1.2    Infrastructure Equipment License. Subject to the terms and conditions of this Agreement, LICENSEE, on behalf of itself and its Affiliates, hereby grants to QUALCOMM a personal, nontransferable, worldwide, non-exclusive license (without the right to sublicense, except to Affiliates of QUALCOMM as permitted in Section 6.3) to use LICENSEE's Intellectual Property solely for Wireless Applications to (a) make (and have made) and use, sell, lease or otherwise dispose of Infrastructure Equipment (excluding equipment contained in the mobile telephone switching office) and (b) to make (and have made) Components and use, sell, lease or otherwise dispose of Components. No other, further or different license is hereby granted or implied.

# Redacted

16                                         Company Proprietary

QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY                    QCEVOLVED5420036990

**CONFIDENTIAL MATERIAL HAS BEEN REDACTED**



25.    APPLICABLE LAW; VENUE.

This Agreement is made and entered into in the State of California and shall be governed by and construed and enforced in accordance with the laws of the State of California.



28                          Company Proprietary

QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY                          Appx2237                          QCEVOLVED5420037002

CONFIDENTIAL MATERIAL HAS BEEN REDACTED



# Redacted



December 24, 1996                    1                    QUALCOMM & LGE Proprietary

QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY                    QCEVOLVED5420036918

CONFIDENTIAL MATERIAL HAS BEEN REDACTED

Amendment to Infrastructure and Subscriber Unit License
and Technical Assistance Agreement



 QUALCOMM and LGIC Proprietary

Page 1

QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY

QCEVOLVED5420037009

## Amendment to Infrastructure and Subscriber Unit License and Technical Assistance Agreement (the "Amendment")

This Amendment is entered into as of July 11, 2004 (the "Amendment Effective Date") between QUALCOMM Incorporated ("QUALCOMM"), a Delaware corporation, and LG Electronics Inc. ("LGE" or "LICENSEE"), a Korean corporation, with respect to the following facts:

WHEREAS, QUALCOMM and LG Information and Communication, Ltd. ("LGIC") entered into that certain Infrastructure and Subscriber Unit License and Technical Assistance Agreement dated August 31, 1993, as amended (collectively, the "License Agreement");

WHEREAS, QUALCOMM and LGE entered into that certain Subscriber Unit and Intelligent Personal Communicator License And Technical Assistance Agreement dated December 24, 1996, as amended (collectively, the "96 License Agreement");

WHEREAS, in September 2000, LGIC merged into LGE, at which point LGIC ceased to exist as a corporate entity, and LGE became the successor in interest to all of LGIC's rights and obligations under the License Agreement and LGE was substituted for LGIC as the LICENSEE under the License Agreement;

WHEREAS, pursuant to the License Agreement, QUALCOMM granted LICENSEE, among other things, a license under certain of QUALCOMM's and its Affiliates' patents to make (and have made), use and sell single-mode CDMA Subscriber Units and multi-mode CDMA Subscriber Units (e.g., multi-mode CDMA/GSM Subscriber Units) for CDMA-based wireless applications, including wireless applications based on the families of CDMA standards commonly referred to as IS-95, cdma2000 (e.g., the cdma2000 family that includes 1x-RTT, 1x-EV-DO, 1x-EV-DV), and WCDMA (or UMTS) as well as future evolutions of such standards. For purposes of clarification, the families of CDMA standards commonly referred to as IS-95, cdma2000 (e.g., the cdma2000 family that includes 1x-RTT, 1x-EV-DO, 1x-EV-DV), and WCDMA (or UMTS) as well as future evolutions of such standards do not include TD-SCDMA and future evolutions of TD-SCDMA;

WHEREAS, pursuant to the License Agreement, LICENSEE granted QUALCOMM, among other things, a license under certain of LICENSEE's and its Affiliates' patents to make (and have made), use and sell Components for use in single-mode CDMA Subscriber Units and multi-mode CDMA Subscriber Units (e.g., Components implementing multi-mode CDMA/GSM in Subscriber Units) for CDMA-based wireless applications, including wireless applications based on the families of CDMA standards commonly referred to as IS-95, cdma2000 (e.g., the cdma2000 family that includes 1x-RTT, 1x-EV-DO, 1x-EV-DV), and WCDMA (or UMTS) as well as future evolutions of such standards;

WHEREAS, the Parties continue to disagree on whether or not the License Agreement grants licenses for CDMA products that do not implement CDMA-based wireless applications based on any of the families of CDMA standards commonly referred to as

QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY          Appx2311                    QCEVOLVED5420037057

IS-95, cdma2000 (e.g., the cdma2000 family that includes 1x-RTT, 1x-EV-DO, 1x-EV-DV), and WCDMA (or UMTS); and

WHEREAS, subject to and in accordance with the terms and conditions of this Amendment, QUALCOMM and LICENSEE desire to amend the License Agreement to, among other things, [Redacted] and replace the license granted by LICENSEE to QUALCOMM with respect to Components with an agreement to not assert LICENSEE's Intellectual Property and its Affiliates' Intellectual Property (as such term would be defined if each such Affiliate was a Party) against QUALCOMM, QUALCOMM's Affiliates, and, subject to certain limitations, any QUALCOMM Customer (as specifically set forth in Section 5 below). For the avoidance of doubt, the term UMTS does not include TD-SCDMA, GSM, GPRS, or EDGE or future evolutions of such standards.

NOW, THEREFORE, the Parties hereby agree to amend the License Agreement as follows:

1.    Headings And Definitions.

Unless otherwise specified herein, capitalized terms shall have the meanings specified in the License Agreement. The following additional or modified terms shall have the meanings specified below:

"CDMA Modem Card" means a complete CDMA or a complete Dual Mode CDMA modem card or module which incorporates all or any part of the QUALCOMM Intellectual Property and is Sold for use with a "Communications Device," meaning either a telephone, notebook computer, personal digital assistant, multi-media terminal, facsimile machine, monitoring device, data entry terminal, automatic teller machine, vending machine, or point of sale terminal. The CDMA Modem Card must contain at a minimum a printed circuit board, multiple individually packaged integrated circuits, and all of the circuitry necessary for the Communications Device to perform all of the CDMA reverse link modulation and CDMA forward link demodulation, baseband processing, RF and IF filtering, upconversion, downconversion, RF and IF shielding, and protocol stack messaging; provided that a CDMA Modem Card shall not be capable of initiating and receiving Wireless communications without being attached to the Communications Device. A CDMA Modem Card for use with a Communications Device includes a complete modem card or module and all attachments necessary to enable the Communications Device to transmit and receive Wireless communications when such CDMA Modem Card is attached to such Communications Device. For purposes of clarification, a Communications Device Sold with a CDMA Modem Card embedded within such Communications Device is a Complete CDMA Telephone, not a CDMA Modem Card.

"Complete CDMA Telephone" means any complete CDMA and/or complete Dual Mode CDMA telephone, including but not limited to fixed, mobile, transportable and portable telephones, which incorporates all or any part of the QUALCOMM Intellectual Property and can be used, without any additional equipment or components being attached thereto, to initiate and receive Wireless telecommunications transmissions. For

QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY                    QCEVOLVED5420037058

the avoidance of doubt, the Parties acknowledge and agree that this definition of Complete CDMA Telephone is intended to include Intelligent Personal Communicator Subscriber Units, Video Subscriber Units and cordless telephones, all including subsequent generation products. The term "Complete CDMA Telephone" shall not mean a CDMA Modem Card and, for the avoidance of doubt, a Complete CDMA Telephone into which a CDMA Modem Card is embedded is a Complete CDMA Telephone, not a CDMA Modem Card. The terms Intelligent Personal Communicator Subscriber Unit, Video Subscriber Unit and Data Subscriber Unit shall have the meanings given to them in the 96 License Agreement.

Redacted

Redacted

Redacted

Redacted

Redacted

Redacted

The definition of "Subscriber Unit" in the License Agreement is hereby deleted and replaced with the following:

"Subscriber Unit" shall mean a Complete CDMA Telephone or a CDMA Modem Card, and any subsequent generation products. "Subscriber Units" shall mean Complete CDMA Telephones and CDMA Modem Cards, and any subsequent generation products.

QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY

Appx2313

QCEVOLVED5420037059

5.    QUALCOMM's Components License.    Only the licenses granted by LICENSEE to QUALCOMM for Components in Sections 6.1.1 and 6.1.2 of the License Agreement are hereby deleted and replaced with the following provisions effective as of December 31, 2000:

5.1    Covenant to QUALCOMM.    LICENSEE, on behalf of itself and its Affiliates, covenants not to Assert any of LICENSEE's Intellectual Property and/or its Affiliates' Intellectual Property (as such term would be defined if each such Affiliate was a Party) against (i) QUALCOMM or its Affiliates for making, having made, using, importing, leasing, selling, or otherwise disposing of Components (including but not limited to associated software) or (ii) QUALCOMM's and its Affiliates' suppliers for manufacturing Components for, or selling Components to, QUALCOMM or its Affiliates, provided that nothing herein shall prevent LICENSEE from asserting its intellectual property rights against QUALCOMM's and its Affiliates' suppliers for making Components for, or selling Components to, any third party other than QUALCOMM and/or its Affiliates. The term "Assert or Assertion" means to assert any claim for patent infringement or to commence or prosecute (or threaten to commence or prosecute) patent infringement litigation (or a similar proceeding, including any proceeding in the International Trade Commission). For the avoidance of doubt, LICENSEE's Intellectual Property and its Affiliates' Intellectual Property shall not include any intellectual property rights acquired or developed after December 31, 2000 by LICENSEE or its Affiliates. Without limiting the covenants granted above, nothing in this Section 5.1 shall be construed as granting a license to QUALCOMM, its Affiliates or their suppliers or any rights to any QUALCOMM Customer or its Affiliates.

5.2    Covenant to QUALCOMM Customers.    LICENSEE, on behalf of itself and its Affiliates, covenants not to Assert any of LICENSEE's Limited Intellectual Property against (i) a QUALCOMM Customer or its Affiliates (as such term would be applied if such customer were a Party) for making, having made, using, importing, selling, leasing or otherwise disposing of Covenant Products where the alleged basis for infringement arises from the use or incorporation of QUALCOMM Components (including but not limited to associated software) in such Covenant Products and/or (ii) any other third party against which LICENSEE would not have been able to Assert LICENSEE's Limited Intellectual Property had the licenses granted to QUALCOMM in Sections 6.1.1 and 6.1.2 of the License Agreement with respect to Components remained in effect (the "Covered Third Parties") with respect to a QUALCOMM Customer's or its Affiliates' Covenant Products to the extent LICENSEE would not have been able to Assert LICENSEE's Limited Intellectual Property against such third party had the licenses granted to QUALCOMM in Sections 6.1.1 and 6.1.2 of the License Agreement with respect to Components remained in effect (the "Covenant Rights") so long as such QUALCOMM

QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY          Appx2318                    QCEVOLVED5420037064

Customer and its Affiliates do not Assert any of their intellectual property rights against LICENSEE and/or its Affiliates for making, having made, using, importing, selling, leasing or otherwise disposing of Covenant Products where the alleged basis for infringement arises from the use or incorporation of QUALCOMM Components (including but not limited to associated software) in such Covenant Products; provided that in the event of any such Assertion by a QUALCOMM Customer or its Affiliates, LICENSEE shall provide written notice to such QUALCOMM Customer and to QUALCOMM (the "Notice") of its intent to terminate such QUALCOMM Customer's Covenant Rights and shall not terminate such QUALCOMM Customer's Covenant Rights in the event such QUALCOMM Customer or its Affiliate withdraws its Assertion in writing to LICENSEE within sixty (60) days of such Notice. In the event such QUALCOMM Customer or its Affiliate does not withdraw such Assertion within such sixty (60) days, then (i) such QUALCOMM Customer's Covenant Rights shall terminate with respect to Covenant Products which are Sold by such QUALCOMM Customer or its Affiliates after the date of the Notice, and/or (ii) to the extent such QUALCOMM Customer's or its Affiliate's Assertion seeks damages for infringement allegedly arising from the use or incorporation of QUALCOMM's Components and occurring prior to the date of the Notice, LICENSEE shall be entitled to terminate such QUALCOMM Customer's Covenant Rights retroactively with respect to Covenant Products Sold by such QUALCOMM Customer, its Affiliates and the Covered Third Parties of such QUALCOMM Customer or its Affiliates after the later of either the date of the first such allegedly infringing act or December 31, 2000, provided that such retroactive termination shall only be effective as long as it does not result in any liability for QUALCOMM or its Affiliates. Notwithstanding anything to the contrary above, (i) LICENSEE shall not be entitled to terminate any QUALCOMM Customer's Covenant Rights in the event that LICENSEE and/or its Affiliates first Assert any patents against such QUALCOMM Customer and/or its Affiliates for making, having made, using, importing, selling, leasing or otherwise disposing of Covenant Products or Covered Third Parties for using, importing, selling, leasing or otherwise disposing of such QUALCOMM Customer's or its Affiliates' Covenant Products where the alleged basis for infringement arises from the use or incorporation of QUALCOMM Components (including but not limited to associated software) in such Covenant Products prior to any Assertion by such QUALCOMM Customer or its Affiliates against LICENSEE or its Affiliates which would otherwise trigger LICENSEE's right to terminate such QUALCOMM Customer's Covenant Rights; and (ii) in the event that (a) LICENSEE terminates a QUALCOMM Customer's Covenant Rights in accordance with the terms of this Section 5.2 and thereafter LICENSEE or its Affiliates Assert any of LICENSEE's Limited Intellectual Property against such QUALCOMM Customer and/or its Affiliates for making, having made, using, importing, selling, leasing or otherwise disposing of Covenant Products or Covered Third Parties for using, importing, selling, leasing or otherwise disposing of such QUALCOMM Customer's or its Affiliates' Covenant Products and (b) such QUALCOMM Customer and/or its Affiliate withdraws its Assertion which gave rise to LICENSEE's termination of such QUALCOMM Customer's Covenant Rights, then such QUALCOMM Customer's Covenant Rights shall be deemed to have never been terminated by LICENSEE. For purposes of this Section 5.2, (i) "LICENSEE's Limited Intellectual Property" means LICENSEE's Intellectual Property and its Affiliates' Intellectual Property which LICENSEE and/or its Affiliates would not have been entitled to Assert against a QUALCOMM Customer, its Affiliates or Covered

QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY

Appx2319

QCEVOLVED5420037065

Third Parties had the licenses granted to QUALCOMM in Sections 6.1.1 and 6.1.2 of the License Agreement with respect to Components remained in effect. For the avoidance of doubt, "LICENSEE's Limited Intellectual Property" and its Affiliates' Intellectual Property shall not include any intellectual property rights acquired or developed after December 31, 2000 by LICENSEE or its Affiliates; and (ii) "Covenant Products" means an entity's Subscriber Units and Infrastructure Equipment that incorporate Components purchased by such entity from QUALCOMM or its Affiliates.. Without limiting the covenants granted above, nothing in this Section 5.2 shall be construed as granting a license to QUALCOMM's Customers or their Affiliates or any Covered Third Parties. For purposes of clarification, the covenants set forth in Sections 5.1 and 5.2 above are royalty free; provided that the fact that such covenants are royalty free shall not be deemed to be an admission by LGE that LICENSEE's Intellectual Property and/or its Affiliates' Intellectual Property has no value, including but not limited to for purposes of any negotiations under Section 3 of the 1998 Amendment.

5.3    <u>Transfer of Patents</u>. Neither Party or any of their Affiliates may sell, assign, or otherwise transfer any patent which is subject to the covenants granted in this Section 5 or the licenses granted in the License Agreement to any third party unless such patent remains subject to the covenants granted in Sections 5.1 and 5.2 above or the licenses in the License Agreement, as the case may be, for the life of such patent.



Redacted

Redacted

Redacted

LICENSEE agrees that it will not assert any claim against QUALCOMM alleging

Redacted

Redacted

### Amendment to Infrastructure and Subscriber Unit License
### and Technical Assistance Agreement (the "Amendment")

This Amendment is entered into as of January 1, 2007 (the "Amendment Effective Date") between QUALCOMM Incorporated ("QUALCOMM"), a Delaware corporation, and LG Electronics Inc. ("LGE" or "LICENSEE"), a Korean corporation, with respect to the following facts:

WHEREAS, QUALCOMM and LGE are Parties to that certain Infrastructure and Subscriber Unit License and Technical Assistance Agreement dated August 31, 1993, as previously amended (collectively, the "License Agreement");

WHEREAS, QUALCOMM and LGE have engaged in good faith negotiations pursuant to Section 3 of the 1998 Amendment (as defined in Section 6 below and amended by Section 8 of the July 2004 Amendment to Infrastructure and Subscriber Unit License and Technical Assistance Agreement (the "2004 Amendment")) and desire to modify certain of the terms and conditions of the License Agreement as set forth in this Amendment;

NOW, THEREFORE, the Parties hereby agree to amend the License Agreement, effective as of the Amendment Effective Date, as follows:



QUALCOMM-LGE Confidential/Proprietary     1



QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY     QCEVOLVED5420037072





QUALCOMM-LGE Confidential/Proprietary    2

QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY    QCEVOLVED5420037073

7.    QUALCOMM's Components Covenants.    Effective as of the Amendment Effective Date, Sections 5.1 and 5.2 of the 2004 Amendment are hereby deleted in their entirety and replaced with the following revised Sections 5.1 and 5.2:

5.1    Covenant to QUALCOMM.    LICENSEE, on behalf of itself and its Affiliates, covenants not to Assert any of LICENSEE's Intellectual Property and/or its Affiliates' Intellectual Property against (i) QUALCOMM or its Affiliates for making, having made, using, importing, leasing, selling, or otherwise disposing of Components (including but not limited to associated software) or (ii) QUALCOMM's and its Affiliates' suppliers for manufacturing Components for, or selling Components to, QUALCOMM or its Affiliates, provided that nothing herein shall prevent LICENSEE from asserting its intellectual property rights against QUALCOMM's and its Affiliates' suppliers for making Components for, or selling Components to, any third party other than QUALCOMM and/or its Affiliates.    The term (1) "Assert or Assertion" means to assert any claim for patent infringement or to commence or prosecute (or threaten to commence or prosecute) patent infringement litigation (or a similar proceeding, including any proceeding in the International Trade Commission); and (2) "Affiliates' Intellectual Property" means the intellectual property rights included within the definition of LICENSEE's Intellectual Property interpreting such definition as if each Affiliate of LICENSEE were the LICENSEE.    For the avoidance of doubt, LICENSEE's Intellectual Property and its Affiliates' Intellectual Property shall not include any intellectual property rights acquired or developed after December 31, 2006 by LICENSEE or its Affiliates.    Without limiting the covenants granted above, nothing in this Section 5.1 shall be construed as granting an exhaustive or implied license to QUALCOMM, its Affiliates or their suppliers or any rights to any QUALCOMM Customer or its Affiliates.

5.2    Covenant to QUALCOMM Customers.    LICENSEE, on behalf of itself and its Affiliates, covenants not to Assert any of LICENSEE's Limited Intellectual Property against (i) a QUALCOMM Customer or its Affiliates (as such term would be applied if such customer were a Party) for making, having made, using, importing, selling, leasing or otherwise disposing of Covenant Products where the alleged basis for infringement arises from the use or incorporation of QUALCOMM Components (including but not limited to associated software) in such Covenant Products and/or (ii) any other third party against which LICENSEE would not have been able to Assert LICENSEE's

Limited Intellectual Property had (a) the licenses granted to QUALCOMM in Sections 6.1.1 and 6.1.2 of the License Agreement with respect to Components remained in effect and (b) such licenses covered all of the intellectual property rights included within the definition of LICENSEE's Limited Intellectual Property (as defined below) prior to such licenses being replaced by the covenants set forth in Sections 5.1 and 5.2 of the 2004 Amendment (the "Covered Third Parties") with respect to a QUALCOMM Customer's or its Affiliates' Covered Products to the extent LICENSEE would not have been able to Assert LICENSEE's Limited Intellectual Property against such third party had (A) the licenses granted to QUALCOMM in Sections 6.1.1 and 6.1.2 of the License Agreement with respect to Components remained in effect and (B) such licenses covered all of the intellectual property rights included within the definition of LICENSEE's Limited Intellectual Property (as defined below) prior to such licenses being replaced by the covenants set forth in Sections 5.1 and 5.2 of the 2004 Amendment (the "Covenant Rights") so long as such QUALCOMM Customer, its Affiliates and Covered Third Parties (but only with respect to the applicability of this covenant to such Covered Third Party) do not Assert any of their intellectual property rights against LICENSEE's and/or its Affiliates' products; provided that in the event of any such Assertion by a QUALCOMM Customer or its Affiliates or a Covered Third Party, LICENSEE shall provide written notice to such QUALCOMM Customer or Covered Third Party and to QUALCOMM (the "Section 5.2 Notice") of its intent to terminate such QUALCOMM Customer's or Covered Third Party's Covenant Rights and shall not terminate such QUALCOMM Customer's or Covered Third Party's Covenant Rights in the event such QUALCOMM Customer or its Affiliate or such Covered Third Party (as the case may be) withdraws its Assertion in writing to LICENSEE within sixty (60) days of such Section 5.2 Notice. In the event such QUALCOMM Customer or its Affiliate or such Covered Third Party (as the case may be) does not withdraw such Assertion within such sixty (60) days, then (i) such QUALCOMM Customer's or such Covered Third Party's (as the case may be) Covenant Rights shall terminate with respect to Covenant Products which are Sold by such QUALCOMM Customer or its Affiliates or such Covered Third Party after the date of the Section 5.2 Notice, and (ii) to the extent such QUALCOMM Customer's or its Affiliate's or such Covered Third Party's Assertion seeks damages for infringement occurring prior to the date of the Section 5.2 Notice, LICENSEE shall be entitled to terminate such QUALCOMM Customer's or such Covered Third Party's (as the case may be) Covenant Rights retroactively with respect to Covenant Products Sold by such QUALCOMM Customer, its Affiliates and the Covered Third Parties of such QUALCOMM Customer or its Affiliates after the later of either the date of the first such allegedly infringing act or December 31, 2000, provided that such retroactive termination shall only be effective as long as it does not result in any liability for QUALCOMM or its Affiliates. Notwithstanding anything to the contrary above,

QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY    Appx2341    QCEVOLVED5420037086

(i) LICENSEE shall not be entitled to terminate any QUALCOMM Customer's or Covered Third Party's Covenant Rights in the event that LICENSEE and/or its Affiliates first Assert any patents against such QUALCOMM Customer and/or its Affiliates for making, having made, using, importing, selling, leasing or otherwise disposing of any wireless products or Covered Third Parties for using, importing, selling, leasing or otherwise disposing of such QUALCOMM Customer's or its Affiliates' wireless products prior to any Assertion by such QUALCOMM Customer or its Affiliates or a Covered Third Party against LICENSEE or its Affiliates which would otherwise trigger LICENSEE's right to terminate such QUALCOMM Customer's or such Covered Third Party's Covenant Rights; (ii) in the event that (a) LICENSEE terminates a QUALCOMM Customer's or Covered Third Party's Covenant Rights in accordance with the terms of this Section 5.2 and thereafter LICENSEE or its Affiliates Assert any of LICENSEE's Limited Intellectual Property against such QUALCOMM Customer and/or its Affiliates for making, having made, using, importing, selling, leasing or otherwise disposing of Covenant Products or Covered Third Parties for using, importing, selling, leasing or otherwise disposing of such QUALCOMM Customer's or its Affiliates' Covenant Products and (b) such QUALCOMM Customer and/or its Affiliate or such Covered Third Party withdraws its Assertion which gave rise to LICENSEE's termination of such QUALCOMM Customer's or such Covered Third Party's Covenant Rights, then such QUALCOMM Customer's or Covered Third party's Covenant Rights shall be deemed to have never been terminated by LICENSEE and (iii) in the event of an Assertion by a Covered Third Party against LICENSEE and/or its Affiliates, LICENSEE shall only be entitled to terminate the covenant set forth above based on such Assertion as to such Covered Third Party, but not as to the QUALCOMM Customer or its Affiliates providing Covenant Products to such Covered Third Party. For purposes of this Section 5.2, "LICENSEE's Limited Intellectual Property" means LICENSEE's Intellectual Property and its Affiliates' Intellectual Property which LICENSEE and/or its Affiliates would not have been entitled to Assert against a QUALCOMM Customer, its Affiliates or Covered Third Parties had (a) the licenses granted to QUALCOMM in Sections 6.1.1 and 6.1.2 of the License Agreement with respect to Components remained in effect and (b) such licenses covered all of the intellectual property rights included within the definition of LICENSEE's Intellectual Property (as amended by this Amendment) and Affiliates' Intellectual Property (as amended by this Amendment) prior to such licenses being replaced by the covenants set forth in Sections 5.1 and 5.2 of the 2004 Amendment, provided, however, "LICENSEE's Limited Intellectual Property" shall exclude any patents essential to the standards of ATSC A/52, A/53, A/54 or PSIP (as each term is defined below), but (i) solely when and to the extent such patents are being used to implement such standards and (ii) solely to the extent such standards are not utilized as part of a Wireless standard for which LICENSEE is licensed under the License Agreement

QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY

Appx2342

QCEVOLVED5420037087

**CONFIDENTIAL MATERIAL HAS BEEN REDACTED**

(e.g., CDMA2000, WCDMA, UMTS) or the MediaFLO standards. "A/52" shall mean the Digital Audio Compression Standard set forth in ATSC Doc. A/52. "A/53" shall mean the ATSC Digital Television Standard set forth in ATSC Doc. A/53. "A/54" shall mean the Guide to the Use of the Digital Television Standard set forth in ATSC Doc. A/54. "PSIP" shall mean the ATSC Standard for Program and System Information Protocol. For the avoidance of doubt, "LICENSEE's Limited Intellectual Property" and its Affiliates' Intellectual Property shall not include any intellectual property rights acquired or developed after December 31, 2006 by LICENSEE or its Affiliates; and (ii) "Covenant Products" means an entity's Subscriber Units and Infrastructure Equipment that incorporate Components purchased by such entity from QUALCOMM or its Affiliates. Without limiting the covenants granted above, nothing in this Section 5.2 shall be construed as granting a license to QUALCOMM's Customers or their Affiliates or any Covered Third Parties. For purposes of clarification, the covenants set forth in Sections 5.1 and 5.2 above are royalty free; provided that the fact that such covenants are royalty free shall not be deemed to be an admission by LICENSEE that LICENSEE's Intellectual Property and/or its Affiliates' Intellectual Property has no value.

Redacted

Redacted

8.2    LICENSEE Release.    Redacted

Redacted

QUALCOMM-LGE Confidential/Proprietary    17

QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY    QCEVOLVED5420037088

Redacted

Redacted

10.    Term. Notwithstanding anything to the contrary in the License Agreement or this Amendment, in addition to any other termination rights set forth in the License Agreement, either Party shall be entitled to terminate the License Agreement as of December 31, 2018 by providing written notice to the other Party no later than June 1, 2018. Beginning on July 1, 2010, at the request of either Party, the Parties shall negotiate in good faith to determine whether any modifications to the terms and conditions of the License Agreement or this Amendment should be made. For the avoidance of doubt, this Section 10 does not require either Party to agree to modify the terms of the License Agreement unless the Parties mutually agree upon any such modifications.

QUALCOMM-LGE Confidential/Proprietary    19

QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY

QCEVOLVED5420037090

AGREEMENT



RECITALS



"Actually Expensed" means [Redacted]

# Redacted



1

QUALCOMM-LGE Proprietary and Confidential



QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY

QCEVOLVED5420036564

**CONFIDENTIAL MATERIAL HAS BEEN REDACTED**



4

QUALCOMM-LGE Proprietary and Confidential

QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY

QCEVOLVED5420036567

CONFIDENTIAL MATERIAL HAS BEEN REDACTED

**Amendment to Agreement**
(the "**Amendment**")



RECITALS



1

QUALCOMM Confidential & Proprietary

QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY    QCEVOLVED5420036520

CONFIDENTIAL MATERIAL HAS BEEN REDACTED

Amendment to Infrastructure and Subscriber Unit License
and Technical Assistance Agreement
(the "Amendment" or the "September 2010 Amendment")



1

QUALCOMM-LGE Confidential/Proprietary



The definition of "Complete CDMA Telephone" in the July 2004 Amendment is hereby deleted in its entirety and replaced with the following:

"Complete CDMA Telephone" means any complete CDMA (including multi-mode) terminal, including but not limited to a fixed, mobile, transportable or portable telephone or data terminal, which (i) incorporates all or any part of the QUALCOMM Intellectual Property and (ii) can be used, without any additional equipment or components being attached thereto, to initiate and/or receive Wireless communications. The term "Complete CDMA Telephone" shall not mean a CDMA Modem Card and for the avoidance of doubt, a Complete CDMA Telephone into which a CDMA Modem Card is embedded is a Complete CDMA Telephone, and not a CDMA Modem Card.



2

QUALCOMM-LGE Confidential/Proprietary

**CONFIDENTIAL MATERIAL HAS BEEN REDACTED**



The definition of "Wireless" and/or "Wireless Applications" in the License Agreement is hereby clarified as follows: "Wireless" and "Wireless Applications" includes, without limitation, (i) any CDMA-based wireless wide area standard, including the CDMA2000 family of standards (e.g., 1xRTT, 1x-EVDO, 1x-EVDO Rev. A, 1x-EVDO Rev. B, BCMCS), the WCDMA family of standards (e.g., UMTS, HSPA, HSPA+, HSDPA, HSUPA, MBMS, TD-CDMA) and TD-SCDMA; and (ii) any updates or revisions to any of the foregoing.

2.    **Improvement Period**. The definition of "Improvement Period" in the License Agreement is hereby modified to mean the period commencing immediately after August 31, 1993 and ending on December 31, 2010. **Redacted**

**Redacted**

**Redacted**

**Redacted**

**Redacted**

5

QUALCOMM-LGE Confidential/Proprietary

QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY                    QCEVOLVED5420037019

with LG Electronics, a portfolio of patents essential to the Long-Term Evolution ("LTE")

wireless communications standard that includes the Asserted Patents.

50. It is my understanding that Evolved Wireless also provides development,

licensing and commercialization services to IP owners in the field of wireless

communications.

## IX.    Background of the Technology

### A.    Background on Cellular Communications

51. Wireless communications networks that divide the service area into

relatively small geographic cells are called "cellular." A cell is an area that is serviced by

a single cell site (also referred to as a base-station (or in LTE, eNodeB or eNB)). Devices

(also referred to as user equipment (UE) or terminals), such as mobile phones or tablets

operating within this geographic area, use that base station to communicate. The base

station provides connectivity with other mobile phones and with outside networks. The

shape of a cell can theoretically be considered hexagonal, so that cells can completely

cover a map. In practice, the actual shape depends on the terrain and height of the

antenna, and there may be some overlap between cells. Further, practical considerations

usually do not allow the base station to be placed exactly at the theoretically ideal

location. To ensure uninterrupted coverage, each cell in a modern wireless

telecommunication system is usually subdivided into three sectors, which overlap with

the sectors of neighboring cells.

52. Cells can have different sizes, depending on the expected number of users

per cell. Generally, in densely populated urban centers, cells are smaller, of about 1 km

13

(0.62 miles). Larger cells, sometimes on the order of 100 km (62 miles), are used in rural areas.

53. Cellular networks distinguish between uplink (terminal to base station) and downlink (base station to terminal) traffic.

54. Employing this cellular approach, mobile telephony has gone through four generations of development, with a new generation appearing approximately every ten years. Each subsequent generation has been designed to address the flaws of the previous generation and meet the needs of consumers by taking advantage of new technologies. For example, the bandwidth available for transmission has been steadily increasing, allowing an overall increase in transmission rates. First generation systems used bandwidths of 30 KHz for one channel. Second generation systems used 200 KHz bandwidths. Third generation or 3G systems reached bandwidths of 5 MHz. The most recent commercially available fourth generation standard provides flexible transmission speeds—permitting bandwidths of 1.4, 3, 5, 10, and 20 MHz. Jyrki T. J. Penttinen, The LTE/SAE Deployment Handbook, Ch. 4 (2012).

55. First-generation (1G) cellular telephony was commercially deployed in the 1980s and was analog. The first analog cellphone for the commercial market was introduced in 1983 and was not only expensive, it was also bulky, heavy and could provide only basic phone service, which was considered to be of generally low voice quality.

56. Further, 1G networks were developed locally within a country. Global compatibility and the ability to travel the world with one phone was not even a

14

consideration. Indeed, several different 1G systems were developed and deployed throughout the globe, such as the Advanced Mobile Phone System (AMPS) – in the USA and Canada, Nordic Mobile Telephone (NMT) System in Scandinavian countries, etc.

57.  While 1G was successful to some extent, it was flawed in ways the industry moved to correct.

58.  For example, all subsequent generations are digital, i.e. based on digital modulation, which requires the voice signal to be digitized prior to modulation. The second generation (2G) was digital, but could only provide voice functionality. Digital modulation techniques allow for higher voice quality and are required for data transmission.

59.  The limited success of 1G also established the need for international roaming and thus the use of the same standard in multiple countries. Starting with 2G, standards for cellular telephony were generally developed by international organizations. Over time, this led to the development of global standards. Standards are also referred to as Radio Access Technologies (RATs). The main 2G RATs are called GSM and IS-95. Initially, 2G standards only provided for voice transmissions. After their initial release, 2G standards were amended to support very low data rate applications such as instant messaging and email.

**B.    Development of "modern" cellular standards**

60.  Historically, there have been two main categories for wireless communication networks: voice-oriented and data-oriented. The market for voice-

15

oriented products and services developed before the market for data, and as a result wireless voice systems were developed before wireless data systems. Due to the demand for voice—and the limited state of the art—the first two generations of cellular standards were focused almost exclusively on voice communications.

61.  However, the market for data-oriented products and services began to grow considerably faster than the market for voice-oriented products and services, and continues to do so. Beginning with the third generation standard, the need to address this demand for data began to move to the forefront of development efforts. The third generation of standards were able to meet the demand for data to some extent. However, the fourth generation standard was the first developed with an architecture and characteristics aimed at serving data-oriented products as a primary goal.

62.  This gradual shift towards data capabilities resulted in increasingly complex standards. Thus, as the cellular industry began development of the third and eventually fourth generations of mobile telephony, multinational groups were created to handle the increasingly daunting task of developing new mobile standards.

63.  On such group tasked with developing standards for globally-applicable cellular systems is the 3GPP. 3GPP is composed of a collection of Organization Partners ("OP"). These OPs are major telecommunications standards developing organizations from around the world with significant expertise in their own right, including the European Telecommunications Standards Institute ("ETSI"), the North American Alliance for Telecommunication Industry Solutions ("ATIS"), the Telecommunications Technology Association ("TTA") of Korea, and a few others. Individual companies

16

participate in 3GPP via their membership of one of the Organizational Partners. For example, LG Electronics ("LG") is an active participant in 3GPP through at least its membership in ETSI.

64. The initial scope of 3GPP was to develop a 3G system based on further refinement of the second generation standard. This 3G system became known as WCDMA. After recognizing the growing demand for data services, the scope was later extended to include the development of LTE as a 4G system.

65. All standards that that comply with the specifications produced by the International Telecommunication Union (ITU) known as International Mobile Telecommunications-2000 (IMT-2000) can be called 3G. 3GPP was not the only organization developing 3G technologies for cellular communication.

66. For example, 3GPP2 was a separate group that produced the CDMA2000 3G family of standards. As a result, there are several incompatible 3G cellular wireless communications technologies that are still used around the world.

67. 3G standards employed two different frameworks to cover voice and data transmissions. Specifically, 3G systems used circuit-switched mode for voice transmissions and packet-switched mode for data transmissions. This added complexity and increased the difficulty of implementing the cellular infrastructure.

**C.    3GPP's 4G standard development procedure**

68. The existence of several incompatible 2G and 3G cellular standards around the world overall was a disadvantage. To market their products worldwide, companies had to implement several RATs on every device, even though only one would be used

17

at any given time because service providers offered cost-effective services based on only one standard. Therefore, service providers at the 2G and 3G level had to choose only one standard. For example, in the United States, AT&T and T-Mobile selected WCDMA, while other major U.S. carriers such as Verizon and Sprint selected to offer 3G services using CDMA2000.

69.  LTE was developed to address the ever-growing need for data transmission capabilities. Further, LTE was developed from the ground up to overcome the above disadvantages of multiple incompatible standards and the complexity caused by requiring both circuit-switched and packet-switched technologies by acting as the sole 4G standard world-wide.

70.  In developing the LTE standard, 3GPP followed the same process it has used when developing previous standards. As such, the term "3GPP specification" covers any specification developed by 3GPP, including both 3G and LTE specifications. In this Report, however, I will refer to 3GPP specifications to mean solely those pertaining to 3G and LTE. As will be discussed in greater detail below, 3GPP publishes major collections of specifications intended to be implemented as "Releases." For 3G and LTE specifications, 3GPP has been using a running numbering scheme starting following 3G "release 99." For example, 3G standards are laid out in Releases '99, 5, 6, and 7. The LTE standard begins with Release 8 and was further improved in Release 9. Further developments have been under the title "LTE-Advanced" and include Releases 10 and onward.

18

71.  The pace with which 3G and 4G 3GPP standards were developed was extremely fast. Generally, 3GPP operates faster than other standards bodies in the area of communications, dictated by the size and dynamics of the cellular telephone market. Generally, a major Release has been developed every twelve to eighteen months, with twelve months often being the target.

72.  There are two types of formal 3GPP documentation that are produced during the standard setting process: Technical Specifications (TSs) and Technical Reports (TRs). Each Release is composed of a number of TSs. TRs are for information purposes only and constitute proposals, summaries, notices, and other working documents generated during the standard setting process before a TS document can be finalized.

73.  The member companies of 3GPP, participating through their membership in OPs, participate in 3GPP Working Groups to discuss and select the best technology among competing proposals to provide each individual function within the standard. The selected technology may be covered by one or more patents. Therefore, patented technologies become part of the 3GPP standards.

74.  There are currently three Technical Specifications Groups (TSG) under 3GPP: TSG RAN for the radio access network, TSG SA for Service and Systems Aspects, and TSG CT for Core Network and Terminals. The TSG RAN is "responsible for the definition of the functions, requirements and interfaces of the UTRA/E-UTRA network in its two modes, FDD & TDD." *See* 3GPP Specifications Groups TSG RAN Plenary,

19

http://www.3gpp.org/specifications-groups/ran-plenary/ran-plenary (last visited May 19, 2017).

75.   Each TSG has its own Working Groups that focus on different aspects of the standard development. For example, the TSG RAN currently has six Working Groups, including Working Group 1 (WG1), 2 (WG2), and 5 (WG5). *See, e.g.*, Frank Wu Dep. Tr. at 11:24-12:7. http://www.3gpp.org/specifications-groups/ran-plenary.

76.   RAN WG1 "is responsible for the specification of the physical layer of the radio Interface for UE, UTRAN, Evolved UTRAN, and beyond; covering both FDD and TDD modes of the radio interface." *See* 3GPP Specifications Groups TSG RAN WG1, http://www.3gpp.org/specifications-groups/ran-plenary/ran1-radio-layer-1/home (last visited May 19, 2017). RAN WG2 is "in charge of the Radio Interface architecture and protocols (MAC, RLC, PDCP), the specification of the Radio Resource Control protocol, the strategies of Radio Resource Management and the services provided by the physical layer to the upper layers." *See* 3GPP Specifications Groups TSG RAN WG2, http://www.3gpp.org/specifications-groups/ran-plenary/ran2-radio-layer-2-and-radio-layer-3-rr/home (last visited May 19, 2017). RAN WG5 "works on the specification of conformance testing at the Radio interface (Uu) for the User Equipment (UE)." *See* 3GPP Specifications Groups TSG RAN WG5, http://www.3gpp.org/specifications-groups/ran-plenary/ran5-mobile-terminal-conformance-testing/home (last visited May 19, 2017).

77.   WGs meet several times a year. The contributions submitted by participants for a WG meeting are made publicly available prior to each meeting. Delegates review

the contributions prior to the meeting, and come prepared with their comments and feedback. These submissions are known as temporary documents or tdocs. These documents, as well as the final report from each meeting are available on 3GPP's web site. Collectively, these documents list the types of contributions that were made and the decision reached during the meeting (e.g., if it was approved or withdrawn). *See, e.g.*, Frank Wu Dep. Tr. at 59:11-60:18.

78.   When determining what contributions will be added to the standard, the rules require consensus prior to the acceptance of any contribution. Any attendee can object to the inclusion in the technical specification(s) of a particular contribution. Participants will often submit competing proposals on similar topics, and a primary goal of the meetings is to discuss the advantages and disadvantages of the proposals and adopt the superior technology into the standard. *See, e.g.*, Frank Wu Dep. Tr. at 52:15-56:20. As the meetings progress towards a final published specification, another important goal of the meetings is to identify and fix mistakes in the specification to ensure LTE implementation works on products utilizing an LTE network.

79.   Due to the rapid pace of development and to the large number of contributions, not all contributions are presented at formal scheduled 3GPP meetings. Some are considered in ad-hoc meetings that focus on a particular problem. These ad-hoc meetings are attended by those participants with expertise in that defined problem area and solutions are generally accepted by consensus. As with formal meetings, consensus is required and any participant can object to the inclusion of a specific proposal in the standard.

21

80.  After a contribution is accepted at the RAN working group or RAN ad-hoc meetings, the contribution is sent to the RAN Plenary group for final discussion and incorporation into the technical specifications. Attendees of the RAN Plenary group also have the opportunity to voice objections to a contribution prior to incorporation. *See* Frank Wu Dep. Tr. at 50:09-51:18.

81.  It is an enormous challenge to steer this process and develop complex technical documents such as the 3GPP specifications in such a short time. Overall, the scale and complexity of the work at 3GPP, including documents and draft standards is overwhelming. It is beyond the ability of a single individual to follow and understand the developments at all WGs.

82.  LG, who developed the inventions at issue in the present matter, started R&D on what later became LTE even before 2004, and it established itself as a very important member of 3GPP. LG is a member of virtually all LTE organizations. LG submitted numerous proposals during the development of LTE. Indeed, I have reviewed several third party summaries regarding the patent portfolios related to the LTE standard by various entities. While I am not attesting to the conclusions of these studies, I note that LG is consistently identified as one of the leading contributors to LTE based on its patent portfolio related to the LTE standard. For example, the iRunway 2012 report states that LG has 25 seminal patents for devices. "Patent & Landscape Analysis of 4G-LTE Technology," iRunway, 2012. Likewise, the 2011 Article One paper identifies LG as one of the top 7 owners of declared essential patents. Phelps, M., and Milone, C., "LTE Standard Essential Patents Now and in the Future," Article

22

One Partners, 2011. LGE was a major player in the development of the LTE standard and is recognized as having a strong patent portfolio related to its contributions to the LTE standard.

83.  During the development of the 3GPP Releases that comprised the first LTE standard, thousands of documents were submitted. For example, at the RAN WG2 Meeting ##54, #55 and #56bis, LG submitted 31 contributions out of 423 total documents, 18 contributions out of 243 documents, and 28 contributions out of 320 documents submitted by all participants, respectively—just under 10% of the contributions. *See, e.g.*, https://portal.etsi.org/; http://www.3gpp.org/ftp. Not all contributions were accepted into the final specifications. In fact, as it was during initial development, it is generally the case that only few submissions achieve the consensus of a Working Group and are accepted to become part of the published specifications.

84.  Each 3GPP Release is being developed in "stages." "Stage 1" refers to the development of a description of the intended service from a service-user's point of view, "Stage 2" is a logical description of that service using an abstract architecture of functional elements, and "Stage 3" is the concrete implementation that will be published as part of a Release.

85.  When a stage is completed, the stage is "frozen." After "freezing," there can be no new or modified functionality in a Release. Further, Change Requests are not allowed, other than to align earlier stages with later stages. However, detailed protocol specifications (stage 3) may not yet be complete for all elements of the standard at the same time. Thus, all TSs pertaining to a Release may not necessarily be frozen at the

23

time the Release itself is functionally frozen. *See* 3GPP Overview of 3GPP Release 8 V0.3.3 (2014-09).

86. In addition, prior to initiating the work on a major release feasibility studies are performed. These feasibility studies are published as Technical Reports (normally 3GPP-internal TRs). The feasibility study might be considered as a "Stage 0." Furthermore, after the completion of Stage 3, there are test specifications, which may be considered a "Stage 4." (3GPP 21.900 Technical Specification Group working methods)

87. A mobile system implementing the LTE Standard, i.e. UEs, eNBs, and other network equipment, can only be constructed based on the set of all specifications that comprise a given Release. That is to say, companies following a given Release must implement the specifications of that Release in order to be assured that the phones, base stations, and back-end network equipment will function together as a cohesive system.

**D.    LTE Technical Background**

88. Based on the growth in the usage of mobile devices, around 2004 the cellular industry predicted that 3G technologies would become increasingly inadequate around 2010. This is why work on "Evolved UMTS Terrestrial Radio Access (UTRA or E-UTRA)", started in December of 2004. For example, 3GPP TR 25.913 V7.3.0 (2013-04), titled "Universal Mobile Telecommunications System (UMTS); LTE; Requirements for Evolved UTRA (E-UTRA) and Evolved UTRAN (E-UTRAN)," § 4 states: "[A]t the 3GPP TSG RAN #26 meeting, the Study Item description on 'Evolved UTRA and UTRAN' was approved." The justification of the Study Item was that "[W]ith enhancements such as HSDPA and Enhanced Uplink, the 3GPP radio-access technology will be highly

24

competitive for several years. However, to ensure competitiveness in an even longer time frame, i.e. for the next 10 years and beyond, a long-term evolution of the 3GPP radio-access technology needs to be considered." TR 25.913 V7.3.0 § 4.

89.  As described above, the LTE standard was designed as a completely new standard, with new TS documents and numbering—it does not build on the previous series of standards. However, the architecture and terminology of LTE may appear similar to that of the third generation standards as LTE was created by the same standards body.

90.  LTE is a 4G technology that continues the trend of faster connections. The first version of LTE was made available in Release 8. *See generally* Stefania Sesia, et al., LTE—The UMTS Long Term Evolution: From Theory to Practice (2d. Ed. 2011). Release 8 Stage 1 was frozen in March 2008, Stage 2 was frozen in June of 2008, and Stage 3 in December of 2008. *See* Overview of 3GPP Release 8 V0.3.3 § 1.

91.  There is backwards compatibility only between LTE Releases. For example, LTE Release 9 is backwards compatible with LTE Release 8, meaning that a Release 8 user devices can work with a Release 9 network, and vice versa. However, Releases 8 and 9 are not backwards compatible with the Releases that comprise 3G. In general, each generation (3G and 4G) is not backwards compatible with previous generations, although it may employ techniques to permit devices to switch between networks operating on different generations.

25

92. Starting with Release 8, LTE has been commercially available in the United States since about 2010, and it has been a driving force behind the high levels of smartphone penetration.

### 1. LTE Random Access Procedure

93. Central to LTE's advances over the prior generations of mobile telephony is the Random Access Procedure employed by the LTE standard. To allow a UE with no existing connection with the eNB to establish communications, the network determines in advance certain time slots in which UEs may initiate "random access" ("RA")—i.e. timeslots used primarily for random access transmissions when the eNB is not expecting a transmission from the UE. The RA Procedure generally comprises 4 transmissions between the UE and the eNB:



**Figure 10.1.5.1-1: Contention based Random Access Procedure**

TS 36.300 V8.7.0 § 10.1.5.1

26

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY



Appx3283

Notes and sources:
See Schedule A

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY

**Figure R2.2, Schedule A**
**3G sales at release of 4G**

| | 2010 | 2011 | 2012 | 2013 | 2014 | 2015 | 2016 |
|---|---|---|---|---|---|---|---|
| [a] 4G handset sales | 0.0 | 9.5 | 93.8 | 272.7 | 541.9 | 966.6 | 1,214.5 |
| *Growth* | - | *41891.5%* | *883.3%* | *190.7%* | *98.7%* | *78.4%* | *25.7%* |
| [b] 3G handset sales | 365.9 | 501.0 | 606.6 | 688.7 | 683.7 | 450.9 | 283.0 |
| *Growth* | - | *36.9%* | *21.1%* | *13.5%* | *-0.7%* | *-34.1%* | *-37.2%* |
| [c] 3G and 4G handset sales | 365.9 | 510.5 | 700.4 | 961.4 | 1,225.6 | 1,417.4 | 1,497.6 |
| *Growth* | - | *39.5%* | *37.2%* | *37.3%* | *27.5%* | *15.7%* | *5.7%* |

*Notes and sources*:

IDC, WW Quarterly Mobile Phone Forecast, 2016Q2 Forecast Release, August 26, 2016. IDC historical data only runs through
2016Q2, so I estimate the full year handset sales using the 2015Q2 share of total 2015 handset sales.

[a] Worldwide 4G handset sales, not including WiMAX.
[b] Worldwide 3G handset sales.
[c] = [a] + [b]



# Figure 1
## Motorola 3G vs. LTE handset prices in the U.S.

*Notes and sources:*
Schedule A

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY

**Figure 1, Schedule A**
**Motorola 3G vs. LTE handset prices in the U.S.**

|  | 2010 | 2011 | 2012 | 2013 | 2014 | 2015 | 2016 | Total |
|---|---|---|---|---|---|---|---|---|
| **LTE** | | | | | | | | |
| Revenue | - | 232.4 | 1,104.2 | 1,334.8 | 3,108.6 | 2,127.7 | 460.1 | 8,367.8 |
| Units | - | 0.4 | 1.9 | 2.4 | 6.4 | 5.6 | 1.6 | 18.3 |
| ASP | - | $616.7 | $572.9 | $559.0 | $487.0 | $382.7 | $279.3 | $457.7 |
| **3G** | | | | | | | | |
| Revenue | 4,472.3 | 3,145.7 | 1,538.8 | 49.8 | 461.6 | 281.4 | 16.7 | 9,966.4 |
| Units | 8.9 | 7.0 | 3.9 | 0.1 | 3.1 | 2.3 | 0.2 | 25.5 |
| ASP | $500.8 | $448.1 | $395.8 | $369.0 | $150.2 | $123.0 | $99.0 | $390.8 |

*Notes and sources:*

IDC, WW Quarterly Mobile Phone Tracker, August 12, 2016 update - U.S. sales of smartphones (3G, LTE) since 2010

## V.    The Asserted '373 Patent is unrelated to CDMA communications technology.[8]

Single and multi-mode CDMA devices were sold well before the development of LTE technologies, and continue to be sold after development of LTE technologies. *See* Schultz Decl., Ex. 7; Song Decl. at ¶ 32. The asserted '373 Patent was declared essential by LGE to the LTE standard. D.I 1 at 16; D.I. 196 at 8. There is no evidence of record that the '373 patent was declared essential to any CDMA standard. Evolved Wireless has alleged that the asserted '373 patent is essential to the LTE standard regarding a particular method of performing a handover between a source base station and target base station. D.I. 245, Ex. 2 (Cooklev Op. Rep.) ¶¶ 88-90; D.I. 1 at ¶¶ 40-46. Evolved Wireless has not alleged that Defendants have infringed the '373 Patent through the use of any CDMA-related communications.

## ARGUMENT

Defendants bear the burden to prove each of their affirmative defenses of express license, implied license, and exhaustion by a preponderance of the evidence. *Moore v. Kulicke & Soffa Indus.*, 318 F.3d 561, 566 (3d Cir. 2003); *see also Harper v. Del. Valley Broadcasters, Inc.*, 743 F. Supp. 1076, 1090-91 (D. Del. 1990). Summary judgment is appropriate where a party fails to show evidence sufficient to establish the existence of a single element essential to the party's case when the party bears the burden for proving that element at trial. *Beard v. Banks*, 548 U.S. 521, 529 (2006) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In addition, summary judgment should be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is generally appropriate where, after making all

---

[8] The 1993 CDMA Agreement as Amended, does not cover intellectual property developed after December 31, 2006. See D.I. 197, Ex. F at 14-15, Schultz Decl. at Ex. 2 ("November 2016 Amendment") at 4. Accordingly, it is undisputed that the '236 Patent is not covered by the 1993 CDMA Agreement as Amended. *See* D.I. 1, Ex. 4 at 1:7-9.

15

consult dictionary definitions. *See Mountain Air*, 398 P.3d at 564-65. Standard dictionaries at the time defined "necessary" to mean "absolutely needed." *See* Schultz Decl., Ex. 5 (Merriam-Webster's Collegiate Dictionary, Tenth Edition, 1993); Ex. 6 (Merriam-Webster's Collegiate Dictionary, Eleventh Edition, 2007). Thus, by the plain language of the 1993 CDMA Agreement as Amended, the only intellectual property licensed and later subject to LGE's covenants is that intellectual property *necessary* or *absolutely required*, to use, make, and/or sell CDMA terminals, or other defined Subscriber Units. Technology relating to other non-CDMA features is not *necessary* or *absolutely required*.

### 3.    It is undisputed that the '373 Patent is *not necessary* to use, make, or sell CDMA-based devices.

It is undisputed that the '373 Patent is neither *technically necessary* nor *commercially necessary* for a single-mode or multi-mode CDMA terminal to initiate and/or receive CDMA-based wireless wide area communications. Defendants have not argued otherwise in their brief. *See generally* D.I. 196. Nor is there any record evidence suggesting that the '373 Patent is *technically necessary* or *commercially necessary* for CDMA-based communications by a mobile terminal.

The '373 Patent relates to a method of transmitting and receiving radio connection information that allows a cellular telephone to access the network using predefined access information that is determined by the cell tower—or "base station"—that the telephone is attempting to access. *See* D.I. 245, Ex. 2 (Cooklev Op. Rep.) at ¶¶ 104-07. This dedicated approach is employed in LTE, an OFDM-based standard, and was not employed by the previous standards, including those that employed CDMA techniques, such as 3G. *See id.* at ¶ 107.

Further, it is undisputed that CDMA terminals without LTE functionality were used, made, and sold both before and after the introduction of LTE technology. *See, e.g.*, Schultz

Decl., Ex. 7. For example, the Samsung Galaxy S3 was a high selling phone with CDMA-based wireless capability that still functioned as mobile devices.[10] Defendants cannot argue that LTE functionality is commercially or technically necessary to a single-mode or multi-mode CDMA terminal. Accordingly, the '373 Patent is not covered by the Qualcomm Component Covenant and Qualcomm Customer Covenant.

4. **Defendants' affirmative defenses rest entirely on an inaccurate interpretation of disclosed portions of the 1993 CDMA Agreement as Amended.**

Defendants have not presented any evidence to demonstrate that the inventions claimed in the '373 Patent are used in CDMA-based communications. Rather, Defendants contend that the covenants granted by LGE extend to the '373 Patent because the patent covers other features Defendants chose to include in their accused devices. By Defendants' reasoning, LGE's covenants would preclude enforcement of any patent covering features that happen to be included in a device capable of CDMA-based communications. D.I. 196 at 17. This expansive interpretation of the 1993 CDMA Agreement as Amended is contrary to the plain and ordinary meaning of those portions of the agreement disclosed to the Court and Evolved Wireless, would render the agreement indefinite, and conflict with the text of the agreements.

If the term "LICENSEE's Intellectual Property" was interpreted broadly to cover any commercially desirable feature for a CDMA terminal (whether multi-mode or not)—as Defendants appear to contend—then the scope of LGE's license and later covenants could encompass any other telecommunications standard or technology that is useful in a mobile device. As a result, the scope of the covenants granted by LGE would be continually changing

---

[10] Neither this product nor any product that is not LTE compliant are accused of infringing the '373 Patent.

24

"Interpretation of a written instrument becomes solely a judicial function only when it is based on the words of the instrument alone, when there is no conflict in the extrinsic evidence, or when a determination was made based on incompetent evidence." *City of Hope Nat'l Med. Center v. Genentech, Inc.*, 181 P.34 142, 156 (Cal. 2008) "[W]hen, as here, ascertaining the intent of the parties at the time the contract was executed depends on the credibility of extrinsic evidence, that credibility determination and the interpretation of the contract are questions of fact that may properly be resolved by the jury." *Id.*

In this case, testimony from an LGE representative who was directly and personally involved in many of the negotiations leading to the amendments to the 1993 CDMA Agreement is at least sufficient to preclude summary judgment in favor of Defendants on any disclosed terms of the 1993 CDMA Agreement as Amended for which this Court determines extrinsic evidence is appropriate. For example, in his declaration filed with this Memorandum, Mr. Younghan Song has testified:

- LGE's licensed intellectual property excluded LTE technology from the scope of the 1993 CDMA Agreement as Amended. Song Decl. ¶ 20;

- LGE and Qualcomm intended to distinguish CDMA and OFDM technologies in the 1993 CDMA Agreement as Amended, and *not* include OFDM technologies. *Id*. ¶ 28-29;

- LTE functionality is neither commercially necessary nor technically necessary intellectual property as defined in the 1993 CDMA Agreement as Amended. *Id*. ¶ 32;

- Single-mode and multi-mode CDMA phones were sold long before LTE functionality was developed and are still sold today. *Id*.;

- The plain language of the 1993 CDMA Agreement as Amended "makes clear the covenants do not extend to LGE's OFDM/LTE intellectual properties." *Id*. ¶ 33;

39

- "LTE-related technology intellectual property rights would not qualify as 'LICENSEE's Limited Intellectual Property' within the meaning of the revocable covenant to Qualcomm Customer's and Covered Third Party." *Id.* ¶ 37;



- and



*Id.* ¶ 66.

At a minimum, Mr. Song's Declaration raises genuine issues of material fact as to any disputed terms of the 1993 CDMA Agreement as Amended for which the Court determines extrinsic evidence is appropriate.

Similarly, even if the Court were to adopt Defendants' expansive (and incorrect) interpretation of the terms *technically necessary* or *commercially necessary,* there is at least a question of fact whether the '373 Patent is either *technically necessary* or *commercially necessary* to the use, manufacture or sale of CDMA-based devices given that CDMA-based devices were sold without LTE both before and after the introduction of the LTE standard. *See, e.g.,* Schultz Decl., Ex. 7; Song Decl. at ¶ 32.

**CONCLUSION**

For these reasons, Evolved Wireless respectfully requests this Court grants Evolved Wireless's motion for summary judgment on Defendants' express license, implied license, and exhaustion and deny Defendants' motion of summary judgment of covenant not to sue with respect to U.S. Patent 7,809,373.

## DECLARATION OF YOUNGHAN SONG

I, Younghan Song, hereby declare and state as follows:

1.     I am the Executive Director of the Intellectual Property ("IP") Center for LG Electronics, Inc. ("LGE"), and have continuously worked for the handset division of the LGE IP Center since 2000.

2.     I have personal knowledge of the facts stated in this declaration, and if called to testify, I could and would testify competently thereto.

### A.     Background

3.     As Executive Director of the LGE IP Center, I am primarily responsible for managing LGE's licensing of intellectual property. In this role, I am responsible for implementing LGE's licensing policies and practices, including the terms of LGE's patent licenses with entities such as Qualcomm, Inc. ("Qualcomm"). .

4.     As part of my responsibilities in the LGE IP Center, I have been involved in numerous patent license negotiations relating to LGE's intellectual property. I have also engaged directly in numerous patent license negotiations relating to LGE's intellectual property, including personally negotiating with Qualcomm over the years. These negotiations led to several of the executed agreements and amendments discussed below.

5.     The LGE IP Center is an administrative unit within LGE, a South Korean multinational electronics company headquartered in Seoul, South Korea.

6.     LGE develops, sells, and manufactures a variety of mobile devices including handsets and tablets. LGE expends substantial resources developing innovative technologies relating to mobile devices. To protect these innovations, LGE regularly seeks patent protection for its inventions throughout the world, including in the United States.

3

7.    LGE also participates in various standard setting organizations related to mobile devices and mobile communications, including the 3rd Generation Partnership Project ("3GPP"). LGE was actively involved in the 3GPP effort and development of the fourth generation ("4G") telecommunications standard, commonly referred to as LTE.

8.    As a result of LGE's innovation, LGE holds a substantial portfolio of patents which have been declared essential to various mobile communications standards, including third generation ("3G") and LTE communications standards.

9.    I understand that LGE previously sold certain of its patents and related rights to TQ Lambda, LLC, including United States Patent Nos. 7,746,916; 7,768,965; 7,809,373; 7,881,236; and 8,218,481 (the "Asserted Patents"). I am informed that LGE declared these Asserted Patents essential to the LTE standard. I am informed that LGE did not declare the Asserted Patents essential to the 3G telecommunications standard, the 2G telecommunications standard, or any other CDMA-based wireless wide area communication standard.

10.    The Defendants in the above-titled disputes are each direct competitors of LGE in the mobile device industry. Some of those Defendants directly compete with LGE in other industries as well.

**B.    The 1993 CDMA Agreement as Amended Excludes Intellectual Property Unrelated to CDMA-Based Wireless Wide Area Standards.**

11.    LGE and its predecessors have entered into at least two independent license agreements with Qualcomm.

12.    The first of these agreements is titled "Infrastructure and Subscriber Unit License and Technical Assistance Agreement" between Qualcomm and Goldstar Information & Communications, Ltd., dated August 31, 1993 (the "1993 CDMA Agreement"). LGE became a successor-in-interest to Goldstar Information & Communications, Ltd. Through this 1993

4

CDMA Agreement, LGE's predecessor granted Qualcomm a license to certain rights to certain patents to make (and have made), use and sell identified Components for use in CDMA Subscriber Units for CDMA-based Wireless applications as well as updates or revisions to CDMA-based wireless standards, as those terms are defined in the 1993 CDMA Agreement as Amended.

13.    LGE and Qualcomm have amended the 1993 CDMA Agreement several times through many amendments.  The following agreements are included in these amendments:

    a.    "Amendment to Infrastructure and Subscriber Unit License and Technical Assistance Agreement" between Qualcomm and LG Information & Communications, Ltd., dated March 17, 1998;

    b.    "Amendment to the Infrastructure and Subscriber Unit License and Technical Assistance Agreement between QUALCOMM and LGIC and to the Subscriber Unit License and Technical Assistance Agreement between QUALCOMM and LGE," dated Oct. 16, 1998;

    c.    "Amendment to Infrastructure and Subscriber Unit License and Technical Assistance Agreement," between Qualcomm and LGE, dated July 11, 2004;

    d.    "Amendment to Infrastructure and Subscriber Unit License and Technical Assistance Agreement," between Qualcomm and LGE, dated Jan. 1, 2007;

    e.    "Amendment to Infrastructure and Subscriber Unit License and Technical Assistance Agreement," between Qualcomm and LGE, dated Sept. 16, 2010; and

    f.    "Amendment to Infrastructure and Subscriber Unit License and Technical Assistance Agreement," between Qualcomm and LGE, dated Nov. 21, 2016.

5

14.     I shall refer to the 1993 CDMA Agreement and these various amendments collectively as the "1993 CDMA Agreement as Amended."  Pursuant to Sec. 29 in the 1993 CDMA Agreement and other provisions in other amendments, the 1993 CDMA Agreement as Amended is a fully integrated contract.

15.     I understand redacted versions of the 1993 CDMA Agreement and amendments were submitted to the Court in the above-captioned matters, and I am informed that it is available at C.A. No. 15-542, Dkt. 197.

16.     In my role in LGE's IP Center, I am responsible for understanding and implementing the terms of the 1993 CDMA Agreement as Amended. I have reviewed complete, unredacted, and authentic versions of the 1993 CDMA Agreement and each of these amendments as they are maintained by LGE in the ordinary course of its business. In addition, I was directly involved in some fashion in negotiating each of the amendments with Qualcomm since at least 2008.

17.     I understand that the Defendants in the above-titled actions have contended that the Asserted Patents are within the scope of the cross-license from LGE to Qualcomm and the related covenants granted by LGE under the 1993 CDMA Agreement as Amended. I further understand that the Defendants filed motions for summary judgment based on their contention. (C.A. No. 15-542, Dkt No. 194.) I understand that Defendants contend that the Asserted Patents falls within the scope of the 1993 CDMA License Agreement as Amended, and that Defendants' accused mobile products fall within the scope of the 1993 CDMA License Agreement as Amended. (C.A. No. 15-542, Dkt No. 196 at 11-19.)

18.     I disagree with Defendants' contentions as set forth below.

19.     The terms at issue as identified and discussed below from the 1993 CDMA Agreement as Amended are clear and unambiguous.  In Sec. 5.2 of the 2004 CDMA

6

Amendment, as revised by Sec. 7 of the 2007 CDMA Amendment and ██████████

██████████████ LGE "covenants not to Assert any of LICENSEE's Limited Intellectual

Property" for the limited use permitted in the 1993 CDMA Agreement against certain Qualcomm

Customers or Covered Third Party as defined in that section.  In addition, Sec. 5.1 of the 2004

CDMA Amendment, as revised by Sec. 7 of the 2007 CDMA Amendment, grants a covenant to

Qualcomm "to not Assert any of LICENSEE's Intellectual Property against" Qualcomm.  The

scope of both covenants turns on "LICENSEE'S Intellectual Property."

20.    The term "LICENSEE'S Intellectual Property," as defined in the 1993 CDMA

Agreement, excludes LTE technology from the scope of the 1993 CDMA Agreement as

Amended.  In the 1993 CDMA Agreement as Amended, the term "Licensee's Intellectual

Property" means "LICENSEE's Technically Necessary IPR and LICENSEE's Commercially

Necessary IPR." (D.I. 197, Ex. A at 4.)[1] The term "LICENSEE's Technically Necessary IPR" is

further defined in the 1993 CDMA Agreement as those patents and other intellectual property

"which are *technically necessary* to use, make, and/or sell *Subscriber Units*, Cordless Base

Stations and/or Infrastructure Equipment…." (D.I. 197, Ex. A at 5 (emphasis added).)

21.    In the 2004 CDMA Amendment, the term "Subscriber Units" was defined to mean

"*Complete CDMA Telephones* or CDMA Modem Cards, and any subsequent generation

products" (D.I. 197, Ex. E at 3 (emphasis added).) and limits "Complete CDMA Telephone" to

"any complete CDMA and/or complete Dual Mode CDMA telephone . . . which incorporates all

or any part of the QUALCOMM'S Intellectual Property and can be used, without any additional

equipment or components being attached thereto, to initiate and receive *Wireless*

telecommunications transmissions." (D.I. 197, Ex. E at 2-3 (emphasis added).) In the 2010

---

[1] Unless otherwise noted, docket citations are to C.A. No. 15-542-JFP-SRF.

CDMA Amendment, the parties reinforced their understanding that  a "Complete CDMA Telephone" is "any complete CDMA (including multi-mode) terminal . . . which . . . incorporates all or any part of the QUALCOMM Intellectual Property . . . and . . . can be used without any additional equipment or components being attached thereto, to initiate and/or receive *Wireless* communications." (D.I. 197, Ex. I at 2 (emphasis added).)

22.    The definition of "Wireless" by its own language covers only "CDMA-based systems" and "any other CDMA Wireless Applications." (D.I. 197, Ex. I at 5.) Given this emphasis on CDMA, non-CDMA applications, like LTE, falls outside this definition.  LGE and Qualcomm later confirmed this understanding in the 2010 CDMA Amendment:

> (i) any CDMA-based wireless wide area standard, including the CDMA2000 family of standards (e.g., 1xRTT, 1x-EVDO Rev. A, 1x-EVDO Rev. B, BCMCS), the WCDMA family of standards (e.g., UMTS, HSPA, HSPA+, HSDPA, HSUPA, MBMS, TD_CDMA) and TCD-SCDMA; and (ii) any updates or revisions to any of the foregoing.

(D.I. 197, Ex. I at 5.) As a result, the definition of "LICENSEE's Intellectual Property" limits the licensed patents to only those related to CDMA technology, thus excluding non-CDMA-based technologies like LTE.

23.    Similarly, the 1993 CDMA Agreement defines the term "LICENSEE's Commercially Necessary IPR" as only those patents and other intellectual property "which are *commercially necessary* to use, make, and/or sell Subscriber Units, Cordless Base Stations and/or Infrastructure Equipment…." (D.I. 197, Ex. A at 4 (emphasis added).) As discussed above with respect to "LICENSEE's Technically Necessary IPR," the term "LICENSEE's Commercially Necessary IPR" is similarly limited by the same definitional restrictions for "Subscriber Units," "Complete CDMA Telephone," and "Wireless." (*See* D.I. 197, Ex. A at 4-5; Ex. E at 2-3; Ex. I at 2, 5.)

8

24.    Thus, throughout these various amendments to the 1993 CDMA Agreement as Amended, LGE granted a license and then related covenants only to LGE's intellectual property that was either "technically necessary" or "commercially necessary" to the manufacture, use and/or sale of a "complete CDMA (including multi-mode) terminal, . . . that can be used, without any additional equipment or components being attached thereto, to initiate and/or receive *Wireless* communications." (*See* D.I. 197, Ex. A at 4-5; Ex. E at 2-3; Ex. I at 5.)

25.    Based on the definition of "Wireless" as "(i) any CDMA-based wireless wide area standard . . . and (ii) any updates or revisions[,]" LGE granted a license and then related covenants only to intellectual property that was either "technically necessary" or "commercially necessary" for a CDMA terminal to initiate and/or receive CDMA-based wireless wide area communications. To otherwise read the scope of the 1993 CDMA Agreement as Amended any more broadly is beyond the plain meaning of the 1993 CDMA Agreement as Amended.

26.    The 1993 CDMA Agreement and its amendments are consistent with the understanding that the scope of licensed and subsequently covenanted LGE intellectual property is limited to CDMA-based technology.

27.    Throughout the various amendments that I was involved in negotiating through 2008 to the present, LGE and Qualcomm have never broadened the definition of these terms within these amendments to include intellectual property solely directed to LTE technology. To do so would be beyond the plain and ordinary meaning of the 1993 CDMA Agreement as Amended, especially given that the parties painstakingly worked to clearly define the limits and scope of the terms found within these amendments.

28.    In addition, the 2007 CDMA amendment shows that the parties were aware of OFDM/LTE technology, but did not include it within the scope of the 1993 CDMA Agreement

9

as Amended. ███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████

29.    ████████████████████████████████████████

████████████████████████████████████

███████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████

30.    ████████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████████

██████████████████████

10

**CONFIDENTIAL MATERIAL HAS BEEN REDACTED**

31.    Moreover, the Asserted Patents are not technically *necessary* for any CDMA-based wireless application because they are not essential to any CDMA-based wireless wide area standard. I am informed that none of the Asserted Patents have been declared essential to any CDMA-based wireless wide area standard. For these reasons, the Asserted Patents, cannot fall within "LICENSEE's Technically Necessary IPR."

32.    Moreover, LTE functionality is not commercially *necessary* to manufacture, use, or sell a Complete CDMA telephone or other Subscriber Units as defined in the 1993 CDMA Agreement as Amended. To the contrary, single-mode and multi-mode CDMA terminals were sold long before LTE functionality was developed. In fact, many CDMA devices are presently sold that do not include LTE functionality. LTE functionality is not needed commercially for a single-mode or multi-mode CDMA terminal or other defined Subscriber Units. For these

11

reasons, LGE's LTE patent portfolio, including the Asserted Patents, cannot fall within "LICENSEE's Commercially Necessary IPR."

33.    In negotiating LGE's agreements with Qualcomm, it has been the parties' practice to clearly define the scope of the intellectual property at issue. As discussed above, the plain language of the 1993 CDMA Agreement as Amended is clear about the scope of the covenants granted to Qualcomm, its Customers and Covered Third Parties, and this plain language makes clear the covenants do not extend to LGE's OFDM/LTE intellectual properties.

**C.    The 2004 Amendment to the 1993 CDMA Agreement Limits the Scope of the Covenant Benefiting Qualcomm's Customers to Wireless Applications.**

34.    The 1993 CDMA Agreement as Amended further limits the specifically approved use which can be made of "LICENSEE's Limited Intellectual Property." Defendants' use of the Asserted Patents to effect LTE functionality would not fall within the covenant granted by LGE to Qualcomm for the benefit of Qualcomm's customers because the scope of the covenant was expressly limited to the use of "LICENSEE's Intellectual Property…solely for Wireless Applications." (*See* D.I. 197, Ex. A at 16; Ex. E at 9-10; Ex. F at 16.)

35.    In 2004, LGE and Qualcomm agreed to convert the license granted in the 1993 CDMA Agreement into two covenants: (a) one covenant directly benefitting Qualcomm and (b) one to benefit Qualcomm's customers. (*See* D.I. 197, Ex. E.) The covenant benefitting Qualcomm's customers only applies to those entity's "Subscriber Units" that incorporated "Components" purchased by such entity from Qualcomm. (D.I. 197, Ex. E at 8-9.) The covenant benefitting Qualcomm's customers was redefined in the 2007 Amendment and included the same limitations. (D.I. 197, Ex. F at 14-17.)

36.    Throughout these amendments, the scope of the covenant to benefit Qualcomm's customers was expressly limited; the covenant to benefit Qualcomm's customers was only for

Appx3505

"LICENSEE's Limited Intellectual Property," which was defined as "LICENSEE's Intellectual Property…which LICENSEE…would not have been entitled to Assert against QUALCOMM Customer…had the licenses granted to QUALCOMM in Sections 6.1.1 and 6.1.2 of the License Agreement with respect to Components remained in effect." (D.I. 197, Ex. E at 9-10; *see also id.,* Ex. F at 16.)

37.    Now superseded Sec. 6.1.1 of the 1993 CDMA Agreement provides that the granted license is limited "to use LICENSEE's Intellectual Property *solely* for Wireless Applications…." (D.I. 197, Ex. A at 16 (emphasis added).) The restriction to "solely for Wireless Applications" is important because the 1993 CDMA Agreement restricts "Wireless Application" to CDMA technology:

> only CDMA-based Digital Cellular Systems, Personal Communication Systems, Wireless PABX Systems, commercial telemetry for information gathering, commercial security systems for alarming applications, RF LAN applications, Cordless Telephone applications and any other CDMA wireless application currently licensed by QUALCOMM to its existing CDMA Subscriber Unit and Infrastructure Equipment licensees as of the Effective Date of this Agreement.

(D.I. 197, Ex. A at 8.) The definition of "Wireless Application" by its own language covers "only CDMA-based" systems and "any other CDMA wireless applications."  Given the plain emphasis on CDMA, a non-CDMA application like LTE falls outside this definition.  LGE and Qualcomm later confirmed this understanding in the 2010 CDMA Amendment for "Wireless" was defined as:

> (i) *any CDMA-based wireless wide area standard*, including the CDMA2000 family of standards (e.g., 1xRTT, 1x-EVDO Rev. A, 1x-EVDO Rev. B, BCMCS), the WCDMA family of standards (e.g., UMTS, HSPA, HSPA+, HSDPA, HSUPA, MBMS, TD_CDMA) and TCD-SCDMA; and (ii) any updates or revisions to any of the foregoing.

(D.I. 197, Ex. I at 5 (emphasis added).) By using the restrictive phrase "solely for Wireless Applications," superseded Sec. 6.1.1 as used in the definition of "LICENSEE's Limited

13

Intellectual Property" excludes non-CDMA technology such as LTE.  Because of this exclusion, LTE-related technology intellectual property rights would not qualify as "LICENSEE's Limited Intellectual Property" within the meaning of the revocable covenant to Qualcomm Customer's and Covered Third Party.

38.     Thus for patents falling within the definition of "LICENSEE's Intellectual Property," the only permitted use would be for *CDMA-based wireless wide area standards*. LTE is not a CDMA-based wireless wide area standard. Accordingly, the covenant granted to Qualcomm benefitting Qualcomm's customers does not extend to the use of LICENSEE'S Intellectual Property to provide the LTE functionality at issue in these cases.



**D.     LGE's Licensing Activities are Consistent with Its Understanding of the Scope of the 1993 CDMA Agreement as Amended.**

44.     LGE's actions and licensing activities are consistent with its understanding described above regarding the scope of intellectual property included in the 1993 CDMA Agreement as

14

Amended. Below are examples of such consistent actions, but it is not an exhaustive list. Rather, the actions described below are illustrative of LGE's consistent actions.

### 1.    The LGE-Qualcomm 2007 OFDM Agreement

45.    LGE and Qualcomm entered into a separate agreement on Jan. 1, 2007 related to OFDM standards including LTE. (*See* D.I. 197, Ex. G.)  OFDM is a distinct and separate technology from CDMA.  This 2007 OFDM Agreement has been amended by the parties over the years. (*See* D.I. 197, Ex. H.) For reference, the 2007 OFDM Agreement and its amendments are referred to as the "2007 OFDM Agreement as Amended."

46.    The 2007 OFDM Agreement as Amended provided two covenants from LGE to Qualcomm to LGE's LTE patent portfolio: (a) one covenant directly benefitting Qualcomm and (b) one to benefit Qualcomm's customers. (*See* D.I. 197, Ex. G.) Importantly, the 2007 OFDM Agreement as Amended limits the scope of the covenants to Qualcomm Components that are capable of initiating and/or receiving OFDM-based communications and not capable of initiating and/or receiving CDMA-based communications. (D.I. 197, Ex. G at 2, 25-28.) Only those Qualcomm components that are single-mode OFDM chipsets are included within the covenants of the 2007 OFDM Agreement as Amended. In other words, a product capable of capable of initiating and/or receiving CDMA-based communications does not fall within the scope of the 2007 OFDM Agreement as Amended.

47.    In addition to the above limitation, the 2007 OFDM Agreement as Amended further limited the intellectual property covered by a revocable covenant granted to Qualcomm and Qualcomm's customers to intellectual property "essential to the manufacture, use or sale of OFDM Subscriber Units and/or OFDM Components, in each case which comply with such OFDM Standard (i.e., must be infringed upon in order to comply with such OFDM Standard)...." (D.I. 197, Ex. G at 3-4.) Thus, only intellectual property that is essential to an

15

**CONFIDENTIAL MATERIAL HAS BEEN REDACTED**

OFDM Standard, such as LTE, was included in the covenants to Qualcomm and Qualcomm's customers-all subject to the single-mode OFDM requirement discussed above.

48.     The 2007 OFDM Agreement as Amended is the only agreement between Qualcomm and LGE that is an encumbrance on the Asserted Patents because the Asserted Patents have been declared essential to the LTE standard, which is an "OFDM Standard" as defined in the OFDM Agreement. I understand that the Defendants have not alleged that the Asserted Patents are licensed or covenanted under the 2007 OFDM Agreement as Amended.

49.     ████████████████████████████████████████

████████████████████████████████████████████████

███████████████████

50.     None of the terms identified and discussed above in the 2007 OFDM Agreement as Amended are ambiguous or vague.

51.     ████████████████████████████████████████

████████████████████████████████████

52.     ████████████████████████████████████████

████████████████████████████████████

53.     ██████████████████████████████████████

███████████████████████████

54.     ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████

    **2.**     ████████████████████████████

55.     ████████████████████████████████████████

██████████████████████████████████████████

16

**CONFIDENTIAL MATERIAL HAS BEEN REDACTED**

██████████████████████████████████████████████

████████████████████████

56.    ████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████

**E.    Qualcomm's Contentions Regarding Negotiations with LGE.**

57.    I understand that the Defendants in the above-titled actions sought the deposition of Qualcomm relating to the 1993 CDMA Agreement as Amended. I further understand that Qualcomm provided Mr. Fabian Gonell for deposition on December 5, 2017 to testify regarding the 1993 CDMA Agreement as Amended. I have reviewed a redacted copy of the deposition transcript of Mr. Fabian Gonell, dated December 5, 2017. ████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████

58.    ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████

**CONFIDENTIAL MATERIAL HAS BEEN REDACTED**

59. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

60. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

61. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ In

December 2015, LGE initiated an arbitration with Qualcomm. The primary issue in the

arbitration was the royalties that were to be paid. While the arbitration was pending, the parties

continued their negotiations. The parties reached an agreement in 2016 concluding the arbitration

and negotiations.

62. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮

18

**CONFIDENTIAL MATERIAL HAS BEEN REDACTED**

63. ████████████████████████████████████████
████████████████████████████████████████████████
████████████████

64. ████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████

65. ████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████████
████

66. ████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████████
███████████████████████████████████

67. ████████████████████████████████████
████████████████████████████████████████████████
███████████████████████████████████████

19

**CONFIDENTIAL MATERIAL HAS BEEN REDACTED**

20



4
QUALCOMM CONFIDENTIAL & PROPRIETARY

**CONFIDENTIAL MATERIAL HAS BEEN REDACTED**



5.    <u>TERM OF THE CDMA AGREEMENT</u>.  Section 10 (Term) of the CDMA 2007 Amendment is deleted in its entirety and replaced with the following:

    10.    <u>Term</u>.    Notwithstanding anything to the contrary in the License Agreement or this Amendment, in addition to any other termination rights set forth in the License Agreement, either Party shall be entitled to terminate this License Agreement as of December 31, 2018 by providing written notice to the other Party no later than June 1, 2018.

3
QUALCOMM CONFIDENTIAL & PROPRIETARY

QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY QCEVOLVED5420036661

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY

Appx3551



Notes and sources:
See Schedule A

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY

**Figure R2.2, Schedule A**
**3G sales at release of 4G**

| | 2010 | 2011 | 2012 | 2013 | 2014 | 2015 | 2016 |
|---|---|---|---|---|---|---|---|
| [a] 4G handset sales | 0.0 | 9.5 | 93.8 | 272.7 | 541.9 | 966.6 | 1,214.5 |
| *Growth* | - | *41891.5%* | *883.3%* | *190.7%* | *98.7%* | *78.4%* | *25.7%* |
| [b] 3G handset sales | 365.9 | 501.0 | 606.6 | 688.7 | 683.7 | 450.9 | 283.0 |
| *Growth* | - | *36.9%* | *21.1%* | *13.5%* | *-0.7%* | *-34.1%* | *-37.2%* |
| [c] 3G and 4G handset sales | 365.9 | 510.5 | 700.4 | 961.4 | 1,225.6 | 1,417.4 | 1,497.6 |
| *Growth* | - | *39.5%* | *37.2%* | *37.3%* | *27.5%* | *15.7%* | *5.7%* |

*Notes and sources*:

IDC, WW Quarterly Mobile Phone Forecast, 2016Q2 Forecast Release, August 26, 2016. IDC historical data only runs through 2016Q2, so I estimate the full year handset sales using the 2015Q2 share of total 2015 handset sales.

[a] Worldwide 4G handset sales, not including WiMAX.
[b] Worldwide 3G handset sales.
[c] = [a] + [b]

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY





# Figure 1
## ZTE 3G vs. LTE handset prices in the U.S.

_Notes and sources:_
Schedule A

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY

**Figure 1, Schedule A**
**ZTE 3G vs. LTE handset prices in the U.S.**

| | 2010 | 2011 | 2012 | 2013 | 2014 | 2015 | 2016 | Total |
|---|---|---|---|---|---|---|---|---|
| **LTE** | | | | | | | | |
| Revenue | - | - | 75.3 | 799.1 | 1,156.2 | 951.6 | 414.8 | 3,396.9 |
| Units | - | - | 0.2 | 3.5 | 4.9 | 6.8 | 3.6 | 19.0 |
| ASP | - | - | $378.5 | $231.4 | $235.1 | $140.4 | $114.0 | $178.9 |
| **3G** | | | | | | | | |
| Revenue | - | 94.7 | 1,014.9 | 570.3 | 499.5 | 328.8 | 51.1 | 2,559.4 |
| Units | - | 0.6 | 5.7 | 3.4 | 5.4 | 4.4 | 1.4 | 20.8 |
| ASP | - | $167.0 | $178.1 | $168.6 | $93.0 | $73.9 | $37.3 | $122.8 |

*Notes and sources:*

IDC, WW Quarterly Mobile Phone Tracker, August 12, 2016 update - U.S. sales of smartphones (3G, LTE) since 2010

cannot demonstrate that their infringing activities fall within the limited scope of permitted use for which LGE granted a covenant to any Qualcomm customer, or that any LGE covenant has exhausted Evolved Wireless's patent rights; **fourth**, Defendants cannot demonstrate that the accused products include Qualcomm intellectual property thereby entitling them to claim benefit of any covenant granted by LGE under the 1993 CDMA Agreement as Amended; and **fifth**, the Defendants cannot demonstrate that Evolved Wireless is bound by any covenant granted by LGE in the 1993 CDMA Agreement as Amended. Each of these points compels summary judgment in favor of Evolved Wireless.

> **A.      Evolved Wireless Is Entitled to Summary Judgment Because the Incomplete and Heavily Redacted Agreements Upon Which Defendants Rely Amount to a Failure of Proof.**

As a matter of law, the heavily redacted 1993 CDMA Agreement as Amended cannot satisfy Defendants' burden of proof for their license and/or exhaustion defenses. "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

In this case, Defendants' reliance upon incomplete and heavily redacted copies of the 1993 CDMA Agreement as Amended is particularly concerning because of what is shown in the limited portions of the documents that have been disclosed to the Court, and the circumstances surrounding their production. First, Defendants obtained these redacted documents from their own supplier Qualcomm, but have failed to disclose their communications regarding the documents. In fact, each of the Defendants have actively opposed production of their communications with Qualcomm based upon an assertion of joint defense privilege. D.I. 310 at 2. Defendants made no motions to compel production of complete, unredacted versions of these

**CONFIDENTIAL MATERIAL HAS BEEN REDACTED**

documents, and there is nothing in the record to suggest that Defendants could not have obtained complete copies of these documents if they chose to do so.

Second, although Defendants deposed Qualcomm at length about these documents, Defendants have not established that the heavily redacted Qualcomm documents represent the only agreements between LGE and Qualcomm. Neither Defendants, nor third-parties LGE or Qualcomm, have represented that all the relevant agreements have been produced and are before this Court. In fact, Defendants' brief does not even acknowledge that at least one additional amendment, a 2016 Amendment to the 1993 CDMA Agreement, was produced by third party Qualcomm. *See* Schultz Decl., Ex. 2 at 2.

Third, the portions of the documents that have been disclosed strongly suggest that redacted portions of these agreements may be material to Defendants' claims. For example, ███

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████ The unredacted portions of the agreements, however, do not use these definitions. Substantive provisions referencing these definitions are likely to be particularly relevant to Defendants' affirmative defenses, especially because Defendants allege that the 1993 CDMA Agreement is not limited to CDMA-based technologies and in fact includes OFDM technologies. *See* D.I. 196 at 16–17. Either these terms were defined and never used (which is unlikely), or the parties deliberately included these definitions because they are used in redacted portions of the documents.

18

The Parties and the Court should rely only on complete and unredacted agreements. "Under Fed. R. Evid. 106, when a party introduces a writing or part thereof, the opponent may require the other party to introduce any other part or writing 'which ought in fairness to be considered contemporaneously with it.' Under this doctrine of completeness, a second writing may be required to be read if it is necessary to (1) explain the admitted portion, (2) place the admitted portion in context, (3) avoid misleading the trier of fact, or (4) insure a fair and impartial understanding." *United States v. Soures*, 736 F.2d 87, 91 (3rd Cir. 1984). Here, it would be fundamentally unfair to Evolved Wireless to allow Defendants to present their defenses of license and exhaustion to the jury based on redactions selected by a party with whom Defendants claim a common interest privilege in this litigation—particularly given the potential relevance of the redactions. Absent full and unredacted version of the agreements, Defendants have no admissible evidence to support their license and exhaustion defenses. *See Beard*, 548 U.S. at 529.

Moreover, Defendants' incomplete record prevents this Court's proper interpretation of the agreements. California law, which governs the interpretation of the 1993 CDMA Agreement as Amended (D.I. 197, Ex. A. at 28), requires that when interpreting a contract, "[t]he whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other." Cal. Civ. § 1641. "The rule's effect, among other things, is to disfavor constructions of contractual provisions that would render other provisions surplusage." *Boghos v. Certain Underwriters at Lloyd's of London*, 115 P.3d 68, 72 (Cal. 2005). Here, it is impossible for the Court to apply this standard to the record evidence because Defendants have failed to produce complete and unredacted copies of the agreements upon

which they base their defenses. On this record alone, Defendants cannot met their burden of proof to support their affirmative defenses of license and/or exhaustion.

Defendants could have cured these obvious failures of proof. There is no evidence suggesting that Defendants sought complete, unredacted documents from Qualcomm. To the contrary, Defendants have fought to keep their communications on this subject secret under the cloak of an alleged common interest privilege despite eliciting testimony from their supplier on the very topic. *See* D.I. 310 at 2. Moreover, Qualcomm produced the documents pursuant to Defendants' subpoena after the close of discovery, thus precluding Evolved Wireless from issuing a subpoena to Qualcomm to secure complete, unredacted copies of these agreements.

### B. Evolved Wireless Is Entitled to Summary Judgment Because Defendants Cannot Demonstrate that the '373 Patent Falls Within the Scope of the Covenants Granted by LGE Under the 1993 CDMA Agreement as Amended.

Under California law, "[i]nterpretation of a written instrument is generally a question of law." *Kitty-Anne Music Co. v. Swan*, 4 Cal. Rptr. 3d 796, 801 (Cal. Ct. App. 2003). The "initial inquiry is confined to the writing alone. . . . The 'clear and explicit' meaning of these provisions, interpreted in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense or a special meaning is given to them by usage' ([Civ. Code], § 1644), controls judicial interpretation." *Mountain Air Enters., LLC v. Sundowner Towers, LLC*, 398 P.3d 556, 561 (Cal. 2017) (citations omitted). "The basic goal of contract interpretation is to give effect to the parties' mutual intent at the time of contracting." *Grey v. Am. Mgmt. Servs.*, 139 Cal. Rptr. 3d 210, 212 (Cal. Ct. App. 2012).

Those portions of the 1993 CDMA Agreement as Amended, that are available to the Court and Evolved Wireless, clearly reflect that LGE granted only covenants to intellectual property that was either *technically necessary* or *commercially necessary* to use, make, and/or sell Subscriber units capable of CDMA-based communications. Defendants' opening brief does

IGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY



**Figure 1**
**Microsoft/Nokia 3G vs. LTE handset prices in the U.S.**

Appx3823

*Notes and sources:*
Schedule A

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY

## Figure 1, Schedule A
### Microsoft/Nokia 3G vs. LTE handset prices in the U.S.

| | 2010 | 2011 | 2012 | 2013 | 2014 | 2015 | 2016 | Total |
|---|---|---|---|---|---|---|---|---|
| **LTE** | | | | | | | | |
| Revenue | - | - | 468.5 | 816.9 | 611.1 | 353.9 | 66.6 | 2,317.0 |
| Units | - | - | 1.1 | 1.6 | 2.1 | 1.9 | 0.3 | 7.0 |
| ASP | - | - | $433.8 | $495.4 | $297.0 | $182.0 | $233.1 | $330.2 |
| **3G** | | | | | | | | |
| Revenue | 446.4 | 229.9 | 171.7 | 181.5 | 123.1 | 104.9 | 0.8 | 1,258.3 |
| Units | 1.7 | 0.8 | 0.5 | 1.3 | 1.4 | 1.2 | 0.0 | 6.8 |
| ASP | $264.8 | $290.4 | $377.9 | $140.4 | $89.9 | $89.2 | $54.4 | $185.5 |

*Notes and sources:*

IDC, WW Quarterly Mobile Phone Tracker, August 12, 2016 update - U.S. sales of smartphones (3G, LTE) since 2010
The IDC data did not include U.S. data for 2013Q3 for 3G. As such, I assume a linear trend in the graph.
*Microsoft and Nokia both have sales related to the accused products. As such, I added the revenues and units together for both Microsoft and Nokia and are including them as one line item in exhibits.

**CONFIDENTIAL MATERIAL HAS BEEN REDACTED**

baseband chipsets Defendants used in the accused Subscriber Units incorporate "know-how and technical information…which QUALCOMM…has acquired or developed" that is commercially or technically necessary to "use, make and/or sell" the Subscriber Units.  (D.I. 197-1, Ex. A at 6.)

The undisputed record establishes that Defendants' accused products are multi-mode terminals that "(i) incorporate[] all or any part of the QUALCOMM Intellectual Property and (ii) can be used, without any additional equipment or components being attached thereto, to initiate and/or receive Wireless communications," and are thus "Complete CDMA Telephones." Because Defendants' products are "Complete CDMA Telephones," they satisfy the definition of "Subscriber Units" set forth in the 2004 Amendment.  (D.I. 197-1, Ex. E at 3.)

Defendants' products qualify as "Subscriber Units" both because they are "subsequent generation products" and because they are "Complete CDMA Telephones."  Thus, Defendants' products are "Covenant Products" covered by the covenant to Qualcomm's Customers.

### b) Defendants' accused products include "Components."

Defendants' accused products undisputedly include baseband chipsets, which are

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████  (Op. Br. at 13-14; D.I. 197, Ex. F at 2.)  Accordingly, Defendants' accused products include "Components" for purposes of the covenant to Qualcomm.

### 2.   The '373 patent is included within the scope of both covenants.

As illustrated in the chart on page twelve of Evolved's opening-answering brief, the scope of both covenants is defined by the term "LICENSEE's Intellectual Property," which includes both "LICENSEE's Technically Necessary IPR" and "LICENSEE's Commercially Necessary IPR."  By omitting part of the definition for "Subscriber Units," Evolved's chart incorrectly suggests that all of these terms are limited to CDMA technology.  They are not.

10

"Subscriber Units" includes "subsequent generation products," such as 4G LTE devices. Through their incorporation of the term "Subscriber Unit," the definitions of "LICENSEE's Intellectual Property," "LICENSEE's Technically Necessary IPR," and "LICENSEE's Commercially Necessary IPR" also encompass subsequent generation technology, such as 4G LTE technology. Again, Evolved makes no effort to explain why the '373 patent does not qualify as a patent that is at least commercially necessary to make, use, and/or sell "subsequent generation products" such as Defendants' multi-mode, CDMA/LTE Subscriber Units. Indeed, Evolved and its technical experts have taken the opposite position, expressly contending that the '373 patent is commercially necessary for LTE-based communications. (Jay Decl., Ex. B ("Putnam Rep.") at ¶¶ 144-155; *see also* § II.A.2.c)(1), *infra*.) Accordingly, the '373 patent is included in the scope of "LICENSEE's Intellectual Property."

      a)  **The covenant to Qualcomm includes the '373 patent.**

For purposes of the covenant to Qualcomm, that ends the inquiry. Evolved is precluded from asserting the '373 patent against Qualcomm based on the sale of Components to Defendants. Likewise, Evolved's rights to assert the '373 patent against Defendants have been exhausted, based on their use of those Components in the accused products. (*See also* § II.C, *infra*.) This covenant independently bars Evolved's claims for infringement of the '373 patent.

      b)  **The covenant to Qualcomm's Customers includes the '373 patent.**

Evolved makes one additional argument that is specific to the covenant to Qualcomm's Customers. Evolved argues that the '373 patent does not fall within the meaning of "LICENSEE's *Limited* Intellectual Property," which is a term that is used only in the covenant to Qualcomm's Customers. (D.I. 346 at 10, 12-13.) As explained below, this argument also fails.[4]

---

[4] Even if Evolved were correct to interpret "LICENSEE'S Limited Intellectual Property" to exclude the '373 patent—which it is not—this argument would have no bearing on the covenant

The covenant to Qualcomm's Customers precludes assertion of "LICENSEE's Limited Intellectual Property" against a "QUALCOMM Customer."  (D.I. 197-1, Ex. F at 14-17.)  The 2007 Amendment defines "LICENSEE's Limited Intellectual Property" as follows:

> For purposes of this Section 5.2, "LICENSEE's Limited Intellectual Property" means **LICENSEE's Intellectual Property** and its Affiliates' Intellectual Property which LICENSEE and/or its Affiliates would not have been entitled to Assert against a QUALCOMM Customer, its Affiliates or Covered Third Parties had (a) **the licenses granted to QUALCOMM in Sections 6.1.1 and 6.1.2 of the License Agreement with respect to Components remained in effect** and (b) such licenses covered all of the intellectual property rights included within the definition of LICENSEE's Intellectual Property (as amended by this Amendment) and Affiliates' Intellectual Property (as amended by this Amendment) prior to such licenses being replaced by the covenants set forth in Sections 5.1 and 5.2 of the 2004 Amendment …

(D.I. 197-1, Ex. F at 14-17.)  The amendment elaborates that "[f]or the avoidance of doubt, "LICENSEE's Limited Intellectual Property" and its Affiliates' Intellectual Property shall not include any intellectual property rights acquired or developed after December 31, 2006 by LICENSEE or its Affiliates."  (*Id*. at 17.)

### c) "LICENSEE's Limited Intellectual Property" is not limited to only CDMA-based technologies.

The 1993 Agreement defines "LICENSEE's Intellectual Property" as "both LICENSEE's Technically Necessary IPR and LICENSEE's Commercially Necessary IPR."  (D.I. 197-1, Ex. A at 4-5.)  "LICENSEE's Commercially Necessary IPR" includes intellectual property that is "commercially necessary to use, make and/or sell Subscriber Units…."  (*Id*.)  As discussed above in section II.A.1.a), Subscriber Units include both multi-mode terminals and subsequent generation products.  (D.I. 197-1, Ex. E at 3.)  As such, the definition of "LICENSEE's Commercially Necessary IPR" is not limited exclusively to CDMA-based technology.  (Op. Br.

---

to Qualcomm, which does not use this term and provides Defendants with an independent exhaustion defense based on their use of Qualcomm Components.

at 15-17.)  Rather, by the plain language of the agreements, "LICENSEE's Commercially

Necessary IPR" encompasses intellectual property that is commercially necessary to multi-mode

terminals and subsequent generation products, including multi-mode CDMA/LTE terminals such

as Defendants' accused products.  (*Id.*; D.I. 197-1, Ex. A at 4-5.)

 Despite the plain language of the 1993 Agreement and amendments, Evolved attempts to

limit "LICENSEE'S Limited Intellectual Property" to only the intellectual property necessary to

use, make and/or sell CDMA terminals, to the exclusion of technology relating to non-CDMA

features.  (Op.-Ans. Br. at 22-23.)  Specifically, Evolved claims that to be within the scope of the

1993 Agreement and amendments, the '373 Patent must be "technically necessary or

commercially necessary for CDMA-based communications."  (Op.-Ans. Br. at 23.)  That

language, however, appears nowhere in the 1993 Agreement or amendments.  Evolved applies its

faulty, narrow readings of "Subscriber Unit" and "Wireless" to misconstrue the scope of

"LICENSEE's Limited Intellectual Property," concluding incorrectly that "LICENSEE's

Limited Intellectual Property" is limited only to CDMA technologies.  (*Id.* at 21-23.)  Evolved

ignores that "Subscriber Unit" is defined expressly to include Complete CDMA Telephones

(including multi-mode terminals) and subsequent generation products.  (*Id.* at 21.)  Evolved

likewise omits the "without limitation" language from the 2010 definition of "Wireless."  (*Id.* at

22).  Evolved's conclusion that "LICENSEE's Commercially Necessary IPR" is "similarly

limited by the same definitional limits described [] for 'Subscriber Units,' 'Complete CDMA

Telephone,' and 'Wireless'" is incorrect for the same reasons described above in section II.A.1.

 Due to this faulty logic, Evolved's argument that the '373 patent is outside the scope of

"LICENSEE'S Commercially Necessary IPR" because the '373 patent is not "necessary for

CDMA-based communications by a mobile terminal" is unsupported.  (Op.-Ans. Br. at 23.)  The

proper analysis to determine the scope of "LICENSEE's Commercially Necessary IPR" is whether the intellectual property is "commercially necessary to use, make and/or sell Subscriber Units," *i.e.*, whether the intellectual property is commercially necessary to use, make and/or sell a Complete CDMA Telephone (including multi-mode terminals) *or* subsequent generation products.  (*See* D.I. 197-1, Ex. E at 3.)  Accordingly, "LICENSEE's Commercially Necessary IPR" includes patents commercially necessary to use, make and/or sell subsequent generation products and multi-mode terminals capable of *at least* CDMA-based communications, not just terminals capable of *only* CDMA-based communications.  For multi-mode CDMA/LTE devices, this necessarily includes IPR that is "commercially necessary" to implement the LTE features.

### (1) LGE patents declared essential to LTE are within the scope of "LICENSEE's Commercially Necessary IPR."

Evolved argues that the '373 patent is not commercially necessary for purely CDMA-based communications (Op.-Ans. Br. at 23), but this misses the point.  The proper inquiry is whether the '373 patent is commercially necessary to use, make and/or sell *multi-mode* terminals capable of wireless communications, *including, without limitation* (*i.e.,* at least), CDMA-based wireless standards.  (D.I. 197-1, Ex. A at 4-5; Ex. E at 3; Ex. I at 2, 5.)  Because wireless is not constrained to CDMA-based standards, wireless communication using the LTE standard is also included within the scope of the term "Wireless," so long as the device can *also* perform CDMA-based communications.  (*Id.*)  Accordingly, LTE falls within the scope of "LICENSEE's Commercially Necessary IPR," for multimode CDMA/LTE subscriber units.  (*Id.*)

Evolved cannot reasonably dispute that being compatible with LTE networks is commercially necessary for Defendants' accused products.  Evolved's own damages expert, Dr. Johnathan Putnam, opined that consumers place a premium on LTE technology.  (Putnam Rep. at ¶¶ 144-155.)  He opined that consumers demand LTE's capabilities, and are willing to

14

pay a premium for LTE-enabled devices.  (*Id*. at ¶¶ 156, 154.)  In other words, Dr. Putnam

opines that consumer demand *necessitates* the addition of LTE to Defendants' mobile devices.

If, as Dr. Putnam asserts, the addition of LTE is commercially necessary for Qualcomm's

Customers, then intellectual property necessary to use, make/and or sell a multi-mode terminal—

capable of LTE- and CDMA-based wireless communications—is commercially necessary

intellectual property under the definitions of the 1993 Agreement and amendments.  (D.I. 197-1,

Ex. A at 4-5; Ex. E at 3; Ex. I at 2, 5.)[5]

　　　　Defendants' accused products are subsequent generation, multi-mode terminals capable

of both CDMA- and LTE-based wireless communications.  (D.I. 199-1, App'x B at § 4.)

Evolved's position is that the '373 patent is essential to the LTE standard, that a device cannot

operate on an LTE carrier network without practicing the '373 patent, and thus the '373 patent is

necessary for LTE communications.  (D.I. 199-1, App'x B at § 2.)  If so, then the '373 patent is

commercially necessary intellectual property because it is necessary for Defendants' accused

products—subsequent generation, multi-mode terminals—to initiate and/or receive wireless LTE

communications, which Evolved's expert asserts is a commercial necessity for current mobile

products.  Accordingly, the '373 patent is within the scope of "LICENSEE's Commercially

Necessary IPR."  (D.I. 197-1, Ex. A at 4-5; Ex. E at 3.)

> **(2)  Qualcomm and LGE have increased the scope of technologies
> captured by the covenants through amendments to the 1993
> Agreement.**

---

[5]   In further support of its argument, Evolved contends that the Samsung Galaxy S3 is "not LTE
compliant" and is not "accused of infringing the '373 Patent."  (Op.-Ans. Br. at 24 n.10.)  The
Samsung Galaxy S3 should, accordingly, be excluded from Evolved's technical and damages
expert reports.  (*See, e.g.*, D.I. 199-1, App'x B at Tab 3, Briggs Decl., Ex. K at ¶¶ 3, 937, 943,
Exhibit 1.1.)

15

**CONFIDENTIAL MATERIAL HAS BEEN REDACTED**

The inclusion of LTE within the scope of "LICENSEE's Intellectual Property" is also consistent with Qualcomm and LGE's general intent to broaden the scope of technologies captured by the covenants in the 1993 Agreement and amendments.  As discussed above, the term "Wireless" was broadened from "only CDMA-based" to "include[], *without limitation*," CDMA-based standards.  (*See* § II.A.1.a)(2), *supra*.)  The parties' intent is also confirmed by Qualcomm and LGE repeatedly agreeing to extend the "Improvement Period" encompassed by the licenses during negotiation of the amendments to the 1993 Agreement.  (*See* D.I. 197-1, Ex. A at 4 (July 26, 1995); Ex. E at 11 (December 31, 2000), Ex. F at 5 (December 31, 2006); and Ex. I at 5 (December 31, 2010).)

The "Improvement Period" defines the time period during which Qualcomm's and LGE's intellectual property is included within the scope of the agreements.  (D.I. 197-1, Ex. A at 4-6 ("… IPR which is developed or acquired during the Improvement Period…"); Jay Decl., Ex. C ("Gonell Dep.") at 32:14-21.)[6]  The repeated extension of the "Improvement Period" reflects Qualcomm and LGE's intent to include newer technology within the license scope.  ██

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████

Evolved's argument that a broad reading of "LICENSEE's Intellectual Property" is untenable because "the scope of LGE's license and later covenants could encompass any other

───────────────────

[6] Defendants' motion can be resolved based on the plain language within the four corners of the agreements.  However, Defendants provide citations to witness testimony to the extent the Court is inclined to consider parol evidence.

[7] Evolved itself states that development of LTE began in 2004.  (Op.-Ans. Br. at 13 (citing D.I. 245, Ex. 2 (Cooklev Op. Rep.) ¶ 87).)

network without practicing the '373 patent.  (D.I. 199-1, App'x B at § 2.)  Thus, there can be no noninfringing uses possible for the LTE component within Qualcomm's multi-mode baseband chips.  *See LifeScan Scotland, Ltd. v. Shasta Techs., LLC*, 734 F.3d 1361, 1369 (Fed. Cir. 2013) ("We have recently rejected the contention that a potential non-infringing use prevents exhaustion where the use in question is the very use contemplated by the patented invention itself.") (citing *Keurig, Inc., v. Sturm Foods, Inc.*, 732 F.3d 1370, 1373 (Fed. Cir. 2013)).

Accordingly, because Evolved contends that the Qualcomm baseband chipsets alone, without additional components, infringes the '373 patent, and because Evolved contends that any LTE chipset infringes the '373 patent, Evolved's rights to sue Defendants for infringing the '373 patent were exhausted when Qualcomm sold the chips to Defendants.

### D.    The Redactions To The 1993 Agreement And Amendments Are Not Material To The Covenants Not To Sue

Evolved claims that it is entitled to summary judgment because the "heavily redacted" agreements cannot satisfy Defendants' burden of proof on the license and exhaustion defenses. (Op.-Ans. Br. at 17-20.)  Evolved is unable to demonstrate why the redactions are relevant to the analysis of the covenants not to sue, or why the redactions prevent the Court from interpreting the portions of the agreements relevant to Defendants' affirmative defenses.  Evolved must do more than "show that there is some metaphysical doubt as to the material facts," or offer unsupported speculation.  *Matsushita*, 475 U.S. at 586; *Podobnik*, 409 F.3d at 594.

Evolved insinuates that Defendants somehow influenced the redactions made, because the redacted documents were produced by Qualcomm, with whom Defendants share a common interest privilege.  (Op.-Ans. Br. at 17, 19.)  Evolved's argument is belied by the fact that LGE, with whom Evolved has direct contact (*see, e.g.,* D.I. 368-1, Ex. E), reviewed and consented to any redactions performed by Qualcomm, prior to production of the agreements.  (D.I. 200, Ex.

**CONFIDENTIAL MATERIAL HAS BEEN REDACTED**

C.)  Furthermore, Younghan Song, the Executive Director of the Intellectual Property Center for LGE, reviewed "complete, unredacted" versions of the 1993 Agreement and amendments, and did not allege that *any* redacted portion of *any* agreement was relevant to Defendants' affirmative defenses.  (D.I. 347 (Song Decl.) at ¶ 1, 16.)  Beyond speculation, Evolved cannot support any argument that the redactions—made by Qualcomm and approved by LGE—have any impact on the Court's or parties' ability to determine the scope of the covenants not to sue.

Evolved further alleges that the unredacted portions of the 1993 Agreement and amendments "strongly suggest" that the redacted portions "may be material" to Defendants' claims, offering little more than baseless conjecture.  Evolved points to the terms relating to ███████████████████████████████████ and then states that the unredacted portions of the agreements make no reference to OFDM.  (Op.-Ans. Br. at 18.)  Evolved then guesses that redacted "provisions referencing these definitions are likely to be particularly relevant to Defendants' affirmative defenses…"  (*Id.*)  The undisputed record, however, shows that the terms relating to █████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████  As discussed above, it is undisputed that Defendants' accused products are all multi-mode CDMA/LTE devices, not single-mode LTE-only devices, and therefore, the OFDM terms are not relevant to Defendants' defenses.  (*See* § II.A.1.a)(2)(a), *supra*.)  Qualcomm has also testified that the LTE-only OFDM terms have no bearing on LGE's covenants not to sue, as the covenants cover multi-mode devices.  (Gonell Dep. at 167:18-170:7.)

Evolved also speculates that there are possibly other amendments to the 1993 Agreement that are relevant to Defendants' affirmative defenses.  (Op.-Ans. Br. at 18.)  Once again, this is pure speculation without any support whatsoever in the record.  Although the declaration of

28

Mr. Song is untimely and improper for the numerous reasons Defendants provided in their

motion to strike the declaration (D.I. 367), Mr. Song, who purportedly "reviewed complete,

unredacted, and authentic versions of the 1993 CDMA Agreement and each of the[]

amendments," did not make any mention whatsoever of any amendments that Qualcomm did not

produce in the case.[12]  (D.I. 347 (Song Decl.) at ¶¶ 12-16.)

      Evolved claims that Defendants "could have cured these obvious failures of proof" and

that "Qualcomm produced the documents pursuant to Defendants' subpoena after the close of

discovery, thus precluding Evolved Wireless from issuing a subpoena to Qualcomm to secure

complete, unredacted copies of these agreements."  (Op.-Ans. Br. at 20.)  The factual record

makes clear, however, that as Defendants learned about the agreements, Defendants made every

practical attempt to obtain the agreements from Evolved, TQ Lambda, LGE, and finally,

Qualcomm.  (D.I. 366 at 5-9.)  Evolved, on the other hand, knew about the agreements (in fact,

its affiliate TQ Lambda, which has the same managing directors and counsel as Evolved, has had

possession of the 1993 Agreements and amendments since before these suits), but made a

calculated decision not to identify LGE as a witness or to disclose the 1993 Agreement and

amendments during discovery.  Nor did Evolved pursue discovery from LGE, despite LGE

having "complete, unredacted, and authentic versions" of the agreements available.  (*Id.*; D.I.

347 (Song Decl.) at ¶ 16.)  Evolved was not precluded from pursuing discovery, and has not been

prejudiced in any way by the redacted agreements, particularly in light of the fact that LGE—

---

[12] Evolved complains that Defendants did not previously acknowledge a 2016 amendment to the
1993 Agreement.  The reason that Defendants have not discussed the 2016 Amendment is that it
postdates the assignment of the patents-in-suit to Evolved.  (*See* fn. 1, *supra*.)  It thus has no
bearing on the instant motion, and Evolved does not claim otherwise.

with whom Evolved directly communicates—has reviewed the unredacted agreements and has remained silent regarding any alleged relevance of the redacted portions.

The "completeness" cases Evolved relies upon also do not support Evolved's arguments. (Op.-Ans. Br. at 19-20.) Evolved relies upon *United States v. Soures*, 736 F.2d 87 (3d Cir.1984), to argue that only complete, unredacted agreements should be relied upon for Defendants' affirmative defenses. (*Id*. at 19.) *Soures*, a criminal appellate case, sets forth that Federal Rule of Evidence 106 "*may* require the other party to introduce any other part or writing 'which ought in fairness to be considered contemporaneously with it.'" *Soures*, 736 F.2d at 91 (emphasis added) (citations omitted). But *Soures* also states that "[t]he Rule does not require introduction of portions of a statement that are neither explanatory of nor relevant to the passages that have been admitted." *Id*. The redacted portions of the 1993 Agreement and amendments are "neither explanatory of nor relevant to" the unredacted portions of the agreements, and Evolved has, at best, offered only speculation to the contrary. Evolved also cites *Boghos v. Certain Underwriters at Lloyd's of London,* 115 P.3d 68 (Cal. 2005), but fails to explain what relevant portions of the unredacted agreements cannot be interpreted, nor what alleged "surplusage" is caused by the redacted agreements. The scope of the covenants not to sue can be determined entirely by analyzing the redacted agreements.

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court deny Evolved's motion for summary judgment and instead enter summary judgment in Defendants favor finding that Evolved is barred from asserting its claims that Defendants infringe the '373 patent based on Defendants' accused products.

Qualcomm customers chose to include in their devices. This is contrary to black letter California law that courts should interpret a contract to render it definite and capable of being carried out. *See* D.I. 346 at 24-28. Tellingly, Defendants didn't address this issue at all. This is also directly contrary to the expressed intent of both Qualcomm and LGE to distinguish their agreements related to CDMA technology and their agreements related to OFDM (LTE) technology. D.I. 197, Ex. E at 1-2; D.I. 348, Ex. 3 at 1; D.I. 347 ¶¶ 27, 33 (expressing parties' desire to clearly define the limits and scope of the agreements). The very premise of Defendants' argument is improper and unsupportable, and summary judgment for Evolved Wireless is proper.

**B. Defendants Have Raised No Material Fact that the '373 Patent Is Within the Covered Intellectual Property of the 1993 CDMA Agreement as Amended.**

There is no dispute that the covenants extend at most to intellectual property that is either technically necessary or commercially necessary to "use, make and/or sell Subscriber Units[.]" D.I. 197, Ex. A at 4-5. Defendants cannot establish that either is true for the '373 Patent.

**1. Defendants rightfully abandoned their argument that the '373 Patent is "technically necessary" to use, make, or sell Subscriber Units.**

After previously arguing that the '373 Patent was licensed because it was *technically necessary* to use, make or sell "Subscriber Units," D.I. 196 at 2, 5, 16, Defendants have correctly dropped this argument, *see generally* D.I. 377, apparently in view of testimony from their supplier. *See* Schultz Decl., Ex. 1 at 133:12-17.[2] Instead, they now rely entirely on the argument that the '373 Patent is "commercially necessary." *See* D.I. 377 at 10-18.

**2. Defendants have identified no material facts showing that the '373 Patent is "commercially necessary" to use, make, or sell CDMA-based devices.**

Defendants concede that "'LICENSEE's Commercially Necessary IPR' includes patents commercially necessary to use, make and/or sell subsequent generation products and multi-mode

---

[2] "Schultz Decl." refers to the Declaration of Ryan M. Schultz filed concurrently herewith.

terminals capable of *at least* CDMA-based communications[.]" D.I. 377 at 14 (emphasis in original). Defendants also do not dispute the meaning of "necessary" as "absolutely needed" or "required." D.I. 346 at 22-23, 25; D.I 348, Ex. 5, 6. Defendants, however, provide no evidence to show that the '373 Patent (or any patent necessary to LTE functionality) is *absolutely needed* or *required* for a multi-mode terminal capable of *at least* CDMA-based communications.

None of Defendants' own experts have opined that LTE is "commercially necessary" for a multi-mode terminal capable of *at least* CDMA-based communications. Instead, Defendants rely on inaccurate characterizations of statements in the report of Evolved Wireless' damages expert. D.I. 377 at 11, 14-15 (citing Putnam Rep. ¶¶ 144-55, 156). For example, Defendants claim "Evolved's expert asserts [LTE] is a commercial necessity for current mobile products." D.I. 377 at 15. Dr. Putnam did no such thing. Rather, Dr. Putnam found that the market assigns a price premium to LTE handsets relative to 3G-only handsets. D.I. 378, Ex. B ¶¶ 144-55. To be clear, LTE is an important feature in the accused devices. A market-based price premium, however, is not the same as determining that LTE is absolutely needed for multi-mode CDMA devices. Price premiums may reflect consumer preferences for any number of features, including screen size, screen resolution, camera resolution, and processor speed. *See*, *e.g.*, D.I. 323, Ex. 2 at 4-5 (Putnam Rep., Ex. 11) (controlling for different mobile phone features). Price premiums do not establish that a mobile phone feature is "absolutely needed" or "required."

Defendants go further and falsely claim that Dr. Putnam "opined that consumers demand LTE's capabilities[.]" D.I. 377 at 14-15 (citing Putnam Rep. ¶ 156). What Dr. Putnam actually stated is that "the price of an LTE handset must be based on *both* consumer preferences for its additional capabilities (the demand side), *and* the incremental cost of LTE technology (the supply side)." D.I. 378, Ex. B ¶ 156. Without Defendants' paraphrasing, Dr. Putnam was clearly

4

using the economic term "demand side" to generally refer to consumer preferences.

In contrast, Evolved Wireless *has* pointed to uncontested evidence that LTE *is not* commercially necessary, *i.e.*, absolutely required, for a multi-mode terminal capable of *at least* CDMA-based communications. Defendants do not contest that "CDMA terminals without LTE functionality were used, made, and sold both before and after the introduction of LTE technology." D.I. 346 at 23-24. Nor do they contest that "the Samsung Galaxy S3[3] was a high selling phone with CDMA-based wireless capability." D.I. 346 at 24.

Defendants fail to raise a material fact dispute that LTE is "absolutely needed" or "required" for a multi-mode terminal capable of *at least* CDMA-based communications. Accordingly, summary judgment is appropriate on Defendants' affirmative license defense.

### 3. Defendants' narrative of the increasing scope of the agreement to include LTE is inconsistent with the facts and plain language of the documents.

Defendants' narrative that Qualcomm and LGE expanded the scope of intellectual property covered under the 1993 CDMA Agreement is inconsistent with the facts and plain language of the documents. Defendants point to repeated extensions of an "Improvement Period" during negotiation of amendments to the 1993 CDMA Agreement as evidence that the parties intended "inclusion of LTE within the scope of 'LICENSEE's Intellectual Property'." D.I. 377 at 16. This assertion is belied by Defendants' own pending summary judgment motion.

By moving for summary judgment only on the '373 Patent and not the '236 Patent—a second asserted patent essential to the LTE standard—Defendants tacitly acknowledge that even under their interpretation of the covenants, not all LTE technology would be licensed. *See generally* D.I. 196; D.I. 346 at 2 n.3. While the "Improvement Period" may have advanced, the

---

[3] At footnote 5 in their brief, Defendants incorrectly suggest that Evolved Wireless accused a non-LTE product. At a minimum, Defendant Samsung knows that the Galaxy S3 included both a CDMA-only version and an LTE version. *See* Schultz Decl., Exs. 2-4.

5

| | |
|---|---|
| EVOLVED WIRELESS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     C.A. No. 15–546–JFB-SRF |
| | ) |
| ZTE (USA) INC., | )     **FILED UNDER SEAL** |
| | ) |
| Defendant. | ) |
| | ) |

### DECLARATION OF RYAN M. SCHULTZ IN SUPPORT OF EVOLVED WIRELESS'S REPLY BRIEF REGARDING DEFENDANTS' AFFIRMATIVE DEFENSES ALLEGING LICENSE, COVENANTS NOT TO SUE, AND EXHAUSTION

I, Ryan M. Schultz, hereby declare and state as follows:

1. I am an attorney at Robins Kaplan LLP. I have been admitted in this action pro hac vice as counsel for Plaintiff Evolved Wireless, LLC ("Evolved Wireless").

2. I submit this declaration in support of Evolved Wireless's Reply Brief Regarding Defendants' Affirmative Defenses Alleging License, Covenants Not to Sue, and Exhaustion.

3. Attached hereto as **Exhibit 1** is an authentic copy of excerpts from the deposition of Fabian Gonell, taken on December 5, 2017.

4. Attached hereto as **Exhibit 2** is a complete and authentic copy of a screenshot from the webpage found at URL http://www.samsung.com/uk/smartphones/galaxy-s3-i9300/GT-I9300MBDBTU/.  At my direction, on April 19, 2018, a Robins Kaplan paralegal generated the screenshot by navigating to the webpage located at the above URL using an internet browser and then printing a copy of the webpage to PDF.

5. Attached hereto as **Exhibit 3** is a complete and authentic copy of a screenshot from the webpage found at URL https://www.samsung.com/us/mobile/cell-phones/SCH-S968MBBTFN-specs. At my direction, on April 19, 2018, a Robins Kaplan paralegal generated

2

the screenshot by navigating to the webpage located at the above URL using an internet browser and then printing a copy of the webpage to PDF.

6.      Attached hereto as **Exhibit 4** is a complete and authentic copy of a screenshot from the webpage found at URL https://www.samsung.com/us/mobile/cell-phones/SCH-I535MBBVZW-specs. At my direction, on April 19, 2018, a Robins Kaplan paralegal generated the screenshot by navigating to the webpage located at the above URL using an internet browser and then printing a copy of the webpage to PDF.

7.      Attached hereto as **Exhibit 5**, separately in each case, is a complete and authentic copy of Exhibit D to Evolved Wireless' final infringement contentions for the captioned Defendant. The relevant page for Exhibit D to Evolved Wireless' final infringement contentions for each case is provided in the table below:

| Case No. | Page |
|----------|------|
| 15-cv-542 | 130 |
| 15-cv-543 | 130 |
| 15-cv-544 | 130 |
| 15-cv-545 | 219 |
| 15-cv-546 | 129 |
| 15-cv-547 | 128 |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: April 27, 2018                                  /s/ *Ryan M. Schultz*
                                                       Ryan M. Schultz

3



## Smart Alert

When you pick up your phone, wouldn't it be nice if it let you know what has been happening since you've been gone? The GALAXY S III knows you came back and gives you a brief vibrating nudge to inform you about missed calls and new messages. How thoughtful is that?

HIDE ALL SPECS ∧

### Network/Bearer and Wireless Connectivity

**Communication**
EDGE / GPRS (850 / 900 / 1800 / 1900MHZ)

**HSPA**
HSPA+

**Wi-Fi**
Yes, Wi-Fi 802.11a/b/g/n

**Wi-Fi Direct**
Yes

**Bluetooth Profiles**
4.0

**NFC**
Yes

**AllShare Play**
DLNA, MHL 1, HDMI 2

**KIES**
kies

### OS

Android 4.0 (ICS)

### Physical Specification

**Dimension (HxWxD)**
70.6 x 136.6 x 8.6mm

**Weight**
133g

### Display

**Technology**
HD sAMOLED

**Colour Depth**
16M

**Size**
4.8"

**Resolution**
720 x 1280 (HD)

**S Pen**
No

Appx4263

## Battery

**Battery – Internet use**
3G: 7hrs / WiFi: 8hrs

**Capacity**
2100mAh

**USB Chargeable**
Yes

**Talk Time (2G / 3G)**
Upto 10hrs (3G)

**Standby Time**
Upto 460hrs (3G)

## Camera

**Camera Resolution(Front)**
CMOS , 1.9MP

**Camera Resolution**
8 Megapixels

**Flash**
LED (1EA)

**Auto Focus**
Yes

## Memory
16GB**

## Chipset

**Type**
Quad Core Application Processor

**Frequency**
1.4GHz

## Sensors
Accelerometer, Geo-magnetic, Gyro, RGB Light, Barometer sensor

## Colour
Pebble blue

## Connectors

**USB v2.0**
USB2.0

**Earjack**
3.5pi 4pole, Stereo

**MicroSD**
Yes

**Dual SIM Support**
Yes

**Connector**
Micro USB

**MHL**
Yes

## Location
A-GPS, GLONASS

## Services and Applications

**Samsung Apps**
Yes

**Music Hub**
Yes

**Game Hub**
Yes

**ChatON, mFluent IM**
ChatON

**ActiveSync**
Yes

**B-to-B Compability**
Yes

## Audio and Video

**Video Format**
MPEG4, H.264, H.263, VC-1. DivX, VP8,
WMV7 / 8, Sorenson Spark, DivX3.11

**Video Resolution**
Full HD (1080p) Video Recording &
Playback

**Video Frame rate**
30fps

**Audio Format**
MP3, AMR-NB / WB, AAC / AAC+ /
eAAC+, WMA, OGG (Vorbis), FLAC,
AC-3, apt-X

HIDE ALL SPECS ∧

SAR INFORMATION ☒

★★★★★ 4.6 │ 1743 Reviews

Search topics and reviews    🔍

# Reviews

WRITE A REVIEW

Rating Snapshot

Select a row below to filter reviews.

5 ★    1332
4 ★    290
3 ★    57
2 ★    24
1 ★    40

Average Customer Ratings

Overall  ★★★★★    4.6

1–8 of 1743 Reviews      Sort ▾  ≡

★★★★★ **SamM** · 6 months ago
### Valur for money

I got this phone in 2012. Have been using this since. Got everything I want from this phone. I i love it.

⊘ **Yes**, I recommend this product.

> Originally posted on Galaxy S3

Helpful?  Yes · 57 │ No · 0    Report

★★★★★ **ActionEverett** · 2 years ago
### One of the best phones iv owned

This little guy takes the punishment and keeps up. If you put a nice case on it you wont have a thing to worry about. The display is great the speaker is loud, its very responsive and durable. I have probably dropped this phone 100 times and it still works fine. Do your self a favor and get a SAMSUNG.

Galaxy S III 16GB (Straight Talk) - Specs | Samsung More Cell Phone Providers | SCH-S968MBBTFN

**SAMSUNG**

MOBILE    TV & HOME THEATER    COMPUTING

APPLIANCES

SUPPORT    BUSINESS

Home > Cell Phones > More Cell Phone Providers > SCH-S968MBBTFN
## Galaxy S III 16GB (Straight Talk)

| OVERVIEW | FEATURES | SPECS | REV EWS | ACCESSORIES | SUPPORT |

 Save



├── 2.78" (W) ──┤

5.38" (H)

0.34" (D)

Print This

### CARRIER

| Type | Straight Talk |

### FORM FACTOR

| Form Factor | Bar, Touchscreen |

### COLOR

| Color | Pebble Blue |

### OS

| OS | Android™ KitKat |

### SIZE

| Weight | 4.71 oz. |
| Product Dimensions (inches) | 5.38" x 2.78" x 0.34" |

### CAMERA

| Camera resolution (Front) | 1.9 MP |
| Camera resolution (Rear) | 8.0 MP |
| Features | Auto Focus; Shot Modes, Auto, Cloudy, Daylight, Fluorescent, Incandescent; Camcorder; DivX®; HD Recording; HD Playback; Video Share; Zero lag shutter; Burst Mode; Best Shot; Share Shot; Smile Shot; Buddy photo share |

## BATTERY

| | |
|---|---|
| Battery, Standby | 3G: Up to 320 Hours* |
| Battery, Talk Time | 3G: Up to 7 Hours: Wi-Fi: Up to 8 Hours* |
| Battery Type and Size | 2100mAh |
| Music Play Time | Up to 48 Hours* |
| Video Play Time | Up to 9 Hours* |

## MEMORY

| | |
|---|---|
| Internal Memory | 16GB, 2GB RAM (portion of memory occupied by existing content) |
| External Memory/microSD™ Capacity | Up to 64GB microSD |

## NETWORK

| | |
|---|---|
| Frequencies and Data Type | 3G (850/1900 MHZ EVDO) |
| SAR value - Head (W/kg) | SAR Value: Head 0.48 W/kg |
| SAR value - Body Worn (W/kg) | SAR Value: Body 1.29 W/kg |

## CONNECTIVITY

| | |
|---|---|
| Features | Bluetooth® Profiles, A2DP, AVRCP, HID, HFP, PBAP, HSP, OPP, SPP; Wi-Fi® ; Wi-Fi® Direct; HTML Browser; Flash®; GPS; DLNA capable, NFC Capable, S Beam, Mobile HotSpot Capable and Samsung Link |

## PROCESSOR

| | |
|---|---|
| Processor Speed, Type | 1.5 GHz dual core |

## DISPLAY

| | |
|---|---|
| Main Display Resolution | 1280 x 720 Pixel |
| Main Display Size | 4.8" |
| Main Display Technology | HD Super AMOLED™ |

## USER INTERFACE

| | |
|---|---|
| Features | TouchWiz®; Smart Unlock; Accelerometer; Motion Gestures; Smart Stay; S Voice™; Kies Air; Pop Up Play; Share Shot; Samsung Link |

## AUDIO

| | |
|---|---|
| Features | Music Player; Compatible Music Files: 3GP, AAC, MP3, OGG, 3GA, MP4, MIA, FLAC, WMA; Audio, Streaming; Ringtones, Polyphonic; MP3/Music Tones |

## VIDEO

| | |
|---|---|
| Features | Video Player; Compat ble Video Files, 3GPP, H.264, MPEG4, WMV; Video, Streaming |

## FUN & ENTERTAINMENT

| | |
|---|---|
| Features | Downloadable Content; Animated Wallpapers; Samsung Widget Gallery; Google Play™ Books; Music and Movies; Google Hangouts |

Appx4274

## BUSINESS & OFFICE

| Features | Microsoft® Office-compatible; Voice Memo |
|---|---|

## COMMUNICATION FEATURES

| Features | Messaging options: Email; Corporate Email; Picture Messaging; Text Messaging; Instant Messaging; Threaded / Chat-style Messages; Predictive Text (T9®/XT9®); T9 Trace |
|---|---|

## CALLING FUNCTIONS

| Features | Speakerphone; Voice Recognition; Voicemail; Text-to-speech; Music ID; Picture Caller ID; Multitasking; Call Restrictions; Hearing Aid Compatible (HAC), M4; TTY; Airline Mode |
|---|---|

## DISCLAIMER

| Disclaimer | *Results are based on lab environment testing. Refer to your network carrier's website for network specific talk times. Battery power consumption depends on factors such as network configuration, signal strength, operating temperature, features selected, vibrate mode, backlight settings, browser use, frequency of calls, and voice, data, and other application usage patterns. |
|---|---|

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| EVOLVED WIRELESS, LLC, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 15–542–JFB-SRF |
| | ) |
| v. | ) **FILED UNDER SEAL –** |
| | ) **CONFIDENTIAL ATTORNEYS'** |
| APPLE INC., | ) **EYES ONLY** |
| | ) |
| Defendant. | ) |
| | ) |
| EVOLVED WIRELESS, LLC, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 15–543–JFB-SRF |
| | ) |
| v. | ) **FILED UNDER SEAL** |
| | ) **CONFIDENTIAL ATTORNEYS'** |
| HTC CORPORATION and HTC | ) **EYES ONLY** |
| AMERICA, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| EVOLVED WIRELESS, LLC, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 15–544–JFB-SRF |
| | ) |
| v. | ) **FILED UNDER SEAL –** |
| | ) **CONFIDENTIAL ATTORNEYS'** |
| MOTOROLA MOBILITY, | ) **EYES ONLY** |
| | ) |
| Defendant. | ) |
| | ) |
| EVOLVED WIRELESS, LLC, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 15–545–JFB-SRF |
| | ) |
| v. | ) **FILED UNDER SEAL–** |
| | ) **CONFIDENTIAL ATTORNEYS'** |
| SAMSUNG ELECTRONICS CO, LTD. | ) **EYES ONLY** |
| and SAMSUNG ELECTRONCS | ) |
| AMERICA, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

|  |  |
|---|---|
| EVOLVED WIRELESS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ZTE (USA) INC.,<br><br>Defendant. | C.A. No. 15–546–JFB-SRF<br><br>**FILED UNDER SEAL–<br>CONFIDENTIAL ATTORNEYS'<br>EYES ONLY** |

## EVOLVED WIRELESS' NOTICE OF SUPPLEMENTAL FACTS IN SUPPORT OF ITS COMBINED OPENING-ANSWERING BRIEF REGARDING DEFENDANTS' AFFIRMATIVE DEFENSES ALLEGING LICENSE, COVENANTS NOT TO SUE, AND EXHAUSTION

Evolved Wireless provides this Notice of Supplemental Facts in support of its Combined Opening-Answering Brief Regarding Defendants' Affirmative Defenses Alleging License, Covenant Not to Sue, and Exhaustion. *See* D.I. 346.[1]

Defendants' Motion for Summary Judgment of Covenant Not to Sue With Respect to U.S. Patent No. 7,809,373 requests that the Court "enter summary judgment finding that Evolved is barred from asserting its claims that Defendants infringe the '373 patent based on Defendants' Accused Products." D.I. 196 at 20.

On February 5, 2019, LG Electronics's ("LGE") outside counsel contacted Evolved Wireless's counsel about whether Evolved Wireless or its counsel was aware of the status of the 1993 CDMA Agreement as Amended. On February 14, Evolved Wireless's counsel inquired with LGE's outside counsel as to the status of the 1993 CDMA Agreement as Amended. On Friday, February 15, 2019, LGE, through its outside counsel, informed counsel for Evolved

---

[1] Docket cites herein are to the docket in Case No. 15-cv-00542, although identical motions were filed by each Defendant.

Appx4594

Wireless that the 1993 CDMA Agreement as Amended had been terminated, effective December 31, 2018. Schultz Decl. Ex. A.

On February 20, 2019, LGE's outside counsel provided counsel for Evolved Wireless with the attached Declaration of Younghan Song, an LGE employee, attesting his personal knowledge regarding the supporting exhibit to his declaration, namely the correspondence between LGE and Qualcomm. Schultz Decl. Ex. B.[2] Both the Declaration and supporting exhibit confirm that the 1993 CDMA Agreement as Amended was terminated "effective December 31, 2018." *Id.* at ¶6. Upon receiving the attached Declaration and supporting exhibit, Evolved Wireless promptly produced copies to counsel for each Defendant.

Further, upon receiving the above-cited email from LGE's counsel on February 15, 2019, counsel for Evolved Wireless inquired as to whether any of the Defendants had received notice that the 1993 CDMA Agreement between Qualcomm and LGE, as amended, had been terminated. Schultz Decl. Ex. C – Collection of correspondence from Defendants. Counsel for Defendants each confirmed that outside counsel for Defendants had not been so informed, but did not provide any response as to whether their clients, the Defendants, had been so informed. *Id.*

While Evolved Wireless contends that the 1993 CDMA Agreement between Qualcomm and LGE, as amended, is not and never was a defense to Evolved's infringement allegations (*see, e.g.*, D.I. 346), the Declaration and supporting exhibit confirms that the 1993 CDMA Agreement as Amended, including any covenants provided therein, was terminated effective as of December 31, 2018. Schultz Decl. Ex. B. Accordingly, the 1993 CDMA Agreement as Amended is no

---

[2] Evolved Wireless would note that the Declaration is dated Feb. 21, 2019 due to the time change between the USA and South Korea, where the Declarant, as far as Evolved Wireless knows, is located.

longer in effect and cannot serve as the basis for relieving liability for any infringement that occurs on or after January 1, 2019. In light of this recent factual development, even if this Court were to conclude that the 1993 CDMA Agreement as Amended served as a bar to some portion of Evolved Wireless's claims – which Evolved Wireless denies – the Court should nevertheless deny Defendants' Motion based upon this now terminated agreement.

Dated: February 21, 2019

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 777–0300
(302) 777–0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Christopher K. Larus (admitted *pro hac vice*)
Marla R. Butler (admitted *pro hac vice*)
Ryan M. Schultz (admitted *pro hac vice*)
Benjamen C. Linden (admitted *pro hac vice*)
Rajin S. Olson (admitted *pro hac vice*)
ROBINS KAPLAN LLP
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
Telephone: (612) 349–8500
Facsimile: (612) 339–4181
clarus@robinskaplan.com
mbutler@robinskaplan.com
rschultz@robinskaplan.com
blinden@robinskaplan.com
rolson@robinskaplan.com

Andrea L. Gothing (admitted *pro hac vice*)
ROBINS KAPLAN LLP
2440 W. El Camino Real, Suite 100
Mountain View, CA 94040

3

Telephone: (650) 784–4040
Facsimile: (650) 784–4041
agothing@robinskaplan.com

Annie Huang (admitted *pro hac vice*)
ROBINS KAPLAN LLP
399 Park Avenue, Suite 3600
New York, NY 10022
Telephone: (212) 980–7400
Facsimile: (212) 980–7499
ahuang@robinskaplan.com

**Counsel For Plaintiff Evolved Wireless, LLC**

4

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| EVOLVED WIRELESS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) C.A. No. 15–542–JFB–SRF |
| v. | ) |
| | ) **FILED UNDER SEAL–** |
| APPLE INC., | ) **CONFIDENTIAL ATTORNEYS'** |
| | ) **EYES ONLY** |
| Defendant. | ) |
| | ) |
| EVOLVED WIRELESS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 15–543–JFB–SRF |
| | ) |
| HTC CORPORATION and | ) **FILED UNDER SEAL–** |
| HTC AMERICA, INC., | ) **CONFIDENTIAL ATTORNEYS'** |
| | ) **EYES ONLY** |
| Defendants. | ) |
| | ) |
| EVOLVED WIRELESS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 15–544–JFB–SRF |
| | ) |
| MOTOROLA MOBILITY LLC, | ) **FILED UNDER SEAL–** |
| | ) **CONFIDENTIAL ATTORNEYS'** |
| Defendant. | ) **EYES ONLY** |
| | ) |
| | ) |
| | ) |



EVOLVED WIRELESS, LLC,

      Plaintiff,

      v.

SAMSUNG ELECTRONICS CO., LTD.
and SAMSUNG ELECTRONICS
AMERICA, INC.,

      Defendants.

C.A. No. 15–545–JFB–SRF

**FILED UNDER SEAL–
CONFIDENTIAL ATTORNEYS'
EYES ONLY**

EVOLVED WIRELESS, LLC,

      Plaintiff,

      v.

ZTE (USA) INC.,

      Defendant.

C.A. No. 15–546–JFB–SRF

**FILED UNDER SEAL–
CONFIDENTIAL ATTORNEYS'
EYES ONLY**

## DECLARATION OF RYAN M. SCHULTZ IN SUPPORT OF EVOLVED WIRELESS' NOTICE OF SUPPLEMENTAL FACTS IN SUPPORT OF ITS COMBINED OPENING-ANSWERING BRIEF REGARDING DEFENDANTS' AFFIRMATIVE DEFENSES ALLEGING LICENSE, COVENANTS NOT TO SUE, AND EXHAUSTION

I, Ryan M. Schultz, hereby declare and state as follows:

    1.    I am an attorney at Robins Kaplan LLP. I have been admitted in this action pro

hac vice as counsel for Plaintiff Evolved Wireless, LLC ("Evolved Wireless").

    2.    I submit this declaration in support of Evolved Wireless LLC's Notice of

Supplemental Facts in support of its Combined Opening-Answering Brief Regarding

Defendants' Affirmative Defenses Alleging License, Covenant Not to Sue, and Exhaustion.

    3.    On February 5, 2019, LG Electronics's ("LGE") outside counsel contacted

Evolved Wireless's counsel about whether Evolved Wireless or its counsel was aware of the

1

status of the 1993 CDMA Agreement as Amended. On February 14, Evolved Wireless's counsel inquired with LGE's outside counsel as to the status of the 1993 CDMA Agreement as Amended. On Friday, February 15, 2019, LGE, through its outside counsel, informed counsel for Evolved Wireless that the 1993 CDMA Agreement as Amended had been terminated, effective December 31, 2018.

4.      On February 20, 2019, LGE's outside counsel provided counsel for Evolved Wireless with the attached Declaration of Younghan Song, an LGE employee, attesting his personal knowledge regarding the supporting exhibit to his declaration.

5.      Attached hereto as **Exhibit A** is a true and correct copy of e-mail correspondence with LGE's outside counsel, dated February 15, 2019.

6.      Attached hereto as **Exhibit B** is a true and correct copy of Declaration of Younghan Song and supporting exhibit.

7.      Attached hereto as **Exhibit C** is a true and correct copy of e-mail correspondences between Evolved Wireless's counsel and counsel for each of the Defendants.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: February 21, 2019          /s/ *Ryan M. Schultz*

                                          Ryan M. Schultz

# EXHIBIT A

**From:**      David Makous
**To:**        Schultz, Ryan M.
**Subject:**   [EXTERNAL] LGE/QC
**Date:**      Friday, February 15, 2019 1:44:53 PM

Dear Ryan,

Regarding the current status of the LGE/QC CDMA agreement of 1993, as amended, LGE previously  sent a written notice terminating this Agreement  to Qualcomm on May 21, 2018. The 1993 CDMA Agreement as Amended is terminated by its terms, effective December 31, 2018.

You may rely on this representation and advise the court and the Defendants, but please provide us with copies of all such relevant pleadings/letters.

Thank you.
David

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| EVOLVED WIRELESS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 15–542–JFB–SRF |
| APPLE INC., | ) |
| Defendant. | ) |
| EVOLVED WIRELESS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 15–543–JFB–SRF |
| HTC CORPORATION and HTC AMERICA, INC., | ) |
| Defendants. | ) |
| EVOLVED WIRELESS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 15–544–JFB–SRF |
| MOTOROLA MOBILITY LLC, | ) |
| Defendant. | ) |

| | |
|---|---|
| EVOLVED WIRELESS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | C.A. No. 15–545–JFB–SRF |
| EVOLVED WIRELESS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ZTE (USA) INC., <br><br> Defendant. | C.A. No. 15–546–JFB–SRF |
| EVOLVED WIRELESS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION, MICROSOFT MOBILE OY, AND NOKIA INC. <br><br> Defendants. | C.A. No. 15–547–JFB–SRF |

2

## SECOND DECLARATION OF YOUNGHAN SONG

I, Younghan Song, hereby declare and state as follows:

1.    I am the Executive Director of the Intellectual Property ("IP") Center for LG Electronics, Inc. ("LGE"), and have continuously worked for the handset division of the LGE IP Center since 2000.

2.    On January 31, 2018 I signed my initial declaration in this matter and I understand from my counsel that this declaration was filed with the Court. Rather than reiterate everything in it, I am incorporating all of it by reference. Nothing has changed concerning my position or role at the LGE IP Center and my management of LGE's licensing of patents including our involvement in the negotiations, management and implementation of license agreements with Qualcomm, Inc. I have personal knowledge of the facts stated in this declaration, and if called to testify, I could and would testify competently thereto.

3.    LGE and its predecessors have entered into at least two independent license agreements with Qualcomm. The first agreement is titled "Infrastructure and Subscriber Unit License and Technical Assistance Agreement" between Qualcomm and Goldstar Information & Communications, Ltd., dated August 31, 1993 (the "1993 CDMA Agreement"). LGE became a successor-in-interest to Goldstar Information & Communications, Ltd. Through this 1993 CDMA Agreement, LGE's predecessor granted Qualcomm a license to certain rights to certain patents to make (and have made), use and sell identified Components for use in CDMA Subscriber Units for CDMA-based Wireless applications as well as updates or revisions to CDMA-based wireless standards, as those terms are defined in the 1993 CDMA Agreement as

3

Amended.

4.    LGE and Qualcomm have amended the 1993 CDMA Agreement several times.  In 2004, LGE and Qualcomm agreed to convert the license granted in the 1993 CDMA Agreement into two covenants: (a) one covenant directly benefitting Qualcomm and (b) one to benefit Qualcomm's customers. (See D.I. 197, Ex. E.) The covenant benefitting Qualcomm's customers only applies to those entity's "Subscriber Units" that incorporated "Components" purchased by such entity from Qualcomm. (D.I. 197, Ex. E at 8-9.) The covenant benefitting Qualcomm's customers was redefined in the 2007 Amendment and included the same limitations. (D.I. 197, Ex. F at 14-17.).

5.    I understand that redacted versions of the 1993 CDMA Agreement and its amendments were submitted to the Court in the above-captioned matters, and I am informed that they are available at C.A. No. 15-542, Dkt. 197.  The 1993 CDMA Agreement as Amended by its terms was set to expire on December 31, 2018.  All of these documents have been maintained by LGE as part of my responsibilities in the ordinary course of LGE's business.

6.    On May 21, 2018 at my direction our Executive Vice President Mr. Saeng Gyu Jeon signed and sent a letter (a true and correct copy of this letter is attached hereto as Exhibit 1) to Mr. Alex Rogers, EVP of Qualcomm terminating the CDMA Agreement (among other actions) effective December 31, 2018.  As stated in this letter this was done by LGE in accordance with Section 5 of the January 2016 Amendment to the CDMA Agreement, and section 10 of the January 1, 2007 Amendment to the CDMA Agreement. The CDMA Agreement as amended has since terminated as stated effective December 31, 2018.

7.    As of January 1, 2019 (and continuing to date) LGE and Qualcomm have not

4

yet entered into any new license agreements and are continuing to negotiate to that end.  I am participating in this process between both companies.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated : Feb 21 , 2019

Younghan Song

5

# EXHIBIT 1

 **LG Electronics**

May 21, 2018

Alex Rogers, Esq.
EVP & President, QTL
QUALCOMM Incorporated
5775 Morehouse Drive
San Diego, CA 92121-1714

      RE:    Termination Notice of the Infrastructure and Subscriber Unit License and
              Technical Assistance Agreement dated August 31, 1993, as amended over time
              and the Agreement dated as of January 1, 2007 as amended over time and related,
              among other things, to OFDM technology

Dear Alex Rogers:

On behalf of LG Electronics Inc. ("LGE"), I write regarding two agreements between LGE and
Qualcomm Inc. ("Qualcomm"):

      the Infrastructure and Subscriber Unit License and Technical Assistance Agreement dated
      August 31, 1993, as amended over time (together as amended, the "CDMA Agreement");
      and

      the Agreement dated as of January 1, 2007 as amended over time and related, among other
      things, to OFDM technology (together as amended, the "OFDM Agreement").

Pursuant to section 5 of the January 2016 Amendment to the CDMA Agreement and pursuant to
section 10 of the January 1, 2007 Amendment to the CDMA Agreement, LGE notifies Qualcomm
that LGE intends to terminate, and hereby does terminate, the CDMA Agreement as of December
31, 2018. Likewise, pursuant to section 5 of the January 2016 Amendment to the OFDM
Agreement and pursuant to section 5.1 of the OFDM Agreement, LGE further notifies Qualcomm
that LGE intends to terminate, and hereby does terminate, the OFDM Agreement as of December
31, 2020. Despite this termination notice, LGE will honor and comply with all contractual
provisions in the CDMA Agreement and OFDM Agreement until the effective date of such
terminations (i.e., December 31, 2018 for the CDMA Agreement, and December 31, 2020 for the
OFDM Agreement), and LGE expects that Qualcomm will do the same.

Alex Rogers, Esq.
Page 2

The termination of these agreements does not, however, mean that the relationship between LGE and Qualcomm should similarly end. Over the past few decades, this relationship has been important to the development and growth of each party's respective mobile business. However, the business, legal, and technological environment has changed significantly, and the contractual relationship between the parties must evolve as well to meet the demands of today's environment. That is why LGE views this termination notice as an opportunity to open a wider dialogue with Qualcomm to restructure the LGE-Qualcomm business relationship in a way that supports the growth of our respective businesses, satisfies Qualcomm's "fair, reasonable, and non-discriminatory" obligations, and complies with regulatory requirements, including those mandated by the Korean Fair Trade Commission. In this spirit of dialogue and cooperation, LGE invites Qualcomm to meet on a regular and frequent basis starting at a time agreed upon by the parties to discuss a new contractual framework that is truly mutually beneficial for both LGE and Qualcomm.

LGE respectfully requests the courtesy of an acknowledgment to the termination notice and the invitation to engage in discussion. I look forward to your response.


With best regards,

Saeng Gyu Jeon
Executive Vice President
IP Center
LG Electronics Inc.



a royalty or license, and the jury will be instructed to that effect, assuming the asserted patents are SEPs.[5]  The counterclaim will be moot if the jury finds no infringement or finds that the patent is not valid.  The breach of FRAND counterclaim comes into play only on a finding of infringement, and then only if the plaintiff's demand exceeds the amount the jury determines is the reasonable royalty as measured by the FRAND.    Although the Court is inclined to believe that damages for breach of the FRAND agreement would be co-extensive with any recovery for infringement, determination of damages issues should await full development of the record at trial.  Any potential recovery of attorney fees as damages need not be addressed at this time.

The FRAND issue is also connected to the parties' cross-motions for summary judgment involving a license agreement between Evolved's predecessor, LGE, and Qualcomm, Inc. ("Qualcomm"), the supplier of a component of the defendants' accused products.  As discussed below, the terms, conditions, and applicability of that license remain to be determined.

At this point in the litigation, Evolved has not shown that it is entitled to a summary judgment of dismissal of the defendants' breach of FRAND counterclaim.  Resolution of damages issues for alleged breach of FRAND obligations is premature at this time.  The Court finds the plaintiff's motion should be denied.

## III.  THE PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT ON THE AFFIRMATIVE DEFENSES RELATED TO A LICENSING AGREEMENT BETWEEN LGE AND QUALCOMM (D.I. 194 AND D.I. 195)

---

[5] *See, e.g., Godo Kaisha IP Bridge 1 v. TCL Comm. Tech. Holdings Ltd., et al.*, No. 1:15cv634, D.I. 483, Closing Jury Instructions at 4, Instruction No. 46 (D. Del. Nov. 7, 2018).

The defendants seek summary judgment in their favor on Evolved's claims of infringement of '373 Patent based on the affirmative defense that a licensing agreement precludes Evolved's claims.   They rely on an agreement executed by LGE and Qualcomm, the supplier of baseband chipsets used in many of the defendants' accused products, specifically, the 1993 Code Division Multiple Access Technology Infrastructure and Subscriber Unit License and Technical Assistance Agreement ("the CDMA License Agreement") and amendments thereto (D.I. 197-1, Exs. A-I)).

They contend that Evolved purchased the asserted patents from LGE subject to the Licensing Agreement.   They argue that Evolved is bound by LGE's covenant in the agreement not to assert the '373 Patent against Qualcomm and Qualcomm's customers. They contend LGE agreed not to sue Qualcomm's Customers on a wide range of patents, including the '373 Patent.   They argue that the asserted claims of '373 Patent are within the scope of the 1993 CDMA license, as amended, and that Evolved is precluded from asserting that the defendants' Qualcomm-based products infringe the '373 Patent as a matter of law.

Evolved disputes the defendants' contentions and moves for summary judgment in its favor on the defendants' license defenses.   Evolved argues it is entitled to summary judgment because the defendants have not shown the '373 Patent falls within the scope of the covenants granted in the 1993 CDMA Agreement, nor have they shown that they are entitled to the benefit of the covenants within the LGE-Qualcomm Agreement. Evolved argues that, as a matter of law, it is not bound by the covenants LGE made to Qualcomm.   It also contends the defendants have not shown that the Qualcomm chipsets substantially embody the claimed invention in the '373 Patent.   Further, it argues that

numerous issues of material fact preclude a summary judgment in favor of the defendants.

The licensing agreement and amendments have been the subject of extensive discovery motion practice before the Magistrate Judge. Briefly, the defendants contend that Evolved failed to produce the Licensing Agreement, or to inform them of its existence. Apple obtained the document from Qualcomm in heavily redacted form. The defendants sought and obtained leave to depose Qualcomm, but the Magistrate Judge later denied Evolved's untimely motion to depose an LGE representative and this Court affirmed that ruling. In support of the present motion, Evolved submits the Declaration of an LGE representative, Younghan Song. The defendants have moved to strike the declaration, contending it violates the Magistrate Judge's discovery orders.[6]

The Federal Circuit "appl[ies] state law to contractual disputes[.]" *Intellectual Ventures I LLC v. Erie Indem. Co.*, 850 F.3d 1315, 1320 (Fed. Cir. 2017).[7] "Contract interpretation is a legal determination. *Id.*; *see Semitool, Inc. v. Dynamic Micro Sys.*, 444 F.3d 1337, 1341 (Fed. Cir. 2006) (stating that, under California law, the interpretation of a contract is a question of law). Contract interpretation is "is governed by the objective intent of the parties as embodied in the words of the contract." *Semitool*, 444 F.3d at 1341. The basic goal of contract interpretation is to give effect to the parties' mutual intent at the time of contracting. *Grey v. Am. Mgmt. Servs.*, 139 Cal. Rptr. 3d 210, 212 (Ct. App.

---

[6] Evolved submits the Younghan Song Declaration to rebut testimony it asserts the defendants elicited after the close of fact discovery, and to show Evolved has not acted in bad faith or willfully withheld information. Evolved argues that if parol evidence is considered by the Court in connection with the 1993 CDMA Agreement, the Song declaration will be relevant to the to the interpretation of the agreement. Because the Court is deferring consideration of the Licensing Agreement counterclaim, the Court will deny the motion to strike as moot at this time, without prejudice to reassertion.

[7] The 1993 License Agreement provides that it "shall be governed by and construed and enforced in accordance with the laws of the State of California." (D.I. 197, Jay Decl., Ex. A at § 25.) The parties agree that California law governs the interpretation of the 1993 License Agreement as amended.

19

2012).  When a contract is reduced to writing, the parties' intention is determined from the writing alone, if possible.  *Id.*

Based on the record before the Court, the Court is unable to grant either party's motion for summary judgment on the licensing issues.  The parties disagree as to the meaning, coverage, and effect of such contract terms as "limited intellectual property" "covenant products" and "subscriber units."  Although it is the is the Court's duty to construe and interpret the agreements at issue, it cannot do so on this record.  The record contains only heavily redacted copies of the Licensing Agreement and amendments.  The Court has no competent evidence as to either parties' position.

In the Proposed Pretrial Order in the *Apple* case, Apple proposes that the claims involving the covenants contained in the 1993 CDMA agreement, patent exhaustion, and breach of the FRAND obligations should be tried to the Court.  D.I. 448, Proposed Pretrial Order at 21.  The Court agrees.  All of those claims require construction of contracts and are matters for the Court to determine as a matter of law.  Infringement and invalidity should be tried to the jury.

There may be no need for the Court to address the Licensing Agreement if the defendant prevails on either infringement or invalidity.  If Evolved prevails, and the defendants continue to assert its counterclaims and defenses, the Court will conduct a bench trial on those issues.  Matters that presently complicate the situation and are matters of dispute between the parties—such as an incomplete record, the need for unredacted agreements and/or a comprehensive protective order, the propriety of consideration of extrinsic evidence, the need for limited further discovery, etc.—can be addressed at the conclusion of the jury trial and the Court can conduct an evidentiary

hearing if necessary.  Accordingly, the Court finds the parties' cross-motions with respect to the licensing agreement should be denied at this time, without prejudice, to be reasserted, if necessary, at the conclusion of the trial.

IT IS ORDERED:

1.    Plaintiff Evolved's motion for summary judgment (D.I. 195) and corresponding motions in the related cases, are granted with respect to the defendants' affirmative defense of waiver through untimely disclosure and denied in all other respects, without prejudice to reassertion of Licensing Agreement issues in a bench trial to be scheduled following the jury trial of this action, if necessary.

2.     Defendant Apple's cross motion for summary judgment on the licensing agreement defense (D.I. 194) and corresponding motions in the related cases, are denied, without prejudice to reassert in a bench trial to the Court following the jury trial if necessary.

Defendant Apple's Motion to Strike the declaration of Younghan Song (D.I. 366), and corresponding motions in the related cases, are denied as moot, without prejudice to reassertion.

DATED this 21st day of February, 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

## I.    INTRODUCTION

Plaintiff Evolved Wireless, LLC ("Evolved Wireless") respectfully seeks partial reconsideration and/or clarification of the Court's February 21, 2019 Order (the "Order"), which granted in part and denied in part Evolved Wireless's Motions for Summary Judgment (D.I. 195) and denied Defendants' Cross-Motion for Summary Judgment (D.I. 194).  *See* D.I. 468.[1]

First, in its Order, the Court concluded that it had "no competent evidence" with which to construe and interpret the agreements upon which Defendants base their license and exhaustion defenses. Without competent evidence to support their license or exhaustion defense, Defendants' affirmative defenses must fail as a matter of law. Given that Defendants bear the burden of proving these affirmative defenses, Defendants' failure to present competent evidence sufficient to support their defenses is fatal to their claims, and Evolved Wireless is entitled to summary judgment as a matter of law.

Second, Evolved Wireless respectfully submits that the Court erred in denying Evolved Wireless' motion for summary judgment on Defendants' affirmative defenses of patent unenforceability.   This defense is based *solely* on Defendants' contention that Evolved Wireless' initial proposed license rate was too high to satisfy its FRAND obligation.[2]  Defendants have not identified *any* case in which a U.S. court has *ever* found a patent unenforceable based on such a theory.  The Court's Order identifies cases in which standard essential patents have been found unenforceable based on a failure to timely disclose patents to the relevant standard setting body. Accordingly, there is no theory in this case that supports a finding of unenforceability.

Finally, if the Court denies reconsideration of these prior rulings, Evolved Wireless respectfully requests clarification of the process by which the Court intends to try these

---

[1]   Docket cites herein are to the docket in Case No. 15-cv-00542.  Counsel for Plaintiff has consulted with counsel for Defendants and Defendants oppose the Motion.

[2]   Defendants Motorola and ZTE do not maintain breach of FRAND counterclaims or defenses.

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EVOLVED WIRELESS, LLC,

                 Plaintiff,

v.

APPLE, INC.,

                 Defendant.

**1:15CV542 (JFB) (SRF)**

**ORDER**

     This matter is before the Court on the plaintiff's motion to reconsider, D.I. 487[1], this Court's Memorandum and Order, D.I. 468.  Plaintiff contends that the defendant failed to present competent evidence in support of its license and exhaustion defenses; that there is no authority to supporting the equitable relief requested; and that the Court should clarify certain trial issues.  The Court has carefully reviewed the motion and supporting argument.  The Court finds the same to be without merit at this time, particularly in light of the court's previous ruling and declines to reconsider its previous rulings.  The Court will deny the motion without prejudice, subject to reassertion at a time following resolution of the jury trial on the issues of infringement and invalidity scheduled for March 25, 2019.

     THEREFORE, IT IS ORDERED THAT plaintiff's motion to reconsider, D.I. 487, this Court's Memorandum and Order, is denied without prejudice.

     DATED this 21st day of March 2019.

                              BY THE COURT:

                              s/ Joseph F. Bataillon
                              Senior United States District Judge

---

[1] All filings will refer to C.A. 1:15cv542 unless otherwise stated.  Corresponding motions are as follows: 1:15-cv-00543-JFB-SRF (D.I. 421); 1:15-cv-00544-JFB-SRF (D.I. 383); 1:15-cv-00545-JFB-SRF (D.I. 461); 1:15-cv-00546-JFB-SRF (D.I. 387; 1:15-cv-00547-JFB-SRF (D.I. 405)

applies only to that one defendant. Thus, it would be most efficient for the Court and the parties to have a single hearing on the contract interpretation issues. *See Personalized Media Communs., LLC v. Scientific-Atlanta, Inc.*, 493 Fed. App'x 78, 83 (Fed. Cir. 2012) ("This potentially would expose Gemstar and PMC to inconsistent interpretations of their license agreement and impair their ability to enforcement [sic] the agreement."). Resolving this issue in the Apple case promotes judicial and party efficiency by eliminating the risk of inconsistent results. In addition, there is sufficient time before the five remaining trials starting on January 21, 2020 to conduct a single hearing for all Defendants. Resolving this issue prior to the remaining trials will have an impact on the scope of those trials and possible settlements.

Evolved Wireless further proposes that the parties meet and confer after the Court issues its ruling on the contract interpretation issues and then advise the Court on whether any factual issues remain and, if so, propose how the matter should proceed.

### Discovery and Pretrial Issues

There are several outstanding discovery issues that need to be completed prior to the trials. In addition to the items listed below, a few changes to the Final Pretrial Order entered in the Samsung matter may be needed to clarify some issues. The discovery issues include the following:

- Defendants' obligation to provide updated sales figures for the Accused Products;

- Defendants' obligation to produce any executed license agreements involving LTE declared essential standard patents; and

- The supplementation of the parties' damages experts witness reports regarding the supplemental information above and the license executed between Evolved Wireless and BLU Products, Inc. following the close of discovery in the ordinary course of Evolved Wireless's business. Evolved Wireless will make its damages expert Dr. Putnam available for a limited deposition on the supplemental report.

Evolved Wireless also, at this time, opposes any discovery regarding the negotiation of the BLU license. Defendants opposed similar discovery and obtained relief from the Court that prevented Evolved Wireless from seeking parallel discovery regarding Defendants' negotiation of license agreements involving LTE SEPs. *See* D.I. 53 at 3; May 18, 2016 Hearing Tr. at 63:23-64:9; 72:17-19. Defendants have not yet articulated why such discovery from Evolved Wireless would be appropriate. Evolved Wireless does not believe this issue is ripe for the Court as the parties are continuing to discuss the issue.

### Collateral Estoppel

It is Evolved Wireless's understanding that Defendants assert that Evolved Wireless is collaterally estopped from asserting the Asserted Patents against Defendants because of the Apple jury verdict, or in the alternative, that these cases should be stayed pending the appeal in the Apple case. Evolved Wireless disagrees that it is collaterally estopped and a stay pending any potential Apple appeal is unwarranted, severely prejudicial, or premature. As the Court is aware, the parties in the Apple case have each submitted post-trial motions and it is not even clear

whether an appeal will even occur. Evolved Wireless will respond substantively in the appropriate briefing, if requested by the Court.

### The Remaining Defendants' Position:

#### *Collateral Estopppel*

The Remaining Defendants respectfully submit that the pretrial conference, all pretrial deadlines, and the Remaining Defendants' jury trials regarding infringement should be vacated given the collateral estoppel effects of the jury's determination of non-infringement as to Apple. Alternatively, the Remaining Defendants believe all of these dates should be stayed until all appeals are exhausted in regards to the *Evolved Wireless v. Apple* case. The Defendants, accordingly, do not believe there are any outstanding discovery issues or other matters to be addressed at this time.

#### *Qualcomm-LGE Agreement*

Should the Court decide to move forward with the scheduled trials, Defendants disagree with Evolved that the Court should hold a hearing regarding interpretation of the Qualcomm/LG license agreement at this time. The Court's February 21, 2019 Order states that "[t]here may be no need for the Court to address the Licensing Agreement if the defendant prevails on either infringement or invalidity" and that any "reassertion of Licensing Agreement issues in a bench trial to be scheduled following the jury trial of this action, if necessary." (Dkt. 380 at 20-21). Evolved has offered no reason to depart from the Court's Order now. If anything, the outcome of the *Apple* trial confirms that such hearing should not go forward against Apple nor any of the Remaining Defendants unless there is a finding of infringement.[3]

#### *Discovery and Pretrial Issues*

Again, while Defendants believe that Evolved is collaterally estopped from proceeding, if the Court should decide to move forward with the scheduled trials, the Remaining Defendants do not believe that supplemental sales numbers, licenses, or supplemental expert reports are needed in this case. The cut-off dates for fact and expert discovery are long past, and reopening discovery would be inefficient for the Court and the parties.

Additionally, Defendants also disagree that Evolved should be permitted to rely upon the Evolved Wireless / BLU Products license as it was produced after the close of discovery and excluded from the *Apple* trial on that basis. Should the Court permit Evolved to use the license, Defendants believe they should be permitted to seek discovery relating to the license. Unlike the licenses produced by Defendants, which do not cover the patents in suit and many of which are a decade or more old, the BLU Products license covers the asserted patents in this case and it was negotiated in settlement of very recent litigation involving some of the same patents. As the

---

[3] If the Court decides to hold a hearing on interpretation of the License and the Court decides unredacted copies of the license agreements are needed for this interpretation, Defendants request the opportunity to seek the unredacted license agreements from Qualcomm and/or LG.

license was produced after the close of discovery and Defendants were unable to seek discovery relating to it, the license should be excluded. But if the Court permits Evolved to rely upon it, Defendants should be entitled to pursue discovery on the license, including concerning the circumstances under which it was negotiated.

**2)   Whether additional motion practice, if any, is necessary prior to the pretrial conference.**

<u>**Evolved Wireless's Position:**</u>

The parties will need to file motions *in limine* as to Lenovo, HTC, ZTE, and Microsoft prior to the pretrial conference. In addition, Evolved Wireless respectfully requests that it be permitted to file a motion *in limine* as to Samsung on issues that are unique to Samsung, which would be filed according to the deadlines for the motions *in limine* in the other cases.

<u>**Remaining Defendants' Position:**</u>

As Evolved contests the scope of the estoppel effect flowing from the *Apple* case, the Remaining Defendants respectfully submit that the Court should resolve that issue through coordinated motion practice before any additional trials proceed. Or, at the Court's preference, the parties could provide the Court with briefing as to whether those cases should be stayed until all appeals in the *Evolved Wireless v. Apple* case are exhausted.

Should the Court determine that the trials against the Remaining Defendants should go forward as scheduled, the Remaining Defendants believe that additional motion practice may be required to determine whether documents that Evolved produced after the close of discovery, and in the case of Samsung, after the submission of its Joint Pretrial Order, will be inadmissible.

Further, should the trials go forward, the Remaining Defendants agree that motions *in limine* will need to be filed with respect to Motorola, HTC, ZTE, and Microsoft prior to the pretrial conference. Samsung and Evolved Wireless have each already filed motions *in limine* for their trial. Samsung respectfully submits that any additional motions *in limine* to be filed for its case should be limited to any issues that could not have reasonably been included by the due date of the motions *in limine* that have already been filed.

**3)   Whether each case remains prepared to proceed to trial on the existing schedule.**

<u>**Evolved Wireless's Position:**</u>

Evolved Wireless is prepared to proceed on the existing schedule. However, Evolved Wireless strongly believes that the Samsung, Lenovo, HTC, and Microsoft trials will not require 10 trial days each. These Defendants previously asserted that 10 full days would be necessary because, *inter alia*, the trials would address breach of FRAND and license/covenant defenses. The Court subsequently severed those issues into separate proceedings. In addition, Evolved Wireless and Apple completed their trial in only eight trial days. Thus, Evolved Wireless respectfully submits that eight trial days is more than ample time in which to complete each of the remaining trials. Moreover, scheduling the remaining trials on dates less than a week following completion of the immediately preceding trial imposes an undue burden on Evolved Wireless's witnesses and counsel.

<div align="center">5</div>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 15–cv-00543–JFB-SRF |
| | ) | |
| HTC CORPORATION and | ) | |
| HTC AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 15–cv-00544–JFB-SRF |
| LENOVO GROUP LTD., | ) | |
| LENOVO (UNITED STATES) INC., and | ) | |
| MOTOROLA MOBILITY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 15–cv-00545–JFB-SRF |
| | ) | |
| SAMSUNG ELECTRONICS CO., LTD. | ) | |
| and SAMSUNG ELECTRONICS | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |



| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 15–cv–00546–JFB-SRF |
| | ) | |
| ZTE (USA) INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 15–cv–00547–JFB-SRF |
| | ) | |
| MICROSOFT CORPORATION, MICROSOFT MOBILE OY and MICROSOFT MOBILE INC. (f/k/a NOKIA INC.), | ) | |
| | ) | |
| Defendants. | ) | |

### JOINT [PROPOSED] STIPULATION TO STAY PROCEEDINGS PENDING RESOLUTION OF APPEALS OF THE AUGUST 9, 2019 FINAL JUDGMENT IN THE *EVOLVED V. APPLE* CASE

WHEREAS, on October 3, 2018, this Court set dates for jury trials in the five above-captioned cases, commencing between January, 21, 2020 and March 28, 2020, for Defendants HTC Corporation and HTC America, Inc. (collectively, "HTC"), Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung"), Motorola Mobility ("Motorola"), ZTE (USA) Inc. ("ZTE"), and Microsoft Corporation, Microsoft Mobile OY, and Microsoft Mobile Inc. (f/k/a Nokia Inc.) (collectively "Microsoft") (collectively "Defendants") (D.I. 432);[1]

---

[1]   Docket cites herein are to the docket in C.A. No. 15-cv-542-JFB-SRF.

WHEREAS, on March 5, 2019, this Court adopted a Joint Proposed Pretrial Order setting certain case deadlines consistent with the previously ordered trial dates (March 5, 2019 Oral Order),

WHEREAS, on April 4, 2019, a jury reached a verdict finding no infringement of U.S. Patent Nos. 7,809,373 (the "'373 patent") and 7,881,236 (the "'236 patent") by the accused products sold by Apple Inc. in *Evolved Wireless, LLC v. Apple Inc*., C.A. No. 1:15-cv-00542-JFB-SRF (the "Apple Case") (D.I. 519);

WHEREAS, Plaintiff Evolved Wireless LLC filed post-trial motions asserting, *inter alia,* that it was entitled to a new trial as a result of various decisions in the Apple Case, including, but not limited to, the Court's exclusion of evidence of Defendant Apple's alleged inconsistent acts and statements, and other evidence Plaintiff contended was relevant to the jury's determination of infringement;

WHEREAS, on June 13, 2019, pursuant to Magistrate Judge Fallon's request, Plaintiff and Defendants submitted a joint letter in which Defendants stated their contention "that the pretrial conference, all pretrial deadlines, and the [] Defendants' jury trials regarding infringement should be vacated given the collateral estoppel effects of the jury's determination of non-infringement as to Apple. Alternatively, the [] Defendants believe all of these dates should be stayed until all appeals are exhausted in regards to the *Evolved Wireless v. Apple* case." In the joint letter, Plaintiff disagreed with Defendants' assertion that the result in the Apple Case collaterally estopped any claim against the remaining Defendants.  (D.I. 538);

WHEREAS, on August 9, 2019, the Court denied Plaintiff's post-trial motions and entered Final Judgment in the Apple Case (DI. 544); and

WHEREAS, Plaintiff intends to appeal the Final Judgment in the Apple Case;

WHEREAS, on August 20, 2019, Plaintiff and Defendants met and conferred, Defendants stated that, absent a stay of the above-captioned cases, Defendants intend to seek leave to file a motion for judgment of collateral estoppel, and Plaintiff reiterated its position that collateral estoppel does not apply;

WHEREAS, notwithstanding the parties' disagreement on the application or not of collateral estoppel in the above-captioned cases, the parties agree that other efficiencies in the above-captioned cases will be achieved upon resolution of the appeal of the Final Judgment in the Apple Case;

IT IS HEREBY STIPULATED and agreed by the parties to the above-captioned cases, subject to the approval of the Court, that:

1.      The above-captioned cases are immediately stayed (including suspension of all pending deadlines and trial dates) pending the final resolution of all appeals in the Apple Case;

2.      Defendants reserve their right to seek the Court's leave to file a motion for judgment of collateral estoppel, but will not seek such leave before the stay is lifted.

| | |
|---|---|
| _/s/ Brian E. Farnan_ | _/s/ Bindu A. Palapura_ |
| Brian E. Farnan (No. 4089) | David E. Moore (No. 3983) |
| Michael J. Farnan (No. 5165) | Bindu A. Palapura (No. 5370) |
| FARNAN LLP | Stephanie E. O'Byrne (No. 4446) |
| 919 N. Market Street, 12th Floor | POTTER ANDERSON & |
| Wilmington, DE 19801 | CORROON LLP |
| (302) 777-0300 | Hercules Plaza, 6th Floor |
| bfarnan@farnanlaw.com | 1313 N. Market Street |
| _Attorneys for Plaintiff Evolved Wireless, LLC_ | Wilmington, DE 19801 |
| | (302) 984-6000 |
| | dmoore@potteranderson.com |
| | bpalapura@potteranderson.com |
| | sobyrne@potteranderson.com |
| | _Attorneys for Defendant Motorola Mobility LLC_ |

4

/s/ Philip A. Rovner
Philip A. Rovner (No. 3215)
Jonathan A. Choa (No. 5319)
POTTER ANDERSON &
  CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com
*Attorneys for Defendants HTC Corporation
and HTC America, Inc.*

/s/ David A. Bilson
John C. Phillips, Jr. (No. 110)
David A. Bilson (No. 4986)
PHILLIPS, GOLDMAN, MCLAUGHLIN &
  HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pgmhlaw.com
*Attorneys for Plaintiff Evolved Wireless, LLC*

/s/ Kelly E. Farnan
Kelly E. Farnan (No. 4395)
Travis S. Hunter (No. 5350)
RICHARDS LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
hunter@rlf.com
*Attorneys for Defendant ZTE (USA) Inc.*

Dated:  August 29, 2019

/s/ Andrew E. Russell
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
*Attorneys for Defendants Samsung Electronics
Co., Ltd., Samsung Electronics America, Inc.*

/s/ Rodger D. Smith II
Rodger D. Smith II (No. 3778)
Jeremy A. Tigan (No. 5239)
MORRIS, NICHOLS, ARSHT &
  TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
rsmith@mnat.com
mflynn@mnat.com
*Attorneys for Defendants Microsoft
Corporation, Microsoft Mobile OY, and
Microsoft Mobile, Inc. (f/k/a Nokia, Inc.)*

Case 20-1335   Document: 69   Page 587   Filed: 09/03/2020

SO ORDERED this _____ day of_____, 2019.

_____

United States Magistrate Judge

6

EVOLVED WIRELESS, LLC,                )
                                      )
            Plaintiff,                )
                                      )
      V.                              )         Civil Action No. 15-545-JFB-SRF
                                      )
SAMSUNG ELECTRONICS CO., LTD.         )
and SAMSUNG ELECTRONICS               )
AMERICA, INC.                         )
                                      )
            Defendants.               )
_____    )

EVOLVED WIRELESS, LLC,                )
                                      )
            Plaintiff,                )
                                      )
      V.                              )         Civil Action No. 15-546-JFB-SRF
                                      )
ZTE (USA) INC.,                       )
                                      )
            Defendant.                )
_____    )

EVOLVED WIRELESS, LLC,                )
                                      )
            Plaintiff,                )
                                      )
      V.                              )         Civil Action No. 15-547-JFB-SRF
                                      )
MICROSOFT CORPORATION,                )
MICROSOFT MOBILE OY and               )
NOKIA INC.,                           )
                                      )
            Defendants.               )

      This matter is before the Court on its own motion and the parties' stipulation for

stay (D.I. 432 in 1:15cv543, and D.I. 415 in 1:15cv547).  Based on the trial of the related

case of *Evolved Wireless, LLC v. Apple, Inc.*, No. 15-543-JFB-SRF, the stipulation for

stay and the parties' request for a hearing on the Qualcomm-LG licensing/patent

exhaustion issue in a letter dated June 13, 2019 to Magistrate Judge Fallon (D.I. 430 in

Evolved Wireless v. HTC, 1:15cv543; D.I. 393 in Evolved Wireless v. Motorola Mobility (Lenovo) 1:15cv544; D.I. 476 in Evolved Wireless v. Samsung 1:15cv545; D.I. 396 in Evolved Wireless v. ZTE, 1:15cv546; and D.I. 414 in Evolved Wireless v. Microsoft 1:15cv547), the Court may reconsider its earlier decision to defer determination of the licensing/patent exhaustion issue until after the pending trials. The Court finds oral argument on the issues should be scheduled. No further briefing is necessary. Accordingly,

IT IS ORDERED that

A hearing on the licensing/patent exhaustion issues and proposed stay will be held at 9:00 AM, on September 13, 2019 before the undersigned in Courtroom No. 6C, J. Caleb Boggs Federal Building, 844 North King Street, Wilmington, DE.

DATED this 30th day of August 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

```
        IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF DELAWARE


EVOLVED WIRELESS, LLC,  )
              Plaintiff ) C.A. No. 15-cv-542
v.                      )
                        )
APPLE, INC.,            )
           Defendant,  )
- - - - - - - - - - - - - - - - - - - - - - - - -


EVOLVED WIRELESS, LLC,  )
              Plaintiff ) C.A. No. 15-cv-543
v.                      )
                        )
HTC CORPORATION and     )
HTC AMERICA,            )
           Defendants,)
- - - - - - - - - - - - - - - - - - - - - - - - -


EVOLVED WIRELESS, LLC,  )
              Plaintiff ) C.A. No. 15-cv-544
v.                      )
                        )
LENOVO GROUP LTD.,      )
LENOVO (UNITED STATES)  )
INC., and MOTOROLA      )
MOBILITY,               )
           Defendants.)
- - - - - - - - - - - - - - - - - - - - - - - - -


EVOLVED WIRELESS, LLC,  )
              Plaintiff ) C.A. No. 15-cv-545
v.                      )
                        )
SAMSUNG ELECTRONICS,    )
CO LTD. and SAMSUNG     )
ELECTRONICS AMERICA,    )
INC.,                   )
           Defendants.)
- - - - - - - - - - - - - - - - - - - - - - - - -
```

```
EVOLVED WIRELESS, LLC, )
              Plaintiff ) C.A. No. 15-cv-546
v.                      )
                        )
ZTE (USA) INC.,         )
              Defendant. )
- - - - - - - - - - - - - - - - - - - - - - - - -

EVOLVED WIRELESS, LLC, )
              Plaintiff ) C.A. No. 15-cv-547
v.                      )
                        )
MICROSOFT CORPORATION,  )
MICROSOFT MOBILE OY,    )
and NOKIA, INC.,        )
              Defendants.)
- - - - - - - - - - - - - - - - - - - - - - - - -



              Friday, September 13, 2019
              9:00 a.m.

              844 King Street
              Wilmington, Delaware


BEFORE:  THE HONORABLE JOSEPH F. BATTAILON
         United States District Court Judge


APPEARANCES:

     FARNAN LLP
     BY:  BRIAN E. FARNAN, ESQ.

              -and-

     ROBINS KAPLAN LLP
     BY:  CHRISTOPHER K. LARUS, ESQ.
     BY:  RYAN M. SCHULTZ, ESQ.


              Counsel for the Plaintiff
```

```
1    APPEARANCES CONTINUED:

2

3         PHILLIPS, GOLDMAN, McLAUGHLIN & HALL
          BY:  MEGAN C. HANEY, ESQ.
4
                    Counsel for the Plaintiff
5

6         POTTER ANDERSON & CORROON LLP
          BY:  PHILIP A. ROVNER, ESQ.
7
                   -and-
8
          (Via Telephone:)
9         SHEPPARD MULLIN RICHTER & HAMPTON, LLP
          BY:  MARTIN R. BADER, ESQ.
10        BY:  ERICKA J. SCHULZ, ESQ.

11                  Counsel for the Defendants,
                    HTC Corporation and HTC
12                  America

13

14        POTTER ANDERSON & CORROON LLP
          BY:  DAVID E. MOORE, ESQ.
15        BY:  BINDU A. PALAPURA, ESQ.

16                 -and-

17        (Via Telephone:)
          KILPATRICK TOWNSEND & STOCKTON LLP
18        BY:  TAYLOR H. LUDLAM, ESQ.
          BY:  RICHARD W. GOLDSTUCKER, ESQ.
19
                    Counsel for the Defendants,
20                  Lenovo Group Ltd., Lenovo
                    (United States) Inc., and
21                  Motorola Mobility

22

23

24
```

```
 1    APPEARANCES CONTINUED:

 2

 3         SHAW KELLER LLP
           BY:  ANDREW E. RUSSELL, ESQ.

 4              -and-

 5         QUINN EMANUEL URQUHART & SULLIVAN, LLP
           BY:  VICTORIA F. MAROULIS, ESQ.
 6         BY:  TODD M. BRIGGS, ESQ.

 7              -and-

 8         (Via Telephone:)
           ZEINEDDIN PLLC
 9         BY:  R. PAUL ZEINEDDIN, ESQ.

10                   Counsel for the Defendants,
                     Samsung Electronics, Co Ltd.
11                   and Samsung Electronics
                     America, Inc.

12

13

           RICHARDS LAYTON & FINGER, P.A.
14         BY:  TRAVIS S. HUNTER, ESQ.

15              -and-

16         (Via Telephone:)
           McDERMOTT, WILL & EMERY LLP
17         BY:  CHARLES M. McMAHON, ESQ.

18                   Counsel for the Defendants,
                     ZTE (USA) Inc.

19

20

21

22

23

24
```

```
 1    APPEARANCES CONTINUED:

 2

 3         MORRIS NICHOLS ARSHT & TUNNELL LLP
           BY:  RODGER D. SMITH, II, ESQ.

 4              -and-

 5         (Via Telephone:)
           SIDLEY AUSTIN LLP
 6         BY:  RICHARD A. CEDEROTH, ESQ.

 7                    Counsel for the Defendants,
                      Microsoft Corporation,
 8                    Microsoft Mobile Oy, and
                      Nokia, Inc.

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
```

Jennifer M. Guy, RPR
(484) 467-4359
jenniferguyrpr@gmail.com

1                    MR. SMITH:  Good morning, your

2    Honor.  Rodger Smith from Morris, Nichols,

3    Arsht & Tunnell, and I'm joined by my

4    co-counsel on the phone, Richard Cederoth from

5    Sidley Austin.

6                    THE COURT:  All right.  And just

7    for the record, for Apple is Mr., is that

8    Mr. Morgan?

9                    MR. MOORE:  Moore.

10                    THE COURT:  Mr. Moore.  And do

11    you have somebody else on the phone?

12                    MR. MOORE:  I believe Michael Jay

13    joined the call, your Honor, but I was unable

14    to confirm.

15                    MR. JAY:  Yes, your Honor, this

16    is Michael Jay.

17                    THE COURT:  Well, even if you're

18    only observers, it's good that you're here,

19    because the motion was filed jointly by all the

20    defendants originally, the motion on the

21    exhaustion issue.

22                    So there is a motion to stay

23    that's been filed by all the parties, so I want

24    to start with that.  I don't have a problem

1    continuing all the trials in this matter, but

2    this case is so old; I mean, these cases were

3    filed in 2015, and here it's 2019.  And I think

4    discovery closed in 2017; maybe some spilled

5    over into 2018.

6            So I'd like to keep moving on

7    what I can.  My original order with respect to

8    the issue of exhaustion said that we would take

9    this up after the trial, and specifically after

10   the Apple trial.  And now the Fed Circuit has

11   jurisdiction over the Apple case, and I'd like

12   to at least explore some issues with respect to

13   the exhaustion, because I know that there may

14   be some discovery issues outstanding, or not; I

15   don't know.  That's why I wanted all of you

16   here.

17           I also want to talk about the

18   legal issues that are brought up in all of the

19   briefing with respect to the issue of

20   exhaustion.

21           And I also want you to know that

22   recently in the Northern District of

23   California, there was a case just decided,

24   FTC vs. Qualcomm, Inc., and I think the case

```
 1    cite is 17-cv-220, that's the docket number in
 2    the Northern District of California, that at
 3    least enlightened me on a lot of the business
 4    practice of Qualcomm.  And I think against that
 5    backdrop, the issue of exhaustion is in play.
 6              So what I'd like to do this
 7    morning is talk about the issues of exhaustion.
 8    It's my intention to grant the continuance, so
 9    we'll continue the trials indefinitely until
10    there is a resolution in the Federal Circuit.
11              After my argument with you ladies
12    and gentlemen today on the issues of
13    exhaustion, I'll decide whether to stay the
14    proceedings or whether to move forward on this
15    exhaustion issue myself, whether it's me by
16    myself, or if you believe there's some
17    additional discovery that needs to done,
18    whether we'll reopen discovery with respect to
19    exhaustion.
20              So the motion is by the
21    defendants.  I'm frankly more interested in
22    hearing what Evolved has to say about this to
23    begin with, then allowing defense counsel,
24    whomever want, to respond.
```

1          MR. LARUS:  It was a licensing

2    agreement; it later became a covenant.

3          THE COURT:  Not to sue.

4          MR. LARUS:  Yes.  That's the ones

5    the defendants are basing their defenses on.

6    There's a separate set of agreements that

7    address licensing of OFDM, which would include

8    LTE technology.

9          THE COURT:  And that's the 2007

10   agreements?

11         MR. LARUS:  I believe that was in

12   2007.  Let me check.  But it was specifically

13   identified in its title as an OFDM agreement.

14         THE COURT:  Right.  But you don't

15   think the defendants are relying on that?

16         MR. LARUS:  That's my

17   understanding, that they're not.  That they are

18   relying on what your Honor and what we've

19   called the 20 -- I'm sorry.

20         THE COURT:  1993.

21         MR. LARUS:  CDMA agreement as

22   amended.

23         So a couple of other points to

24   make clear.  One is that that set of

1    agreements --

2                    THE COURT:  Which set?

3                    MR. LARUS:  The CDMA agreements

4    have been terminated.  It's undisputed, and it

5    was reflected in a declaration.

6                    THE COURT:  They were terminated,

7    but weren't they replaced then?

8                    MR. LARUS:  There is no evidence

9    that they were replaced.  The second Song

10   declaration, which is admitted in each of these

11   cases, provided testimony that effective

12   December 31 of 2018, LG terminated those

13   agreements.  What that declaration said is that

14   there were ongoing negotiations of whether to

15   replace those agreements with something, but

16   those were terminated.

17                    THE COURT:  But they were

18   replaced, weren't they?

19                    MR. LARUS:  No.

20                    THE COURT:  There's no evidence?

21                    MR. LARUS:  There's no evidence

22   they were replaced.

23                    THE COURT:  That's complete

24   nonsense.  They had to have been replaced.

1    Qualcomm wouldn't sell you their technology

2    unless they're covered with the licenses or no

3    compete.  But okay, go ahead.

4                MR. LARUS:  Well, I think it's

5    fair to say, your Honor, that in light of the

6    case that you referenced, which is, you know,

7    the separate lawsuit by the FTC against

8    Qualcomm, that there were changes in

9    negotiations with various licensees.  I'm just

10   making my observation from a distance, that

11   Qualcomm's licensing practices were found to

12   have been illegal, and I believe that that

13   empowered, you know, some licensees to feel

14   quite comfortable that they would not take or

15   that they would terminate their licenses.

16                But in any case, in any case --

17                THE COURT:  All we're talking

18   about is from the time before you obtained the

19   intellectual property, correct?  And that would

20   have been in 2014 or '15 did you buy it?

21                MR. LARUS:  I believe it was

22   2014.  And so the 1993 CDMA agreement as

23   amended was in place.  But just to clarify your

24   Honor, the covenants are all forward looking,

1    and so when those covenants got terminated,

2    they have no further effect.  So it would have

3    an impact on the scope of this case, but if

4    there were sales of accused products after that

5    termination date, they would not be subject to

6    any of these covenants that they rely upon,

7    even those covenants that might have been in

8    place at the time.

9                But I want to go back.  That's a

10   side issue.  I want to go back to the core

11   issue which is the scope of these agreements.

12   While we all read the FTC decision, what we

13   have in front of us are the scope of the

14   particular agreements here.  And those

15   agreements are limited to only -- it wasn't a

16   license to all of LGE's technology or even all

17   of their --

18               THE COURT:  It's a license to all

19   of LGE's technology that goes into the Qualcomm

20   chip.

21               MR. LARUS:  No, your Honor.

22               THE COURT:  How can it not be?

23               MR. LARUS:  Because it

24   specifically says that it's a license to LG --

1        THE COURT:  Tell me what part is
2   not.
3        MR. LARUS:  Anything that is not
4   commercially or technically necessary.
5        THE COURT:  That's like the
6   commerce clause.  Everything is technically or
7   commercially necessary.  What is not
8   commercially or technically necessary?  Tell me
9   about that.
10        MR. LARUS:  Features that are not
11   required to make, use, or sell a CDMA or 3G
12   phone.
13        THE COURT:  If you have a SEP,
14   that would be required to make the phone work,
15   wouldn't it?
16        MR. LARUS:  No, your Honor.
17        THE COURT:  How could it not?
18   How does the phone communicate with anybody on
19   a wireless network without your technology?
20   That's what you argued to the jury in the Apple
21   case.
22        MR. LARUS:  With CDMA technology,
23   your Honor.  It's a license to everything that
24   is necessary for CDMA but not for every feature

1    that goes into a phone.  So if there's another

2    technology --

3                    THE COURT:  When do you think the

4    1993 agreement ended?

5                    MR. LARUS:  The 1993 agreement

6    ended December 31, 2018.

7                    THE COURT:  So that covers you

8    and it covers all of the technology that comes

9    after -- I mean, this is what the defendants

10    are arguing, it covers all the technology that

11    came after CDMA, and that would include LTE,

12    wouldn't it?

13                    MR. LARUS:  It does not cover all

14    technology that came after CDMA.  That's not

15    what the agreement says.  There is a capture

16    period.  They admit that only the '373 patent

17    they claim falls within that capture period;

18    they admit the '236 does not.

19                    But the fundamental point, your

20    Honor, is that the scope of the agreement is

21    for a license and later a covenant to LGE's

22    technology that is necessary, absolutely

23    required, to make, use, or sell not any phone,

24    not anything, but only a CDMA phone.

1              MR. LARUS:  Whether the covenants
2     do?  Sure.  And specifically, I would just
3     remind the Court the term wireless is a defined
4     term in all these agreements.  In the hundreds
5     of pages here, the parties didn't just say
6     anything wireless, they were very specific
7     about what wireless, what they were talking
8     about.
9              That's why we have this
10    definition which makes clear the use of
11    wireless that they're talking about is
12    CDMA-related technologies, and that's why they
13    define these subscriber units as complete CDMA
14    telephones.
15             THE COURT:  Right.
16             MR. LARUS:  So yes, I believe
17    that they're playing a semantic game.  Yes,
18    what we have is standard essential for a
19    different technology.  Just like if I had some
20    glass-making technology that was standard
21    essential to make the glass that goes on the
22    cover of a cell phone.  It might be essential
23    to making that glass, but that glass
24    formulation is not necessary to make, use, or

```
 1    sell a CDMA phone.  Some type of glass is, but
 2    it doesn't have to be that improved glass.
 3                    THE COURT:  Well, I just have to
 4    tell you that I have a hard time believing that
 5    Qualcomm has not soaked up all of LGE's
 6    technology as it relates to any chip that they
 7    manufactured, whether it's an LTE phone, CDMA
 8    phone, or any kind of phone that they've made,
 9    because that's just not the way they do
10    business.
11                    MR. LARUS:  Well, your Honor --
12                    THE COURT:  So you're basically
13    saying that this is the narrow gap that opened
14    up, and LGE saw this gap and then sold it to
15    your predecessor, and here you are.  And now
16    you can sue all of Qualcomm's customers that
17    use their chip for LTE technology, correct?
18                    MR. LARUS:  We don't view it as a
19    narrow gap, your Honor.  We don't think that
20    LGE gave Qualcomm the keys to the kingdom.  We
21    think that these parties, highly sophisticated
22    parties, negotiated down to the words and
23    semicolons in multiple agreements, and that LG
24    was careful not to give away what it viewed as
```

1     highly valuable technology.

2                    THE COURT:  But it didn't list

3     any of it in the agreement, it just said what

4     was necessary.

5                    MR. LARUS:  It retained

6     everything that was not licensed.

7                    THE COURT:  None of the contracts

8     from Qualcomm list any of the intellectual

9     property, does it, by name?

10                    MR. LARUS:  No.

11                    THE COURT:  Just by category.

12                    MR. LARUS:  I believe LGE and

13     Qualcomm each have tens of thousands of

14     patents.  What they did --

15                    THE COURT:  Either one of them

16     didn't list them?

17                    MR. LARUS:  Not to my knowledge.

18                    THE COURT:  Okay.

19                    MR. LARUS:  I do want to circle

20     back briefly on this parol evidence.  There's a

21     difference, your Honor, between what we contend

22     is the outcome and what they contend is the

23     outcome, that's clearly in dispute, versus what

24     a term means.  The word necessary -- the

1    defendants haven't come before your Honor and

2    said the word necessary has a meaning that we

3    capture whatever Evolved has.  The question is

4    is there ambiguity about the term necessary?

5    We put forward a standard dictionary

6    definition; they haven't offered any contrary

7    definition.  Yes, the conclusions one

8    ultimately draw therefrom are different, but

9    that doesn't make the term ambiguous.

10                   If your Honor were to find that

11   the term is ambiguous, which again, we don't

12   contend it is, but if your Honor found that the

13   term necessary were ambiguous, then yes, we

14   need parol evidence.  And your Honor is faced

15   with conflicting parol evidence.  Your Honor

16   has heard parol evidence from the vendor who

17   sells to them and your Honor has seen parol

18   evidence from the counterparty to this license

19   who explains why they wouldn't have granted a

20   license to more than was necessary for the CDMA

21   phones at issue in this license agreement.  So

22   then you have a dispute over parol evidence.

23                   THE COURT:  My original question

24   was do you need more discovery about it?

1    Because there was some dispute before the Apple

2    case about whether somebody needed some

3    additional evidence.  And I think we've kind of

4    cut people off at the knees and said we'll take

5    care of it later.

6                So my question to you now is do

7    you need additional evidence or discovery or

8    not?

9                MR. LARUS:  So I think there are

10   two discovery issues at issue.  One is these

11   agreements themselves.  We don't have

12   unredacted copies.  We think it's necessary and

13   we think your Honor has found it necessary to

14   actually see unredacted copies to rule on these

15   defenses.  We think they should be out because

16   it's their burden.  But if your Honor is going

17   to consider this, then there should be

18   unredacted copies.

19                The second discovery issue is LG

20   and its view of its parol evidence regarding

21   the intent.  We put in a detailed declaration;

22   we're ready to call him if your Honor held an

23   evidentiary hearing.  The defendants at various

24   times -- and then we've made very clear

```
1    throughout that we would do whatever we can to
2    make this person available for deposition.  We
3    don't control him, but we would facilitate it;
4    we certainly don't object.
5              And so if there's going to be an
6    evidentiary hearing about contested parol
7    evidence, then I presume that the defendants
8    would be seeking their declaration.  We just
9    don't think he should be excluded because the
10   defendants chose not to avail themselves of the
11   opportunity to depose him.
12             THE COURT:  Here's the problem I
13   have with the unredacted copies.  You have
14   unredacted.  Your predecessor has unredacted
15   copies.  The defendants have provided redacted
16   copies -- so I said that wrong.
17             Your predecessor has redacted
18   copies; the defendants have provided redacted
19   copies.  So isn't whatever you have, whatever
20   IP you have, isn't it basically subject to the
21   redacted copies of the agreement that LGE gave
22   your predecessor?  Because that's what you
23   bought.
24             MR. LARUS:  Yeah, they provided
```

1    redacted copies and represented that this line

2    of agreements did not apply.

3                    THE COURT:  And that's really all

4    you bought, isn't it?  Did you buy anything

5    more than that?

6                    MR. LARUS:  I'm not trying to be

7    obtuse, your Honor.  I'm not entirely following

8    the question.  We bought -- I guess I would say

9    this.  We bought --

10                   THE COURT:  Let me explain

11   myself, okay?

12                   MR. LARUS:  Yes, your Honor;

13   thank you.

14                   THE COURT:  So LG gave your

15   predecessor a redacted copy of the contracts

16   that it entered into, the licensing agreement

17   and the covenants not to sue that it entered

18   into between itself and Qualcomm, correct?

19                   MR. LARUS:  Correct.

20                   THE COURT:  And they gave your

21   predecessor both sets of documents and said

22   everything else that is redacted is irrelevant

23   to our agreement, correct?  They warranted

24   that.

1                   MR. LARUS:  I don't know that

2     they warranted that specifically.

3                   THE COURT:  That's what they

4     said, correct?  That's what they told your

5     predecessor.

6                   MR. LARUS:  I don't know that

7     they said anything about it, but your point is

8     taken that they provided only redacted copies.

9                   THE COURT:  So isn't what you

10    purchased, your predecessor purchased, limited

11    to the contracts that they were provided?  They

12    don't get anything else.  So your argument is

13    in your case, this is a heavily redacted

14    agreement and there could be parts of this

15    agreement that say completely the opposite

16    thing that the defendants are saying.

17                  But my question to you, isn't

18    that irrelevant?  Because of the parts that are

19    redacted, you didn't buy that part of the

20    contract, you didn't buy the protections of

21    that part of the contract.  Otherwise you'd

22    have a complete set of the contract.  You're

23    basically limited to the redacted contract that

24    LGE gave your predecessor, aren't you?

```
1              MR. LARUS:  Your Honor, with all

2     due respect, I don't believe so.  And what I

3     would say is that this is the defendants'

4     affirmative defense, it's the defendants'

5     burden to carry the day.

6              THE COURT:  Right.

7              MR. LARUS:  It is true that LG

8     warranted that these CDMA agreements didn't

9     apply to the patents at issue, yes.  But there

10    was no -- I'm not aware of any discussion

11    regarding the redacted portions.  You know, the

12    purchase was made subject to the redactions.  I

13    don't dispute that.  But it ultimately --

14    ultimately the burden of proving this defense

15    rests with the defendants.

16              THE COURT:  So the defendants

17    have cited to me parts of the contract that

18    they believe apply, and they say that those

19    parts of the contract show that there's

20    exhaustion, okay?

21              And you on the other hand say,

22    first of all, all the contract issues that are

23    in the contract and why you say that there's

24    not exhaustion and it's not necessary and it
```

1    used only LTE and did not require backwards

2    compatibility with other modes, and that's why

3    Qualcomm and LG signed an agreement dedicated

4    to those single mode applications, because

5    those applications didn't require all of the

6    previous technology, all of the 3G technology,

7    CDMA technology.

8            So that agreement could be

9    focused on just LTE, whereas most cell phones

10   are multi-mode devices.  They do require the

11   latest advances, LTE, but they also require all

12   the technology involved in backward

13   compatibility with previous generations,

14   including CDMA.

15           Now, critically, how do we know

16   that the agreements at issue in this case --

17   and just to put a finer point on that, the

18   reason that the defendants have not cited the

19   2007 agreement in this case is because it is a

20   single mode only agreement.  There's no dispute

21   about that.  And there's also no dispute that I

22   think every phone involved in this case is a

23   multi-mode phone.  So there's no overlap

24   between that 2007 LTE single mode agreement and

1    the products at issue in this case.  There is

2    an overlap between the 1993 agreement and its

3    amendments, because they cover multi-mode

4    phones, which is what all the phones involved

5    in this case are.

6                    And how do we know that?  We know

7    that because in 2010, September 2010, LG and

8    Qualcomm amended the definition of complete

9    CDMA telephones to include multi-mode phones.

10   I think that term may have been used before

11   that time, but it was certainly included in the

12   definition in 2010.

13                    Let me stop there just for a

14   moment, because I know it is complicated to

15   track these agreements and the various

16   amendments, which is why in support of our

17   original motion, defendants included appendix A

18   which captures the operative definitions and

19   provisions of all the relevant terms in one

20   relatively easy-to-read document so that you

21   don't have to flip back and forth between the

22   various amendments to see it.

23                    So I'm looking at page A-1, the

24   first page of content of that appendix A, which

```
1    that motion to strike for exactly the same
2    reasons we presented the first time around.
3              So the way I would answer your
4    question about additional discovery is, no, I
5    don't think any additional discovery is needed.
6    We think that the LG declaration should be
7    stricken for the reasons that we said.
8    However, to the extent the LG declaration is
9    going to be allowed to come in, I think we
10   would want the opportunity to depose that
11   witness, to cross-examine them the same way
12   that Evolved had the chance to cross-examine
13   the Qualcomm witness.  But again, we don't
14   think that should even matter because that
15   declaration shouldn't come in at all.
16             THE COURT:  But the reason you
17   don't want the declaration to come in has to do
18   with timing, but it also has to do with the
19   content, or not?
20             MR. McMAHON:  The reason for
21   striking it has nothing to do with content and
22   everything to do with the fact that it was --
23   timing, as you said.  Timing in the conduct of
24   Evolved during the fact discovery period,
```

```
 1    actually gotten LG's LTE patents.  But
 2    undisputedly, they didn't.
 3                '373 is before your Honor only
 4    because they're trying -- they recognize they
 5    can't get '236, even though they claim that all
 6    the way through 2016 there was this great
 7    intent by Qualcomm to capture broadly all LTE
 8    technology.  That's flatly inconsistent with
 9    the record in front of your Honor.
10                Even where there was a change to
11    the definition of subscriber units, the
12    technology being licensed was technology that
13    was necessary for a specific group of defined
14    wireless communications.  Not anything
15    wireless, but a big capital W wireless, and
16    that's CDMA communications.
17                Counsel started and kind of ended
18    by taking some liberties in terms of the record
19    here about how we got here and why --
20                THE COURT:  Frankly, I don't
21    care.
22                MR. LARUS:  Fair enough, your
23    Honor.
24                THE COURT:  If somebody thinks
```

1    that they need some more discovery, and we now

2    have roughly a year to do it, because Evolved,

3    you filed your appeal in the Apple case in the

4    Federal Circuit, it's going to take at least

5    six months to get them to decide the case,

6    probably nine months, and depending on which

7    panel you draw, maybe a year.  And then after

8    that case is decided, then the parties will

9    have to digest it, then I have to set a whole

10   new set of trials because I have to try

11   everybody individually and I may have to retry

12   the Apple case, so we're talking about at least

13   another year.

14              So we have time to take care of

15   this, but I'm hearing all the parties saying

16   they don't think they need any additional

17   discovery.  So if it's okay with all of you,

18   what I'll do is review the record.  If I think

19   that there's some additional discovery that

20   needs to be done with respect to my analysis,

21   then I'll refer the matter to Judge Fallon and

22   then she can set up the discovery schedule on

23   this limited issue.  Okay?  But right now, I'm

24   hearing nobody thinks they need it.

```
 1                   MR. McMAHON:  Your Honor, I'm not
 2        aware of facts -- go ahead.
 3                   THE COURT:  I can give you -- you
 4        don't have to decide it today.  I can give you
 5        a week to decide what you want to do and then
 6        let me know.  So I'm willing to -- if you think
 7        you've got something, you have to tell me.  But
 8        otherwise, we're just going to move forward.
 9                   MR. McMAHON:  Thank you.  I
10        appreciate that, your Honor.  I would like a
11        chance to confer with the other defendants, and
12        we'd be happy to get back to you within a week
13        on that.
14                   THE COURT:  Then if you do, then
15        of course we'll have to have a briefing
16        schedule and all of that.  But otherwise, we'll
17        just move forward.
18                   Anything else, Mr. McMahon?
19                   MR. McMAHON:  Two other points.
20        To Mr. Larus's points about capturing all of
21        LTE, there is a question that the chain of
22        amendments and its impact on these patents was
23        interrupted in 2014 when LG sold these patents
24        to Evolved's predecessor.  So the 1993
```

1    agreement actually continued to be amended even

2    after 2014, but I don't think that we would

3    take the position that those subsequent

4    amendments would bind Evolved, because, of

5    course, they were made after LG actually owned

6    the patent.

7                    So to the point, you know, why

8    did Qualcomm give up continuing to cover LTE?

9    They didn't.  They continued to amend the

10   agreement even after the transfer of these

11   patents, but some of the later amendments don't

12   apply because they came after the patents were

13   transferred.

14                   Then the final point just in

15   response to Mr. Larus, certainly LTE technology

16   is not necessary to a phone that does not use

17   LTE.  But to a multi-mode phone that does use

18   LTE, it is absolutely technically and

19   commercially necessary.

20                   THE COURT:  So the chain of

21   amendments was interrupted in 2014.  Nobody has

22   any idea what the subsequent amendments are and

23   whether the subsequent amendments specifically

24   mention LTE for multi-mode units, correct?

```
1    exhausted.  In other words, if after today the
2    Court decides it needs more --
3                    THE COURT:  This case has been
4    going on since 2015.  If I have to do a stay
5    and that stay is going to last for a year,
6    we're not going to tread water, okay?  If I
7    think something needs to be pursued with
8    respect to this issue of exhaustion, then we're
9    going to do it during this interim period.  If
10   I don't think anything is necessary, I'll give
11   you a ruling and we'll go from there.
12                    But you're correct as far as any
13   discovery on the cases in chief; that's done,
14   we're not changing anything there.  Is that
15   your question?
16                    MS. MAROULIS:  My question also
17   went to any discovery on exhaustion you
18   discussed with Mr. Larus.  But I understood
19   your Honor's ruling that we're dealing with
20   exhaustion now.
21                    THE COURT:  Yeah, we're dealing
22   with exhaustion.  And the other part of it is
23   after the Fed Circuit decides this case,
24   undoubtedly, there's going to have to be some
```

1    limited discovery on damages so that when we

2    try the case, it comes to the jury with

3    relatively current damages and not damages that

4    go all the way back to 2017.

5            So, I mean, there's some other

6    things that we're going to have to do, but

7    that's all held in abeyance until the Fed

8    Circuit makes its decision.  And that's what I

9    understand the parties want me to do.

10           MS. MAROULIS:  Yes.  As to Apple,

11   perhaps counsel for Apple can make any points

12   on that.  Our point was simply that the

13   original motion for exhaustion was made jointly

14   by all parties including Apple, and we want to

15   make sure they have an opportunity to comment.

16           MR. JAY:  Your Honor, this is

17   Michael Jay for Apple.  May I say something?

18           THE COURT:  You certainly may.

19           MR. JAY:  Thank you, your Honor.

20   I just wanted to say that to the extent that

21   there are any further procedures, whether it's

22   an evidentiary hearing or further discovery, I

23   understand your Honor's position is not to want

24   to waste further time because the cases have

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-544-JFB-SRF |
| | ) | |
| MOTOROLA MOBILITY, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**ORDER**

This matter is before the Court on defendant Motorola Mobility's ("Motorola") motion to correct the judgment (D.I. 406). Defendant Motorola has shown that Lenovo Corp. is not a party to this litigation and Lenovo Group. Ltd. and Lenovo (United States) Inc. were previously dismissed with prejudice pursuant to the October 10, 2017, Order entered by the Court (D.I. 217). Further, Motorola has shown that pursuant to the November 28, 2017 Stipulation entered by the Court (D.I. 245), there are no remaining claims against accused products involving non-Qualcomm baseband chipsets against Motorola. The Court finds the motion to correct the judgment should be granted. Accordingly,

1.  Defendant Motorola's Motion to correct judgment (D.I. 406) is granted.

2.  An Amended Judgment will be entered.

DATED this 30th day of December, 2019.

BY THE COURT:

s/ Joseph F. Bataillon_____
Senior United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| EVOLVED WIRELESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 15–545–JFB–SRF |
| SAMSUNG ELECTRONICS CO., LTD., | ) | |
| AND SAMSUNG ELECTRONICS | ) | |
| AMERICA, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### STIPULATION TO REMOVE CERTAIN SAMSUNG PRODUCTS FROM THE CASE AND ENTER FINAL JUDGMENT

Plaintiff Evolved Wireless, LLC ("Plaintiff" or "Evolved") and Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Defendants" or "Samsung") hereby stipulate that the Accused Samsung Products in this case that do not incorporate Qualcomm baseband processors (collectively, "Removed Samsung Products") are withdrawn from this case without prejudice. The parties agree that the withdrawal without prejudice of the Removed Samsung Products resolves all remaining "claims involving other baseband chipsets in Civil Action No. in 1:15-cv-545" as referred to in the Court's December 3, 2019 Judgment.

Accordingly, judgment having been entered in favor of Defendants Samsung Elecs. Co., and Samsung Electronics America, Inc. and against plaintiff Evolved Wireless, LLC, with respect to claims against Samsung products with Qualcomm baseband chipsets (D.I. 483), the parties request that the Court enter final judgment and dismiss Civil Action No.

1:15-cv-545 based on (1) the Court's grant of judgment with respect to the Samsung products with Qualcomm baseband chipsets and (2) the stipulated dismissal without prejudice with respect to the Removed Samsung Products.  Nothing in this stipulation precludes or in any way affects Evolved's rights to seek to alter, amend, or appeal the Court's December 3, 2019 Judgment with respect to claims against products that contain Qualcomm baseband chipsets.

Nothing in this stipulation shall impact in any way Evolved's ability to assert claims and seek relief in connection with any other products or based upon any other patents, in this suit or any future litigation. The parties further stipulate that no determination of infringement or non-infringement has been entered or agreed upon for any of the Removed Samsung Products.

This stipulation is not intended to be and shall not be construed as a license to any patent owned by Evolved, including but not limited to the '373 Patent or the '236 Patent. The parties agree that this stipulation will not be admissible in any litigation and may not be used for any purpose, including but not limited to use in support of an expert's opinion on infringement, validity, and/or damages in this or any other litigation. All fees and expenses incurred to date shall be borne solely by the party incurring the same.

Dated: January 2, 2020

OF COUNSEL:

Christopher K. Larus
Marla R. Butler
Ryan M. Schultz
Andrew D. Hedden
Benjamen C. Linden
Ryan E. Dornberger
Anthony F. Schlehuber
Marla R. Butler
Rajin S. Olson
ROBINS KAPLAN LLP
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Tel: (612) 349-8500

Andrea L. Gothing
ROBINS KAPLAN LLP
2440 W. El Camino Real, Suite 100
Mountain View, CA 94040
Tel: (650) 784-4040

Annie Huang (admitted *pro hac vice*)
ROBINS KAPLAN LLP
601 Lexington Avenue, Suite 3400
New York, NY 10022
Telephone: (212) 980-7438
Facsimile: (212) 980-7499

Respectfully submitted,

FARNAN LLP

By: */s/ Michael J. Farnan*
    Brian E. Farnan (#4089)
    Michael J. Farnan (#5165)
    919 N. Market Street, 12th Floor
    Wilmington, De 19801
    Tel: (302) 777-0300
    bfarnan@farnanlaw.com

*Counsel for Plaintiff Evolved Wireless, LLC*

3

OF COUNSEL:

Kevin P.B. Johnson
Victoria F. Maroulis
Todd M. Briggs
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Tel: (650) 801-5100

SHAW KELLER LLP

By: */s/ John W. Shaw*_____
    John W. Shaw (#3362)
    Karen E. Keller (#4489)
    Andrew E. Russell (#5382)
    Nathan Hoeschen (No. 6232)
    300 Delaware Avenue, Suite 1120
    Wilmington, DE 19801
    Tel: (302) 298-0700
    jshaw@shawkeller.com
    kkeller@shawkeller.com
    arussell@shawkeller.com
    nhoeschen@shawkeller.com

*Counsel for Defendants Samsung Electronics
Co., Ltd. and Samsung Electronics America,
Inc.*

SO ORDERED this _____ day of _____, 2019

_____
        United States District Judge

4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|                                       |     |                          |
| ------------------------------------- | --- | ------------------------ |
| EVOLVED WIRELESS, LLC,                | )   |                          |
|                                       | )   |                          |
| Plaintiff,                            | )   |                          |
|                                       | )   |                          |
| v.                                    | )   |                          |
|                                       | )   | C.A. No. 15–543–JFB–SRF  |
| HTC CORPORATION AND HTC               | )   |                          |
| AMERICA, INC.                         | )   |                          |
|                                       | )   |                          |
| Defendants.                           | )   |                          |
|                                       | )   |                          |
|                                       | )   |                          |

## <u>PLAINTIFF EVOLVED WIRELESS, LLC'S NOTICE OF APPEAL</u>

Notice is hereby given that Plaintiff Evolved Wireless, LLC hereby appeals to the United States Court of Appeals for the Federal Circuit from the final judgment entered in this action on December 4, 2019 (D.I. 438) and all orders and rulings leading up to and subsumed within that judgment and ancillary to it, including, but not limited to, the Memorandum Opinion and Order dated December 3, 2019 (D.I. 437).

Dated: January 2, 2020

Respectfully submitted,

FARNAN LLP

/s/ Michael J. Farnan
Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
919 N. Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Eric M. Albritton (admitted *pro hac vice*)
Andrew J. Wright (admitted *pro hac vice*)
Christopher G. Granaghan (admitted *pro hac vice*)

NELSON BUMGARDNER ALBRITTON P.C.
3737 W. 7th St., Suite 300
Fort Worth, TX 76107
Tel: (817) 377-9111

*Counsel for Plaintiff Evolved Wireless, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| EVOLVED WIRELESS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | C.A. No. 15–544–JFB–SRF |
| MOTOROLA MOBILITY, LLC | ) ) | |
| Defendant. | ) ) ) ) | |

## PLAINTIFF EVOLVED WIRELESS, LLC'S NOTICE OF APPEAL

Notice is hereby given that Plaintiff Evolved Wireless, LLC hereby appeals to the United States Court of Appeals for the Federal Circuit from the amended final judgment entered in this action on December 30, 2019 (D.I. 410) and the final judgment entered in this action on December 4, 2019 (D.I. 400), and all orders and rulings leading up to and subsumed within those judgments and ancillary to them, including, but not limited to, the Memorandum Opinion and Order dated December 3, 2019 (D.I. 399).

Dated: January 2, 2020

Respectfully submitted,

FARNAN LLP

/s/ Michael J. Farnan
Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
919 N. Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Eric M. Albritton (admitted *pro hac vice*)

Andrew J. Wright (admitted *pro hac vice*)
Christopher G. Granaghan  (admitted *pro hac vice*)
NELSON BUMGARDNER ALBRITTON P.C.
3737 W. 7th St., Suite 300
Fort Worth, TX 76107
Tel: (817) 377-9111

*Counsel for Plaintiff Evolved Wireless, LLC*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EVOLVED WIRELESS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 15–545–JFB–SRF |
| SAMSUNG ELECTRONICS CO., LTD. AND | ) |
| SAMSUNG ELECTRONICS AMERICA, | ) |
| INC. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## **PLAINTIFF EVOLVED WIRELESS, LLC'S NOTICE OF APPEAL**

Notice is hereby given that Plaintiff Evolved Wireless, LLC hereby appeals to the United States Court of Appeals for the Federal Circuit from the final judgment entered in this action on January 7, 2020 (D.I. 491) and all orders, rulings, and judgments leading up to and subsumed within that judgment and ancillary to it, including, but not limited to, the judgment entered on December 4, 2019 (D.I. 483) and the Memorandum Opinion and Order dated December 3, 2019 (D.I. 482).

Dated: January 9, 2020

Respectfully submitted,

FARNAN LLP

/s/ Michael J. Farnan
Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
919 N. Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Eric M. Albritton (admitted *pro hac vice*)

Andrew J. Wright (admitted *pro hac vice*)
Christopher G. Granaghan  (admitted *pro hac vice*)
NELSON BUMGARDNER ALBRITTON P.C.
3737 W. 7th St., Suite 300
Fort Worth, TX 76107
Tel: (817) 377-9111

*Counsel for Plaintiff Evolved Wireless, LLC*

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

EVOLVED WIRELESS, LLC,

              Plaintiff,

       v.

ZTE (USA) INC.

             Defendant.

C.A. No. 15–546–JFB–SRF

## PLAINTIFF EVOLVED WIRELESS, LLC'S NOTICE OF APPEAL

Notice is hereby given that Plaintiff Evolved Wireless, LLC hereby appeals to the United States Court of Appeals for the Federal Circuit from the final judgment entered in this action on December 4, 2019 (D.I. 403) and all orders and rulings leading up to and subsumed within that judgment and ancillary to it, including, but not limited to, the Memorandum Opinion and Order dated December 3, 2019 (D.I. 402).

Dated: January 2, 2020

Respectfully submitted,

FARNAN LLP

/s/ Michael J. Farnan
Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
919 N. Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Eric M. Albritton (admitted *pro hac vice*)
Andrew J. Wright (admitted *pro hac vice*)
Christopher G. Granaghan  (admitted *pro hac vice*)

NELSON BUMGARDNER ALBRITTON P.C.
3737 W. 7th St., Suite 300
Fort Worth, TX 76107
Tel: (817) 377-9111

*Counsel for Plaintiff Evolved Wireless, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EVOLVED WIRELESS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>MICROSOFT CORPORATION,<br>MICROSOFT MOBILE OY, AND NOKIA<br>INC.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. 15–547–JFB–SRF<br>)<br>)<br>)<br>)<br>)<br>) |

### <u>PLAINTIFF EVOLVED WIRELESS, LLC'S NOTICE OF APPEAL</u>

Notice is hereby given that Plaintiff Evolved Wireless, LLC hereby appeals to the United

States Court of Appeals for the Federal Circuit from the final judgment entered in this action on

December 4, 2019 (Dkt. No. 421) and all orders and rulings leading up to and subsumed within

that judgment and ancillary to it, including, but not limited to, the Memorandum Opinion and

Order dated December 3, 2019 (Dkt. No. 420).

Dated: January 2, 2020                  Respectfully submitted,

                                        PHILLIPS, GOLDMAN, MCLAUGHLIN &
                                        HALL, P.A.

                                        By: */s/ John C. Phillips, Jr.*
                                            John C. Phillips, Jr. (No. 110)
                                            David A. Bilson (No. 4986)
                                            1200 North Broom Street
                                            Wilmington, DE 19806
                                            (302) 655-4200
                                            jcp@pgmhlaw.com

                                            Eric M. Albritton
                                            Andrew J. Wright
                                            Christopher G. Granaghan
                                            NELSON BUMGARDNER ALBRITTON P.C.
                                            3737 W. 7th St., Suite 300
                                            Fort Worth, TX 76107
                                            Tel: (817) 377-9111

                                        *Counsel for Plaintiff Evolved Wireless, LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF SERVICE

**Case Number** 20-1335, -1337, -1339, -1340, -1363

**Short Case Caption** Evolved Wireless, LLC v. HTC Corporation, et al.

---

**NOTE:** Proof of service is only required when the rules specify that service must be accomplished outside the court's electronic filing system. See Fed. R. App. P. 25(d); Fed. Cir. R. 25(e). Attach additional pages as needed.

---

I certify that I served a copy of the foregoing filing on ___09/03/2020___

by  ☐  U.S. Mail  ☐  Hand Delivery  ☑ Email  ☐ Facsimile
    ☐  Other: _____

on the below individuals at the following locations.

| Person Served | Service Location (Address, Facsimile, Email) |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

☑  Additional pages attached.

Date: ___09/03/2020___

Signature: /s/ Eric M. Albritton

Name: Eric M. Albritton

## **PARTIES SERVED**

Stephen S. Korniczky
Martin R. Bader
Ericka J. Schulz
Sheppard, Mullin, Richter & Hampton LLP
12275 El Camino Real, Suite 200
San Diego, CA 92130
*Counsel for HTC Corporation and HTC America, Inc.*


Mitchell G. Stockwell
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street, NE
Suite 2800
Atlanta, GA 30309

Taylor Higgins Ludlam
Kilpatrick Townsend & Stockton LLP
4208 Six Forks Road
Raleigh, NC 27609
*Counsel for Motorola Mobility LLC*


Charles M. McMahon
Brian A. Jones
McDermott Will & Emery LLP
444 W. Lake Street, Suite 4000
Chicago, IL 60606-0029

Jay H. Reiziss
McDermott Will & Emery LLP
500 N. Capitol Street, NW
Washington, DC 20001
*Counsel for ZTE (USA) Inc.*

Richard A. Cederoth
Nathaniel C. Love
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
*Counsel for Microsoft Corporation, Microsoft Mobile Oy, and Nokia Inc.*


Kevin P.B. Johnson
Victoria F. Maroulis
Todd M. Briggs
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065

Carl G. Anderson
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street
San Francisco, CA 94111

David M. Cooper
Thomas D. Pease
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010

Pushkal Mishra
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street
Los Angeles, CA 90017
*Counsel for Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*